1   JONATHAN C. MCCAVERTY (State Bar No. 210922)
    *Principal Deputy County Counsel*
2   OFFICE OF THE COUNTY COUNSEL
    General Litigation Division
3   500 West Temple Street, Suite 468
    Los Angeles, California 90012
4   Tel.: (213) 974-1828 | Fax: (213) 626-7446
    Email: jmccaverty@counsel.lacounty.gov
5
6   Attorneys for Defendants
    LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and
7   SHERIFF ALEX VILLANUEVA
8
9   LOUIS R. MILLER (State Bar No. 54141)
    smiller@millerbarondess.com
10  MIRA HASHMALL (State Bar No. 216842)
    EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
11  MILLER BARONDESS, LLP
    1999 Avenue of the Stars, Suite 1000
12  Los Angeles, California 90067
    Tel.: (310) 552-4400 | Fax: (310) 552-8400
13
14  Attorneys for Defendant
    COUNTY OF LOS ANGELES
15

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California resident,<br><br>             Plaintiff,<br><br>      v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>             Defendants. | **CASE NO. 2:20-cv-09582-JFW(Ex)**<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:    December 28, 2020<br>Time:    1:30 p.m.<br>Dep't.:  7A<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL:(310) 552-4400  FAX:(310) 552-8400

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................................. 6

II.     FACTS ............................................................................................. 7

        A.     The January 26, 2020 Accident ............................................ 7

        B.     Procedural History ............................................................... 7

        C.     The Complaint ...................................................................... 8

        D.     Local Rule 7-3 Conferences ................................................ 9

III.    LEGAL STANDARD ...................................................................... 9

IV.     ARGUMENT ................................................................................. 10

        A.     The Department Should Be Dismissed ............................... 10

        B.     Sheriff Villanueva Should Be Dismissed Because The
               Negligence Claim Asserted Against Him Fails As A Matter Of
               Law ...................................................................................... 12

               1.     Sheriff Villanueva Is Immune from Negligence Liability
                      Based on His Discretionary Decisions ........................ 12

               2.     Sheriff Villanueva Cannot Be Sued for Negligent
                      Supervision ................................................................ 16

               3.     There Is No Special Relationship Between Plaintiff and
                      Sheriff Villanueva to Support a Negligence Claim ..... 17

        C.     Leave To Amend Would Be Futile ...................................... 20

V.      CONCLUSION ............................................................................. 20

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

## <u>TABLE OF AUTHORITIES</u>

**<u>Page</u>**

**<u>FEDERAL CASES</u>**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................9

*Bauer v. City of Pleasanton*,
   No. 3:19-cv-04593-LB, 2020 WL 1478328 (N.D. Cal. Mar. 26, 2020)...18, 20

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................9

*Coakley v. Murphy*,
   884 F.2d 1218 (9th Cir. 1989) .................................................................20

*Cordova v. City of Los Angeles*,
   No. CV 14-8886 JAK (SS), 2016 WL 586702 (C.D. Cal. Jan. 20,
   2016),
   *report and recommendation adopted*, 2016 WL 578406 (C.D. Cal. Feb.
   12, 2016)....................................................................................................11

*Fuentes v. City of San Diego*,
   No. 3:16-cv-02871-BEN-JMA, 2017 WL 2670976 (S.D. Cal. June 20,
   2017)..........................................................................................................19

*Garcia v. San Bernardino County*,
   No. 5:19-CV-00421-VAP-SPx, 2020 WL 2502429 (C.D. Cal. Jan. 29,
   2020)..........................................................................................................11

*Garner v. City & County of San Francisco*,
   No. 14-cv-05172-EDL, 2016 WL 10859785 (N.D. Cal. Feb. 23, 2016)........11

*Gonzalez v. City of Desert Hot Springs*,
   No. CV 17-01397 TJH (SPx), 2017 WL 10562938 (C.D. Cal. Dec. 20,
   2017)....................................................................................................18, 20

*H.B. v. City of Torrance*,
   No. CV 17-02373 SJO (GJS), 2017 WL 10518108 (C.D. Cal. Aug. 16,
   2017)..........................................................................................................17

*Herd v. County of San Bernardino*,
    311 F. Supp. 3d 1157 (C.D. Cal. 2018)............................................................18

*Hillbloom v. County of Fresno*,
    No. CV F 07-1467 LJO SMS, 2010 WL 3341922 (E.D. Cal. Aug. 23,
    2010)..............................................................................................................7, 17

*Marsh v. County of San Diego*,
    680 F.3d 1148 (9th Cir. 2012)........................................................................8

*Nelson v. County of Sacramento*,
    926 F. Supp. 2d 1159 (E.D. Cal. 2013)..........................................................10

Pallas v. Accornero,
    No. 19-cv-01171-LB, 2019 WL 3975137 (N.D. Cal. Aug. 22, 2019)..7, 12, 13

*Ricky R. v. City of Alhambra*,
    No. CV 07-4563-JFW (CWx),
    2008 WL 11429771 (C.D. Cal. Feb. 7, 2008).....................................6, 10, 11

*Sanders v. City of Fresno*,
    No. CIV F 05-0469 AWI SMS, 2006 WL 1883394 (E.D. Cal. July 7,
    2006)..............................................................................................................16

*Sedgwick v. Unknown K-9 Handler*,
    No. 12cv0510 MMA (WVG), 2012 WL 2326065 (S.D. Cal. June 19,
    2012)..............................................................................................................11

*Steinle v. City & County of San Francisco*,
    919 F.3d 1154 (9th Cir. 2019)........................................................................15

*United States v. Kama*,
    394 F.3d 1236 (9th Cir. 2005)........................................................................10

*Willis v. County of Sacramento*,
    No. 2:13-cv-01671-MCE-EFB, 2014 WL 1027070 (E.D. Cal. Mar. 14,
    2014)..............................................................................................................19

## STATE CASES

*Arista v. County of Riverside*,
    29 Cal. App. 5th 1051, 241 Cal. Rptr. 3d 437 (2018)......................................19

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

4

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

*C.A. v. William S. Hart Union High Sch. Dist.*,
    53 Cal. 4th 861 (2012)........................................................................17, 18, 19

*Conway v. County of Tuolumne*,
    231 Cal. App. 4th 1005 (2014).........................................................13, 14, 15

*de Villers v. County of San Diego*,
    156 Cal. App. 4th 238 (2007).................................................................16, 17

*Hayes v. County of San Diego*,
    57 Cal. 4th 622 (2013).................................................................................12

*Kemmerer v. County of Fresno*,
    200 Cal. App. 3d 1426 (1988),
    *disapproved of on other grounds by Quigley v. Garden Valley Fire*
    *Prot. Dist.*,
    7 Cal. 5th 798 (2019).................................................................................13

*Miklosy v. Regents of Univ. of Cal.*,
    44 Cal. 4th 876 (2008).................................................................................16

*Pierce v. San Mateo Cty. Sheriff's Dep't*,
    232 Cal. App. 4th 995 (2014)......................................................................11

*Regents of Univ. of Cal. v. Superior Court*,
    4 Cal. 5th 607 (2018)..............................................................................7, 18

*Thompson v. City of Petaluma*,
    231 Cal. App. 4th 101 (2014)......................................................................11

**FEDERAL STATUTES**

42 U.S.C. § 1983.................................................................................7, 8, 10

**STATE STATUTES**

Cal. Gov't Code § 820.2..................................................................12, 13, 15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case arises out of the investigation of the tragic helicopter crash that killed nine individuals, including Kobe and Gianna Bryant.  The County of Los Angeles ("County"), Los Angeles County Sheriff's Department ("Department") and Los Angeles County Sheriff Alex Villanueva ("Sheriff Villanueva") (collectively, "Defendants") express their deepest sympathies and condolences to Plaintiff Vanessa Bryant ("Plaintiff") and her family for their loss.

Plaintiff brought this lawsuit because she is concerned that photographs taken at the crash site will be publicly disseminated.  Defendants will be open and transparent with Plaintiff about what photographs were taken, for what purpose, and when they were deleted.  Defendants deny, however, that they are liable to Plaintiff for their discretionary acts in determining the best way to handle this sensitive situation.

Plaintiff's Complaint has legal deficiencies that should be addressed at the outset of this case.  *First*, Plaintiff sued the Department, which is not a legal entity subject to suit.  The Department is an agency of the County and is therefore a redundant and improper defendant.  This Court already addressed this issue in *Ricky R. v. City of Alhambra*, No. CV 07-4563-JFW (CWx), 2008 WL 11429771, at *1 n.1 (C.D. Cal. Feb. 7, 2008), where it held that claims against a city police department should be dismissed because the city was already a named defendant. The Court's reasoning in *Ricky R.* governs the analysis here.  The County is the entity; the Department is just a department.  There is no reason to name the Department, and doing so will only duplicate County and Court resources.

*Second*, Plaintiff's negligence claim against Sheriff Villanueva fails. First, Sheriff Villanueva's efforts to ensure that accident site photographs were not disseminated, and his decisions about whether and how to investigate when he learned that a subordinate may have violated Department policy, are protected by

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

discretionary immunity.  *See Pallas v. Accornero*, No. 19-cv-01171-LB, 2019 WL 3975137, at *6 (N.D. Cal. Aug. 22, 2019).  Second, claims for negligent supervision fail under California law.  *See Hillbloom v. County of Fresno*, No. CV F 07-1467 LJO SMS, 2010 WL 3341922, at *6 (E.D. Cal. Aug. 23, 2010).  Third, there is no "special relationship" between Sheriff Villanueva and Plaintiff, and thus no duty to support a negligence claim.  *See Regents of Univ. of Cal. v. Superior Court*, 4 Cal. 5th 607, 621 (2018).

Defendants respectfully request that the Court grant this Motion and dismiss the Department and Sheriff Villanueva from this case.

## II.  FACTS

### A.  The January 26, 2020 Accident

On the morning of Sunday, January 26, 2020, a helicopter crashed with Kobe and Gianna Bryant (among others) onboard.  (Compl. ¶ 1.)  In the aftermath of the crash, Sheriff Villanueva met with the victims' families (including Plaintiff) and told them that his deputies were securing the crash site.  (*Id.* ¶ 2.)  Media outlets reported that Kobe Bryant had died, and onlookers were rushing to the crash site. (*Id.*)  According to the Complaint, several sheriff's deputies took photographs at the scene.  (*Id.* ¶ 3.)

Upon learning that certain photographs might have been shared inappropriately, Sheriff Villanueva made a discretionary decision to direct all deputies who might have taken photographs to report to the Lost Hills station and delete the photographs.  (*Id.* ¶ 5.)  Sheriff Villanueva's goal was to promptly ensure that no photographs would be disseminated beyond their official Department use.

### B.  Procedural History

On September 17, 2020, Plaintiff filed a complaint in Los Angeles Superior Court.  On October 19, 2020, the County removed the case to this Court.  [Dkt. 1.]

Plaintiff asserts five claims: (i) violation of the Fourteenth Amendment under 42 U.S.C. section 1983 against Doe Defendants; (ii) violation of the Fourteenth

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   Amendment under 42 U.S.C. section 1983 (*Monell*) against all Defendants[1];

2   (iii) negligence against Doe Defendants, Sheriff Villanueva in his personal capacity,

3   the Department, and the County; (iv) invasion of privacy against Doe Defendants,

4   the Department, and the County; and (v) intentional infliction of emotional distress

5   against Doe Defendants, the Department, and the County.  (Compl. ¶¶ 49-93.)

6        On November 18, 2020, the Court dismissed the Doe Defendants, none of

7   whom had been served.  [Dkt. 28.[2]]

8        **C.**   **The Complaint**

9        The crux of this case is Plaintiff's fear that someday she will be exposed to

10  photographs depicting her loved ones' remains that were taken at the accident scene

11  by first responders.  Plaintiff's theory of liability hinges upon *Marsh v. County of*

12  *San Diego*, 680 F.3d 1148 (9th. Cir. 2012), which involved the wide-spread

13  publication of autopsy photographs of the remains of a minor victim of alleged child

14  abuse.  No such publication has occurred here.

15       Plaintiff's First Claim alleges a violation of the Fourteenth Amendment, but it

16  only applies to Doe Defendants who have been dismissed.  It is the predicate for

17  Plaintiff's Second Claim against the County under 42 U.S.C. section 1983 for

18  *Monell* liability, which requires Plaintiff to prove a policy or custom caused the

19  deprivation of constitutionally-protected rights.  This was a tragic accident, and the

20  steps taken by law enforcement at the crash scene and as part of the subsequent

21  investigation regarding the photographs were not in derogation of Plaintiff's rights.

22  Plaintiff already agreed to dismiss Sheriff Villanueva from this claim.  [Dkt. 30.]

23       Plaintiff's Third Claim for negligence is the only remaining claim asserted

24  against Sheriff Villanueva.  As explained more fully below, the negligence claim

25  _____

[1] Plaintiff agreed to dismiss Sheriff Villanueva from this claim.  [Dkt. 30.]

26
[2] The dismissal of the Doe Defendants creates additional legal defects in Plaintiff's

27  claims; but because it occurred *after* the parties' Local Rule 7.3 conferences, those
defects could not be addressed in this Motion.

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

fails against Sheriff Villanueva as a matter of law.  (*See* Section IV.B.)  Plaintiff asserts other state law claims for invasion of privacy and intentional infliction of emotional distress, which also hinge on a public disclosure of the accident site photographs that has not happened.  Those claims are asserted against the County based on the alleged conduct of the now-dismissed Doe Defendants, and will be addressed in subsequent motion practice.

### D.    Local Rule 7-3 Conferences

On November 12, 2020, and November 16, 2020, the parties met and conferred via Zoom about the legal deficiencies outlined below.  [Dkt. 30.]  The parties were able to resolve two issues:

- Plaintiff agreed to dismiss Sheriff Villanueva from the Second Claim for Relief (*Monell*); and

- Plaintiff agreed to clarify that the request for punitive damages relates only to the Doe Defendants (who have since been dismissed).  [*Id.*]

The parties were unable to resolve the two issues addressed in this Motion.

## III.    LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), plaintiffs must provide "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  It is well-settled that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  In doing so, this Court must disregard "legal conclusions" and "conclusory statements" and must scrutinize the well-pleaded factual allegations to ensure that they are more than "'merely consistent with' a defendant's liability."  *Id.* at 678-79 (citation omitted).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

IV.   **ARGUMENT**

    A.   **The Department Should Be Dismissed**

The Complaint asserts four claims against the Department, all of which are *also* asserted against the County: (i) *Monell* liability under 42 U.S.C. section 1983 (Second Claim for Relief); (ii) negligence (Third Claim for Relief); (iii) invasion of privacy (Fourth Claim for Relief); and (iv) intentional infliction of emotional distress (Fifth Claim for Relief).  (Compl. ¶¶ 55-93.)  The Department is not a legal entity—it is a department of the County.  The Department should be dismissed as a redundant and improper defendant.

Numerous federal courts have concluded that law enforcement agencies are not proper defendants on *Monell* claims.  Specifically, Section 1983 claims cannot be asserted against municipal departments because they are not "persons" within the meaning of the statute.  *United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005) (Ferguson, J., concurring) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983.").

In *Ricky R.*, 2008 WL 11429771, at *1 n.1 (C.D. Cal. Feb. 7, 2008), the plaintiff sued the City of Alhambra and the Alhambra Police Department under Section 1983, along with other claims, arising from sexual activity between an Alhambra Police Department Officer and a minor.  *Id*. at *2-3.  This Court examined whether the term "person" in Section 1983 included municipal departments.  *Id*. at *1 n.1.  Because the police department is an agency of the city, the Court *sua sponte* dismissed, with prejudice, the Section 1983 claim with respect to the Alhambra Police Department.  *Id*.

The Court is not alone in reaching this conclusion.  *See*, *e.g.*, *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Section 1983 claims against sheriff's department because "the Sheriff's Department is not a proper defendant for purposes of Plaintiff's § 1983 claims"); *Sedgwick v. Unknown K-9 Handler*, No. 12cv0510 MMA (WVG), 2012 WL 2326065, at *2

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

(S.D. Cal. June 19, 2012) (dismissing San Diego Sheriff's Department where County was also sued); *Garner v. City & County of San Francisco*, No. 14-cv-05172-EDL, 2016 WL 10859785, at *3 (N.D. Cal. Feb. 23, 2016) (police department dismissed with prejudice as it was merely a department of the city).[3]

Here, like in *Ricky R.*, the Department is a mere agency of the County. The Department is not a legal entity. Because it is not a municipality, it is also not a "person" subject to suit under Section 1983.

Plaintiff's state law claims against the Department fail for this same threshold reason—the Department is not an entity, it is merely an agency of the County. Municipal department defendants are redundant and improper defendants where, as here, the county is also named as a defendant. *Pierce v. San Mateo Cty. Sheriff's Dep't*, 232 Cal. App. 4th 995, 1000 n.1 (2014) ("The Sheriff's Department is not a separate governmental entity, but is a department of San Mateo County . . . ."); *Thompson v. City of Petaluma*, 231 Cal. App. 4th 101, 104 n.1 (2014) ("The Petaluma Police Department was erroneously named as a defendant; the City of Petaluma is the proper defendant.").

During the meet and confer process, Plaintiff cobbled together cases that allowed claims against municipal departments where the real legal entity was not also sued. [Dkt. 30.] In some instances, courts allowed claims to proceed against the entity and its department simultaneously. [*Id.*] Defendants respectfully submit that those cases got it wrong because a department is not a legal entity subject to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

---

[3] *See also Garcia v. San Bernardino County*, No. 5:19-CV-00421-VAP-SPx, 2020 WL 2502429, at *3 (C.D. Cal. Jan. 29, 2020) (holding that the San Bernardino County Sheriff's Department is a subdivision of a local government entity, not a municipality that could qualify as a "person" under Section 1983); *Cordova v. City of Los Angeles*, No. CV 14-8886 JAK (SS), 2016 WL 586702, at *1 n.1 (C.D. Cal. Jan. 20, 2016) (concluding that the City of Los Angeles Department of Building and Safety was an improper defendant erroneously sued in the stead of the City), *report and recommendation adopted*, 2016 WL 578406 (C.D. Cal. Feb. 12, 2016).

1  suit.  In any event, the Department's presence as a named defendant in this case is

2  redundant and unnecessary.  The County is here.  The Court should resolve this

3  issue now to streamline the litigation.

### B.   Sheriff Villanueva Should Be Dismissed Because The Negligence Claim Asserted Against Him Fails As A Matter Of Law

6  Sheriff Villanueva is being sued in his personal capacity for negligence.  To

7  prove negligence, a plaintiff must show that the defendant had a duty to use due

8  care, that he breached that duty, and that the breach was the proximate or legal cause

9  of the resulting injury.  *Pallas*, 2019 WL 3975137, at *6 (citing *Hayes v. County of*

10  *San Diego*, 57 Cal. 4th 622, 629 (2013)).

11  Whether Plaintiff's negligence claim is based upon Sheriff Villanueva's own

12  conduct or his alleged failure to supervise the conduct of sheriff personnel, it fails as

13  a matter of law under California law.  First, Plaintiff's negligence claim based on

14  how Sheriff Villanueva responded to news that photographs might be improperly

15  shared by sheriff personnel is barred because Sheriff Villanueva has discretionary

16  acts immunity under California law.  Second, to the extent Plaintiff seeks to hold

17  Sheriff Villanueva personally liable for the alleged actions of his deputies, Plaintiff

18  cannot overcome the bar on negligent supervision liability.  Third, Plaintiff cannot

19  allege facts showing that Sheriff Villanueva owed Plaintiff a duty because

20  Sheriff Villanueva did not have a "special relationship" with Plaintiff.

### 1.   Sheriff Villanueva Is Immune from Negligence Liability Based on His Discretionary Decisions

23  Plaintiff's negligence claim against Sheriff Villanueva fails because his

24  discretionary decisions are subject to immunity under California law.  Under

25  California Government Code section 820.2, public employees, like

26  Sheriff Villanueva, are "not liable for an injury resulting from his act or omission

27  where the act or omission was the result of the exercise of the discretion vested in

28  him, whether or not such discretion be abused."  This is because "[g]overnmental

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

immunity for liability for discretionary acts performed by public officers and employees in the exercise of their discretion has long been recognized in this state by judicial interpretation and is based on salutary public policy." *Kemmerer v. County of Fresno*, 200 Cal. App. 3d 1426, 1437 (1988) (alteration in original) (citation omitted), *disapproved of on other grounds by Quigley v. Garden Valley Fire Prot. Dist.*, 7 Cal. 5th 798 (2019).

Giving public officials immunity makes good sense; subjecting them to the constant threat of liability would only "impair their zeal in the performance of their functions." 200 Cal. App. 3d at 1437 (citation omitted). Accordingly, decisions that result from "choices, judgments, and evaluations" comprise "the very essence of the exercise of 'discretion'" and are "immunized under *section 820.2*." *Conway v. County of Tuolumne*, 231 Cal. App. 4th 1005, 1018 (2014) (citation omitted).

In applying these general principles, courts have held that decisions regarding whether and how to conduct an investigation fall squarely within the statutory immunity of Section 820.2. *See Pallas*, 2019 WL 3975137, at *6 ("Decisions to . . . investigate or not investigate, are discretionary acts that fall within California Government Code § 820.2's statutory immunity."); *Kemmerer*, 200 Cal. App. 3d at 1438 (the decision by defendants to "institute disciplinary proceedings against [plaintiff] was a policy decision involving the exercise of discretion entitling them to immunity under Government Code section 820.2"). Accordingly, any "breach" cannot be premised on discretionary decision-making.

Here, Plaintiff's negligence claim is based on Sheriff Villanueva's discretionary decision-making as the County's top law enforcement officer regarding what was proper under the circumstances. Specifically, Plaintiff alleges that Sheriff Villanueva breached his duty to Plaintiff by "failing to take reasonable steps to prevent dissemination of the unnecessary images of the . . . remains after the images were created and in their constructive possession." (Compl. ¶ 71.) Plaintiff's claim is based on Sheriff Villanueva's discretionary decisions about how

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

to respond to allegations that accident site photographs could have been shared for an improper purpose. Sheriff Villanueva had to make a judgment call and a decision about what is proper under the circumstances. These are the exact types of discretionary acts that are immunized under California law.

Plaintiff cites cases that stand for the general proposition that negligence that arises *during* an investigation, if it *causes* the alleged harm, is not subject to immunity under California law. [Dkt. 30.] That case law has no application here. Plaintiff's allegations challenge Sheriff Villanueva's *initial discretionary decisions* regarding how to conduct his investigation, not negligence which occurred separate and apart from those discretionary decisions *during* the investigation. As noted by the California Court of Appeal, the "fallacy of [Plaintiff's] argument lies in [her] assumption that once law enforcement officials have 'decided' to intervene in a dispute, *any* subsequent action by the officials is ministerial." *Conway*, 231 Cal. App. 4th at 1017 (citation omitted).

In *Conway*, the plaintiff asserted claims, including for negligence, based on a SWAT team's decision to deploy tear gas canisters in an attempt to resolve a perceived hostage situation at his house. 231 Cal. App. 4th at 1010-11. The plaintiff argued that while the "decision to deploy the SWAT team was a discretionary act, . . . all subsequent decisions made and acts performed that implemented the decision to deploy were ministerial and therefore not immune from liability." *Id*. at 1016. Plaintiff further argued that the "SWAT team's decision to use tear gas was merely the means to carry out the decision to deploy the SWAT team," and therefore not subject to immunity. *Id*. at 1018.

The California Court of Appeal rejected these arguments, stating that they relied "on the false assumption that once police decide to intervene in a dispute, any subsequent action by the police is ministerial." 231 Cal. App. 4th at 1019. Instead, to determine whether immunity applies, "each decision must be examined to determine whether it constitutes a discretionary or ministerial decision." In the case

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   at hand, the "decision to use tear gas resulted from choices and judgments made in

2   response to changing circumstances; *it was not made in blind obedience to orders*."

3   *Id*. (emphasis added).  Accordingly, the California Court of Appeal determined that

4   the challenged conduct was subject to immunity.

5       Plaintiff wants the Court to dodge the immunity issue, citing older case law

6   suggesting that whether immunity bars Plaintiff's claims is "a factual question that

7   should not be decided on a motion to dismiss."  [Dkt. 30.]  The Ninth Circuit

8   recently rejected that argument and confirmed that immunity can be resolved on a

9   motion to dismiss because it is "a legal [issue], not dependent on disputed facts, and

10  courts routinely answer questions of immunity on a motion to dismiss."  *Steinle v.*

11  *City & County of San Francisco*, 919 F.3d 1154, 1162 (9th Cir. 2019) (affirming

12  dismissal of all claims, including negligence, under Section 820.2 based on Sheriff's

13  discretionary issuance of memo regarding compliance with ICE detainer requests).

14      Here, Sheriff Villanueva's alleged response to allegations that accident site

15  photographs might have been shared for an improper purpose was not "blind

16  obedience to orders."  To the contrary, Sheriff Villanueva exercised his judgment

17  and responded to "changing circumstances" in an extremely time sensitive matter.

18  The Complaint expressly alleges that *Sheriff Villanueva* was the one making the

19  orders that the deputies followed.  The Complaint alleges that Sheriff Villanueva

20  "*directed*" deputies to act and that he is responsible for "overseeing the . . .

21  Department and making and *implementing its policy*."  (Compl. ¶¶ 5, 17 (emphasis

22  added).)  Accordingly, Sheriff Villanueva was acting within his discretion as the

23  Department head when he formulated a plan to prevent dissemination of the

24  accident site photographs.  Sheriff Villanueva has immunity from negligence

25  liability premised on his discretionary actions in response to a difficult situation.

26      The Complaint explicitly alleges that Sheriff Villanueva directed all deputies

27  who might have taken photographs to report to the Lost Hills station and delete the

28  photographs.  (*Id*. ¶ 5.)  Sheriff Villanueva sought to prevent photographs from

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT

being disseminated for non-departmental use by motivating prompt and decisive action by his deputies.  To date, there has been no pubic disclosure of the pictures.  In other words, what the Complaint alleges was wrongful was Sheriff Villanueva's decision to conduct an investigation and how to do it.

This is, quintessentially, discretionary decision making by the top public official in charge.  There are no—and there cannot be any—allegations of negligent or improper ministerial actions.  The allegations are directed at Sheriff Villanueva and his decision to investigate and how to do it.  That is what discretionary immunity under Government Code section 820.2 protects and is all about.

## 2. <u>Sheriff Villanueva Cannot Be Sued for Negligent Supervision</u>

Plaintiff's negligence claim based on Sheriff Villanueva's allegedly inadequate supervision of deputies fails as a matter of law.

Under California law, a public entity like the County has immunity from common law torts.  *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 899 (2008).  As such, a claim for "negligent supervision" fails against a public entity.  *See*, *e.g.*, *de Villers v. County of San Diego*, 156 Cal. App. 4th 238, 253 (2007) ("[T]here is no statutory basis for declaring a governmental entity liable for negligence in its hiring and supervision practices and, accordingly, plaintiffs' claim against County based on that theory is barred . . . .").

Several courts have applied this same bar to claims for negligent supervision against a sheriff or police chief, reasoning that negligent supervision claims against public officials are functionally the same as those asserted directly against a public entity.  *See Sanders v. City of Fresno*, No. CIV F 05-0469 AWI SMS, 2006 WL 1883394, at *8 (E.D. Cal. July 7, 2006) ("[A]ttempting to simply add [police chief] as an individual Defendant in an attempt to avoid the clear prohibition of alleging negligence against a public entity is not permissible since it is virtually the same as attempting to impermissibly set forth the same claims against the City . . . because the City necessarily acts through its Police Chief." (alteration in original));

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1 | *Hillbloom*, 2010 WL 3341922, at *6 (dismissing negligence claim because plaintiffs

2 | cannot sue the sheriff personally in an attempt to do an "end run" around the

3 | County's immunity from a negligent employment, training or supervision claim);

4 | *H.B. v. City of Torrance*, No. CV 17-02373 SJO (GJS), 2017 WL 10518108, at *4

5 | (C.D. Cal. Aug. 16, 2017) (noting that where the police chief is not directly involved

6 | in the incident, any claims against the chief for negligent training, retention, or

7 | hiring are in reality a direct claim against the city, which is barred).

8 | Here, Plaintiff alleges that Sheriff Villanueva "breached his duty to Plaintiff

9 | by failing to adequately supervise, either directly or through instructions to on-site

10 | supervisors, his deputies' conduct at the crash site." (Compl. ¶ 70.)  Plaintiff has no

11 | cognizable claim based on photographs taken by first responders at a remote

12 | accident site, or the transmission of those photographs to department staff at the

13 | command post.  Plaintiff's alleged harm arose not from the alleged disclosure of the

14 | accident site photographs for non law enforcement-related purposes.  This claim is

15 | in effect a claim against the County for failure to supervise, which fails as a matter

16 | of law. *See de Villers*, 156 Cal. App. 4th at 253.  Sheriff Villanueva cannot be held

17 | liable for failing to supervise his deputies.

### 3. There Is No Special Relationship Between Plaintiff and Sheriff Villanueva to Support a Negligence Claim

20 | Because Sheriff Villanueva has discretionary immunity and negligent

21 | supervision claims are untenable under California law, the Court does not need to

22 | address the substantive elements of Plaintiff's negligence claim.  However, there too

23 | Plaintiff's claim fails.  Duty is an essential element of any negligence claim.

24 | Plaintiff's negligence claim against Sheriff Villanueva fails because no duty is, or

25 | can be, alleged.  Under California law, a duty against a public supervisor only

26 | "arises from the special relationship" supervisors "had with plaintiff." *C.A. v.*

27 | *William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 877 (2012).

28 | *C.A. v. William S. Hart Union High School District* explains the "special

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1 relationship" requirement.  There, a minor sued his public high school guidance

2 counselor and the school district for damages arising out of sexual harassment and

3 abuse by the counselor.  53 Cal. 4th at 865.  After the district's demurrer was

4 sustained, the California Supreme Court reviewed whether the district "may be

5 found vicariously liable for the . . . negligence of supervisory or administrative

6 personnel who allegedly knew, or should have known, of the counselor's

7 propensities and nevertheless hired, retained and inadequately supervised her."  *Id*.

8 The California Supreme Court reversed, determining that "school personnel owe

9 students under their supervision a protective duty of ordinary care."  *Id*.  This duty

10 of care arose from the "*special relationship* with the [defendant]'s pupils, a

11 relationship arising from the mandatory character of school attendance and the

12 comprehensive control over students exercised by school personnel."  *Id*. at 869-70

13 (emphasis added).  The California Supreme Court noted that this special relationship

14 was "analogous in many ways to the relationship between parents and their

15 children."  *Id*. (citation omitted).  Accordingly, it was only "[b]ecause of this special

16 relationship" that a duty was imposed "beyond what each person generally owes

17 others."  *Id*. at 870.

18      As a result, courts have applied the "special relationship" duty narrowly.  The

19 law is clear that "police officers are not in a special relationship with the citizens in

20 their jurisdiction, even when officers are aware of risks to a specific potential

21 victim."  *Regents,* 4 Cal. 5th at 621 (citation omitted); *see also Bauer v. City of*

22 *Pleasanton*, No. 3:19-cv-04593-LB, 2020 WL 1478328, at *8 (N.D. Cal. Mar. 26,

23 2020) ("The criteria for special relationships — which turn on factors such as

24 foreseeability of harm, the consequence to the community of imposing a duty, and

25 burden — do not fit cases involving a police response to a call for assistance.");

26 *Gonzalez v. City of Desert Hot Springs*, No. CV 17-01397 TJH (SPx), 2017 WL

27 10562938, at *2 (C.D. Cal. Dec. 20, 2017) (same); *Herd v. County of San*

28 *Bernardino*, 311 F. Supp. 3d 1157, 1172 (C.D. Cal. 2018) (no liability for negligent

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

training in the absence of a special relationship between the allegedly negligent defendants and plaintiffs); *Willis v. County of Sacramento*, No. 2:13-cv-01671-MCE-EFB, 2014 WL 1027070, at *6 (E.D. Cal. Mar. 14, 2014) (claim for negligent hiring, supervision, and retention against a sheriff failed because there was no special relationship between sheriff and plaintiff allegedly shot by deputies); *Fuentes v. City of San Diego*, No. 3:16-cv-02871-BEN-JMA, 2017 WL 2670976, at *3 (S.D. Cal. June 20, 2017) (claim for negligent hiring, retention, and supervision brought against city and police department failed because there was no special relationship between shooting officer's supervisors and plaintiffs).

Plaintiff does not allege that she had a "special relationship" with Sheriff Villanueva, nor could she.  Instead, the Complaint alleges three different related duties that Sheriff Villanueva purportedly owed Plaintiff: (i) "to use ordinary care in preventing dissemination of any unnecessary images of the . . . remains once the images were created and/or were within [his] control;" (ii) "to exercise ordinary care in their treatment of the remains;" and (iii) "to supervise his employees to ensure they conducted themselves with reasonable care and in a manner that preserved, rather than violated, the privacy of the victims and their families."  (Compl. ¶¶ 65-67.)  *None* of these alleged duties are based on any "special relationship" between Plaintiff and Sheriff Villanueva; they are far from the quasi-parental relationship between teachers and students in *C.A. v. William Hart*.

Plaintiff cites *Arista v. County of Riverside*, 29 Cal. App. 5th 1051 (2018), for the proposition that a special relationship can be found when an agent of the state "voluntarily assumes a protective duty toward a certain member of the public and undertakes action on behalf of that member, thereby inducing reliance."  [Dkt. 30.] Plaintiff alleges that Sheriff Villanueva met with her and other impacted family members in the immediate aftermath of the helicopter crash and assured them that the Department would take steps to secure the accident site.  (Compl. ¶ 2.)  That does not create a special relationship.  It is standard law enforcement action.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Here, because Plaintiff cannot allege that Sheriff Villanueva owed Plaintiff a duty, her negligence claim against him fails.  *See*, *e.g.*, *Gonzalez*, 2017 WL 10562938, at *2 (dismissing negligence claim because "[n]o special relationship exists between police officers and private citizens"); *Bauer*, 2020 WL 1478328, at *8 (holding that a police department does not have a special relationship to the community that would give rise to a duty sufficient to support a negligence claim).[4]

Plaintiff's negligence claim fails, and Sheriff Villanueva should be dismissed.

### C.   Leave To Amend Would Be Futile

If a complaint's defects are not curable, the Court should dismiss it without leave to amend.  *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989).

This Motion is not focused on inartful pleading.  Rather, Defendants have homed in on legal deficiencies that cannot be cured by amendment.  The Department and Sheriff Villanueva should not be defendants in this lawsuit.  Accordingly, Defendants respectfully request that the Court grant the Motion without leave to amend.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion in its entirety without leave to amend.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

---

[4] Plaintiff also fails to allege facts demonstrating that Sheriff Villanueva *caused* Plaintiff any harm.  Sheriff Villanueva neither took nor shared the photographs of the crash site.  His actions were aimed at *preventing* the spread of the photographs.

1   DATED:  November 23, 2020     LOS ANGELES COUNTY COUNSEL

2

3

4                       By:   /s/ Jonathan C. McCaverty

5                           JONATHAN C. McCAVERTY
Attorneys for Defendants

6                           LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT and

7                           ALEX VILLANUEVA, as Sheriff of the
County of Los Angeles and as an

8                           individual

9

10   DATED:  November 23, 2020     MILLER BARONDESS, LLP

11

12

13                       By:    /s/ Louis R. Miller

14                           LOUIS R. MILLER
Attorneys for Defendant

15                           COUNTY OF LOS ANGELES

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT