# Exhibit 9

Exhibit 9
127

Electronically FILED by Superior Court of California, County of Los Angeles on 05/27/2020 04:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk

Case 2:20-cv-09582-JFW-E   Document 34-10   Filed 12/04/20   Page 2 of 9   Page ID #:411

20STCP01761

1  JACOB A. KALINSKI, SBN 233709
   GIDIAN R. MELLK, SBN 214404
2  AMY J. JOHNSON, SBN 290582
3  **RAINS LUCIA STERN ST. PHALLE & SILVER, PC**
   1428 2nd Street, Suite 200
4  Santa Monica, CA  90401
   Tel: 310.393.1486
5  Fax: 310.395.5801
6  E-mail:    JKalinski@RLSlawyers.com
              GMellk@RLSlawyers.com
7             AJohnson@RLSlawyers.com

8  Attorneys for Petitioner/Plaintiff,
   Association for Los Angeles Deputy Sheriffs
9
10             SUPERIOR COURT OF THE STATE OF CALIFORNIA
11               IN AND FOR THE COUNTY OF LOS ANGELES
12

13 | ASSOCIATION FOR LOS ANGELES DEPUTY SHERIFFS, | CASE NO. 20STCP01761 |
---|---|---
14 | | |
15 | Petitioner/Plaintiff, | **VERIFIED PETITION FOR WRIT OF MANDATE [C.C.P. § 1085]** |
16 | v. | |
17 | ALEX VILLANUEVA, LOS ANGELES COUNTY SHERIFF; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DOES 1-20, inclusive, | **COMPLAINT FOR DECLARATORY RELIEF [C.C.P. § 1060]** |
18 | | |
19 | | **[Unlimited Civil Action]** |
20 | Respondents/Defendants. | |

21
22
23      Petitioner/Plaintiff, Association for Los Angeles Deputy Sheriffs, hereby files with
24 this Court a Petition for Writ of Mandate pursuant to Code of Civil Procedure section 1085
25 and a Complaint for Declaratory Relief, directed to Respondents/Defendants, ALEX
26 VILLANUEVA, LOS ANGELES COUNTY SHERIFF; LOS ANGELES COUNTY
27 SHERIFF'S DEPARTMENT and DOES 1-20, inclusive, ("Respondents/Defendants").
28 Petitioner/Plaintiff alleges as follows:

1
VERIFIED PETITION FOR WRIT OF MANDATE; COMPLAINT FOR DECLARATORY RELIEF

**RAINS LUCIA STERN**
**ST. PHALLE & SILVER. PC**

Exhibit 9
128

1. Petitioner/Plaintiff Association for Los Angeles Deputy Sheriffs ("ALADS") is now, and at all times mentioned herein was, a recognized employee organization as defined in Government Code section 3500 *et seq.*, representing sworn peace officers below the rank of sergeant employed by Respondent/Defendant Los Angeles County Sheriff's Department ("LASD") and the Los Angeles County District Attorney's Office with regard to all matters concerning wages, hours, and working conditions.

2. Respondent/Defendant Alex Villanueva is now, and at all times herein mentioned was, the duly elected Sheriff of the County of Los Angeles ("County"). In his capacity as Sheriff of Los Angeles County and the Department Head of the LASD, Villanueva is responsible for the establishment and implementation of the policy and procedures of the Los Angeles County Sheriff's Department. Sheriff Villanueva is named as a Respondent/Defendant in his official capacity only.

3. At all times mentioned herein, LASD was and is a political subdivision of the County charged with maintaining peace and order in the community.  LASD is a public entity as set forth in Government Code section 811.2 which may be sued pursuant to Government Code section 945.  (See also *Streit v. City of Los Angeles* (9th Cir. 2001) 236 F.3d 552, 565.)

4. Respondents/Defendants Does 1 through 20, inclusive, were, at all times herein mentioned, the agents, servants and employees of Respondents/Defendants Sheriff Villanueva and LASD, and in doing the things hereinafter alleged were acting within the scope of their authority of such agents, servants and employees with their permission and consent of Sheriff Villanueva and LASD.  Petitioner/Plaintiff will amend this Petition to allege the true names and capacities of Does 1 through 20, inclusive, when ascertained.

5. On January 26, 2020, at approximately 10 a.m., a helicopter carrying basketball star Kobe Bryant and eight others occurred in the hillside area of Calabasas. Numerous personnel from LASD responded to the scene to render assistance. Other agencies responded as well, including the Los Angeles County Fire Department, the Los Angeles Coroner's Office, the NTSB, the FBI, and the FAA. The scene took days to clear, and the investigation regarding the crash is ongoing.

6. On February 28, 2020, news outlets reported that sheriff's deputies had taken photographs of the crash site and shared them inappropriately. In a Los Angeles Times article, LASD indicated that "the matter is being looked into." (See https://www.usatoday.com/story/news/nation/2020/02/28/kobe-bryant-helicopter-crash-graphic-photos-remains-leaked-pictures-image/4905189002/; https://www.latimes.com/california/story/2020-02-27/kobe-bryant-photos-lost-hills-sheriff-deputies.)

7. On March 2, 2020, Sheriff Villanueva stated that eight deputies were the subject of an Internal Affairs Bureau ("IAB") investigation. (See https://abc7.com/5980138/.)

8. On March 3, 2020, a Los Angeles Times article described a complaint that was made by a civilian three days after the crash. The complaint stated that, at the Baja California Bar and Grill in Norwalk, a sheriff trainee was sharing gruesome photographs taken at the crash site. LASD allegedly attempted to limit public exposure of the deputies' actions by ordering them to delete the photographs. An attorney for Bryant's widow, Vanessa Bryant, is asking LASD to give the "harshest possible discipline" to those involved. (See https://www.latimes.com/california/story/2020-03-03/kobe-bryant-crash-photos-sheriffs-department-tried-to-keep-quiet.)

9. On May 10, 2020, Villanueva made the following comment during the Sheriff's Official Press Conference: "We're still completing the investigation, it's getting near its conclusion and *once we have it completed we will be releasing it publicly with all the information* that will answer all your questions. But I can't comment until we have it ready." (See https://www.facebook.com/LosAngelesCountySheriffsDepartment/videos/vb.225060950854159/1095110077532726/?type=2&theater (at approx. 29 minutes; emphasis added.))

10. On May 15, 2020, the Office of Inspector General requested documents from the Department regarding the IAB investigation. (See https://www.latimes.com/california/story/2020-05-15/kobe-bryant-helicopter-crash-photos-cover-up.)

11. On May 20, 2020, Villanueva made his second public statements regarding the release of the IAB investigation to the public: "It's an active investigation, it's near its conclusion. *We're going through the final stages* and once the information is developed and it's done and all the decisions have been made, we've dotted our 'I's' and crossed our 'T's,' *we're going to make the entire investigation public so everybody can read it for themselves. And we'll post that online*." (See https://www.facebook.com/LosAngelesCountySheriffsDepartment/videos/243444897102844/ (at approximately 15:30; emphasis added.))

## FIRST CAUSE OF ACTION

### [Against all Respondents - C.C.P. § 1085]

12. The allegations contained in paragraphs 1 through 11 are incorporated herein by reference as though set forth in full.

13. Code of Civil Procedure § 1085(a) provides, in pertinent part:

> A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person.

14. At all times mentioned herein, Respondents had a ministerial duty to comply with Penal Code section 832.7, subdivision (a), which provides that

> peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from those records, are confidential and shall not be disclosed in any criminal or civil proceedings, except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code[;]

and Penal Code section 832.8, which provides that, as used in section 832.7, subdivision (a),

> 'Personnel records' means any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following: ... (d) Employee advancement, appraisal, or discipline; (e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties.

15. At all times mentioned herein, Respondents also had a ministerial duty to comply with Evidence Code section 1043, which provides, in relevant part:

> (a) In any case in which discovery or disclosure is sought of peace or custodial officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records. The written notice shall be given at the times prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure. Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought.

16. Petitioner, ALADS, is the employee organization recognized by the County to represent its bargaining unit peace officers in all matters regarding working conditions under Government Code section 3500 *et seq*., and thus is beneficially interested in the enforcement of Respondents' duty to refrain from releasing the confidential personnel information of the peace officers represented by ALADS in contravention of Penal Code sections 832.7 and 832.8. (See *Long Beach City Employees Assn. v. City of Long Beach* (1986) 41 Cal.3d 937, 941, fn. 3 [employee organization has standing to assert the privacy rights of its members].)

17. Petitioner, ALADS, has no administrative remedies, and has no plain, speedy or adequate remedy in the ordinary course of the law other than the relief sought here.

18. At all times mentioned herein, the conduct of Respondents was arbitrary, capricious, and contrary to both public policy and the law. As a result of the conduct of Respondents, Petitioner has incurred legal fees in the preparation and presentation of this Petition and Complaint for which Petitioner/Plaintiff will be obligated.

## SECOND CAUSE OF ACTION

### [Against all Defendants - C.C.P. § 1060]

19. The allegations contained in paragraphs 1 through 18 are incorporated herein by reference as though set forth in full.

20. An actual controversy now exists between Plaintiff and Defendants, in that Defendants apparently believe they have the right to publicly release the internal affairs investigation into the conduct of the officers involved in investigating the Kobe Bryant crash in contravention of

Penal Code sections 832.7 and 832.8, and Evidence Code section 1043, and Plaintiff believes that Defendants do not have such right.

21. Accordingly, pursuant to California Code of Civil Procedure section 1060, Plaintiff desires a judicial determination of these controversies and a declaration that Defendants do not have a right to publicly release the internal affairs investigation into the conduct of the officers involved in investigating the Kobe Bryant crash in contravention of Penal Code sections 832.7 and 832.8, and Evidence Code section 1043.

22. No available administrative remedies exist to resolve the current dispute.

**WHEREFORE, Petitioner/Plaintiff prays:**

1. That the Court issue a Traditional Writ of Mandate pursuant to Code of Civil Procedure section 1085 requiring Respondents/Defendants, together with their officers, agents, servants, employees, representatives, and all persons acting in concert or participating with them, to perform their ministerial duty and refrain from publicly releasing the internal affairs investigation into the conduct of the officers involved in investigating the Kobe Bryant crash in contravention of Penal Code sections 832.7 and 832.8, and Evidence Code section 1043;

2. That the Court declares that Respondents/Defendants are prohibited from publicly releasing the internal affairs investigation into the conduct of the officers involved in investigating the Kobe Bryant crash in contravention of Penal Code sections 832.7 and 832.8, and Evidence Code section 1043;

3. That the Court issue a Permanent Injunction enjoining Respondents/Defendants from publicly releasing the internal affairs investigation into the conduct of the officers involved in investigating the Kobe Bryant crash in contravention of Penal Code sections 832.7 and 832.8, and Evidence Code section 1043;

\\
\\
\\
\\

1    4. For Petitioner's/Plaintiff's costs of suit herein;

2    5. For Petitioner's/Plaintiff's attorneys' fees in accordance with law; and

3    6. For such other and further relief as the Court may deem just, necessary and proper.

Dated: May 27, 2020

Respectfully submitted,

**RAINS LUCIA STERN
ST. PHALLE & SILVER, PC**

*/s/ Gidian R. Mellk*

By: Gidian R. Mellk
Attorneys for Petitioner/Plaintiff, ALADS

---

7

VERIFIED PETITION FOR WRIT OF MANDATE; COMPLAINT FOR DECLARATORY RELIEF

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES,

I have read the foregoing VERIFIED PETITION FOR WRIT OF MANDATE [C.C.P. § 1085]; COMPLAINT FOR DECLARATORY RELIEF [C.C.P. § 1060]

I am an Officer of ASSOCIATION FOR LOS ANGELES DEPUTY SHERIFFS, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matter I believe them to be true.

Executed on __May 25th__, 2020, in __Monterey Park__, California.
                                                                                   City

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

j _/s/ J. Wheeler_
James Wheeler (May 26, 2020 14:48 PDT)
JAMES WHEELER, VICE-PRESIDENT

---

8
VERIFIED PETITION FOR WRIT OF MANDATE; COMPLAINT FOR DECLARATORY RELIEF

RAINS LUCIA STERN
ST. PHALLE & SILVER. PC

Exhibit 9
135