# EXHIBIT B

# RLS RAINS LUCIA STERN ST. PHALLE & SILVER, PC

Brian P. Ross<br>
Senior Associate<br>
BRoss@RLSlawyers.com

November 6, 2020

**VIA EMAIL**

Mira Hashmall
Miller Barondess, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067

Re:   *Bryant v. County of Los Angeles, et al.*

Dear Ms. Hashmall:

Thank you for your letter dated November 6, 2020, which was sent to Elizabeth Gibbons and Amy Johnson (of our office), advising that the plaintiff in the above-entitled case has propounded discovery requests seeking the identity of "current and former County employees who: (1) may have taken and/or shared the subject photographs; and (2) were involved in any manner in investigating the complaint that photographs may have been taken and/or shared." I write to articulate our position regarding the subject interrogatory and to request clarity as to the County's intended response thereto.

It is our position that the identification of our clients in response to the interrogatory in question would violate the privacy and confidentiality of peace officer personnel records. Under the *Pitchess* statutes (Penal Code section 832.7 *et seq.*), "personnel records and records maintained by a local agency pursuant to Section 832.5 or information obtained from those records are confidential and shall not be disclosed in any criminal or civil proceedings, except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code." (Penal Code Section 832.7, subdivision (a).)   As stated by the Court of Appeal: "The confidentiality privilege is possessed both by the agency and subject officer. ... [T]he promise of confidentiality would have had the effect of removing any incentive on the part of law enforcement agencies to shred or otherwise destroy records; it also encourages complete candor and cooperation." (*City of Hemet v. Superior Court* (1995) 37 Cal.App.4th 1411, 1430, citations omitted.)

Penal Code Section 832.8, subdivision (a) provides that, as used in Section 832.7, "personnel records" "means any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following: ... (4) Employee advancement, appraisal, or discipline; [and] (5) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties."

In *Copley Press Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1286, the California Supreme Court held that the privacy protection afforded peace officers under Section 832.7 applies beyond "criminal and civil proceedings." Section 832.7 establishes a general condition of confidentiality for the records covered by it regardless of the context in which those records are sought. (See *Davis v. City of*

16130 Ventura Boulevard │ Suite 600 │Encino, CA 91436│ T 310.393.1486 │ F 310.393.5801
ENCINO | FRESNO | ONTARIO | PLEASANT HILL | REDWOOD CITY | SACRAMENTO | SAN FRANCISCO | SANTA MONICA
www.RLSlawyers.com

Exhibit B
Page 63

Mira Hashmall
**Re: *Bryant v. County of Los Angeles***
November 6, 2020
Page 2

*San Diego* (2003) 106 Cal.App.4th 893, 900-901; *Hemet*, *supra*, 37 Cal.App.4th at 1425-1430.) In *Copley Press*, the Supreme Court held that an officers' identity is confidential under Penal Code Section 832.7 and should not be disclosed:

> This conclusion derives largely from section 832.7, subdivision (c), which permits, "[n]otwithstanding subdivision (a)" of section 832.7, a department or agency that employs peace officers to disclose certain data regarding complaints against officers, but only "if that information is in a form which does not identify the individuals involved." The language limiting the information that may be disclosed under this exception demonstrates that section 832.7, subdivision (a), is designed to protect, among other things, "the identity of officers" subject to complaints. [Citations.] The legislative history of this provision confirms the Legislature's intent to "prohibit any information identifying the individuals involved from being released, in an effort to protect the personal rights of both citizens and officers." [Citation.]

(*Copley Press*, *supra*, 39 Cal.4th at 1297.) More recent decisions have required a link between the identity of the officer and the corresponding confidential personnel matter. (See *Long Beach Police Officers Association v. City of Long Beach* (2014) 59 Cal.4th 59, 72-73; *Commission on Peace Officer Standards and Training v. Superior Court* (2007) 42 Cal.4th 278, 295.)

Here, the disclosure of the names of any deputies in response to the discovery propounded by the plaintiff in the above-entitled case would necessarily involve the disclosure of information protected by Penal Code sections 832.7 and 832.8 because there is an obvious link between the identity of the officers in question and a confidential personnel matter. The interrogatory seeks the identification of "all current and former agents or employees of the Los Angeles County Sheriff's Department… whom… YOU have reason to believe may have taken and/or SHARED one or more PHOTOS of the ACCIDENT SCENE, including but not limited to PHOTOS of human remains at the ACCIDENT SCENE." The County's knowledge of the names of individuals alleged to have shared photos of the accident scene in question arises from protected information under Section 832.8, including employee discipline and investigations of complaints. Therefore, if the County were to respond to the interrogatory in question with the identification of our clients, it would clearly link those deputies to the investigation and would thereby violate the *Pitchess* statutes.

In your letter you state that, "Although any productions will be subject to a protective order, I am writing as a courtesy to give you notice of these potential disclosures." It is not clear how your production will be made pursuant to a protective order.

As such, we hereby request that the County, in responding to the first interrogatory propounded by the plaintiff, assert the appropriate privacy objection and demand that the plaintiff file an appropriate *Pitchess* motion. If the County does not believe that the responsive information is protected by the

Mira Hashmall
**Re: *Bryant v. County of Los Angeles***
November 6, 2020
Page 3

*Pitchess* statutes or will not object accordingly, please let us know as soon as possible so that we may take the appropriate steps to protect our clients legitimate and appropriate privacy interests.

      Thank you for your assistance in this regard.

      Very truly yours,

      **RAINS LUCIA STERN**
      **ST. PHALLE & SILVER, PC**

      Brian P. Ross

cc:    Elizabeth Gibbons