1  JONATHAN C. McCAVERTY (State Bar No. 210922)
   *Principal Deputy County Counsel*
2  jmccaverty@counsel.lacounty.gov
3  OFFICE OF THE COUNTY COUNSEL
   500 West Temple Street, Suite 468
4  Los Angeles, California 90012
   Telephone: (213) 974-1828
5  Fascimile:  (213) 626-7446

6  Attorneys for Defendant
7  LOS ANGELES COUNTY SHERIFF'S
   DEPARTMENT
8
   LOUIS R. MILLER (State Bar No. 54141)
9  smiller@millerbarondess.com
   MIRA HASHMALL (State Bar No. 216842)
10 EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
11 MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
12 Los Angeles, California 90067
   Telephone:  (310) 552-4400
13 Facsimile:   (310) 552-8400

14
15 Attorneys for Defendant
   COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California resident,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; ALEX VILLANUEVA, as Sheriff of the County of Los Angeles and as an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:20-cv-09582-JFW-E**<br><br>**DEFENDANTS COUNTY OF LOS ANGELES AND LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO COMPLAINT**<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

Defendants County of Los Angeles (the "County") and the Los Angeles County Sheriff's Department (the "Department" and, together with the County, "Defendants") answer the Complaint (the "Complaint") filed by Plaintiff Vanessa Bryant ("Plaintiff") and assert their affirmative defenses to the Complaint as follows:

# INTRODUCTION

1. Defendants admit that a helicopter crashed on January 26, 2020, which tragically killed everyone onboard, including Plaintiff's husband and daughter. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 1, and therefore deny those allegations on that basis.

2. Defendants admit that after the crash, several of the victims' family members gathered at the Department's station at Lost Hills, and that Sheriff Alex Villanueva met with them. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 1.

3. The first sentence of Paragraph 3 is an argument not necessitating a response. Defendants lack sufficient knowledge or information to admit or deny the second sentence in Paragraph 3, other than that the accident site was a scene of "unimaginable loss," which Defendants admit. Defendants lack sufficient knowledge or information to admit or deny the remainder of Paragraph 3.

4. Defendants lack sufficient knowledge or information to admit or deny the first two sentences of Paragraph 4. Defendant admits that the Department received a complaint about potential sharing of crash site photographs, which they promptly investigated.

5. Defendants admit that Sheriff Villanueva made a discretionary decision to order the deputies to delete any photographs they may have possessed to prevent the photographs from being publicly disseminated. The remainder of Paragraph 5 contains legal conclusions, arguments, and characterizations to which no response is required.

6. Defendants admit that the Los Angeles Times reported on photographs from the accident site in late February 2020. Defendants also admit that Sheriff Villanueva stated, in full: "Had we done the original, usual routine, which was relieve everybody of duty and everybody lawyers up and all that, that would increase the odds 10-fold that those photos would have some how made their way into the public domain. And that's definitely what we do not want." Defendants otherwise deny the allegations in Paragraph 6.

7. Defendants admit that Plaintiff sent correspondence to the Department and that outside counsel for the Department responded to a related California Public Records Act request. Defendants otherwise deny the allegations in Paragraph 7.

8. Defendants deny that the Department "caused" any harm to Plaintiff or that its actions, which included steps to prevent dissemination of any photographs, were "outrageous" or "egregious." Paragraph 8 also contains legal conclusions, arguments, and characterizations regarding "causation" and "reasonable steps" to which no response is required. Defendants otherwise lack sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 8, and therefore deny on that basis.

9. Defendants deny that the Department "chose to act reprehensibly" in its efforts to prevent the dissemination of photographs. Paragraph 9 also contains legal conclusions, arguments, and characterizations regarding the Department's motivations to which no response is required.

**JURISDICTION AND VENUE**

10. Paragraph 10 contains legal conclusions, arguments, and characterizations to which no response is required.

11. Defendants admit that they are situated in Los Angeles County. Otherwise, Paragraph 11 contains legal conclusions, arguments, and characterizations to which no response is required.

## THE PARTIES

12. Defendants lack sufficient knowledge or information to admit or deny whether Plaintiff is a California resident. Defendants otherwise admit the allegations in Paragraph 12.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants deny that the Department is a separate local government entity, as opposed to a department of the County. Defendants otherwise admit the allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

16. Paragraph 16 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

17. Sheriff Villanueva has been dismissed from this lawsuit and is therefore no longer a party. Plaintiff agreed to voluntarily dismiss him from the second claim for relief under *Monell*. [Dkt. 30.] The Court then granted Defendants' motion to dismiss Sheriff Villanueva from the negligence claim. [Dkt. 31.]

18. The Does have been dismissed from this lawsuit and are therefore no longer parties. [Dkt. 17.]

## GENERAL ALLEGATIONS

19. Defendants admit that a former Sheriff and his second-in-command were convicted and sentenced to federal prison, although Defendants deny the relevance of that allegation, or any implication arising therefrom. Defendants otherwise deny the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants lack sufficient knowledge or information to admit or deny

the allegations in Paragraph 21.

22. Defendants admit that the Department closed multiple roads and freeway off-ramps leading to the accident site. Defendants otherwise lack sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 22.

23. Defendants admit that after the crash, several of the victims' family members gathered at the Department's station at Lost Hills, and that Sheriff Alex Villanueva met with them. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 23.

24. Defendants deny that Sheriff Villanueva took no steps to ensure the photographs were never publicized. Defendants lack sufficient information to admit or deny the remainder of the allegations in Paragraph 24.

25. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 25.

26. Defendants admit that the Sheriff's Department received a complaint about potential sharing of crash site photographs, which they promptly investigated. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 26.

27. Paragraph 27 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

28. Defendants admit that Sheriff Villanueva made a discretionary decision to order the deputies to delete any photographs they may have possessed to prevent the photographs from being publicly disseminated. The remainder of Paragraph 28 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

29. Defendants admit that the Los Angeles Times reported regarding photographs allegedly taken at the accident site. Defendants deny that the reports

1  "exposed the Department's attempted cover-up," as there was no cover-up.

2      30.    Defendants deny that the Department "decided to lie." Defendants admit that the quote from Captain Jorge Valdez accurately reflects his quote as reported in the Los Angeles Times. Defendants deny the remainder of the allegations in Paragraph 30.

    31.    The allegation in Paragraph 31 that Defendants' statements show "Defendants' tortious conduct and violation of Mrs. Bryant's constitutional rights" is a legal conclusion, argument, and characterization to which no response is required. To the extent a response is required, Defendants deny this allegation. Defendants admit that the allegations in Paragraph 31, which quote various statements by Sheriff Villanueva, accurately reflect his quotes as reported in the news.

    32.    Defendants admit that the allegations in Paragraph 32 which quote various statements by Sheriff Villanueva accurately reflect his quotes as reported in the news. Defendants deny the remainder of Paragraph 32.

    33.    Defendants admit that the allegations in Paragraph 33, which quote a statement by Sheriff Villanueva, accurately reflect his quote as reported in the news. Defendants deny the remainder of Paragraph 33.

    34.    The first two sentences of Paragraph 34 contain a legal conclusion, argument, and characterization to which no response is required. To the extent a response is required, Defendants deny this allegation. Defendants deny the remainder of Paragraph 34.

    35.    Defendants admit that the allegations in Paragraph 35, which quote various statements by Sheriff Villanueva and the Department, accurately reflect those quotes as reported in the news.

    36.    Defendants admit the allegations in Paragraph 36.

    37.    Defendants admit that Paragraph 37 accurately quotes the Department's policy regarding the use of cell phones to capture work-related environments and the

Department's Manual of Policies and Procedures. Defendants otherwise deny the allegations in Paragraph 37.

38. Defendants deny the first sentence in Paragraph 38. The second sentence of Paragraph 38 is a legal conclusion, argument, and characterization to which no response is required. To the extent a response is required, Defendants deny this allegation.

39. Defendants admit that they received a letter from Plaintiff, and that Paragraph 39 accurately quotes from that letter. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 39.

40. Defendants admit that they received a subsequent letter from Plaintiff on or around March 8, 2020. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 40.

41. Defendants deny the allegations of Paragraph 41. Defendants' letters to Plaintiff provided a detailed explanation of the relevant law – the California Public Records Act – and disclosed several pieces of information to Plaintiff, including about a complaint received by the Department.

42. Paragraph 42 is a legal conclusion, argument, and characterization to which no response is required. To the extent a response is required, Defendants denies the allegations in Paragraph 42.

43. Defendants deny that any actions were taken "for the perverse gratification of law enforcement officers." Defendants also deny that the Department "refused to offer any response" to Plaintiff regarding the photographs. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44 concerning Sheriff Villanueva's discretionary decision to order the deputies to delete any photographs they may have possessed, as that decision likely prevented the photographs from

being publicly disseminated. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 44.

45. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 45.

46. The references in Paragraph 46 to "grossly inadequate steps" and "compounding" emotional distress are legal conclusions, arguments, and characterization to which no response is required. Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 46.

47. Defendants admit that an investigation was conducted. Defendants otherwise deny the allegations in Paragraph 47, including the allegations regarding the cause of the investigation.

48. Paragraph 48 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983, Violation of Fourteenth Amendment

49. Defendants hereby incorporate by reference paragraphs 1 through 48 of this Answer, inclusive, as though set forth fully herein.

50. Paragraph 50 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

51. Paragraph 51 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 51.

52. Paragraph 52 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53. Paragraph 53 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54. Paragraph 54 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 54.

## SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983 (Monell), Violation of Fourteenth Amendment

55. Defendants hereby incorporate by reference paragraphs 1 through 54 of this Answer, inclusive, as though set forth fully herein.

56. Paragraph 56 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 56.

57. Paragraph 57 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58. Paragraph 58 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59. Paragraph 59 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 59.

60. Paragraph 60 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 60.

61. Paragraph 61 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 61.

## THIRD CAUSE OF ACTION

### Negligence

62. Defendants hereby incorporate by reference paragraphs 1 through 61 of this Answer, inclusive, as though set forth fully herein.

63. Paragraph 63 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

64. Paragraph 64 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65. Paragraph 65 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66. Paragraph 66 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67. Paragraph 67 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 67.

68. Paragraph 68 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 68.

69. Paragraph 69 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 69.

70. Paragraph 70 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71. Paragraph 71 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 71.

72. Paragraph 72 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 72.

73. Paragraph 73 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74. Paragraph 74 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 74.

75. Paragraph 75 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 75.

## FOURTH CAUSE OF ACTION

### Invasion of Privacy

76. Defendants hereby incorporate by reference paragraphs 1 through 75 of this Answer, inclusive, as though set forth fully herein.

77. Paragraph 77 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 77.

78. Paragraph 78 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 78.

79. Paragraph 79 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80. Paragraph 80 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 80.

81. Paragraph 81 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 81.

82. Paragraph 82 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82.

83. Paragraph 83 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83.

84. Paragraph 84 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 84.

## **FIFTH CAUSE OF ACTION**

### **Intentional Infliction of Emotional Distress**

85. Defendants hereby incorporate by reference paragraphs 1 through 84 of this Answer, inclusive, as though set forth fully herein.

86. Paragraph 86 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 86.

87. Paragraph 87 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 87.

88. Paragraph 88 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88.

89. Paragraph 89 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89.

90. Paragraph 90 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90.

91. Paragraph 91 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 91.

92. Paragraph 92 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92.

93. Paragraph 93 exclusively contains legal conclusions, arguments, and characterization to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93.

## AFFIRMATIVE DEFENSES

Defendants hereby plead the following separate and additional defenses to the Complaint. By alleging the separate and additional defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Without limiting or waiving any defenses available to it, and based on information and belief unless otherwise stated, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (*Failure to State a Claim*)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (*Sovereign Immunity*)

The Complaint, in whole or in part, fails because Defendants are entitled to sovereign immunity under the Eleventh Amendment.

## THIRD AFFIRMATIVE DEFENSE

### (*Discretionary Act Immunity*)

The Complaint, in whole or in part, fails because Defendants are entitled to discretionary act immunity under California Government Code section 820.2.

## FOURTH AFFIRMATIVE DEFENSE

### (*No Vicarious Liability*)

The Complaint, in whole or in part, fails because Defendants are not vicariously liable under California Government Code section 815.2.

## FIFTH AFFIRMATIVE DEFENSE

### (*No Violation Of A Legal Duty*)

The Complaint is barred, in whole or in part, because Defendants did not violate any legal duty owed to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (*Good Faith*)

The Complaint, in whole or in part, is barred because Defendants undertook any challenged acts or omissions, in part or in total, in good faith and in conformity with applicable orders, rulings, regulations, and/or interpretations.

## SEVENTH AFFIRMATIVE DEFENSE

### (*Waiver*)

The Complaint is barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (*Laches*)

The Complaint is barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE
### (*Unclean Hands*)

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE
### (*Impossibility by Operation of Law*)

The Complaint is barred, in whole or in part, by the doctrine of impossibility of performance by operation of law.

### ELEVENTH AFFIRMATIVE DEFENSE
### (*Statutes of Limitations*)

The Complaint is barred, in whole or in part, by applicable statutes of limitation.

### TWELFTH AFFIRMATIVE DEFENSE
### (*No Standing*)

The Complaint is barred, in whole or in part, to the extent Plaintiff lacks standing.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (*Mootness*)

The Complaint is barred, in whole or in part, because some or all of the allegations or claims in the Complaint are moot.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (*Unjust Enrichment*)

Any recovery by Plaintiff on the Complaint against the Defendants would be unfair and would constitute unjust enrichment.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (*Estoppel*)

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

(*Acquiescence*)

The Complaint is barred, in whole or in part, by the doctrine of acquiescence.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(*Conduct Not Wrongful*)

The Complaint is barred, in whole or in part, because Defendants' conduct was not wrongful or otherwise unlawful.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(*Superseding and Intervening Acts*)

Any damage allegedly sustained by Plaintiff was caused, in whole or in part, by the superseding and intervening acts and omissions of persons or entities for whose conduct Defendants are not responsible.

### NINETEENTH AFFIRMATIVE DEFENSE

(*Failure to Exhaust Administrative Remedies*)

The Complaint is barred, in whole or in part, by Plaintiff's failure to exhaust her prerequisite administrative and/or judicial remedies, including but not limited to, the claims provision of the California Tort Claims Act, Government Code section 910, *et seq.*

### TWENTIETH AFFIRMATIVE DEFENSE

(*After-Acquired Evidence*)

The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(*No Causation*)

The Complaint is barred, in whole or in part, because Plaintiff's damages, if any, were not caused by the Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (*No Damages*)

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against the Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (*No Punitive Damages*)

Without admitting that the Complaint states a claim, Plaintiff is not entitled to recover punitive damages pursuant to the Constitution of the United States of America or any other governing law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (*Avoidable Consequences*)

The Complaint is barred, in whole or in part, by the doctrine of avoidable consequences.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (*Absence of Malice*)

Any acts or omissions by the Defendants, if any, were not the result of oppression, fraud, or malice.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (*No Deprivation of Constitutional Rights*)

Defendants were not the proximate cause of the Plaintiff's alleged deprivation of a constitutionally protected right, privilege, or immunity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (*Qualified Immunity*)

Defendants are entitled to qualified immunity.

## RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve their right to add, delete, or modify any and all defenses which may pertain to the Complaint that are now or may become available in this action through clarification or amendment of the Complaint, through discovery, through further legal analysis of Plaintiff's or Defendants' claims and positions in this litigation, or otherwise.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray that judgment be entered as follows:

A. Plaintiff takes nothing by reason of her Complaint;

B. The Complaint be dismissed with prejudice;

C. Defendants recover their costs of suit, including attorneys' fees; and

D. Defendants be awarded such other and further relief as the Court deems just and proper.

DATED: January 11, 2021

By: /s/ Jonathan C. McCaverty
JONATHAN C. McCAVERTY
Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

| | | |
|---|---|---|
| 1 | DATED:  January 11, 2021 | MILLER BARONDESS, LLP |

By: ___/s/ Louis R. Miller_____
     LOUIS R. MILLER
     Attorneys for Defendant
     COUNTY OF LOS ANGELES