1   JONATHAN C. McCAVERTY (State Bar No. 210922)
    Principal Deputy County Counsel
2   jmccaverty@counsel.lacounty.gov
    OFFICE OF THE COUNTY COUNSEL
3   General Litigation Division
4   500 West Temple Street, Suite 468
    Los Angeles, California 90012
5   Tel.:  (213) 974-1828 | Fax:  (213) 626-7446

6
    Attorneys for Defendant
7   LOS ANGELES COUNTY SHERIFF'S
    DEPARTMENT
8


9   LOUIS R. MILLER (State Bar No. 54141)
    smiller@millerbarondess.com
10  MIRA HASHMALL (State Bar No. 216842)
    EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
11  MILLER BARONDESS, LLP
12  1999 Avenue of the Stars, Suite 1000
    Los Angeles, California 90067
13  Tel.:  (310) 552-4400 | Fax:  (310) 552-8400

14
    Attorneys for Defendant
15  COUNTY OF LOS ANGELES

16  [*Additional counsel continued on next page.*]

17

18                   **UNITED STATES DISTRICT COURT**

19      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

20

| | |
|---|---|
| 21  VANESSA BRYANT, a California resident, | **CASE NO. 2:20-cv-09582-JFW (Ex)** |
| 22 | |
| 23              Plaintiff, | **JOINT APPLICATION FOR LEAVE TO FILE PORTIONS OF THE FIRST AMENDED COMPLAINT UNDER SEAL** |
| 24 | |
| 25        v. | Pretrial Conference:  October 29, 2021 |
| 26  COUNTY OF LOS ANGELES, et al. | Trial Date:              Nov. 16, 2021 |
| 27              Defendants. | Assigned to the Hon. John F. Walter and Magistrate Judge Charles F. Eick |
| 28 | |

1  [*Additional counsel, continued from previous page.*]

2  LUIS LI (State Bar No. 156081)

3  luis.li@mto.com
   CRAIG JENNINGS LAVOIE (State Bar No. 293079)

4  craig.lavoie@mto.com
   JENNIFER L. BRYANT (State Bar No. 293371)

5  jennifer.bryant@mto.com
   MARI T. SAIGAL (State Bar No. 318556)

6  mari.saigal@mto.com
   MUNGER, TOLLES & OLSON LLP

7  350 South Grand Avenue, 50th Floor

8  Los Angeles, California 90071-3426
   Tel.:  (213) 683-9100 | Fax:  (213) 687-3702

9

10 Attorneys for Plaintiff
   VANESSA BRYANT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Pursuant to Local Civil Rule 79-5 and this Court's Standing Order, Plaintiff

2   Vanessa Bryant ("Plaintiff") and Defendants County of Los Angeles (the "County")

3   and Los Angeles County Sheriff's Department (the "Department" and, together with

4   the County, "Defendants") hereby make this Application to File Under Seal:

5           1)     Portions of Plaintiff's First Amended Complaint ("FAC"); and

6           2)     Portions of a redlined version of Plaintiff's First Amended Complaint

7   showing changes against Plaintiff's original complaint.

8   The parties are filing this Application jointly to conserve judicial resources,

9   but disagree regarding whether the FAC should be sealed.

10   **I.    JOINT BACKGROUND**

11   Per an order of this Court, Plaintiff's deadline to join parties and amend her

12   complaint is March 24, 2021.  [Dkt. No. 37.]  Consistent with this, and pursuant to

13   Federal Rule of Civil Procedure 15(a)(2), Defendants have provided written consent

14   for Plaintiff to file the FAC, which adds certain factual allegations and joins four

15   individual sheriff's deputies (the "Deputy Defendants") and the Los Angeles County

16   Fire Department ("Fire Department") as defendants.  (Lavoie Decl. ¶ 6.)  However,

17   the parties disagree regarding whether portions of the FAC should be filed under

18   seal.  (*Id.*)

19   On February 4, 2021, lead counsel for the parties met and conferred by

20   videoconference in accordance with Local Rule 79-5.2.2(b) to minimize or obviate

21   the necessity of an under-seal filing.  (Lavoie Decl. ¶ 5.)  Meet and confer efforts

22   continued by email in the weeks thereafter, and Plaintiff agreed to make certain

23   revisions to the FAC to eliminate Defendants' request for certain redactions.  (*Id.*

24   ¶¶ 6–7.)  The parties were unable to reach agreement on Defendants' remaining

25   proposed redactions, which are the subject of this Application.

26

27

28

498182.2

Case No. 2:20-cv-09582-JFW-E

JOINT APPLICATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT UNDER SEAL

## II.   DEFENDANTS' POSITION

### A.   The Court Should Order Plaintiff To File The Redacted Portions Of The FAC Under Seal

Defendants seek to seal portions of the FAC which (i) contain personally identifiable information ("PII") pulled from the Internal Affairs Bureau ("IAB") report (the "IAB Report"); and (ii) verbatim quotes from the IAB Report.

Compelling reasons exist to grant the Application.  *L.A. Int'l Corp. v. Prestige Brands Holdings, Inc.*, No. CV-18-6809 MWF (MRWx), 2018 WL 6985313, at *1 (C.D. Cal. Nov. 6, 2018).  The IAB Report was the subject of a motion to compel. [Dkt. 34.]  The Magistrate Judge ordered Defendants to produce the IAB Report, subject to the parties' stipulated protective order.  [Dkt. 47.]  On January 6, 2021, Defendants produced the IAB Report.  It is subject to a confidential designation.

When Plaintiff sent the proposed FAC on February 8, 2021, it included verbatim excerpts and PII from the confidential IAB Report, including the names of individuals who are not parties in this case and deputies named as parties who did not distribute any photographs outside of LASD.  Distribution of crash site photographs within LASD does not, and could not, violate the law.  Plaintiff later agreed to omit the third party-names from the FAC.

The parties were unable to reach agreement on sealing.  Defendants request limited sealing of PII and verbatim quotes, while Plaintiff opposes any sealing.

### B.   There Are Compelling Reasons To Seal Limited Information In The FAC

#### 1.   Personally Identifiable Information: Deputy Defendants

Compelling reasons support the County's request that the Court seal the names of the Deputy Defendants.  *See Strike 3 Holdings, LLC v. Doe*, No. SACV-19-140 TJH (SPx), 2019 WL 6894526, at *2 (C.D. Cal. July 16, 2019) (court granted "defendant's request to proceed pseudonymously as John Doe during the course of this litigation"); *Heineke v. Santa Clara Univ.*, No. 17-CV-05285-LHK,

1  2017 WL 6026248, at \*22 (N.D. Cal. Dec. 5, 2017) (granting "Defendants'

2  administrative motion to allow [Defendant] Doe to proceed under pseudonym and to

3  seal the filings containing Doe's true name").

4       In *Heinke*, a professor sued his accuser, and the defendant wanted to proceed

5  anonymously. *Id*. at \*23.  The court granted the request to proceed anonymously for

6  several reasons. *Id.*  First, the defendant "Doe is not the plaintiff in this case" and

7  "[s]he is not the one who has chosen to avail herself of the public forum of the

8  Court." *Id.*  Second, "there is no prejudice that would result to Plaintiff as a result of

9  allowing Doe to proceed anonymously" because "[Plaintiff] knows [Doe]'s true

10  identi[t]y (as evidenced by the repeated use of her name in the moving papers)." *Id.*

11  Third, "because the Court ordered the parties to refile all documents containing

12  Doe's true name with her name removed, all the 'filings in the case [will be]

13  available for public review.'" *Id.*

14       The same is true of the Deputy Defendants here.  They did not choose to avail

15  themselves of the Court, there is no prejudice to Plaintiff from letting the Deputy

16  Defendants proceed anonymously, and the public will still be able to review the

17  relevant allegations.[1]

18       Additionally, it is improper to publicly reveal PII about the Deputy

19  Defendants.  (Jaeger Decl. ¶ 13.)  If Plaintiff publishes their names, the addresses

20  and other PII of these public employees are just a click away on the internet.  This

21  concern is heightened due to the publicly charged nature of this case.  (*Id*. ¶ 14.)  As

22  Plaintiff concedes, compelling reasons to seal exist when information "might have

23  become a vehicle for improper purposes, such as the use of records to gratify private

24  spite, promote public scandal, circulate libelous statements, or release trade secrets."

25  

26  [1] Plaintiff attempts to distinguish *Heinke* because Defendants here are not victims of
sexual harassment.  However, the court's detailed analysis justifying the *Heinke*

27  defendant's request to proceed anonymously did not rely on sexual harassment and,
as detailed above, the court's logic in *Heinke* applies equally here.

28

1   *Reyna v. Arris Int'l PLC*, 2018 WL 1400513, at *1 (N.D. Cal. Mar. 20, 2018).  Here,

2   the incident in question has already generated significant vitriol and social media

3   attacks against the individuals involved.  Therefore, there are compelling reasons to

4   grant Defendants' request for sealing.  *See Bolla v. Univ. of Hawaii*, No. CIV. 09-

5   00165 SOM, 2010 WL 5388008, at *1 (D. Haw. Dec. 16, 2010) (court determined

6   there were "compelling reasons" to "seal the names of student-athletes and coaches

7   who participated in the events underlying the complaints against" plaintiff ), *aff'd*

8   *sub nom*, 469 F. App'x 531 (9th Cir. 2012).[2]

9       *Most importantly*, tabloids have used hackers in similar cases to obtain access

10  to electronic files stored on personal devices or in the cloud.  Not sealing the Deputy

11  Defendants' names increases the risk that hackers will seek out and try to gain

12  access to the individual deputies' devices to locate any photographs and publish

13  them to the public.  Plaintiff should want sealing for this same reason.

14      This legitimate hacking concern distinguishes the cases cited by Plaintiff,

15  which dealt with the proposed sealing of internal affairs reports.  Plaintiff's cases do

16  not deal with the death of a celebrity (and alleged images of the same).  According

17  to Plaintiff's FAC, Plaintiff's alleged harm is her fear that "the photos will surface

18  and go viral online."  (FAC ¶ 72.)  A limited sealing order would minimize the risk

19  that Plaintiff is ever subjected to that potential harm.

20      Defendants believe that no photographs exist.  No public dissemination has

21  occurred to date, and Defendants would like to confirm that and keep it that way.

22  To that end, and so that the parties can assess the risk of public dissemination,

23  _____

24  [2] Plaintiff attempts to distinguish *Bolla* by arguing that, unlike in *Bolla*, Defendants
    here were not victims.  But Plaintiff  omits the full quotation from *Bolla*, which
25  states that the proposed redactions were appropriate to "spare those individuals from
    the public embarrassment of being the alleged victims of Bolla's actions *or the*
26  *subject of possible discipline by UH*."  *Bolla*, 2010 WL 5388008, at *1 (emphasis
    added).  Here, like in *Bolla*, "the redactions of the names prevents the use of court
27  files for improper purposes, such as promoting public scandal."  *Id.*

28

498182.2                                6                    Case No. 2:20-cv-09582-JFW-E

1    Defendants have repeatedly asked Plaintiff to agree to terms for an independent

2    forensic examination that would determine whether any photographs still exist.  For

3    reasons that Defendants find inexplicable, Plaintiff has refused to engage in that

4    dialogue and has stonewalled Defendants' requests for four months.  (Hashmall

5    Decl. ¶¶ 9-13.)  Defendants believe that Plaintiff should want the forensic

6    examination as much as they do, if not more.  At a minimum, the Deputy

7    Defendants' names should be sealed until a forensic examination can be completed.

8                    **2.    <u>Verbatim Quotes from the IAB Report</u>**

9           As described in Captain Jaeger's declaration, confidentiality allows IAB

10   investigators to do their jobs.  Publicly filing verbatim quotes from interview

11   transcripts will discourage witness cooperation, and prevent IAB from fully

12   investigating potential misconduct.  (Jaeger Decl. ¶¶ 7-8.)

13          Sealing should not impact Plaintiff, because the vast majority of these quotes

14   bear no relevance to her legal claims.  For example, even though the Court already

15   dismissed Sheriff Villanueva, many of the FAC's allegations are aimed at casting

16   aspersions on him and his efforts to prevent dissemination of the photographs.

17          Whether Sheriff Villanueva's actions (and LASD's subsequent investigation)

18   meet Plaintiff's standards bears no relevance to the adjudication of this case.

19   Defendants plan to address these irrelevant allegations at a later date.  At this

20   juncture, however, the County simply respectfully requests that the Court seal

21   passages of the FAC which quote the IAB Report.

22          In conclusion, sealing at this stage causes absolutely no prejudice to Plaintiff.[3]

23   This issue can be revisited later on, if necessary.

24   ────────────

25   [3] Plaintiff's only alleged prejudice concerns not being able to freely discuss the case
     with her family members, and ensuring that transmission of the FAC is "tightly"
26   monitored.  Plaintiff cites no case law establishing that such concerns constitute
     prejudice, and keeping this information confidential should not be an issue if
27   Plaintiff's goal is to litigate this case in court, and not in the press.

28

## III.   PLAINTIFF'S POSITION

Because a complaint "forms the foundation of the lawsuit" and is a document that is "more than tangentially related to the underlying cause of action," parties seeking to seal a complaint must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Reyna v. Arris Int'l PLC*, 2018 WL 1400513, at *1 (N.D. Cal. Mar. 20, 2018) (collecting cases).  Compelling reasons generally exist when the material at issue "might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

### A.   Defendants Fail to Show Compelling Reasons for Sealing the Deputy Defendants' Names.

Defendants fail to offer a single case in which a police officer being sued for civil rights violations has been allowed to proceed anonymously.[4]  Indeed, Plaintiff has been unable to identify any case in which a defendant police officer even *attempted* to proceed under a pseudonym.  Occasionally, litigants request that the names or personally identifying information of non-party police officers be redacted from individual documents filed in litigation, such as internal affairs reports, but even in those instances courts have held that "the names of the law enforcement personnel involved in [alleged] incidents, either as alleged wrongdoers or

---

[4] For clarity, although Defendants' refer to the Deputy Defendants' "personally identifiable information," the FAC contains only the Deputy Defendants' names and ranks—nothing more.  Plaintiff has no intention of publishing the Deputy Defendants' addresses, phone numbers, or other private information.

1    investigators, should not be redacted." *Myles v. Cnty. of San Diego*, 2017 WL

2    274829, at *2 (S.D. Cal. Jan. 19, 2017) (ordering redaction of addresses, social

3    security numbers, driver's license numbers, and dates of birth, but declining to

4    redact officers' names in internal affairs documents filed as exhibits); *Macias v.*

5    *Cleaver*, 2016 WL 3549257, at *6 (E.D. Cal. June 30, 2016) (same); *Roberts v.*

6    *Clark Cnty. Sch. Dist.*, 2016 WL 1611587, at *2 (D. Nev. Apr. 21, 2016) (no

7    compelling reason to redact officers' names in internal affairs report).

8            Lacking authority to support their request, Defendants try to equate the

9    Deputy Defendants who shared photos of Kobe and Gianna Bryant's remains with

10   *victims* of sexual harassment and other abuse.  For example, Defendants discuss

11   *Heineke v. Santa Clara University*, 2017 WL 6026248 (N.D. Cal. Dec. 5, 2017), but

12   fail to note the court's conclusion in that case that "the public interest is served in

13   allowing *an alleged victim of sexual harassment* to be sued under a pseudonym to

14   avoid deterring other victims from coming forward." *Id.* at *23 (emphasis added).

15   Similarly, *Bolla v. University of Hawaii*, 2010 WL 5388008 (D. Haw. Dec. 16,

16   2010), involved allegations that the plaintiff, a terminated women's basketball

17   coach, had entered his players' locker room without first checking whether everyone

18   was dressed, kicked a female player in the buttocks, and told a student that she

19   should be tested for a neurological disorder. *Id.* at *3–4.  Given the nature of the

20   facts, the court sealed the names of student-athletes and coaches who participated in

21   the events underlying complaints about the plaintiff's behavior in order to maintain

22   their "medical privacy" and spare them from being publicly identified as "victims of

23   [the coach's] actions." *Id.* at *1.  Suffice it to say, the Deputy Defendants' situation

24   is not remotely similar to *Heineke* or *Bolla* because they are not victims and there is

25   no policy rationale that supports their proceeding under a pseudonym.[5]  The fact that

26

27   [5] Defendants cite a third case, *Strike 3 Holdings, LLC v. Doe*, 2019 WL 6894526,

28   (C.D. Cal. July 16, 2019), but it is inapposite because the defendant's request to

498182.2                                            9                              Case No. 2:20-cv-09582-JFW-E
JOINT APPLICATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT UNDER SEAL

1    identification of the Deputy Defendants in the FAC may incriminate them is not a

2    compelling reason to seal.  *See Kamakana*, 447 F.3d at 1179.

3         Finally, Defendants' concern that hackers might try to access to the Deputy

4    Defendants' electronic devices is not a compelling reason to seal.  To the extent the

5    County and Sheriff's Department are worried that hackers might access photos of

6    the victims' remains on their employees' devices, they should act urgently to

7    preserve and secure such photos.  Defendants have had over a year to do so.[6]

8         **B.    Defendants Fail to Show Compelling Reasons to Seal Portions of**

9              **the FAC that Quote the IAB Report.**

10        Defendants contend that publicly quoting the IAB Report will "discourage

11   witness cooperation" and "prevent IAB from fully investigating potential

12   misconduct," but these assertions are difficult to square with Sheriff Villanueva's

13   announcement that he himself plans to publish the IAB Report.  During a press

14   conference on May 11, 2020, in response to a question regarding the improper

15   accident scene photos, Sheriff Villanueva stated: "We're still completing the

16   investigation . . . and once we have it completed, we will be releasing it publicly

17   with all the information, and that'll answer all your questions."  (Lavoie Decl. ¶ 8.)

18   Similarly, during a press conference on May 20, 2020, Sheriff Villanueva stated:

19   "[O]nce the information is developed and it's done . . . we're going to make the

20   entire investigation public so everybody can read it for themselves.  And we will

21   also post that online."  (Lavoie Decl. ¶ 9.)  If the consequences of quoting a few

22   

23   proceed anonymously was unopposed.  *Id.* at * 1 ("Plaintiff states that it does not
     object to defendant's request to proceed pseudonymously in this case.").

24   [6] A declaration offered by Defendants references peace officer privacy interests

25   protected by California Penal Code § 832.7 (Jaeger Decl. ¶ 9), but federal courts
     have held that § 832.7 is a state-law privilege that does not apply in federal court.

26   *See, e.g.*, *Anderson v. City of Rialto*, 2017 WL 10562686, at *3 (C.D. Cal. June 28,

27   2017) (holding that privilege accorded by § 832.7 did not apply in federal § 1983
     action); *Bryant v. Armstrong*, 285 F.R.D. 596, 604 (S.D. Cal. 2012) (same).

28

1 | passages of the IAB Report were as dire as Defendants claim, Sheriff Villanueva

2 | would not have promised to publish the report.

3 |      More importantly, courts have rejected Defendants' position.  In *Macias v.*

4 | *Cleaver*, 2016 WL 3549257 (E.D. Cal. June 30, 2016), defendants argued that

5 | failing to seal information from an internal affairs investigation would thwart future

6 | investigations because "complaining citizens and other officers may not provide

7 | information," but the court held that "[t]his type of conclusory assertion does not

8 | satisfy the 'compelling reasons' standard." *Id.* at *6; *see also Kamakana*, 447 F.3d

9 | at 1182 (affirming denial of sealing request where defendants offered "conclusory

10 | statements" that publication would "hinder [the police department's] future

11 | operations with other agencies, endanger informant's lives, and cast [police] officers

12 | in a false light").  The *Macias* court noted that, contrary to the police department's

13 | assertions, "courts have recognized that victims, witnesses, and other officers may

14 | be more likely to participate in investigations or discipline proceedings if they

15 | believe their reports of misconduct will be thoroughly and fairly investigated."

16 | 2016 WL 3549257 at *6; *see Kelly v. City of San Jose*, 114 F.R.D. 653, 665 (N.D.

17 | Cal. 1987) ("A police officer who knows that no one from outside the law

18 | enforcement community will scrutinize his statements or his investigatory work may

19 | not feel the same level of pressure to be honest and accurate as would his

20 | counterpart in a system where some disclosure was possible.").

21 |      Stated simply, Defendants argue that the report of a *public agency* regarding

22 | misconduct by *public employees* should be completely hidden from public view,

23 | even when facts contained in the report are central to a federal civil rights lawsuit.

24 | This is not the law.  Rather, "where [a] case involves allegations of police

25 | misconduct, the public has a vested interest in assessing the truthfulness of the

26 | allegations of official misconduct, and whether agencies that are responsible for

27 | investigating and adjudicating complaints of misconduct have acted properly and

28 | wisely." *Macias*, 2016 WL 3549257, at *4 (quotation marks omitted).

1  **C.    Sealing the FAC Would Prejudice Plaintiff.**

2    Sealing the FAC would unjustifiably burden Plaintiff by imposing

3  confidentiality obligations on her operative pleading for the duration of the case.

4  For example, Plaintiff would be barred from discussing certain aspects of her

5  complaint with her own family members, including her adult daughter, and

6  transmission of the FAC (a document that will be used and cited frequently

7  throughout the litigation) would need to be tightly monitored.  Sealing the FAC

8  based on Defendants' theories would also ensure that nearly every other filing in

9  this case—including motions to dismiss, discovery motions, and motions for

10  summary judgment—would need to be filed under seal, imposing a heavy and

11  unnecessary burden on Plaintiff and the Court.

12  **D.    Defendants' Other Assertions Are Irrelevant.**

13    Defendants make several assertions that are irrelevant to the question of

14  sealing, including a claim that Mrs. Bryant is somehow at fault for the Sheriff's

15  Department's failure to search the electronic devices of its own employees—devices

16  which the Department appears to have never seized.  Plaintiff obviously disagrees

17  with Defendants' statements, but believes that debating them here would not aid the

18  Court in deciding the sealing application.

19

20

21

22

23

24

25

26

27

28

1    DATED:  February 24, 2021        MILLER BARONDESS, LLP

2

3

4                                     By:    _____/s/ Louis R. Miller_____
                                             LOUIS R. MILLER
5                                            Attorneys for Defendant
                                             COUNTY OF LOS ANGELES
6

7
     DATED:  February 24, 2021        LOS ANGELES COUNTY COUNSEL
8

9

10                                    By:    _____/s/ Jonathan C. McCaverty_____
                                             JONATHAN C. MCCAVERTY
11                                           Attorneys for Defendant
                                             LOS ANGELES COUNTY SHERIFF'S
12                                           DEPARTMENT
13

14
     DATED:  February 24, 2021        MUNGER, TOLLES, & OLSON LLP
15

16

17                                    By:    _____/s/ Luis Li_____
                                             LUIS LI
18                                           Attorneys for Plaintiff
                                             VANESSA BRYANT
19

20

21

22

23

24

25

26

27

28

1

## SIGNATURE ATTESTATION

2    Pursuant to Local Rule 5-4.3.4, the filer of this document, Louis R. Miller,

3  attests that all the other signatories listed, and on those behalf the filing is submitted,

4  concur in the filing's content and have authorized the filing.

5  DATED:  February 24, 2021          MILLER BARONDESS, LLP

6

7

8                                             By:     /s/ Louis R. Miller
                                                      LOUIS R. MILLER
9                                                     Attorneys for Defendant
                                                      COUNTY OF LOS ANGELES
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28