JONATHAN C. MCCAVERTY (State Bar No. 210922)
Principal Deputy County Counsel
jmccaverty@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Telephone: (213) 974-1828
Facsimile: (213) 626-7446

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
esanchirico@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California resident,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; ALEX VILLANUEVA, as Sheriff of the County of Los Angeles and as an individual; and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO. 2:20-cv-09582-JFW-E**<br><br>**DECLARATION OF MIRA HASHMALL IN SUPPORT OF APPLICATION TO FILE UNDER SEAL**<br><br>Pretrial Conference: October 29, 2021<br>Trial Date: Nov. 16, 2021<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

## DECLARATION OF MIRA HASHMALL

I, Mira Hashmall, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Miller Barondess, LLP, counsel of record for Defendant County of Los Angeles (the "County"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to all of said facts. I make this declaration in support of the parties' Application to File the First Amended Complaint Under Seal (the "Application").

2. On November 25, 2020, the County entered into a stipulated protective order (the "Protective Order") with Plaintiff Vanessa Bryant ("Plaintiff"). [Dkt. No. 33]. The Protective Order allows the parties to designate material "confidential" or "confidential – attorneys' eyes only." (*See id*.)

3. The Protective Order also provides a process by which one party can challenge the confidentiality designations of another party. (*See id*.) Specifically, while a challenge is ongoing, "[u]nless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge." (*See id*. Section 6.3.)

4. On January 6, 2021, the County produced the Los Angeles Sheriff Departments' Internal Affairs Bureau ("IAB") report concerning the incidents at issue in this lawsuit (the "IAB Report"). The County originally designated the IAB Report as "confidential – attorneys' eyes only" but after meeting and conferring with counsel for Plaintiff, the County changed the designation of the IAB Report to "confidential."

5. United States District Court Magistrate Judge Charles F. Eick ordered the County to produce the IAB Report. [Dkt No. 47.] In his order, Judge Eick

specified that the production of the IAB Report "*shall* be subject to the" Protective Order.  (*Id*. at 2 (emphasis added).)

6. The County designated the IAB Report "confidential" for a number of reasons.  First, as stated in the Declaration of Captain William Jaeger, IAB cannot uphold its important duty of conducting investigations to uncover potential misconduct without guarantees regarding confidentiality.

7. Second, the County wishes to prevent further public spectacle in connection with this lawsuit.  As the Court is likely aware, the photos at issue in this lawsuit (and the lawsuit itself) have attracted extensive public interest.  Unfortunately, much of this interest comes from tabloids whose profit margins largely depend on having celebrity gossip.

8. The County had good cause to designate the IAB Report confidential under the parties' Protective Order.  If the identity of any deputies of the Los Angeles County Sheriff's Department ("LASD") who Plaintiff alleges acted inappropriately (the "Deputy Defendants") is disclosed publicly, there is likely to be a media firestorm.  To the extent the Deputy Defendants committed acts which subject them to liability, they will be held accountable via Plaintiff's lawsuit.  Naming the Deputy Defendants publicly does nothing other than increase public spectacle on this fraught matter.

9. To further protect Plaintiff, and so that the parties can assess the risk of public dissemination, Defendants have repeatedly asked Plaintiff to agree to a procedure for an independent forensic examination of any telephones or other electronic devices that might have contained pictures of the crash scene.  To date, there has been no public dissemination of inappropriate photographs of the crash site.  The County wants to determine if any such photographs still exist and, if so, take steps to prevent any public dissemination.  To that end, we sent Plaintiff's counsel a proposed forensic protocol back in November 2020.  It has been over

497096.1                                       2                         Case No. 2:20-cv-09582-JFW-E
DECLARATION OF MIRA HASHMALL IN SUPPORT OF APPLICATION TO FILE UNDER SEAL

three months, and we are still waiting for comments from Plaintiff's counsel on the forensic protocol.

10. Despite these concerns, during meet and confer conversations in connection with Plaintiff's plans to file the First Amended Complaint ("FAC"), we learned that Plaintiff wishes to file the FAC publicly, with no redactions. The FAC contains verbatim passages from the interview transcripts from the confidential IAB Report, along with the names of the Deputy Defendants (the majority of whom did not share photographs outside LASD).

11. Plaintiff's plan to publicly file the FAC, despite never challenging the confidentiality designation of the IAB Report, violates the Protective Order. This violation will accomplish nothing other than adding unnecessary spectacle to a case the tabloids are already very focused on.

12. While there has been no public dissemination of the subject photographs to date, the FAC seeks to publicly identify (i) the individuals who once had photos on their personal devices; (ii) when the photos were on the devices; and (iii) which devices had the photos. This is an invitation to hackers to try their luck at finding photos in deleted files and selling them to the highest bidder.

13. This is especially problematic given Plaintiff's failure to agree to a forensic protocol that would significantly mitigate the risk of any future public dissemination of photographs.

14. The issues addressed in the Application are particularly sensitive because there are two related cases, with a fourth case to be filed imminently. *See Chester et al. v. County et al.* (Case No. 2:20-cv-10844) and *Mauser et al. v. County et al.* (Case No. 2:21-cv-00497). Although the related cases are almost identical, they are procedurally behind this case. As a result, the County has not yet discussed a potential forensic examination with counsel for the *Chester* or *Mauser* plaintiffs. At this juncture, the County knows only that <u>all</u> plaintiffs have made clear that they do not want sensitive crash site photographs disseminated publicly.

1  15. By publicly disclosing the individuals who, at one point in time, had
2 photographs on their devices, the FAC runs the risk of generating new, potentially
3 damaging, interest in this matter.
4  16. Accordingly, I respectfully request that the Court take the contents of
5 this declaration, and the declaration of Captain William Jaeger, into consideration
6 and keep the requested portions of the FAC under seal.
7  I declare under penalty of perjury under the laws of the United States of
8 America that the foregoing is true and correct.
9  Executed on this 24th day of February, 2021, at Los Angeles, California.

_____
Mira Hashmall