**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.   **CV 20-9582-JFW(Ex)** | Date: March 8, 2021 |

Title:     Vanessa Bryant -v- County of Los Angeles, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING JOINT APPLICATION FOR LEAVE TO FILE PORTIONS OF THE FIRST AMENDED COMPLAINT UNDER SEAL [2/24/2021; Docket No. 49]

On February 24, 2021, Plaintiff Vanessa Bryant ("Plaintiff") and Defendants County of Los Angeles (the "County") and Los Angeles County Sheriff's Department (the "Department") (collectively, "Defendants") filed a Joint Application For Leave to File Portions of the First Amended Complaint Under Seal ("Application"). The Court finds that this matter is appropriate for decision without oral argument. After considering the Application, and the arguments therein, the Court rules as follows:

Pursuant to the Court's Order filed on December 14, 2020, Plaintiff's deadline to join parties and amend her complaint is March 24, 2021. Defendants have consented to the filing of Plaintiff's First Amended Complaint, which adds certain factual allegations and names four individual sheriff's deputies (the "Deputy Defendants") and the Los Angeles County Fire Department ("Fire Department") as defendants. However, the parties disagree as to whether portions of the First Amended Complaint should be filed under seal and whether the Deputy Defendants may proceed anonymously.

In the Application, Defendants seek to seal portions of the First Amended Complaint that contain: (1) the Deputy Defendants' names and ranks (which Plaintiff obtained from the Internal Affairs Bureau ("IAB") report); and (2) verbatim quotes from the IAB report. Defendants refused to produce the IAB report until ordered to do so by the Magistrate Judge. The IAB report is subject to a "confidential" designation pursuant to the parties' stipulated protective order (Docket No. 33).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu,* 447

F.3d 1172, 1178 (9th Cir. 2006) (citation omitted).  In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." *Id.*  Because a complaint "forms the foundation of the lawsuit" and is a document that is "more than tangentially related to the underlying cause of action," parties seeking to seal a complaint must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Reyna v. Arris Int'l PLC*, 2018 WL 1400513, at *1 (N.D. Cal. Mar. 20, 2018) (collecting cases).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Kamakana*, 447 F.3d at 1179 (quotations and citations omitted).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id.*

      Defendants have failed to demonstrate compelling reasons to seal the Deputy Defendants' names (and ranks) or the verbatim quotes from the IAB report.  Indeed, "where the case involves allegations of police misconduct, the public has a vested interest 'in assessing the truthfulness of the allegations of official misconduct, and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely.'" *Macias v. Cleaver*, 2016 WL 3549257, (E.D. Cal. June 30, 2016).  "Misconduct by individual officers, incompetent internal investigations, or questionable supervisory practices must be exposed if they exist." *Welsh v. City & Cty. of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995).  With respect to Defendants' request to seal the Deputy Defendants' names and ranks (and to allow them to proceed anonymously), Defendants have not identified a single case in which a police officer sued for civil rights violations has been allowed to proceed in such a manner.  Although the Court recognizes that this case has been the subject of public scrutiny and media attention and that the Deputy Defendants are legitimately concerned that they will encounter vitriol and social media attacks, such concerns, by themselves, are not sufficient to outweigh the public's strong interest in access.  Moreover, Defendants' concern that hackers may attempt to seek out and gain access to the individual deputies' devices to locate any photographs and publish them is totally inconsistent with their position that such photographs no longer exist.

      With respect to the verbatim quotes from the IAB report, Defendants argue that publicly disclosing those quotes will "discourage witness cooperation" and "prevent IAB from fully investigating potential misconduct."  However, "[t]his type of conclusory assertion does not satisfy the 'compelling reasons' standard." *Macias*, 2016 WL 3549257 at *6.   As the district court stated in *Macias*, "contrary to Defendants' assertions otherwise, courts have recognized that victims, witnesses, and other officers may be more likely to participate in investigations or discipline proceedings if they believe their reports of misconduct will be thoroughly and fairly investigated." *Id.*  Moreover, Sheriff Villanueva's promise to publicly release the IAB report after the conclusion of the investigation undermines Defendants' purported concern in the disclosure of the limited excerpts at issue here.

      For the foregoing reasons, Defendants' Application is **DENIED**.

      IT IS SO ORDERED.