# Exhibit 6

MUNGER, TOLLES & OLSON LLP

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

March 8, 2020

Writer's Direct Contact
(213) 683-9205
(213) 683-4005 FAX
luis.li@mto.com

**Via FedEx and Electronic Mail**

Sheriff Alex Villanueva
c/o Elizabeth D. Miller, Assistant County Counsel
Office of the County Counsel
County of Los Angeles
Kenneth Hahn Hall of Administration
500 West Temple Street #648
Los Angeles, CA 90012
emiller@counsel.lacounty.gov

      Re:     Dissemination of Photos of January 26, 2020 Helicopter Crash Scene

Dear Sheriff Villanueva:

      We write to follow up on our March 2 letter, to which we have not yet received a response.

      Since we last wrote, additional disturbing reports have emerged regarding sheriff's deputies sharing unauthorized photographs of the crash scene and the victims' remains. You have publicly stated that at least *eight* deputies took illicit photos, and news outlets have reported that the photos have been sent to people outside the Sheriff's Department. Reports also indicate that the Department knew of its deputies' misconduct as early as January 29, when a citizen filed a complaint notifying the Department. Yet the Department did not inform the victims' families until the L.A. Times was poised to report on the misconduct nearly five weeks later.

MUNGER, TOLLES & OLSON LLP

Los Angeles County Sheriff's Department
March 8, 2020
Page 2

      The Department's response to the misconduct also has been deeply troubling. According to reports by the L.A. Times, Department leadership "tried to keep a lid" on the potential scandal by deviating from "normal investigative protocols."[1] Reports further indicate that, rather than formally investigate, Department leadership told the deputies that if they "came clean and deleted the photos, they would not face any discipline."[2] Indeed, the Department appears to have initiated a formal investigation only *after* news of the deputies' misconduct became public. Once news of the misconduct broke, you told news outlets that the Department does not have a policy addressing deputies using their personal cellphones to take photos of accident scenes, even though the Department's policy on use of communication devices prohibits precisely that. (Policy 3-01/100.46, Los Angeles County Sheriff's Department Manual of Policy and Procedures, *available at* http://pars.lasd.org/Viewer/Manuals/10008/Content/10426 ("Members shall not use a personal cellular telephone . . . to record, store, document, catalog, transmit, and/or forward any image . . . captured as a result of their employment and/or while performing official Department business that is not available or accessible to the general public.").)

      All of this leaves Mrs. Bryant with substantial uncertainty as to whether the misconduct was truly limited to eight deputies and whether the photographs of her husband's and daughter's remains (or copies of them that may have been shared with others or stored online) will become public. Mrs. Bryant deserves to know whatever the Department knows regarding these questions. To that end, we ask on Mrs. Bryant's behalf that you respond to the below requests no later than close of business on <u>Tuesday, March 10</u>.

- Describe what steps, if any, the Sheriff's Department has taken to identify all personnel who had or have photographs or recordings of the crash scene or victims' remains on their electronic devices (including cellphones) or cloud accounts.

- Describe what steps, if any, the Sheriff's Department has taken to determine whether and to what extent personnel who had such photographs or recordings shared them with other members of the Department or third parties.

- Describe what steps, if any, the Sheriff's Department has taken to secure all unauthorized photographs or recordings in the possession of its personnel such that they are not subject to further sharing.

---

[1] Alene Tchekmedyian & Paul Pringle, *A deputy allegedly showed off gruesome Kobe Bryant crash photos at bar. A cover-up scandal ensued*, L.A. Times (Mar. 3, 2020), *available at* https://www.latimes.com/california/story/2020-03-03/kobe-bryant-crash-photos-sheriffs-department-tried-to-keep-quiet.

[2] *Id.*

MUNGER, TOLLES & OLSON LLP

Los Angeles County Sheriff's Department
March 8, 2020
Page 3

- Identify by name all personnel who had or have photographs or recordings of the crash scene or victims' remains on their electronic devices.

- State whether the Sheriff's Department confiscated and/or inspected the electronic devices of the personnel who had or have photographs or recordings of the crash scene or victims' remains.

- Describe what steps, if any, the Sheriff's Department has taken to secure all photographs of the crash scene or victims' remains that its personnel sent to people outside of the crash investigation.

- Describe what steps, if any, the Sheriff's Department has taken to review photographs of the crash scene or victims' remains on its personnel's electronic devices to determine their investigative value, and whether the Sheriff's Department has turned images with investigative value over to the National Transportation Safety Board.

As we noted in our March 2 letter, our client is evaluating all of her legal options and reserves all rights.

Sincerely,

*/s/ Luis Li*

Luis Li

CC: Brad D. Brian
Gary Robb
Anita Robb