# Exhibit 7



**IVIE McNEILL WYATT
PURCELL & DIGGS**

Jack F. Altura, Esq.
jaltura@imwlaw.com
(213) 489-0028, ext. 154

Luis Li
Munger, Tolles & Olson
350 South Grand Avenue, Fiftieth Floor
Los Angeles, CA  90071
Luis.li@mto.com

March 26, 2020

Re:     Response to March 2, 2020 Letter to Sheriff Villanueva

Dear Mr. Li:

This is a follow up to my letter dated March 10, 2020, responding to your Public Records Act request, dated and received by the County of Los Angeles on March 2, 2020, whereby you requested "a copy of any and all complaints received by your Office regarding the unauthorized taking or sharing of crash-scene photos and provide answers in writing regarding (i) all steps the Sheriff's Department has taken to ensure all photos of the crash scene have been secured; (ii) whether the Department has initiated an investigation into this matter and when the investigation is expected to conclude; (iii) the names of all Sheriff's Department personnel who shared photos of the crash scene; and (iv) whether the Sheriff's Department has terminated, suspended, or otherwise disciplined said personnel for their actions."

With respect to your request for "a copy of any and all complaints" as described above, pursuant to the California Public Records Act, records of complaints to, or investigations conducted by, a local police agency are specifically exempt from disclosure.  Government Code § 6254(f). However, pursuant to Government Code §§ 6254(f)(2), 6255(a), we can provide the following information:

> At 12: 21 a.m. on January 29, 2020, a complaint was emailed to the LASD Sheriff's Information Bureau.  The complaint stated that an LASD deputy was at a restaurant showing photos of the Kobe Bryant helicopter crash site and bodies.  The deputy was not identified in the complaint.

With respect to your request for "answers in writing regarding" the subjects listed above, we are unfortunately unable to assist you with your request.  Your request does not ask for "identifiable" public records, but specific "information" in the form of interrogatories.  The Public Records Act, Government Code § 6253(b), does not require that a public entity create a record in order to respond to a request for information, only that certain non-exempt records already in existence be made available.  The Act does not require the public entity to answer interrogatories.

Further, even if such responsive identifiable records existed, such records and any information contained within those records would be exempt from disclosure pursuant to Government Code §§ 6254(c) and (k) and Penal Code § 832.7, as they are part of an ongoing and active internal investigation.
/ / /

Luis Li
**Re: Response to March 2, 2020 Letter to Sheriff Villanueva**
March 26, 2020
Page 2

Please do not hesitate to contact me if there is anything else you would like to discuss.

Sincerely,

Jack F. Altura

cc:     Sheriff Alex Villanueva
        Elizabeth Miller, Assistant County Counsel