# Exhibit 8



**IVIE McNEILL WYATT
PURCELL & DIGGS**

Jack F. Altura, Esq.
jaltura@imwlaw.com
(213) 489-0028, ext. 154

April 2, 2020

Luis Li
Munger, Tolles & Olson
350 South Grand Avenue, Fiftieth Floor
Los Angeles, CA 90071
Luis.li@mto.com

Re: Response to March 8, 2020 Letter to Sheriff Villanueva

Dear Mr. Li:

This is a follow up to my letter dated March 11, 2020, responding to your Public Records Act request, dated and received by the County of Los Angeles on March 8, 2020, whereby you requested the following:

    1.    Describe what steps, if any, the Sheriff's Department has taken to identify all personnel who had or have photographs or recordings of the crash scene or victims' remains on their electronic devices (including cellphones) or cloud accounts.

    2.    Describe what steps, if any, the Sheriff's Department has taken to determine whether and to what extent personnel who had such photographs or recordings shared them with other members of the Department or third parties

    3.    Describe what steps, if any, the Sheriff's Department has taken to secure all unauthorized photographs or recordings in the possession of its personnel such that they are not subject to further sharing.

    4.    Identify by name all personnel who had or have photographs or recordings of the crash scene or victims' remains on their electronic devices.

    5.    State whether the Sheriff's Department confiscated and/or inspected the electronic devices of the personnel who had or have photographs or recordings of the crash scene or victims' remains.

    6.    Describe what steps, if any, the Sheriff's Department has taken to secure all photographs of the crash scene or victims' remains that its personnel sent to people outside of the crash investigation.

    7.    Describe what steps, if any, the Sheriff's Department has taken to review photographs of the crash scene or victims' remains on its personnel's electronic devices to determine their investigative value, and whether the Sheriff's Department has turned images with investigative value over to the National Transportation Safety Board.

Luis Li
**Re: Response to March 8, 2020 Letter to Sheriff Villanueva**
April 2, 2020
Page 2

Unfortunately, we are unable to assist you with the above requests. Your requests do not ask for "identifiable" public records, but specific information in the form of interrogatories. The Public Records Act, Government Code § 6253(b), does not require that a public entity create a record in order to respond to a request for information, only that certain non-exempt records already in existence be made available. The Act does not require the public entity to answer interrogatories.

Further, even if such responsive identifiable records existed, such records and any information contained within those records would be exempt from disclosure pursuant to Government Code §§ 6254(c), (k), 6255(a) and Penal Code § 832.7, as they are part of an ongoing and active internal investigation and are exempt or prohibited under federal or state law from disclosure because the public interest served by not disclosing such records clearly outweighs the public interest served by disclosure of such records.

Please do not hesitate to contact me if there is anything else you would like to discuss.

Sincerely,

Jack F. Altura

cc:   Sheriff Alex Villanueva
      Elizabeth Miller, Assistant County Counsel