JONATHAN C. McCAVERTY (State Bar No. 210922)
*Principal Deputy County Counsel*
jmccaverty@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
500 West Temple Street, Suite 468
Los Angeles, California 90012
Telephone:  (213) 974-1828
Fascimile:   (213) 626-7446

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES,
LOS ANGELES COUNTY FIRE DEPARTMENT,
JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, and
RAUL VERSALES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California resident,<br><br>              Plaintiff,<br><br>       v.<br><br>COUNTY OF LOS ANGELES, *et al*.,<br><br>              Defendants. | **CASE NO. 2:20-cv-09582-JFW-E**<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

This case arises out of the investigation of the tragic helicopter crash that killed nine individuals, including Kobe and Gianna Bryant.  The County of Los Angeles ("County") expresses its deepest sympathies and condolences to the Bryant family for their loss.

This case is not about that tragedy.  It is about accident site photographs.  The First Amended Complaint ("FAC") asserts claims for violation of the Fourteenth Amendment (42 U.S.C. § 1983), negligence and invasion of privacy.  The basis for these claims is that the Defendants showed accident site photographs to other government personnel and to a friend who is a bartender in Norwalk.  Plaintiff alleges that this: (i) deprived Plaintiff of substantive due process rights; (ii) constituted a breach of a duty owed Plaintiff; and (iii) violated Plaintiff's right to privacy.

The County does not condone this showing of accident site photographs and has taken corrective personnel actions accordingly.  That does not mean, however, that Plaintiff has viable legal claims.  The two seminal cases involve public dissemination of pictures of human remains, and that did not occur here.

In *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012), the court held that widespread public distribution of post-mortem pictures of a child victim could give rise to a cognizable injury.  *Id*. at 1158-60 (affirming partial summary judgment for defendants because there was no viable *Monell* claim and because qualified immunity protected the retired prosecutor who gave the photographs to the media).  In *Catsouras v. Department of California Highway Patrol*, 181 Cal. App. 4th 856 (2010), *as modified on denial of reh'g* (Mar. 1, 2010), the court held that highway patrol officers have a duty "not to place decedent's death images on the Internet for . . . lurid titillation."  *Id*. at 886 (officers who distributed the photographs had qualified immunity).

The photographs at issue here were not given to the media and were not posted on the internet.  They were not publicly disseminated.  Plaintiff brought this

1  lawsuit because she is concerned that photographs *may be* publicly disseminated.

2  There is no legal basis for suing Defendants for hypothetical harm.

3      The Defendants' conduct does not rise to the level of a constitutional

4  violation, they did not have a special relationship with Plaintiff (and thus no duty to

5  breach), and, under California law, showing an accident site photograph to one

6  member of the public cannot constitute an invasion of Plaintiff's privacy.

7      Defendants answer Plaintiff's FAC and assert their affirmative defenses to the

8  FAC as follows.

9                          **INTRODUCTION**

10     1.     Defendants admit that a helicopter crashed on January 26, 2020, which

11  tragically killed everyone onboard, including Plaintiff's husband and daughter.

12  Defendants otherwise lack sufficient knowledge or information to admit or deny the

13  allegations in Paragraph 1, and therefore deny those allegations on that basis.

14     2.     Defendants admit that after the crash, several of the victims' family

15  members gathered at the Department's station at Lost Hills, and that Sheriff Alex

16  Villanueva ("Sheriff Villanueva") met with them.  Defendants otherwise lack

17  sufficient knowledge or information to admit or deny the allegations in Paragraph 1.

18     3.     The first sentence of Paragraph 3 is an argument not necessitating a

19  response.  Defendants lack sufficient knowledge or information to admit or deny the

20  second sentence in Paragraph 3, other than that the accident site was a scene of

21  "unimaginable loss," which Defendants admit.  Defendants lack sufficient

22  knowledge or information to admit or deny the remainder of Paragraph 3.

23     4.     Defendants lack sufficient knowledge or information to admit or deny

24  the first three sentences of Paragraph 4.  Defendant admits that the Department

25  received a complaint about potential sharing of crash site photographs, which they

26  promptly investigated.

27     5.     Defendants admit that Sheriff Villanueva made a discretionary decision

28  to order the deputies to delete any photographs they may have possessed to prevent

1  the photographs from being publicly disseminated.  The remainder of Paragraph 5

2  contains legal conclusions, arguments, and characterizations to which no response is

3  required.

4         6.     Defendants admit that the Los Angeles Times reported on photographs

5  from the accident site in late February 2020.  Defendants also admit that Sheriff

6  Villanueva stated, in full: "Had we done the original, usual routine, which was

7  relieve everybody of duty and everybody lawyers up and all that, that would

8  increase the odds 10-fold that those photos would have some how made their way

9  into the public domain.  And that's definitely what we do not want."  Defendants

10  otherwise deny the allegations in Paragraph 6.

11        7.     Defendants lack sufficient knowledge or information to admit or deny

12  the allegations in Paragraph 7, and therefore deny on that basis.

13        8.     Defendants admit that Plaintiff sent correspondence to LASD and

14  LACFD and that outside counsel for LASD and LACFD responded to a related

15  California Public Records Act request.  Defendants otherwise deny the allegations in

16  Paragraph 8.

17        9.     Defendants deny that the Department "caused" any harm to Plaintiff or

18  that its actions, which included steps to prevent dissemination of any photographs,

19  were "outrageous" or "egregious."  Paragraph 9 also contains legal conclusions,

20  arguments, and characterizations regarding "causation" and "reasonable steps" to

21  which no response is required.  Defendants otherwise lack sufficient knowledge or

22  information to admit or deny the remainder of the allegations in Paragraph 9, and

23  therefore deny on that basis.

24        10.    Defendants deny that Defendants "chose to act reprehensibly" in their

25  efforts to prevent the dissemination of photographs.  Paragraph 10 also contains

26  legal conclusions, arguments, and characterizations regarding the LACFD and

27  LASD's motivations to which no response is required.

28

## JURISDICTION AND VENUE

11.     Paragraph 11 contains legal conclusions, arguments, and characterizations to which no response is required.

12.     Defendants admit that they are situated in Los Angeles County. Otherwise, Paragraph 12 contains legal conclusions, arguments, and characterizations to which no response is required.

## THE PARTIES

13.     Defendants lack sufficient knowledge of information to admit or deny whether Plaintiff is a California resident.  Defendants otherwise admit the allegations in Paragraph 13.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants deny that LASD is a separate local government entity, as opposed to a department of the County.  Defendants otherwise admit the allegations in Paragraph 15.

16.     Defendants deny that LACFD is a separate local government entity, as opposed to a department of the County.  Defendants otherwise admit the allegations in Paragraph 16.

17.     Paragraph 17 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

18.     Paragraph 18 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

19.     Defendants admit that Joey Cruz is currently a deputy in LASD who resides in California.  The remainder of Paragraph 19 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

20.     Defendants admit that Rafael Mejia is currently a deputy in LASD who resides in California.  The remainder of Paragraph 20 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

21.     Defendants admit that Michael Russell is currently a deputy in LASD who resides in California.  The remainder of Paragraph 21 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

22.     Defendants admit that Raul Versales is currently a deputy in LASD who resides in California.  The remainder of Paragraph 22 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## GENERAL ALLEGATIONS

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 24.

25.     Defendants admit that the Department closed multiple roads and freeway off-ramps leading to the accident site.  Defendants otherwise lack sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 25.

26.     Defendants admit that after the crash, several of the victims' family members gathered at the Department's station at Lost Hills, and that Sheriff Villanueva met with them.  Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 26.

27.     Defendants admit that the quote from Sheriff Villanueva accurately reflects his quote as reported.  Defendants admit that the source document, the Internal Affairs Bureau Report on this subject (the "IAB Report"), contains some of the information detailed in Paragraph 27.  The remainder of Paragraph 27 contains

6

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

arguments and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

28.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 28.

29.     Defendants deny that anyone engaged in "misconduct."  Defendants admit that the source document, the IAB Report, contains some of the information detailed in Paragraph 29.  Defendants further admit that Tony Imbrenda filed a civil complaint.  The remainder of Paragraph 29 contains arguments and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

30.     Defendants admit that Deputy Mejia is a deputy with LASD who responded to the accident scene.  Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 30.

31.     Defendants admit that the source document, the IAB Report, contains some of the information detailed in Paragraph 31.  Defendants deny that Mejia's actions lacked a "legitimate government purpose."  The remainder of Paragraph 31 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

32.     Paragraph 32 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

33.     Defendants admit that Deputy Cruz is a deputy with LASD who responded to the accident scene.  Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 33.

34.     Defendants admit that the source document, the IAB Report, contains some of the information detailed in Paragraph 34.  Defendants deny that Cruz's actions lacked a "legitimate government purpose."  The remainder of Paragraph 34 contains legal conclusions, arguments, and characterizations to which no response is

1    required.  To the extent a response is required, Defendants deny the allegations.

2         35.    Paragraph 35 contains legal conclusions, arguments, and

3    characterizations to which no response is required.  To the extent a response is

4    required, Defendants deny the allegations.

5         36.    Defendants admit that Deputy Russell is a deputy with LASD who

6    responded to the accident scene.  Defendants otherwise lack sufficient knowledge or

7    information to admit or deny the allegations.

8         37.    Defendants admit that the source document, the IAB Report, contains

9    some of the information detailed in Paragraph 37.

10        38.    Defendants admit that the source document, the IAB Report, contains

11   some of the information detailed in Paragraph 38.  The remainder of Paragraph 38

12   contains legal conclusions, arguments, and characterizations to which no response is

13   required.  To the extent a response is required, Defendants deny the allegations.

14        39.    Paragraph 39 contains legal conclusions, arguments, and

15   characterizations to which no response is required.  To the extent a response is

16   required, Defendants deny the allegations.

17        40.    Defendants admit that Deputy Versales is a deputy with LASD who

18   responded to the accident scene.  Defendants otherwise lack sufficient knowledge or

19   information to admit or deny the allegations in Paragraph 40.

20        41.    Defendants admit that the source document, the IAB Report, contains

21   some of the information detailed in Paragraph 41.  Defendants deny that Versales's

22   actions lacked a "legitimate government purpose."  The remainder of Paragraph 41

23   contains legal conclusions, arguments, and characterizations to which no response is

24   required.  To the extent a response is required, Defendants deny the allegations.

25        42.    Paragraph 42 contains legal conclusions, arguments, and

26   characterizations to which no response is required.  To the extent a response is

27   required, Defendants deny the allegations.

28        43.    Defendants admit that the source document, the IAB Report, contains

some of the information detailed in Paragraph 43, namely that the bartender discussed generally seeing a photo with bar patrons. Defendants deny that he went into the level of detail implied in the allegations. The remainder of Paragraph 43 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

44. Defendants admit that the source document, the IAB Report, contains the information detailed in Paragraph 44.

45. Paragraph 45 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

46. Defendants admit that Sheriff Villanueva made a discretionary decision to order the deputies to delete any photographs they may have possessed to prevent the photographs from being publicly disseminated. The remainder of Paragraph 46 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

47. Paragraph 47 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. Defendants admit that the Los Angeles Times reported regarding photographs allegedly taken at the accident site. Defendants deny that the reports "exposed the Department's attempted cover-up," as there was no cover-up.

49. Defendants admit that the quote from the Captain accurately reflects his quote as reported in the Los Angeles Times. Defendants deny the remainder of the allegations in Paragraph 49.

50. The allegation in Paragraph 50 that Defendants' statements show "Defendants' tortious conduct and violation of Mrs. Bryant's constitutional rights" is a legal conclusion, argument, and characterization to which no response is required. To the extent a response is required, Defendants deny this allegation.

Defendants admit that the allegations in Paragraph 50, which quote various statements by Sheriff Villanueva, accurately reflect his quotes as reported in the news.

51.     Defendants admit that the allegations in Paragraph 51 which quote various statements by Sheriff Villanueva accurately reflect his quotes as reported in the news.  Defendants deny the remainder of Paragraph 51.

52.     Defendants admit that the allegations in Paragraph 52, which quote a statement by Sheriff Villanueva, accurately reflect his quote as reported in the news.  Defendants deny the remainder of Paragraph 52.

53.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 53.

54.     The first two sentences of Paragraph 54 contain a legal conclusion, argument, and characterization to which no response is required.  To the extent a response is required, Defendants deny this allegation.  Defendants deny the remainder of Paragraph 54.

55.     Defendants admit that the allegations in Paragraph 55, which quote various statements by Sheriff Villanueva and the Department, accurately reflect those quotes as reported in the news.

56.     Defendants admit the allegations in Paragraph 56.

57.     Defendants admit that the source document, the IAB Report, contains some of the information detailed in Paragraph 57.  The remainder of Paragraph 57 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

58.     Defendants admit that there has been a lawsuit filed by Tony Imbrenda in Los Angeles Superior Court.  Defendants deny the remainder of Paragraph 58.

59.     Defendants admit that Paragraph 59 accurately quotes the Department's policy regarding the use of cell phones to capture work-related environments and the Department's Manual of Policies and Procedures.  Defendants otherwise deny the

allegations in Paragraph 59.

60.     Defendants admit that the source document, the IAB Report, contains some of the information detailed in Paragraph 60.  Paragraph 60 otherwise contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

61.     Defendants deny the first sentence in Paragraph 61.  The second sentence of Paragraph 61 is a legal conclusion, argument, and characterization to which no response is required.  To the extent a response is required, Defendants deny this allegation.

62.     Defendants admit that they received a letter from Plaintiff, and that Paragraph 62 accurately quotes from that letter.  Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 62.

63.     Defendants admit that they received a subsequent letter from Plaintiff on or around March 8, 2020.  Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 63.

64.     Defendants admit that an attorney for LASD and LACFD wrote Plaintiff around March and April 2020.  Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 64.

65.     Defendants admit that the Sheriff's Department conducted an internal affairs investigation.  Defendants also admit that various statements attributed to Sheriff Villanueva and the Department accurately reflect those quotes as reported in the news.  The remainder of Paragraph 65 contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations

66.     Defendants admit that the source document, the IAB Report, contains some of the information detailed in Paragraph 66.  The remainder of Paragraph 66 contains legal conclusions, arguments, and characterizations to which no response is

required.  To the extent a response is required, Defendants deny the allegations.

67.    Defendants deny that anyone made "false exculpatory statements" or that "their misconduct was more extensive than they have admitted."  Defendants admit that the source document, the IAB Report, contains some of the information detailed in Paragraph 67.  Paragraph 67 otherwise contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations.

68.    Defendants admit that the Los Angeles Times reported that the Sheriff's Department had moved to discipline an unnamed deputy.  Defendants also admit that cited quote in Paragraph 68 appeared in the article.  Defendants deny the remainder of the allegations in Paragraph 68.

69.    Paragraph 69 solely contains legal conclusions, arguments, and characterizations to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70.    Defendants admit that Assembly Bill 2655 was enacted in September 2020.  The remainder of Paragraph 70 contains legal conclusions, arguments, and characterizations to which no response is required.

71.    Defendants deny that any actions were taken "for the perverse gratification of law enforcement officers."  Defendants also deny that the Department "refused to offer any response" to Plaintiff regarding the photographs.  Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72 concerning Sheriff Villanueva's discretionary decision to order the deputies to delete any photographs they may had possessed, as that decision likely prevented the photographs from being publicly disseminated.  Defendants otherwise lack sufficient knowledge or information to admit or deny the allegations in Paragraph 72.

73.    Defendants lack sufficient knowledge or information to admit or deny

1  the allegations in Paragraph 73.

2      74.    The references in Paragraph 74 to accounts being "eminently plausible"

3  and steps being "grossly inadequate" are legal conclusions, arguments, and

4  characterizations to which no response is required.  Defendants otherwise lack

5  sufficient knowledge or information to admit or deny the allegations in Paragraph

6  74.

7      75.    Defendants lack sufficient knowledge or information to admit or deny

8  the allegations in Paragraph 75.

9      76.    Paragraph 76 is a legal conclusion, argument, and characterization to

10  which no response is required.  To the extent a response is required, Defendants

11  deny the allegations in Paragraph 76.

12      77.    Paragraph 77 is a legal conclusion, argument, characterization to which

13  no response is required.  To the extent a response is required, Defendants deny the

14  allegations in Paragraph 77.

15              **FIRST CAUSE OF ACTION**

16  **42 U.S.C. § 1983 (_Monell_), Violation of Fourteenth Amendment**

17      78.    Defendants hereby incorporate by reference paragraphs 1 through 77 of

18  this Answer, inclusive, as though set forth fully herein.

19      79.    Paragraph 79 exclusively contains legal conclusions, arguments, and

20  characterization to which no response is required.  To the extent a response is

21  required, Defendant denies the allegations in Paragraph 79.

22      80.    Paragraph 80 exclusively contains legal conclusions, arguments, and

23  characterization to which no response is required.  To the extent a response is

24  required, Defendant denies the allegations in Paragraph 80.

25      81.    Paragraph 81 exclusively contains legal conclusions, arguments, and

26  characterization to which no response is required.  To the extent a response is

27  required, Defendant denies the allegations in Paragraph 81.

28      82.    Paragraph 82 exclusively contains legal conclusions, arguments, and

1  characterization to which no response is required.  To the extent a response is
2  required, Defendant denies the allegations in Paragraph 82.

3  83.   Paragraph 83 exclusively contains legal conclusions, arguments, and
4  characterization to which no response is required.  To the extent a response is
5  required, Defendant denies the allegations in Paragraph 83.

6  84.   Paragraph 84 exclusively contains legal conclusions, arguments, and
7  characterization to which no response is required.  To the extent a response is
8  required, Defendant denies the allegations in Paragraph 84.

9  85.   Paragraph 85 exclusively contains legal conclusions, arguments, and
10  characterization to which no response is required.  To the extent a response is
11  required, Defendant denies the allegations in Paragraph 85.

12  86.   Paragraph 86 exclusively contains legal conclusions, arguments, and
13  characterization to which no response is required.  To the extent a response is
14  required, Defendant denies the allegations in Paragraph 86.

15  ## SECOND CAUSE OF ACTION

16  ## Negligence Against Deputy Defendants

17  87.   Defendants hereby incorporate by reference paragraphs 1 through 86 of
18  this Answer, inclusive, as though set forth fully herein.

19  88.   Paragraph 88 exclusively contains legal conclusions, arguments, and
20  characterization to which no response is required.  To the extent a response is
21  required, Defendant denies the allegations in Paragraph 88.

22  89.   Paragraph 89 exclusively contains legal conclusions, arguments, and
23  characterization to which no response is required.  To the extent a response is
24  required, Defendant denies the allegations in Paragraph 89.

25  90.   Paragraph 90 exclusively contains legal conclusions, arguments, and
26  characterization to which no response is required.  To the extent a response is
27  required, Defendant denies the allegations in Paragraph 90.

28  91.   Paragraph 91 exclusively contains legal conclusions, arguments, and

characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 91.

92.     Paragraph 92 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 92.

93.     Paragraph 93 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 93.

## **THIRD CAUSE OF ACTION**

### **Negligence (Against the Entity Defendants)**

94.     Defendants hereby incorporate by reference paragraphs 1 through 93 of this Answer, inclusive, as though set forth fully herein.

95.     Paragraph 95 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 95.

96.     Paragraph 96 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 96.

97.     Paragraph 97 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 97.

98.     Paragraph 98 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 98.

99.     Paragraph 99 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 99.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTH CAUSE OF ACTION

### Invasion of Privacy (Against Joey Cruz)

100.   Defendants hereby incorporate by reference paragraphs 1 through 99 of this Answer, inclusive, as though set forth fully herein.

101.   Paragraph 101 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 101.

102.   Paragraph 102 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 102.

103.   Paragraph 103 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 103.

104.   Paragraph 104 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 104.

105.   Paragraph 105 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 105.

106.   Paragraph 106 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 106.

107.   Paragraph 107 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 107.

## FIFTH CAUSE OF ACTION

### Invasion of Privacy Against the Entity Defendants

108.   Defendants hereby incorporate by reference paragraphs 1 through 107

of this Answer, inclusive, as though set forth fully herein.

109.   Paragraph 109 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 109.

110.   Paragraph 110 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 110.

111.   Paragraph 111 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 111.

112.   Paragraph 112 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 112.

113.   Paragraph 113 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 113.

114.   Paragraph 114 exclusively contains legal conclusions, arguments, and characterization to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 114.

## AFFIRMATIVE DEFENSES

Defendants hereby plead the following separate and additional defenses to the FAC.  By alleging the separate and additional defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Without limiting or waiving any defenses available to it, and based on information and belief unless otherwise stated, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

### (*Failure to State a Claim*)

The FAC, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (*Sovereign Immunity*)

The FAC, in whole or in part, fails because Defendants are entitled to sovereign immunity under the Eleventh Amendment.

## THIRD AFFIRMATIVE DEFENSE

### (*Discretionary Act Immunity*)

The FAC, in whole or in part, fails because Defendants are entitled to discretionary act immunity under California Government Code section 820.2.

## FOURTH AFFIRMATIVE DEFENSE

### (*No Vicarious Liability*)

The FAC, in whole or in part, fails because Defendants are not vicariously liable under California Government Code section 815.2.

## FIFTH AFFIRMATIVE DEFENSE

### (*No Violation Of A Legal Duty*)

The FAC is barred, in whole or in part, because Defendants did not violate any legal duty owed to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (*Good Faith*)

The FAC, in whole or in part, is barred because Defendants undertook any challenged acts or omissions, in part or in total, in good faith and in conformity with applicable orders, rulings, regulations, and/or interpretations.

## SEVENTH AFFIRMATIVE DEFENSE

### (*Waiver*)

The FAC is barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (*Laches*)

The FAC is barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (*Unclean Hands*)

The FAC is barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (*Impossibility by Operation of Law*)

The FAC is barred, in whole or in part, by the doctrine of impossibility of performance by operation of law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*Statutes of Limitations*)

The FAC is barred, in whole or in part, by applicable statutes of limitation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (*No Standing*)

The FAC is barred, in whole or in part, to the extent Plaintiff lacks standing.

## TWELFTH AFFIRMATIVE DEFENSE

### (*Mootness*)

The FAC is barred, in whole or in part, because some or all of the allegations or claims in the FAC are moot.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*Unjust Enrichment*)

Any recovery by Plaintiff against on the FAC against the Defendants would be unfair and would constitute unjust enrichment.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (*Estoppel*)

The FAC is barred, in whole or in part, by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*Acquiescence*)

The FAC is barred, in whole or in part, by the doctrine of acquiescence.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (*Conduct Not Wrongful*)

The FAC is barred, in whole or in part, because Defendants' conduct was not wrongful or otherwise unlawful.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*Superseding and Intervening Acts*)

Any damage allegedly sustained by Plaintiff was caused, in whole or in part, by the superseding and intervening acts and omissions of persons or entities for whose conduct Defendants are not responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (*Failure to Exhaust Administrative Remedies*)

The FAC is barred, in whole or in part, by Plaintiff's failure to exhaust her prerequisite administrative and/or judicial remedies, including but not limited to, the claims provision of the California Tort Claims Act, Government Code section 910, *et seq.*

## NINETEENTH AFFIRMATIVE DEFENSE

### (*After-Acquired Evidence*)

The FAC is barred, in whole or in part, by the doctrine of after-acquired evidence.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*No Causation*)

The FAC is barred, in whole or in part, because Plaintiff's damages, if any,

1 │ were not caused by the Defendants.

2 │ **TWENTY-FIRST AFFIRMATIVE DEFENSE**

3 │ (*No Damages*)

4 │ Without admitting that the FAC states a claim, there has been no damage in

5 │ any amount, manner, or at all by reason of any act alleged against the Defendants in

6 │ the FAC, and the relief prayed for in the FAC therefore cannot be granted.

7 │ **TWENTY-SECOND AFFIRMATIVE DEFENSE**

8 │ (*No Punitive Damages*)

9 │ Without admitting that the FAC states a claim, Plaintiff is not entitled to

10 │ recover punitive damages pursuant to the Constitution of the United States of

11 │ America or any other governing law.

12 │ **TWENTY-THIRD AFFIRMATIVE DEFENSE**

13 │ (*Avoidable Consequences*)

14 │ The FAC is barred, in whole or in part, by the doctrine of avoidable

15 │ consequences.

16 │ **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

17 │ (*Absence of Malice*)

18 │ Any acts or omissions by the Defendants, if any, were not the result of

19 │ oppression, fraud, or malice.

20 │ **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

21 │ (*No Deprivation of Constitutional Rights*)

22 │ Defendants were not the proximate cause of the Plaintiff's alleged deprivation

23 │ of a constitutionally protected right, privilege, or immunity.

24 │ **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

25 │ (*Qualified Immunity*)

26 │ Defendants are entitled to qualified immunity.

27 │

28 │

## **RESERVATION OF ADDITIONAL DEFENSES**

Defendants reserve their right to add, delete, or modify any and all defenses which may pertain to the FAC that are now or may become available in this action through clarification or amendment of the FAC, through discovery, through further legal analysis of Plaintiff's or Defendants' claims and positions in this litigation, or otherwise.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray that judgment be entered as follows:

A.      Plaintiff takes nothing by reason of her FAC;

B.      The FAC be dismissed with prejudice;

C.      Defendants recover their costs of suit, including attorneys' fees; and

D.      Defendants be awarded such other and further relief as the Court deems just and proper.


DATED:  April 30, 2021          OFFICE OF THE COUNTY COUNSEL



                                By:   /s/ Jonathan C. McCaverty
                                      JONATHAN C. McCAVERTY
                                      Attorneys for Defendant
                                      LOS ANGELES COUNTY SHERIFF'S
                                      DEPARTMENT

1    DATED:  April 30, 2021          MILLER BARONDESS, LLP

2

3

4                                    By:   /s/ Louis R. Miller
                                          LOUIS R. MILLER
5                                         Attorneys for Defendants
                                          COUNTY OF LOS ANGELES, LOS
6                                         ANGELES COUNTY FIRE
                                          DEPARTMENT, JOEY CRUZ, RAFAEL
7                                         MEJIA, MICHAEL RUSSELL, and
                                          RAUL VERSALES
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1999 Avenue of the Stars, Suite 1000, Los Angeles, CA 90067.

On April 30, 2021, I served true copies of the following document(s) described as:

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 30, 2021, at Los Angeles, California.

_____
Angelica R. Ransom

**SERVICE LIST**
*Bryant v. County of Los Angeles, et al.*
**Case No. 2:20-cv-09582**

| | |
|---|---|
| Luis Li | *Attorneys for Plaintiff* |
| Craig Jennings Lavoie | *VANESSA BRYANT* |
| Mari T. Saigal | |
| Jennifer L. Bryant | Tel.:   (213) 683-9100 |
| Brandon E. Martinez | Fax:   (213) 687-3702 |
| MUNGER, TOLLES & OLSON LLP | Email:  luis.li@mto.com; |
| 350 South Grand Avenue, 50th Floor | craig.lavoie@mto.com; |
| Los Angeles, CA 90071-3426 | mari.saigal@mto.com; |
| | jennifer.bryant@mto.com; |
| | brandon.martinez@mto.com |
| | |
| Jonathan C. McCaverty | *Attorneys for Defendant* |
| Principal Deputy County Counsel | *LOS ANGELES COUNTY SHERIFF'S* |
| OFFICE OF THE COUNTY COUNSEL | *DEPARTMENT* |
| General Litigation Division | |
| 500 West Temple Street, Suite 468 | Tel.:   (213) 974-1828 |
| Los Angeles, CA 90012 | Fax:   (213) 626-7446 |
| | Email: |
| | jmccaverty@counsel.lacounty.gov; |
| | eliao@counsel.lacounty.gov |