JONATHAN C. McCAVERTY (State Bar No. 210922)
Principal Deputy County Counsel
jmccaverty@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1828 | Fax: (213) 626-7446

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES,
LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, and RAUL VERSALES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California resident,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity, *et al*.,<br><br>Defendants. | **CASE NO. 2:20-cv-09582-JFW-E**<br><br>**DECLARATION OF MIRA HASHMALL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER**<br><br>Judge: Hon. John F. Walter<br>Date: June 7, 2021<br>Time: 1:30 PM<br>Crtrm.: 7A (First Street Courthouse) |

513719.1

Case No. 2:20-cv-09582-JFW-E

DECLARATION OF MIRA HASHMALL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER

# DECLARATION OF MIRA HASHMALL

I, Mira Hashmall, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Miller Barondess, LLP, counsel of record for Defendants County of Los Angeles ("County"), Los Angeles County Fire Department ("LACFD"), Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales (collectively, "Defendants"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to all of said facts. I make this declaration in support of Defendants' opposition to Plaintiff's motion to modify the Court's scheduling order.

**Procedural History**

2. On September 17, 2020, Plaintiff filed a complaint in Los Angeles Superior Court. On October 19, 2020, the County removed the case to this Court. [Dkt. 1.] On November 18, 2020, the Court dismissed the Doe Defendants. [Dkt. 28.] On December 14, 2020, the Court granted the parties' stipulation to continue Plaintiff's deadlines to join parties and amend her Complaint. [Dkt. 37.]

3. On December 28, 2020, the Court granted the County's motion to dismiss Sheriff Villanueva from the case, holding: "It defies common sense that Sheriff Villanueva's instruction to delete the photos would somehow increase the risk of public dissemination of those very same photos or that Sheriff Villanueva's conduct would cause Plaintiff additional emotional distress. [Dkt. 46.]

4. On March 17, 2021, Plaintiff filed the FAC. [Dkt. 54.] The FAC asserts claims for violation of the Fourteenth Amendment (42 U.S.C. § 1983), negligence and invasion of privacy. The FAC also added LACFD and four deputies ("Deputy Defendants") as defendants. [*Id*.] The Court denied the County's motion to keep the Deputy Defendants' names sealed. [Dkt. 53.] Plaintiff posted the Deputy Defendants' names online, and they were subjected to harassment and

513719.1

2

Case No. 2:20-cv-09582-JFW-E

DECLARATION OF MIRA HASHMALL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER

threats. Examples are attached hereto as **Exhibit A**. Redactions have been made to limit the amount of personal information in the postings.

### The Forensic Protocol

5. Sheriff's Villanueva's instruction to delete accident site photographs was public knowledge before Plaintiff's lawsuit was filed (and was part of Plaintiff's initial complaint). Nonetheless, the County understood that Plaintiff wanted to confirm that all accident site photographs depicting human remains had been deleted. To facilitate that process, the County sent Plaintiff a draft forensic examination protocol, to facilitate examination of phones and protect the privacy rights of the involved personnel, on November 16, 2020. Attached hereto as **Exhibit B** is a true and correct copy of the November 16, 2020 email. To limit the burden on the Court, we have not included multiple copies of the proposed forensic examination protocol that was attached to the emails in connection with our repeated efforts to confer with Plaintiff's counsel about this issue.

6. Plaintiff never provided comments, despite the County raising the issue at least once a month between November 16, 2020 and present. Attached hereto as **Exhibit C** are true and correct copies of examples of the emails between Plaintiff and the County about the forensic examination protocol.

### The IAB Report/LACFD Investigation Reports

7. Labor unions raised privacy and confidentiality objections about the potential production of the IAB Report. The County recognized the importance of the IAB Report, however, and worked with Plaintiff to get a motion to compel ruled on promptly. The County produced the IAB Report on January 6, 2021.

8. Plaintiff has had the LACFD investigation reports since March 22, 2021, just one week after Plaintiff added LACFD to the lawsuit. Plaintiff did not serve any actual discovery on LACFD until April 5, 2021.

### Written Discovery

9. Plaintiff has served 126 RFPs. Defendants have completed seven document productions containing 29,941 pages of documents.

10. Plaintiff has served interrogatories. Defendants have responded to each one. Based on Defendants' interrogatory responses, Plaintiff knows that only one non-governmental individual saw accident site photographs depicting human remains. Because of how Plaintiff phrased her interrogatories, responses include names of first responders who took accident site photographs *not* depicting human remains and those who shared accident site photographs with other personnel and agencies (like NTSB) for official purposes.

### Depositions

11. Plaintiff has noticed five depositions. The parties have completed two third-party depositions, and have two more scheduled for May 20 and June 3, 2021. Plaintiff has not noticed other depositions. The County suggested coming up with a deposition schedule for the summer, but Plaintiff did not respond.

### Plaintiff's Meet and Confer Efforts

12. Plaintiff's meet and confer efforts in this case have included: (i) arguing over the County's general objections and preliminary statement; (ii) questioning each of the County's specific objections, even when the County was providing substantive responses and not withholding information; (iii) asking the County to add information Plaintiff already knew about to interrogatory responses; (iv) insisting the parties put together a "document production protocol" even after Defendants had completed seven document productions; and (v) stalling on said "document production protocol" for weeks.

### Scheduling Order Deadlines

13. Defendants have been leading the charge to complete discovery and comply with this Court's scheduling order. For example, Plaintiff gave Defendants the runaround for months on scheduling a mediation in advance of the June 7, 2021

deadline. Defendants ended up having to reserve and then cancel mediations due to Plaintiff's refusal to respond to email requests.

**Plaintiff's Discovery Responses**

14. In connection with her own discovery responses, Plaintiff has taken the following positions: (i) Plaintiff does not need to produce documents until Defendants have completed all their document productions; (ii) contention interrogatories are premature and inappropriate; (iii) separate defendants cannot serve their own discovery (even though Plaintiff served each defendant with discovery); and (iv) Defendants are not entitled to any of Plaintiff's communications relating to her very public comments on this litigation.

**Overview of Discovery**

15. A general overview of the discovery timeline in this case is:

- November 16, 2020: the County sends Plaintiff a draft forensic protocol to protect privacy rights and facilitate examination of phones to confirm the photographs were deleted.
- December 7, 2020: the County works with Plaintiff to promptly file a motion to compel, based on an RFP it had received the day prior, so the IAB Report could be produced promptly.
- January 6, 2021: the County produces the IAB Report and follows up about the draft forensic protocol.
- March 17, 2021: Plaintiff files the FAC, adding LACFD and the four individual defendants.
- March 22, 2021: the County produces the LACFD investigation reports.
- April 6, 2021: the County emails Plaintiff—"We are now in receipt of multiple sets of inspection demands (all attached here), but have not heard anything about the protocol we sent in November. We cannot move forward with a forensic examination without a protocol in

place. Please let us know your thoughts on our draft (reattached here), and feel free to send the protocol you mentioned in your March 10 email if you'd like us to consider your version. Let's get this moving forward."

- <u>May 3, 2021</u>: the County's last email to Plaintiff regarding the forensic protocol, asking for comments on the draft protocol sent in November 2020 and suggesting the parties tee the issue up for the Magistrate Judge "ASAP."
- <u>November 2020-Present</u>: the County sends approximately 10 emails asking for comments on the forensic protocol.
- <u>January 2021-Present</u>: Defendants complete seven document productions containing 29,941 pages of documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of May 2021, at Los Angeles, California.

_____
Mira Hashmall

513719.1

6

Case No. 2:20-cv-09582-JFW-E

DECLARATION OF MIRA HASHMALL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER

# INDEX OF EXHIBITS TO
# THE DECLARATION OF MIRA HASHMALL

| Ex. No. | Description | Pg. No. |
|---|---|---|
| A. | Redacted copies of harassment and threats in response to Plaintiff posting the Deputy Defendants' names online | 8-22 |
| B. | November 16, 2020 email from the County to Plaintiff's counsel | 23-37 |
| C. | Examples of the emails between Plaintiff and the County about the forensic examination protocol | 38-47 |

513719.1

7

Case No. 2:20-cv-09582-JFW-E

DECLARATION OF MIRA HASHMALL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER