# Exhibit B

| | |
|---|---|
| **From:** | Emily A. Rodriguez-Sanchirico |
| **To:** | "Lavoie, Craig"; Li, Luis; Saigal, Mari T. |
| **Cc:** | Skip Miller; Mira Hashmall; Jason H. Tokoro; "Jonathan Mccaverty (jmccaverty@counsel.lacounty.gov)" |
| **Subject:** | RE: Bryant v. County et al.: Draft Protective Order/Forensic Protocol |
| **Date:** | Monday, November 16, 2020 10:28:06 AM |
| **Attachments:** | PFE - Protocol for Forensic Examination.DOCX |

Hi all,

We did a first pass at a draft forensic protocol. It is attached here. If you can send us comments on this too (in addition to the protective order) that would be great.

Thank you,

Emily

---

**From:** Lavoie, Craig [mailto:Craig.Lavoie@mto.com]
**Sent:** Wednesday, November 11, 2020 11:28 AM
**To:** Emily Sanchirico; Li, Luis; Saigal, Mari T.
**Cc:** Skip Miller; Mira Hashmall; Jason H. Tokoro; 'Jonathan Mccaverty (jmccaverty@counsel.lacounty.gov)'
**Subject:** RE: Bryant v. County et al.: Draft Protective Order

Thanks, Emily. We will review and get back to you. Also, we expect returning the joint report later today.

-Craig

**Craig Jennings Lavoie** | he / him / his | **Munger, Tolles & Olson LLP**
350 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9224 | craig.lavoie@mto.com | www.mto.com

*****NOTICE*****

*This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.*

---

**From:** Emily Sanchirico <esanchirico@millerbarondess.com>
**Sent:** Wednesday, November 11, 2020 8:32 AM
**To:** Li, Luis <Luis.Li@mto.com>; Lavoie, Craig <Craig.Lavoie@mto.com>; Saigal, Mari T. <Mari.Saigal@mto.com>
**Cc:** Skip Miller <smiller@Millerbarondess.com>; Mira Hashmall <mhashmall@Millerbarondess.com>; Jason H. Tokoro <jtokoro@Millerbarondess.com>; 'Jonathan Mccaverty (jmccaverty@counsel.lacounty.gov)' <jmccaverty@counsel.lacounty.gov>
**Subject:** RE: Bryant v. County et al.: Draft Protective Order

Hi all,

Following up on this. Let us know if you have any edits or comments.

Thank you,

Emily

---

**From:** Emily Sanchirico
**Sent:** Thursday, November 05, 2020 11:46 AM
**To:** 'luis.li@mto.com'; 'Lavoie, Craig'; 'mari.saigal@mto.com'
**Cc:** Skip Miller; Mira Hashmall; Jason H. Tokoro; Jonathan Mccaverty (jmccaverty@counsel.lacounty.gov)
**Subject:** RE: Bryant v. County et al.: Draft Protective Order

Adding Jonathan.

---

**From:** Emily Sanchirico
**Sent:** Thursday, November 05, 2020 11:45 AM
**To:** 'luis.li@mto.com'; 'Lavoie, Craig'; 'mari.saigal@mto.com'
**Cc:** Skip Miller; Mira Hashmall; Jason H. Tokoro
**Subject:** Bryant v. County et al.: Draft Protective Order

Hi all,

A draft protective order is attached. This tracks the model protective order for the Central District, with the addition of an attorneys' eyes only provision. Let us know your thoughts.

Thank you,

Emily

### Emily A. Rodriguez-Sanchirico

MILLER | BARONDESS LLP

1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Direct: 310-552-7555
Mobile: 607-351-3266
Main: 310-552-4400
Fax: 310-552-8400
esanchirico@millerbarondess.com
www.millerbarondess.com

> CAUTION: This email originated from outside of Miller Barondess. Do not click on any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

DRAFT

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
esanchirico@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendant
COUNTY OF LOS ANGELES

[Counsel continued on next page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California resident,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; ALEX VILLANUEVA, as Sheriff of the County of Los Angeles and as an individual; and DOES 1-100, inclusive,<br><br>　　　　　Defendants. | **CASE NO. 2:20-cv-09582-JFW-E**<br><br>**PROTOCOL FOR FORENSIC EXAMINATION RE: COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT DEPUTY CELLPHONES**<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

483078.3

LUIS LI (State Bar No. 156081)
luis.li@mto.com
CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
MARI T. SAIGAL (State Bar No. 318556)
Mari.Saigal@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff
VANESSA BRYANT

# PROTOCOL FOR FORENSIC EXAMINATION

Plaintiff Vanessa Bryant ("Plaintiff"), on the one hand, and Defendant County of Los Angeles ("Defendant") (jointly, the "Parties"), on the other hand, by and through their respective counsel of record, hereby jointly agree to this forensic examination protocol (the "Protocol") to inspect certain Los Angeles County Sheriff's Department deputies' (the "Deputies") cellphones in connection with the claims in this case. As set forth below, a neutral computer forensic examiner ("Forensic Examiner") has been selected to execute the specific directives contained within this Protocol.

## I. PURPOSE

1. The Parties wish to engage in transparent discovery regarding the claims in this case. This protocol shall govern and regulate the preservation, data identification and reporting of findings from an analysis of cellphones that may contain images that relate to photographs allegedly taken at the helicopter crash site in Calabasas on January 26, 2020.

## II. FORENSIC EXAMINER

2. The forensic examination will be conducted by _____ (the "Forensic Examiner").

3. The Forensic Examiner will receive a copy of this Protocol prior to executing any of the directives contained in this Protocol. The Forensic Examiner will sign the Acknowledgement of Protocol Directives attached hereto as **Exhibit A**, declaring under penalty of perjury that they have read and understand the entire Protocol and agree to follow the procedures defined herein, including the Communications and Confidentiality and Privilege sections.

4. The Forensic Examiner is engaged specifically for execution of the directives contained within this Protocol, to which Defendant consents. The Forensic Examiner shall be objective and independent and not an advocate for any pre-defined outcome.

### III. FORENSIC PRESERVATION

5. The Forensic Examiner will be provided with access to the Deputies' cellphones. The imaging process shall take place at [INSERT LOCATION], and shall continue until the Deputies' cellphones have been imaged and verified.

6. The Deputies will provide to Forensic Examiner all passwords and passcodes needed to unlock the cellphones, and/or any other information that the Forensic Examiner will need to perform and validate the forensic preservation.

7. The Defendant shall provide Forensic Examiner with exemplar photographs consisting of the photographs taken at the crash site at issue in this matter, (the "Exemplar Photographs").

8. The Forensic Examiner will prepare chain of custody documentation along with digital photographs of the Deputies' cellphones and shall record the specifications, characteristics, and any physical serial number/identifiers for the cellphones to document their current physical condition and operability. The Forensic Examiner will also prepare chain of custody documentation for the Exemplar Photographs.

9. The Forensic Examiner shall forensically preserve of each of the Deputies' cellphones and Exemplar Photographs onto the Target Media (the "Examiner Images"). The Forensic Examiner shall document and record on an acquisition form: (1) a general description of the process, preservation format, and tools utilized to conduct the imaging; and (2) the hash value(s) of the Examiner Images.

10. The Forensic Examiner shall prepare suitable forensic storage media ("Target Media") for receipt of any forensic Examiner images created under the directive of this Protocol. Upon creation of any such Examiner Images copies, the Forensic Examiner will prepare documentation identifying the chain of custody of the Target Media from the date of receipt forward. The chain of custody will identify all persons who handled, inspected, analyzed, examined, performed

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

maintenance, or transported the Target Media and any component part thereof, including exported files, and identify the locations and conditions under which it was stored or moved.

11. The Forensic Examiner shall be entitled to make one additional copy of each of the Examiner Images for the purposes of redundancy and disaster recovery. The additional copies will be subject to the same chain of custody requirements described for the Target Media.

**IV. DATA PRE-PROCESSING**

12. By no later than ☐ days after the Forensic Examiner completes the collection of the Examiner Images, the Forensic Examiner will process the Examiner Images to make all documents, files, or fragments accessible, searchable, and readable. This will include the following, to the extent reasonably possible:

    a. Recovering deleted folders and files;

    b. Decrypting files that are encrypted;

    c. Decompressing and extracting data from files that are compressed, such as Microsoft Office documents and compressed archives;

    d. Extracting data from containerized files, such as chat and data transfer applications;

    e. Performing signature analysis on all collected data to determine valid user data types; and

    f. Analyze Exemplar Photographs to compile a set of identifiers from file names, timestamps, camera make and model, geographical location, or other available metadata, to be used in the examination process, (the "Exemplar Identifiers").

**V. EXAMINATION PRINCIPLES AND GUIDELINES**

13. All software and hardware tools used for the inspection, search, examination, and documentation will be industry-standard, peer-tested tools and methods, and able to be authenticated under the *Daubert* standard.

14.   The forensic examination will include searching within data space containing active, deleted, unallocated clusters, fragmented, and slack space, to the extent available.

## VI.   EXAMINATION AND REPORTING REQUIREMENTS

15.   By no later than �ču days after the Forensic Examiner completes the data pre-processing described above, Forensic Examiner will forensically examine the Examiner Images as follows:

    a.   Perform searches using Exemplar Identifiers to locate the photographs or forensic artifacts relating to the photographs;

    b.   Perform keyword searches using terms relevant to the investigation to identify the photographs or forensic artifacts relating to the photographs;

    c.   Perform analysis using hash values obtained from the Exemplar Photographs to identify exact hash matches as well as similar photographs through the use of fuzzy hashing;

    d.   Perform analysis of communications and file transfer applications to attempt to locate any additional evidence of the transfer of crash site photographs; and

    e.   Perform analysis to determine if there is any other evidence of the crash site photographs or activity involving the photographs based on the applications installed and data available on each of the Examiner Images.

16.   The Forensic Examiner's examination and reporting shall be limited to the time period of January 26, 2020, forward, to the extent dates can be examined on each piece of data being analyzed. This should not prohibit the examination of undated data or data with possibly corrupt dates that are responsive to the searching processes described in Paragraph 15.

17.   The Forensic Examiner will report all findings required by this Protocol and provide a report containing supporting information necessary to explain all such

findings to Defendant within ☐ days of completing the forensic examination analysis. Defendant will complete its privilege and privacy review in accordance with Paragraphs ☐ through ☐, below within ☐ business days and produce any non-privileged findings to the Plaintiff. If the resulting findings and data requiring review is unexpected large or voluminous, Parties shall meet and confer in an attempt to agree upon an updated time frame for this reporting and review process.

### VII. CUSTODY OF EXAMINATION MATERIALS

18. The Forensic Examiner will retain custody of the Examiner Images until the forensic examination and reporting are completed. At the conclusion of the matter, The Forensic Examiner shall be instructed in writing to return, delete or otherwise destroy any images, back-up copies and any exported data. The Forensic Examiner will provide a declaration signed under penalty of perjury to the Parties certifying and confirming the return or destruction of any images, back-up copies and exported data.

### VIII. COMMUNICATIONS

19. During the forensic examination, if a question or issue arises relating to this Protocol, the Forensic Examiner must contact both Parties to discuss the question or issue. The Parties shall meet and confer in an attempt to resolve the question or issue.

20. All communications between the Forensic Examiner and either of the Parties must be conducted by email to counsel for both Parties. If necessary, the Forensic Examiner will email [INSERT], counsel for Defendant, and [INSERT], counsel for Plaintiff.

### IX. CONFIDENTIALITY, PRIVACY AND PRIVILEGE

21. The Deputies' cellphones may contain information which may implicate either their privacy rights or the privacy rights of third parties. That information is protected from disclosure. To protect the Deputies' and the third-parties' rights of privacy, the Forensic Examiner will not perform any examination

function except in exact conformity with this Protocol and will not examine any electronic information, including electronic files, data, and forensic information, other than as expressly instructed above. In conducting his examination, the Forensic Examiner will strictly adhere to the terms of the Protocol, and shall not expand the terms of the examination beyond those delineated by the Parties herein.

22. The Deputies' cellphones may contain information which may be confidential and protected from disclosure. To protect the Deputies' rights, the Forensic Examiner will not perform any examination function except in exact conformity with this Protocol and will not examine any electronic information, including electronic files, data, and forensic information, other than as expressly instructed above. In conducting his examination, the Forensic Examiner will strictly adhere to the terms of the Protocol, and shall not expand the terms of the examination beyond those delineated by the Parties herein.

23. The Deputies' cellphones may contain information which may be privileged and protected from disclosure under the attorney-client privilege, the attorney work product doctrine, and any and all applicable privileges. To protect the Deputies' rights, the Forensic Examiner will not perform any examination function except in exact conformity with this Protocol and will not examine any electronic information, including electronic files, data, and forensic information, other than as expressly instructed above. In conducting his examination, the Forensic Examiner will strictly adhere to the terms of the Protocol, and shall not expand the terms of the examination beyond those delineated by the Parties herein.

24. In the event the Forensic Examiner performs any examination function beyond the express directives of this Protocol or examines any electronic information other than as contemplated herein, the Forensic Examiner will immediately cease the forensic examination and notify the Parties' counsel by email of the unauthorized access but without providing any specific information obtained through the unauthorized access, as such may be privileged information.

25. Defendant shall have ☐ days to review the Forensic Examiner's report of all findings required by this Protocol and supporting information pursuant to Paragraphs ☐ and ☐, above, for third-party privacy, protected health information, social security numbers and dates of birth, attorney-client privilege, attorney work product, materials protected by the Fifth Amendment, or any other applicable privileges. The Parties shall meet and confer if Defendant asserts in good faith that it needs more time to conduct its review, and the Parties shall attempt to reach an agreement in good faith to extend the time permitted for review. At the conclusion of this review, Defendant shall provide both the redacted version of the Forensic Examiner's report and also a privilege log to Plaintiff and the Forensic Examiner, and the privilege log will identify in detail any data or information to be redacted or withheld. Any data or information identified in Defendant's privilege log will be redacted or withheld from the Forensic Examiner's reporting and production described in Paragraphs ☐-☐.

26. At the end of the forensic examination, the Parties shall meet and confer regarding the data or information redacted or withheld from the Forensic Examiner's reporting and production that may implicate any of Defendant's and/or the Deputies' privileges and attempt in good faith to resolve any potential disputes before seeking further review by the Court. A good faith meet and confer regarding any data redacted or withheld from the Forensic Examiner's reporting requires that Defendant respond to any issues raised by Plaintiff within at least ☐ business days.

27. During Defendant's review pursuant to Paragraph ☐, Defendant may designate any forensic data or artifacts as "Confidential" or "Highly Confidential" under the stipulation and protective order entered in this matter on [INSERT] (the "Stipulation and Protective Order"), a copy of which is attached hereto as Exhibit B. The Forensic Examiner will sign Exhibit A of the Stipulation and Protective Order, certifying under penalty of perjury that he or she has read and understands the Stipulation and Protective Order and agrees to follow the procedures defined

therein.

28. After Defendant has conducted its review pursuant to Paragraph ___, and to the extent Defendant identifies data or information that it believes may involve a third-party's privacy rights, Defendant may provide written notice to the relevant third-parties of the pendency and nature of the forensic examination and the private information to be inspected. Those third parties may object to the disclosure of their private information within ___ days from the date of the written notice and seek an appropriate protective order from the Court. The Parties agree to meet and confer regarding the form of the notice, including the procedure for objection and the method of delivery. If no third-party objections are lodged within ___ days, the files or data at issue will be included in the reporting and production.

29. Defendant's providing of the Deputies' cellphones to the Forensic Examiner will not constitute a waiver of any privilege or protection to which Defendant and/or the Deputies are entitled.

30. Any inadvertent disclosure to the Forensic Examiner, or from the Forensic Examiner, or within the original or redacted/withheld Forensic Examiner's report of information protected by any privilege, the attorney work product doctrine, or the right to privacy will not constitute a waiver.

31. Neither Plaintiff nor her counsel may inspect the Deputies' cellphones, the Examiner Images, or the original unredacted Forensic Examiner's report, except in the event Defendant makes no redactions to the Forensic Examiner's report.

## X. COSTS

32. The Parties will split the fees/costs for the Forensic Examiner. The Parties will be responsible for their own attorneys' fees or any other costs or fees associated with the forensic examination.

## XI. PLAINTIFF'S RESERVATION OF RIGHTS TO SEEK ADDITIONAL INFORMATION

33. Based on the results of the forensic examination executed pursuant to

this Protocol, and any new additional information obtained during the execution of this Protocol, Plaintiff reserves the right to request additional information from Defendant relating to the Deputies.

34. If the Parties disagree about any supplemental requests for information, they shall meet and confer in good faith within ☐ business days of any request for information before seeking relief from the Court.

DATED: _____, 2020  MILLER BARONDESS, LLP

By: _____
  LOUIS R. MILLER
  Attorneys for Defendant
  COUNTY OF LOS ANGELES

DATED: _____, 2020  MUNGER, TOLLES & OLSON LLP

By: _____
  LUIS LI
  Attorneys for Plaintiff
  VANESSA BRYANT

483078.3

11

PROTOCOL FOR FORENSIC EXAMINATION RE: COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT DEPUTY CELLPHONES

Exhibit B
Page 36

# EXHIBIT A

## ACKNOWLEDGMENT OF PROTOCOL AND DIRECTIVES

I hereby acknowledge that I, _____ at _____, have been given a copy of the Protocol for Forensic Examination re: County of Los Angeles Sheriff's Department Deputy Cellphones in this case, *Bryant v. County of Los Angeles, et al.*, United States District Court for the Central District of California, Case No. 2:20-cv-09582-JFW-E. I certify under penalty of perjury that I have read the Protocol, and agree to be bound by its terms.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this \_\_\_ day of _____, 20\_\_\_\_, at _____.

_____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

483078.3

12

PROTOCOL FOR FORENSIC EXAMINATION RE: COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT DEPUTY CELLPHONES

Exhibit B
Page 37