UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California Resident,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, a public entity, et al.,<br><br>          Defendants. | Case No. 2:20-cv-09582-JFW-E<br><br>**[PROPOSED] STATEMENT OF DECISION GRANTING PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER**<br><br>Judge: Hon. John F. Walter<br>Date: June 7, 2021<br>Time: 1:30 p.m.<br>Crtrm.: 7A |

# [PROPOSED] STATEMENT OF DECISION

On May 10, 2021, Plaintiff Vanessa Bryant ("Plaintiff") filed a Motion to Modify the Court's Scheduling Order, seeking a continuance of the discovery cutoff from August 16, 2021 to February 11, 2022, among other modifications. Dkt. No. 76. On May 17, 2021, Defendants County of Los Angeles (the "County"), Los Angeles County Sheriff's Department ("LASD"), Los Angeles County Fire Department ("LAFD"), Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales (collectively with Cruz, Mejia, and Russell, the "Deputy Defendants," and collectively with the County, LASD, and LAFD, "Defendants") filed their Opposition to Plaintiff's Motion. Dkt. No. 77. On May 24, 2021, Plaintiff filed a Reply. Dkt. No. 79. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from activities surrounding a helicopter crash on January 26, 2020, that killed Plaintiff's husband, Kobe Bryant, and thirteen-year old daughter, Gianna Bryant, along with seven others. Plaintiff alleges that various County personnel took and shared photos of the remains of the victims, including her husband and daughter, without any legitimate governmental purpose.

On March 17, 2021, Plaintiff filed the operative First Amended Complaint ("FAC") against Defendants for violation of her civil rights, negligence, and invasion of privacy. Dkt. No. 54. Among other amendments, the FAC added the Deputy Defendants and LAFD as defendants. Prior to the filing of the FAC and the addition of the Deputy Defendants and LAFD to this case, the Court had issued a Scheduling Order on November 18, 2020. Dkt. No. 29.

On April 12, 2021, Plaintiff and Defendants jointly filed a stipulation to consolidate this action with three related actions brought by the families of the other victims of the helicopter crash: the *Chester* action (Case No. 2:20-cv-10844-JFW-E), filed on November 30, 2020; the *Mauser* action (Case No. 2:21-cv-00497-JFW-

E), removed to this court on January 21, 2021; and the *Altobelli* action (Case No. 21STCV17693), filed in Los Angeles Superior Court on May 11, 2021, and likely soon to be removed to this Court (collectively with the *Chester* and *Mauser* actions, the "Related Cases"). Dkt. No. 71. In conjunction with that request for consolidation, the parties also stipulated to a case schedule for the proposed consolidated action. Specifically, the parties stipulated that "a discovery cutoff of February 11, 2022 would provide a reasonable timeframe within which to complete the substantial discovery that is currently in progress." *Id.* ¶ 10. The parties further stipulated that good cause supported moving the discovery cutoff to February 11, 2022 because substantial discovery remained to be completed, including a large number of depositions, a review of tens of thousands of records, and time-intensive forensic examinations of cell phones and other electronic devices. *Id.* ¶¶ 6–10.

On April 15, 2021, the Court concluded that the parties had failed to demonstrate that consolidation is warranted at this time. Dkt. No. 72. Accordingly, the Court declined to approve the stipulation to consolidate, but advised the parties that the Court will consider consolidation for all purposes at the Pre-Trial Conference and noted that if the parties agreed that consolidating for purposes of discovery only would be appropriate, they could file a stipulation to that effect for Magistrate Judge Eick's review and approval. In declining to approve the parties' stipulation to consolidate, the Court did not consider or address the parties' proposed schedule for the proposed consolidated action.

On May 10, 2021, Plaintiff filed the present motion to modify the Scheduling Order. Dkt. No. 76. The motion requests the same schedule for this individual action that the parties had previously stipulated to for the proposed consolidated action, including a discovery cutoff of February 11, 2022.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 16 "authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of

dispositive motions, trial and other matters." *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "'good cause' standard primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

A moving party may demonstrate diligence by showing (1) it "was diligent in assisting the Court in creating a workable Rule 16 order," (2) it is unable to comply with the scheduling order "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference," and (3) it was "diligent in seeking amendment of the Rule 16 order, once it became apparent that movant could not comply with the order." *Aardwolf Indus., LLC v. Abaco Machs. USA, Inc.*, 2017 WL 6888242, at *3 (C.D. Cal. Sept. 7, 2017). Modification of a pretrial schedule is appropriate where the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citation omitted).

### III. DISCUSSION

As an initial matter, Defendants fail to show that the proposed modification would cause any undue prejudice. The only putative prejudices that Defendants identify in their Opposition are part and parcel to defending any lawsuit, and are not cognizable prejudices tied to Plaintiff's request for additional time to conduct discovery. Moreover, the supposed prejudice to Defendants is difficult to square with Defendants' prior stipulation that the relief requested by Plaintiff is reasonable and supported by good cause. In light of Defendants' prior stipulation, the Court places little weight on their newfound opposition to the proposed modification. Moreover, as Plaintiff aptly notes, the modification will make it more feasible for discovery in this action to be coordinated, and possibly consolidated, with discovery

in all of the Related Cases, which would only reduce Defendants' discovery burdens and create efficiencies for all parties.

As outlined below, the Court finds that Plaintiff has made a sufficient showing of diligence, and that good cause exists to modify the Scheduling Order.

First and foremost, Plaintiff has shown that, due to unanticipated developments in this case, it is no longer feasible to complete the substantial discovery that is underway before the current discovery cutoff, despite Plaintiff's diligent pursuit of discovery to date.  Plaintiff promptly propounded requests for production and interrogatories upon the opening of discovery in this action, but has encountered difficulties in timely receiving information and documents from the County, with particular delays in obtaining complete initial disclosures, a complete identification of relevant witnesses, and the production of the internal investigation reports by LASD and LAFD.  The LASD report was produced only after Plaintiff moved to compel, and the LAFD reports were not produced until more than four months after Plaintiff served a discovery request that called for their production, notwithstanding that those reports had been in LAFD's possession since August 2020.  *See, e.g.*, *MultiCraft Imps., Inc. v. Mariposa USA, Inc.*, 2017 WL 5665214, at *2 (C.D. Cal. June 8, 2017) (granting motion to modify scheduling order where it took plaintiff "almost four months to acquire the information from [defendant] it first sought in its original discovery request").  While Plaintiff is now in possession of Defendants' internal investigation reports, contrary to Defendants' arguments, she cannot be expected to rely on those documents alone.  Rather, further document discovery remains to be done, and by Defendants' own estimation, their production of documents will not be substantially complete until later this summer.  *See* Dkt. No. 71 ¶ 8.  Plaintiff expects an even more protracted schedule for completing document discovery in light of anticipated disputes that will require resolution by Magistrate Judge Eick.  In addition, the parties are currently negotiating the parameters for a forensic examination of devices by a neutral third-party forensic

expert. Both Plaintiff and Defendants expect that the examination will be a time-intensive process that may identify further areas for discovery. *See id.* ¶ 9. Moreover, Plaintiff cannot competently depose County personnel until she has obtained a substantially complete document production and the forensic examiner's findings, and both sides have acknowledged that a significant number of depositions will be necessary. *See id.* ¶ 7. The progress of discovery against the newly added Deputy Defendants and LAFD is in a particularly early stage, with those parties having only served their initial disclosures approximately one month ago. *See, e.g.*, *So v. Land Base, LLC*, 2009 WL 2566816, at *2 (C.D. Cal. Aug. 18, 2009) (granting six-month continuance of all dates in light of new defendants added in amended complaint). Under these circumstances, the Court finds good cause for modifying the Scheduling Order, as the current discovery deadline cannot reasonably be met despite Plaintiff's diligence. *See Johnson*, 975 F.2d at 609.

Second, Plaintiff was diligent in cooperating to prepare a joint Rule 26 report for the Court to create its initial Rule 16 order. Defendants suggest that Plaintiff's participation in the creation of the original Scheduling Order was insufficiently diligent because she did not raise the possibility of needing to take a substantial number of depositions at that time. But, as Plaintiff notes, at the time of the November 2020 scheduling conference, Plaintiff was operating based only on the information that was reasonably available to her at that time. Information that has been adduced in discovery has expanded the scope of the case beyond Plaintiff's initial expectations. None of the developments that have made compliance with the Scheduling Order impracticable were reasonably foreseeable to Plaintiff at the time of the initial scheduling conference. At that time, Plaintiff had no reason to expect that more than sixty-six witnesses possess relevant knowledge, or that Defendants' document productions would not be completed until this summer.

Third, Plaintiff promptly sought amendment of the Rule 16 order. She brought her motion well in advance of the current discovery cutoff of August 16,

2021, and more than six months before the existing trial date. *See, e.g.*, *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, 2020 WL 7094074, at *4 (C.D. Cal. July 30, 2020) (granting motion to amend scheduling order where "the close of fact discovery ha[d] still not lapsed" and the court was unlikely to be able to accommodate the current trial date in any event given the trial delays caused by COVID-19). While Defendants suggest that Plaintiff unreasonably delayed bringing her motion, Defendants had previously stipulated to the modification Plaintiff requests in her motion, and so Plaintiff had no reason to think motion practice would be necessary. Immediately upon learning Defendants no longer supported the modification, Plaintiff diligently pursued her motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Modify the Scheduling Order is **GRANTED** in full. The operative scheduling order shall be as follows:

| | |
|---|---|
| Last Day to Conduct Settlement Conference/Mediation | 11/12/2021 |
| Last day to File Joint Report re Settlement Conference/Mediation | 11/17/2021 |
| Discovery Cutoff | 2/11/2022 |
| Last Day for Hearing Motions | 2/25/2022 |
| Pre-Trial Submissions | 3/25/2022 |
| Pre-Trial Conference | 4/8/2022 |
| Hearing on Motions in Limine / Disputed Jury Instructions | 4/15/2022 |
| Trial (Jury) | 4/27/2022 |

IT IS SO ORDERED.

DATED: _____, 2021

_____
Hon. John F. Walter
United States District Judge