# EXHIBIT 3

Exhibit 3
-30-

**MUNGER, TOLLES & OLSON LLP**

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

———

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

———

601 MASSACHUSETTS AVE. NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

November 19, 2020

Writer's Direct Contact
(213) 683-9224
(213) 593-2824 FAX
Craig.Lavoie@mto.com

**Via E-Mail**

| | |
|---|---|
| Louis "Skip" Miller | Jonathan C. McCaverty |
| Miller Barondess, LLP | Office of the County Counsel |
| 1999 Avenue of the Stars, Suite 1000 | 500 West Temple Street, Suite 468 |
| Los Angeles, CA 90067 | Los Angeles, California 90012 |
| smiller@millerbarondess.com | jmccaverty@counsel.lacounty.gov |

Re:   *Bryant v. County of Los Angeles, et al.* (Case No.: 2:20-cv-09582-JFW-E)

Dear Skip and Jonathan:

We write regarding the initial disclosures served yesterday by the County of Los Angeles, the Los Angeles County Sheriff's Department, and Sheriff Alex Villanueva (collectively, "Defendants"). As you know, immediately upon learning that at least eight sheriff's deputies had taken and shared improper photos of her daughter's and husband's remains, and on several occasions thereafter, Mrs. Bryant asked the County, the Sheriff's Department, and Sheriff Villanueva for the names of the deputies who took and shared the photos. Each time, the Department refused her request. And now, despite the County, the Sheriff's Department, and Sheriff Villanueva being legally required to provide the names of the deputies in their initial disclosures, they continue to refuse to provide even the most basic information.

Defendants' initial disclosures acknowledge the existence of numerous witnesses they may use to support their defenses, yet refuse to name a single one. The disclosures also represent that there is only one document—the Sheriff's Department's internal affairs

**Exhibit 3**
-31-

MUNGER, TOLLES & OLSON LLP

Louis Miller & Jonathan McCaverty
November 19, 2020
Page 2

investigation report regarding the improper photos—that Defendants may use to support their defenses. In short, the disclosures are blatantly deficient and violate the letter and spirit of Rule 26. We ask that, no later than **Monday, November 23**, Defendants supplement their initial disclosures to (1) add the names of the individuals referred to (but not named) in Defendants' originally-served disclosures, along with the subjects of relevant information they possess; and (2) describe by category all documents in Defendants' possession that they may use to support their defenses.

Absent such a supplement, we intend to move to compel disclosure and for appropriate sanctions. Hence, if Defendants do not intend to honor our request that they supplement their disclosures on the above timeline, please provide your availability for this Monday for a meet and confer with us. Although we hope a motion to compel will not be necessary, we send this letter pursuant to Local Rule 37-1 to provide notice of the issues we would raise.

**I.        Defendants Fail to Provide the Names of Any Witnesses**

Defendants' disclosures acknowledge that "individuals identified in the [Sheriff's Department's] Internal Affairs Bureau Investigative Report . . . are likely to have discoverable information regarding [Defendants'] claims and defenses." (Def. Initial Disclosures at 2.) But merely alluding to the existence of witnesses Defendants may use violates Rule 26, which calls for disclosure of "**the name** . . . of each individual likely to have discoverable information," as well as "the subjects of that information." Fed. R. Civ. P. 26(a)(1)(A) (emphasis added); *see Brinkman v. Ryan*, 2017 WL 11453550, at *2 (D. Ariz. Nov. 21, 2017) (holding disclosures inadequate where party "did not disclose the names of individuals likely to have discoverable information" and instead identified witnesses by "vague references to titles or functions"); *In re Sambrano*, 440 B.R. 702, 706 (Bankr. W.D. Tex. 2010) (holding disclosures inadequate where party "merely listed 'employees and agents of Hartford' as persons likely to have discoverable information" and "did not identify the subject matter of any information held by the disclosed individuals"); *Erickson v. Ford Motor Co.*, 2007 WL 5527512, at *6 (D. Mont. Nov. 14, 2007) (holding disclosures inadequate where party "d[id] not even list names" of individuals or "the subjects of their information").[1]

Without citing any legal authority, Defendants' disclosures state that the names of their potential witnesses are omitted "due to privacy and confidentiality concerns." (Def. Initial Disclosures at 2.) This is unexplained, baseless, and improper. The names of Defendants' potential witnesses in this litigation cannot be "confidential"—i.e., hidden from an opposing party. Nor is there any "privacy" interest that shields individuals who possess discoverable

---

[1] It is worth noting that Defendants' disclosures fail to list Sheriff Villanueva himself as an "individual likely to have discoverable information . . . that [Defendants] may use to support [their] . . . defenses." *See* Fed. R. Civ. P. 26(a)(1)(A)(i). The idea that there is no possibility Defendants will use Sheriff Villanueva as a witness is absurd.

**Exhibit 3**
**-32-**

MUNGER, TOLLES & OLSON LLP

Louis Miller & Jonathan McCaverty
November 19, 2020
Page 3

information from being identified through the process set by the Federal Rules of Civil Procedure.

Defendants' disclosures state that they believe third parties may intervene and lodge objections to the disclosure of their information, but this has no bearing on Defendants' obligations under Rule 26. We are aware of no legal authority (and Defendants' disclosures cite none) that recognizes the theoretical intervention of a third party as a legitimate basis for withholding information that is required to be disclosed by the Federal Rules of Civil Procedure. If the deputies who took or shared photos of the Bryants' remains wish to baselessly contend that their names may be kept secret in this litigation, the proper procedure is for them to intervene in this action and seek a protective order. *See, e.g.*, *Johnson v. Hankook Tire Mfg., Co.*, 2013 WL 664720, at *1 (N.D. Miss. Feb. 22, 2013) (allowing third party to intervene to seek protection for its otherwise discoverable information and documents); *Appleton v. F.D.A.*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004) (allowing third parties to intervene to prevent their information from being disclosed by parties in the litigation). But no such protective order has been sought or issued, so Defendants must comply with their disclosure obligations immediately.

Defendants' flagrantly deficient disclosures are prejudicing Mrs. Bryant in her prosecution of this action. As Defendants know, pursuant to the deadline set by the Court, Plaintiff must amend her complaint to add the deputies who took or shared improper photos of her loved ones' remains by January 15, 2021. But she cannot do so if she does not know their names.

## II.  Defendants Fail to Properly Identify Documents

Defendants also fail to apply the Rule 26 standard for disclosing documents. Defendants' disclosures list a single document—the Sheriff's Department's internal affairs investigation report—and assert that this one document "contains all of the information Plaintiff is seeking." (Def. Initial Disclosures at 3.) Setting aside that Defendants have severely misjudged Plaintiff's desires, this is not the standard for disclosure. Rather, Rule 26 requires a disclosing party to describe all categories of documents in its possession, other than materials intended solely for impeachment, that the disclosing party "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii).

By signing an initial disclosure, an attorney certifies that, "to the best of [the attorney's] knowledge, information, and belief formed after a reasonable inquiry," the disclosure is "complete and correct." Fed. R. Civ. P. 26(g)(1)(A); *Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 663 (D. Colo. 2015) (disclosures must be "complete and detailed" and "give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation"). If an attorney's certification is signed without substantial justification, sanctions are mandatory. *See* Fed. R. Civ. P. 26(g)(3).

Exhibit 3
-33-

MUNGER, TOLLES & OLSON LLP

Louis Miller & Jonathan McCaverty
November 19, 2020
Page 4

      Counsel for Defendants have had ample time to conduct the "reasonable inquiry" required by Rule 26.  Sheriff Villanueva announced in March 2020—nearly nine months ago—that the Sheriff's Department was conducting a formal investigation of the improper photos.  And Mrs. Bryant submitted her notice of claim to the Sheriff's Department on May 8, 2020—more than six months ago.  After all this time, it is implausible that Defendants are aware of only one document they may use to support their defenses in this litigation.

\* \* \* \* \*

      Please confirm that Defendants will supplement their initial disclosures no later than Monday, November 23, to include (1) the names and contact information of the individuals identified in the internal affairs reported referenced in Defendants' originally-served disclosures, along with the subjects of the discoverable information held by each individual; and (2) a description by category and location of all documents Defendants have in their possession and may use to support their defenses.

      Very truly yours,

      */s/ Craig Jennings Lavoie*

      Craig Jennings Lavoie

**Exhibit 3**
**-34-**