LUIS LI (State Bar No. 156081)
Luis.Li@mto.com
CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MARI T. SAIGAL (State Bar No. 318556)
Mari.Saigal@mto.com
BRANDON E. MARTINEZ (State Bar No. 318749)
Brandon.Martinez@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>  Plaintiff,<br><br>  vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>  Defendants. | Case No. 2:20-cv-09582-JFW-E<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF BRANDON E. MARTINEZ IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND CUSTODIAL METADATA FROM DEFENDANTS COUNTY OF LOS ANGELES & LOS ANGELES COUNTY SHERIFF'S DEPARTMENT**<br><br>[Notice of Motion and Joint Stipulation re: Motion filed concurrently herewith]<br><br>Judge: Hon. John F. Walter<br><br>Magistrate Judge: Hon. Charles F. Eick<br><br>Hearing: August 13, 2021<br>Time: 9:30 a.m.<br>Place: Courtroom 750<br><br>Discovery Cutoff: November 29, 2021<br>Pretrial Conference: February 4, 2022<br>Trial: February 22, 2022 |

## DECLARATION OF BRANDON E. MARTINEZ

I, Brandon E. Martinez, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am an attorney at the law firm of Munger, Tolles & Olson LLP and counsel of record for Plaintiff Vanessa Bryant in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein.

### The Pleadings and the Court's Prior Discovery Orders

2. A true and correct copy of Plaintiff's First Amended Complaint, filed on March 17, 2021 as docket entry 54, is attached hereto as **Exhibit A**.

3. A true and correct copy of Defendants' Answer to Plaintiff's First Amended Complaint, filed on April 30, 2021 as docket entry 75, is attached hereto as **Exhibit B**.

4. A true and correct copy of the Stipulated Protective Order in this action, entered by the Honorable Charles F. Eick as docket entry 33 on November 25, 2020, is attached hereto as **Exhibit C**.

5. A true and correct copy of a minute order entered by the Honorable Charles F. Eick in this matter on December 30, 2020, as docket entry 47, is attached hereto as **Exhibit D**.

### The Discovery at Issue in This Motion

6. A true and correct copy of Plaintiff's First Set of Requests for Production ("RFPs") to Defendant the County of Los Angeles (the "County"), served on the County on November 16, 2020, is attached hereto as **Exhibit E**.

7. A true and correct copy of Plaintiff's First Set of Requests for Production to Defendant Los Angeles County Sheriff's Department (the "Sheriff's Department" or the "Department," and collectively with the County, "Defendants"), served on the Department on November 17, 2020, is attached hereto as **Exhibit F**.

8. A true and correct copy of Defendant County of Los Angeles's Responses and Objections to Plaintiff's First Set of Requests for Production, served on Plaintiff on December 21, 2020, is attached hereto as **Exhibit G**.

9. A true and correct copy of Defendant Los Angeles County Sheriff's Department's Responses and Objections to Plaintiff's First Set of Requests for Production, served on Plaintiff on December 21, 2020, is attached hereto as **Exhibit H**.

### The Parties' Meet and Confer

10. From February 4 through May 11, 2021, counsel for Plaintiff and Defendants exchanged email correspondence regarding the County and Department's responses and objections to Plaintiff's First Sets of RFPs on those parties. A true and correct copy of that email exchange is attached hereto as **Exhibit I**.

11. On March 8, 2021, counsel for the County sent a letter to Plaintiff's counsel regarding the County's responses and objections to Plaintiff's First Sets of RFPs on the County. A true and correct copy of that letter is attached hereto as **Exhibit J**.

12. In an effort to resolve or narrow their disputes regarding the County and Department's responses and objections to Plaintiff's First Sets of RFPs, the parties negotiated a stipulation setting forth parameters for the search and production of County and Department records in response to those RFPs. On April 20, 2021, Defendants' counsel sent Plaintiff's counsel a near-final draft of this stipulation. This draft contains the parties' various proposed revisions of the disputed RFPs on which Plaintiff's motion to compel seeks the Court's intervention, as well as the parties' final positions on these RFPs. A true and correct copy of this draft is attached hereto as **Exhibit K**. A true and correct copy of the final stipulation is attached hereto as **Exhibit L**.

13. On May 10, 2021, counsel for Plaintiff sent a letter to Defendants' counsel regarding, among other topics, the Department's failure to provide individualized custodial metadata for each document that the Department had produced to Plaintiff. Defendants' counsel responded by letter the next day. True and correct copies of these letters are attached hereto as **Exhibits M** and **N**, respectively.

14. On May 11, 2021, the parties' counsel met and conferred via videoconference about, among other topics, the Sheriff's Department's failure to provide individualized custodial metadata for each document that the Department had produced to Plaintiff. During that conference, Defendants' counsel never suggested that individualized custodial metadata does not exist for the Department's documents or that such metadata is technically infeasible to collect or produce. Rather, Defendants' counsel asserted that it would be unduly burdensome to collect and produce such metadata after having already produced the documents. The County and the Department also declined Plaintiff's request that they provide a list of the Department custodians whose records they searched for responsive documents.

### Missing Custodial Information in Defendants' Productions

15. I requested that a colleague at my firm who assists in maintaining the database of produced documents for this matter run a report showing the custodian metadata for the documents Defendants have produced to date. A true and correct copy of this report, which summarizes the custodians identified in the metadata accompanying all of Defendants' document productions, as well as the number of documents associated with each of those custodians, is attached hereto as **Exhibit O**. As reflected in the report, the vast majority of the documents produced to Plaintiff to date—and all of the documents the Sheriff's Department has produced—

identify only "Lasd" as the custodian.[1] The report also reflects that Defendants have produced eighty-nine documents to Plaintiff with no custodian identified at all.

16. A true and correct copy of an email exchange dated February 28, 2020 between "SIB Media 24" and "Mendoza, Erick (NBCUniversal)" is attached hereto as **Exhibit P**. This document was produced by the County as COLA023633 with metadata identifying only "Lasd" as the custodian.

17. A true and correct copy of an email dated February 28, 2020 from "Catron, William" to "Airbear77" is attached hereto as **Exhibit Q**. This document was produced by the County as COLA023695 with metadata identifying only "Lasd" as the custodian.

**Miscellaneous Items**

18. A true and correct copy of Section 3-04/020.06 of the Sheriff's Department's Manual of Policy and Procedures, entitled "Administrative Investigations - Constitutional Policing," as it appeared in the Department's Policy Archival and Retrieval System on July 7, 2021, is attached hereto as **Exhibit R**.

19. Pursuant to Local Rule 37-2.1, a true and correct copy of the Court's first Scheduling and Case Management Order, signed and filed as docket entry 29 on November 18, 2020, is attached hereto as **Exhibit S**; and a true and correct copy of the Court's Amended Scheduling and Case Management Order, signed and filed as docket entry 86 on June 4, 2020, is attached hereto as **Exhibit T**.

---

[1] Based on information provided by the County in discovery, it is my understanding that the individual custodians identified in the metadata accompanying the documents produced to Plaintiff to date are current or former employees of the Los Angeles County Fire Department and, to my knowledge, none of them have ever been employed by the Sheriff's Department.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of July, 2021, at Los Angeles, California.

_____
Brandon E. Martinez