# EXHIBIT D

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9582-JFW(Ex) | Date | December 30, 2020 |
|---|---|---|---|
| Title | VANESSA BRYANT v. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | Charles F. Eick, United States Magistrate Judge | |
|---|---|---|
| Stacey Pierson | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**     **Attorneys Present for Defendants:**

None                                                         None

**Proceedings:**      (IN CHAMBERS)

The Court has read and considered all papers filed in support of and in opposition to "Plaintiff's Motion to Compel, etc." ("the Motion"), filed December 4, 2020. The previously noticed January 8, 2021 hearing date is vacated. The Court has taken the Motion under submission without oral argument.

The Motion seeks an order compelling Defendant County of Los Angeles ("Defendant") to produce the document sought in "Request for Production No. 49" of "Plaintiff's Second Set of Requests for Production, etc.," attached as Exhibit 7 to the "Declaration of Craig Jennings Lavoie, etc.," filed December 4, 2020. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Under the circumstances presented, the document sought is plainly relevant and proportional.

With regard to privilege, the papers filed in connection with the Motion assert privileges recognized under California state law and privileges recognized under federal law. Where, as here, an action involves both federal question claims and state law claims, the federal law of privilege, not the state law of privilege, applies. See Agster v. Maricopa County, 422 F.3d 836, 839-40 (9th Cir. 2005); see also Folb v. Motion Picture Industry Pension and Health Plans, 16 F. Supp. 2d 1164, 1170 (C.D. Cal. 1998), aff'd, 216 F.3d 1082 (9th Cir. 2000) (after Jaffee v. Redmond, 518 U.S. 1 (1996), federal courts no longer may look to the law of the forum state in determining the contours of federal privilege law); Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997) (same). Defendant has failed to submit sufficient evidentiary support for any of the federal law privileges asserted, including Defendant's assertion of "attorney-client privilege, work product, or any other applicable privilege . . . deliberative process privilege, right of privacy under the U.S. Constitution . . ." (see Defendant's "Response to Request for Production No. 09 [sic]" in "Defendant County of Los Angeles' Responses, etc.," attached as Exhibit 8 to the "Declaration of Craig Jennings Lavoie, etc.," filed December 4, 2020). Furthermore, under the circumstances presented, Plaintiff's need for the

**Exhibit D**
**95**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9582-JFW(Ex) | Date | December 30, 2020 |
|---|---|---|---|
| Title | VANESSA BRYANT v. COUNTY OF LOS ANGELES, ET AL. | | |

document sought outweighs the interests of Defendant and others, including non-parties, in maintaining the alleged confidentiality of the document under all of the federal law qualified privileges that conceivably might apply (including the federal deliberative process privilege, the federal privacy privilege and the federal official information privilege).

      Accordingly, within seven (7) days of the date of this Order, Defendant shall produce to Plaintiff the document sought in "Request for Production No. 49." Production of this document shall be subject to the "Stipulated Protective Order," filed November 25, 2020.

cc:    Judge Walter
        All Counsel of Record                       Initials of Deputy Clerk   SP