Case 2:20-cv-09582-JFW-E Document 92-15 Filed 07/20/21 Page 1 of 5 Page ID #:2173

# EXHIBIT N

**MILLER BARONDESS, LLP**
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
WWW.MILLERBARONDESS.COM

May 11, 2021

**JASON H. TOKORO**
DIRECT DIAL: (310) 552-5226
JTOKORO@MILLERBARONDESS.COM

Luis Li
Craig Jennings Lavoie
Mari T. Saigal
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426

Re: *Bryant v. County of Los Angeles, et al.* (Case No.: 2:20-cv-09582-JFW-E)

Counsel:

We write in response to your May 10, 2021 letter regarding Request for Production Nos. 50 and 51 and metadata.

**Preliminary Statement/General Objections/Boilerplate Objections**

Your letter takes issue with the County's inclusion of a preliminary statement, general objections, and "boilerplate" objections. As we have repeatedly discussed before, preliminary statements and general objections are standard practice in responding to written discovery. Moreover, despite your claims regarding "ambiguity," the County was specific in its responses to each request, either (1) committing to conduct a search and produce relevant, non-privileged documents, or (2) standing on its objections, when appropriate. Moreover, Plaintiff included a preliminary statement, general objections, and boilerplate objections in her own responses—while also refusing to provide any substantive information or documents. Plaintiff cannot have it both ways.

**Request for Production No. 50**

RFP No. 50 calls for all documents and communications relating to "any and all Skelly hearings for Deputy Joey Cruz, Deputy Rafael Mejia, Deputy Michael Russell, Deputy Raul Versales, Deputy Douglas Johnson, Deputy Ruby Cable, Deputy Christopher Jauregui, Sergeant Travis Kelly, Sergeant Stephanie Shrout, Deputy Benjamin Sanchez, Fire Captain Tony Imbrenda, Fire Captain Brian Jordan, Fire Captain Arlin Kahan, Battalion Chief Michael Velazquez, Fire Fighter Jeffrey Duran, Deputy Fire Chief Anthony Marrone, or Battalion Chief Andrew Smith."

512747.2

**Exhibit N**
**421**

MILLER BARONDESS, LLP

Luis Li
May 11, 2021
Page 2

The County objected to this Request based on (i) the attorney-client privilege, work product, official information privilege or any other applicable privilege; (ii) the right to privacy under the U.S. Constitution and the California Constitution; (iii) confidential personnel records that are protected from disclosure under California Penal Code section 832.7(a); (iv) relevance; and (v) overbreadth in including individuals who are not defendants in this litigation.

The County maintains its objections. Your letter argues that this request seeks relevant documents because the RFPs are aimed at (1) individual defendants in this action; (2) individuals whom the IA Report identified as having taken, shared, or received photos of the victims' remains; and/or (3) individuals the County identified in its interrogatory responses as having taken or shared one or more photos of the accident scene, including but not limited to photos of human remains at the accident scene.

That explanation does not justify this Request. The relevant information from the documents called for by this request were covered by the production of the IAB Report and the internal investigations conducted by the Los Angeles County Fire Department. Any information about the disciplinary hearings themselves is irrelevant. Even if these documents were relevant (they are not), Plaintiff has articulated no basis for seeking personell files from individuals other than the Defendants in this action.

**Request for Production No. 51**

Reserving all rights and preserving all objections, Defendants will produce relevant insurance agreements by May 17, 2021.

**Metadata**

Finally, your letter takes issue with the County's production of metadata in connection with its production of documents, specifically the custodian being listed as "Lasd." Your letter states that this is problematic because it (i) makes it "*sometimes*" impossible to ascertain the author or recipient of an email; (ii) makes it impossible to see which custodians were searched, (iii) makes it more difficult to see if custodians deleted documents; and (iv) means the documents are not "readily usable." Your only case citations in support of these contentions are out of district cases which are distinguishable from the facts here.[1]

---

[1] Your first case, *John B. v. Goetz*, 879 F. Supp. 2d 787 (M.D. Tenn. 2010), merely stood for the proposition that the production of emails "must include metadata." *Id*. at 881. Metadata was particularly important in *John B* "to understand what remedial measures the Defendants took after this Court's repeated findings of the Defendants' non-compliance with the Consent Decree." *Id*. Here, of course, there was no consent decree, nor evidence of any non-compliance

512747.2

Exhibit N
422

MILLER BARONDESS, LLP

Luis Li
May 11, 2021
Page 3

Your contentions fail for several reasons. First, the County has produced the metadata and Electronically Stored Information ("ESI") specifically asked for in your Request for Production, which is the County's sole obligation. Courts have consistently held that a party is only obligated to produce metadata (or ESI) as is requested in the requests for production. *See Bagdasaryan v. City of Los Angeles*, No. 2:15-CV-01008 JLS (KESx), 2017 WL 10560536, at *10 (C.D. Cal. Nov. 1, 2017) ("[C]ourts have generally only ordered the production of metadata when it is sought in the initial document request and the producing party has not yet produced the documents in any form."). "If the requesting party does not specify a form for producing ESI, the responding party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." *Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec.*, 255 F.R.D. 350, 355 (S.D.N.Y. 2008).

Here, the County followed the instructions set forth in Plaintiff's Request for Production, Set Three regarding the metadata and ESI which should be provided for emails. The instructions stated that the production of emails must include "from, to, cc, bcc, sent date, sent time, subject, and text," and that all documents or communications must include "custodian, Bates number beginning, Bates number ending, family range beginning, family range ending, and confidentiality designation, if any." All that information has been provided, as shown quite clearly by the two examples you attached to your letter, and was produced as the emails are ordinarily maintained.

You have also not established that your request would "yield useful information beyond that" which you already have. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. CV-14MD-2542 VSB SLC, 2020 WL 1940557, at *2 (S.D.N.Y. Apr. 22, 2020) (declining to order production of metadata where requesting party failed to show that metadata would "yield useful information beyond that which the Plaintiffs already have"). The custodian for these emails was the Los Angeles County Sheriff's Department, and you have the identity of everyone who sent or received the emails.

---

with the same. And the County did include metadata with its production. In your second case, *Eli Lilly & Co. v.Wockhardt Ltd.*, 2010 WL 2605855, (S.D. Ind. June 22, 2010), the court held that custodian information had to be provided when it was "lacking," i.e., there was *no* custodian information provided. *See id.* at *5 (ordering party to "provide custodian information to [producing party] for the approximately 49,800 documents that [requesting party] believes *lack* custodian information") (emphasis added). Custodian information is not lacking here. As your letter concedes, it has been provided.

512747.2

**Exhibit N**
**423**

MILLER BARONDESS, LLP

Luis Li
May 11, 2021
Page 4

      In sum, "if a party wants metadata, it should [a]sk for it. Up front. Otherwise, if [the party] ask[s] too late or ha[s] already received the document in another form, [it] may be out of luck." *Aguilar*, 255 F.R.D. at 357. The County will not be re-producing any documents.

      Sincerely,

      Jason H. Tokoro

JHT:eas
cc:    Jonathan C. McCaverty

512747.2

**Exhibit N**
**424**