LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
esanchirico@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY FIRE
DEPARTMENT, JOEY CRUZ, RAFAEL
MEJIA, MICHAEL RUSSELL, and
RAUL VERSALES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California Resident,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, a public entity, et al.,<br><br>        Defendants. | Case No. 2:20-cv-09582-JFW-E<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF JASON TOKORO IN SUPPORT OF JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND CUSTODIAL METADATA**<br><br>[Filed Concurrently with Joint Stipulation and Declaration of Brendan Martinez]<br><br>Judge:   Hon. John F. Walter<br><br>Magistrate Judge:  Hon. Charles F. Eick<br><br>Hearing:   August 13, 2021<br>Time:       9:30 a.m.<br>Place:      Courtroom 750<br><br>Discovery Cutoff:  November 29, 2021<br>Pretrial Conference:  February 4, 2022<br>Trial:  February 22, 2022 |

## DECLARATION OF JASON TOKORO

I, Jason Tokoro, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner with Miller Barondess, LLP, counsel of record for Defendants County of Los Angeles, Los Angeles County Fire Department, Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to all of said facts.  I make this declaration in support of the Parties' Joint Stipulation re: Plaintiff's Motion to Compel Production of Documents and Custodial Metadata.

## The County Has Complied With Its Discovery Obligations

2.      Throughout this case, the County of Los Angeles (the "County") and the Los Angeles County Sheriff's Department ("LASD") (together "Defendants") have been transparent and forthcoming with Plaintiff in discovery.

3.      In November 2020, the County sent Plaintiff a draft forensic protocol so the parties could conduct a forensic examination of phones and confirm that all photographs had been deleted.  In December 2020, the County worked with Plaintiff to produce a key Internal Affairs Bureau Report in a way that did not violate the privacy rights of the individuals identified, as quickly as it could.  In March 2021, when Plaintiff in a related case asked for documents from the Los Angeles County Fire Department ("LACFD"), the County produced LACFD's investigation reports to Plaintiff—even though she had not served discovery requests to LACFD.

4.      The County has now produced over 30,000 pages of documents to Plaintiff.  Many of these pages are responsive to the requests which are subject to this Motion.  Rather than using the discovery the County has produced to make her case, Plaintiff has objected to the County's written discovery, and has served only a handful of deposition notices, none of any of the involved personnel.  Instead, Plaintiff has dedicated countless hours to discovery disputes which are not relevant to her claims or proportional to the needs of the case.

5.     In fact, Plaintiff has taken the position that she does not have to meaningfully participate in discovery.  To date, Plaintiff has failed to produce a *single* document or respond substantively to a *single* interrogatory, despite being served with requests and interrogatories months ago.

**The County Made Every Effort To Resolve The Parties' Disputes**

6.     Regarding the requests which are the subject of the Motion, the County made every effort to meet and confer in good faith to avoid motion practice.  The County attempted to narrow the issues before the Court as much as possible.

7.     Specifically, between December 21, 2020, when the County served its responses and objections to these Requests, and May 11, 2021, when Plaintiff proposed her "final" compromise offer on the Requests, counsel for County and the Plaintiff engaged in multiple zoom calls, sent 27 emails back and forth, and exchanged multiple letters and draft compromises.

8.     Attached hereto as **Exhibit A** is a true and correct copy of the emails sent between counsel for Plaintiff and counsel for County regarding these Requests.

9.     Attached hereto as **Exhibit B** is a true and correct copy of  the correspondence sent between counsel for Plaintiff and counsel for the County regarding these Requests and the metadata.

10.     Attached hereto as **Exhibit C** is a true and correct copy of the various draft compromises sent between counsel for Plaintiff and counsel for the County regarding these Requests.

11.     While the County was successful in obviating the need for motion practice for many of the issues originally raised by Plaintiff, because some of the positions taken by Plaintiff are untenable, the County could not moot the Motion entirely.

**Plaintiff's Requests Indicate Her Lack of Knowledge Regarding LASD**

12.     Many of Plaintiff's requests demonstrate that she does not understand how LASD functions.  For example, while RFP 28 implies that LASD use of

3

Case No. 2:20-cv-09582-JFW-E
DECLARATION OF JASON TOKORO IN SUPPORT OF JOINT STIPULATION RE: PLAINTIFF'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS AND CUSTODIAL METADATA

1  personal devices for work would be improper, many LASD personnel use their

2  personal devices for work routinely.

3         13.    As another example, while RFP 32 asks for every document containing

4  the word "Marsh," "Marsh" is a common word and last name.  Accordingly, a

5  County-wide search for documents responsive to "Marsh" would result in numerous

6  false hits.

7

8         I declare under penalty of perjury under the laws of the United States of

9  America that the foregoing is true and correct.

10        Executed on this 16th day of July, 2021, at Los Angeles, California.

11

12                                                    _____

13                                                    Jason Tokoro

## INDEX OF EXHIBITS TO THE DECLARATION OF JASON TOKORO

| Exhibit No. | Description | Pg. No. |
|---|---|---|
| A. | A true and correct copy of the emails sent between counsel for Plaintiff and counsel for County regarding these Requests. | <u>6-16</u> |
| B. | A true and correct copy of  the correspondence sent between counsel for Plaintiff and counsel for the County regarding these Requests and the metadata. | 17-40 |
| C. | A true and correct copy of the various draft compromises sent between counsel for Plaintiff and counsel for the County regarding these Requests. | 41-64 |

Case No. 2:20-cv-09582-JFW-E
DECLARATION OF JASON TOKORO IN SUPPORT OF JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND CUSTODIAL METADATA