JONATHAN C. McCAVERTY (State Bar No. 210922)
Principal Deputy County Counsel
jmccaverty@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Telephone:   (213) 974-1828
Facsimile:    (213) 626-7446

Attorneys for Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
esanchirico@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:    (310) 552-8400

Attorneys for Defendants COUNTY OF LOS ANGELES, LOS ANGELES
COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL
RUSSELL, and RAUL VERSALES

[*Additional counsel listed on next page.*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California resident,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>          Defendants. | CASE NO. 2:20-cv-09582-JFW-E<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION REGARDING PROTOCOL FOR FORENSIC EXAMINATION**<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

[*Additional counsel, continued from previous page:*]

LUIS LI (State Bar No. 156081)
luis.li@mto.com
CRAIG JENNINGS LAVOIE (State Bar No. 293079)
craig.lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
jennifer.bryant@mto.com
MARI T. SAIGAL (State Bar No. 318556)
mari.saigal@mto.com
BRANDON E. MARTINEZ (State Bar. No. 318749)
brandon.martinez@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiff VANESSA BRYANT

JEROME M. JACKSON (State Bar No. 64238)
jmjlaw@aol.com
JEROME M. JACKSON LAW OFFICES
880 Apollo Street, Suite 238
El Segundo, California 90245
Telephone:   (310) 726-4199
Facsimile:   (310) 414-0486

Attorneys for Plaintiffs CHRISTOPHER L. CHESTER; R.C.; and H.C.

BRIAN J. PANISH(State Bar No. 116060)
panish@psblaw.com
KEVIN R. BOYLE(State Bar No. 192718)
boyle@psblaw.com
SPENCER R. LUCAS(State Bar No. 232498)
lucas@psblaw.com
MATTHEW STUMPF(State Bar No. 301867)
stumpf@psblaw.com
PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone:   (310) 477-1700
Facsimile:   (310) 477-1699

Attorneys for Plaintiffs MATTHEW MAUSER; T.M.; P.M.; and I.M.; J.J.; and ALEXIS ALTOBELLI

## **PROTOCOL FOR FORENSIC EXAMINATION**

Plaintiffs Vanessa Bryant ("*Bryant* Plaintiff"), Christopher L. Chester, R.C., and H.C. ("*Chester* Plaintiffs"), Matthew Mauser, P.M., T.M., and I.M. ("*Mauser* Plaintiffs") and J.J. and Alexis Altobelli ("*Altobelli* Plaintiffs" and, together with the *Chester* Plaintiffs, *Mauser* Plaintiffs, and *Bryant* Plaintiff, "Plaintiffs"), on the one hand, and Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Los Angeles County Fire Department, Joey Cruz, Rafael Mejia, Michael Russell, Raul Versales, Arlin Kahan, and Tony Imbrenda (collectively, "Defendants," and jointly with Plaintiff, the "Parties"), on the other hand, by and through their respective counsel of record, hereby jointly stipulate and agree to a forensic examination protocol (the "Protocol") as follows:

## I.   **PURPOSE**

1.     This Protocol shall govern the inspection and analysis of the mobile devices, computing devices, and cloud-based storage accounts mutually agreed upon by the Parties or ordered by the Magistrate Judge to be made available for inspection (collectively, the "Digital Media").

## II.   **FORENSIC EXAMINER**

2.     A third-party neutral computer forensic examiner ("Forensic Examiner") shall perform an inspection and analysis of the Digital Media and execute the specific directives contained within this Protocol.  The Parties have mutually agreed to engage Justin Price of Kroll Associates, Inc. to serve as the Forensic Examiner.

3.     The Forensic Examiner will receive a copy of this Protocol prior to executing any of the directives contained in this Protocol.  The Forensic Examiner will sign the Acknowledgement of Protocol Directives attached hereto as **Exhibit A**, declaring under penalty of perjury that he has read and understands the entire Protocol and agrees to follow the procedures defined herein.  Any employee of the Forensic Examiner's firm that is engaged in the device inspection process set forth

herein shall be given a copy of this Protocol and shall sign a certification in the form of Exhibit A attached hereto.  Such signed and completed certifications shall be provided to counsel for all Parties.

4.  The Forensic Examiner is engaged specifically for execution of the directives contained within this Protocol, to which Defendants consent. The Forensic Examiner shall be objective and independent and not an advocate for any pre-defined outcome.

## III.   THE FORENSIC IMAGES

5.  Within 5 days of the Parties' receipt of the Forensic Examiner's signed Acknowledgement of Protocol Directives, Defendants shall provide on a rolling basis to the Forensic Examiner any previously-captured forensic images of the Digital Media (the "Forensic Images").  A manifest of all such Forensic Images (containing custodian name, date of forensic acquisition, original device information, and a general description of the process, preservation format, and tools utilized to conduct the imaging, to the extent available) shall also be provided to the Forensic Examiner and counsel for Plaintiffs.

6.  To the extent complete, unaltered, forensically sound copies of the Digital Media are not already available and accessible, such Digital Media will be forensically preserved by the Forensic Examiner at Defendants' sole expense, to the extent the Digital Media is available.  Defendants shall make such Digital Media available to the Forensic Examiner on a mutually agreed-upon date and no later than within 5 days of the Parties' receipt of the Forensic Examiner's signed Acknowledgement of Protocol Directives.  The Forensic Examiner shall create forensically sound bit-for-bit mirror image copies of the Digital Media (the "Examiner Images").  This will include any cloud storage application being accessed or utilized by the devices at any time between January 26, 2020 and the present, including but not limited to iCloud, Google Drive, OneDrive, Samsung Cloud, Dropbox, or Box, that was created, accessed, or utilized to store or backup

multimedia files (e.g., MP4, HEIC, JPG, JPEG, TIFF, GIF, etc.), text messages, emails, and/or messages sent using messaging applications (e.g., WhatsApp), and/or independent backups of the devices themselves.  Any cloud storage accounts that were not created, modified, accessed, or used between January 26, 2020 and the present shall not be collected.  If the date of last access or use of a cloud storage application is not readily detectable, the cloud storage account shall be collected for further examination consistent with the guidelines set forth herein.

a.    Defendants will provide to the Forensic Examiner all passwords and passcodes needed to unlock the Digital Media, and/or any other information that the Forensic Examiner will need to create and validate the Examiner Images.

b.    The Forensic Examiner will prepare chain of custody documentation along with digital photographs of the Digital Media and shall record the specifications, characteristics, and any physical serial number/identifiers for the Digital Media to document their current physical condition and operability.

c.    The imaging process shall take place at Forensic Examiner's offices at 10100 Santa Monica Blvd, Suite 1100, Los Angeles, California, and shall continue until the Digital Media have been imaged and verified.

d.    Data extraction from mobile phones should be performed in the most complete format available through industry standard software tools such as UFED 4PC, Oxygen Forensic Detective, or Magnet Axiom Acquire. A full file system extraction should be attempted.  If a full file system extraction is not supported, then an advanced logical image should be acquired.

e.    Synchronization of data from the cloud storage accounts should be performed using industry standard tools such as Oxygen Cloud Extractor or Axiom.

f.    The Forensic Examiner shall prepare suitable and encrypted forensic storage media ("Target Media") for receipt of any Examiner Images created under the directive of this Protocol.  Upon creation of any such Examiner Images,

1  the Forensic Examiner will prepare documentation identifying the chain of custody

2  of the Target Media from the date of receipt forward.  The chain of custody will

3  identify all persons who handled, inspected, analyzed, examined, performed

4  maintenance, or transported the Target Media and any component part thereof,

5  including exported files, and identify the locations and conditions under which it

6  was stored or moved.

7         g.     The Forensic Examiner shall document and record on an

8  acquisition form: (1) a general description of the process, preservation format, and

9  tools utilized to conduct the imaging; and (2) the hash value(s) of the Examiner

10 Images.

11        h.     Upon completion of the imaging, the Digital Media shall be

12 immediately returned to Defendants.

13      7.     The Forensic Examiner shall be entitled to make one additional copy of

14 each of the Forensic Images and the Examiner Images for the purposes of

15 redundancy and disaster recovery.  The additional copies will be subject to the same

16 chain of custody requirements described for the Target Media.

17 **IV.   GUIDELINES FOR EXAMINATION AND ANALYSIS**

18      8.     The Forensic Examiner will limit its analysis of the Forensic Images

19 and Examiner Images to information related to the creation, possession, access,

20 dissemination, use, storage, downloading, or deletion of photographs (or video

21 images) of physical remains of the victims who perished in the helicopter crash in

22 Calabasas, California on January 26, 2020 (the "Photos").  The object of the analysis

23 will be to determine, among other things, when the Photos were transferred to the

24 Digital Media, how the Photos came to appear on the Digital Media, whether the

25 Photos were subsequently accessed, where the Photos were stored on the Digital

26 Media, where and to whom the Photos were copied, transferred, and/or

27 communicated, and whether and when the Photos were subsequently deleted.

28

533513.4

6

STIPULATION AND ORDER REGARDING PROTOCOL FOR FORENSIC EXAMINATION

9.     To aid in this analysis, Defendants shall provide the Forensic Examiner with exemplar photographs consisting of photographs taken at the crash site at issue in this matter (the "Exemplar Photographs").  The Forensic Examiner shall confer with Defendants and Plaintiffs to determine an appropriate selection of Exemplar Photographs to be made available.

a.     The Forensic Examiner will prepare chain of custody documentation for the Exemplar Photographs.

b.     The Forensic Examiner will analyze the Exemplar Photographs to compile a set of identifiers from file names, timestamps, camera make and model, geographical location, or other available EXIF metadata, to be used in the examination process (the "Exemplar Identifiers").

10.     The Forensic Examiner will process the Forensic Images and Examiner Images to make all documents, files, or fragments accessible, searchable, and readable.  This will include the following, to the extent reasonably possible:

a.     Recovering deleted folders and files;

b.     Decrypting files that are encrypted;

c.     Decompressing and extracting data from files that are compressed, such as Microsoft Office documents and compressed archives;

d.     Extracting data from containerized files, such as chat and data transfer applications;

e.     Performing signature analysis on all collected data to determine valid user data types; and

f.     Parsing mobile application databases.

11.     After the Forensic Examiner completes the data pre-processing described above, Forensic Examiner will analyze the Forensic Images and Examiner Images.  The Forensic Examiner's analysis may include both searching content files for specific Photos and information about the Photos, and also searching non-content files for relevant artifacts or metadata.

12.     Examples of how the Forensic Examiner may search for information related to the Photos may include, but is not limited to:

a.     Performing searches for image files transmitted or received on or after January 26, 2020, or metadata or artifacts related to such files, including by using the Exemplar Identifiers to identify files, metadata, or forensic artifacts related to the Photos;

b.     Performing keyword searches using terms relevant to the investigation, such as "Willow," "Kobe," "Bryant," "crash," or "helicopter," to identify information or forensic artifacts relating to the Photos.  The search terms listed in this subsection are examples and shall not preclude the Forensic Examiner from employing other search terms to search for information about the Photos, as appropriate.  If any of these search terms prove to be overbroad and result in large amounts of false hits, the terms will be modified or discarded;

c.     Searching non-content files for relevant artifacts or metadata, including but not limited to the following data sources on the Digital Media: Amcache, Mac System Log, Daily.out file, Windows registry hives, setupapi.dev.log, INFO2 records, Jumplists, LNK files, Shellbags, Mac FSEvents log, PLISTS, $MFT, $LogFile, $UsnJrnl, RecentFileCache.bcf, $I files, sysdiagnose (for AirDrop), or Events Logs, among other information.  These searches will include but not be limited to efforts to identify any artifacts that would help assess when the device was activated, whether it was initiated as a new device, and/or whether a backup was used to setup the device;

d.     Searching for any mobile device backups that may have been created, including but not limited to Apple iTunes backup or Android ADB backups. If any backups are found, they will be subject to the examination guidelines outlined herein if they were created, accessed, or utilized at any time between January 26, 2020 and the present, and were created, accessed, or utilized to store or backup multimedia files (e.g., MP4, HEIC, JPG, JPEG, TIFF, GIF, etc.), text messages,

emails, and/or messages sent using messaging applications (e.g., WhatsApp), and/or independent backups of the devices themselves.  Any mobile device backups that were not created, modified, accessed, or used between January 26, 2020 and the present shall not be examined.  If the date of creation, access, or use of a mobile device backup is not readily detectable, such backup shall be subject to further examination consistent with the guidelines set forth herein.

e.      Performing analysis using hash values obtained from the Exemplar Photographs to identify exact hash matches as well as similar photographs through the use of fuzzy hashing;

f.      Performing analysis of communications and file transfer applications—including but not limited to Signal, Telegram, WhatsApp, AirDrop, or Snapchat—used on or after January 26, 2020, to locate information related to the Photos, including any references to the Photos or any evidence of transfer of the Photos;

g.      Performing analysis to determine if there is any other evidence related to the Photos or activity involving the Photos based on the applications installed and data available on each of the Forensic Images and Examiner Images. For iOS devices, this includes an analysis of the photos.sqlite database.

h.      Utilizing software tools such as Cellebrite Physical Analyzer to carve for file types commonly associated with photos or images.

i.      Utilizing skin tone analysis features within software tools such as Cellebrite Physical Analyzer.

j.      Exporting a timeline of parsed artifacts during the date range deemed relevant to the issue at hand.

13.    While the analysis and examples listed in the foregoing paragraphs are drafted to allows the Forensic Examiner to make adjustments as needed—understanding that an inspection must have certain flexibility—the use of the language "including but not limited to" and other similar language is not meant to

broaden the scope of the inspection beyond information related to the creation, possession, access, dissemination, use, storage, downloading, or deletion of the Photos.

14.     For the avoidance of doubt, so long as the Forensic Examiner's analysis is focused on the objectives described in Paragraph 8 (information related to the creation, possession, access, dissemination, use, storage, downloading, or deletion of the Photos), the Forensic Examiner's analysis shall include searching within data space containing active files, data fragments, log files, application data, slack space, and unallocated or deleted space, and other artifacts that can lead to an understanding of the content and historical use of the Digital Media, to the extent available.

15.     The Forensic Examiner's analysis and reporting shall be limited to the time period of January 26, 2020, forward, to the extent dates can be examined on each piece of data being analyzed.  This should not prohibit the examination of undated data or data with possibly corrupt dates that are responsive to the searching processes and parameters described above.

16.     From the date that the Forensic Examiner receives the Forensic Images and Examiner Images, the Forensic Examiner shall have 30 days to conduct the inspection and analysis.  Should the Forensic Examiner need more time to complete the inspection, the Parties will be provided with reasonable notification of that need, and the Parties will meet-and-confer to discuss that need and whether additional time will be granted.

17.     All software and hardware tools used for the inspection, search, examination, and documentation will be industry-standard, peer-tested tools and methods, and able to be authenticated under the *Daubert* standard.

1   **V.    THE FORENSIC EXAMINER'S FINDINGS**

2        18.    As used herein, "Findings" shall mean all information or materials

3   related to the creation, possession, access, dissemination, use, storage, downloading,

4   or deletion of the Photos derived by the Forensic Examiner from his inspection and

5   analysis of the Digital Media.  In addition to content documents, the Findings may

6   include Excel spreadsheet listings of non-content files containing relevant artifacts

7   or metadata found on the Digital Media.

8        19.    So that Defendants may identify material that is privileged, work

9   product, or otherwise protected against disclosure, the Forensic Examiner will report

10  all Findings required by this Protocol and any supporting information necessary to

11  interpret such Findings to Defendants (the "Forensic Examiner's Report") within 30

12  days after initiation of the inspection, unless the Parties agree upon an extension as

13  provided in Paragraph 16 above.  Defendants will complete their review in

14  accordance with Paragraph 27 below within 7 business days.  After Defendants have

15  reviewed the Forensic Examiner's Report, the Forensic Examiner shall produce the

16  Forensic Examiner's Report to counsel for Plaintiffs.  The Forensic Examiner's

17  Report disclosed to Plaintiffs shall include all Findings that are not designated by

18  Defendants as privileged, work product, or otherwise protected against disclosure

19  within the 7-day period.

20       20.    Any employees of the Forensic Examiner's firm that are engaged in the

21  device inspection process set forth herein, all of whom shall sign Exhibit B as

22  provided in Paragraph 3, shall not communicate with any other employee of the

23  Forensic Examiner's firm regarding the content of any Findings prior to their

24  disclosure to Plaintiffs' counsel pursuant to this Protocol, and shall not reveal or

25  discuss with anyone (including any other employee of the Forensic Examiner's firm

26  or any counsel for Plaintiffs), at any time, the content of any Findings designated by

27  Defendants as privileged or otherwise protected from disclosure, unless and until

28  such Findings are subsequently determined to be subject to disclosure pursuant to

1    this Protocol, either by agreement of the parties or by order of the Court.  Further,

2    any employee of the Forensic Examiner's firm who was engaged in the device

3    inspection process shall not reveal or discuss with anyone (including any other

4    employee of the Forensic Examiner's firm or any counsel for Plaintiffs) any content

5    of the Digital Media that (1) falls outside the scope of the inspection as described in

6    Paragraph 8, or (2) falls outside of the Findings provided to Defendants' counsel for

7    review.

8        21.    While the Forensic Examiner may testify at trial regarding the

9    Findings, neither Defendants nor Plaintiffs need to disclose the Forensic Examiner

10   pursuant to Rule 26(a)(2).  Any individual who testifies as an expert witness for

11   Defendants or Plaintiffs, or who Defendants or Plaintiffs expect will or may so

12   testify, shall not have performed the device inspection him- or herself, but such

13   expert witness may nonetheless review, inspect, and/or discuss the Forensic

14   Examiner's Report that has been disclosed pursuant to this Protocol in its entirety

15   and without limitation.  Any such expert witness retained for Defendants or

16   Plaintiffs may provide a report pursuant to Rule 26(a)(2) regarding the Findings no

17   later than 14 days after the Forensic Examiner's Report has been disclosed pursuant

18   to this Protocol, but the Parties agree to meet and confer about reasonable extensions

19   for such reports should additional time be necessary and appropriate.

20   **VI.    CUSTODY OF EXAMINATION MATERIALS**

21       22.    The Forensic Examiner shall maintain the Forensic Images and the

22   Examiner Images in a secure facility operated by the Forensic Examiner and, except

23   as directed otherwise by joint stipulation of the parties or order of the Court, shall

24   retain custody of the Forensic Images and the Examiner Images until the litigation

25   has come to an end (i.e., the cases have been dismissed and after all appeals have

26   been exhausted, assuming there are any appeals).  The Forensic Examiner shall not

27   disclose or permit any such disclosure of the contents of the Digital Media to

28

anyone—including the parties to this litigation and their attorneys or agents—directly or indirectly, except as expressly provided for herein.

23.    At the conclusion of the litigation, the Forensic Examiner shall be instructed in writing to return, delete, or otherwise destroy any images, back-up copies, and any exported data.  The Forensic Examiner will provide a declaration signed under penalty of perjury to the Parties certifying and confirming the return or destruction of any images, back-up copies, and exported data.

## VII.  COMMUNICATIONS

24.    During the forensic examination, if a question or issue arises relating to this Protocol, the Forensic Examiner must contact both Parties to discuss the question or issue.  The Parties shall meet and confer in an attempt to resolve the question or issue.

25.    All communications between the Forensic Examiner and either of the Parties during the forensic examination must be conducted by email to counsel for both Parties.  If necessary, the Forensic Examiner will email jtokoro@millerbardondess.com, counsel for Defendants, and jennifer.bryant@mto.com, jmjlaw@aol.com, boyle@psblaw.com, and sanvictores@psblaw.com, counsel for Plaintiffs.

## VIII.  CONFIDENTIALITY, PRIVACY, AND PRIVILEGE

26.    The Digital Media may contain information which implicates privacy rights, confidentiality rights, or that is privileged and protected from disclosure under the attorney-client privilege, the attorney work produce doctrine, or other applicable privileges or protections.  To protect those rights, the Forensic Examiner will not perform any examination function except in exact conformity with this Protocol.  In conducting the examination, the Forensic Examiner will strictly adhere to the terms of the Protocol, and shall not expand the scope of the examination beyond the agreed-upon scope set forth in Paragraph 8 above.

27.     Defendants shall have 7 business days to review the Forensic Examiner's Findings for third-party privacy, protected health information, social security numbers and dates of birth, attorney-client privilege, attorney work product, or any other applicable privileges or protections.

a.     Within 7 business days of receiving the Findings from the Forensic Examiner, counsel for Defendants shall produce to the Forensic Examiner and counsel for Plaintiffs a privilege log which complies fully with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A), identifying those Findings that Defendants maintain are subject to the attorney-client privilege or work product doctrine, or are otherwise not subject to disclosure.

b.     During the 7-day period, Defendants may also designate the Findings, where appropriate, as "CONFIDENTIAL" or "CONFIDENTIAL— ATTORNEYS' EYES ONLY," as provided by the Stipulated Protective Order.  The Forensic Examiner will sign Exhibit A of the Stipulated Protective Order, certifying under penalty of perjury that he has read and understands the Protective Order and agrees to follow the procedures defined therein.

c.     To the extent Defendants identify data or information that they believe may involve a third-party's privacy rights, Defendants may provide written notice to the relevant third-parties of the pendency and nature of the forensic examination and the private information in the Findings.  Those third parties may object to the disclosure of their private information within 7 days from the date of the written notice and seek an appropriate protective order from the Court.  The Parties agree to meet and confer regarding the form of the notice, including the procedure for objection and the method of delivery.  If no third-party objections are lodged within 7 days, the files or data at issue will be included in the Findings disclosed to Plaintiffs.

d.     As to only those Findings over which a claim of privilege or protection has been made, within 7 business days of receiving the privilege log,

1  Plaintiffs shall notify Defendants of any challenges to its privilege or privacy
2  assertions, after which the parties shall jointly and immediately request an *in camera*
3  hearing with the Magistrate Judge to resolve the privilege disputes.  In connection
4  with the *in camera* hearing, each party may submit a position paper of no more than
5  5 pages to the Court.  While the dispute is pending, none of the disputed Findings
6  will be provided to Plaintiffs.

7          e.     If the Findings requiring review are unexpectedly large or
8  voluminous, Parties shall meet and confer in an attempt to agree upon an updated
9  time frame for this review process, or, if the parties are unable to reach agreement
10  after meet-and-confer, either party may seek relief from the Court.

11      28.     The parties agree that the procedures described herein shall not
12  constitute a waiver of any claim of attorney-client privilege, work product
13  protection, or any other protection against disclosure, or any rights to clawback or to
14  confidentiality under the Stipulated Protective Order or otherwise, with respect to
15  (a) the Findings, or (b) the conduct, notes, searches, search terms, communications,
16  or any other act performed by any expert or attorney in connection with the Digital
17  Media.  In addition, the fact that Forensic Examiner has been permitted to view,
18  copy, export, summarize, take notes of, or otherwise access any particular material
19  contained on the Digital Media shall not give rise to any inference that such material
20  is not privileged, work product, or otherwise protected from disclosure.  Any
21  inadvertent disclosure to the Forensic Examiner, or from the Forensic Examiner, of
22  information protected by any privilege, the attorney work product doctrine, or the
23  right to privacy will likewise not constitute a waiver.

24  **IX.   COSTS**

25      29.     To the extent any of the Digital Media have not been previously
26  forensically imaged by Defendants, Defendants will be responsible for all fees and
27  costs incurred to create the Examiner Images.

28

30.     Plaintiffs and Defendants will share on a 50-50 basis the fees and costs incurred for the Forensic Examiner's inspection and analysis of the Forensic Images and Examiner Images.

31.     The Parties will be responsible for their own attorneys' fees or any other costs or fees associated with the forensic examination.

## X.     PLAINTIFFS' RESERVATION OF RIGHTS TO SEEK ADDITIONAL INFORMATION

32.     Based on the results of the forensic examination executed pursuant to this Protocol, and any new additional information obtained during the execution of this Protocol or otherwise in discovery, Plaintiffs reserve the right to request additional information from Defendants and third parties.

33.     If the Parties disagree about any supplemental requests for information, they shall meet and confer in good faith before seeking relief from the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  September 8, 2021          MUNGER, TOLLES & OLSON LLP


By:   /s/ Luis Li
       LUIS LI
       Attorneys for Plaintiff
       VANESSA BRYANT

1    DATED:  September 8, 2021          JEROME M. JACKSON LAW OFFICES

2

3

4                                       By:    /s/ Jerome M. Jackson
                                               JEROME M. JACKSON
5                                              Attorneys for Plaintiffs
                                               CHRISTOPHER L. CHESTER; R.C.; and
6                                              H.C.

7

8
     DATED:  September 8, 2021          PANISH SHEA & BOYLE LLP
9

10

11                                      By:    /s/ Kevin R. Boyle
12                                             KEVIN R. BOYLE
                                               Attorneys for Plaintiffs
13                                             MATTHEW MAUSER; T.M.; P.M.; and
                                               I.M; J.J.; and ALEXIS ALTOBELLI
14

15

16   DATED:  September 8, 2021          OFFICE OF COUNTY COUNSEL

17

18
                                        By:    /s/ Jonathan C. McCaverty
19                                             JONATHAN C. McCAVERTY
20                                             Attorneys for Defendant
                                               LOS ANGELES COUNTY SHERIFF'S
21                                             DEPARTMENT

22

23

24

25

26

27

28

1   DATED:  September 8, 2021          MILLER BARONDESS, LLP

2

3

4                                              By:    /s/ Louis R. Miller

5                                                     LOUIS R. MILLER
                                                      Attorneys for Defendants
6                                                     COUNTY OF LOS ANGELES, LOS
                                                      ANGELES COUNTY FIRE
7                                                     DEPARTMENT, JOEY CRUZ, RAFAEL
                                                      MEJIA, MICHAEL RUSSELL, and
8                                                     RAUL VERSALES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **SIGNATURE ATTESTATION**

2        The other signatories listed, and on those behalf the filing is submitted,

3  concur in the filing's content and have authorized the filing.

4

5  DATED:  September 8, 2021        MILLER BARONDESS, LLP

6

7                                              By: _____/s/ Louis R. Miller_____

8                                                   LOUIS R. MILLER

9                                                   Attorneys for Defendants
                                                    COUNTY OF LOS ANGELES, LOS
10                                                  ANGELES COUNTY FIRE
                                                    DEPARTMENT, JOEY CRUZ, RAFAEL
11                                                  MEJIA, MICHAEL RUSSELL, and
12                                                  RAUL VERSALES

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A**

## **ACKNOWLEDGMENT OF PROTOCOL AND DIRECTIVES**

I hereby acknowledge that I, _____ at _____, have been given a copy of the Protocol for Forensic Examination for the cases, *Bryant v. County of Los Angeles, et al.*, United States District Court for the Central District of California, Case No. 2:20-cv-09582-JFW-E; *Chester v. County of Los Angeles, et al.*, United States District Court for the Central District of California, Case No. 2:20-cv-10844-JFW-E; *Mauser v. County of Los Angeles, et al.*, United States District Court for the Central District of California, Case No. 2:21-cv-00497-JFW-E; and *Altobelli v. County of Los Angeles, et al.*, United States District Court for the Central District of California, Case No. 2:21-cv-04663-JFW-E.

I certify under penalty of perjury that I have read the Protocol, and agree to be bound by its terms.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _____ day of _____, 20___, at _____.

_____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number