LUIS LI (State Bar No. 156081)
luis.li@mto.com
CRAIG JENNINGS LAVOIE (State Bar No. 293079)
craig.lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
jennifer.bryant@mto.com
MARI T. SAIGAL (State Bar No. 318556)
mari.saigal@mto.com
BRANDON E. MARTINEZ (State Bar No. 318749)
brandon.martinez@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>        Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>        Defendants. | Case No. 2:20-cv-09582-JFW-E<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF JENNIFER L. BRYANT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF LOS ANGELES'S MOTION TO COMPEL**<br><br>Assigned to the Hon. John F. Walter and Magistrate Judge Charles F. Eick<br><br>Date:        October 15, 2021<br>Time:        9:30 a.m.<br>Courtroom:  750<br><br>Discovery Cutoff: November 29, 2021<br>Pretrial Conference: February 4, 2022<br>Trial:   February 22, 2022 |

## DECLARATION OF JENNIFER L. BRYANT

I, Jennifer L. Bryant, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am an attorney at the law firm of Munger, Tolles & Olson LLP and counsel of record for Plaintiff Vanessa Bryant in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein. I make this declaration in support of Plaintiffs' opposition to the motion to compel brought by Defendant County of Los Angeles (the "County").

2. To date, Mrs. Bryant has not served any objections or responses to discovery in *Bryant v. Island Express Helicopters, Inc.*, No. 2:20-CV-08953 (C.D. Cal.) ("*Island Express*").

3. On August 19, 2021, the parties met and conferred via videoconference regarding the County's Second Set of Requests for Production ("RFPs"). Counsel for each of the four sets of Plaintiffs in the related cases that have been consolidated for purposes of discovery (*see* Dkt. No. 91) participated in the meet and confer with the County's counsel: myself and Brandon Martinez on behalf of Mrs. Bryant, Jerry Jackson on behalf of the Chester plaintiffs (2:20-cv-10844-JFW-E), and Kevin Boyle on behalf of the Altobelli (2:21-cv-04663-JFW-E) and Mauser (2:21-cv-00497-JFW-E) plaintiffs (collectively, "Plaintiffs' counsel").

4. During that videoconference, Plaintiffs' counsel asked the County's counsel several times to explain why the County thinks the settlement of an unrelated wrongful death action is relevant. After Plaintiffs' counsel asked what specifically in the *Island Express* settlement materials could possibly shed light on any issue in this case, the County's counsel said that Defendants "just think it would be helpful to know what the dollar amount is." Plaintiffs' counsel followed up by asking if the County thinks it would be legally entitled to an offset to account for the

1 | settlement.  The County's counsel said no.  When asked why, then, the County thinks the settlement is relevant, the County's counsel said Defendants think this case "is trying to fill a void" in the wrongful death action.

5. During the August 19 videoconference, Plaintiffs' counsel also advised that the *Island Express* parties negotiated a settlement of the *Island Express* case before depositions or any other material discovery and that there were no documents exchanged in that case related to Plaintiffs' mental or emotional harm.  At the conclusion of the videoconference, the County's counsel suggested that Plaintiffs provide more information about what responsive documents do and do not exist.  Plaintiffs' counsel said they would confer amongst themselves about potentially amending their responses to the RFPs to clarify the extent to which responsive documents do not exist.  The County did not follow up or engage in any further meet and confer prior to serving its motion to compel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of September, 2021, at Los Angeles, California.

*/s/ Jennifer L. Bryant*
———————————————
Jennifer L. Bryant