LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
CASEY B. SYPEK (State Bar No. 291214)
csypek@millerbarondess.com
EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
esanchirico@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, and RAUL VERSALES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>          Defendants. | **CASE NO. 2:20-cv-09582-JFW-E**<br><br>**DISCOVERY MATTER**<br><br>**NOTICE OF MOTION AND JOINT STIPULATION REGARDING DEFENDANT COUNTY OF LOS ANGELES' MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFFS**<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick<br><br>Hearing Date: November 5, 2021<br>Time: 9:30 a.m.<br>Place: Courtroom 750<br><br>Discovery Cutoff: November 29, 2021<br>Pretrial Conference: February 4, 2022<br>Trial: February 22, 2022 |

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

535866.

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on November 5, 2021 at 9:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 750 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendant County of Los Angeles (the "County") will and hereby does move pursuant to Federal Rule of Civil Procedure 35 for an order compelling Plaintiffs Vanessa Bryant; Matthew Mauser; P.M., T.M., and I.M.; Christopher L. Chester; R.C. and H.C.; and John James Altobelli and Alexis Altobelli (collectively, "Plaintiffs") to appear for independent medical examinations ("IMEs") conducted by Marc A. Cohen, M.D. (for Plaintiffs age 17 and up) and Christopher R. Thompson, M.D (for the child/adolescent Plaintiffs P.M., T.M. and I.M.).

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37-2, the County respectfully submits the following Joint Stipulation Regarding Motion to Compel Independent Medical Examinations of Plaintiffs.  Plaintiffs have put their mental condition in controversy by asserting claims for ongoing, severe emotional distress, anxiety and depression.  IMEs are not only relevant, but necessary for the County to mount its defense to these claims and to evaluate the existence, extent and nature of Plaintiffs' alleged emotional injuries.

This Motion is based upon this Notice of Motion, the Joint Stipulation, the Declaration of Casey B. Sypek and exhibits thereto, the Declaration of Marc A. Cohen, M.D. and exhibits thereto, the Declaration of Christopher R. Thompson, M.D. and exhibits thereto, and any other papers or argument of counsel that may be filed or submitted in connection with this Motion.

In accordance with Local Rule 37-1, the County met and conferred with Plaintiffs in good faith before filing this Motion.  (*See* Declaration of Casey B. Sypek ¶¶ 16-20 & Exs. O-R.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   DATED:  October 15, 2021          MILLER BARONDESS, LLP

2

3

4                                     By: _____

5                                         CASEY B. SYPEK
                                          Attorneys for Defendants
6                                         COUNTY OF LOS ANGELES, LOS
                                          ANGELES COUNTY FIRE
7                                         DEPARTMENT, JOEY CRUZ, RAFAEL
                                          MEJIA, MICHAEL RUSSELL, and
8                                         RAUL VERSALES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................ 8

    A. The County's Position ...................................................... 8

    B. Plaintiffs' Position .......................................................... 9

II. ARGUMENT ............................................................................. 12

    A. The County's Position .................................................... 12

        1. Legal Standard .................................................... 12

        2. Plaintiffs Have Put Their Mental State in Controversy ............. 13

        3. There Is Good Cause to Conduct Plaintiffs' Examinations ....... 15

        4. The IMEs The County Seeks Are Reasonable ........................... 18

        5. The Court Should Award Sanctions ......................................... 20

    B. Plaintiffs' Position ........................................................ 20

        1. The County's Motion Is Untimely.............................. 20

        2. The County Has Not Carried Its Burden To Justify Such Intrusive Discovery ............ 23

III. CONCLUSION ......................................................................... 30

    A. The County's Position .................................................... 30

    B. Plaintiffs' Position ........................................................ 30

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

MOTION AND JOINT STIPULATION REGARDING THE COUNTY'S MOTION TO COMPEL
INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFFS

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Alexis v. Rogers*,
   No. 15cv691-CAB (BLM), 2017 WL 1073404
   (S.D. Cal. Mar. 21, 2017) ...................................................................... 15

*Ayat v. Societe Air France*,
   No. C 06-1574 JSW (JL), 2007 WL 1120358 (N.D. Cal. Apr. 16, 2007) ...... 16

*Brill v. Napolitano*,
   No. CV 09-0421-PSG(RCx), 2010 WL 11509081
   (C.D. Cal. Apr. 26, 2010) ...................................................................... 17

*Camacho v. McCarthy*,
   No. EDCV 15-2043-JGB (KKx), 2020 WL 2510544
   (C.D. Cal. Mar. 30, 2020) ...................................................................... 17

*Diaz v. Con-Way Truckload, Inc.*,
   279 F.R.D. 412, 419 (S.D. Tex. 2012) ............................................... 21, 22

*Elmansoury v. City of Garden Grove*,
   No. SA CV 17-01269-DOC (DFMx), 2019 WL 2871159
   (C.D. Cal. Mar. 26, 2019) ................................................................. 18, 30

*Enwere v. Terman Assocs., L.P.*,
   No. C 07-1239 JF (PVT), 2008 WL 5146617
   (N.D. Cal. Dec. 4, 2008) .................................................................. 13, 16

*Flack v. Nutribullet, L.L.C.*,
   333 F.R.D. 508 (C.D. Cal. 2019) ............................................................ 14

*Franco v. Bos. Sci. Corp.*,
   No. 05-CV-1774 RS, 2006 WL 3065580
   (N.D. Cal. Oct. 27, 2006) ................................................................. 15, 17

*Gabriel v. Johanns*,
   No. CIV S-07-0300 LKK EFB, 2007 WL 4170635
   (E.D. Cal. Nov. 19, 2007) ................................................................. 16, 17

*Gavin v. Hilton Worldwide, Inc.*,
   291 F.R.D. 161 (N.D. Cal. 2013) ............................................................ 14

*Granados v. GEO Grp., Inc.*,
   No. SA CV 20-00478-DOC (DFMx), 2020 WL 6694346
   (C.D. Cal. Oct. 15, 2020) ......................................................... 11, 21, 23

*Hernandez v. Simpson*,
   No. ED CV 13-2296–CBM (SPx), 2014 WL 4090513
   (C.D. Cal. Aug. 18, 2014), .......................................................... 25, 26, 28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

*Houghton v. M&F Fishing, Inc.*
   198 F.R.D. 666, 669 (S.D. Cal. 2011)......................................................24, 28

*Land v. Denny's, Inc.,*
   133 F.3d 927 (9th Cir. 1997) ...............................................................20

*Lopez v. City of Imperial,*
   No. 13–0597–BEN (WVG), 2014 WL 232271
   (S.D. Cal. Jan. 21, 2014) ...............................................................22

*M & F Fishing, Inc. v. Certain Underwriters at Lloyds,*
   No. 06CV0934-DMS (BLM), 2007 WL 9706573
   (S.D. Cal. Apr. 13, 2007) ...............................................................20

*Mavrix Photographs LLC v. Intergroup Vista, LLC,*
   No. 2:15–cv–01207–SVW–JC, 2015, 2015 WL 12832043
   (C.D. Cal. June 2, 2015).................................................................22

*Minnard v. Rotech Healthcare Inc.,*
   No. S-06-1460 GEB GGH, 2008 WL 150502 (E.D. Cal. Jan. 15, 2008).......22

*Montez v. Stericycle, Inc.,*
   No. 1:12–cv–0502–AWI–BAM, 2013 WL 2150025
   (E.D. Cal. May 16, 2013) ...............................................................24

*Nguyen v. Regents of the Univ. of California,*
   No. 8:17-cv-00423-JVS-KESx, 2018 WL 6112617
   (C.D. Cal. July 26, 2018)......................................................22, 25, 28

*Perez v. Viens,*
   No. 4:09CV3206, 2011 WL 855673 (D. Neb. March 8, 2011) ....................22

*Pringle v. Wheeler,*
   No. 19-cv-07432-WHO, 2021 WL 1907824
   *(N.D. Cal. April 16, 2021)* ........................................................24, 26

Ragge v. MCA/Universal Studios,
   165 F.R.D. 605 (C.D. Cal. 1995) ......................................................12, 16

*Richard Martin Franco, Jr. v. City of West Covina,*
   No. 5:18-cv-02587-JGB (SHKx), 2020 WL 2495140 (C.D. Cal. Jan.
   17, 2020)...............................................................................14

*Rund v. Charter Comm, Inc.,*
   No. S-05-0502 FCD GGH, 2007 WL 312037
   *(E.D. Cal. Jan. 30, 2007)* ........................................................23, 24

*Schlagenhauf v. Holder,*
   379 U.S. 104 (1964) ...........................................................9, 13, 23

*Smith v. Equinox Holdings, Inc.,*
   No. 14–cv–00846–LB, 2015 WL 628361
   (N.D. Cal. Feb. 12, 2015)...........................................................20, 24

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

*Tan v. City & County of San Francisco*,
No. C 08–01564 MEJ, 2009 WL 594238 (N.D. Cal. Mar. 4, 2009)..............13

*Tennison v. City & Cnty. of San Francisco*,
No. C-04-0574 CW (EMC), 2005 WL 8160037
(N.D. Cal. July 5, 2005) ....................................................................12, 26, 30

*Turner v. Imperial Stores*,
161 F.R.D. 89 (S.D. Cal. 1995)...............................................................passim

## STATE CASES

*Vinson v. Superior Court*,
43 Cal. 3d 833 (1987)........................................................................14

## FEDERAL RULES

Fed. R. Civ. P. 35..............................................................................12, 13

Fed. R. Civ. P. 35(a) .........................................................................12, 13

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION AND JOINT STIPULATION REGARDING THE COUNTY'S MOTION TO COMPEL
INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFFS

# JOINT STIPULATION

## I.    INTRODUCTION

### A.    The County's Position

Plaintiffs are suing Defendant County of Los Angeles (the "County") for tens of millions of dollars based solely on their claimed "severe emotional distress." Despite putting their mental condition front and center in this case, Plaintiffs refuse to submit to independent medical examinations ("IMEs").  The County brings this motion to compel IMEs of the Plaintiffs, which are necessary to evaluate the existence, extent and nature of Plaintiffs' alleged emotional injuries.  Plaintiffs cannot claim that they are suffering from ongoing depression, anxiety and severe emotional distress and then balk at having to support their claims.

Plaintiffs' claims arise from the investigation of a tragic helicopter crash that took the lives of nine individuals.  Plaintiffs, the surviving family members of the crash victims, assert claims for violation of the Fourteenth Amendment, negligence, invasion of privacy and intentional infliction of emotional distress.  The basis for these claims is that Defendants showed accident site photos to other government personnel and to a bartender.  None of the photos were sent to anyone outside the County.  Plaintiffs allege that, as a result of this conduct by Defendants, they have suffered and continue to suffer severe emotional distress, depression, anxiety, constant fear and continuous agony.  Plaintiffs claim that, because of Defendants' conduct, it is "impossible for [them] to have any peace of mind ever again." (Declaration of Casey B. Sypek ("Sypek Decl.") Ex. Y at 8:12-13.)  Plaintiffs' only and entire damages claims are for these mental and emotional injuries.

Defendants' position is that, while Plaintiffs have undoubtedly suffered severe distress and trauma from the crash and resulting loss of their loved ones, their distress was not caused by Defendants or any accident site photos that were never publicly disseminated.  IMEs are not only necessary to evaluate the nature and extent of Plaintiffs' alleged injuries, they are critical to the County's defense.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

Accordingly, Defendants asked Plaintiffs to stipulate to IMEs with properly trained, board-certified forensic psychiatrists.  (Sypek Decl. ¶ 16.)  After weeks of stalling and evading, Plaintiffs refused to submit to IMEs, necessitating this motion. (*Id.* ¶¶ 16-20.)

The United States Supreme Court has held that a plaintiff who alleges mental injury places his or her mental condition in controversy and provides a defendant with good cause for an IME to determine the existence and extent of that injury. *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).  Plaintiffs' claimed mental and emotional injuries are all over their complaints, discovery responses and briefing submitted to this Court.  On top of that, Plaintiff Bryant has designated a lineup of celebrity witnesses to come into court and corroborate her claims of severe emotional distress.  (Sypek Decl. Ex. N at 6-9.)  Plaintiffs are not entitled to a one-sided recitation of their injuries at trial.  IMEs are not only warranted, they are critical to a fair trial.

Plaintiffs' refusal to stipulate to IMEs is not in good faith and warrants sanctions.  The County respectfully requests that this Court order Plaintiffs to submit to IMEs and pay the County's fees and costs incurred in filing this motion. Alternatively, the Court should issue an order precluding Plaintiffs from presenting evidence of their mental and emotional injuries at trial.

## B.   Plaintiffs' Position

Unable to defend the indefensible conduct of its employees who took and shared horrific photographs of Plaintiffs' deceased loved ones, and with just a few weeks remaining before fact discovery closes, the County has resorted to scorched-earth discovery tactics designed to bully Plaintiffs into abandoning their pursuit of accountability.  After seeking intrusive discovery into everything from Plaintiffs' privileged therapist records and middle school report cards (Bryant Decl. ¶¶ 2–3), the County now seeks to compel the victims of its employees' misconduct—

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

including four teenagers, a 10-year-old child, and a 5-year-old kindergartener—to undergo involuntary psychiatric examinations.

Adding insult to injury, the County is making this demand while simultaneously refusing to make two of its key witnesses (Sheriff Villanueva and Fire Chief Osby) available for a routine deposition. Apparently, in the County's estimation, top officials should be shielded from providing any testimony, but the victims should not only withstand the emotional toll of a full-day deposition, but also submit to an *eight-hour* involuntary psychiatric examination (Cohen Decl. ¶ 6) simply because they had the audacity to demand accountability for Defendants' disrespect of the dead and callous intrusion upon their private grief.

One hopes that the County's eleventh-hour intimidation tactic is not supported by the Board of Supervisors—Hilda Solis, Holly Mitchell, Sheila Kuehl, Janice Hahn, and Kathryn Barger—who have often clashed with the Sheriff over his many abuses.[1] (*See* Bryant Decl. ¶ 10.) But whatever the Board's position, the County's position is not supported by the law.

For one, the County's request is too little, too late. The County has indicated that it intends to use its proposed examining psychiatrists as expert witnesses. (*See* Bryant Decl. ¶ 4, Ex. C.) Under the Court's scheduling order, the County was obligated to exchange the psychiatrists' Rule 35 reports by no later than October 4. (*See id.* ¶¶ 7–8.) But the County chose to sit on its hands until a mere eighteen days

---

[1] *See, e.g.*, Ryan Carter, *LA County Formally Outlines Ways Supervisors Could Remove Sheriff*, Los Angeles Daily News, Jan. 26, 2021, https://www.dailynews.com/2021/01/26/la-county-formally-outlines-ways-supervisors-could-remove-sheriff/; Robert Garrova, *What Does the Public Battle Between LA County Sheriff and Supervisors Mean for Constituents?*, LAist.com, July 28, 2020, https://laist.com/news/sheriff-villanueva-budget-la-malinche-mad-max-social-media; Maya Lau, *L.A. County Supervisors Admonish Alex Villanueva for Rehiring Deputy Accused of Abusing and Stalking Woman*, L.A. Times, Jan. 29, 2019, https://www.latimes.com/local/lanow/la-me-losangeles-supervisors-sheriff-villanueva-20190129-story.html.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   before the court-ordered expert deadline to even approach Plaintiffs about the issue.

2   The expert deadline has now passed, and the November 29 close of fact discovery is

3   fast approaching.  The County has not even tried to defend its delay.  The County

4   cannot use this discovery motion as a back door to amend the scheduling order.  Nor

5   can the IME process be fairly completed in the few weeks that remain.  After the

6   examinations themselves, reports would have to be exchanged, Plaintiffs would

7   have to designate rebuttal experts, and both sides' experts would have to be

8   deposed.  "The Federal Rules and the Court's scheduling order are designed to

9   prevent a last-minute scramble of the type that would be necessary under these

10   circumstances."  *Granados v. GEO Grp., Inc.*, 2020 WL 6694346, at *2 (C.D. Cal.

11   Oct. 15, 2020).  The County should not be able to profit from creating a compressed

12   timeline for an entire swath of expert discovery.

13       Setting aside that the time has passed for IMEs, the County's motion also fails

14   on the merits because Plaintiffs seek damages for the emotional distress that should

15   reasonably be expected after Defendants' mistreatment of Plaintiffs' loved ones'

16   remains came to light.  Plaintiffs have not asserted any specific mental or psychiatric

17   disorder and have no intent of relying upon any treating therapists or medical

18   evidence.  Nor have Plaintiffs advanced any expert testimony about their emotional

19   distress.  It does not take an expert—and it certainly does not take an involuntary

20   eight-hour psychiatric examination—for a jury to assess the nature and extent of the

21   emotional distress caused by Defendants' misconduct.  The Sheriff himself has

22   explained that taking photos of the dead "harms people [who] suffered a tragedy

23   already."[2]  Plaintiffs' disgust, distress, and fears are the feelings that any reasonable

24   person would experience if the public officials entrusted to protect the dignity of

25   their deceased family members snapped graphic photos of their loved ones' remains,

26   _____

27   [2]  https://www.facebook.com/watch/live/?v=875675446231021&ref=watch_

28   permalink.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

used the photos for cocktail-hour entertainment, and failed to contain and secure the photos. The requested mental examinations are unwarranted because Plaintiffs are claiming emotional distress that any reasonable person victimized by Defendants' misconduct would experience. *See, e.g.*, *Tennison v. City & Cnty. of San Francisco*, 2005 WL 8160037, at *4 (N.D. Cal. July 5, 2005) (denying Rule 35 motion where plaintiffs did not claim distress "other than that 'normally associated'" with the wrongful imprisonment at issue (citation omitted)). The County's motion should be denied.

## II.   ARGUMENT

### A.   The County's Position

#### 1.   Legal Standard

Federal Rule of Civil Procedure 35(a) provides, in relevant part:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

The purpose of Rule 35 is "to 'level the playing field' between parties in cases in which a party's physical or mental condition is in issue. '[G]ranting a request for a psychiatric examination pursuant to Rule 35 is to preserve [ ] the equal footing of the parties to evaluate the plaintiff's mental state . . . ." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995) (alterations in original) citation omitted). "Only if no additional relevant information could be gained by an examination of [plaintiff] should the motion for a psychiatric examination be denied." *Id.* (alteration in original) (citation omitted).

Thus, under Rule 35, a defendant is entitled to conduct a mental examination of a plaintiff if it demonstrates that: (1) the plaintiff has placed his or her mental

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

condition in controversy; and (2) good cause exists for the examination. *Schlagenhauf*, 379 U.S. at 119; *Turner v. Imperial Stores*, 161 F.R.D. 89, 92 (S.D. Cal. 1995).

Although there is a constitutional right to privacy, that right is "conditional rather than absolute" and "is waived when a plaintiff raises before the court issues concerning her mental and emotional condition and seeks damages for mental and emotional injuries." *Enwere v. Terman Assocs., L.P.*, No. C 07-1239 JF (PVT), 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008). Rule 35 is to be "construed liberally to allow the examination." *Tan v. City & County of San Francisco*, No. C 08-01564 MEJ, 2009 WL 594238, at *2 (N.D. Cal. Mar. 4, 2009). For the reasons set forth below, the County is entitled to IMEs of each of the Plaintiffs.

### 2.   Plaintiffs Have Put Their Mental State in Controversy

Plaintiffs' entire lawsuit is based on their severe emotional distress and ongoing fear, anxiety and depression. Their mental state is front and center in this case. A plaintiff puts his or her mental state in controversy if one or more of the following factors are present: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; or (4) plaintiff concedes that his mental condition is "in controversy" within the meaning of Rule 35(a). *Turner*, 161 F.R.D. at 95. All of the *Turner* factors are present here.

Plaintiffs' only and entire damages claims are for emotional distress. (Sypek Decl. Ex. A ¶¶ 86, 92, 98, 105, 113; Ex. B ¶¶ 28, 36, 47, 56; Ex. C ¶¶ 31, 40, 52, 69; Ex. D ¶¶ 29, 38, 50, 58, 67.) Plaintiffs allege that Defendants' conduct has caused them "severe emotional distress" and "constant fear." (*Id.* Ex. A ¶ 9; Ex. B ¶ 12; Ex. C ¶ 9; Ex. D ¶ 9.)

Plaintiffs also allege that Defendants' conduct has caused them to suffer from anxiety and depression—specific, diagnosable psychiatric disorders. (Sypek Decl. Ex. A ¶ 73; Ex. B ¶ 12; Ex. C ¶ 9; Ex. D ¶ 9.) These allegations place Plaintiffs'

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

mental condition in controversy.  *See Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 514 (C.D. Cal. 2019) (seeking damages for ongoing severe emotional distress and depression puts extent and existence of mental injuries plainly "in controversy"); *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013) (finding mental condition in controversy where plaintiff alleged she suffers from chronic depression).

Plaintiffs' interrogatory responses echo the allegations about their severe emotional distress, ongoing anxiety, depression and other mental injuries.  (Sypek Decl. Ex. I at 19:9-21:16; Ex. J at 9:1-7; Ex. L at 12:18-27; Ex. M at 16:1-25:1.)

Moreover, Mauser and Altobelli have each asserted causes of action for intentional infliction of emotional distress.  (Sypek Decl. Exs. C & D.)  This, too, is sufficient to find their mental state in controversy for purposes of Rule 35.  *See Vinson v. Superior Court*, 43 Cal. 3d 833, 839 (1987) ("[A] party who chooses to allege that he has mental and emotional difficulties can hardly deny his mental state is in controversy."); *Gavin*, 291 F.R.D. at 164-65 (finding mental condition in controversy where complaint included claim for IIED).

According to Plaintiffs, "Defendants' actions have made it impossible for Plaintiffs to have any peace of mind ever again."  (Sypek Decl. Ex. Y at 8:12-13.) Bryant also alleges that Defendants' conduct "compounded the trauma" of losing her husband and daughter.  (*Id.* Ex. A ¶ 9.)  She further claims that, as a result of Defendants' conduct, "she lives in fear" and is "reluctant to use social media to interact directly with people."  (*Id.* Ex I at 21:14-16.)  These are not "garden variety" emotional distress damages; they are allegations of severe emotional trauma impacting Plaintiffs' everyday lives, placing their mental condition squarely in controversy.  *See Richard Martin Franco, Jr. v. City of West Covina*, No. 5:18-cv-02587-JGB (SHKx), 2020 WL 2495140, at *5 (C.D. Cal. Jan. 17, 2020) (allegations of anxiety, mental anguish, irritability, moodiness, depression, social withdrawal, and tearfulness put mental state in controversy); *Alexis v. Rogers*, No. 15cv691-

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   CAB (BLM), 2017 WL 1073404, at *3 (S.D. Cal. Mar. 21, 2017) (ordering IME

2   where plaintiff alleged ongoing "humiliation, embarrassment, emotional distress,

3   and mental anguish" and described her emotional distress as "severe").

4        Bryant has also designated seven celebrity witnesses to corroborate her claims

5   of emotional distress.  (Sypek Decl. Ex. N at 6-9.)  She cannot reasonably deny that

6   her mental condition is in controversy.

7        The *Turner* factors are well established here.

8        ### 3.   <u>There Is Good Cause to Conduct Plaintiffs' Examinations</u>

9        Plaintiffs are claiming severe and ongoing emotional distress, anxiety and

10  depression; and they are seeking tens of millions of dollars to compensate them for

11  their alleged mental and emotional injuries.  IMEs are essential to evaluate the

12  existence, extent and cause of Plaintiffs' alleged harm.  There is good cause to order

13  IMEs of each of the Plaintiffs.

14       Courts consider many factors in determining whether there is "[g]ood cause"

15  under Rule 35, including but not limited to: (1) whether the plaintiff claims ongoing

16  emotional distress; (2) whether the desired materials are relevant; and (3) the

17  possibility of obtaining the desired information by other means.  *Franco v. Bos. Sci.*

18  *Corp.*, No. 05-CV-1774 RS, 2006 WL 3065580, at *1 (N.D. Cal. Oct. 27, 2006).

19  All of these factors weigh in favor of compelling Plaintiffs to submit to IMEs.

20       ***First***, Plaintiffs all claim their emotional and mental injuries are "ongoing,"

21  "constant" and "continuous."  (Sypek Decl. Ex. A ¶¶ 86, 92, 98, 105, 113; Ex. B

22  ¶¶ 28, 36, 47, 56; Ex. C ¶¶ 31, 40, 52, 69; Ex. D ¶¶ 29, 38, 50, 58, 67; Ex. I at 19:9-

23  21:16; Ex. J at 9:1-7; Ex. L at 12:18-27; Ex. M at 16:1-25:1.)  For example, Bryant's

24  interrogatory responses, verified under oath, state: "As a result [of Defendants'

25  conduct], Plaintiff *continues to suffer emotional distress and mental anguish*.  The

26  thought of government personnel betraying the public and Plaintiff's trust and using

27  these intensely private images for personal entertainment has already inflicted, *and*

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   *will continue to inflict pain and suffering on Plaintiff*."  (*Id.* Ex. I at 20:17-21

2   (emphasis added).)

3       Chester similarly contends that the anxieties caused by Defendants "will

4   accompany [him] the rest of [his] life."  (Sypek Decl. Ex. M at 24:27-28.)  Plaintiffs

5   also argued in recent briefing to this Court that they suffer "constant fear and

6   anxiety that [they] may one day confront the appalling photos on the internet."  (*Id.*

7   Ex. Y at 8:9-12.)

8       Because Plaintiffs allege ongoing emotional injuries, there is good cause to

9   conduct their IMEs.  *Enwere*, 2008 WL 5146617, at *4 (finding good cause for IME

10  where plaintiff claimed ongoing emotional and mental injuries); *Ragge*, 165 F.R.D.

11  at 609 (plaintiff's allegation that her emotional distress is ongoing was sufficient to

12  establish good cause); *Gabriel v. Johanns*, No. CIV S-07-0300 LKK EFB, 2007 WL

13  4170635, at *2 (E.D. Cal. Nov. 19, 2007) (ordering IME when plaintiff alleged

14  anticipated future emotional distress); *Ayat v. Societe Air France*, No. C 06-1574

15  JSW (JL), 2007 WL 1120358, at *4 (N.D. Cal. Apr. 16, 2007) (there was good

16  cause for IME where plaintiff alleged he "suffered and continues to suffer from

17  depression").

18      ***Second***, mental examinations of Plaintiffs are relevant and necessary to

19  evaluate the extent and cause of Plaintiffs' emotional distress and to ascertain any

20  preexisting conditions.  A central tenet of the County's defense is that Plaintiffs'

21  severe emotional and mental injuries were not caused by any conduct of Defendants,

22  but rather by the tragic helicopter crash and resulting deaths of their loved ones.

23  Plaintiffs cannot be suffering distress from accident site photos that they have never

24  seen and that were never publicly disseminated.

25      Indeed, Plaintiffs' own allegations conflate their alleged emotional injuries

26  with the trauma of losing their loved ones.  (Sypek Decl. Ex. A at ¶ 9 (alleging that

27  Defendants' conduct "compounded the trauma of losing Kobe and Gianna"); Ex. C

28  at ¶ 9 ("As if the tragically premature loss of their mother and wife was not enough .

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION AND JOINT STIPULATION REGARDING THE COUNTY'S MOTION TO COMPEL
INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFFS

. . [Plaintiffs] now suffer severe emotional distress . . . ."); Ex. D at ¶ 9 ("As if the tragically premature loss of their sister, mother and father were not enough . . . [Plaintiffs] now suffer severe emotional distress . . . ."); Ex. B at ¶ 12 ("Already devastated by the loss of wife, mother, daughter and sister, the Chester Plaintiffs suffered severe emotional distress . . . .").)

Accordingly, IMEs of Plaintiffs are critical to the County's defense and are necessary to explore the root of Plaintiffs' suffering.  *See Gabriel*, 2007 WL 4170635, at *2 (IME was warranted in part to determine whether other factors may have attributed to or exacerbated plaintiff's emotional injuries); *Camacho v. McCarthy*, No. EDCV 15-2043-JGB (KKx), 2020 WL 2510544, at *6 (C.D. Cal. Mar. 30, 2020) (finding good cause for IME where "there is a critical question regarding what portion of Plaintiff's depression is attributable to Defendant's alleged wrongful conduct and what portion is attributable to Plaintiff's other life circumstances").

Moreover, all of Plaintiffs' claims for monetary damages relate to their alleged emotional distress.  These are not "garden variety" claims where emotional distress damages are sought only as an adjunct to other claims.  The County is therefore entitled to IMEs.  *See Franco*, 2006 WL 3065580, at *1-2 (ordering IME where all or most of claims related to emotional distress); *Brill v. Napolitano*, No. CV 09-0421-PSG(RCx), 2010 WL 11509081, at *1-2 (C.D. Cal. Apr. 26, 2010) (ordering IME where plaintiff claimed ongoing "severe mental and emotional distress" and depression in complaint and discovery responses).

***Third***, there is no other means by which the County can obtain the information it needs to mount its defense to Plaintiffs' claims of severe emotional distress.  During the parties' meet-and-confer, Plaintiffs contended that Defendants can adequately defend against Plaintiffs' emotional distress claims through cross-examination of Plaintiffs and their witnesses.  (Sypek Decl. ¶ 20.)  Wrong. Plaintiffs are seeking tens of millions of dollars for their alleged emotional injuries,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

17

MOTION AND JOINT STIPULATION REGARDING THE COUNTY'S MOTION TO COMPEL
INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFFS

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  which are ongoing and severe.  The County needs a forensic psychiatric assessment

2  of the existence, extent and causes of Plaintiffs' emotional distress, trauma, anxiety

3  and depression, conducted by a professional with the relevant expertise.

4  Defendants' attorneys are not trained forensic psychiatrists; nor are they qualified to

5  diagnose or evaluate the severity of mental disorders such as anxiety and depression.

6  IMEs are necessary for the County to evaluate the nature and extent of Plaintiffs'

7  claimed harm.  *See Elmansoury v. City of Garden Grove*, No. SA CV 17-01269-

8  DOC (DFMx), 2019 WL 2871159, at *2 (C.D. Cal. Mar. 26, 2019) (granting motion

9  to compel IME where plaintiff claimed ongoing emotional distress, and rejecting

10  plaintiff's argument that defendants' access to medical records and plaintiff's

11  deposition was sufficient).

12      During the parties' meet-and-confer, Plaintiffs refused to answer whether they

13  were receiving treatment for their emotional distress.  (Sypek Decl. ¶ 20.)  To the

14  extent they are receiving such treatment, IMEs are even more critical.[3]

### 4.   The IMEs The County Seeks Are Reasonable

16      The County has selected Marc Cohen, M.D. to conduct the examinations of

17  Plaintiffs age 17 and up (Vanessa Bryant, Christopher Chester, R.C. and H.C., John

18  James Altobelli, Alexis Altobelli and Matthew Mauser).  Dr. Cohen is a board

19  certified, licensed forensic psychiatrist with excellent credentials and significant

---

[3] On September 14, 2021, the County served document requests and interrogatories on Plaintiffs regarding treatment Plaintiffs have received for their alleged emotional distress and corresponding medical and treatment records.  (Sypek Decl. Exs. E-H.) Plaintiffs' responses are due on October 14, 2021.  (*Id.*)  Regardless of whether Plaintiffs provide documents and information in response to these requests, there will be good cause for IMEs.  If Plaintiffs provide substantive responses, IMEs will be necessary to independently assess the diagnoses and conclusions therein.  If Plaintiffs object and refuse to respond, then Defendants will have no other evidence to rebut Plaintiffs' testimony about their mental condition.  When it comes to Plaintiffs' emotional distress claims for significant damages, Defendants should not have to take Plaintiffs' word for it.

1   experience in conducting IMEs, as set forth in his declaration and attached CV.

2   (Declaration Marc A. Cohen, M.D. ("Cohen Decl.") ¶ 2 & Ex.1.)

3        The County has selected Christopher Thompson, M.D. to conduct the

4   examinations of the child and adolescent Plaintiffs—P.M. (age 13), T.M. (age 10)

5   and I.M. (age 5).  Dr. Thompson is a board certified, licensed forensic psychiatrist

6   with top-notch training and significant experience in conducting forensic psychiatric

7   examinations of children and adolescents.  (Declaration of Christopher J.

8   Thompson, M.D. ("Thompson Decl.") ¶ 2 & Ex. 1.)

9        The County's proposed examinations of Plaintiffs are properly limited in

10   scope and duration, which will allow a fair assessment of Plaintiffs' alleged

11   damages—specifically, Plaintiffs' past and present psychological condition.  (Cohen

12   Decl. ¶¶ 12-13; Thompson Decl. ¶ 14.)  The examinations will evaluate the extent

13   and nature of Plaintiffs' alleged emotional distress or other mental injuries, as well

14   as whether Plaintiffs have experienced any environmental or psychological factors

15   that contribute to their distress.  (Cohen Decl. ¶ 10; Thompson Decl. ¶ 7.)

16        The tests Dr. Cohen and Dr. Thompson seek to use, as outlined in their

17   declarations, are widely accepted, non-invasive, and designed to evaluate the nature

18   and scope of the emotional damages Plaintiffs are alleging Defendants caused them.

19   (Cohen Decl. ¶ 12; Thompson Decl. ¶ 4.)

20        The County is sensitive to the horrific trauma Plaintiffs have suffered and

21   continue to suffer from the loss of their loved ones, particularly with respect to the

22   young children and adolescents.  For that reason, even though the young children

23   and adolescents are named Plaintiffs, the County has not noticed their depositions

24   and instead selected Dr. Thompson (who has specialized forensic psychiatric

25   training with children and adolescents) to conduct their examinations.  (Thompson

26   Decl. ¶ 5.)

27        All of the proposed examinations of Plaintiffs will be conducted in a private,

28   one-on-one, non-confrontational setting at Dr. Cohen's office (in Beverly Hills) and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION AND JOINT STIPULATION REGARDING THE COUNTY'S MOTION TO COMPEL
INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFFS

1   Dr. Thompson's office (in Westwood).  (Cohen Decl. ¶ 11; Thompson Decl. ¶ 11.)

2   They will be audio and video recorded, with copies of all recordings to be provided

3   to counsel on both sides.  (Cohen Decl. ¶ 15; Thompson Decl. ¶ 12.)  The proposed

4   examinations are safe, reasonable and minimally burdensome.

### 5.   The Court Should Award Sanctions

6        Plaintiffs have clearly placed their mental condition in controversy.  They are

7   claiming ongoing, severe emotional and mental injuries (including anxiety and

8   depression); and they are seeking significant damages to compensate them for these

9   alleged harms.  Moreover, Plaintiffs have stalled and evaded the County's requests

10  for IMEs, creating an unnecessary time crunch as the parties approach the close of

11  fact and expert discovery.  (Sypek Decl. ¶¶ 16-20.)  Plaintiffs' unreasonable refusal

12  to submit to IMEs and failure to comply with their discovery obligations is grounds

13  for sanctions.  Accordingly, the Court should award the County its attorneys' fees

14  and costs in bringing this Motion.  *See Land v. Denny's, Inc.*, 133 F.3d 927 (9th Cir.

15  1997) (district courts have broad discretion under Rule 37 to impose sanctions,

16  including attorneys' fees, for failure to comply with discovery obligations); *M & F*

17  *Fishing, Inc. v. Certain Underwriters at Lloyds*, No. 06CV0934-DMS (BLM), 2007

18  WL 9706573, at *3 (S.D. Cal. Apr. 13, 2007) (same); *Smith v. Diamond Offshore*

19  *Co.*, No. 07-3954, 2009 WL 1107717, at *4 (E.D. La. Apr. 22, 2009) (awarding

20  attorneys' fees and costs of bringing motion to compel where plaintiff opposed

21  Rule 35 exam that was necessary to determine the existence and extent of plaintiff's

22  alleged injuries).

### B.   Plaintiffs' Position

### 1.   The County's Motion Is Untimely

25       Eighteen days before the parties were due to exchange expert reports on

26  October 4 (Bryant Decl. ¶ 7), the County's counsel asked Plaintiffs to undergo

27  psychiatric examinations (Sypek Decl. Ex. O).  This was the first time that the

28  County mentioned that it intended to pursue such examinations.  (Bryant Decl. ¶ 9.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION AND JOINT STIPULATION REGARDING THE COUNTY'S MOTION TO COMPEL
INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFFS

1  The cursory request was bereft of any specifics about the contemplated exams.  (*See*
2  Sypek Decl. Ex. O.)  The County made no affirmative showing that each Plaintiff's
3  mental condition is genuinely in controversy, or that good cause exists for such
4  intrusive, emotionally taxing discovery.  (*See id.*)  Nor did counsel's email explain
5  why the County had waited nearly a year to raise the issue, or how such discovery
6  could be completed before the expert discovery deadline.  (*See id.*)  During the
7  parties' subsequent Rule 37 videoconference, the County's counsel had no answer to
8  these basic questions or any explanation for how the belated request would give
9  Plaintiffs sufficient time to depose the County's proposed psychiatrists, much less
10  retain experts to prepare rebuttal reports.  (Bryant Decl. ¶ 11.)

11        Still lacking any justification for their delay, and with just a few weeks
12  remaining in the discovery period, the County now seeks an order requiring
13  Plaintiffs to submit to forced psychiatric examinations *after* the expert report
14  deadline has already lapsed.  (*See* Bryant Decl. ¶ 7.)  As another Court in this
15  District has held, this suffices to deny the County's motion.  *Granados v. GEO Grp.,*
16  *Inc.*, 2020 WL 6694346, at *2 (C.D. Cal. Oct. 15, 2020) (denying motion for
17  independent psychiatric examination as untimely where defendants first raised the
18  issue just over two weeks before the expert disclosure deadline).  "[G]ranting
19  Defendants' request at this stage of the proceedings would sow chaos with the
20  Court's scheduling order and the trial date."  *Id.*

21        "[M]any district courts in California have concluded that Rule 35 medical
22  examinations are subject to the expert deadlines."  *Id.* at *1 (collecting cases).
23  Permitting an IME after the deadline for expert reports would be unfair where, as
24  here, the examination is requested for the inherently adversarial purpose of
25  providing expert testimony at trial.  *See, e.g.*, *Diaz v. Con-Way Truckload, Inc.*, 279
26  F.R.D. 412, 419 (S.D. Tex. 2012).  This is especially true when the request "comes
27  at the close of discovery" and the defendant "seeks an opinion regarding the cause"

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   of the plaintiff's injuries.  *Perez v. Viens*, 2011 WL 855673, at *3 (D. Neb. Mar. 8,
2   2011).

3   Here, the County has expressly disclosed both of its proposed examiners as
4   testifying experts.  (Bryant Decl. ¶ 4, Ex. C.)  And the County's motion confirms
5   that its sole purpose in seeking IMEs is to support its overall defense and obtain an
6   opinion on causation.  *See Minnard v. Rotech Healthcare Inc.*, 2008 WL 150502, at
7   *2 (E.D. Cal. Jan. 15, 2008) (expert deadlines apply where IME is requested "to
8   support defendant's overall position"); *Diaz*, 279 F.R.D. at 419 (same).  This is
9   quintessential expert discovery.  *Lopez v. City of Imperial*, 2014 WL 232271, at *3
10  (S.D. Cal. Jan. 21, 2014) ("If the IME examiner will offer opinions and conclusions
11  regarding the objective facts derived from an examination, the IME and the report
12  produced by the IME examiner is expert discovery, not fact discovery.").[4]

13  Judge Walter set an October 4 deadline for expert reports.  (Bryant Decl.
14  ¶¶ 7–8.)  That deadline has come and gone.  The County did not even try to seek
15  relief from the deadline.  By failing to address the timeliness of its requests for
16  involuntary medical examinations in response to Plaintiffs' questions during the
17  meet-and-confer process or in its opening motion, the County has waived any
18  argument to the contrary.  *See Mavrix Photographs LLC v. Intergroup Vista, LLC*,
19  2015 WL 12832043, at *2 (C.D. Cal. June 2, 2015).

20  Moreover, the County could not justify its lack of diligence even if it had tried
21  to do so.[5]  No new information has come to light that could have prompted the

---

23  [4] *See also, e.g.*, *Nguyen v. Regents of the Univ. of California*, 2018 WL 6112617, at
24  *5 n.3 (C.D. Cal. July 26, 2018) (same).

25  [5] Instead of providing any explanation, County tries to blame *Plaintiffs* for its own
    months-long delay in seeking these examinations. The County even suggests
26  Plaintiffs should be sanctioned for taking a mere seven days to consider this difficult
    and sensitive issue after the County first sent information about its proposed
27  examining psychiatrists. *See supra* at 20.  Plaintiffs, of course, had no say in the
28  County's decision to raise IMEs at the close of fact discovery.  This "time crunch" is

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1   County's request.  It has known since the outset of this case that Plaintiffs claim

2   emotional distress damages.  There is no legitimate reason the County could not

3   have sought IMEs earlier in the discovery period, when there would have been time

4   for Plaintiffs to cross-examine the County's psychiatrists and designate rebuttal

5   experts.  By instead waiting until the close of discovery, the County seeks not to

6   level the playing field but to gain an unfair advantage.  The compressed discovery

7   period the County seeks for the IME process would effectively squeeze the Plaintiffs

8   out of an opportunity to conduct essential follow-on discovery.  In short, the County

9   wants to be able to present expert testimony on a topic while depriving Plaintiffs of

10  a fair opportunity to do the same.  The Federal Rules and the Court's scheduling

11  order do not permit such a result.  *See Granados*, 2020 WL 6694346, at *2.

12      The County's motion should be denied as untimely.

13      **2.    The County Has Not Carried Its Burden To Justify Such**

14           **Intrusive Discovery**

15           **(a)    Legal Standard**

16      The Supreme Court has emphasized that Rule 35 "requires discriminating

17  application by the trial judge."  *Schlagenhauf v. Holder*, 379 U.S. 104, 243 (1964).

18  Rule 35(a)'s "in controversy" and "good cause" requirements are not satisfied by

19  "mere conclusory allegations" nor by "mere relevance to the case."  *Id.* at 242.

20  Rather, they "require an affirmative showing by the movant that each condition as to

21  which the examination is sought is really and genuinely in controversy and that

22  good cause exists for ordering each particular examination."  *Id.* at 243–44.  "The

23  ability of the movant to obtain the desired information by other means is also

24  relevant."  *Id.*  Courts "will not issue a mental examination order to satisfy idle

25  curiosity, or manipulative desires, of a party."  *Rund v. Charter Comm, Inc.*, 2007

26  WL 312037, at *3 (E.D. Cal. Jan. 30, 2007).

27  _____

28  entirely of the County's making.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

A complaint that merely claims damages for emotional distress does not place a party's mental condition "in controversy" within the meaning of Rule 35(a). *See, e.g.*, *Turner v. Imperial Stores*, 161 F.R.D. 89, 98 (S.D. Cal. 1995). More is required. *See, e.g.*, *Montez v. Stericycle, Inc.*, 2013 WL 2150025, at *4 (E.D. Cal. May 16, 2013) ("Rule 35 was not meant to be applied in so broad a fashion as to allow courts to order a mental examination whenever a plaintiff claimed emotional distress. . . [C]ourts evaluating a Rule 35 motion should not order mental examinations unless the case involves other factors surpassing a generic claim of emotional distress.").

In evaluating the "in controversy" requirement, courts distinguish between (a) specific allegations of psychiatric disorders or mental injuries (e.g., post-traumatic stress disorder, suicidal ideation, clinical depression), which are sufficient to place a plaintiff's mental state in controversy, and (b) general allegations of anxiety, stress, trauma, humiliation, mental anguish, and emotional distress, which are not. *See, e.g.*, *Turner*, 161 F.R.D. at 98; *Pringle v. Wheeler*, 2021 WL 1907824, at *4 (N.D. Cal. Apr. 16, 2021). Where a plaintiff's emotional suffering involves only the distress "naturally flowing" from a defendant's misconduct—the feelings that anyone in the plaintiff's shoes would experience—an IME is unwarranted. *See Pringle*, 2021 WL 1907824, at *3; *see also Houghton v. M&F Fishing, Inc.*, 198 F.R.D. 666, 669 (S.D. Cal. 2011) (emotional distress "normally associated with or attendant to" an injury does not place mental condition in controversy); *Smith v. Equinox Holdings, Inc.*, 2015 WL 628361, at *4 (N.D. Cal. Feb. 12, 205) (invasive discovery into mental health cannot overcome right to privacy where a plaintiff alleges "only the emotional distress that an ordinary person would likely experience in similar circumstances"). In such circumstances, "[t]here is no need to conduct a mental examination . . . for the very reason that such distress is normal and understandable by the lay factfinder." *Rund*, 2007 WL 312037, at *2.

On top of the "in controversy requirement," the moving party must also establish "good cause" for an involuntary mental examination.  To make this "good cause" showing, the movant must identify facts justifying the discovery.  *Pringle*, 2021 WL 1907824, at \*5.  Relevant factors include "the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress."  *Id.*

Even when the "good cause" and "in controversy" requirements of Rule 35 are met, the requested examination must also be "proportional to the needs of the case," *Hung Nguyen v. Regents of the Univ. of Cal*, 2018 WL 6112617, at \*3 (C.D. Cal. July 26, 2018), and it remains "within the court's discretion whether to order an examination," *Hernandez v. Simpson*, 2014 WL 4090513, at \*3 (C.D. Cal. Aug. 18, 2014), taking into account the right of the party to be examined to avoid unnecessary invasions of privacy, *see Montez*, 2013 WL 2150025, at \*2.

### (b)    The County Has Not Satisfied Rule 35's "Good Cause" and "In Controversy" Requirements

The County's motion fundamentally misunderstands and misapplies four of the five *Turner* factors that courts use to evaluate whether a plaintiff's mental state is "in controversy" for purposes of Rule 35(a).  The County's motion also omits one of the factors altogether, without explanation.  *Compare supra* at 13 *with Turner*, 161 F.R.D. at 95:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

By omitting one factor and misapplying the others, the County falsely asserts "[a]ll of the *Turner* factors are present here."  *Supra* at 13.  The opposite is true.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION AND JOINT STIPULATION REGARDING THE COUNTY'S MOTION TO COMPEL
INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFFS

*First*, the Plaintiffs have not alleged a "specific mental or psychiatric injury or disorder." *Turner*, 161 F.R.D. at 95. The County falsely claims Plaintiffs have alleged "specific, diagnosable psychiatric disorders" by misleadingly citing snippets of the Plaintiffs' complaints that use the generic terms "anxiety" and "depression." *See supra* at 13 (citing, e.g., Sypek Decl. Ex. A ¶ 73 ("Mrs. Bryant's anxiety [that the photos could go viral] has been reinforced by widespread discussion of the photos online."). None of the cited snippets actually alleges clinical depression or an anxiety disorder. *See, e.g. Pringle*, 2021 WL 1907824, at *4 (contrasting "general claims like anxiety," which do not put mental condition in controversy, with "more specific mental injuries such as post-traumatic stress disorder, depression, insomnia, and suicidal ideation"). Instead, Plaintiffs allege the distress and anxiety that naturally "arises in the normal course of human events when a person suffers [the] indignities and deprivation of rights" that occurred here. *Turner*, 161 F.R.D. at 92; *see also, e.g.*, *Tennison*, 2005 WL 8160037, at *4; *Hernandez*, 2014 WL 4090513, at *3 ("Only where a plaintiff refers to specific mental and psychiatric injuries is she affirmatively placing into controversy a mental condition.").

*Second*, Plaintiffs have not alleged "unusually severe emotional distress." *Turner*, 161 F.R.D. at 95. Crucially, to determine whether the alleged emotional distress is "*unusually* severe," the alleged distress must be "measured not in absolute terms," but "in relative terms – *i.e.,* relative to the specific circumstances confronting the person." *Tennison*, 2005 WL 8160037, at *4 (emphasis added). An IME is reserved for those situations where the "response (the emotional distress) to the circumstances is so unusual and unexpected such that the fact finder's ability to understand the distress stretches beyond a lay person's understanding or knowledge" and "specialized knowledge of an expert is warranted." *Id.* Defendants cannot subject Plaintiffs to involuntary psychiatric examinations simply because their misconduct was inherently abhorrent and severely upsetting. Likewise, courts have

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  consistently held that a large damages claim is insufficient to justify an IME.

2  *Nguuyen*, 2018 WL 6112617, at *4 (collecting cases).

3     *Third*, Plaintiffs have not offered any expert testimony to support their

4  emotional distress claims.  *Turner*, 161 F.R.D. at 95.  Plaintiffs have confirmed that

5  they have no intention of relying upon expert testimony absent a court-ordered IME

6  (Bryant Decl. ¶ 11), which should obviate any need for an IME.  *Hernandez*, 2014

7  WL 4090513, at *4 (denying motion for IME where plaintiff had not offered expert

8  testimony, and, "[i]n fact, one of the reasons plaintiff assert[ed] as to why a mental

9  examination here would prejudice her is that she would be obliged to designate a

10  rebuttal expert").

11     *Fourth*, Mrs. Bryant has not brought a standalone cause of action for either

12  intentional or negligent infliction of emotional distress.  (*See* Sypek Decl. Ex. A.)

13  Neither have the Chester Plaintiffs.  (*See id.* Ex. B.)  The existence of such causes of

14  action in the Mauser and Altobelli complaints do not tip the balance for the Bryant

15  and Chester cases—the Court must conduct the "in controversy" analysis on a

16  plaintiff-by-plaintiff basis.  *See Schlagenhauf*, 379 U.S. at 243–44.  Regardless, the

17  County cites no case—and Plaintiffs are aware of none—where a cause of action for

18  intentional infliction of emotional distress, standing alone, was sufficient to justify

19  an IME under Rule 35(a).  Each of the County's cases involved an additional factor

20  not present here.  *See, e.g.*, *supra at* 14 (citing *Gavin*, 291 F.R.D. at 164–65

21  (plaintiff alleged defendant's conduct caused her to be hospitalized and to attempt

22  suicide)), 14–15 (citing *Alexis*, 2017 WL 1073404, at *3 (plaintiff did not oppose

23  the motion, conceded mental condition was "in controversy," and intended to use an

24  expert to prove damages)).

25     *Fifth*, and finally, the County baldly asserts that Plaintiffs have conceded that

26  their mental condition is "in controversy" within the meaning of Rule 35(a).  That is

27  untrue, and the County cites no such concession.  Instead, the County merely notes

28  that Mrs. Bryant has disclosed various fact witnesses with knowledge of her

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    emotional distress.  That fact does not establish that her mental condition is "in

2    controversy" for purposes of Rule 35(a).

3           Tellingly, the County cites no authority for the proposition that the disclosure

4    of *fact* witnesses justifies an involuntary *expert* examination.  To the contrary, the

5    numerous fact witnesses only confirm that information about Mrs. Bryant's

6    emotional distress is readily available through other means.  *See, e.g.*, *Nguyen*, 2018

7    WL 6112617, at *4 (fact that defendants "have been able to depose Plaintiff and

8    those familiar with this mental state, including family members and friends"

9    weighed against allowing an intrusive IME); *Hernandez*, 2014 WL 4090513, at *5

10   ("[I]nformation on plaintiff's emotional distress appears to be readily obtainable

11   through other means—namely the deposition of the[] disclosed individuals [on

12   plaintiff's initial disclosures].").

13          Because the County cannot establish any of the *Turner* factors, that should

14   end the inquiry.  *See, e.g.*, *Turner*, 161 F.R.D. at n. 5 (not reaching "good cause"

15   analysis where defendants failed to establish the "in controversy" requirement).  But

16   the County's motion independently fails for lack of "good cause" and

17   proportionality.  The County falls far short of the specific factual showing needed to

18   establish good cause.  "Good cause" does not exist simply because Defendants'

19   misconduct has an ongoing emotional impact.  The County does not—and cannot—

20   link Plaintiffs' ongoing distress to any alleged psychological disorder or "unusually

21   severe" reaction that would justify an IME.  *See, e.g.*, *Nguyen*, 2018 WL 6112617,

22   at *4 (plaintiff's claim of ongoing emotional distress did not supply good cause for

23   IME where plaintiff did "not allege any specific psychiatric injury or disorder that

24   an IME could explore"); *Houghton*, 198 F.R.D. at 669 (denying IME where

25   "plaintiff expressly stipulated that he [was] *not* claiming any present psychological

26   disorder").  Plaintiffs' fear that they may one day confront the photos of their

27   deceased family members needs no expert explication.  Nor is there anything

28   "unusual" or beyond the jury's ken about the ongoing impact of Defendants'

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400     FAX: (310) 552-8400

desecration of Plaintiffs' memories of their loved ones.  An IME would do nothing to elucidate this ongoing distress or make it easier for a jury to understand. Accordingly, "Defendants' need for expert testimony (in addition to cross-examination and presentation of non-expert evidence) is not compelling," and "there is no good cause for a psychological or mental examination." *Tennison*, 2005 WL 8160037, at \*4.

      That emotional distress is Plaintiffs' primary damages claim does not constitute good cause for an intrusive, emotionally-demanding examination.  In the cases relied upon by the County on this point, IMEs were ordered not because of the primacy of the emotional distress damages, but because one of the plaintiffs intended to present his treating psychiatrist as a witness (which Plaintiffs have specifically disclaimed doing here),[6] and because the other asserted a host of specific mental and emotional injuries, some of which even manifested as physical injuries.[7]

      Finally, the County can obtain information about Plaintiffs' emotional distress through other, less intrusive means—in particular, via the Plaintiff and fact-witness depositions that have taken place and are scheduled for the coming weeks.  *See, e.g.*, *Pringle* 2021 WL 1907824, at \*5 (fact that defendant could "ask relevant questions regarding [plaintiff's] emotional distress" at deposition weighed against finding good cause for IME).  The County insists that it nonetheless "needs a forensic psychiatric assessment" but fails to explain why this would be true.  Instead, it simply makes improper appeals again to monetary sums supposedly at stake, and

---

[6] *See supra* at 17 (citing *Franco*, 2006 WL 3065580, at \*2 ("If [plaintiff] intends to present her treating psychiatrist as the primary witness supporting her damages claims, she has put her mental state in controversy.")).

[7] *See id.* (citing *Brill*, 2010 WL 11509081, at \*2 (listing string of ailments plaintiff asserted she suffered as a result of incidents alleged in complaint, including teeth grinding, insomnia, digestive disturbances, among others)).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  inapposite cases involving plaintiffs who were relying on testifying psychiatrists or

2  alleged psychological diagnoses.  *See supra* at 18 (citing *Elmansoury*, 2019 WL

3  2871159, at *2 ("The treating psychiatrist's diagnosis—echoed by Plaintiff—leaves

4  the Court with little question that Plaintiff is alleging a 'specific mental or

5  psychiatric injury or disorder.'").

6    Rule 35 "is animated by the need for expert testimony" and concerns about

7  fairness.  There is no need for Rule 35 to fill any expert gap where, as here, there is

8  no imbalanced playing field because Plaintiffs have stipulated that they will not

9  present any expert or psychiatric testimony to support their distress claim, they do

10  not intend to rely upon any medical evidence, and they have not alleged any specific

11  mental or psychiatric disorder.  *See Tennison*, 2005 WL 8160037, at *4.

12  **III.**   **CONCLUSION**

13    **A.**   **The County's Position**

14    For the foregoing reasons, the County respectfully requests that the Court

15  compel Plaintiffs Bryant, Chester, Altobelli and Matthew Mauser to submit to IMEs

16  by Marc Cohen, M.D.; and that it compel Plaintiffs P.M., T.M. and I.M. (the minor

17  Mauser Plaintiffs) to submit to IMEs by Christopher Thompson, M.D.  Furthermore,

18  the County respectfully requests an award of sanctions against Plaintiffs for the

19  County's attorneys' fees and costs incurred in bringing this Motion.  In the

20  alternative, Plaintiffs should be precluded from presenting evidence of their

21  emotional and mental injuries at trial.

22    **B.**   **Plaintiffs' Position**

23    The County's motion should be denied in full.  It comes months too late, none

24  of the *Turner* factors apply, and there is no "good cause" for compelling Plaintiffs to

25  submit to intrusive psychiatric examinations.  After forcing Plaintiffs to fight tooth

26  and nail to obtain even the most basic discovery in this case—like a deposition of

27  Sheriff Villanueva and the production of critical documents—the County now asks

28  the Court to sanction Plaintiffs for objecting to their untimely, unnecessary demand

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

that they submit to intrusive, emotionally taxing psychiatric examinations.
Plaintiffs' refusal to accept the County's unilateral re-writing of the expert discovery
schedule, and their unwillingness to let the County intrude further into their private
affairs, is not "unreasonable." *See supra* 20.  Rather, it is self-defense.  The
County's alternative, unsupported request that Plaintiffs be precluded from
testifying about their emotional distress should likewise be rejected out of hand.


DATED:  October 15, 2021          MILLER BARONDESS, LLP



                                  By: _____
                                      CASEY B. SYPEK
                                      Attorneys for Defendants
                                      COUNTY OF LOS ANGELES, LOS
                                      ANGELES COUNTY FIRE
                                      DEPARTMENT, JOEY CRUZ, RAFAEL
                                      MEJIA, MICHAEL RUSSELL, and
                                      RAUL VERSALES

DATED:  October 15, 2021          MUNGER, TOLLES & OLSON LLP



                                  By: ___/ s / Luis Li_____
                                      LUIS LI
                                      Attorneys for Plaintiff
                                      VANESSA BRYANT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    DATED:  October 15, 2021          JEROME M JACKSON LAW OFFICES

2

3

4                                      By:  ___/ s / Jerome M. Jackson___
5                                            JEROME M. JACKSON
                                             Attorneys for Plaintiffs
6                                            CHRISTOPHER L. CHESTER; R.C., a
                                             minor, by and through his Guardian Ad
7                                            Litem, CHRISTOPHER L. CHESTER;
                                             and H.C., a minor, by and through his
8                                            Guardian Ad Litem, CHRISTOPHER L.
9                                            CHESTER

10   DATED:  October 15, 2021          PANISH SHEA & BOYLE LLP

11

12

13                                     By:  ___/ s / Kevin R. Boyle___
14                                           KEVIN R. BOYLE
                                             Attorneys for Plaintiffs MATTHEW
15                                           MAUSER, et al. and Plaintiffs JOHN
                                             JAMES ALTOBELLI, et al.
16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MOTION AND JOINT STIPULATION REGARDING THE COUNTY'S MOTION TO COMPEL
INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFFS

1

## **ATTESTATION CLAUSE**

2       I, Casey B. Sypek, am the ECF User whose ID and password are being used

3   to file this **MOTION AND JOINT STIPULATION REGARDING THE**

4   **COUNTY'S MOTION TO COMPEL INDEPENDENT MEDICAL**

5   **EXAMINATIONS OF PLAINTIFFS**.  In compliance with L.R. 5-4.3.4, I hereby

6   attest that all other signatories listed, and on whose behalf the filing is submitted,

7   concur in the filing's content and have authorized the filing.

8

9   DATED:  October 15, 2021          MILLER BARONDESS, LLP

10

11

12                              By: _____

13                                   CASEY B. SYPEK
                                     Attorneys for Defendants
14                                   COUNTY OF LOS ANGELES, LOS
                                     ANGELES COUNTY FIRE
15                                   DEPARTMENT, JOEY CRUZ, RAFAEL
                                     MEJIA, MICHAEL RUSSELL, and
16                                   RAUL VERSALES

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400