# Exhibit Y

1  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
2  MIRA HASHMALL (State Bar No. 216842)
   mhashmall@millerbarondess.com
3  EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
   esanchirico@@millerbarondess.com
4  MILLER BARONDESS, LLP
5  1999 Avenue of the Stars, Suite 1000
   Los Angeles, California 90067
6  Telephone: (310) 552-4400
7  Facsimile: (310) 552-8400

8  Attorneys for Defendants
   COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
9  JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, and RAUL VERSALES

10

11            UNITED STATES DISTRICT COURT

12      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13

| | |
|---|---|
| 14  VANESSA BRYANT, a California resident, | **CASE NO. 2:20-cv-09582-JFW(Ex)** |
| 15 | **DISCOVERY MATTER** |
| 16       Plaintiff, | **NOTICE OF MOTION AND JOINT STIPULATION REGARDING DEFENDANT COUNTY OF LOS ANGELES' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| 17       v. | |
| 18  COUNTY OF LOS ANGELES, a public entity, *et al*., | |
| 19 | |
| 20       Defendants. | Hearing Date: October 15, 2021 |
| 21 | Time:          9:30 a.m. |
|  | Place:          Courtroom 750 |
| 22 | |
| 23 | Discovery Cutoff: November 29, 2021 |
|  | Pretrial Conference: February 4, 2022 |
| 24 | Trial:    February 22, 2022 |
| 25 | Assigned to the Hon. John F. Walter and Magistrate Judge Charles F. Eick |
| 26 | |

27

28

STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  **TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF**
2  **RECORD:**

3      **PLEASE TAKE NOTICE** that on October 15, 2021 at 9:30 a.m., or as soon
4  thereafter as this matter may be heard in Courtroom 750 of the above-captioned
5  Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendant
6  County of Los Angeles (the "County") will and hereby does move for an order
7  compelling Plaintiffs Vanessa Bryant; Christopher L. Chester; R.C., a minor by and
8  through his Guardian Ad Litem, Christopher L Chester; and H.C., a minor, by and
9  through his Guardian Ad Litem, Christopher L. Chester (collectively, "Plaintiffs") to
10  produce documents responsive to the County's Requests for Production that are
11  relevant to Plaintiffs' claims and the County's defenses in this action.

12      Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37-2, the
13  County respectfully submits the following Joint Stipulation Regarding Motion to
14  Compel Production of Documents.

15      This Motion is based upon this Notice of Motion, the Joint Stipulation, the
16  Declaration of Emily A. Rodriguez-Sanchirico and exhibits thereto, the Request for
17  Judicial Notice and exhibits thereto, and any other papers or argument of counsel
18  that may be filed or submitted in connection with this Motion.

19      In accordance with Local Rule 37-1, the County met and conferred in good
20  faith before filing this Motion.  (*See* Declaration of Emily A. Rodriguez-Sanchirico
21  ¶¶ 15-16, Ex. K.)

22

23

24

25

26

27

28

STIPULATION REGARDING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

DATED: September 23, 2021          MILLER BARONDESS, LLP


                                    By:  ___/s/ Louis R. Miller___
                                          LOUIS R. MILLER
                                          Attorneys for Defendant
                                          COUNTY OF LOS ANGELES, LOS
                                          ANGELES COUNTY FIRE
                                          DEPARTMENT, JOEY CRUZ, RAFAEL
                                          MEJIA, MICHAEL RUSSELL, and
                                          RAUL VERSALES

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   INTRODUCTION .................................................................... 6

    A.   The County's Position .................................................. 6

    B.   Plaintiffs' Position ....................................................... 7

II.  ISSUES IN DISPUTE ............................................................ 9

    A.   Settlement Documents (RFP No. 18 [Bryant]/No. 15 [Chester]) .......... 9

        1.   The County's Position ............................................ 11

        2.   Plaintiffs' Position ............................................... 17

    B.   Discovery Responses In *Island Express* (RFP No. 19 [Bryant]) .......... 25

        1.   The County's Position ............................................ 26

        2.   Plaintiff Bryant's Position ..................................... 27

STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Atmel Corp. v. Authentec Inc.*,
No. C-06-02138 CW (EDL), 2008 WL 276393 (N.D. Cal. Jan. 31,
2008) ........................................................................................................... 11

*Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*,
253 F.R.D. 521 (C.D. Cal. 2008) ............................................................... 13

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir 1992) ...................................................................... 17

*Benchmark Design, Inc. v. BDC, Inc.*,
125 F.R.D. 511 (D. Or. 1989) .................................................................... 18

*Cipollone v. Liggett Grp., Inc.*,
113 F.R.D. 86 (D.N.J. 1986) ...................................................................... 17

*Dominguez v. City of Los Angeles*,
No. CV 17-4557-DMG (PLAx), 2017 WL 10605960 (C.D. Cal. Nov.
18, 2017) ..................................................................................................... 14

*In re Banc of Cal. Sec. Litig.*,
No. SA CV 17-00118-AG (DFMx), 2018 WL 1726237 (C.D. Cal. Apr.
6, 2018) ....................................................................................................... 15

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. 3:07-cv-05944-SC, 2015 WL 13756260 (N.D. Cal. July 31, 2015) ........ 12

*In re Outlaw Labs., LP Litig.*,
No. 18CV840 GPC (BGS), 2021 WL 1102421 (S.D. Cal. Mar. 23,
2021) ........................................................................................................... 13

*Lytel v. Simpson*,
No. C 05-1937 JF (PVT), 2006 WL 8459764 (N.D. Cal. June 23, 2006) ...... 11

*O. L. v. City of El Monte*,
No. 2:20-cv-00797-RGK (JDE), 2021 WL 926392 (C.D. Cal. Feb. 1,
2021) ........................................................................................................... 15

*O'Brien v. Johnson & Johnson Med. Devices Co.*,
No. ED CV 19-619-CJC (SPx), 2020 WL 5215384 (C.D. Cal. June 24,
2020) ............................................................................................... 11, 12, 13

*Olympic Refining Co. v. Carter*,
   332 F.2d 260 (9th Cir. 1964) ................................................................. 17

*Perryman v. Litton Loan Servicing, LP*,
   81 F. Supp. 3d 893 (N.D. Cal. 2015) .................................................... 17

*United States v. McGraw-Hill Cos., Inc.*,
   No. CV 13-779-DOC (JCGx), 2014 WL 1647385 (C.D. Cal. Apr. 15,
   2014) ..................................................................................................... 15

**STATE CASES**

*Helling v. Lew*,
   28 Cal. App. 3d 434 (1972) ................................................................... 10

**FEDERAL RULES**

Fed. R. Civ. P. 34(b)(2)(B) ......................................................................... 14, 18

1

### JOINT STIPULATION

2  **I.      INTRODUCTION**

3       **A.      The County's Position**

4       Defendant County of Los Angeles (the "County") brings this motion to

5  compel Plaintiffs Bryant's and Chester's compliance with basic discovery

6  obligations.[1]

7       This case centers on the investigation of a tragic helicopter crash that killed

8  nine individuals, including Plaintiffs' family members.  Plaintiffs assert claims for

9  violation of the Fourteenth Amendment, negligence and invasion of privacy.  The

10  basis for these claims is that Defendants showed accident site photographs to other

11  government personnel and to a bartender in Norwalk.  None of the accident site

12  photographs were sent to anyone outside the County.  Plaintiffs allege that, as a

13  result of this conduct by Defendants, they have suffered severe emotional distress;

14  and they are seeking significant damages.

15       Separately, Plaintiffs brought a lawsuit for wrongful death and negligence

16  against the owners of the helicopter company and the successor-in-interest to the

17  deceased pilot, styled *Bryant v. Island Express Helicopters, Inc.*, No. 2:20-CV-

18  08953 ("*Island Express*").  (Request for Judicial Notice ("RJN") Ex. A

19  [Consolidated Complaint].)  The Plaintiffs in this case and *Island Express* are

20  identical, and the two cases arise from the same accident.  In addition to pecuniary

21  and economic harm, Plaintiffs alleged in *Island Express* that the defendants therein

22  caused them grief and sorrow.  (*Id.* Ex. A at ¶¶ 78, 85, 94, 102, 111.)  In June 2021,

23  the parties reached a settlement.  (*Id.* Ex. B [June 22, 2021 Notice of Settlement].)

24       There is no doubt Plaintiffs suffered emotional distress following the tragic

25  _____

26  [1] For purposes of this motion, "Plaintiffs" refers to Plaintiffs Vanessa Bryant
("Bryant"); Christopher L. Chester; R.C., a minor by and through his Guardian Ad
27  Litem, Christopher L Chester; and H.C., a minor, by and through his Guardian Ad
Litem, Christopher L. Chester (collectively, "Chester").

28

Case No. 2:20-cv-09582-JFW(Ex)
STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  loss of their loved ones, and the County extends its sincere condolences, but

2  Plaintiffs' claims are misdirected.  Plaintiffs' emotional distress was not caused by

3  Defendants, who have neither published nor publicly disseminated any accident site

4  photographs.  Rather, Plaintiffs' harm was caused by the unimaginable loss of their

5  family members, which was the subject of the *Island Express* litigation.

6  Accordingly, on July 2, 2021, the County served its second sets of requests

7  for production ("RFPs") seeking documents from the *Island Express* case that are

8  relevant to the issues of causation and damages in this case.  The RFPs included

9  requests for: (1) documents and communications relating to settlement of the *Island*

10  *Express* litigation (RFP No. 18 in *Bryant* and RFP No. 15 in *Chester*); and (2) all

11  discovery responses in the *Island Express* case (RFP No. 19 in *Bryant* and RFP

12  No. 16 in *Chester*).  (Declaration of Emily A. Rodriguez-Sanchirico ("Rodriguez-

13  Sanchirico Decl.") Exs. H & G.)  These documents are central to the claims, issues

14  and defenses in this case—particularly, whether and to what extent Plaintiffs' harm

15  was caused by Defendants; and whether and to what extent Plaintiffs have already

16  been compensated for such harm.

17  Plaintiffs refused to produce any responsive documents and raised a host of

18  unfounded boilerplate objections—relevance, privilege, confidentiality, and undue

19  burden.  (Rodriguez-Sanchirico Decl. Exs. I & J.)  The County met and conferred

20  with Plaintiffs, but to no avail.  (*Id*. Ex. K.)  Plaintiffs' continued refusal to comply

21  with their basic discovery obligations is improper.  The Court should reject

22  Plaintiffs' baseless objections and grant the County's motion to compel.

23  **B.**    **Plaintiffs' Position**

24  Unable to deny that County personnel betrayed their solemn duty as public

25  servants to protect the dignity of the deceased by taking and sharing graphic photos

26  of Plaintiffs' loved ones, the County now appears to be pursuing the theory that this

27  appalling intrusion on Plaintiffs' privacy did not cause Plaintiffs any harm.  *See*

28  *supra* at 7.  The County could not be more wrong.

STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiffs suffered emotional distress when they learned that government personnel had turned the intensely private deaths of their loved ones into macabre gossip and cocktail conversation.  Defendants' misconduct intruded upon Plaintiffs' private grief, depriving them of their right to control dissemination of the graphic details of their loved ones' final moments and manner of death, and degrading the respect they sought to accord to their deceased relatives.  Making matters worse, rather than make any serious effort to get to the bottom of what happened and track down all copies of the photos, Defendants hastily destroyed evidence of their misconduct in an attempted cover-up.  Defendants' destruction of evidence has compounded the emotional harm Defendants inflicted by subjecting Plaintiffs to constant fear and anxiety that they may one day confront the appalling photos on the internet.  Defendants' actions have made it impossible for Plaintiffs to have any peace of mind ever again.

Rather than take accountability for this harm, the County seeks to intrude further into Plaintiffs' private affairs by gaining access to a confidential settlement of a wrongful death action that remains pending before Judge Olguin and has no relevance to this case.  The settlement resolved Plaintiffs' claims regarding conduct *before* the crash that killed Plaintiffs' loved ones.  This case is about County officials' conduct *after* the crash—taking and sharing photos of Plaintiffs' loved ones' bodies.  Whereas the claims in the *Island Express* action were for damages flowing from the deaths of Plaintiffs' loved ones, the claims against the County in this case are for the County's disrespect for the dead.

The County's true purpose for seeking this discovery is to suggest that, because Plaintiffs have obtained some relief for the deaths of their loved ones, Plaintiffs are entitled to nothing from the County for disrespecting their loved ones' remains.  The County's counsel admitted during meet and confer that Defendants "just think it would be helpful to know . . . the dollar amount" of the *Island Express* settlement—*not* because Defendants contend they are legally entitled to any offset,

STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1 but based on their speculation that this action is trying to "fill a void" in the

2 wrongful death case. (Bryant Decl. ¶ 4.) The County cannot properly use a

3 settlement paid by other parties in a separate action to avoid their own responsibility

4 for the unique damage that their own misconduct caused Plaintiffs. Defendants'

5 curiosity about the *Island Express* settlement falls far short of the heightened

6 showing required to overcome the protection afforded to confidential settlement

7 agreements.

8      The Court should deny the County's motion in its entirety.

9 **II.    ISSUES IN DISPUTE**

10     **A.    Settlement Documents (RFP No. 18 [Bryant]/No. 15 [Chester])**

11 **REQUEST NO. 18/15**

12     All COMMUNICATIONS and DOCUMENTS RELATING TO the

13 settlement and/or resolution of the ACTION, as referenced in the NOTICE OF

14 SETTLEMENT.[2]

15 **RESPONSE TO REQUEST NO. 18 (Bryant Response)**

16     Plaintiff incorporates her Preliminary Statement and General Objections into

17 this response as though fully set forth herein. Plaintiff objects to this Request as

18 calling for the disclosure of information or documents protected by the attorney-

19 client privilege, the work-product doctrine, the common-interest doctrine, and/or

20 any other applicable privilege, protection, or restriction upon discovery. Plaintiff

21 further objects to this request because it calls for material that is not relevant to any

22 claim or defense in this action. *Bryant v. Island Express Helicopters, Inc.*, No. 2:20-

23 CV-08953, involved different claims alleging different wrongdoing by different

24 defendants. Documents and communications relating to the settlement of such an

25 action are not probative of any claims or defenses asserted in this case. Plaintiff

26 ───────────────

27 [2] The defined terms in RFP No. 18 (propounded to Bryant) and RFP No. 15 (propounded to Chester) are set forth in the County's Second Sets of Requests for

28 Production, attached as Exhibits G and H to the Rodriguez-Sanchirico Declaration.

Exhibit Y
Page 402
Case No. 2:20-cv-09582-JFW(Ex)
STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   further objects to this request because it calls for the production of materials relating

2   to a settlement agreement that is by its terms confidential, and no defendant can

3   "make a particularized and/or heightened showing that the settlement information

4   sought is relevant and likely to lead to admissible evidence." *Peters v. Equifax Info.*

5   *Servs. LLC*, 2013 WL 12169355, at *2 (C.D. Cal. Dec. 13, 2013); *id.* ("A strong

6   public policy favoring settlement of disputed claims dictates that confidentiality be

7   lightly abrogated." (internal quotation marks omitted)); *see also. e.g.*, *Contreras v.*

8   *Kohl's Dep't Stores, Inc.*, 2017 WL 6372646, at *3 (C.D. Cal. Dec. 12, 2017)

9   (same).  Plaintiff further objects to this request as unduly burdensome and

10  disproportionate to the needs of this case because most if not all

11  "COMMUNICATIONS and DOCUMENTS RELATING TO the settlement and/or

12  resolution" of a litigation are likely to be communications with or among outside

13  litigation counsel or documents created by outside counsel that are likely protected

14  by the attorney-client privilege, the work-product doctrine, the common-interest

15  doctrine, and other applicable privileges and protections.

16        Plaintiff will not be producing documents in response to this request.

17  Discovery is still ongoing, and Plaintiff reserves the right to supplement and/or

18  amend this response

19  **RESPONSE TO REQUEST NO. 15 (Chester Response)**

20        Plaintiff objects to this request on each of the following grounds: the request

21  seeks production of documents and communications that do not have any tendency

22  to make a fact more or less probable than it would be without the documents and

23  communications; the requested documents and communications are of no

24  consequence in determining this action; any documents responsive to this request

25  are precluded from discovery by Plaintiff's right to privacy; any documents or

26  communications that might conceivably be responsive to this request are protected

27  from discovery by the attorney-client privilege; and any documents or

28  communications that might conceivably be responsive to this request are protected

1   by binding confidentiality provisions.

2            **1.**      **The County's Position**

3       Plaintiffs' refusal to produce the *Island Express* settlement agreement and

4   other non-privileged documents relating to the resolution of that case is improper.

5   The County is entitled to basic discovery about whether Plaintiffs are attempting to

6   recover in this case for the same harm they have already been compensated for in

7   the *Island Express* case.

8   **The *Island Express* Settlement Is Relevant**

9       Documents and communications relating to Plaintiffs' settlement in the *Island*

10   *Express* litigation are highly relevant to damages and causation in this case.

11       ***First***, the *Island Express* settlement is relevant to Plaintiffs' alleged harm.

12   This case and the *Island Express* case were brought by the same plaintiffs and arose

13   out of the same tragic accident.  In *Island Express*, Plaintiffs brought wrongful death

14   and negligence claims against the helicopter company and successor-in-interest to

15   the deceased pilot and sought damages for the loss of their loved ones.  Here,

16   Plaintiffs are asserting claims for violation of the Fourteenth Amendment,

17   negligence and invasion of privacy against Defendants in connection with the same

18   accident; and they are seeking damages for harm they allegedly suffered as a result

19   of County personnel taking photographs of the accident site.

20       There is significant overlap between the alleged harms in these two cases.  In

21   *Island Express*, Plaintiffs claimed they were entitled to damages based in part on

22   grief and sorrow.  (RJN Ex. A [Consolidated Complaint ¶¶ 78, 85, 94, 102, 111].).

23   Emotional harm (i.e., grief and sorrow) is the essence of Plaintiffs' alleged harm in

24   this case.  (Rodriguez-Sanchirico Decl. Exs. A and B [Bryant/Chester complaints at

25   Ex. A at 40:10-16, 42:9-12, 43:14-16, 44:25-27, 45:27-46:2; Ex. B at 121:6:-9,

26   123:8-14, 125:7-10, 126:24-28].)

27       Indeed, Bryant has acknowledged the connection between the alleged harms

28   in both cases.  In her First Amended Complaint in this case, she alleges that

11

Case No. 2:20-cv-09582-JFW(Ex)

STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1 Defendants' "outrageous actions have caused Mrs. Bryant severe emotional distress

2 *and compounded the trauma of losing Kobe and Gianna*." (Rodriguez-Sanchirico

3 Decl. Ex. A [FAC ¶ 9 (emphasis added)].)  Documents and communications

4 regarding the settlement in the *Island Express* case will shed light on whether and to

5 what extent Plaintiffs have already recovered for the harms they allege Defendants

6 caused them.

7       The County is entitled to determine the extent to which the damages alleged

8 against Defendants relate to and/or overlap with the harm Plaintiffs suffered as a

9 result of the tragic loss of their loved ones; and whether Plaintiffs are attempting to

10 recover for the same harm in two separate actions.  *See Helling v. Lew*, 28 Cal. App.

11 3d 434, 439-40 (1972) (in wrongful death action against car owner and estate of

12 deceased driver, allowing introduction of plaintiff's settlement from separate

13 malpractice case against hospital and doctor for treatment after the car accident).

14       Courts regularly order plaintiffs to produce settlement documents that are

15 relevant to damages and harm.  *O'Brien v. Johnson & Johnson Med. Devices Co.*,

16 No. ED CV 19-619-CJC (SPx), 2020 WL 5215384, at *4 (C.D. Cal. June 24, 2020)

17 (ordering production of confidential settlement agreement from separate lawsuit

18 because it "may well" have information relevant to plaintiff's damages); *Lytel v.*

19 *Simpson*, No. C 05-1937 JF (PVT), 2006 WL 8459764, at *2 (N.D. Cal. June 23,

20 2006) (denying motion for protective order and allowing production of settlement

21 agreement because "courts have found that settlement agreements are discoverable,

22 particularly with respect to ascertaining any remaining liability"); *Atmel Corp. v.*

23 *Authentec Inc.*, No. C-06-02138 CW (EDL), 2008 WL 276393, at *1-2 (N.D. Cal.

24 Jan. 31, 2008) (ordering production of settlement agreements that were relevant to

25 damages).

26       *O'Brien* is directly on point.  There, the court held that a defendant in a

27 products liability action involving a defective medical device was entitled to the

28 plaintiff's confidential settlement from a separate personal injury case relating to the

1  underlying injury that necessitated installation of the device.  The court rejected the

2  plaintiff's argument that the prior settlement involved separate claims and injuries

3  and was therefore not relevant: "It may be the case, as defendant contends, that the

4  settlement agreement contains provisions that are relevant to plaintiff's damages

5  here*." O'Brien*, 2020 WL 5215384, at *4.  The court ordered production of the

6  settlement agreement, explaining that "while it is not certain the requested

7  settlement agreement will have relevant information, it may well." *Id*.

8      *O'Brien* is just like this case.  Here, the only way for the County to determine

9  whether Plaintiffs have already been compensated for their alleged harms is to

10  review the settlement documents from *Island Express*.  *O'Brien*, 2020 WL 5215384,

11  at *4 ("[W]ithout the benefit of having the settlement agreement for its review, the

12  court cannot determine at this juncture if plaintiff has already been compensated for

13  these injuries.").

14      ***Second***, documents relating to the *Island Express* settlement are relevant to

15  causation, which is an element of each of Plaintiffs' claims.  It is Plaintiffs' burden

16  to prove that Defendants' alleged conduct of taking accident site photographs

17  actually and proximately caused their emotional harm.  Defendants deny that

18  Plaintiffs' harm was caused by their conduct, and they have asserted affirmative

19  defenses to that effect—Superseding and Intervening Acts (Seventeenth Affirmative

20  Defense [to Bryant's FAC] and Eighteenth Affirmative Defense [to Chester's

21  SAC]); and No Causation (Twentieth Affirmative Defense [to Bryant's FAC] and

22  Twenty-First Affirmative Defense [to Chester's SAC]).  (Rodriguez-Sanchirico

23  Decl. Exs. B & D [Answers]].)

24      Defendants will prove that Plaintiffs' emotional harm was not caused by

25  Defendants.  Rather, Plaintiffs' harm was caused by the unimaginable loss of their

26  loved ones and by persons and entities for whose conduct Defendants are not

27  responsible (and from whom Plaintiffs have already recovered via the *Island

28  Express* settlement).

The *Island Express* settlement materials are likely to contain recitals about the cause of Plaintiffs' emotional harm, which will go to lack of causation and will support the County's affirmative defenses. The only way for the County to know whether such recitals exist is for Plaintiffs to produce the *Island Express* settlement and related documents.

**Plaintiffs' Confidentiality and Privacy Objections Are Unfounded**

Documents related to the *Island Express* settlement are not protected from disclosure simply because the settlement agreement has been designated "confidential" by the parties. Courts regularly find that there "is no broad federal privilege that applies to settlement agreements." *O'Brien*, 2020 WL 5215384, at *4; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-cv-05944-SC, 2015 WL 13756260, at *3 (N.D. Cal. July 31, 2015) ("Courts in the Ninth Circuit have not recognized a federal settlement privilege."). Accordingly, "[f]ederal courts have typically found that a settlement agreement 'is *discoverable* despite a confidential designation, especially when there is a protective order in place to prevent unauthorized disclosure.'" *In re Outlaw Labs., LP Litig.*, No. 18CV840 GPC (BGS), 2021 WL 1102421, at *6 (S.D. Cal. Mar. 23, 2021) (citation omitted); *Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) ("[W]here 'there is a Confidentiality Order in place . . . that is more than adequate to protect [plaintiffs'] proprietary information from misuse.'" (alteration in original) (citation omitted)).

Here, there is a Protective Order with protocols governing the production of confidential material from both parties and non-parties. (Rodriguez-Sanchirico Decl. Exs. E & F.) Thus, any concerns Plaintiffs or third parties may have regarding the confidentiality of the *Island Express* materials are alleviated by the existence of the Protective Order. *See e.g.*, *O'Brien*, 2020 WL 5215384, at *5 ("The settlement agreement here implicates the privacy interests of not only plaintiff, but also a non-party entity. The court does not take these privacy concerns lightly. Yet, the fact

1  that a protective order has already been entered in this action substantially mitigates

2  these concerns.").

3       Plaintiffs can produce the *Island Express* materials pursuant to the Protective

4  Order, ensuring that they remain confidential and the parties' privacy rights are

5  protected. The purported confidentiality of the settlement agreement does not

6  justify withholding information that is central to the claims and defenses in this case.

7       Indeed, the court in *Island Express* found that other interests override

8  confidentiality and privacy with respect to the parties' settlement agreement and

9  related materials. There, the court denied Plaintiffs' application for leave to file the

10  minor plaintiffs' settlement agreement and related documents under seal. (RJN

11  Ex. D [Order Re: Application to Seal].) In denying the request, the court was not

12  persuaded by Plaintiffs' argument that the settling parties agreed to keep the

13  agreement and its terms confidential. (*Id.* Ex. C [Application at pp. 89-90.].) Nor

14  did the minor plaintiffs' privacy rights override the strong presumption in favor of

15  access to court records. (*Id.* Ex. C at pp. 90-91, Ex. D at p. 153.) Similarly here, the

16  broad nature of discovery and high probative value of these documents override any

17  confidentiality or privacy concerns, even more so because there is a fulsome

18  protective order in place.

19  **Plaintiffs' Remaining Objections Are Baseless**

20       Plaintiffs' privilege and work-product objections are unfounded. During the

21  parties' meet-and-confer, the County clarified that it is not seeking Plaintiffs'

22  communications with their attorneys or any other privileged documents reflecting

23  advice of Plaintiffs' counsel. (Rodriguez-Sanchirico Decl. ¶ 16.) To the contrary,

24  the County is seeking the final settlement agreement among the parties in the *Island*

25  *Express* litigation, along with any non-privileged communications relating to

26  resolution of the case. Plaintiffs' refusal to produce these documents is improper.

27       Moreover, Plaintiffs' blanket privilege objections lack the required

28  specificity. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the

1  response must . . . state with specificity the grounds for objecting to the request,

2  including the reasons."); *see also Dominguez v. City of Los Angeles*, No. CV 17-

3  4557-DMG (PLAx), 2017 WL 10605960, at *4 (C.D. Cal. Nov. 18, 2017) ("[T]he

4  party who withholds discovery materials based on a privilege must provide

5  sufficient information (*i.e.*, a privilege log) to enable the other party to evaluate the

6  applicability of the privilege or other protection. . . . Asserting a 'blanket

7  objection' . . . will be found to be insufficient and improper." (citations omitted)).

8  To the extent Plaintiffs contend communications about the *Island Express* litigation

9  are protected by the attorney-client privilege or any other privilege, they should

10 provide a privilege log.

11      Plaintiff Bryant's undue burden objection is also unfounded.  As an initial

12 matter, Bryant has not offered any specific information to carry her "burden of

13 clarifying, explaining, and supporting" her objection.  *See O. L. v. City of El Monte*,

14 No. 2:20-cv-00797-RGK (JDE), 2021 WL 926392, at *2 (C.D. Cal. Feb. 1, 2021)

15 (citation omitted); *United States v. McGraw-Hill Cos., Inc.*, No. CV 13-779-DOC

16 (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) ("[T]he movant has the

17 initial burden of demonstrating relevance.  'In turn, the party opposing discovery has

18 the burden of showing that discovery should not be allowed, and also has the burden

19 of clarifying, explaining and supporting its objections with competent evidence.'"

20 (citations omitted)).

21      In any event, the County seeks a limited set of documents: the settlement

22 agreement and any non-privileged corresponding documents and communications.

23 There is no undue burden in searching for and producing these documents,

24 particularly in light of their high probative value.  *See In re Banc of Cal. Sec. Litig.*,

25 No. SA CV 17-00118-AG (DFMx), 2018 WL 1726237, at *1 (C.D. Cal. Apr. 6,

26 2018) (finding it hard to take seriously that the production of a single settlement

27 agreement document would present an undue burden).

28

### 2. Plaintiffs' Position

What the County has characterized as "basic discovery," *supra* at 11, is anything but. It is an improper attempt to pry into confidential settlement materials that are not relevant to this case and could only be used for improper purposes.

A "strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated." *Contreras v. Kohl's Dep't Stores, Inc.*, 2017 WL 6372646, at *3 (C.D. Cal. Dec. 12, 2017) (citation omitted) (denying motion to compel production of settlement agreements). As a result, parties seeking discovery into confidential settlements bear the burden "to make a particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence." *Peters v. Equifax Info. Servs. LLC*, 2013 WL 12169355, at *2 (C.D. Cal. Dec. 13, 2013) (denying motion to compel production of settlement agreements). In evaluating the discoverability of confidential settlement agreements, courts "must balance [the requesting party's] interest in the discovery against [the responding party's] interest in protecting a settlement negotiated with the expectation of confidentiality." *Big Baboon Corp. v. Dell, Inc.*, 2010 WL 3955831, at *4 (C.D. Cal. Oct. 8, 2010) (citation omitted) (granting motion to quash subpoena requesting settlement agreement).

The County has failed to sustain its basic burden to show that the *Island Express* settlement is relevant, much less satisfy its heightened burden to justify overriding the settling parties' expectation of confidentiality.

**The *Island Express* Settlement Has No Relevance to This Case**

The County's motion rests on the premise that "Plaintiffs are attempting to recover in this case for the same harm they have already been compensated for in the *Island Express* case." *See supra* at 11. This is demonstrably untrue.

The *Island Express* action arose from the crash itself. Plaintiffs sought recompense from the owners and operators of the helicopter for the "loss of love,

1  affection, care, society, service, comfort, support, right to support, companionship,

2  solace or moral support, expectations of future support and counseling, [and] other

3  benefits and assistance of Plaintiffs' deceased"; the "loss of earnings and loss of

4  financial support from Plaintiffs' deceased"; and "damage to clothing and personal

5  property and burial and funeral expenses." (*See* RJN Ex. A at p. 65 (prayer for

6  relief).)

7       This case, by contrast, is about what happened *after* Plaintiffs lost their loved

8  ones—when Defendants intruded on Plaintiffs' private grief by snapping graphic

9  photos of their family members' remains and proceeding to share them

10 indiscriminately.  Plaintiffs in this case do not seek wrongful-death damages for loss

11 of care, companionship, or financial support, but instead seek damages for the

12 emotional harm caused by Defendants' misconduct:  Plaintiffs seek damages for

13 their disgust at the intrusion upon their grief, distress at the mistreatment of their

14 loved ones' remains, and persistent fear that Plaintiffs could confront the disturbing

15 images online at any time.  (*See* Rodriguez-Sanchirico Decl. Ex. A [FAC ¶¶ 71–

16 75].)

17       In short, the two cases involve distinct sets of defendants who engaged in

18 distinct misconduct that caused distinct damages.  The *Island Express* case is a

19 wrongful death action based on conduct by the helicopter owner and operator *before*

20 the crash that caused Plaintiffs' loved ones' deaths.  This case involves claims for

21 invasion of privacy based on conduct by the County *after* the crash that disrespected

22 the bodies of Plaintiffs' loved ones after they died.

23       The County's argument that there is "significant overlap" between the

24 damages in the two actions, *supra* at 11, fundamentally misapprehends the nature of

25 Plaintiffs' claims and the law.  As noted, there is no "overlap" between the loss of

26 life caused by a helicopter crash, on the one hand, and the subsequent invasion of

27 privacy and emotional distress caused by Defendants' taking and sharing of

28 gruesome photos of the victims' remains, on the other.

Exhibit Y
Page 301

Case No. 2:20-cv-09582-JFW(Ex)

Moreover, even setting aside that the two cases involve completely different forms of misconduct, the *Island Express* action does not overlap with this case as a matter of law. As "California cases have uniformly held," "damages for mental and emotional distress, including grief and sorrow, are not recoverable in a wrongful death action." *Canavin v. Pac. Sw. Airlines*, 148 Cal. App. 3d 512, 519 (1983) (citations omitted); *see also, e.g.*, *Hammonds v. Yeager*, 2017 WL 10560471, at *2 (C.D. Cal. Aug. 9, 2017) (collecting cases); Judicial Council of Cal. Civil Jury Instruction ("CACI") Nos. 3921, 3922 Wrongful Death (outlining damages for wrongful death and instructing jury to not consider the plaintiff's "grief, sorrow, or mental anguish"); RJN Ex. A at p. 65 (Plaintiffs' prayer for relief in *Island Express*, tracking CACI Nos. 3921/3922 and making no mention of emotional distress damages). "Rather, the measure of damages" in wrongful death actions like *Island Express* "is the value of the benefits the heirs could reasonably expect to receive from the deceased if [they] had lived." *Canavin*, 148 Cal. App. 3d at 520. Since "emotional injuries to the heirs are not relevant to a cause of action for wrongful death," *id.*, Plaintiffs' emotional distress at issue in this case could not "overlap" with any damages recovered in the *Island Express* action.

The County notably does not assert it would be legally entitled to any offset for Plaintiffs' recovery in the *Island Express* settlement; in fact, in meet and confer, the County admitted it is not entitled to an offset. (*See* Bryant Decl. ¶ 4.) That reflects well-settled law. *See, e.g.*, *Uthe Tech. Corp. v. Aetrium Inc.*, 808 F.3d 755, 761 (9th Cir. 2015) (an offset is available only where a settlement and judgment "represent common damages arising from a single, indivisible harm" (citation omitted)); *C.B. v. City of Sonora*, 769 F.3d 1005, 1031–32 (9th Cir. 2014) ("[T]here can be no offset for noneconomic damages.").

The County's concession that it is not entitled to an offset is fatal to its motion because courts routinely reject efforts to obtain discovery into settlements where there is no potential offset available. *See, e.g.*, *Zook v. Equifax Info. Servs., LLC*,

STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   2018 WL 10604347, at *3 (D. Or. July 2, 2018) (denying motion to compel where

2   offset was unavailable as a matter of law, and further noting it was "premature to

3   order sensitive and confidential information to be disclosed before a trier of fact has

4   determined whether any damages should be awarded"); *Contreras*, 2017 WL

5   6372646, at *3 (same); *Chaker v. Nathan Enters. Corp.*, 2006 WL 8434046, at *2

6   (C.D. Cal. Jan. 6, 2006) (refusing to "order that confidential [settlement]

7   information be produced on . . . weak showing of relevance" where defendant could

8   not indicate how offset was available given the nature of the action); *Close v.*

9   *Account Resolution Servs.*, __ F. Supp. 3d __, 2021 WL 3674066, at *3–4 (D. Mass.

10  Aug. 19, 2021) (denying motion to compel settlement agreements on relevance

11  grounds where movants were not entitled to an offset for any amount paid by other

12  defendants in settlement).

13          The cases relied upon by the County do not support its argument. The

14  County's cases involved situations where a defendant sought discovery of a

15  plaintiff's settlements with the defendant's *co-defendants* or *joint tortfeasors* who

16  were liable for *common damages*, which were relevant to avoiding a double

17  recovery. *See Helling v. Lew*, 28 Cal. App. 3d 434 (1972) (involving successive

18  wrongful death actions subject to one satisfaction rule because they arose from same

19  loss of life); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2015 WL 13756260, at

20  *3 (N.D. Cal. July 31, 2015) (plaintiffs did not contest that settlement agreements

21  would be relevant to non-settling defendant's offset defense); *Lytel v. Simpson*, 2006

22  WL 8459764, at *2 (N.D. Cal. June 23, 2006) (involving settlement of co-defendant

23  that was sued for same claims as remaining defendant). No such issues are

24  implicated here.[3]

25  _____

26  [3] Even more strangely, the County relies upon patent cases in which courts
    concluded that licensing agreements and settlement agreements involving the

27  patent-in-suit and related patents were discoverable. *See Amtel Corp. v. Authentec*

28  *Inc.*, 2008 WL 276393, at *1–2 (N.D. Cal. Jan. 31, 2008); *Bd. of Trs. of Leland*

The County is wrong that *O'Brien v. Johnson & Johnson Medical Devices Co.*, 2020 WL 5215384, at *4 (C.D. Cal. June 24, 2020), is "directly on point" and "just like this case," *supra* at 12–13. In *O'Brien*, the plaintiff fell off a platform at a go-karting track, causing an injury that required the installation of a prosthesis. Plaintiff sued the owner and operator of the go-karting track and sought to recover damages for future medical expenses related to her prosthesis. After the plaintiff needed to have the prosthesis removed, the plaintiff brought a product-liability action against the prosthesis manufacturers, alleging that they had designed, created, manufactured, and marketed a defective device. When the plaintiff reached a settlement with the go-karting track owner, the defendants in the product-liability case moved to compel the settlement agreement. The court granted the motion. The court found the settlement potentially relevant because the plaintiff could not recover damages from medical expenses related to the prosthesis from both the go-karting track owner and the manufacturers of the prosthesis, and the plaintiff failed to explain whether the settlement compensated her for those expenses, which would have entitled the manufacturers to an offset. *See O'Brien*, 2020 WL 5215384, at *4.

*O'Brien* is nothing like this case. The settlement in *O'Brien* with the track owner could have involved *the very same injury* for which the plaintiffs sought damages against the manufacturers of the prosthesis who sought discovery of the settlement. But here, there is no risk of double recovery because *Island Express* and this action involve two completely different injuries: (1) the harm from the wrongful death of Plaintiffs' loved ones in the helicopter crash, and (2) the emotional distress from Defendants' illicit taking and sharing of graphic photos of the victims' remains *after* the helicopter crash, respectively. The County has

_____

*Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008). In such cases, the agreements at issue were relevant because they quantified the value of the patents at issue or related patents, which was relevant to the appropriate reasonable royalty to be awarded as damages. These cases are far afield.

1  admitted as much, acknowledging during meet and confer that it is not entitled to an

2  offset.  (*See* Bryant Decl. ¶ 4.)

3         The County's remaining arguments lack merit.  The County speculates that

4  the "*Island Express* settlement materials are likely to contain recitals about the cause

5  of Plaintiffs' emotional harm."  *See supra* at 13–14.  But because emotional-distress

6  damages were not at issue in *Island Express*, it is not clear why the County thinks

7  this would be true.

8         The County points to references to Plaintiffs' grief in the *Island Express*

9  complaint.  *See supra* at 6, 11 (citing ¶¶ 78, 85, 94, 102, 111).  But these

10  noneconomic damages arising from the death of Plaintiffs' loved ones are distinct

11  from the emotional distress Plaintiffs have suffered at Defendants' hands.  In a

12  wrongful death case, noneconomic damages are available only for "the loss of

13  decedent's love, companionship, comfort, care, assistance, protection, affection,

14  society, moral support, and decedent's training and guidance."  *See Hammonds*,

15  2017 WL 10560471, at *2 (citing CACI No. 3921).  Those are not the damages at

16  issue in this case.

17         Finally, the County contends that Mrs. Bryant has conceded there is some

18  overlap between the two distinct harms merely because she alleged in her First

19  Amendment Complaint that Defendants' actions "compounded the trauma of losing

20  Kobe and Gianna."  *See supra* at 11–12 (citing FAC ¶ 9).  But that allegation makes

21  clear that Defendants caused *additional harm* that made the trauma worse, which is

22  entirely consistent with Plaintiffs' position that Defendants caused a distinct

23  category of damages.

24  **The County Does Not Make the Particularized Showing of Relevance Required**

25  **to Overcome Settlement Confidentiality**

26         The *Island Express* parties expressly agreed that the terms and conditions of

27  their settlement would remain confidential in all respects.  (*See* RJN Ex. C at 97

28  ¶ 4.)

1   Discovery of confidential settlement agreements is subject to "heightened

2   scrutiny" due to "the public policy favoring efficient settlements." *Big Baboon*,

3   2010 WL 3955831, at *4.  The County's own authorities emphasize that settlement

4   confidentiality may "not be lightly abrogated." *See, e.g.*, *O'Brien*, 2020 WL

5   5215384, at *4.  "[T]he courts in the Central District of California have generally

6   employed an elevated standard in the settlement context, by placing the burden on

7   the requesting party . . . to make a particularized or heightened showing that the

8   settlement information is relevant and likely to lead to admissible evidence."

9   *Zucchella v. Olympusat, Inc.*, 2020 WL 8483772, at *8 (C.D. Cal. Nov. 2, 2020).

10  The County cannot show even minimal relevance (*see* pp. 17–22, *supra*), much less

11  make the heightened showing that is required.

12  The *Island Express* parties' interest in protecting their confidential settlement

13  far outweighs the County's interest in the discovery it seeks.  The risk that this

14  discovery would have a chilling effect on the settlement process is particularly acute

15  here because the *Island Express* action remains ongoing.  None of Plaintiffs' claims

16  have been dismissed, and a motion to intervene is currently pending before Judge

17  Olguin.  *See generally Bryant v. Island Express Helicopters, Inc.*, No. 2:20-CV-

18  08953 (C.D. Cal.).

19  The County casually brushes aside the privacy and public-policy interests at

20  stake and relies upon Judge Olguin's recent order in *Island Express* denying

21  Plaintiffs' application to seal all filings relating to the petitions to approve the

22  compromise of the minors' claims in that action.  *See supra* at 15.  That order has no

23  relevance to the question presented here.  Judge Olguin has not ordered disclosure of

24  the parties' settlement agreement in *Island Express*.  He denied the sealing

25  application *without prejudice* on the ground that the application was not "narrowly

26  tailored to seal only the sealable material"—i.e., the settlement agreement itself—

27  but also sought to seal "all filings, hearings, and orders relating to the petitions to

28  approve the compromise of the minors' claims." (*See* RJN Ex. D. at 153 (citation

Exhibit Y
Page 306

23

Case No. 2:20-cv-09582-JFW(Ex)

1  omitted).)  Moreover, a sealing application is subject to a different standard than

2  discovery.  On an application to seal, the court "starts with a strong presumption in

3  favor of access to *court* records."  (RJN Ex. D at 153 (emphasis added) (alteration

4  omitted) (quoting *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir.

5  2003)).  There is no such "strong presumption in favor" of discovery of confidential

6  settlement agreements.  Instead, the opposite is true:  the moving party bears the

7  burden of overcoming the presumption of confidentiality by making a heightened

8  showing of relevance.

9       The County has not satisfied its burden to "make a particularized and/or

10  heightened showing that the settlement information sought is relevant and likely to

11  lead to admissible evidence." *Peters*, 2013 WL 12169355, at *2.  The Court

12  therefore should deny the County's motion to compel discovery of the *Island*

13  *Express* settlement.

14  **The County's RFP Is Unduly Burdensome and Disproportionate to the Needs**

15  **of This Case**

16       The County's RFP seeks not just a single settlement agreement but also "all

17  communications and documents relating to the settlement and/or resolution of the

18  action."  An even "higher expectation of confidentiality" surrounds settlement

19  negotiations than settlement agreements themselves.  *See, e.g.*, *Hem & Thread, Inc.*

20  *v. Wholesalefashionsquare.com, Inc.*, 2020 WL 5044610, at *3 (C.D. Cal. June 16,

21  2020) (concluding "interest in preserving the privacy of the negotiations

22  outweigh[ed]" any relevancy).  Neither in meet and confer nor in the instant motion

23  has the County articulated the relevance of such communications.

24       Moreover, by its plain terms, the RFP sweeps broadly and calls for the

25  production of a substantial number of privileged documents.  The County now

26  purports to clarify that it is willing to carve out privileged communications.  In its

27  next breath, however, the County claims Plaintiffs should be required to undertake

28  the burdensome task of logging privileged communications about a settlement that

1  has no relevance to the issues in this case.  *See supra* at 16.

2      **B.**    **Discovery Responses In *Island Express* (RFP No. 19 [Bryant])**

3  REQUEST NO. 19

4      ALL COMMUNICATIONS and DOCUMENTS RELATING TO responses

5  or objections to discovery in the ACTION.[4]

6  RESPONSE TO REQUEST NO. 19

7      Plaintiff incorporates her Preliminary Statement and General Objections into

8  this response as though fully set forth herein.  Plaintiff objects to this Request as

9  calling for the disclosure of information or documents protected by the attorney-

10  client privilege, the work-product doctrine, the common-interest doctrine, and/or

11  any other applicable privilege, protection, or restriction upon discovery.  Plaintiff

12  further objects to this request because it calls for material that is not relevant to any

13  claim or defense in this action.  *Bryant v. Island Express Helicopters, Inc.*, No. 2:20-

14  CV-08953, involved different claims alleging different wrongdoing by different

15  defendants.  Documents and communications relating to responses or objections to

16  discovery in such an action are not probative of any claims or defenses asserted in

17  this case.  Plaintiff further objects to this request as unduly burdensome and

18  disproportionate to the needs of this case because most if not all

19  "COMMUNICATIONS and DOCUMENTS RELATING TO responses or

20  objections to discovery" in a litigation are likely to be communications with or

21  among outside litigation counsel litigation or documents created by outside counsel

22  that are likely protected by the attorney-client privilege, the work-product doctrine,

23  the common-interest doctrine, and other applicable privileges and protections.

24  _____

25  [4] The County served an identical request to Chester (RFP No. 16), who responded
that he has no responsive documents within his care, custody or control.

26  (Rodriguez-Sanchirico Decl. Ex. J.)  Accordingly, the County is only moving to

27  compel the production of Plaintiff Bryant's objections and responses to discovery in

28  the *Island Express* litigation.

1        Plaintiff will not be producing documents in response to this request.

2  Discovery is still ongoing, and Plaintiff reserves the right to supplement and/or

3  amend this response.

4          **1.**      **The County's Position**

5  **Bryant's Discovery Responses from *Island Express* Are Relevant**

6        As discussed above (*supra* IA), the claims in this case are brought by the

7  same plaintiffs and arise out of the same tragic accident as the *Island Express* case;

8  and there is significant overlap between the alleged harms and damages in the two

9  lawsuits. Indeed, Bryant acknowledges the connection between her alleged harm in

10 both lawsuits and claims that Defendants in this case compounded the harm she was

11 already suffering. (Rodriguez-Sanchirico Decl. Ex. A [FAC ¶ 9].)

12       Bryant's discovery responses in the *Island Express* litigation are likely to

13 contain sworn admissions that are relevant to rebut her claims and damages in this

14 case. For example, any responses in which Bryant describes the emotional harm she

15 suffered, how defendants in the *Island Express* litigation caused that harm, or the

16 bases for her damages would be highly probative to causation and damages in the

17 instant case. The County is entitled to review and use these documents in building

18 its defense.

19       Courts regularly allow discovery to be used in lawsuits other than the one in

20 which it was obtained. *See Perryman v. Litton Loan Servicing, LP*, 81 F. Supp. 3d

21 893, 901 (N.D. Cal. 2015) (citing *Cipollone v. Liggett Grp., Inc.*, 113 F.R.D. 86, 91

22 (D.N.J. 1986) ("[A] number of courts have rejected requests to limit the use of

23 discovery to the litigation in which it is initially obtained."). Even where discovery

24 is conducted under a protective order, "precedent strongly favors disclosure to meet

25 the needs of parties in pending litigation." *Beckman Indus., Inc. v. Int'l Ins. Co.*,

26 966 F.2d 470, 475 (9th Cir 1992); *Olympic Refining Co. v. Carter*, 332 F.2d 260,

27 265-66 (9th Cir. 1964) (litigant in a separate antitrust action based on the same

28 alleged violations was entitled to access documents maintained under a protective

1    order from a prior antitrust suit).  Here, Defendants' need to evaluate the bases of

2    the claims against them justifies disclosure of Bryant's discovery responses from the

3    *Island Express* litigation.

4    **Bryant's Objections Are Unfounded**

5         Bryant's objections based on the attorney-client privilege, the work-product

6    doctrine, and the common-interest doctrine are irrelevant.  The County clarified

7    during the parties' meet-and-confer that it is not seeking Bryant's attorneys' internal

8    communications relating to drafting her discovery responses; nor is it seeking

9    Bryant's communications with her attorneys.  (Rodriguez-Sanchirico Decl. ¶ 16.)

10   Rather, the County is seeking discovery responses and objections that were

11   exchanged among the parties during the course of the litigation.  It goes without

12   saying that discovery responses exchanged between parties on opposite sides of a

13   lawsuit are not protected by the attorney-client privilege.

14        Moreover, Bryant's blanket privilege objections lack the required specificity

15   under Rule 34(b)(2)(B).  (*See supra* IIA, 1.)  To the extent Bryant contends her

16   discovery responses in the *Island Express* litigation are protected by the attorney-

17   client privilege or any other privilege, she should provide a privilege log.

18        Bryant's undue burden objection is also baseless.  The County seeks a limited

19   universe of documents: discovery responses.  There is no undue burden in searching

20   for and producing these documents.  *See Benchmark Design, Inc. v. BDC, Inc.*, 125

21   F.R.D. 511, 512 (D. Or. 1989) ("Rule 26(c) authorizes a protective order when

22   discovery would be unduly burdensome.  This requires more than some expense or

23   difficulty, especially in the case of a party to the action.").

24                    **2.      Plaintiff Bryant's Position**

25        RFP No. 19 sought all communications and documents relating to *any*

26   discovery in *Island Express*.  (*See* Rodriguez-Sanchirico Declaration Ex. G at 186)

27   (seeking documents and communications "RELATING TO responses or objections

28   to discovery in the ACTION," rather than such documents "relating to *your*

STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  responses or objections"). The County's motion clarifies that it seeks to compel

2  only "production of Plaintiff Bryant's objections and responses to discovery in the

3  *Island Express* litigation." *See supra* n. 4. However, Mrs. Bryant never served

4  objections or responses to any discovery in *Island Express* (Bryant Decl. ¶ 2)—

5  much less any discovery that could possibly shed light on the emotional distress

6  inflicted by Defendants' misconduct.

7         Plaintiffs' counsel informed Defendants of this fact during a meet and confer

8  by videoconference on August 19, 2021. (*See* Bryant Decl. ¶ 5.) The County

9  inexplicably decided to pursue this motion seeking discovery responses that do not

10  exist. The motion should be summarily denied.

11

12  DATED:  September 23, 2021          MILLER BARONDESS, LLP

13

14                                      By: _/s/ Louis R. Miller_____

15                                          LOUIS R. MILLER
                                            Attorneys for Defendants
16                                          COUNTY OF LOS ANGELES, LOS
                                            ANGELES COUNTY FIRE
17                                          DEPARTMENT, JOEY CRUZ, RAFAEL
                                            MEJIA, MICHAEL RUSSELL, and
18                                          RAUL VERSALES
19

20  DATED:  September 23, 2021          MUNGER, TOLLES & OLSON LLP

21

22

23                                      By: _/s/ Luis Li_____

24                                          LUIS LI
                                            Attorneys for Plaintiff
25                                          VANESSA BRYANT

26

27

28

Exhibit Y
Page 311
STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

DATED: September 23, 2021     JEROME M JACKSON LAW OFFICES


By: _____*/s/ Jerome M. Jackson*_____
JEROME M. JACKSON
Attorneys for Plaintiffs
CHRISTOPHER L. CHESTER; R.C., a
minor, by and through his Guardian Ad
Litem, CHRISTOPHER L. CHESTER;
and H.C., a minor, by and through his
Guardian Ad Litem, CHRISTOPHER L.
CHESTER

STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## **ATTESTATION CLAUSE**

I, Louis R. Miller, am the ECF User whose ID and password are being used to file this STIPULATION REGARDING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS.  In compliance with L.R. 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  September 23, 2021         */s/ Louis R. Miller*
                                                    Louis R. Miller

STIPULATION REGARDING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

# Discovery Motions

2:20-cv-09582-JFW-E Vanessa Bryant v. County of Los Angeles et al

ACCO,(Ex),DISCOVERY,MANADR,PROTORD

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Miller, Louis on 9/23/2021 at 1:35 PM PDT and filed on 9/23/2021

**Case Name:**       Vanessa Bryant v. County of Los Angeles et al
**Case Number:**     2:20-cv-09582-JFW-E
**Filer:**           County of Los Angeles
**Document Number:** 97

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Compel Production of Documents** *(Submitted Jointly)* **filed
by Defendant County of Los Angeles. Motion set for hearing on 10/15/2021 at 09:30 AM before
Magistrate Judge Charles F. Eick. (Miller, Louis)**

### 2:20-cv-09582-JFW-E Notice has been electronically mailed to:

Brandon Ellis Martinez , Jr     brandon.martinez@mto.com

Craig Armand Lavoie     craig.lavoie@mto.com, Jennifer.Galindo@mto.com, Kelly.Whitfield@mto.com,
myrna.perez@mto.com

Emily A Rodriguez-Sanchirico     esanchirico@millerbarondess.com, aransom@millerbarondess.com,
docket@millerbarondess.com

Jennifer Lynn Bryant     jennifer.bryant@mto.com, michelle.godfrey@mto.com

Jennifer Mira Hashmall     mhashmall@millerbarondess.com, aalamango@millerbarondess.com,
aransom@millerbarondess.com, docket@millerbarondess.com, mhirsch@millerbarondess.com

Jonathan C McCaverty     jmccaverty@counsel.lacounty.gov, eliao@counsel.lacounty.gov

Louis R. Miller     smiller@millerbarondess.com, docket@millerbarondess.com, oashcroft@millerbarondess.com

Luis Li     luis.li@mto.com, denise.olguin@mto.com

Mari T. Saigal     mari.saigal@mto.com, Jennifer.Galindo@mto.com, marilyn.ogaldez@mto.com

### 2:20-cv-09582-JFW-E Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE</u> <u>FILER</u> to :

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\001 Ntc of Mtn and Mtn to Compel (Joint Stipulated Discovery Dispute).pdf

Exhibit Y
Page 314

**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/23/2021] [FileNumber=32670848-0
] [b196aa1daad95c99745d288183e8b9020ecbe6ac11ee665d71b01fcf21a704ef43b
ed722c01d5e329c42051c1c0c790dbeb83bc254ccc6b59e2eeb52195798b1]]

Exhibit Y
Page 515