Steven H. Haney, SBN 121980
Kenneth W. Baisch, SBN 115404
**HANEY LAW GROUP**
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501
Email: shaney@haneylawgroup.com
kbaisch@haneylawgroup.com

Attorneys for BRIAN JORDAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California Resident,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; et al.,<br><br>Defendants. | Case No. 2:20-cv-09582 JFW (Ex)<br>[Hon. John F. Walter, Courtroom 7A]<br><br>**(1) MOTION FOR PROTECTIVE ORDER (ENTIRE DOCUMENT TO BE FILED UNDER SEAL)**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**<br><br>**(3) DECLARATION OF CAPTAIN JORDAN AND STEVEN H. HANEY IN SUPORT THEREOF; and**<br><br>**(4) [PROPOSED] ORDER** separately *lodged concurrently herewith*<br><br>District Judge: Hon. John F. Walter<br>Courtroom: 7A<br><br>Magistrate Judge: Hon. Charles F. Eick<br>Courtroom: 750 |

TO THIS THE PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that third party witness BRIAN JORDAN ("Jordan") a retired Captain, previously with the Los Angeles Fire Department, will and hereby does move the Court A Motion For Protective Order in Courtroom 750, 7th Floor, of

the above-captioned Court, located at 255 E. Temple St., Los Angeles, California 90012.

Good cause exists for the granting of this motion for a protective order on the grounds that Captain Jordan will suffer emotional harm if he is forced to testify regarding his observations and role as safety officer at the scene of the helicopter crash which has rendered him disabled and required his retirement.

This Motion is based on upon this Notice of Motion, Memorandum of Points and Authorities, Declaration of Brian Jordan and Steven H. Haney, and exhibits thereto.

In accordance with Local Rule In accordance with Local Rule 37-1, counsel for Plaintiff and Mr. Jordan met and conferred regarding this dispute by videoconference on October 12, 2021 but were unable to reach agreement regarding the subject matter of this Motion.

Dated: October 19, 2021

HANEY LAW GROUP

By: /s/ Haney
Steven H. Haney, Esq.
Kenneth W. Baisch, Esq.
Attorneys for BRIAN JORDAN

# MEMORANDUM OF POINTS AND AUTHORITES

## I.   INTRODUCTION

This case arises out of the January 26, 2021, helicopter crash in the foothills of the Santa Monica Mountains, which tragically killed a number of people including former NBA superstar Kobe Bryant and his daughter. While certain members of the Los Angeles County Sherriff's Department and Los Angeles County Fire Department took photographs of the accident scene, none of those scenes were publicised on television or on the internet, Plaintiff Bryant nevertheless filed a lawsuit for, among other things, invasion of privacy.

## II.   FACTUAL SUMMARY

At the time of the crash, Captain Jordan was a captain with the Los Angeles County Fire department and its safety officer. The gruesome nature of the crash site, much like a battleground, left Captain Jordan emotionally damaged, requiring him to go on disability leave and ultimately retire from the fire department entirely. Any attempts to remember what occurred that day causes Captain Jordan further trauma, such that his health care professionals have opined that he should not be questioned or deposed at this time regarding the event.

Captain Jordan is not a party to this lawsuit. In her most recent attempt to obtain discovery, Bryant had her counsel issue a deposition subpoena served upon third-party witness Brian Jordan seeking his testimony as well as his personal cell phone records. Captain Jordan has objected to the subpoena on the grounds that his personal cell phone records contain private information that is protected by his right of privacy. Now, Captain Jordan has been ordered by his doctors to refrain from discussing this tragic event due to the toll it has taken on his psychological health. These same professionals were a catalyst for Captain Jordan's early retirement, based on their recommendations and conclusions pertaining to his disability. This is the first time Captain Jordan has chosen to reveal this highly confidential information.

Dr. David Appleton, a provider hired by the County to assess Captain Jordan, has written numerous times that the Captain is not permitted to return to work with the Fire Department (Jordan Decl, Exhibit 2). In yet another letter dated October 12, 2021

> Dr. Appleton writes, "Mr. Brian Jordan has been under my care since June 24, 2020 for an incident that took place at work on January 26, 2020…Since then, Mr. Jordan has received a total of 42 individual sessions of Trauma related Cognitive Behavioral Psychotherapy for Post-Traumatic Stress Disorder."

Dr. Appleton goes on to write, in the same letter, that Captain Jordan's attendance at a deposition associated with the helicopter accident of January 26, 2020, "Would further traumatize Mr. Jordan at this point." However, Dr. Appleton suggested that Captain Jordan could have six additional sessions with him to better determine the state of Captain Jordan's mental health and his ability to undergo a deposition after these six sessions.

As though this was not enough, for the purposes of a second opinion Dr. Emil Soorani, a psychiatrist who evaluated Fire Captain Brian Jordan on January 7, 2020, wrote about his findings in a letter dated January 11, 2021 (Jordan Decl). Dr. Soorani stated that;

> "After an extensive and thorough interview and examination, I have determined that Captain Jordan suffers from post-traumatic stress disorder as a result of his job related psychological and emotional distress suffered when he viewed the horrific remains of a helicopter crash which involved, among others, Kobe Bryant and his daughter (also known as the "Willows incident")."

Dr. Soorani was abundantly clear when he said,

> "After meeting with Captain Jordan, I have determined it would be seriously detrimental to his health to participate in any type of discussion involving the Willows incident and anything pertaining to the Willows incident and the aftermath that follows." This letter includes Dr.

Soorani's recommendations for Captain Jordan to refrain from speaking of the horrific helicopter crash from January 26, 2020. Dr. Soorani notes,

"It is my strong opinion that the already present psychological and emotional distress, the depression (including sleeplessness, flashbacks, and other physical manifestations of his emotional distress), would be severely exacerbated by any discussion related to the Willows incident."

These findings do not leave any room for alternate interpretations, they are clear and concise. Captain Jordan should not even so much as discuss this incident, but Plaintiff insists she has a right to depose him for an indeterminable period of time. The everlasting effects this deposition would have on Captain Jordan has been clearly outlined by these experts.

Moreover, due to these findings, Captain Jordan respectfully requests the granting of this Motion for a Protective Order regarding his upcoming deposition.

### III. PROCEDURAL HISTORY

On October 4, 2021, Plaintiff's counsel served by email a deposition subpoena requesting a variety of documents along with the appearance of Captain Jordan at a deposition scheduled for October 25, 2021. Mr. Haney, counsel for Captain Jordan explained to Plaintiff's counsel the fact that Captain Jordan's health prevents his testimony regarding the tragedy. Nonetheless, Plaintiff is unwilling to forego deposing Captain Jordan at this time. As a result, third-party witness Captain Jordan hereby respectfully asks this Court to grant a protective order with regard to: (1) the taking of his deposition; and (2) the issuance of any further discovery.

Captain Jordan seeks this request on the grounds that he is under the care of health care professionals, including the County's doctor, who have determined that his psychological state is such that he should not be questioned regarding the incident at this time.

### IV. LEGAL ARGUMENT

### A. This court has the discretion to determine the scope of discovery and accordingly issue a protective order

District courts have broad discretion to determine the scope of discovery. (*Hallett v. Morgan*, 296 F.3d 732, 750 (9th Cir. 2002)). More specifically, the decision to issue a protective order rests within the discretion of the trial court. The Court in which the action is pending has the authority to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). The presiding court is in this best position to determine the underlying discovery dispute. (*Pure Fishing, Inc. v. Redwing Tackle Ltd.*, 2012 WL 1133384 (2012)). While information sought during pre-trial discovery is presumptively open to the public, a party seeking a protective order may override this presumption by demonstrating "good cause." (*Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (2002)).

### B. Good cause exists due to the harmful impact this deposition would have on Captain Jordan's health

To show good cause for a protective order restricting pre-trial discovery, the moving party bears the burden of showing that specific prejudice or harm will result if no protective order is granted. (Fed. Rules Civ. Proc. Rule 26(c)(1)). To do so, "the moving party must make a clear showing of a particular and specific need for the order.") (*General Motors Corp.*, 307 F. 3d 1210 (2002)). Where protective order disputes involve conflicting interests, the Court balances the needs of the party seeking disclosures against the risk of injury that may result if the requested discovery is permitted. (See *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469–70 (9th Cir. 2002); *Bite Tech, Inc. v. X2 Impact, Inc.*, 2013 WL 195598 (9th Cir. 2013)). In the instant case, Captain Jordan can surpass a mere showing of good cause. Captain Jordan has been ordered by his doctors on more than one occasion to "not work at all." Further, he has been deemed permanently disabled from this incident. As

referenced above, Dr. David Appleton and Dr. Soorani alike have written about the colossal harm that will reek havoc on Captain Jordan's psyche if he has to endure discussing the incident from January 26, 2021. As addressed by Dr. Appleton, Captain Jordan has received a total of 42 individual sessions of Cognitive Behavioral Psychotherapy for Post-Traumatic Stress Disorder. To reiterate, forty-two sessions of reliving what resembled a warzone replete with dead bodies, body parts, and blood. To put things into prospective, an event so traumatic that it caused a Safety Officer, a man that is no stranger to tragedy, to end his career. Put plainly, forty-two individual sessions, seems good cause enough for Plaintiff to believe Captain Jordan has not fabricated this disability. One would assume that partaking in forty-two sessions of psychoanalysis would contribute to a good cause showing that Captain Jordan has suffered vastly due to this incident. Captain Jordan has lost his job, endured mental agony, retained counsel, and has been vilified by the Department he honorably served. However, through the meet and confer process Plaintiff's counsel has vehemently demonstrated their lack of empathy regarding Captain Jordan's circumstances. To add insult to injury, Captain Jordan still suffers from sleeplessness, depression, and post traumatic stress disorder. Irrespective of Plaintiff's contentions Captain Jordan maintains that the harm he will suffer is far greater and frankly irreparable, with regards to his well being.

    Ultimately, a protective order should be granted when the moving party establishes "good cause" for the order and justice requires "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The authority of the Court under Rule 26(c) includes the ability to enter an order "forbidding the disclosure or discovery" altogether. (Fed. R. Civ. P. 26(c)(1)(A)); see *Havasupai Tribe v. Robertson*, 943 F.2d 32, 34 (1991).

    It is painfully clear that the present case necessitates a protective order for Captain Jordan's well-being and because justice so requires, for the purpose of protecting him from annoyance, embarrassment, oppression, and undue burden.

==Hasn't the Captain experienced enough? Captain Jordan has been pricked and poked by the Plaintiff, the County, and now he turns to the court to release him from this reoccurring nightmare. Captain Jordan has been served multiple subpoenas, a deposition subpoena, requests for documents, and so forth. Constantly reminding him of the event he so needs to forget, an event his doctors have stated has caused permanent disability and post traumatic stress. It is unclear how much more proof Plaintiff desires to reassure her of Captain Jordan's condition. In any case, Captain Jordan is merely a third party witness and should not have to comply with every one of Plaintiff's unwavering demands.==

### C. The Court may limit discovery to ensure Captain Jordan does not have to attend the deposition scheduled for October 25, 2021

Additionally, the Federal Rules, by their plain terms, allow the court to limit discovery so as to avoid cumulation, duplication, harassment, expense and burdensomeness. (See Fed.R.Civ.P. 26(b)(1)). The discretion to limit discovery extends to imposing restrictions where the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive." (Fed. R. Civ. P. 26(b)(1)). The Court may also limit the use of discovery methods otherwise permitted under the Federal Rules if the Court determines that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive. (See Fed.R.Civ.P. 26(b)(2) (C)(i)).

Plaintiff in their own moving papers have admitted that other County employees have consented to provide access to documents relating to the incident in question. Further, Plaintiff's counsel is already embarking on countless depositions in this matter in a scorched earth fashion. Not to mention the innumerable subpoenas Plaintiff has issued, along with amended subpoenas to supplement their requests, Plaintiff has gone above and beyond to utilize every discovery tool readily available to them. Therefore, it would cause Plaintiff no harm to obtain information from some

1 other source that is more convenient, less burdensome, or less expensive. Also, it is
2 quite evident through Plaintiff's two hundred page Declaration that they are not at a
3 disadvantage for lack of information. In addition, the discovery cut off for this matter
4 is November 29, 2021.

5 Thus, good cause exists for the granting of this motion for a protective order on
6 the grounds that Captain Jordan will suffer emotional harm if he is forced to testify
7 regarding his observations and role as safety officer at the scene of the helicopter crash
8 which has rendered him disabled and required his retirement.

9 Accordingly, in addition to requesting a protective order precluding discovery,
10 Defendants also respectfully ask this Court to exercise its authority to stay all
11 discovery as to Captain Jordan in the interests of judicial economy and avoiding a
12 needless expenditure of resources by both parties. (See e.g., *Sinclair Ref. Co. v.*
13 *Jenkins Petroleum Process Co.*, 289 U.S. 689, 693-94 (1933)).

## V. CONCLUSION

15 For the reasons set forth above, third-party witness Captain Brian Jordan
16 respectfully requests that this Court grant this protective order with regard to: (1) the
17 taking of his deposition; and (2) the issuance of any further discovery to Captain
18 Jordan.

20 Dated: October 19, 2021        HANEY LAW GROUP

By: /s/ Steven H. Haney
Steven H. Haney, Esq.
Kenneth W. Baisch, Esq.
Attorneys for BRIAN JORDAN

## Declaration of Brian Jordan

I, Captain Brian Jordan, declare as follows:

1. I am over 18 years of age and a retired Captain from the Los Angeles County Fire Department.

3. At the time of tragic Kobe Bryant helicopter crash I was the Chief Safety Officer for the Los Angeles Fire County Department. While I understand that a subpoena has issued requesting my presence at a deposition scheduled for October 25, 2021, I respectfully request the court grant this Application such that I may pursue a protective order. As the basis for the protective order is my psychological health, the documentation for this motion contains highly private privileged information further explaining my current circumstances.

2. I was treated by Dr. Appleton and Dr. Soorani, whom provided recommendations and evaluations based on my mental health, Attached hereto as Exhibit "1" and Exhibit "2" are true and correct copies of their medical findings. Dr. Appleton suggested that I have six additional sessions with him to better determine the state of my mental health and my ability to undergo a deposition after these six sessions.

///

///

///

I declare under the laws of the United States of America that the foregoing is true and correct, and that this declaration was issued on this 19th day of October 2021 at Los Angeles, CA.

/s/ *Brian Jordan*
Captain Brian Jordan, Declarant

## Declaration of Steven H. Haney

I, Steven H. Haney, declare as follows:

1. I am an AV preeminent rated attorney that has been practicing for 35 years and am licensed to practice before all courts in the State of California, and including before the United States District Court for the Central District of California. I am counsel for third party witness Brian Jordan. In the regard I have personal knowledge of the following facts and if called as a witness could and would testify competently thereto under oath.

2. Good cause exists for the granting of this motion for a protective order on the grounds that Captain Jordan will suffer emotional harm if he is forced to testify regarding his observations and role as safety officer at the scene of the helicopter crash which has rendered him disabled and required his retirement.

3. The incidents that took place on January 26, 2021 and the aftermath of this tragic event had a great impact on Captain Jordan's life. This incident was ultimately the catalyst for Captain Jordan's early retirement. Jordan's doctors subsequently have diagnosed him and their analysis is a pivotal feature of the Motion for a Protective order that Captain Jordan.

4. On October 6, 2021, a letter was sent to Plaintiff indicating Captain Jordan's need for a Protective Order and to File Documents Under Seal, Attached hereto as Exhibit "3" is a true and correct letter dated October 6, 2021. 7.

5. On October 8, 2021 an email was sent to Brandon Martinez and Jennifer

---

1     Case No. 2:20-cv-09582-JFW-Ex
MOTION FOR A PROTECTIVE ORDER – ENTIRE DOCUMENT TO BE FILED UNDER SEAL

1  Bryant scheduling a meet and confer for Tuesday, October 12, 2021. Attached hereto
2  as Exhibit "4" is a true and correct copy of the email sent on October 8, 2021.
3
4      6.    On October 12, 2021 at 3:00 pm I met and conferred with Jennifer
5  Bryant, who is one of the counsel for Plaintiff in this matter. During our meet and
6  confer we were unable to come to an agreement as to filing documents under seal or to
7  stipulate to a Protective Order that would preclude Captain Brian Jordan's deposition
8  from moving forward on October 25, 2021.
9
10     7.    When I speak to Captain Jordan on an attorney client basis, I have been
11 advised by his wife not to mention the helicopter crash or anything relating to that
12 crash as it causes Captain Jordan to suffer psychological trauma and physical
13 manifestations of that trauma. In my opinion, forcing him to undergo a deposition at
14 this time would be harmful and even deadly to my client.
15
16 I declare under penalty of perjury under the laws of The United States of
17 America that the foregoing is true and correct, and that this declaration was executed
18 on this _19_ day October 2021 in Los Angeles, CA.
19
20
21
22                                       Steven H. Haney, Declarant

HANEY LAW GROUP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501

2
Case No. 2:20-cv-09582-JFW-Ex
MOTION FOR A PROTECTIVE ORDER – ENTIRE DOCUMENT TO BE FILED UNDER SEAL

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1055 West Seventh Street, Suite 1950, Los Angeles, California 90017. On **October 19, 2021**, I caused to be served the foregoing document described as **MOTION FOR A PROTECTIVE ORDER** in this action by placing a true copy thereof enclosed in an envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY MAIL AS FOLLOWS: The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

☒ BY ELECTRONIC TRANSMISSION - I caused such document(s) to be delivered in PDF format when the attached document(s) was e-filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the e-mail addresses listed.

Executed on **October 19, 2021,** in Los Angeles, CA 90017

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| Lauren Moorehead | *s/Lauren Moorehead* |
|---|---|
| Type or Print Name | Signature |

3     Case No. 2:20-cv-09582-JFW-Ex
MOTION FOR A PROTECTIVE ORDER – ENTIRE DOCUMENT TO BE FILED UNDER SEAL

## SERVICE LIST
### Bryant v. County of Los Angeles et al.
### Case No. 2:20-cv-09582-JFW-E

| | |
|---|---|
| Louis R. Miller<br>smiller@millerbarondess.com<br>Mira Hashmall<br>mhashmall@millerbarondess.com<br>Emily A. Rodriguez<br>esanchirico@millerbarondess.com<br>MILLER BARONDESS, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067<br>(310) 552-4400 | *Attorneys for County of Los Angeles, Los Angeles County Fire Department, Joey Cruz, Rafael Mejia, Michael Russell, Raul Versales, Arlin Kahan, and Tony Imbrenda* |
| Jonathan C. McCaverty<br>jmccaverty@counsel.lacounty.gov<br>LOS ANGELES COUNTY COUNSEL<br>500 West Temple Street, Suite 468<br>Los Angeles, CA 90012<br>(310) 552-4400 | *Attorneys for Los Angeles County Sheriff's Department* |
| Luis Li<br>Luis.Li@mto.com<br>Craig Lennings Lavoie<br>Craig.Lavoie@mto.com<br>Jennifer L. Bryant<br>Jennifer.Bryant@mto.com<br>Brandon E. Martinez<br>Brandon.Martinez@mto.com<br>Munger, Tolles & Olson LLp<br>350 South Grand Avenue<br>Fifteenth Floor<br>Los Angeles, CA 90071 | *Attorneys for Vanessa Bryant* |
| Jerome M. Jackson<br>jmjlaw@aol.com<br>JEROME M. JACKSON LAW OFFICES<br>880 Apollo Street, Suite 238<br>El Segundo, California 90245<br>(310) 726-4199 | *Attorney for Christopher L. Chester, R.C. (a minor, by and through his guardian ad litem, Christopher L. Chester), and H.C. (a minor, by and through his guardian ad litem, Christopher L. Chester)* |

Kevin R. Boyle
boyle@psblaw.com
Marguerite S. Sanvictores
sanvictores@psblaw.com
PANISH SHEA & BOYLE LLP
11111 Santa Monica Blvd., #700
Los Angeles, California 90025
(310) 477-1700

*Attorneys for Matthew Mauser, P.M. (a minor, by and through her guardian Matthew Mauser), T.M. (a minor, by and through his guardian Matthew Mauser), and I.M. (a minor, by and through her guardian Matthew Mauser); and John James Altobelli and Alexis Altobelli*

HANEY LAW GROUP
1055 WEST SEVENTH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 228-6500
FACSIMILE: (213) 228-6501