LUIS LI (State Bar No. 156081)
Luis.Li@mto.com
CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MARI T. SAIGAL (State Bar No. 318556)
Mari.Saigal@mto.com
BRANDON E. MARTINEZ (State Bar No. 318749)
Brandon.Martinez@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California Resident,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, a public entity, et al.,<br><br>          Defendants. | Case No. 2:20-cv-09582-JFW-E<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS FOR CELL PHONE RECORDS**<br><br>[*Filed Concurrently with Supplemental Declaration of Brandon E. Martinez*]<br><br>Judge:   Hon. John F. Walter<br><br>Magistrate Judge: Hon. Charles F. Eick<br><br>Hearing: November 5, 2021<br>Time:      9:30 a.m.<br>Place:     Courtroom 750<br><br>Discovery Cutoff: November 29, 2021<br>Pretrial Conf.: February 4, 2021<br>Trial: February 22, 2021 |

## I. INTRODUCTION

Plaintiff Vanessa Bryant submits this supplemental brief to clarify several issues for the Court in connection with her motion to compel Brian Jordan's compliance with Plaintiff's subpoenas for his cell-phone records. Just today (*see* Suppl. Declaration of Brandon E. Martinez ("Martinez Decl."), Ex. D), this Court denied Mr. Jordan's demand for immunity from discovery, including Mrs. Bryant's deposition subpoena seeking Mr. Jordan's documents and testimony about his taking and distributing gratuitous photos of the accident victims' remains. Mr. Jordan's attorney's arguments for refusing to obtain and produce a narrowly tailored, highly relevant set of Mr. Jordan's cell-phone records are of a piece: waived and baseless.

## II. ARGUMENT

### A. Mr. Jordan Has Waived Any Objections to the Subpoena for Cell-Phone Records Served on Him Directly

Mr. Jordan's counsel does not dispute that he has never served written objections, let alone timely ones, to the cell-records subpoena that Plaintiff served directly upon Mr. Jordan. Mr. Jordan has the right and ability to obtain those records from his cell-phone carrier. *See, e.g.*, *Crowther v. City of Fontana*, 2018 WL 6016289, at *2 (C.D. Cal. Sept. 10, 2018). Having failed to serve written objections to doing so, his attorney has waived any objections his client could have asserted—including the inapposite and meritless ones lodged in response to this motion. *See, e.g.*, *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

### B. There Is No Meaningful Dispute That Mr. Jordan's Personal Cell-Phone Logs Are Relevant and Contain Information That Cannot Be Obtained Elsewhere

Mr. Jordan's text-messaging activity on his personal cell phone in the days and weeks following the helicopter accident is reasonably likely to show the extent to which he transferred the graphic photos of human remains that he concedes he took—information relevant and important to Mrs. Bryant's case. In response to

Plaintiff's evidence that Mr. Jordan lied to Fire Department investigators about his distribution of photos of human remains; that many County of Los Angeles personnel use their personal cell phones at work; and that Mr. Jordan's personal cell-phone records are relevant (*see* Jt. Stip. at 8, 10; *see also* Bryant Decl. ¶¶ 22-23), Mr. Jordan's counsel pivots to slamming the Fire Department's inquiry as a witch hunt and asserts without any evidence or argument that "Mrs. Bryant does not have good reason to seek Mr. Jordan's personal phone activity during the relevant timeframe." (*See* Jt. Stip. at 18.)  This response is meritless misdirection.

      Mr. Jordan's counsel similarly fails to support his contention that Mrs. Bryant is able to obtain the information in Mr. Jordan's cell-phone records "through other less invasive means." (Jt. Stip. at 13.)  Mr. Jordan wiped the evidence of his wrongdoing and lied to Fire Department investigators about his taking and sharing of graphic remains photos.  (*See id.* at 1-2.)  He also has refused to participate in any discovery, including producing documents or sitting for deposition.  (Bryant Decl. ¶¶ 4-17; *see also* Martinez Decl., Ex. D.)  Mr. Jordan's cell-phone records are therefore important to understand his dissemination of the photos, and they are not available from any other source.

### C. State-Law Privileges, Including a Right to Privacy Under the California Constitution, Do Not Apply Here

      Contrary to counsel's argument (*see* Jt. Stip. at 11-13), and as this Court has now held twice in this case (Martinez Decl., Exs. B, C), privacy privileges under the California Constitution do not apply in federal civil-rights cases.  *See, e.g.*, *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839-40 (9th Cir. 2005); *Kerr v. U.S. Dist. Ct.*, 511 F.2d 192, 197 (9th Cir. 1975); *Bryant v. Armstrong*, 285 F.R.D. 596, 604 (S.D. Cal. 2012).  Counsel's references to the California Constitution and cases addressing

alleged violations of the right to privacy under it[1] are therefore irrelevant.

### D. The Fourth Amendment and Mr. Jordan's Privacy Interest Do Not Shield the Records Plaintiff Seeks

#### 1. The Fourth Amendment Does Not Govern the Subpoenas

Contrary to counsel's contention (*see* Jt. Stip. at 4, 12, 16-18), the Fourth Amendment does not govern the subpoenas served by Mrs. Bryant, a private person, under Fed. R. Civ. P. 45.[2] *See, e.g., United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (noting that Fourth Amendment "proscrib[es] only governmental action" and is "wholly inapplicable" to conduct "by a private individual" (citation omitted)).

#### 2. Mr. Jordan's Privacy Objection Is Unsupported by Law or Fact

Nor does a general privacy interest shield Mr. Jordan's cell-phone records from discovery. Contrary to his attorney's distortions, Mrs. Bryant does <u>not</u> seek (a) Mr. Jordan's cell phone itself; (b) any "information contained in [his] cell phone"; (c) the content of any texts, calls, or other communications; (d) "voluminous amounts of personal data"; (e) any "sensitive records previously found in the home"; (f) "Internet search and browsing history"; (g) "tracking data" reflecting "his movements"; or (h) "a digital record of nearly every aspect of [Mr. Jordan's] li[fe]." (Jt. Stip. at 12-14, 16-18.) Rather, Mrs. Bryant seeks text-messaging logs, call logs, and data-transfer logs for the five weeks after Mr. Jordan unlawfully snapped photos of the crash victims' remains—the period when he was most likely to be illicitly passing those photos to others. (*See* Bryant Decl., Exs. E at 108-09, F at 125-26.) These kinds of records implicate only a marginal privacy

---

[1] *See Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1 (1994); *TBG Ins. Servs. Corp. v. Super. Ct.*, 96 Cal. App. 4th 443 (2002); *Pioneer Elecs. (USA), Inc. v. Super. Ct.*, 40 Cal. 4th 360 (2007).

[2] As for counsel's unexplained reference to Mr. Jordan's due-process rights (*see* Jt. Stip. at 4), Mr. Jordan has received both notice of the subpoenas under Fed. R. Civ. P. 45 and an opportunity to be heard by this Court.

interest at best, *see, e.g.*, *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015), and disclosure of such records under a protective order has been held to be minimally intrusive, *see, e.g.*, *Mintz v. Mark Bartelstein & Assocs.*, 885 F. Supp. 2d 987, 999-1001 (C.D. Cal. 2012).  Any privacy interest, moreover, would give way to Mrs. Bryant's right to discovery, particularly because Mr. Jordan can avail himself of the Court's protective order, *see, e.g.*, *Shaw*, 306 F.R.D. at 301; Plaintiff's requests are "narrowly tailored," *Murray v. Carlsbad*, 2010 WL 2612698, at *2 (S.D. Cal. June 25, 2010); and "there is no other means for [her] to obtain the information" the records contain, *id.*  (*See also* Martinez Decl., Ex. A (Court's protective order).)

Mr. Jordan's attorney fails to meaningfully distinguish *Mintz*.  There, the court concluded that the plaintiff had a limited privacy interest in his cell-phone records in part because his employer paid for his mobile account.  But the Court ultimately rejected his privacy argument because "the disclosure of telephone numbers and cell site information, as well as the date, time, and duration of calls does not represent a significant intrusion of . . . privacy, particularly because the Court can issue an appropriate protective order."  *Mintz*, 885 F. Supp. 2d at 999-1000.  Mrs. Bryant seeks the disclosure of similar cell-phone records under a protective order here.

### E. Mrs. Bryant Does Not Seek the Content of Any Communications, so the Stored Communications Act Is Irrelevant

Counsel's substantial discussion (*see* Jt. Stip. at 13-15, 15-16) of 18 U.S.C. § 2702, a provision of the Stored Communications Act ("SCA"), is irrelevant.  As counsel recognizes, under 18 U.S.C. § 2702(c)(6), "an electronic communication service provider may release subscriber information that is not considered 'content.'"  (Jt. Stip. at 13.)  Because Mrs. Bryant's operative subpoenas on the cell-phone carriers expressly exclude "the content of any calls, messages, or PHOTO(S)," (Bryant Decl., Exs. E at 108-09, F at 125-26), the SCA is immaterial

here. And even were the SCA applicable to *those* subpoenas, it would have no bearing on Plaintiff's subpoena to Mr. Jordan personally—objections to which are waived. *See, e.g.*, *Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 895, 900 (9th Cir. 2008) (SCA governs communication services "providers"), *rev'd on other grounds sub nom. City of Ontario v. Quon*, 560 U.S. 746 (2010).[3]

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion to compel.

DATED: October 22, 2021            MUNGER, TOLLES & OLSON LLP

By:   */s/ Luis Li*
         LUIS LI

Attorneys for Plaintiff Vanessa Bryant

---

[3] Although Mr. Jordan's attorney's objections are both waived and meritless, Mrs. Bryant does not dispute that Mr. Jordan has standing to object to her subpoenas to the cell-phone carriers. (*See* Jt. Stip. at 15.)