# EXHIBIT C

EXHIBIT C
25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 20-9582 JFW (Ex)                                Date: August 4, 2021

Title: Vanessa Bryant v. County of Los Angeles, et al.
=========================================================================
PRESENT:     HON.  CHARLES F. EICK, MAGISTRATE JUDGE

               Valencia Munroe                   None
                Deputy Clerk                     Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFF:**    **ATTORNEYS PRESENT FOR DEFENDANT(S):**
             None                                      None

**PROCEEDINGS:**     (IN CHAMBERS)

      The Court has read and considered all papers filed in support of and in opposition to "Plaintiff's Motion to Compel etc." ("the Motion"), filed July 20, 2021. The previously noticed August 13, 2021 hearing date is vacated. The Court has taken the Motion under submission without oral argument. As discussed below, the Motion is granted in part and denied in part.

      Defendants argue that "Plaintiff has taken the position that she does not have to meaningfully participate in discovery" (Joint Stipulation, filed July 20, 2021, at 3). Defendants' argument presents a non sequitur. See, e.g., Harrison v. Commissioner Gary Lanigan, 2016 WL 3626524, at *2 (D. N.J. July 1, 2016)("there is no place for 'tit-for-tat' in a court of law. One party's failure to comply with certain rules and procedures is not an excuse for another party to do the same"); Genentech, Inc. v. Trustees of University of Pennsylvannia, 2011 WL 7074208, at *1 (N.D. Cal. June 10, 2011) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with discovery obligations on receiving discovery from its opponent.") (citations and quotations omitted).

      Defendants challenge the relevance of some of the discovery sought. The Court finds that the discovery ordered herein is relevant to the parties' claims or defenses. See Fed. R. Civ. P. 26(b).

      Defendants appear to argue that some of the discovery sought is unreasonably burdensome. Defendants have failed to submit any evidence attempting to demonstrate the alleged burdensomeness of any of the discovery sought. Nevertheless, the Court has applied logic and experience to limit the discovery ordered herein to discovery which is "proportional to the needs of the case." See Fed. R. Civ. P. 26(b).

**EXHIBIT C**
**26**

Defendants reference certain alleged privileges. The Court's discussion of privilege issues in the Minute Order, filed December 30, 2020, is equally apt here, except that some of the requests for production now at issue appear very likely to encompass documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Under the circumstances presented, the Court declines to enforce a waiver of the attorney-client privilege or the work product doctrine, provided that, at the time Defendants make the production ordered herein, Defendants also serve a privilege log identifying with particularity each responsive document withheld under claim of the attorney-client privilege or the work product doctrine.

The Motion is granted as to RFP No. 28 of Appendix A, limited to all complaints, memoranda or other written communications discussing Sheriff's Department Personnel's personal possession for non-investigatory purposes of photos of human remains encountered by Sheriff's Department Personnel while on duty. To the extent RFP No. 28 also seeks the production of other documents, including the photos themselves, the Motion is denied as not proportional to the needs of the case and as potentially violative of the constitutional rights of unrepresented nonparties. See Fed. R. Civ. P. 26(b); Marsh v. County of San Diego, 680 F.3d 1148 (9th Cir. 2012).

The Motion is granted as to RFP Nos. 31, 32 and 33 of Appendix A.

The Motion is denied as moot as to RFP No. 38 of Appendix A, based on the representations made by Defendants at page 20, lines 20 and 25-28 of the Joint Stipulation, filed July 20, 2021.

The Motion is granted as to RFP Nos 30 and 34 of Appendix A, limited to all documents reflecting or discussing any such training.

The Motion is granted as to RFP No. 48 of Appendix A.

The Motion is granted as to "Custodial Metadata."

Defendants shall produce to Plaintiff the documents and information required by this Order, and shall serve the privilege log, on or before September 2, 2021.

The discovery ordered herein shall be subject to the "Stipulated Protective Order," filed November 25, 2020.


cc:   Judge Walter
      All Counsel of Record

**EXHIBIT C**
**27**