UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9582-JFW(Ex) | Date | October 26, 2021 |
|---|---|---|---|
| Title | VANESSA BRYANT v. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | Charles F. Eick, United States Magistrate Judge | |
|---|---|---|
| Valencia Munroe | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**      **Attorneys Present for Defendants:**

None      None

**Proceedings:**    (IN CHAMBERS)

The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Defendants' Motion for Protective Order and Plaintiffs' Motion to Compel the Depositions of Los Angeles County Sheriff Alex Villanueva and Los Angeles County Fire Chief Daryl Osby" ("the Motions"), filed October 15, 2021. The parties "agreed to waive their right to submit supplemental briefs in the interest of having the motions resolved expeditiously" (Motions at p. 4). The previously noticed October 29, 2021 hearing date is vacated. The Magistrate Judge has taken the Motions under submission without oral argument.

The Motions concern whether Plaintiffs will be allowed to take the depositions of nonparties Sheriff Villanueva and Fire Chief Osby. Parties generally are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). However, an "apex" deposition, i.e., "[t]he deposition of a high-level official or executive" "creates tremendous potential for abuse and harassment; and therefore, courts have the discretion to limit such discovery." Jordan v. Wonderful Citrus Packing LLC., 2019 WL 176264, at *8 (E.D. Cal. Jan 11, 2019). Courts exercise this discretion with such frequency that the "[h]eads of government agencies are not normally subject to deposition." Kyle Engineering Co. V. Kleppe, 600 F.2d 226, 231 (9th Cir. 1978); see also Buono v. City of Newark, 249 F.R.D. 469, 470 n.2 (D. N.J. 2008) ("there is a public policy interest in ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion").

"In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Myles v. County of San Diego, 2016 WL 4366543, at *3 (S.D. Cal. Aug. 15, 2016). When "the official is removed from the daily subjects of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9582-JFW(Ex) | Date | October 26, 2021 |
|---|---|---|---|
| Title | VANESSA BRYANT v. COUNTY OF LOS ANGELES, ET AL. | | |

litigation, and has no unique personal knowledge of the facts at issue, a deposition is improper." Id. (citations and quotations omitted).

Under the extraordinary circumstances of the present case, the assertedly "apex" depositions sought are appropriate. In disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, Defendants themselves identified Sheriff Villanueva and Fire Chief Osby as "individual[s] likely to have discoverable information" whom Defendants "may use to support" their defenses in this case. See Fed. R. Civ. P. 26(a)(1)(A)(i); Exhibits B, C and D to "Declaration of Craig Jennings Lavoie, etc., filed October 15, 2021. On the present record, it appears that: (1) both Sheriff Villanueva and Fire Chief Osby have "unique first-hand, non-repetitive knowledge" relevant to the issues in this case; (2) such knowledge is not entirely obtainable through the exhaustive discovery from other sources which has been and will be taken in this case; and (3) other, less intrusive methods of discovery would not adequately substitute for the depositions sought. Cf. Ahlman v. Barnes, 2021 WL 1570838 at **4-8 (C.D. Cal. Mar. 9, 2021). It further appears that Plaintiffs' purpose in seeking these depositions is neither abusive nor harassing.

Accordingly, "Defendants' Motion for Protective Order" is denied and "Plaintiffs' Motion to Compel the Depositions of Los Angeles County Sheriff Alex Villanueva and Los Angeles County Fire Chief Daryl Osby" is granted, except that: (1) to minimize the diversion of the deponents from "perform[ing] their official tasks," the depositions are limited to four (4) hours each, a length of time that will be adequate, if the parties and the deponents proceed efficiently (cf. Ahlman v. Barnes, 2021 WL 1570838, at *8; Apple Inc. v. Samsung Electronics Co., Ltd., 282 F.R.D. 259 (N.D. Cal. April 4, 2012)); and (2) Plaintiffs' request for an order imposing 72 hour and two week timetables for the scheduling and the taking of the depositions, respectively, is denied, because imposition of the requested timetables will be unnecessary, if the parties and the deponents proceed promptly and in good faith.


cc:   Judge Walter
      All Counsel of Record                                  Initials of Deputy Clerk   VMUN