1  LUIS LI (State Bar No. 156081)
   Luis.Li@mto.com
2  CRAIG JENNINGS LAVOIE (State Bar No. 293079)
   Craig.Lavoie@mto.com
3  JENNIFER L. BRYANT (State Bar No. 293371)
   Jennifer.Bryant@mto.com
4  MARI T. SAIGAL (State Bar No. 318556)
   Mari.Saigal@mto.com
5  BRANDON E. MARTINEZ (State Bar No. 318749)
   Brandon.Martinez@mto.com
6  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue
7  Fiftieth Floor
   Los Angeles, California 90071-3426
8  Telephone:  (213) 683-9100
   Facsimile:   (213) 687-3702
9
   Attorneys for Plaintiff Vanessa Bryant

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No.  2:20-cv-09582-JFW-E<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF'S OPPOSITION TO BRIAN JORDAN'S OBJECTIONS TO HONORABLE JUDGE CHARLES F. EICK'S FINDINGS PURSUANT TO A MOTION FOR A PROTECTIVE ORDER (FILED PROVISIONALLY UNDER SEAL)**<br><br>[Declaration of Brandon E. Martinez and L.R. 79-5.2.2(b) Application and Supporting Papers filed concurrently herewith]<br><br>Judge:  Hon. John F. Walter<br><br>Magistrate Judge:  Hon. Charles F. Eick<br><br>Place:    Courtroom 7A<br><br>Discovery Cutoff:  November 29, 2021<br>Pretrial Conference:  February 4, 2022<br>Trial:  February 22, 2022 |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. LEGAL STANDARDS ....................................................................................... 2

III. ARGUMENT ....................................................................................................... 3

    A. Mr. Jordan Fails to Identify Any Misapplication of Legal Principles by Magistrate Judge Eick ........................................................ 3

    B. Mr. Jordan's Objections to Magistrate Judge Eick's Application of the Law Lack Merit ................................................................................ 4

        1. There Is No Dispute that Mr. Jordan's Testimony Is Relevant. ........................................................................................ 4

        2. Magistrate Judge Eick Did Not Clearly Err in Finding No Good Cause to Justify Precluding Mr. Jordan's Testimony ......... 5

        3. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ .............. 8

    C. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ............ 8

IV. CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Alves v. Riverside Cnty.*,
  2021 WL 3598728 (C.D. Cal. Apr. 9, 2021).................................................. 2, 5

*Bhan v. NME Hosps., Inc.*,
  929 F.2d 1404 (9th Cir. 1991) ............................................................................ 3

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975) .............................................................................. 2

*In re Google Litig.*,
  2011 WL 4985279 (N.D. Cal. Oct. 19, 2011) .................................................... 3

*Hightower v. JP Morgan Chase*,
  2012 WL 12878312 (C.D. Cal. Sept. 28, 2012).......................................... 3, 6, 7

*Hunt v. Cont'l Cas. Co.*,
  2015 WL 1518067 (N.D. Cal. Apr. 3, 2015)...................................................... 2

*Jennings v. Family Mgmt.*,
  201 F.R.D. 272 (D.D.C. 2001) ........................................................................... 7

*Jones v. Sweeney*,
  2008 WL 3892111 (E.D. Cal. Aug. 21, 2008) ................................................... 6

*Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*
  29 F. Supp. 3d 142 (E.D.N.Y. 2014).................................................................. 6

*Salter v. Upjohn Co.*,
  593 F.2d 649 (5th Cir. 1979) .............................................................................. 2

**FEDERAL STATUTES**

28 U.S.C. § 636(b)(1)(A) ......................................................................................... 3

**RULES - OTHER**

Fed. R. Civ. P. 26(c)(1)............................................................................................. 2

Fed. R. Civ. P. 72(a) ....................................................................................... 3, 6, 7

-ii-    Case No. 2:20-cv-09582-JFW-E
PLAINTIFF'S OPPOSITION TO BRIAN JORDAN'S OBJECTIONS TO JUDGE EICK'S FINDINGS
PURSUANT TO A MOTION FOR A PROTECTIVE ORDER  (FILED PROVISIONALLY UNDER SEAL)

## TABLE OF AUTHORITIES
### (Continued)

**Page**

Fed. R. Civ. P. 72(b) ................................................................................................ 7

L.R. 7-6 ..................................................................................................................... 6

## I. INTRODUCTION

Nearly forty personnel from the Los Angeles County Sheriff's and Fire Departments have provided or will provide testimony in this action. Even though his misconduct is squarely relevant to this lawsuit, former Captain Brian Jordan of the Fire Department refuses to do the same. While on duty at the site of the helicopter crash in which Plaintiff Vanessa Bryant's husband and daughter were killed, Mr. Jordan snapped multiple photos focused on crash victims' remains and then shared them with others, including someone who ultimately displayed photos of the remains of at least one of Mrs. Bryant's loved ones during the cocktail hour at an awards show gala at a Hilton hotel. (*See* ECF No. 129 (Pl.'s Opp. to Brian Jordan *Ex Parte* Mot. for Protective Order) at 1; ECF No. 129-1, Declaration of Jennifer L. Bryant ("Bryant Decl.") ¶ 16.)

In a letter signed by Deputy Fire Chief William McCloud Jr. in December 2020, the Fire Department notified Mr. Jordan of its intent to terminate him from the Department for taking and distributing multiple photos of human remains at the site of the helicopter crash that killed Plaintiff Vanessa Bryant's husband and daughter, Kobe and Gianna Bryant. (*See* ECF No. 129-8, Bryant Decl., Ex. G, at 120-28.) Deputy Chief McCloud found that "[t]here was no legitimate business need for [Mr. Jordan] to take photographs of human remains" at the site; that Mr. Jordan's "photographs . . . of the fuselage and human remains at the [site] did not further the [Fire] Department's mission" and "had no intel value or legitimate business purpose"; and that Mr. Jordan's taking and distribution of the photos "only served to appeal to [his] baser instincts and desires for what amounted to visual gossip." (*Id.* at 123-24.) And Mr. Jordan was not alone in this desire: at least several employees of the County of Los Angeles are known or suspected to have publicly shared, or offered to share, photos of victims' remains at the crash site with members of the public, including the civilians at the award show gala, the patrons of a local bar, Defendant Joey Cruz's niece, a Sheriff's Department's detective's wife, and video-game buddies of

Defendant Michael Russell who live as far away as Louisiana. (Declaration of Brandon E. Martinez ("Martinez Decl.") ¶ 2.) For his part, rather than face termination for his contribution to the egregious invasion of Mrs. Bryant's privacy, Mr. Jordan elected to retire from the Department. (Captain Jordan's Objections to Honorable Judge Charles F. Eick's Findings Pursuant to a Motion for a Protective Order (ECF No. 138) ("Jordan Objections"), Ex. 3 (Mot. for Protective Order) at 3.)

Magistrate Judge Eick correctly found that Mr. Jordan has not carried his heavy burden of showing extraordinary circumstances why he cannot provide testimony at a deposition. Indeed, Mr. Jordan failed to offer any sworn testimony from any witness regarding his present condition and purported categorical inability to sit for a deposition. The Magistrate Judge nevertheless accommodated ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Mr. Jordan's counsel does not identify any legal error in that decision. He simply asks this Court to apply the same case law and reach a different conclusion. Judge Eick's order was correct and not erroneous. This Court should affirm it.

## II. **LEGAL STANDARDS**

A party seeking a protective order under Fed. R. Civ. P. 26(c)(1) "bears the burden of showing specific prejudice or harm will result if no protective order is granted." Al*ves v. Riverside Cnty.*, 2021 WL 3598728, at *3 (C.D. Cal. Apr. 9, 2021) (quoting *Hunt v. Cont'l Cas. Co.*, 2015 WL 1518067, at *1-2 (N.D. Cal. Apr. 3, 2015)). "Absent extraordinary circumstances," courts are loathe "to disallow the taking of a deposition" altogether. *Hunt*, 2015 WL 1518067, at *1 (collecting cases); *see also, e.g.*, *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("A strong showing is required before a party will be denied entirely the right to take a deposition." (quoting 4 James Wm. Moore, Moore's Federal Practice ¶ 26.69 (2d ed. 1974))); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and

absent extraordinary circumstances, such an order would likely be in error."); *In re Google Litig.*, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) ("A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." (citation omitted)).

This Court may reverse a magistrate judge's determination of a pretrial, non-dispositive matter, such as a ruling on a discovery matter, "only if it is 'clearly erroneous or contrary to law.'" *Hightower v. JP Morgan Chase*, 2012 WL 12878312, at *1 (C.D. Cal. Sept. 28, 2012) (quoting 28 U.S.C. § 636(b)(1)(A) & Fed. R. Civ. P. 72(a)); *see also, e.g.*, *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991) (noting that a "magistrate's decision on a nondispositive issue will be reviewed by the district judge under the clearly erroneous standard," whereas "[d]ecisions on dispositive issues will be reviewed de novo" (citations omitted)). "The clearly erroneous standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters" and is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Hightower*, 2012 WL 12878312, at *1 (internal quotation marks omitted; Court's alterations adopted).

## III. ARGUMENT

### A. Mr. Jordan Fails to Identify Any Misapplication of Legal Principles by Magistrate Judge Eick

Although Mr. Jordan's counsel contends that Magistrate Judge Eick's order was "contrary to law," (Jordan Objections at 2, 4), he does not argue that Magistrate Judge Eick misapprehended the legal standard for a protective order immunizing him from a deposition. To the contrary, Mr. Jordan acknowledges that "courts will rarely grant a protective order that completely prohibits a deposition" and that he had the burden to show "extraordinary circumstances." (Jordan Objections at 8.) Mr. Jordan's counsel criticizes Judge Eick for relying on case law from other jurisdictions, but his objections do not cite any case from any jurisdiction granting a

protective order immunizing a witness from a deposition, let alone a case from the Ninth Circuit that bound Judge Eick.

### B. Mr. Jordan's Objections to Magistrate Judge Eick's Application of the Law Lack Merit

Instead of identifying some error of law in Magistrate Judge Eick's decision, Mr. Jordan argues that Magistrate Judge Eick incorrectly applied the law to the facts. However, Mr. Jordan fails to show any error—let alone a clear one—in Magistrate Judge Eick's determination that his arguments and evidence failed to show good cause for a protective order immunizing him from a deposition. Mr. Jordan's counsel's objections largely rehash arguments that Judge Eick considered and properly rejected. Counsel also attempts to rely on evidence that was not before Judge Eick, underscoring his inability to find clear error in Judge Eick's decision based on the record before him.

#### 1. There Is No Dispute that Mr. Jordan's Testimony Is Relevant.

Mr. Jordan does not and cannot dispute that his testimony is relevant. As Mrs. Bryant explained in her opposition to Mr. Jordan's motion for a protective order, documents obtained in discovery, including reports and letters documenting an internal inquiry by the Fire Department into personnel who took and shared photos of human remains at the crash site, show that Mr. Jordan was one of at least two Fire Department employees who snapped photos of victims' remains at the crash site and that that these photos "served no business necessity" and instead "only served to appeal to baser instincts and desires for what amounted to visual gossip." (ECF No. 129-8, Bryant Decl., Ex. G, at 123-24.) Mr. Jordan was seen taking graphic photos focused on the victims' remains and then sent those photos to a public-relations employee for the Fire Department without any valid reason. (ECF No. 129-1 (Bryant Decl.) ¶ 17; ECF No. 129-8, Bryant Decl., Ex. G at 122; *see also* ECF No. 129-9, Bryant Decl., Ex. H at 130-32.) A civilian witness later submitted a complaint to the Fire Department reporting that the employee who received the

photos from Mr. Jordan displayed them to a group of off-duty firefighters and their wives and girlfriends at an awards gala at a Hilton hotel in February 2020. (ECF No. 129-1 (Bryant Decl.) ¶ 17.)

Mr. Jordan's counsel's argument that he has no unique testimony to offer (*see* Jordan Objections at 10) lacks any basis. *Mr. Jordan* took the photos and shared them. *He* must explain why he did so, how widely he shared them, whether and when he deleted the photos, and his motivations for deleting them. He cannot force Mrs. Bryant to attempt to extract information from others in the Fire Department to try to explain his own misconduct.

### 2. Magistrate Judge Eick Did Not Clearly Err in Finding No Good Cause to Justify Precluding Mr. Jordan's Testimony.

Since Mr. Jordan's testimony is squarely relevant, he bore the burden of showing that "specific prejudice or harm will result if no protective order is granted." *Alves*, 2021 WL 3598728, at *3 (internal quotation marks omitted). Magistrate Judge Eick did not err, let alone clearly, in finding that Mr. Jordan's motion failed to meet this standard and thus failed to establish good cause why he should not sit for a deposition. Mr. Jordan's counsel's objections to the contrary lack merit and improperly ask this Court to replace Magistrate Judge Eick's judgment with its own.

[redacted]

1 ███████████████████████████████████████
2 ███████████████████████████████████████
3 ███████████████████████████████████████
4 ██████████████████████████████████
5 ███████████████████████████████████████
6 ███████████████████████████████████████
7 █████████████████████████████████████
8 ████████████████████
9   ████████████████████████████████████
10 ████████████████████████████████████
11 ██████████████████
12 ██████████████████████████████████ *See*
13 L.R. 7-6 (providing that, absent a hearing, "[f]actual contentions involved in any
14 motion and opposition to motions shall be presented, heard, and determined upon
15 declarations and other written evidence . . . alone").

16     *Second*, neither the undated ████████████████████
17 ████████████ (*see* Jordan Objections, Ex. 1 at 1-2) was presented to Magistrate
18 Judge Eick (*see* Martinez Decl. ¶ 3) and therefore must be disregarded. When
19 reviewing a magistrate judge's determination of a non-dispositive discovery matter
20 under Fed. R. Civ. P. 72(a), a district court may not consider evidence that the
21 objecting party did not present to the magistrate. *See, e.g.*, *Hightower*, 2012 WL
22 12878312, at *2 ("'Motions for reconsideration and objections to a Magistrate
23 Judge's order are not the place for a party to make a new argument and raise facts
24 not addressed in his original brief.'" (quoting *Jones v. Sweeney*, 2008 WL 3892111,
25 at *2-3 (E.D. Cal. Aug. 21, 2008)); *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.,* 29 F.
26 Supp. 3d 142, 151-53 (E.D.N.Y. 2014) ("[T]he district court's review of a
27 magistrate judge's *non-dispositive* ruling under FRCP 72(a) is limited to the
28

1 evidence that was before the magistrate judge.").[1]  Counsel's attempt to rely on
2 evidence that was not before Judge Eick underscores his inability to show that the
3 Magistrate Judge improperly considered the evidence that was before him.

4 ███████████████████████████████████████████████
5 ███████████████████████████████████████████████
6 █████████████████████████████████████
7    ████████████████████████████████████████████
8 ████████████████████████████████████████████
9 ███████████████████████████████████████████████
10 █████████████████████████████████████████████
11 ███████████████████████████████████████████████
12 ██████████████████████████████████████████
13 ███████████████████████████████████████████████
14 ███████████████████████████████████████████████
15 ████████████████████████████

16    In short, Mr. Jordan's evidence failed to "state with specificity how or why"
17 ██████████████████████████████████████████████
18 ████████ if required to testify at a deposition.  *Jennings v. Family Mgmt.*, 201
19 F.R.D. 272, 275-76 (D.D.C. 2001).  Judge Eick therefore reasonably concluded that
20 Mr. Jordan had failed to show the extraordinary circumstances required to establish
21 good cause to avoid offering relevant testimony at deposition.

---

25 [1] *Compare* Fed. R. Civ. P. 72(b) (authorizing district court to "receive further
26 evidence" when evaluating objections to magistrate ruling on *dispositive* motions),
*with id.* 72(a) (with respect to *non-dispositive* orders, only authorizing district court
27 to "consider timely objections and modify or set aside any part of the order that is
28 clearly erroneous or is contrary to law").

3. █████████████████████████

Notwithstanding the gaps in the evidentiary record, Judge Eick's order reasonably ███████████████████████████████████████████████████████████████████████████████████████████████████████. (*See* ECF No. 131.) ██████████████████████████████████████████████████████████████████████. (*See* Martinez Decl. ¶ 4.) Far from showing an abuse of discretion or clear error, this portion of Judge Eick's order reflects that he carefully assessed the strengths of Mr. Jordan's evidence, balanced that evidence against the importance of his testimony to Mrs. Bryant, and calibrated the relief he granted to Mr. Jordan.

C. ████████████████████████████

████████████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

██████████████████████████████████████████

████████████████.

## IV. CONCLUSION

Mr. Jordan's objections to Magistrate Judge Eick's order should be overruled and Judge Eick's order affirmed.

DATED: November 5, 2021			MUNGER, TOLLES & OLSON LLP

						By:	*/s/ Luis Li*
							Luis Li

						Attorneys for Plaintiff Vanessa Bryant