1  JONATHAN C. McCAVERTY (State Bar No. 210922)
   Principal Deputy County Counsel
2  jmccaverty@counsel.lacounty.gov
   OFFICE OF COUNTY COUNSEL
3  General Litigation Division
   500 West Temple Street, Suite 468
4  Los Angeles, California 90012
   Telephone:  (213) 974-1828
5  Facsimile:   (213) 626-7446
6
7  Attorneys for Defendant
   LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
8
9              UNITED STATES DISTRICT COURT
10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
11

| | |
|---|---|
| VANESSA BRYANT, | **CASE NO. 2:20-cv-09582-JFW-E** |
| Plaintiff, | **DECLARATION OF LASD COMMANDER SCOTT E. JOHNSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS** |
| v. | |
| COUNTY OF LOS ANGELES, et al., | |
| Defendants. | |
| | Hearing Date:  November 29, 2021 |
| | Time:                9:30 a.m. |
| | Place:               Courtroom 750 |
| | Pretrial Conf.:  February 4, 2022 |
| | Time:                8:00 a.m. |
| | Trial Date:        February 22, 2022 |
| | Time:                8:30 a.m. |
| | Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

540429.2

Case No. 2:20-cv-09582-JFW-E

DECLARATION OF LASD COMMANDER SCOTT E. JOHNSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS

## DECLARATION OF SCOTT JOHNSON OF LASD

I, Scott Johnson, declare as follows:

1.     I am a Commander with the Defendant Los Angeles County Sheriff's Department ("LASD" or the "Department").  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to all of said facts.  I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Spoliation Sanctions.

**Background**

2.     I have been a LASD employee for approximately 43 years.  I am currently a Commander in the Professional Standards Division.

**LASD's Investigation**

**The Station-Level Inquiry**

3.     On January 29, 2020, the Sheriff's Information Bureau ("SIB") received an email from a concerned citizen.  The email stated that a young deputy had shown crash site photos on his phone to someone at the Baja California Bar and Grill in Norwalk.  SIB shared the email with LASD command staff, who directed the Lost Hills Station to launch an immediate inquiry.

4.     The inquiry started at the Lost Hills Station level, which is standard operating procedure for citizen allegations of misconduct involving LASD personnel.  At the inquiry stage, the relevant station investigates to determine whether there is factual support for the allegations of misconduct.  If the allegations are substantiated, the matter is then referred to IAB for an administrative investigation.  If there are criminal allegations, the matter is instead referred to the Internal Criminal Investigation Bureau.

5.     In this particular situation, the goal at the inquiry stage was also to immediately stop any improper dissemination of crash site photos.  Lieutenant Hector Mancinas and Sergeant Marcus Phillips interviewed 28 deputies, reserve deputies, sergeants, and Malibu Search & Rescue Team members.

DECLARATION OF LASD COMMANDER SCOTT E. JOHNSON IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS

6. Once the Lost Hills Station had confirmed that the photos were deleted, the matter was referred to IAB for an administrative investigation into the allegations of photo sharing.

**The IAB Investigation**

7. IAB launched its administrative investigation in March 2020. The investigators interviewed 41 witnesses and compiled a comprehensive 1,140 page report. The report included audio recordings and transcripts of the witness interviews.

8. The IAB investigation confirmed that all personnel who took, shared, and/or received photos of the crash site had deleted the photos. Based on the investigation, LASD was able to determine that no one other than Deputy Joey Cruz had shown a photo to anyone outside the Department. No one had sent a crash site photo to anyone outside the Department.

**Preservation of Documents**

**LASD Document Retention Policies**

9. The County's general retention policy for documents relating to an investigation and/or litigation is five years after completion of the investigation or litigation. *See* Los Angeles County General Records Retention Schedule (GRRS) § G.07.070.

10. LASD bureaus/divisions and personnel are aware of this general retention policy for investigations and/or litigation.

**Several Preservation Notices Sent to LASD Personnel**

11. On May 11, 2020, Captain Albert Maldonado of the Risk Management Bureau sent a Notice of Civil Claim of Vanessa Bryant to Captain Salvador Becerra of the Malibu/Lost Hills Station. The Notice was sent in response to Plaintiff Bryant filing a civil claim with the Los Angeles County Board of Supervisors on May 8, 2020. The Notice stated that the relevant personnel at the Malibu/Lost Hills Station needed to "preserve all evidence related to this claim in a location where it

can be readily retrieved."  A true and correct copy of the May 11, 2020 Notice of Civil Claim notice is attached hereto as **Exhibit A.**

12.     The May 11, 2020 Notice also stated:

Please ensure that all documents, materials, or other evidence identified in the check-off list are preserved in a location where they can be readily retrieved.  This includes all memorandum, station tapes, or in-service sheets that in any way relate to the incident set forth in the claim.  The failure to preserve this evidence could result in severe sanctions against the County in any lawsuit and could prevent the defense of the lawsuit.  (*Id.*)

13.     On June 23, 2020, Captain Maldonado sent the same Notice of Civil Claim of Vanessa Bryant to Sheriff Alex Villanueva.  The Notice again stated that the relevant personnel needed to "preserve all evidence related to this claim in a location where it can be readily retrieved."  A true and correct copy of the June 23, 2020 Notice of Civil Claim notice is attached hereto as **Exhibit B.**

14.     The June 23, 2020 Notice also stated:

Please ensure that all documents, materials, or other evidence identified in the check-off list are preserved in a location where they can be readily retrieved.  This includes all memorandum, station tapes, or in-service sheets that in any way relate to the incident set forth in the claim.  The failure to preserve this evidence could result in severe sanctions against the County in any lawsuit and could prevent the defense of the lawsuit.  (*Id.*)

15.     On July 24, 2020, LASD Chief Legal Advisor Elizabeth Miller sent a litigation hold notice to me, LASD Lieutenant Maxine Kallenberger of the Civil Litigation Unit, Captain William Jaeger of IAB, and Captain Matthew Burson of the Professional Standards Division, relating to the taking and sharing of photos involving the helicopter crash that occurred in Calabasas, California on January 26, 2020.  A true and correct copy of the July 24, 2020 litigation hold notice is attached hereto as **Exhibit C.**

540429.2

4

Case No. 2:20-cv-09582-JFW-E

DECLARATION OF LASD COMMANDER SCOTT E. JOHNSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS

16.     The litigation hold notice directed the recipients to "take steps to ensure that all evidence related to the crash, the investigation, photos taken at the scene, etc. – all evidence in any way related to the crash and any related investigations is preserved." (*Id.*)

17.     Lieutenant Kallenberger responded and advised Chief Legal Advisor Miller that her office would "notify appropriate involved units."  A true and correct copy of Lieutenant Kallenberger's July 24, 2020 response is attached hereto as **Exhibit D.**

18.     Lieutenant Kallenberger then asked Janel Ramos of the LASD Civil Litigation Unit to "notify all appropriate involved units regarding the Bryant crash," which Ms. Ramos agreed to do.  A true and correct copy of Lieutenant Kallenberger's July 24, 2020 email exchange with Ms. Ramos is attached hereto as **Exhibit E.**

19.     On July 27, 2020, Ms. Ramos forwarded the litigation hold notice to LASD Captain Salvador Becerra of the Malibu/Lost Hills Station, Lieutenant Hector Mancinas of the Malibu/Lost Hills Station, Sergeant Adan Nevarez of Malibu/Lost Hills Station, Sergeant Brandon Painter of Malibu/Lost Hills Station, Commander Jorge Valdez who was the Captain of the Sheriff's Information Bureau at the time, and Lieutenant Anthony Blanchard of the Office of the Sheriff.  A true and correct copy of the July 27, 2020 litigation hold notice is attached hereto as **Exhibit F.**

20.     Ms. Ramos wrote that the "request for preservation of evidence related to the Bryant crash was sent from Chief Legal Advisor, Elizabeth Miller," and instructed the recipients to "ensure all evidence in any way related to the crash and any related investigations is preserved by your unit/station." (*Id.*)

21.     On July 27, 2020, Commander Valdez forwarded the litigation hold notice to LASD Assistant Sheriff Steven Gross, Chief Dennis Kneer of the North Patrol Division, and Constitutional Policy Advisor Georgina Glaviano for the Office of the Sheriff.  Chief Kneer was involved in coordinating the response by the

DECLARATION OF LASD COMMANDER SCOTT E. JOHNSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS

Malibu Lost Hills Stations to the January 26, 2020 helicopter crash, the inquiry into the taking and sharing of crash scene photos, and disciplining certain LASD deputies.  A true and correct copy of Commander Valdez's July 27, 2020 email is attached hereto as **Exhibit G.**

22.     Constitutional Policy Advisor Glaviano then forwarded the litigation hold notice to Captain Jaeger and Chief Burson, and Lieutenant Shawnee Hinchman of the department's Advocacy Unit.  Captain Jaeger, who also received Chief Legal Advisor Miller's July 24, 2020 litigation hold, was involved in the IAB investigation into the taking and sharing of crash scene photos. True and correct copies of Constitutional Policy Advisor Glaviano's July 27, 2020 emails are attached hereto as **Exhibit H.**

23.     The recipients of these litigation hold notices were responsible for notifying the relevant LASD personnel of their obligation to preserve evidence relating to the January 26, 2020 helicopter crash, including all documents relating to the inquiry and IAB investigation into the taking and sharing of crash scene photos. This included LASD personnel at the Malibu/Lost Hills Station, the Sheriff's Information Bureau, and IAB.

**Preservation of Materials Related to this Litigation**

24.     LASD has located and preserved all documents and materials related to the subject matter of this litigation.

25.     LASD has not deleted or destroyed any documents or materials related to the subject matter of this litigation.

26.     All of the documents attached hereto were obtained, collected, and maintained in the course and scope of the business of the LASD.

DECLARATION OF LASD COMMANDER SCOTT E. JOHNSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.

3    Executed on this ___ day of November, 2021, at Los Angeles, California.

4

5    _____

6    Scott E. Johnson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LASD COMMANDER SCOTT E. JOHNSON IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS

## INDEX OF EXHIBITS TO THE DECLARATION OF
## LASD COMMANDER SCOTT JOHNSON

| Ex. No. | Description | Pg. No. |
|---------|-------------|---------|
| A. | May 11, 2020 Notice of Civil Claim | 9-16 |
| B. | June 23, 2020 Notice of Civil Claim | 17-24 |
| C. | July 24, 2020 litigation hold notice | 25-26 |
| D. | July 24, 2020 email from Lieutenant Kallenberger | 27-28 |
| E. | July 24, 2020 Lieutenant Kallenberger's email exchange with Ms. Ramos | 29-31 |
| F. | July 27, 2020 litigation hold notice | 32-34 |
| G. | July 27, 2020 email from Commander Valdez | 35-37 |
| H. | July 27, 2020 emails from Constitutional Policy Advisor Glaviano | 38-42 |

540429.2

8

Case No. 2:20-cv-09582-JFW-E

DECLARATION OF LASD COMMANDER SCOTT E. JOHNSON IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS

# Exhibit A

761551N25A – SH-AD (3/16)

COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

DATE:     May 11, 2020

FILE NO:

OFFICE CORRESPONDENCE

FROM:  ALBERT M. MALDONADO, CAPTAIN     TO:   SALVADOR BECERRA, CAPTAIN
RISK MANAGEMENT BUREAU                          MALIBU/LOST HILLS STATION

SUBJECT:  **CIVIL CLAIM OF VANESSA BRYANT, DOCKET #20-1160274*001**

On May 8, 2020, a civil claim was filed with the Los Angeles County Board of Supervisors and forwarded to the County Counsel's Office.   County Counsel's Office has requested the Sheriff's Department's assistance in gathering documentation, including a copy of the Unit Commander's Claim Review.

You have two duties as a result of this claim: (1) perform a Claim Review as required by MPP 5-07/290.00; and (2) preserve all evidence related to this claim in a location where it can be readily retrieved.

Malibu/Lost Hills Station has been designated the primary unit responsible for this claim.   If there are any secondary units responding to the claim, you should coordinate with them to avoid duplicate efforts.

Within 20 days of the date of this memorandum, your Claim Review shall be completed and a report forwarded to your Chief for approval.   This approved report shall be forwarded to Risk Management Bureau.   Your Claim Review report should include the following:

- All information obtained from the review of the claim, including a list of witnesses, any conflicting versions of the facts, and each source for information, as well as a description of the claim review performed.
- Any training, policies, or procedures related to the entire incident.
- Any perceived deficiencies in the above-identified training, policies, and procedures.
- Any corrective action taken as a result of the claim review, including counseling, training, or the initiation of an administrative or criminal investigation.
- Whether an administrative or criminal investigation is warranted for unrelated policy violations that were identified during the claim review.
- Whether any employees were involved employees or supporting employees.
- Whether the personnel involved were contract city items on contract city business.

COLA035976

**Exhibit A, Page 10**

**CIVIL CLAIM**                    -2-                    May 11, 2020
**VANESSA BRYANT**

A completed copy of both the Documentation/Materials Check-Off List and the Unit Commander Assessment shall be attached to this memorandum, as well as relevant supporting documentation.

In the event that this claim relates to an incident that has been the subject of a previous shooting review, force review, traffic collision investigation, administrative investigation, and/or Watch Commander's Service Comment Report, please coordinate your review with the unit level or IAB investigator who handled the previous review.   Your review of the claim may be limited to additional or different information provided in the claim that was not known at the time of the previous review.   All information from any *prior* review of the incident involved in the claim should be attached to your report.

**Please ensure that all documents, materials, or other evidence identified in the check-off list are preserved in a location where they can be readily retrieved.** This includes all memorandum, station tapes, or in-service sheets that in any way relate to the incident set forth in the claim.   The failure to preserve this evidence could result in severe sanctions against the County in any lawsuit and could prevent the defense of the lawsuit.

**If this claim has been incorrectly forwarded to your unit or you know another unit will need to respond to a portion of this claim, notify Risk Management Bureau immediately.**

Copies of your recommendations and other supporting documents, including the attached documents, become the working documents for the Department and the County Counsel Office.   These materials will be provided to the assigned county attorney if a lawsuit is subsequently filed.

If you have any questions or are unable to comply with the 20-day deadline, please contact Lieutenant Maxine D. Kallenberger of the Civil Litigation Unit at (323) 890-5400.

AMM:ddd

COLA035977

**Exhibit A, Page 11**

## Claim Response Documentation/Materials Check-Off List
### Claim of VANESSA BRYANT, Docket #20-1160274*001

This form is to be used in conjunction with your claim response and is designed to expedite the information collection process, and avoid the possible oversight of items critical to claims investigations and civil litigation.

Items listed that are not included with the claim response to Civil Litigation Unit shall be preserved at the unit level in accordance with MPP Sections 5-07/290.15 and 5-04/020.15.

| Documentation/Material | Include | Available | N/A | If "Available" held at: |
|---|---|---|---|---|
| Incident/Supplementary Reports | | | | |
| Traffic Collision Report/Supps | | | | |
| Memoranda | | | | |
| Supervisor's Use of Force Report | | | | |
| Watch Commander Log Entry | | | | |
| Service Comment Report | | | | |
| Inmate Incident Report | | | | |
| Jailer Gatebook Pages | | | | |
| Inmate Injury Report | | | | |
| In-Service Sheet | | | | |
| Station Log | | | | |
| Citation | | | | |
| Booking Slip | | | | |
| Booking Photos | | | | |
| Property Slip | | | | |
| Interviews Audio/Video | | | | |
| Investigation Photos | | | | |
| MDT-Deputy Daily Worksheet | | | | |
| MDT-Unit History | | | | |
| Station Phone Tapes - 911, etc. | | | | |
| Radio Transmission Tapes | | | | |
| Deputy Personal Tapes | | | | |
| Medical Records in Custody | | | | |
| Medical Records After Care | | | | |
| Medical Housing Locations | | | | |
| Medical Screening Sheet | | | | |
| Inmate Housing Locations | | | | |
| SEB/Canine Activation Form | | | | |
| Search Warrant Operation Plan | | | | |
| Search Warrant Photos | | | | |
| Search Warrant and Affidavit | | | | |
| Search Warrant RIB Form | | | | |
| District Atty Filings | | | | |
| District Atty Dispositions | | | | |
| District Atty Docket Sheet | | | | |
| Probation Report | | | | |
| D.B. Case Activity Log | | | | |
| Aero Bureau Flight Log | | | | |
| Juvenile Detention Forms | | | | |
| Employee Injury Report | | | | |
| Boating Incident Report | | | | |
| Other Video/Audio Tapes | | | | |

COLA035978

*Claim of VANESSA BRYANT, Docket #20-1160274\*001*

**Other Physical Evidence** (use additional pages, if necessary)

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

_____ Held at:_____

COLA035979

**Exhibit A, Page 13**

*Claim of VANESSA BRYANT, Docket #20-1160274\*001*

**ALL QUESTIONS ARE REQUIRED TO BE ANSWERED. THE INFORMATION PROVIDED BELOW WILL DETERMINE FUNDING SOURCE.**

**Involved Deputy(s)** (use additional pages, if necessary)

Name: _____ Employee #_____

Unit I. D. # (i.e. 48A) _____

Was Deputy a contract city funded item? _____ Name of contract city: _____

Did the incident occur in a contract city? _____

Address_____

Was the Deputy on contract city business? _____

Was this Deputy an unincorporated funded item? _____

Was this Deputy a MTA funded item? _____

Was this a special contract event? _____


Name: _____ Employee #_____

Unit I. D. # (i.e. 48A) _____

Was Deputy a contract city funded item? _____ Name of contract city: _____

Did the incident occur in a contract city? _____

Address_____

Was the Deputy on contract city business? _____

Was this Deputy an unincorporated funded item? _____

Was this Deputy a MTA funded item? _____

Was this a special contract event? _____


Name: _____ Employee #_____

Unit I. D. # (i.e. 48A) _____

Was Deputy a contract city funded item? _____ Name of contract city: _____

Did the incident occur in a contract city? _____

Address_____

Was the Deputy on contract city business? _____

Was this Deputy an unincorporated funded item? _____

Was this Deputy a MTA funded item? _____

Was this a special contract event? _____

COLA035980

**Exhibit A, Page 14**

### Claim of VANESSA BRYANT, Docket #20-1160274*001

**Supporting Deputy(s)** (use additional pages, if necessary)

Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____


Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____


Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____


Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____


Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____


Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

COLA035981

## Unit Commander Assessment
### Claim of VANESSA BRYANT, Docket #20-1160274*001

Please ensure the following issues are assessed.   Use the space below to explain your assessment and any potential or actual performance, training, policy or disciplinary issues raised by this claim, as well as any recommendations you have for addressing them.

|  | Applicable | N/A |
|---|---|---|
| 1. Evaluate whether this claim fits into a pattern of conduct by the involved Applicable N/A officer, whether previously complained about or not.   Has the officer made many similar arrests or stops?   Have there been past similar complaints? | _____ | _____ |
| 2. Evaluate whether this claim fits into a pattern of conduct by the involved shift, whether previously complained about or not.   Have there been past similar complaints? | _____ | _____ |
| 3. Evaluate whether any law, policy, practice, procedure, or training was violated during the incident resulting in the claim (including all conduct that led to the specific conduct complained about). If so, which one and how? | _____ | _____ |
| 4. Was the incident something which should have been reported but was not? | _____ | _____ |
| 5. Evaluate whether, even if there were no violation of a law, policy, practice, procedure or training, could/should the situation that gave rise to the claim have been avoided in the first place? If so, how? | _____ | _____ |
| 6. Did any policy, practice, procedure or training by the department lead to or contribute to the alleged misconduct underlying the claim?   Should it be changed?   What changes would you recommend? | _____ | _____ |
| 7. Does this incident and the resulting claim suggest that the department should adopt any policy, practice, procedure or training to prevent future recurrence of a similar incident? What would you suggest? | _____ | _____ |
| 8. Is an internal administrative or criminal investigation of the incident that led to the claim warranted? Why or why not? | _____ | _____ |

_____
_____
_____
_____
_____
_____

Date: _____     Unit Commander Signature: _____
(Attach additional sheets as needed.)

COLA035982

**Exhibit A, Page 16**

# Exhibit B

761551N2SA – SH-AD (3/16)

COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT
*"A Tradition of Service Since 1850"*

DATE:    June 23, 2020

FILE NO:

OFFICE CORRESPONDENCE

FROM:    ALBERT M. MALDONADO, CAPTAIN  TO:    ALEX VILLANUEVA
          RISK MANAGEMENT BUREAU         SHERIFF

SUBJECT:    **CIVIL CLAIM OF VANESSA BRYANT, DOCKET #20-1160274*001**

On May 8, 2020, a civil claim was filed with the Los Angeles County Board of
Supervisors and forwarded to the County Counsel's Office.   County Counsel's Office
has requested the Sheriff's Department's assistance in gathering documentation,
including a copy of the Unit Commander's Claim Review.

You have two duties as a result of this claim: (1) perform a Claim Review as required
by MPP 5-07/290.00; and (2) preserve all evidence related to this claim in a location
where it can be readily retrieved.

Malibu/Lost Hills Station has been designated the primary unit responsible for this
claim.   If there are any secondary units responding to the claim, you should
coordinate with them to avoid duplicate efforts.

Within 20 days of the date of this memorandum, your Claim Review shall be
completed and forwarded to Risk Management Bureau.   Your Claim Review report
should include the following:
- All information obtained from the review of the claim, including a list of
  witnesses, any conflicting versions of the facts, and each source for information,
  as well as a description of the claim review performed.
- Any training, policies, or procedures related to the entire incident.
- Any perceived deficiencies in the above-identified training, policies, and
  procedures.
- Any corrective action taken as a result of the claim review, including counseling,
  training, or the initiation of an administrative or criminal investigation.
- Whether an administrative or criminal investigation is warranted for unrelated
  policy violations that were identified during the claim review.
- Whether any employees were involved employees or supporting employees.
- Whether the personnel involved were contract city items on contract city
  business.

COLA035969

**Exhibit B, Page 18**

CIVIL CLAIM                          -2-                          June 23, 2020
VANESSA BRYANT

A completed copy of both the Documentation/Materials Check-Off List and the Unit Commander Assessment shall be attached to this memorandum, as well as relevant supporting documentation.

In the event that this claim relates to an incident that has been the subject of a previous shooting review, force review, traffic collision investigation, administrative investigation, and/or Watch Commander's Service Comment Report, please coordinate your review with the unit level or IAB investigator who handled the previous review.   Your review of the claim may be limited to additional or different information provided in the claim that was not known at the time of the previous review.   All information from any *prior* review of the incident involved in the claim should be attached to your report.

**Please ensure that all documents, materials, or other evidence identified in the check-off list are preserved in a location where they can be readily retrieved.** This includes all memorandum, station tapes, or in-service sheets that in any way relate to the incident set forth in the claim.   The failure to preserve this evidence could result in severe sanctions against the County in any lawsuit and could prevent the defense of the lawsuit.

**If this claim has been incorrectly forwarded to your unit or you know another unit will need to respond to a portion of this claim, notify Risk Management Bureau immediately.**

Copies of your recommendations and other supporting documents, including the attached documents, become the working documents for the Department and the County Counsel Office.   These materials will be provided to the assigned county attorney if a lawsuit is subsequently filed.

If you have any questions or are unable to comply with the 20-day deadline, please contact Lieutenant Maxine D. Kallenberger of the Civil Litigation Unit at (323) 890-5400.

AMM:jr

COLA035970

**Exhibit B, Page 19**

## Claim Response Documentation/Materials Check-Off List
### Claim of VANESSA BRYANT, Docket #20-1160274*001

This form is to be used in conjunction with your claim response and is designed to expedite the information collection process, and avoid the possible oversight of items critical to claims investigations and civil litigation.

Items listed that are not included with the claim response to Civil Litigation Unit shall be preserved at the unit level in accordance with MPP Sections 5-07/290.15 and 5-04/020.15.

| Documentation/Material | Include | Available | N/A | If "Available" held at: |
|---|---|---|---|---|
| Incident/Supplementary Reports | | | | |
| Traffic Collision Report/Supps | | | | |
| Memoranda | | | | |
| Supervisor's Use of Force Report | | | | |
| Watch Commander Log Entry | | | | |
| Service Comment Report | | | | |
| Inmate Incident Report | | | | |
| Jailer Gatebook Pages | | | | |
| Inmate Injury Report | | | | |
| In-Service Sheet | | | | |
| Station Log | | | | |
| Citation | | | | |
| Booking Slip | | | | |
| Booking Photos | | | | |
| Property Slip | | | | |
| Interviews Audio/Video | | | | |
| Investigation Photos | | | | |
| MDT-Deputy Daily Worksheet | | | | |
| MDT-Unit History | | | | |
| Station Phone Tapes - 911, etc. | | | | |
| Radio Transmission Tapes | | | | |
| Deputy Personal Tapes | | | | |
| Medical Records in Custody | | | | |
| Medical Records After Care | | | | |
| Medical Housing Locations | | | | |
| Medical Screening Sheet | | | | |
| Inmate Housing Locations | | | | |
| SEB/Canine Activation Form | | | | |
| Search Warrant Operation Plan | | | | |
| Search Warrant Photos | | | | |
| Search Warrant and Affidavit | | | | |
| Search Warrant RIB Form | | | | |
| District Atty Filings | | | | |
| District Atty Dispositions | | | | |
| District Atty Docket Sheet | | | | |
| Probation Report | | | | |
| D.B. Case Activity Log | | | | |
| Aero Bureau Flight Log | | | | |
| Juvenile Detention Forms | | | | |
| Employee Injury Report | | | | |
| Boating Incident Report | | | | |
| Other Video/Audio Tapes | | | | |

COLA035971

**Exhibit B, Page 20**

*Claim of VANESSA BRYANT, Docket #20-1160274\*001*

**Other Physical Evidence** (use additional pages, if necessary)

_____   Held at:_____

_____   Held at:_____

_____   Held at:_____

_____   Held at:_____

_____   Held at:_____

_____   Held at:_____

_____   Held at:_____

_____   Held at:_____

_____   Held at:_____

_____   Held at:_____

COLA035972

**Exhibit B, Page 21**

*Claim of VANESSA BRYANT, Docket #20-1160274\*001*

**ALL QUESTIONS ARE REQUIRED TO BE ANSWERED. THE INFORMATION PROVIDED BELOW WILL DETERMINE FUNDING SOURCE.**

**Involved Deputy(s)** (use additional pages, if necessary)

Name: _____ Employee #_____
Unit I. D. # (i.e. 48A) _____
Was Deputy a contract city funded item? _____ Name of contract city: _____
Did the incident occur in a contract city? _____
Address_____
Was the Deputy on contract city business? _____
Was this Deputy an unincorporated funded item? _____
Was this Deputy a MTA funded item? _____
Was this a special contract event? _____


Name: _____ Employee #_____
Unit I. D. # (i.e. 48A) _____
Was Deputy a contract city funded item? _____ Name of contract city: _____
Did the incident occur in a contract city? _____
Address_____
Was the Deputy on contract city business? _____
Was this Deputy an unincorporated funded item? _____
Was this Deputy a MTA funded item? _____
Was this a special contract event? _____


Name: _____ Employee #_____
Unit I. D. # (i.e. 48A) _____
Was Deputy a contract city funded item? _____ Name of contract city: _____
Did the incident occur in a contract city? _____
Address_____
Was the Deputy on contract city business? _____
Was this Deputy an unincorporated funded item? _____
Was this Deputy a MTA funded item? _____
Was this a special contract event? _____

COLA035973

**Exhibit B, Page 22**

### Claim of VANESSA BRYANT, Docket #20-1160274*001

**Supporting Deputy(s)** (use additional pages, if necessary)

Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

Name: _____Employee #_____
Unit I. D. # (i.e. 48A) _____
Unincorporated Funded Item _____ MTA Funded Item _____
Contract City Funded Item _____ Name of Contract City _____

COLA035974

**Exhibit B, Page 23**

## Unit Commander Assessment
### *Claim of VANESSA BRYANT, Docket #20-1160274*001*

Please ensure the following issues are assessed.   Use the space below to explain your assessment and any potential or actual performance, training, policy or disciplinary issues raised by this claim, as well as any recommendations you have for addressing them.

| | Applicable | N/A |
|---|---|---|
| 1. Evaluate whether this claim fits into a pattern of conduct by the involved Applicable N/A officer, whether previously complained about or not.   Has the officer made many similar arrests or stops?   Have there been past similar complaints? | _____ | _____ |
| 2. Evaluate whether this claim fits into a pattern of conduct by the involved shift, whether previously complained about or not.   Have there been past similar complaints? | _____ | _____ |
| 3. Evaluate whether any law, policy, practice, procedure, or training was violated during the incident resulting in the claim (including all conduct that led to the specific conduct complained about). If so, which one and how? | _____ | _____ |
| 4. Was the incident something which should have been reported but was not? | _____ | _____ |
| 5. Evaluate whether, even if there were no violation of a law, policy, practice, procedure or training, could/should the situation that gave rise to the claim have been avoided in the first place? If so, how? | _____ | _____ |
| 6. Did any policy, practice, procedure or training by the department lead to or contribute to the alleged misconduct underlying the claim?   Should it be changed?   What changes would you recommend? | _____ | _____ |
| 7. Does this incident and the resulting claim suggest that the department should adopt any policy, practice, procedure or training to prevent future recurrence of a similar incident? What would you suggest? | _____ | _____ |
| 8. Is an internal administrative or criminal investigation of the incident that led to the claim warranted? Why or why not? | _____ | _____ |

_____
_____
_____
_____
_____
_____

Date: _____   Unit Commander Signature: _____
(Attach additional sheets as needed.)

COLA035975

**Exhibit B, Page 24**

# Exhibit C

| | |
|---|---|
| From: | Miller, Elizabeth D. |
| Sent: | Friday, July 24, 2020 6:57 PM PDT |
| To: | Johnson, Scott E.; Kallenberger, Maxine D. |
| CC: | Jaeger, William E; Burson, Matthew J. |
| Subject: | Preservation of Evidence related to Bryant crash |

Hi Scott and Maxine,

Because of the claims filed by family members of the victims of the helicopter crash involving Kobe Bryant, please take steps to ensure that all evidence related to the crash, the investigation, photos taken at the scene, etc. – all evidence in any way related to the crash and any related investigations, is preserved.  Thanks,

Elizabeth

Elizabeth D. Miller
Assistant County Counsel.,
Chief Legal Advisor
Los Angeles County Sheriff's Department
213-229-3097

**CONFIDENTIALITY NOTICE**:  This email message, including any attachments, from the Office of the County Counsel is intended for the official and confidential use of the recipients to whom it is addressed.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempted from disclosure under applicable law.  If you have received this message in error, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately by reply email that you have received this message in error, and destroy this message, including any attachments.

# Exhibit D

| | |
|---|---|
| **From:** | Kallenberger, Maxine D. |
| **Sent:** | Friday, July 24, 2020 7:58 PM PDT |
| **To:** | Miller, Elizabeth D.; Johnson, Scott E. |
| **CC:** | Jaeger, William E; Burson, Matthew J. |
| **Subject:** | Re: Preservation of Evidence related to Bryant crash |

We will notify appropriate involved units.

Get Outlook for iOS

**From:** Miller, Elizabeth D. <edmiller@lasd.org>
**Sent:** Friday, July 24, 2020 6:57:56 PM
**To:** Johnson, Scott E. <SEJohnso@lasd.org>; Kallenberger, Maxine D. <MDKallen@lasd.org>
**Cc:** Jaeger, William E <wejaeger@lasd.org>; Burson, Matthew J. <MJBurson@lasd.org>
**Subject:** Preservation of Evidence related to Bryant crash

Hi Scott and Maxine,

Because of the claims filed by family members of the victims of the helicopter crash involving Kobe Bryant, please take steps to ensure that all evidence related to the crash, the investigation, photos taken at the scene, etc. – all evidence in any way related to the crash and any related investigations, is preserved.  Thanks,

Elizabeth

Elizabeth D. Miller
Assistant County Counsel.,
Chief Legal Advisor
Los Angeles County Sheriff's Department
213-229-3097

**CONFIDENTIALITY NOTICE**:  This email message, including any attachments, from the Office of the County Counsel is intended for the official and confidential use of the recipients to whom it is addressed.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempted from disclosure under applicable law.  If you have received this message in error, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately by reply email that you have received this message in error, and destroy this message, including any attachments.

COLA035958

**Exhibit D, Page 28**

Exhibit E

**From:**       Ramos, Janel
**Sent:**       Monday, July 27, 2020 8:36 AM PDT
**To:**         Kallenberger, Maxine D.
**Subject:**    RE: Preservation of Evidence related to Bryant crash

Will do.

Thank you.

**Janel Ramos**
Civil Litigation Unit
4900 S. Eastern Avenue, Suite #102
Commerce, CA 90040
(323) 890-5395



**From:** Kallenberger, Maxine D.
**Sent:** Friday, July 24, 2020 8:00 PM
**To:** Ramos, Janel <j2ramos@lasd.org>
**Subject:** Fwd: Preservation of Evidence related to Bryant crash

Hi Janel,

Please notify all appropriate involved units regarding the Bryant crash.

Thank you,

Maxine

Get Outlook for iOS

**From:** Miller, Elizabeth D. <edmiller@lasd.org>
**Sent:** Friday, July 24, 2020 18:57
**To:** Johnson, Scott E.; Kallenberger, Maxine D.
**Cc:** Jaeger, William E; Burson, Matthew J.
**Subject:** Preservation of Evidence related to Bryant crash

Hi Scott and Maxine,
Because of the claims filed by family members of the victims of the helicopter crash involving Kobe Bryant, please take steps to ensure that all evidence related to the crash, the investigation, photos taken at the scene, etc. – all evidence in any way related to the crash and any related investigations, is preserved.  Thanks,

COLA035959

**Exhibit E, Page 30**

Elizabeth

Elizabeth D. Miller
Assistant County Counsel.,
Chief Legal Advisor
Los Angeles County Sheriff's Department
213-229-3097

**CONFIDENTIALITY NOTICE**:  This email message, including any attachments, from the Office of the County Counsel is intended for the official and confidential use of the recipients to whom it is addressed.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempted from disclosure under applicable law.  If you have received this message in error, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately by reply email that you have received this message in error, and destroy this message, including any attachments.

COLA035960

# Exhibit F

| From: | Ramos, Janel |
|---|---|
| Sent: | Monday, July 27, 2020 12:58 PM PDT |
| To: | Becerra, Salvador; Mancinas, Hector I.; Nevarez, Adan; Painter, Brandon C.; Valdez, Jorge A.; Blanchard, Anthony L |
| CC: | Ramos, Janel |
| Subject: | FW: Preservation of Evidence related to Bryant crash |

Good afternoon,

The below email request for preservation of evidence related to the Bryant crash was sent from Chief Legal Advisor, Elizabeth Miller. Please ensure all evidence in any way related to the crash and any related investigations is preserved by your unit/station. This request is related to the four claims outlined below:

20-1160274*001 Vanessa Bryant- **response requested from MLH Station and Office of the Sheriff**
20-1161113*001-005 Matthew Mauser Et. al.- **response requested from MLH Station and Office of the Sheriff**
20-1161118*001-005 -John James Altobelli Et. al.- **response requested from MLH Station and Office of the Sheriff**
20-1160547*001-003-Christopher Chester Et al.- **response requested from MLH Station and Office of the Sheriff**

Thank you,

**Janel Ramos**
Civil Litigation Unit
4900 S. Eastern Avenue, Suite #102
Commerce, CA 90040
(323) 890-5395


Los Angeles County
**Sheriff's Department**

**From:** Miller, Elizabeth D. <edmiller@lasd.org>
**Sent:** Friday, July 24, 2020 18:57
**To:** Johnson, Scott E.; Kallenberger, Maxine D.
**Cc:** Jaeger, William E; Burson, Matthew J.
**Subject:** Preservation of Evidence related to Bryant crash

Hi Scott and Maxine,
Because of the claims filed by family members of the victims of the helicopter crash involving Kobe Bryant, please take steps to ensure that all evidence related to the crash, the investigation, photos taken at the scene, etc. – all evidence in any way related to the crash and any related investigations, is preserved.  Thanks,

Elizabeth

Elizabeth D. Miller

COLA035961

**Exhibit F, Page 33**

Assistant County Counsel.,
Chief Legal Advisor
Los Angeles County Sheriff's Department
213-229-3097

**CONFIDENTIALITY NOTICE**: This email message, including any attachments, from the Office of the County Counsel is intended for the official and confidential use of the recipients to whom it is addressed. It contains information that may be confidential, privileged, attorney work product, or otherwise exempted from disclosure under applicable law. If you have received this message in error, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited. Please notify us immediately by reply email that you have received this message in error, and destroy this message, including any attachments.

COLA035962

**Exhibit F, Page 34**

# Exhibit G

| | |
|---|---|
| **From:** | Valdez, Jorge A. |
| **Sent:** | Monday, July 27, 2020 1:02 PM PDT |
| **To:** | Gross, Steven E.; Kneer, Dennis M. |
| **CC:** | Glaviano, Georgina R. |
| **Subject:** | FW: Preservation of Evidence related to Bryant crash |

FYI.

Jorge

---

**From:** Ramos, Janel
**Sent:** Monday, July 27, 2020 12:59 PM
**To:** Becerra, Salvador <SBecerr@lasd.org>; Mancinas, Hector I. <himancin@lasd.org>; Nevarez, Adan <ANevare@lasd.org>; Painter, Brandon C. <BCPainte@lasd.org>; Valdez, Jorge A. <javaldez@lasd.org>; Blanchard, Anthony L <ALBlanch@lasd.org>
**Cc:** Ramos, Janel <j2ramos@lasd.org>
**Subject:** FW: Preservation of Evidence related to Bryant crash

Good afternoon,

The below email request for preservation of evidence related to the Bryant crash was sent from Chief Legal Advisor, Elizabeth Miller. Please ensure all evidence in any way related to the crash and any related investigations is preserved by your unit/station. This request is related to the four claims outlined below:

20-1160274*001 Vanessa Bryant- **response requested from MLH Station and Office of the Sheriff**
20-1161113*001-005 Matthew Mauser Et. al.- **response requested from MLH Station and Office of the Sheriff**
20-1161118*001-005 -John James Altobelli Et. al.- **response requested from MLH Station and Office of the Sheriff**
20-1160547*001-003-Christopher Chester Et al.- **response requested from MLH Station and Office of the Sheriff**

Thank you,


**Janel Ramos**
Civil Litigation Unit
4900 S. Eastern Avenue, Suite #102
Commerce, CA 90040
(323) 890-5395



---

**From:** Miller, Elizabeth D. <edmiller@lasd.org>
**Sent:** Friday, July 24, 2020 18:57

COLA035963

**Exhibit G, Page 36**

**To:** Johnson, Scott E.; Kallenberger, Maxine D.
**Cc:** Jaeger, William E; Burson, Matthew J.
**Subject:** Preservation of Evidence related to Bryant crash

Hi Scott and Maxine,
Because of the claims filed by family members of the victims of the helicopter crash involving Kobe Bryant, please take steps to ensure that all evidence related to the crash, the investigation, photos taken at the scene, etc. – all evidence in any way related to the crash and any related investigations, is preserved.  Thanks,

Elizabeth

Elizabeth D. Miller
Assistant County Counsel.,
Chief Legal Advisor
Los Angeles County Sheriff's Department
213-229-3097

**CONFIDENTIALITY NOTICE**:  This email message, including any attachments, from the Office of the County Counsel is intended for the official and confidential use of the recipients to whom it is addressed.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempted from disclosure under applicable law.  If you have received this message in error, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately by reply email that you have received this message in error, and destroy this message, including any attachments.

COLA035964

# Exhibit H

| | |
|---|---|
| **From:** | Glaviano, Georgina R. |
| **Sent:** | Monday, July 27, 2020 1:25 PM PDT |
| **To:** | Burson, Matthew J.; Jaeger, William E |
| **Subject:** | Fwd: Preservation of Evidence related to Bryant crash |

Georgina R. Glaviano
Constitutional Policing Advisor
Office of the Sheriff
Hall of Justice
211 W. Temple Street, 8th floor
Los Angeles, CA 90012
Office: 213-229-3096
Mobile: 213-434-3375
Email: grglavia@lasd.org
**From:** Valdez, Jorge A. <javaldez@lasd.org>
**Sent:** Monday, July 27, 2020 1:02:02 PM
**To:** Gross, Steven E. <SEGross@lasd.org>; Kneer, Dennis M. <DMKneer@lasd.org>
**Cc:** Glaviano, Georgina R. <grglavia@lasd.org>
**Subject:** FW: Preservation of Evidence related to Bryant crash

FYI.

Jorge

**From:** Ramos, Janel
**Sent:** Monday, July 27, 2020 12:59 PM
**To:** Becerra, Salvador <SBecerr@lasd.org>; Mancinas, Hector I. <himancin@lasd.org>; Nevarez, Adan <ANevare@lasd.org>; Painter, Brandon C. <BCPainte@lasd.org>; Valdez, Jorge A. <javaldez@lasd.org>; Blanchard, Anthony L <ALBlanch@lasd.org>
**Cc:** Ramos, Janel <j2ramos@lasd.org>
**Subject:** FW: Preservation of Evidence related to Bryant crash

Good afternoon,

The below email request for preservation of evidence related to the Bryant crash was sent from Chief Legal Advisor, Elizabeth Miller. Please ensure all evidence in any way related to the crash and any related investigations is preserved by your unit/station. This request is related to the four claims outlined below:

20-1160274*001 Vanessa Bryant- **response requested from MLH Station and Office of the Sheriff**
20-1161113*001-005 Matthew Mauser Et. al.- **response requested from MLH Station and Office of the Sheriff**
20-1161118*001-005 -John James Altobelli Et. al.- **response requested from MLH Station and Office of the Sheriff**
20-1160547*001-003-Christopher Chester Et al.- **response requested from MLH Station and Office of the Sheriff**

-

COLA035965

Thank you,

**Janel Ramos**
Civil Litigation Unit
4900 S. Eastern Avenue, Suite #102
Commerce, CA 90040
(323) 890-5395



---

**From:** Miller, Elizabeth D. <edmiller@lasd.org>
**Sent:** Friday, July 24, 2020 18:57
**To:** Johnson, Scott E.; Kallenberger, Maxine D.
**Cc:** Jaeger, William E; Burson, Matthew J.
**Subject:** Preservation of Evidence related to Bryant crash

Hi Scott and Maxine,
Because of the claims filed by family members of the victims of the helicopter crash involving Kobe Bryant, please take steps to ensure that all evidence related to the crash, the investigation, photos taken at the scene, etc. – all evidence in any way related to the crash and any related investigations, is preserved.  Thanks,

Elizabeth

Elizabeth D. Miller
Assistant County Counsel.,
Chief Legal Advisor
Los Angeles County Sheriff's Department
213-229-3097

**CONFIDENTIALITY NOTICE**:  This email message, including any attachments, from the Office of the County Counsel is intended for the official and confidential use of the recipients to whom it is addressed.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempted from disclosure under applicable law.  If you have received this message in error, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately by reply email that you have received this message in error, and destroy this message, including any attachments.

COLA035966

**Exhibit H, Page 40**

| From: | Glaviano, Georgina R. |
|---|---|
| Sent: | Monday, July 27, 2020 1:25 PM PDT |
| To: | Hinchman (Valdivia), Shawnee N. |
| Subject: | Fwd: Preservation of Evidence related to Bryant crash |

Georgina R. Glaviano
Constitutional Policing Advisor
Office of the Sheriff
Hall of Justice
211 W. Temple Street, 8th floor
Los Angeles, CA 90012
Office: 213-229-3096
Mobile: 213-434-3375
Email: grglavia@lasd.org
**From:** Valdez, Jorge A. <javaldez@lasd.org>
**Sent:** Monday, July 27, 2020 1:02:02 PM
**To:** Gross, Steven E. <SEGross@lasd.org>; Kneer, Dennis M. <DMKneer@lasd.org>
**Cc:** Glaviano, Georgina R. <grglavia@lasd.org>
**Subject:** FW: Preservation of Evidence related to Bryant crash

FYI.

Jorge

**From:** Ramos, Janel
**Sent:** Monday, July 27, 2020 12:59 PM
**To:** Becerra, Salvador <SBecerr@lasd.org>; Mancinas, Hector I. <himancin@lasd.org>; Nevarez, Adan <ANevare@lasd.org>; Painter, Brandon C. <BCPainte@lasd.org>; Valdez, Jorge A. <javaldez@lasd.org>; Blanchard, Anthony L <ALBlanch@lasd.org>
**Cc:** Ramos, Janel <j2ramos@lasd.org>
**Subject:** FW: Preservation of Evidence related to Bryant crash

Good afternoon,

The below email request for preservation of evidence related to the Bryant crash was sent from Chief Legal Advisor, Elizabeth Miller. Please ensure all evidence in any way related to the crash and any related investigations is preserved by your unit/station. This request is related to the four claims outlined below:

20-1160274*001 Vanessa Bryant- **response requested from MLH Station and Office of the Sheriff**
20-1161113*001-005 Matthew Mauser Et. al.- **response requested from MLH Station and Office of the Sheriff**
20-1161118*001-005 -John James Altobelli Et. al.- **response requested from MLH Station and Office of the Sheriff**
20-1160547*001-003-Christopher Chester Et al.- **response requested from MLH Station and Office of the Sheriff**

-

COLA035967

**Exhibit H, Page 41**

Thank you,

**Janel Ramos**
Civil Litigation Unit
4900 S. Eastern Avenue, Suite #102
Commerce, CA 90040
(323) 890-5395



---

**From:** Miller, Elizabeth D. <edmiller@lasd.org>
**Sent:** Friday, July 24, 2020 18:57
**To:** Johnson, Scott E.; Kallenberger, Maxine D.
**Cc:** Jaeger, William E; Burson, Matthew J.
**Subject:** Preservation of Evidence related to Bryant crash

Hi Scott and Maxine,
Because of the claims filed by family members of the victims of the helicopter crash involving Kobe Bryant, please take steps to ensure that all evidence related to the crash, the investigation, photos taken at the scene, etc. – all evidence in any way related to the crash and any related investigations, is preserved.  Thanks,

Elizabeth

Elizabeth D. Miller
Assistant County Counsel.,
Chief Legal Advisor
Los Angeles County Sheriff's Department
213-229-3097

CONFIDENTIALITY NOTICE:  This email message, including any attachments, from the Office of the County Counsel is intended for the official and confidential use of the recipients to whom it is addressed.  It contains information that may be confidential, privileged, attorney work product, or otherwise exempted from disclosure under applicable law.  If you have received this message in error, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.  Please notify us immediately by reply email that you have received this message in error, and destroy this message, including any attachments.

COLA035968

**Exhibit H, Page 42**