UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9582-JFW(Ex) | Date | November 15, 2021 |
|---|---|---|---|
| Title | VANESSA BRYANT v. COUNTY OF LOS ANGELES, ET AL. | | |

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**          **Attorneys Present for Defendants:**

None                                                                None

**Proceedings:**          (IN CHAMBERS)

The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Defendant County of Los Angeles' Motion to Compel Production of Documents" ("the Motion"), filed November 5, 2021. The previously noticed November 26, 2021 hearing date is vacated. The Magistrate Judge has taken the Motion under submission without oral argument, after determining: (1) the Motion is not procedurally defective in any material sense; and (2) the Motion is not untimely, as there remain two weeks before the November 29, 2021 discovery cutoff.

In this action, Plaintiff Vanessa Bryant ("Plaintiff") claims that Defendants violated her "constitutional right to control the death images of her loved ones" ("Joint Rule 26(f) Report," filed November 16, 2020, at 3 (citing Marsh v. County of San Diego, 680 F.3d 1148 (9th Cir. 2012)). Plaintiff alleges that these violation(s) occurred when Defendants' actions or inactions caused the taking and/or dissemination of photographs of the remains of Plaintiff's daughter and husband, who had perished in a January 26, 2020 helicopter crash. See, e.g. "First Amended Complaint," filed March 17, 2021. Plaintiff alleges that Defendants' photograph-related actions or inactions have caused Plaintiff to suffer severe and continuing emotional distress. See, e.g., "First Amended Complaint," filed March 17, 2021, at ¶¶ 71-72, 86; Exhibit E to "Declaration of Casey B. Sypek, etc.," filed November 5, 2021, at 140-41. Plaintiff alleges that, because of Defendants, Plaintiff is in "constant fear and anxiety" such that it is "impossible" for her "to have any peace of mind ever again" (Exhibit E to "Declaration of Casey B. Sypek, etc.," filed November 5, 2021, at 140-41; Exhibit G to "Declaration of Casey B. Sypek, etc.," filed November 5, 2021, at 163). At her deposition in this action, Plaintiff testified that she is traumatized, has trouble sleeping and is depressed for "many" reasons. See "Declaration of Casey B. Sypek, etc.," filed November 5, 2021, at ¶ 10. According to Defendants, Plaintiff is seeking millions of dollars from Defendants in this action (Motion

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9582-JFW(Ex) | Date | November 15, 2021 |
|---|---|---|---|
| Title | VANESSA BRYANT v. COUNTY OF LOS ANGELES, ET AL. | | |

at 8). The only basis for any monetary recovery in this action would be Plaintiff's allegedly profound emotional distress, to the extent Defendants' photograph-related actions or inactions proximately caused such distress.

Defendants state that they sympathize with Plaintiff for her grief at the tragic loss of her daughter and husband, and Defendants assertedly "do[ ] not in any way minimize or dispute her suffering from that loss" (Motion at 8). However, Defendants do dispute whether Defendants' photograph-related actions or inactions proximately caused the allegedly severe and continuing emotional distress for which Plaintiff seeks monetary compensation in this action. Indeed, Defendants allege that "there has been no damage in any amount, manner, or at all by reason of any act alleged against the Defendants . . ." ("Answer to First Amended Complaint," filed April 30, 2021, at "Twenty-First Affirmative Defense"). Defendants point out that the trier of fact will be required to "parse out [Plaintiff's] larger grief from the alleged harm caused by photographs . . ." (Motion at 9).

The Magistrate Judge previously denied to Defendants discovery into confidential documents from Plaintiff's settlement of a separate wrongful death action she had brought against persons alleged to have been responsible for the helicopter crash (Minute Order, filed October 20, 2021). In doing so, however, the Magistrate Judge stated: "This ruling is not intended, and shall not be construed, to preclude Defendants from obtaining relevant, nonprivileged, proportional discovery concerning the causation, and the severity, of [Plaintiff's] alleged emotional distress, including appropriate discovery into any asserted overlap or relationship between Plaintiff's emotional distress resulting from the helicopter crash and Plaintiff's emotional distress allegedly resulting from the subsequent photographs" (id. at 4). See also Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .").

Plaintiff has received treatment from a particular therapist before and after the helicopter crash ("Declaration of Casey B. Sypek, etc.," filed November 5, 2021, at ¶ 11). In the present Motion, Defendants seek from Plaintiff, and from the therapist, production of the documents related to that treatment. Plaintiff and the therapist oppose the production of any such documents. Plaintiff denies that she has placed in issue in this action any of her "mental health records" (Motion at 26-27). In opposition to the Motion, Plaintiff invokes, inter alia, the psychotherapist-patient privilege recognized in Jaffee v. Redmond, 518 U.S. 1 (1996). The principal issue presented by the Motion is whether Plaintiff waived this privilege by placing in issue in this action the cause and the extent of her allegedly severe and continuing emotional distress.

"Neither the Supreme Court nor the Ninth Circuit has established a single standard to evaluate waiver of the psychotherapist-patient privilege." M.S. v. City of Fontana, 2018 WL 6075323, at *2 (C.D. Cal. July 12, 2018). "[T]he courts who have addressed the issue have not come to any consensus." Fitzgerald v. Cassil, 216 F.R.D. 632, 636 (N.D. Cal. 2003); accord Laudicina v. City of Crystal Lake, 328 F.R.D. 510,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9582-JFW(Ex) | Date | November 15, 2021 |
|---|---|---|---|
| Title | VANESSA BRYANT v. COUNTY OF LOS ANGELES, ET AL. | | |

512-18 (N.D. Ill. 2018).

    Courts have applied one of three competing approaches to determine whether there has been a waiver of the privilege. Courts applying the "broad" approach have held that simply alleging emotional distress in a complaint constitutes waiver. see Doe v. City of Chula Vista, 196 F.R.D. 562, 568 (S.D. Cal. 1999) (adopting broad standard because "a plaintiff who seeks to recover for emotional distress damages is relying on her emotional condition as an element of her claim"). Under the "middle ground" approach, waiver is found only when a patient alleges more than "garden variety" emotional distress, such as "cases in which significant emotional harm is alleged or the mental condition is at the heart of the litigation." Ruhlmann v. Ulster County Department of Social Services, 194 F.R.D. 445, 449 (N.D.N.Y. 2000). Courts that adopt the "narrow" approach find waiver only when a patient affirmatively relies on the confidential psychotherapist-patient communications in support of his or her claims. Vanderbilt v. Town of Chillmark, 174 F.R.D. 225, 229 (D. Mass. 1997) ("privilege is waived if the communication between a psychotherapist and patient is, itself, put at issue by the patient").

M.S. v. City of Fontana, 2018 WL 6075323, at *3.

    Like the vast majority of courts, the Magistrate Judge does not endorse the "narrow" approach. The "narrow" approach conceivably would permit a plaintiff to: (1) place directly in controversy as the plaintiff's sole claim whether the plaintiff suffered extraordinary emotional distress because of the conduct of defendant(s); (2) pursue extraordinary monetary compensation against the defendant(s) for such alleged distress; and (3) as a litigation strategy, secrete from the defendants, and from the trier of fact, potentially the most probative (and perhaps the least partisan) evidence bearing on the disputed issues of damages and causation. The "narrow" approach is unfair and inequitable, at least under the circumstances of the present Motion. See, e.g. E.E.O.C. v. California, 258 F.R.D. 391, 400 (E.D. Cal. 2009) ("the emotional distress damages is the crux of Plaintiff's case. . . . To protect the [medical/psychological] records would allow Plaintiff to proceed with a claim on unequal terms"); Jackson v. Chubb Corp., 193 F.R.D. 216, 225 (D. N.J. 2000) ("Depriving a defendant of [a plaintiff's mental health records], while allowing a plaintiff to seek damages for emotional distress and simultaneously seek cover under a claim of privilege would simply be contrary to the most basic sense of fairness and justice . . ."); Lanning v. Southeastern Pennsylvania Transportation Authority, 1997 WL 597905, at *2 (E.D. Pa. Sept. 17, 1997) ("in the interest of adequate and fair discovery" into the cause(s) of the plaintiffs' alleged emotional distress, the court applied the "broad" approach, even though the plaintiffs had agreed not to present any expert testimony at trial).

    Although sometimes characterized as the "majority" approach, the "middle ground" approach has drawn caustic criticism as "analytically unsound" and "exceedingly difficult to apply." See, e.g., Laudicina

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9582-JFW(Ex) | Date | November 15, 2021 |
|---|---|---|---|
| Title | VANESSA BRYANT v. COUNTY OF LOS ANGELES, ET AL. | | |

v. City of Crystal Lake, 328 F.R.D. at 516 ("Analytically, it is difficult to find that plaintiffs that [sic] seek damages to their mental health have not placed their mental health in issue. The 'garden variety' approach demurs on that axiomatic premise and supposes that plaintiffs did not place their mental health at issue. But, of course, plaintiffs placed their mental health at issue . . . ; "[a]ttempting to reconcile when a plaintiff is merely seeking 'garden variety' damages as compared to something more is a fool's errand"); see also Flowers v. Owens , 274 F.R.D. 218, 225 (N.D. Ill. 2011) ("the problem in these ["middle ground"] cases is definitional and stems from the imprecision and elasticity of the phrase 'garden variety.'"; collecting varying definitional formulations of the phrase); Green v. St. Vincent's Medical Center, 252 F.R.D. 125, 129 (D. Conn. 2008) ("there remains broad disagreement between courts . . . as to what constitutes a mere 'garden variety' emotional distress claim").

The Magistrate Judge is inclined to conclude that the "broad" approach to the waiver issue is the preferable approach. The Northern District of California applied the "broad" approach in Bangoura v. Andrew-Boudin Bakeries, 2012 WL 5349991, at *2 (N.D. Cal. Oct. 29, 2012), where that court aptly reasoned:

> In the present matter, Plaintiff seeks $600,000.00 in compensation for emotional distress that he allegedly suffered because of Defendant's actions and has testified that Defendant is one of multiple causes of his alleged emotional distress. By bringing this cause of action, Plaintiff has placed his mental condition at issue and therefore waived the psychotherapist privilege and his privacy rights with respect to his medical records. Defendant is entitled to reasonable discovery that will shed light on the nature of Plaintiff's alleged emotional distress and on the sources that proximately gave rise to it.

For purposes of the present Motion, however, the Magistrate Judge need not choose between the "broad" approach and the "middle ground" approach. Under either approach, Plaintiff has waived her psychotherapist-patient privilege by placing into controversy the reportedly extraordinary, continuing emotional distress allegedly resulting from Defendants' photograph-related actions or inactions. Although the various definitional formulations of "garden variety" emotional distress may be imprecise and elastic, under no reasonable definition of the phrase may the emotional distress claimed by Plaintiff in this action properly be characterized as "garden variety."

Plaintiff's (and the therapist's) remaining arguments are also unpersuasive, except that the Magistrate Judge has concluded that the temporal scope of Defendants' requests should be narrowed from almost twelve years to less than five years, in the interests of proportionality. See Fed. R. Civ. P. 26(b)(1).

The requests are plainly relevant to the claims and defenses herein and, as narrowed by this order, the requests are proportional to the needs of the case. See id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9582-JFW(Ex) | Date | November 15, 2021 |
|---|---|---|---|
| Title | VANESSA BRYANT v. COUNTY OF LOS ANGELES, ET AL. | | |

The privacy interests of Plaintiff in the requested mental health records have been waived for the same reasons her psychotherapist-patient privilege has been waived. Further, the Stipulated Protective Order, filed November 25, 2020, adequately will safeguard Plaintiff's (and the therapist's) privacy interests.

Plaintiff has failed to demonstrate "good cause" for the issuance of any additional protective order under Rule 26(c) of the Federal Rules of Civil Procedure. Defendants' purpose in seeking this discovery appears neither abusive nor harassing.

The therapist has failed to demonstrate that the requests, as narrowed, are unduly burdensome. See Fed. R. Civ. P. 45(d)(3); see also Fed. R. Civ. P. 26(c).

Accordingly, the Motion is granted, except that the temporal scope of the requests is narrowed to January 1, 2017, to the present. Plaintiff and the therapist must produce the documents to Defendants on or before November 29, 2021.

cc:    Judge Walter
       All Counsel of Record                    Initials of Deputy Clerk    VMUN