JONATHAN C. McCAVERTY (State Bar No. 210922)
Principal Deputy County Counsel
jmccaverty@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Telephone:  (213) 974-1828
Facsimile:   (213) 626-7446

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

[Additional counsel continued on next page.]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>                Plaintiff,<br><br>         v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>                Defendants. | **CASE NO. 2:20-cv-09582-JFW-E**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: December 27, 2021<br>Time:              1:30 p.m.<br><br>Pretrial Conf.: February 4, 2022<br>Time:              8:00 a.m.<br><br>Trial Date:      February 22, 2022<br>Time:              8:30 a.m.<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

[Additional counsel, continued from previous page:]

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
CASEY B. SYPEK (State Bar No. 291214)
csypek@millerbarondess.com
EMILY A. RODRIGUEZ-SANCHIRICO (State Bar No. 311294)
esanchirico@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES, ARLIN KAHAN, and TONY IMBRENDA

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 27, 2021, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 750 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendants County of Los Angeles ("County"), Los Angeles County Sheriff's Department ("LASD"), Los Angeles County Fire Department ("LACFD"), Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales (collectively, "Defendants") will and hereby do respectfully move this Court for an order granting Defendants' Motion for Summary Judgment on the following grounds:

### Standing

It is undisputed that the complained-of photos have never been in the media, on the Internet, or otherwise publicly disseminated. Plaintiff Vanessa Bryant has never seen County photos of her family members. There is no Article III standing to sue for a hypothetical harm. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

### *Monell*

There is no predicate constitutional violation to support the *Monell* claim. The First Amended Complaint ("FAC") relies on *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012), where the Ninth Circuit recognized that publicly disseminating autopsy photos to the media could violate a surviving family member's constitutional right to privacy. *Id.* at 1153. *Marsh* is about "publication of death images." *Id.* at 1154. There was no publication of any "death images" here.

Plaintiff cannot satisfy the remaining *Monell* elements. There is no evidence that County employees "often photocopy and distribute autopsy photographs for illegitimate purposes without the consent of the family," no evidence that the County's training and policies constitute "'deliberate indifference' to her rights,"

and no evidence that the purportedly "inadequate training 'actually caused' the deprivation of her rights." *Marsh*, 680 F.3d at 1159-60 (citation omitted). Nor is there evidence of a persistent and "widespread practice" of sharing "death images" within LASD or LACFD. *Id.* at 1159 (citation omitted). This was the first time LASD and LACFD confronted allegations of improper photo sharing, and they took appropriate action to address them.

**Negligence**

The negligence claim against Deputies Joey Cruz, Michael Russell, Raul Versales, and Rafael Mejia ("Deputy Defendants") fails because there is no applicable legal duty. There is no special relationship between the Deputy Defendants and Plaintiff. The Court of Appeal recognized that in *Catsouras v. Dep't of California Highway Patrol*, 181 Cal. App. 4th 856, 888 (2010), but used the *Rowland* factors to find a duty not to publicly disseminate death images. The California Supreme Court has since clarified that the *Rowland* factors cannot, on their own, be used to find a duty. *Brown v. USA Taekwondo*, 11 Cal. 5th 204, 212-13 (2021).

There is also no breach. In *Catsouras*, the CHP officers had emailed death images of the plaintiffs' daughter in a gruesome car crash "to members of the public," and "more than 2,500 Internet Web sites in the United States and the United Kingdom posted the photographs." *Catsouras*, 181 Cal. App. 4th at 865. The photos "spread across the Internet like a malignant firestorm," and "Internet users at large then taunted them with the photographs." *Id*. at 863. Nothing like that happened here. *Catsouras* does not apply to internal sharing of photos among first responders working at a scene.

As for the "resulting injury," the alleged harm is Plaintiff's fear that photos might one day be publicly disseminated, possibly by County employees. Harm cannot be based on speculation and inferences. Plaintiff's injury will arise if a photo is one day published, if it contains her family members, and if it is traced back to

one of the Deputy Defendants.  Until then, non-existent speculative injury is not a basis for a negligence claim.

The negligence claim against the County and LASD fails with the claim against the Deputy Defendants.  Cal. Gov't Code § 815.2(a) (vicarious liability is only for injuries "proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative").

With respect to LACFD, Plaintiff generally alleges that "multiple members of the Fire Department breached their duties to Plaintiff."  (FAC ¶ 97.)  Plaintiff is presumably referring to Captains Brian Jordan, Arlin Kahan, and Tony Imbrenda, who are not defendants.  None of these individuals owed Plaintiff a duty, nor would they have breached it by showing photos to other LACFD personnel, or to two LAFD employees who were also working the incident.  As with the Deputy Defendants, the harm is also purely speculative.

**Invasion of Privacy**

The FAC alleges an invasion of privacy claim against Deputy Joey Cruz, and a companion claim alleging that the County and LASD are vicariously liable for his actions.  While inappropriate and the basis for discipline, what Deputy Cruz did is not legally actionable.

There was no "public disclosure."  The photos were not shown to "the public at large" and their content is not "of public knowledge."  *Hassan v. Facebook, Inc.*, No. 19-cv-01003-JST, 2019 WL 3302721, at *3 (N.D. Cal. July 23, 2019) (citation omitted) ("Liability for the common-law tort [of public disclosure of private facts] requires publicity; disclosure to a few people in limited circumstances does not violate the right." (alteration in original) (citation omitted)).  Nor is it "substantially certain" that the photos will "become 'public knowledge.'" *Opperman v. Path, Inc.*,

87 F. Supp. 3d 1018, 1062 (N.D. Cal. 2014).  It is undisputed that Deputy Cruz deleted the photos on his phone.

Because the claim against Deputy Cruz fails, the claim against the County and LASD fails too.  Cal. Gov't Code §§ 815, 815.2(a).

**Local Rule 7-3 Compliance**

This Motion is made following correspondence and a meet-and-confer via Zoom (due to the COVID-19 pandemic), which took place on November 11, 2021. [Dkt. 164.]  The parties filed the requisite joint report on November 16, 2021.  [*Id.*]

\*      \*      \*

The Motion is based upon this notice of motion; the concurrently filed Memorandum of Points and Authorities; the supporting Declarations; the Statement of Uncontroverted Facts and Conclusions of Law; the pleadings and records on file in this action; and any further evidence or argument received by the Court in connection with the Motion.

DATED:  November 22, 2021         OFFICE OF COUNSEL

                                  By:   /s/ Jonathan C. McCaverty
                                        JONATHAN C. McCAVERTY
                                        Attorneys for Defendant
                                        LOS ANGELES COUNTY SHERIFF'S
                                        DEPARTMENT

DATED: November 22, 2021        MILLER BARONDESS, LLP

By: /s/ Louis R. Miller
LOUIS R. MILLER
Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, and RAUL VERSALES