1   JONATHAN C. McCAVERTY (State Bar No. 210922)
    Principal Deputy County Counsel
2   jmccaverty@counsel.lacounty.gov
    OFFICE OF COUNTY COUNSEL
3   General Litigation Division
    500 West Temple Street, Suite 468
4   Los Angeles, California 90012
    Telephone:   (213) 974-1828
5   Facsimile:   (213) 626-7446
6
7   Attorneys for Defendant
    LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
8
    [*Additional counsel continued on following page.*]
9

10                 UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

| | |
|---|---|
| VANESSA BRYANT,<br><br>            Plaintiff,<br><br>      v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>            Defendants. | **CASE NO. 2:20-cv-09582-JFW-E**<br><br>**DEFENDANTS' MEMORANDUM OF EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EVIDENCE**<br><br>Hearing Date: December 27, 2021<br>Time:            1:30 p.m.<br><br>Pretrial Conf.: February 4, 2022<br>Time:            8:00 a.m.<br><br>Trial Date:     February 4, 2022<br>Time:            8:30 a.m.<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

546702.2

1  [*Additional counsel, continued from previous page.*]

2  LOUIS R. MILLER (State Bar No. 54141)
3  smiller@millerbarondess.com
   MIRA HASHMALL (State Bar No. 216842)
4  JASON H. TOKORO (State Bar No. 252345)
   CASEY B. SYPEK (State Bar No. 291214)
5  MILLER BARONDESS, LLP
6  1999 Avenue of the Stars, Suite 1000
   Los Angeles, California 90067
7  Telephone:  (310) 552-4400
   Facsimile:   (310) 552-8400
8
9  Attorneys for Defendants
   COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
10 JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, and RAUL VERSALES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Court's Amended Scheduling and Case Management Order, Defendants respectfully submit this separate Memorandum of Objections to Plaintiff's Evidence.

These Objections cite to the evidence and track the paragraph numbers in the parties' Combined Statement of Material Facts.  They also (1) identify the specific fact and/or evidence to which objection is made—and, in the case of deposition testimony, they quote the relevant testimony; (2) identify the ground for the objection(s); and (3) include a brief argument with citation to authority as to why the objection is well taken.  [*See* Dkt. 86 at 15-16.]

Defendants object to 201 "material facts" proffered by Plaintiff that are neither cited nor referenced in her Opposition.  Such "facts" are irrelevant and not material to deciding Defendants' Motion for Summary Judgment.  *See* Fed. R. Evid. 401-402*; see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (*Liberty Lobby*).[1]

Defendants also object to 81 "material facts" proffered by Plaintiff on the ground that they are not facts, but rather legal arguments in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.][2]

## Combined Statement of Facts, Paragraph 129

Defendants object to Plaintiff's Fact No. 129 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

---

[1] Plaintiff Fact Nos. 129, 131, 134, 136-138, 153, 157, 160-161, 165-167, 171, 175, 178-180, 182-187, 189, 196-197, 199-207, 213-214, 219-221, 222-224, 226, 228-230, 239, 241, 243, 246-249, 251, 261, 262, 266, 268, 287-288, 297, 302-306, 349-352, 356-358, 360-369, 371-372, 374-377, 379-383, 386, 398-428, 447-448, 456, 499- 500, 503-504, 522-568, 681-692, 696-701, 704-5, 707-708, 710.

[2] Plaintiff Fact Nos. 268-269, 271, 274, 277, 285, 288, 292, 295, 301, 314, 321, 591-659.

3

1  401; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

2  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

3  **Combined Statement of Facts, Paragraph 131**

4  Defendants object to Plaintiff's Fact No. 131 on the ground that it is not

5  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

6  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

7  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

8  **Combined Statement of Facts, Paragraph 133**

9  Defendants object to Plaintiff's Fact No. 133 on the ground that it is based on

10  impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803.  Fact

11  No. 133 is based on Saigal Declaration, Exhibit 199, which is an ABC news article

12  published on January 26, 2020, titled, "A look back at the victims in the Kobe

13  Bryant helicopter crash."  This is impermissible hearsay—it is an out-of-court

14  statement submitted by Plaintiff for the truth of matter asserted therein.  *AFMS LLC*

15  *v. United Parcel Service Co.*, 105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015)

16  ("[N]ewspaper articles are by their very nature hearsay evidence and are thus

17  inadmissible if offered to prove the truth of the matter asserted.").  Because Plaintiff

18  has failed to submit any admissible evidence in support of this fact, she has failed to

19  establish it as an undisputed fact.

20  **Combined Statement of Facts, Paragraph 134**

21  Defendants object to Plaintiff's Fact No. 134 on the ground that it is not

22  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

23  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

24  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

25  **Combined Statement of Facts, Paragraph 136**

26  Defendants object to Plaintiff's Fact No. 136 on the ground that it is not

27  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

28

4

401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

<u>**Combined Statement of Facts, Paragraph 137**</u>

Defendants object to Plaintiff's Fact No. 137 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

<u>**Combined Statement of Facts, Paragraph 138**</u>

Defendants object to Plaintiff's Fact No. 138 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

<u>**Combined Statement of Facts, Paragraph 145**</u>

Defendants object to Plaintiff's Fact No. 145 on the ground that it is based on impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803.  Fact No. 145 is based on Saigal Declaration, Exhibit 198, which is a TMZ news article published on January 26, 2020, titled, "Kobe Bryant, Daughter Gigi Die in Helicopter Crash … 3 Bodies Recovered."  This is impermissible hearsay—it is an out-of-court statement submitted by Plaintiff for the truth of matter asserted therein. *AFMS LLC v. United Parcel Service Co.*, 105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015) ("[N]ewspaper articles are by their very nature hearsay evidence and are thus inadmissible if offered to prove the truth of the matter asserted.").  Because Plaintiff has failed to submit any admissible evidence in support of this Fact 133, she has failed to establish it as an undisputed fact.

<u>**Combined Statement of Facts, Paragraph 148**</u>

Defendants object to Plaintiff's Fact No. 148 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff's proffered fact, that

"Deputy Johnson and Deputy Versales are friends.  They text frequently and spend time together outside of work," is irrelevant.  None of Plaintiff's causes of action turn on the relationship between Deputy Johnson and Deputy Versales.

### Combined Statement of Facts, Paragraph 153

Defendants object to Plaintiff's Fact No. 153 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 156

Defendants object to Plaintiff's Fact No. 156 on the ground that Plaintiff's proffered fact, that "testimony by Deputy Johnson describing his photos, on the one hand, and testimony by a member of the Coroner Department describing Kobe's and Gianna's remains, on the other—links two of Johnson's photos to Kobe and another two to Gianna," lacks foundation is based entirely on speculation.  Fed. R. Evid. 602.  Plaintiff has no knowledge of what was depicted in the crash scene photos at issue in this case.  In addition, the photos being described by the Coroner during deposition were not the crash scene photos at issue in this case, but instead photos taken by the Coroner that Plaintiff has not alleged were improperly taken or shared. *Lucas v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007) (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 157

Defendants object to Plaintiff's Fact No. 157 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

1

**Combined Statement of Facts, Paragraph 160**

2      Defendants object to Plaintiff's Fact No. 160 on the ground that it is not

3  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

4  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

5  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

6

**Combined Statement of Facts, Paragraph 161**

7      Defendants object to Plaintiff's Fact No. 161 on the ground that it is not

8  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

9  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

10  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

11

**Combined Statement of Facts, Paragraph 165**

12      Defendants object to Plaintiff's Fact No. 165 on the ground that it is not

13  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

14  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

15  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

16      Defendants further object to this fact on the ground that Plaintiff's proffered

17  fact, that "[d]igital evidence on Deputy Johnson's phone that could have revealed

18  the identity of the Fire Department supervisor who received Deputy Johnson's

19  photos has been permanently destroyed," lacks foundation and is based entirely on

20  speculation.  *See Lucas*, 244 Fed. Appx. at 778.  Plaintiff speculates that digital

21  evidence on Deputy Johnson's cellphone would have shown the identity of the

22  LACFD supervisor he sent crash scene photos to.

23

**Combined Statement of Facts, Paragraph 166**

24      Defendants object to Plaintiff's Fact No. 166 on the ground that it is not

25  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

26  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

27  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

28

1

**Combined Statement of Facts, Paragraph 169**

2   Defendants object to Fact No. 169 to the extent that it implies that Brian

3 Jordan sent any crash scene photos depicting Plaintiff's husband and/or daughter on

4 the ground that it lacks foundation and is based entirely on speculation.  Fed. R.

5 Evid. 602; *see also Lucas*, 244 Fed. Appx. at 778.  Plaintiff has no knowledge of the

6 context of the text messages sent by Jordan and has submitted no evidence showing

7 that the text messages included photos depicting Plaintiff's husband and/or

8 daughter.

9

**Combined Statement of Facts, Paragraph 170**

10   Defendants object to Fact No. 170 to the extent that it implies that Brian

11 Jordan sent any crash scene photos depicting Plaintiff's husband and/or daughter on

12 the ground that it lacks foundation and is based entirely on speculation.  Fed. R.

13 Evid. 602; *see also Lucas*, 244 Fed. Appx. at 778.  Plaintiff has no knowledge of the

14 context of the text messages sent by Jordan and has submitted no evidence showing

15 that the text messages included photos depicting Plaintiff's husband and/or

16 daughter.

17

**Combined Statement of Facts, Paragraph 171**

18   Defendants object to Plaintiff's Fact No. 171 on the ground that it is not

19 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

20 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

21 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

22

**Combined Statement of Facts, Paragraph 175**

23   Defendants object to Plaintiff's Fact No. 175 on the ground that it is not

24 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

25 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

26 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

27

28

1  **Combined Statement of Facts, Paragraph 178**

2       Defendants object to Plaintiff's Fact No. 178 on the ground that it is not

3  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

4  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

5  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

6  **Combined Statement of Facts, Paragraph 179**

7       Defendants object to Plaintiff's Fact No. 179 on the ground that it is not

8  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

9  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

10  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

11  **Combined Statement of Facts, Paragraph 180**

12       Defendants object to Plaintiff's Fact No. 180 on the ground that it is not

13  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

14  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

15  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

16  **Combined Statement of Facts, Paragraph 182**

17       Defendants object to Plaintiff's Fact No. 182 on the ground that it is not

18  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

19  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

20  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

21       Defendants further object to Fact No. 182 on the ground that it is irrelevant

22  since Plaintiff has submitted no evidence that the "text messages" included crash

23  scene photos depicting the remains of Plaintiff's husband and/or daughter.

24  Plaintiff's suggestion that such photos were included in the text messages lacks

25  foundation and is pure speculation—Plaintiff has no personal knowledge of the

26  content of any of the pictures or videos.  Fed. R. Evid. 602; *Nelson v. Pima*

27  *Community College*, 83 F. 3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and

28

546702.2

**9**

1   speculation do not create a factual dispute for purposes of summary judgment."); *see*

2   *also Lucas*, 244 Fed. Appx. at 778.

3   **Combined Statement of Facts, Paragraph 183**

4   Defendants object to Plaintiff's Fact No. 183 on the ground that it is not

5   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

6   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

7   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

8   **Combined Statement of Facts, Paragraph 184**

9   Defendants object to Plaintiff's Fact No. 184 on the ground that it is not

10   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

11   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

12   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

13   **Combined Statement of Facts, Paragraph 185**

14   Defendants object to Plaintiff's Fact No. 185 on the ground that it is not

15   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

16   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

17   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

18   **Combined Statement of Facts, Paragraph 186**

19   Defendants object to Plaintiff's Fact No. 186 on the ground that it is not

20   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

21   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

22   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

23   **Combined Statement of Facts, Paragraph 187**

24   Defendants object to Plaintiff's Fact No. 187 on the ground that it is not

25   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

26   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

27   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

28

**<u>Combined Statement of Facts, Paragraph 189</u>**

Defendants object to Plaintiff's Fact No. 189 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 196</u>**

Defendants object to Plaintiff's Fact No. 196 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 197</u>**

Defendants object to Plaintiff's Fact No. 197 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 199</u>**

Defendants object to Plaintiff's Fact No. 199 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 200</u>**

Defendants object to Plaintiff's Fact No. 200 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 201</u>**

Defendants object to Plaintiff's Fact No. 201 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 202

Defendants object to Plaintiff's Fact No. 202 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 203

Defendants object to Plaintiff's Fact No. 203 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 204

Defendants object to Plaintiff's Fact No. 204 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 205

Defendants object to Plaintiff's Fact No. 205 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 206

Defendants object to Plaintiff's Fact No. 206 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

1

**Combined Statement of Facts, Paragraph 207**

2      Defendants object to Plaintiff's Fact No. 207 on the ground that it is not

3  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

4  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

5  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

6

**Combined Statement of Facts, Paragraph 213**

7      Defendants object to Plaintiff's Fact No. 213 on the ground that it is not

8  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

9  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

10 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

11     Defendants further object to Fact No. 213 on the ground that Plaintiff's

12 proffered fact, that "Imbrenda and Jordan had a close, 15-year working relationship

13 at the time," is also irrelevant.  None of Plaintiff's causes of action turn on the

14 relationship between Imbrenda and Jordan.

15

**Combined Statement of Facts, Paragraph 214**

16     Defendants object to Plaintiff's Fact No. 214 on the ground that it is not

17 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

18 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

19 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

20

**Combined Statement of Facts, Paragraph 216**

21     Defendants object to Plaintiff's Fact No. 216 on the ground that it is not

22 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

23 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

24 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

25

**Combined Statement of Facts, Paragraph 219**

26     Defendants object to Plaintiff's Fact No. 219 on the ground that it is not

27 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

28

1   401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or
2   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

3                **Combined Statement of Facts, Paragraph 220**

4        Defendants object to Plaintiff's Fact No. 220 on the ground that it is not
5   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.
6   401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or
7   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

8                **Combined Statement of Facts, Paragraph 221**

9        Defendants object to Plaintiff's Fact No. 221 on the ground that it is not
10  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.
11  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or
12  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

13               **Combined Statement of Facts, Paragraph 223**

14       Defendants object to Plaintiff's Fact No. 223 on the ground that it is not
15  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.
16  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or
17  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

18               **Combined Statement of Facts, Paragraph 224**

19       Defendants object to Plaintiff's Fact No. 224 on the ground that it is not
20  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.
21  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or
22  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

23       Defendants further object to Fact No. 224 on the ground that Plaintiff's
24  proffered fact, that "[b]etween 100 and 200 people attended the event, most of
25  whom were members of the media," is also irrelevant.  *Id.*  None of Plaintiff's
26  causes of action turn on the number of attendees at the 2020 Golden Mike Awards.

27

28

**Combined Statement of Facts, Paragraph 226**

Defendants object to Plaintiff's Fact No. 226 on the ground that it is irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact, that Cornell and Imbrenda "are close friends, text on occasion, and Imbrenda mentored Cornell.  Cornell 'love[s] the guy,'" is not material to deciding Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby,* 477 U.S. at 247-48.  None of Plaintiff's causes of action turn on the relationship between Imbrenda and Cornell.

**Combined Statement of Facts, Paragraph 227**

Defendants object to Plaintiff's Fact No. 227 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 227 on the ground that Plaintiff's proffered fact, that "Imbrenda has known Scott for a few years; they are friends," is also irrelevant.  *Id.*  None of Plaintiff's causes of action turn on the relationship between Imbrenda and Scott.

**Combined Statement of Facts, Paragraph 228**

Defendants object to Plaintiff's Fact No. 228 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 229**

Defendants object to Plaintiff's Fact No. 229 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 229 on the ground that Plaintiff's proffered fact, that "Imbrenda has known [Cody Weireter] for a few years," is also

irrelevant. *Id.* None of Plaintiff's causes of action turn on the relationship between Imbrenda and Weireter.

**Combined Statement of Facts, Paragraph 230**

Defendants object to Plaintiff's Fact No. 230 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 231**

Defendants object to Plaintiff's Fact No. 231 on the ground that it is irrelevant. Fed. R. Evid. 401-402. Plaintiff's proffered fact, that "[t]he Golden Mike Awards began with a cocktail hour. Everybody in Imbrenda's group was drinking," is not material to deciding Defendants' Motion for Summary Judgment. *Id.; see also Liberty Lobby*, 477 U.S. at 247-48. None of Plaintiff's causes of action turn on whether there was a cocktail hour at the Golden Mike Awards or if anyone was drinking at the event.

**Combined Statement of Facts, Paragraph 235**

Defendants object to Fact No. 235 on the ground that Weireter's personal opinion that "Imbrenda's wife"—who is not a defendant in this case—was "giddy about showing the pictures" or "was acting like the pictures were a 'party trick'" is not relevant to any of Plaintiff's causes of action and is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402; *Liberty Lobby,* 477 U.S. at 247-48.

Defendants also object to Saigal Declaration, Exhibit 124 (Weireter Deposition Tr.), at 35:24-37:5 and 65:24-66:7, on the ground that the deposition testimony is impermissible hearsay with no applicable exception. Fed. R. Evid. 801-803; *Orr v. Bank of America, NT & SA*, 285 F. 3d 764, 779 (9th Cir. 2002) (holding that "excerpt from [deponent's] deposition in which she states that Bourdeau told her that he saw disparaging documents about her at the FDIC,"

1  constitutes inadmissible hearsay); *United States v. Jefferson*, 925 F.2d 1242, 1252-

2  53 (10th Cir. 1991) ("Whether evidence is offered as circumstantial evidence as

3  opposed to direct evidence has nothing to do with whether it constitutes

4  inadmissible hearsay.").  Thus, Weireter's descriptions of Imbrenda's wife's

5  purported statements to Weireter are inadmissible.

6       Defendants further object on the ground that the testimony lacks foundation

7  and is based entirely on speculation—Weireter has no personal knowledge about

8  whether "Imbrenda's wife" had seen the crash site photos at any time before the

9  2020 Golden Mike Awards.  Fed. R. Evid. 602; *Nelson*, 83 F. 3d at 1081-82

10  ("[M]ere allegation and speculation do not create a factual dispute for purposes of

11  summary judgment."); *see also Lucas*, 244 Fed. Appx. at 778.

12       Because Plaintiff has failed to submit any admissible evidence in support of

13  this Fact No. 235, she has failed to establish it as an undisputed fact.

14       The excerpted testimony at 35:24-37:5 (with counsel objections omitted):

15  Q. When Mr. Imbrenda's wife said to you, as you described," Do you
16  want to go look at the Kobe pictures?" did that leave you with the
17  impression that these photos were something that Mr. Imbrenda's wife
herself had seen before?

18  A. Absolutely.

19  Q. Why do you say that?

20
21  A. I believe she spoke about the pictures when we were -- at some point
prior to that and when the pictures – like, just before we came out of
22  the cocktail area just when they were starting to look at the phone and I
had made my way away from the situation -- and then she came over to
23  ask us, "Don't you want to look at the Kobe pictures?"  So I had
believed that she had seen them because of the way she was speaking
24  about them.

25
Q. Did she seem excited about it?  How would you describe her
26  demeanor?

27
A. She seemed – I'm trying to figure out a good word for it.  I am
28  probably more apt to be critical of how she was acting because of the

fact that I had family in it; but she seemed, like, giddy about showing the pictures and, like, it was like a party trick or something, almost, in – in my opinion, was how she was acting.

The excerpted testimony at 65:24-66:7 (with counsel objections omitted):

Q. I understood you to say that Mrs. Imbrenda -- almost giddy -- she asked, "Don't you want to see the Kobe photos?"

A. Correct.

Q. Did I get that right?

A. Yes.

Q. And she seemed like she viewed it as some sort of a party trick?

A. Right.  Like she was excited about it.

### **Combined Statement of Facts, Paragraph 238**

Defendants object to Fact No. 238 on the ground that Weireter's personal opinion that Imbrenda's conduct "seemed like gossip" or "almost showing it off or bragging" or like "a party trick" is not relevant to any of Plaintiff's causes of action and is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401; *Liberty Lobby,* 477 U.S. at 247-48

Defendants also object to Saigal Declaration, Exhibit 124 (Weireter Deposition Tr.), at 38:24-39:20, 66:16-67:6, and 67:20-68:1, on the ground that it lacks foundation.  Fed. R. Evid. 602; 701;  *U.S. v. Lloyd*, 807 F. 3d 1128, 1154 (9th Cir. 2015) ("a lay opinion witness may not testify based on speculation").  Weireter is not a member of the Los Angeles County Fire Department and has no basis to testify about whether Imbrenda's conduct was "an informal training session."

Because Plaintiff has failed to submit any admissible evidence in support of this Fact No. 238, she has failed to establish it as an undisputed fact.

The excerpted testimony at 38:24-39:20 (with counsel objections omitted):

1

2

Q. Do you think it was appropriate for Mr. Imbrenda to be displaying photos of the accident scene in that setting?

3

A. I said.  Absolutely not.

4

Q. Why not?

5

6

7

A. There was no reason for him to bring his phone out with those pictures on it. It was not a work-related -- had nothing to do with the accident. There was no purpose that those photos would have served in that -- in that place, and it was completely inappropriate.

8

9

Q. What made you form the impression that there was no professional purpose for those photos to be displayed in that setting?

10

11

12

13

A. It just seemed like gossip or, like, almost showing it off or bragging or, like, a party trick.  Like I said, it was just there was no reason for the pictures to be shown.  There was wives there, you know, these other people that didn't have anything to do with the accident or the command post or any reason why these pictures would need to be seen.

14

The excerpted testimony at 66:16-67:6 (with counsel objections omitted):

15

16

Q. Okay. When you said that you saw Tony Imbrenda with his phone out, you say it seemed like gossip –

17

A. Correct.

18

Q. -- or a party trick or him –

19

A. Correct.

20

Q. -- showing off?

21

22

A. Yes.

23

24

Q. Does it appear to you as he was attempting to use these photos to be the center of attention?

25

26

27

A. In the moment he was the center of attention.  So yes. I guess I would say that he was attempting to be the center of attention by showing the pictures. There was no other reason why he would show them.

28

The excerpted testimony at 67:20-68:1 (with counsel objections omitted):

Q. Would it be safe to say that what you saw Tony Imbrenda doing with the photographs over the phone that night was not an informal training session?

A. Correct. It was not in the purpose of training.

## Combined Statement of Facts, Paragraph 239

Defendants object to Plaintiff's Fact No. 239 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 241

Defendants object to Plaintiff's Fact No. 241 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 243

Defendants object to Plaintiff's Fact No. 243 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 243 on the ground that Plaintiff's proffered fact, that "Sky Cornell wanted to see Kobe Bryant's body in the photographs," is irrelevant.  *Id.*  None of Plaintiff's causes of action turn on Cornell's motivations of viewing the crash site photos shown by Imbrenda.

## Combined Statement of Facts, Paragraph 244

Defendants object to Fact No. 244 on the ground that it is based on impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803.  *Orr*, 285 F. 3d at 778 ("Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

1  matter asserted.") (internal citations omitted).  Fact No. 244 is based on Weireter's

2  deposition testimony about an alleged statement made by Cornell at the 2020

3  Golden Mike Awards.  This is impermissible hearsay—it is an out-of-court

4  statement submitted by Plaintiff for the truth of matter asserted therein.  No

5  exception to the hearsay rule applies here—Cornell is not a party to this action.

### Combined Statement of Facts, Paragraph 245

7      Defendants object to Fact No. 245 on the ground that Weireter's personal

8  feelings about Imbrenda's conduct at the 2020 Golden Mike Awards are not relevant

9  to any of Plaintiff's causes of action and is not material to deciding Defendants'

10  Motion for Summary Judgment.  Fed. R. Evid. 401-402; *Liberty Lobby,* 477 U.S. at

11  247-48 ("Only disputes over facts *that might affect the outcome of the suit* under the

12  governing law will properly preclude the entry of summary judgment.") (emphasis

13  added).  Weireter is not a plaintiff in this case.  And none of Plaintiff's alleged

14  damages are based on Weireter's purported distress.

### Combined Statement of Facts, Paragraph 246

16      Defendants object to Plaintiff's Fact No. 246 on the ground that it is

17  irrelevant.  Fed. R. Evid. 401-402.  Plaintiff does not cite to or reference Fact No.

18  246 in her Opposition.  [*See generally* Dkt. 190.]  Accordingly, Fact No. 246 is not

19  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

20  401*; see also Liberty Lobby*, 477 U.S. at 247-48.

21      Defendants further object to Fact No. 246 on the ground that Weireter's

22  personal feelings are not relevant to any of Plaintiff's causes of action  *Id.*  Weireter

23  is not a plaintiff in this case.  And none of Plaintiff's alleged damages are based on

24  Weireter's purported distress.

### Combined Statement of Facts, Paragraph 247

26      Defendants object to Plaintiff's Fact No. 247 on the ground that it is not

27  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

28

401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 248

Defendants object to Plaintiff's Fact No. 248 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 249

Defendants object to Plaintiff's Fact No. 249 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 251

Defendants object to Plaintiff's Fact No. 251 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 251 on the ground that whether Jordan had a call with Imbrenda on January 28, 2020, is not relevant to any of Plaintiff's causes of action.  *Id.*  This is especially true given Jordan's testimony that he "do[es] not remember" what the call was about.

## Combined Statement of Facts, Paragraph 261

Defendants object to Plaintiff's Fact No. 261 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 262</u>**

Defendants object to Plaintiff's Fact No. 262 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 266</u>**

Defendants object to Plaintiff's Fact No. 266 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 268</u>**

Defendants object to Plaintiff's Fact No. 268 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 270 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**<u>Combined Statement of Facts, Paragraph 269</u>**

Defendants object to Plaintiff's Fact No. 269 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**<u>Combined Statement of Facts, Paragraph 271</u>**

Defendants object to Plaintiff's Fact No. 271 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**<u>Combined Statement of Facts, Paragraph 274</u>**

Defendants object to Plaintiff's Fact No. 274 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**<u>Combined Statement of Facts, Paragraph 277</u>**

Defendants object to Plaintiff's Fact No. 277 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**<u>Combined Statement of Facts, Paragraph 285</u>**

Defendants object to Plaintiff's Fact No. 285 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**<u>Combined Statement of Facts, Paragraph 287</u>**

Defendants object to Plaintiff's Fact No. 287 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 288</u>**

Defendants object to Plaintiff's Fact No. 288 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 288 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**Combined Statement of Facts, Paragraph 292**

Defendants object to Plaintiff's Fact No. 292 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**Combined Statement of Facts, Paragraph 295**

Defendants object to Plaintiff's Fact No. 271 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**Combined Statement of Facts, Paragraph 297**

Defendants object to Plaintiff's Fact No. 297 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 301**

Defendants object to Plaintiff's Fact No. 301 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**Combined Statement of Facts, Paragraph 302**

Defendants object to Plaintiff's Fact No. 302 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 303**

Defendants object to Plaintiff's Fact No. 303 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 304</u>**

Defendants object to Plaintiff's Fact No. 304 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 305</u>**

Defendants object to Plaintiff's Fact No. 305 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 306</u>**

Defendants object to Plaintiff's Fact No. 306 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 314</u>**

Defendants object to Plaintiff's Fact No. 314 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**<u>Combined Statement of Facts, Paragraph 320</u>**

Defendants object to Plaintiff's Fact No. 320 on the ground that it is irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact, that "[o]ver the course of approximately one hour and 44 minutes at the bar, Deputy Cruz was served five drinks," is not material to deciding Defendants' Motion for Summary Judgment. *Id.; see also Liberty Lobby*, 477 U.S. at 247-48.  None of Plaintiff's causes of action turn on whether Deputy Cruz was served or consumed "drinks" on January 28, 2020.

**Combined Statement of Facts, Paragraph 321**

Defendants object to Plaintiff's Fact No. 321 on the grounds that the cited evidence does not support the "fact" that Deputy Cruz showed a patron at the bar "a photo of human remains," and is refuted by the evidence in this case.  Plaintiff has admitted that she has never seen any of the crash site photos.  (SS ¶¶ 72-75.) Plaintiff was not at the bar and has no personal knowledge of what Deputy Cruz showed the bar patron; nor does the bartender have any personal knowledge of what was shown.  Deputy Cruz also testified that he did not show any cash site photos to anyone other than the bartender.  (SS ¶¶ 25-31.)  Accordingly, there is no foundation for Fact 321 and it is based entirely on speculation.  Fed. R. Evid. 602; *Nelson*, 83 F. 3d at 1081-82 ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."); *see also Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on person knowledge, and was not relevant.").  Plaintiff, in fact, admits as much by stating that the evidence proves nothing, but it is her opinion that it "strongly indicates" that a photo with human remains was displayed on Deputy Cruz's phone.  That is not enough.

Defendants further object to Fact No. 321 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

**Combined Statement of Facts, Paragraph 330**

Defendants object to Plaintiff's Fact No. 330 on the ground that it is irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact, that "[a]fter viewing the photos, the bartender walked back behind the bar and Cruz "said something funny."  The two then burst into laughter," is not material to deciding Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby*, 477 U.S. at 247-48. None of Plaintiff's causes of action turn on whether Deputy Cruz's or the bartender's demeanor.

Defendants further object to Fact No. 330 as being irrelevant because Plaintiff has submitted no evidence that the "something funny" that was purportedly said by Deputy Cruz to the bartender had anything to do with the crash site photos.  In fact, Plaintiff does not even allege in Fact No. 330 that the "something funny" related to the photos.  That is because Plaintiff has no evidence to support such a claim and, had she done so, it would have lacked foundation and been based entirely on speculation.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on person knowledge, and was not relevant.").

### **Combined Statement of Facts, Paragraph 336**

Defendants object to Plaintiff's Fact No. 336 on the ground that it is irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact, that "[a]t approximately 10:09 p.m., Deputy Cruz left the restaurant," is not material to deciding Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby,* 477 U.S. at 247-48.  None of Plaintiff's causes of action turn on when Deputy Cruz left the bar.

### **Combined Statement of Facts, Paragraph 337**

Defendants object to Plaintiff's Fact No. 337 on the ground that it is based on impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803.

Defendants object to Saigal Declaration, Exhibit 123 (Mendez Deposition Tr.), at 29:9-30:5, 31:1-33:13, and 52:11-15, on the ground that the deposition testimony is impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803; *Orr*, 285 F. 3d at 778 ("Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").  Plaintiff is relying on Mendez's testimony about purported statements made to him by the bartender on January 28, 2020.  This is hearsay—an out-of-court statement being offered for the truth of the matter asserted therein.

Because Plaintiff has failed to submit any admissible evidence in support of this Fact No. 337, she has failed to establish it as an undisputed fact.

The excerpted testimony at 29:9-30:5 (with counsel objections omitted):

Q. And then at some short time after that – I forgot how many minutes you said it was – the bartender came over to your table?

A. I would –it seemed like it was almost immediate.  It was maybe about two to three minutes after that individual walked out of that the bartender left his station and came over to our table and volunteered what he had just seen.

Q. What's the firs thing you remember that bartender saying when he approached your table?

A. His first words were, "Did you see that guy that just walked out?"

And I said, "Yes."

And then that's where he began telling us everything that he had just witnessed.

Q. When he described the deputy – you mentioned that he described the deputy at – the bartender described the deputy as his best friend.

A. Correct. Yes.

Q. And he described the deputy as having been in the Marine Corps?

A. Yes.

The excerpted testimony at 31:1-33:13 (with counsel objections omitted):

Q. And you mentioned that the bartender told you that the deputy had worked a long day on the day of the crash and was at the accident scene; correct?

A. Yes.

Q. Do you recall anything more that the bartender said about the deputy having been at the accident scene?

A. He had worked a long day. He was bored, and so he just decided to start snapping pictures.

Q. Is that something that the bartender told you that the deputy had told him, or was that not clear from the bartender's statements as to how he got that information?

A. Me – I – when I'm listening to this I'm thinking, well, it's – they had been – he had been – this information was relayed to him from the customer, the deputy, his best friend; and he's passing that information over to us.

Q. So generally, what you're describing in terms of what the bartender told you about the deputy's experience at the crash site – you understood that to be information that the deputy had told the bartender that the bartender was now sharing with you?

A. Yes.

Q. Did the bartender say that he had seen any of the photos himself?

A. Yes.

Q. Described that.

A. He described them in very graphic fashion. I mean, REDACTED REDACTED REDACTED REDACTED. Nobody was identifiable except Mr. Bryant and because of his skin tone and the tattoos on his body. That's the only way they were able to tell that was him. Yeah.

Q. When you say that he was able to tell based on Kobe Bryant's skin tone, is – was that some that – strike that.

Do you recall the bartender mentioning Kobe Bryant's name in describing the photos?

A. He did.

Q. What did the bartender say when mentioning Kobe Bryant's name?

A. He said that nobody was identifiable.  He couldn't tell who was who, but they knew it was Kobe Bryant because of the skin – the skin tone on the torso and the tattoos.

Q. Did he say anything  more about the tattoos or just left it at that, tattoos?

DEFENDANTS' MEMORANDUM OF EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EVIDENCE

A. Left it at that. I mean, got to keep in mind as he's volunteering all this information, my teammates are not really into it.  They're like, this guy is BS'ing. This is not true.

They pretty much just wanted to cut him off, cut it short.

Me – I'm like – in my mind I'm processing all this.  I'm thinking could it be true? Could it not be true? You know, and so that's why I asked him questions. Maybe once or – maybe one or two questions.  It was more like, why – what is he doing over here in Norwalk when he works way out there in Lost Hills or Malibu?  Because I'm processing this. I'm trying to get an understanding of this.  It's quite a ways. Norwalk and Lost Hills is quite a way for him to be out here. And so he mentioned that he had family out – on this side of town.

The excerpted testimony at 52:11-15 (with counsel objections omitted):

Q. You mentioned before that the bartender said that the only way to identify Kobe in the photos was because of his skin tone. Did he specify what skin tone it was?

A. Black.

### Combined Statement of Facts, Paragraph 338

Defendants object to Plaintiff's Fact No. 338 on the ground that it is based on impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803.

Defendants object to Saigal Declaration, Exhibit 123 (Mendez Deposition Tr.), at 20:16-23:21 and 31:24-32:1, on the ground that the deposition testimony is impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803; *Orr*, 285 F. 3d at 778 ("Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").  Plaintiff is relying on Mendez's testimony about purported statements made to him by the bartender on January 28, 2020.  This is hearsay—an out-of-court statement being offered for the truth of the matter asserted therein. Mendez never saw the photos shown to the bartender by Deputy Cruz; so Mendez's only knowledge is based on these impermissible out-of-court statements.

1       Because Plaintiff has failed to submit any admissible evidence in support of

2   this Fact No. 338, she has failed to establish it as an undisputed fact.

3       The excerpted testimony at 20:16-23:21 (with counsel objections omitted):

4       Q. You mentioned seeing something at a restaurant.  Could you
        describe that a bit more.
5

6       A. Yeah. So it was myself and three other teammates who were sitting
        at a booth near the bar.  And we arrived at approximately -- before ten
7       o'clock -- between 9:45 and ten o'clock p.m.  It was -- I would say it
        was before 10:00 p.m. And we sat at the booth that we normally sit at
8       after one of our games when we go to the restaurant. I would say it's
        probably no later than 11:00 p.m.
9

10      The bartender leaves the station behind the bar and comes to our table
        and voluntarily just lets us know what he had just witnessed.  He asked
11      if we saw the individual that was sitting at the bar.  And I said yes.
        From where I was sitting, my view was directly at him; so I had a very
12      good look at him.  I'd never seen him before.  Very clean-cut
        gentleman.  He looked different than the other customers that I had
13      seen that would patronize the restaurant.
14

15      So as soon as this individual walked out of the restaurant, which was no
        later than 11:00 p.m. – I would say maybe -- after he walked out of the
16      restaurant, that's when the bartender left his station and came to our
        table and asked if we saw that individ -- individual that had just walked
17      out.
18

19      And I replied, "Yeah."
20
        And he stated that that individual was at the 8 crash site on Sunday and
21      that he had pictures of the remains of -- of the bodies that had been
        killed – that had died.
22

23      My three other teammates were very skeptical of the information that
        was being offered to us.  They did not believe it.  He did state that that
24      individual was his best friend.
25
        And I asked, "What is he doing in Norwalk when he works out in the
26      Lost Hills/Malibu area?"
27
        And I believe he mentioned -- or said that he has family on this side of
28      town. He also mentioned that that individual lives out there in Malibu,

that he has an apartment out there.  He -- he stated that he was in the Marine Corps.

And as -- as he's voluntarily saying all of this, I'm processing it.  And my teammates are skeptical. I could see it in their faces. Me – I'm like, Is it true? Is it not true?

So when he mentioned that this individual was in the Marine Corps -- is -- was in the Marine Corps.  I remember seeing the initials -- the letters "USMC" behind his left arm.  So when he said he was -- he was in the United -- in the Marine Corps, I'm thinking, Okay. Well, he may be saying the truth. I just saw "USMC" in the back of his arm.

He be -- he began to describe the photos that were shown to him. He mentioned that all the bodies were unidentifiable; that there were legs, arms, torsos, heads, body parts scattered all over the crash site; that they could not be identified; and that the only way they were able to tell -- he was able to tell that it was Kobe's body because -- it was because of the skin tone and because of the tattoos.

He seemed like he wanted to offer more information, but at that point it was -- it was getting graphic.

And so we just said, "We heard enough.  We heard enough."

And that was pretty much the extent of it right there.

Q. Okay. So let me –

A. I did leave this out. He did mention that his best friend, who was showing him the pictures, the deputy, was new on the job.  He had just been on the job for maybe about four months.  And I remember that as when -- when he's saying that, this individual did look -- he did look young.  And he did fit the profile what I would picture a young deputy to look like.  That deputy -- he worked -- I believe he mentioned he worked a 12-to-14-hour day, and he said that he was -- he was bored, had nothing to do, so he went up there and started taking pictures.

This is all coming from the bartender as – as he's relaying it to -- to myself and my other teammates.

The excerpted testimony at 31:24-32:1 (with counsel objections omitted):

Q. Did the bartender say that he had seen any of the photos himself?

A. Yes.

**Combined Statement of Facts, Paragraph 339**

Defendants object to Plaintiff's Fact No. 339 on the grounds that it is irrelevant and based on impermissible hearsay with no applicable exception. Fed. R. Evid. 401-402, 801-803.

Plaintiff's proffered fact, that "[t]he bartender appeared 'excited' to tell Mendez and his teammates about the photos Cruz had shown him," is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401*; see also Liberty Lobby,* 477 U.S. at 247-48. The bartender is not a defendant in this case. Plaintiff has not asserted any claims against the bartender. And none of Plaintiff's causes of action turn on the demeanor of the bartender on January 28, 2020.

Defendants object to Saigal Declaration, Exhibit 123 (Mendez Deposition Tr.), at 46:13-22, on the ground that the deposition testimony is impermissible hearsay with no applicable exception. Fed. R. Evid. 801-803; *Orr v. Bank of America, NT & SA*, 285 F. 3d 764, 779 (9th Cir. 2002) (holding that "excerpt from [deponent's] deposition in which she states that Bourdeau told her that he saw disparaging documents about her at the FDIC," constitutes inadmissible hearsay); *United States v. Jefferson*, 925 F.2d 1242, 1252-53 (10th Cir. 1991) ("Whether evidence is offered as circumstantial evidence as opposed to direct evidence has nothing to do with whether it constitutes inadmissible hearsay."). Plaintiff is relying on Mendez's testimony about purported conduct by the bartender on January 28, 2020. This is hearsay—an out-of-court statement being offered for the truth of the matter asserted therein. Mendez never saw the photos shown to the bartender by Deputy Cruz; so Mendez's only knowledge is based on these impermissible out-of-court statements.

Because Plaintiff has failed to submit any admissible evidence in support of this Fact No. 339, she has failed to establish it as an undisputed fact.

The excerpted testimony at 46:13-22 (with counsel objections omitted):

Q. So when -- going back to February 28th, when the bartender is telling you that he'd seen the photos, you said that he was almost excited about it.  Was his voice elevated at all, or was he speaking just kind of in a normal tone?

A. It was more something like -- like the level in excitement.  I'm not saying he was excited to – for what he had just witnessed.  It was more he was more excited to express -- to share with somebody else what he had just seen and heard.

### Combined Statement of Facts, Paragraph 340

Defendants object to Plaintiff's Fact No. 340 on the ground that it is based on impermissible hearsay with no applicable exception.  Fed. R. Evid. 802.

Defendants object to Saigal Declaration, Exhibit 123 (Mendez Deposition Tr.), at 31:24-32:19, on the ground that the deposition testimony is impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803.  *Orr v. Bank of America, NT & SA*, 285 F. 3d 764, 779 (9th Cir. 2002) (holding that "excerpt from [deponent's] deposition in which she states that Bourdeau told her that he saw disparaging documents about her at the FDIC," constitutes inadmissible hearsay); *United States v. Jefferson*, 925 F.2d 1242, 1252-53 (10th Cir. 1991) ("Whether evidence is offered as circumstantial evidence as opposed to direct evidence has nothing to do with whether it constitutes inadmissible hearsay.")  Plaintiff is relying on Mendez's testimony about purported statements made to him by the bartender on January 28, 2020.  This is hearsay—an out-of-court statement being offered for the truth of the matter asserted therein.  Mendez never saw the photos shown to the bartender by Deputy Cruz; so Mendez's only knowledge is based on these impermissible out-of-court statements.

Because Plaintiff has failed to submit any admissible evidence in support of this Fact No. 340, she has failed to establish it as an undisputed fact.

The excerpted testimony at 31:24-32:19 (with counsel objections omitted):

Q. Did the bartender say that he had seen any of the photos himself?

A. Yes.

Q. Describe that.

A. He described them in very graphic fashion. I mean, legs, arms, heads, torsos. Nobody was identifiable except Mr. Bryant and because of his skin tone and the tattoos on his body. That's the only way they were able to tell that that was him. Yeah.

Q. When you say that he was able to tell based on Kobe Bryant's skin tone, is -- was that something that -- strike that. Do you recall the bartender mentioning Kobe Bryant's name in describing the photos?

A. He did.

Q. What did the bartender say when mentioning Kobe Bryant's name?

A. He said that nobody was identifiable. He couldn't tell who was who, but they knew it was Kobe Bryant because of the skin -- the skin tone on the torso and the tattoos.

## **Combined Statement of Facts, Paragraph 341**

Defendants object to Plaintiff's Fact No. 341 on the ground that it is based on impermissible hearsay with no applicable exception. Fed. R. Evid. 801-803.

Defendants object to Saigal Declaration, Exhibit 123 (Mendez Deposition Tr.), at 31:24-32:7 and 34:18-24, on the ground that the deposition testimony is impermissible hearsay with no applicable exception. Fed. R. Evid. 801-803; *Orr v. Bank of America, NT & SA*, 285 F. 3d 764, 779 (9th Cir. 2002) (holding that "excerpt from [deponent's] deposition in which she states that Bourdeau told her that he saw disparaging documents about her at the FDIC," constitutes inadmissible hearsay); *United States v. Jefferson*, 925 F.2d 1242, 1252-53 (10th Cir. 1991) ("Whether evidence is offered as circumstantial evidence as opposed to direct evidence has nothing to do with whether it constitutes inadmissible hearsay."). Plaintiff is relying on Mendez's testimony about purported statements made to him by the bartender on January 28, 2020. This is hearsay—an out-of-court statement

being offered for the truth of the matter asserted therein.  Mendez never saw the

photos shown to the bartender by Deputy Cruz; so Mendez's only knowledge is

based on these impermissible out-of-court statements.

Because Plaintiff has failed to submit any admissible evidence in support of

this Fact No. 341, she has failed to establish it as an undisputed fact.

The excerpted testimony at 31:24-32:7 (with counsel objections omitted):

Q. Did the bartender say that he had seen any of the photos himself?

A. Yes.

Q. Describe that.

A. He described them in very graphic fashion.  I mean, legs, arms,
heads, torsos.  Nobody was identifiable except Mr. Bryant and because
of his skin tone and the tattoos on his body.  That's the only way they
were able to tell that that was him.  Yeah.

The excerpted testimony at 34:18-24 (with counsel objections omitted):

Q. You mentioned the body parts that the bartender described that he
saw in the photos.  Do you recall anything else that the bartender said
about the content of the photographs that he had seen?

A. Just said it was ex -- it was extremely gruesome.  Extremely
gruesome.  That's how he described it.

**Combined Statement of Facts, Paragraph 343**

Defendants object to Plaintiff's Fact No. 343 on the ground that it is not

material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 343 on the ground that it is based on

impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803.

Defendants object to Saigal Declaration, Exhibit 123 (Mendez Deposition

Tr.), at 47:11-19 and 143:14-18, on the ground that the deposition testimony is

impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803; *Orr v.*

1  *Bank of America, NT & SA*, 285 F. 3d 764, 779 (9th Cir. 2002) (holding that

2  "excerpt from [deponent's] deposition in which she states that Bourdeau told her

3  that he saw disparaging documents about her at the FDIC," constitutes inadmissible

4  hearsay); *United States v. Jefferson*, 925 F.2d 1242, 1252-53 (10th Cir. 1991)

5  ("Whether evidence is offered as circumstantial evidence as opposed to direct

6  evidence has nothing to do with whether it constitutes inadmissible hearsay.").

7  Plaintiff is relying on Mendez's testimony about purported statements made to him

8  by the bartender on January 28, 2020.  This is hearsay—an out-of-court statement

9  being offered for the truth of the matter asserted therein.  Mendez never saw the

10  photos shown to the bartender by Deputy Cruz; so Mendez's only knowledge is

11  based on these impermissible out-of-court statements.

12      Because Plaintiff has failed to submit any admissible evidence in support of

13  this Fact No. 343, she has failed to establish it as an undisputed fact.

14      The excerpted testimony at 47:11-19 (with counsel objections omitted):

15      Q. Did he say anything else on February 28th about -- did the bartender
   say anything else on February 28th about the deputy's attitude toward
16   the whole situation and the photos?

17
   A. Yes. He did mention that the deputy found it humorous.  He doesn't
18   understand why they make such a big deal out of this incident here
   when there is so many, you know, military personnel that are losing
19   their lives in a war out there in -- whenever he's overseas.
20
   The excerpted testimony at 143:14-18 (with counsel objections omitted):
21
   Q. And is it also true that the bartender told you that when the deputy
22   was taking the pictures of the bodies, the body parts, and the internal
   organs, he actually found it funny?
23
24   A. That is true.

25                    **Combined Statement of Facts, Paragraph 344**

26      Defendants object to Plaintiff's Fact No. 344 on the ground that it is

27  irrelevant.  Fed. R. Evid. 401.  Plaintiff's proffered fact, that Mendez was

28

"extremely disturbed" by what he was told by the bartender and that it "did not sit well" with him, is not material to deciding Defendants' Motion for Summary Judgment. *Id.; see also Liberty Lobby,* 477 U.S. at 247-48. None of Plaintiff's causes of action turn on Mendez's feelings.

**Combined Statement of Facts, Paragraph 349**

Defendants object to Plaintiff's Fact No. 349 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 350**

Defendants object to Plaintiff's Fact No. 350 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 351**

Defendants object to Plaintiff's Fact No. 351 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 352**

Defendants object to Plaintiff's Fact No. 352 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 354**

Defendants object to Plaintiff's Fact No. 354 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order. [*See* Dkt. 86 at 10-11.]

**<u>Combined Statement of Facts, Paragraph 356</u>**

Defendants object to Plaintiff's Fact No. 356 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 357</u>**

Defendants object to Plaintiff's Fact No. 357 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 358</u>**

Defendants object to Plaintiff's Fact No. 358 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 360</u>**

Defendants object to Plaintiff's Fact No. 360 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 361</u>**

Defendants object to Plaintiff's Fact No. 361 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**<u>Combined Statement of Facts, Paragraph 362</u>**

Defendants object to Plaintiff's Fact No. 362 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 363

Defendants object to Plaintiff's Fact No. 363 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 364

Defendants object to Plaintiff's Fact No. 364 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 365

Defendants object to Plaintiff's Fact No. 365 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 366

Defendants object to Plaintiff's Fact No. 366 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 367

Defendants object to Plaintiff's Fact No. 367 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 368**

Defendants object to Plaintiff's Fact No. 368 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 369**

Defendants object to Plaintiff's Fact No. 369 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 371**

Defendants object to Plaintiff's Fact No. 371 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 372**

Defendants object to Plaintiff's Fact No. 372 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 374**

Defendants object to Plaintiff's Fact No. 374 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 375**

Defendants object to Plaintiff's Fact No. 375 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 376

Defendants object to Plaintiff's Fact No. 376 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 377

Defendants object to Plaintiff's Fact No. 377 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 379

Defendants object to Plaintiff's Fact No. 379 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 380

Defendants object to Plaintiff's Fact No. 380 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 381

Defendants object to Plaintiff's Fact No. 381 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

1           **Combined Statement of Facts, Paragraph 382**

2         Defendants object to Plaintiff's Fact No. 382 on the ground that it is not

3 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

4 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

5 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

6           **Combined Statement of Facts, Paragraph 383**

7         Defendants object to Plaintiff's Fact No. 383 on the ground that it is not

8 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

9 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

10 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

11           **Combined Statement of Facts, Paragraph 386**

12         Defendants object to Plaintiff's Fact No. 386 on the ground that it is not

13 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

14 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

15 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

16           **Combined Statement of Facts, Paragraph 387**

17         Defendants object to Plaintiff's Fact No. 387 on the ground that it is

18 irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact that Captain Vander

19 Horck was told he would be demoted from captain to lieutenant is not material to

20 deciding Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby,*

21 477 U.S. at 247-48.  None of Plaintiff's causes of action turn on whether Captain

22 Vander Horck was demoted or the reasons for his demotion.

23           **Combined Statement of Facts, Paragraph 388**

24         Defendants object to Plaintiff's Fact No. 388 on the ground that it is

25 irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact that Captain Vander

26 Horck was told he would be demoted from captain to lieutenant is not material to

27 deciding Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby,*

28

477 U.S. at 247-48.  None of Plaintiff's causes of action turn on whether Captain Vander Horck was demoted or the reasons for his demotion.

### Combined Statement of Facts, Paragraph 389

Defendants object to Plaintiff's Fact No. 389 on the ground that it is irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact that Captain Vander Horck was told he would be demoted from captain to lieutenant is not material to deciding Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby,* 477 U.S. at 247-48.  None of Plaintiff's causes of action turn on whether Captain Vander Horck was demoted or the reasons for his demotion.

### Combined Statement of Facts, Paragraph 390

Defendants object to Plaintiff's Fact No. 390 on the ground that it is irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact that Captain Vander Horck was told he would be demoted from captain to lieutenant is not material to deciding Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby,* 477 U.S. at 247-48.  None of Plaintiff's causes of action turn on whether Captain Vander Horck was demoted or the reasons for his demotion.

### Combined Statement of Facts, Paragraph 391

Defendants object to Plaintiff's Fact No. 391 on the ground that it is irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact that Captain Vander Horck was told he would be demoted from captain to lieutenant is not material to deciding Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby,* 477 U.S. at 247-48.  None of Plaintiff's causes of action turn on whether Captain Vander Horck was demoted or the reasons for his demotion.

### Combined Statement of Facts, Paragraph 392

Defendants object to Plaintiff's Fact No. 392 on the ground that it is irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact that Captain Vander Horck was told he would be demoted from captain to lieutenant is not material to deciding Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby,*

477 U.S. at 247-48. None of Plaintiff's causes of action turn on whether Captain Vander Horck was demoted or the reasons for his demotion.

**Combined Statement of Facts, Paragraph 393**

Defendants object to Plaintiff's Fact No. 393 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

Defendants further object to Fact No. 393 on the ground that Plaintiff's proffered fact that Captain Vander Horck was told he would be demoted from captain to lieutenant is not material to deciding Defendants' Motion for Summary Judgment. *Id.* None of Plaintiff's causes of action turn on whether Captain Vander Horck was demoted or the reasons for his demotion.

**Combined Statement of Facts, Paragraph 394**

Defendants object to Plaintiff's Fact No. 394 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

Defendants further object to Fact No. 394 on the ground that Plaintiff's proffered fact that Captain Vander Horck was told he would be demoted from captain to lieutenant is not material to deciding Defendants' Motion for Summary Judgment. *Id.* None of Plaintiff's causes of action turn on whether Captain Vander Horck was demoted or the reasons for his demotion.

**Combined Statement of Facts, Paragraph 395**

Defendants object to Plaintiff's Fact No. 395 on the ground that it is irrelevant. Fed. R. Evid. 401-402. Plaintiff's proffered fact that Captain Vander Horck was told he would not be demoted from captain to lieutenant but instead transferred from the Malibu/Lost Hills Station is not material to deciding Defendants' Motion for Summary Judgment. *Id.; see also Liberty Lobby,* 477 U.S.

1    at 247-48.  None of Plaintiff's causes of action turn on whether Captain Vander

2    Horck was transferred or the reasons for his transfer.

3                    **Combined Statement of Facts, Paragraph 396**

4           Defendants object to Plaintiff's Fact No. 396 on the ground that it is

5    irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact that Captain Vander

6    Horck was told he would not be demoted from captain to lieutenant but instead

7    transferred from the Malibu/Lost Hills Station is not material to deciding

8    Defendants' Motion for Summary Judgment.  *Id.; see also Liberty Lobby,* 477 U.S.

9    at 247-48.  None of Plaintiff's causes of action turn on whether Captain Vander

10   Horck was transferred or the reasons for his transfer.

11                   **Combined Statement of Facts, Paragraph 397**

12          Defendants object to Plaintiff's Fact No. 397 on the ground that it is not a

13   "fact," but rather improper legal argument in violation of the Court's Amended

14   Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]

15          Defendants further object to Fact No. 397 on the ground that Plaintiff's

16   proffered fact that Captain Vander Horck was told he would not be demoted from

17   captain to lieutenant but instead transferred from the Malibu/Lost Hills Station is not

18   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

19   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  None of Plaintiff's causes of

20   action turn on whether Captain Vander Horck was transferred or the reasons for his

21   transfer.

22                   **Combined Statement of Facts, Paragraph 398**

23          Defendants object to Plaintiff's Fact No. 398 on the ground that it is not

24   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

25   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

26   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

27          Defendants further object to Fact No. 398 on the ground that Plaintiff's

28   proffered fact that Captain Vander Horck was told he would not be demoted from

captain to lieutenant but instead transferred from the Malibu/Lost Hills Station is not material to deciding Defendants' Motion for Summary Judgment. *Id.* None of Plaintiff's causes of action turn on whether Captain Vander Horck was transferred or the reasons for his transfer.

### Combined Statement of Facts, Paragraph 399

Defendants object to Plaintiff's Fact No. 399 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

Defendants further object to Fact No. 399 on the ground that Plaintiff's proffered fact that Captain Vander Horck was told he would be demoted from captain to lieutenant is not material to deciding Defendants' Motion for Summary Judgment. *Id.* None of Plaintiff's causes of action turn on whether Captain Vander Horck was demoted or the reasons for his demotion.

### Combined Statement of Facts, Paragraph 400

Defendants object to Plaintiff's Fact No. 400 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 401

Defendants object to Plaintiff's Fact No. 401 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 402

Defendants object to Plaintiff's Fact No. 402 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid.

1  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

2  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

3  <u>**Combined Statement of Facts, Paragraph 403**</u>

4  Defendants object to Plaintiff's Fact No. 403 on the ground that it is not

5  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

6  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

7  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

8  <u>**Combined Statement of Facts, Paragraph 404**</u>

9  Defendants object to Plaintiff's Fact No. 404 on the ground that it is not

10  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

11  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

12  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

13  Defendants further object to Fact No. 404 on the ground that it is not

14  supported by admissible evidence.  Plaintiff cites to the interview testimony of

15  Commander Reed, who was testifying in his individual capacity and not as a Federal

16  Rule of Civil Procedure 30(b)(6) witness on behalf of the Los Angeles County

17  Sheriff's Department.  Therefore, the Los Angeles County Sheriff's Department is

18  not bound by the testimony of Commander Reed.

19  Defendants further object to Fact No. 404 on the ground that Commander

20  Reed's personal opinion about why the Los Angeles County Sheriff's Department

21  launched an internal investigation is irrelevant.  Fed. R. Evid. 401-402.  It is also

22  contrary to the testimony of Chief Kneer, who initiated the internal investigation and

23  testified that it had nothing to do with the February 28, 2020 article published by the

24  Los Angeles Times.  (Tokoro Decl. Ex. 239 [Kneer Tr.] 129:3-130:23.)

25  <u>**Combined Statement of Facts, Paragraph 405**</u>

26  Defendants object to Plaintiff's Fact No. 405 on the ground that it is not

27  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

28

401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 406**

Defendants object to Plaintiff's Fact No. 406 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 407**

Defendants object to Plaintiff's Fact No. 407 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 408**

Defendants object to Plaintiff's Fact No. 408 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 409**

Defendants object to Plaintiff's Fact No. 409 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 410**

Defendants object to Plaintiff's Fact No. 410 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 411**

Defendants object to Plaintiff's Fact No. 411 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 412**

Defendants object to Plaintiff's Fact No. 412 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 413**

Defendants object to Plaintiff's Fact No. 413 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 414**

Defendants object to Plaintiff's Fact No. 414 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 415**

Defendants object to Plaintiff's Fact No. 415 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 416**

Defendants object to Plaintiff's Fact No. 416 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 417

Defendants object to Plaintiff's Fact No. 417 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 418

Defendants object to Plaintiff's Fact No. 418 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 419

Defendants object to Plaintiff's Fact No. 419 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 420

Defendants object to Plaintiff's Fact No. 420 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 421

Defendants object to Plaintiff's Fact No. 421 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 422**

Defendants object to Plaintiff's Fact No. 422 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 423**

Defendants object to Plaintiff's Fact No. 423 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 424**

Defendants object to Plaintiff's Fact No. 424 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 425**

Defendants object to Plaintiff's Fact No. 425 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 426**

Defendants object to Plaintiff's Fact No. 426 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 427**

Defendants object to Plaintiff's Fact No. 427 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 428

Defendants object to Plaintiff's Fact No. 428 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 447

Defendants object to Plaintiff's Fact No. 447 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 448

Defendants object to Plaintiff's Fact No. 448 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 456

Defendants object to Plaintiff's Fact No. 456 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 494

Defendants object to Plaintiff's Fact No. 494 on the ground that it is irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact, that Erik Scott of the Los Angeles City Fire Department testified that his "predecessors that have since retired would take photos and keep books of dead bodies," and sometimes those photos would be "graphic" and "gruesome," is not material to deciding Defendants'

1  Motion for Summary Judgment.  *Id.; see also Liberty Lobby,* 477 U.S. at 247-48.

2  The Los Angeles City Fire Department is not a defendant in this case.  Plaintiff has

3  not asserted any claims against the Los Angeles City Fire Department or any of its

4  current or former employees.  And none of Plaintiff's causes of action turn on any

5  conduct by an employee of the Los Angeles City Fire Department.

6  **Combined Statement of Facts, Paragraph 495**

7         Defendants object to Plaintiff's Fact No. 495 on the ground that it is

8  irrelevant.  Fed. R. Evid. 401-402.  Plaintiff's proffered fact, that in 2014 the Los

9  Angeles County Fire Department conducted an investigation into employees taking

10  photos at an accident scene is not material to deciding Defendants' Motion for

11  Summary Judgment.  *Id.; see also Liberty Lobby,* 477 U.S. at 247-48.  None of

12  Plaintiff's causes of action turn on that investigation.  In addition, that investigation

13  did not involve allegations of improper taking and sharing of crash scene photos.

14  **Combined Statement of Facts, Paragraph 496**

15         Defendants object to Plaintiff's Fact No. 496 on the ground that it is

16  irrelevant.  Fed. R. Evid. 401-402.  Chief Sprewell's personal opinion about whether

17  photos were " 'not a big leap' at an accident scene involving a major public figure"

18  is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R.

19  Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

20         Defendants further object to Fact No. 496 on the ground that Plaintiff cites to

21  the interview testimony of Chief Sprewell, who was testifying in his individual

22  capacity and not as a Federal Rule of Civil Procedure 30(b)(6) witness on behalf of

23  the Los Angeles County Fire Department.  (*See* Saigal Decl. Ex. 205.)  Therefore,

24  the Los Angeles County Fire Department is not bound by the testimony of Chief

25  Sprewell.

26  **Combined Statement of Facts, Paragraph 497**

27         Defendants object to Plaintiff's Fact No. 497 on the ground that it is irrelevant

28  and not based on admissible evidence.  Fed. R. Evid. 401-403, 602.

1   Plaintiff's proffered fact that she "has confronted a photo online that purports

2   to depict her husband's uncovered remains near the blue-and-white helicopter," is

3   not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

4   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  There is no evidence

5   connecting the purported photo to Defendants and no evidence that the photo depicts

6   human remains.

7   Plaintiff has submitted no evidence showing that the photo online in fact

8   depicts her husband's uncovered remains.  Plaintiff admitted at deposition that she

9   has no knowledge of whether the photo does or does not.  (*See* Rodriguez-Sanchirco

10  Decl. Ex. 47 [V. Bryant Tr.] at 68:3-19.)

11  Plaintiff has likewise submitted no evidence showing that the purported photo

12  online was taken by any of the Defendants, including the County of Los Angeles,

13  the Los Angeles County Sheriff's Department, or the Los Angeles County Fire

14  Department.  Plaintiff's suggestion or claim that the photo should be attributed to

15  Defendants lacks foundation and is based entirely on speculation.  Fed. R. Evid.

16  602.  *See Lucas* 244 Fed. Appx. at 778 (affirming district court's decision to exclude

17  declaration because "the declaration was speculative, lacked foundation, was not

18  based on personal knowledge, and was not relevant").  Plaintiff admitted at

19  deposition that she has no knowledge of who took the photo.  (*See* Rodriguez-

20  Sanchirco Decl. Ex. 47 [V. Bryant Tr.] at 9:7-23; 53:9-17; 54:4-12.)

21  Defendants object to paragraph 11 of Plaintiff's declaration, which is cited in

22  support of Fact No. 497.  "The general rule in the Ninth Circuit is that a party cannot

23  create an issue of fact by an affidavit contradicting his [or her] prior deposition

24  testimony."  *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.

25  1991).  There is a clear and unambiguous contradiction between Plaintiff's

26  deposition testimony (stating that she did not know where a photo purporting to

27  show her husband's remains came from) and her declaration (suggesting that she

28

1  thinks the photo "may have been taken and distributed by a deputy or

2  firefighter").  That portion of Plaintiff's declaration should be disregarded.

3      Plaintiff's declaration states:

4      I have already seen one photo purporting to show my husband's
       remains that matches the location where he was found in relation to the
5      helicopter.  Since viewing the photo, I've been tormented with thoughts
6      of who took it and whether it depicts my husband. ***To my***
       ***understanding, most of the people with access to the scene at the time***
7      ***my husband's remains were uncovered were Los Angeles County***
       ***employees, which leads me to suspect the photo may have been taken***
8      ***and distributed by a deputy or firefighter.*** Sheriff Villanueva told me
9      that he had secured the scene, so to my knowledge only Los Angeles
       County employees and the NTSB would have had access.  [Dkt. 190-6
10     ¶ 11 (emphasis added).]

11

12     However, at deposition, Plaintiff testified that she had no knowledge of where

13 the photo online came from:

14     **Rodriguez-Sanchirco Decl. Ex. 47 [V. Bryant Tr.] at 9:7-23**:

15     Q. Do you know whether any photographs of your husband's and your
       daughter's bodies have been actually publicly disclosed yet?
16

17     [Objection]

18     A. There was one photograph which was online where someone said
       that it was my husband's body. And when I -- when I spoke to the
19     Medical Examiner, that same photograph matched the location of
20     where the Medical Examiner told me his body was found.

21     Q. And do you know who took that photograph?

22     A. I don't know.

23     Q. Do you know if it was anybody within the County?

24     A. I don't know.
25

26     ***Id.*** **at 53:9-17**:

27     Q. Plaintiff responds as follows: Plaintiff has seen photos of the
       January 26th helicopter crash posted online that purport to contain
28     human remains. Okay? Do you see that?

A. Yes.

Q. Okay. Do you know whether any of those photos that you saw came from anybody in the County of Los Angeles? Do you know that, one way or another?

A. I don't.

***Id.* at 54:4-12**:

Q. Okay. My question to you is: Do you know whether any of those photos that you're referencing there came from or emanated from anybody at the County of L.A.? The Sheriff, the Fire Department, the Coroner, or anybody else? … Do you know one way or another?

A. No.

Plaintiff also stipulated at her deposition (through her counsel) that she has no evidence that the photo was taken or disseminated by County personnel:

Plaintiff's counsel: "She doesn't know -- she doesn't know they're from the County. She didn't respond to any of these people and she doesn't know any of these people who posted or sent them to us. . . . Yeah, I'm in agreement with you that if the exhibits are the ones that we've seen on the screen, you know, that we would stipulate that she does not know the people who sent them, she does not know whether they came from the County, and she did not reply to any of the people." (*Id.* at 87:23-88:25.)

**Combined Statement of Facts, Paragraph 498**

Defendants object to Plaintiff's Fact No. 498 on the ground that it is irrelevant and based on impermissible hearsay with no applicable exception. Fed. R. Evid. 401-402, 801-803.

Plaintiff's proffered fact that "an Orange County law enforcement officer displayed close-range photos of the crash scene at a bar in Cerritos," is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401; *see also Liberty Lobby,* 477 U.S. at 247-48. There is no evidence connecting the purported photos to Defendants and no evidence that the photos depicted the remains of Plaintiff's husband and/or daughter.

Plaintiff has submitted no evidence showing that the "close-range photos" purportedly displayed by the Orange County law enforcement officer included the remains of her husband and/or daughter.  Plaintiff cannot make that claim herself since she never saw the photos and has no personal knowledge of what was included in them.  The declaration submitted by Jessica Wells, which Plaintiff cites for Fact No. 498, likewise does not assert the photos included the remains of Plaintiff's husband and/or daughter.  [*See generally* Dkt. 190-4.]  To the contrary, Wells admits that she "did not study the photos closely enough to know whether they included human remains."  [*Id.* ¶ 4.]

Plaintiff has likewise submitted no evidence showing that the "close-range photos" were taken by any of the Defendants, including the County of Los Angeles, the Los Angeles County Sheriff's Department, or the Los Angeles County Fire Department.  Plaintiff's suggestion or claim that the photos should be attributed to Defendants lacks foundation and is based entirely on speculation.  Fed. R. Evid. 602; *Nelson*, 83 F. 3d at 1081-82 ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."); *see also Lucas*, 244 Fed. Appx. at 778.

Fact No. 498 is also irrelevant and not material to summary judgment because no Orange County law enforcement agency is a defendant in this case.  Plaintiff has not asserted any claims against the Orange County Sheriff's Department or otherwise.  And, therefore, none of Plaintiff's causes of action turn on whether an Orange County law enforcement officer had photos from the crash scene that have not been tied to Defendants.

Defendants further object to Wells Declaration paragraphs 2-4 on the ground that they are impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803; *Orr*, 285 F. 3d at 778.  Plaintiff is relying on Wells' testimony about purported statements made to her by a purported Orange County law enforcement officer while she was working at a restaurant on January 29, 2021.  This is

hearsay—an out-of-court statement being offered for the truth of the matter asserted therein.

Because Plaintiff has failed to submit any admissible evidence in support of this Fact No. 498, she has failed to establish it as an undisputed fact.

Paragraphs 2-4 of the Wells Declaration state:

2.    On the Wednesday evening following the helicopter accident in which Kobe and Gianna Bryant passed away, I was working as a bartender at the TGI Fridays restaurant in Corona, California. People were discussing the accident, and I interacted with a man and his wife who were seated on barstools at the bar.  The man was Caucasian and appeared to be in his late fifties or early sixties, with gray hair.  In the course of our conversation, he conveyed that he was a member of law enforcement in Orange County.

3.    Near closing time, the man mentioned to me that he had photos of the crash scene that had been sent to him by another member of his department.  As the man's wife conversed with another customer, he began displaying his phone to me and flipped through five to ten photos of the crash scene.  While showing me the photos, the man said: "I'm not even supposed to have these."

4.    I was not eager to see photos of the crash scene and the man flipped through them fairly quickly, so I did not study the photos closely enough to know whether they included human remains, but I do recall noticing helicopter pieces and flames. The photos appeared to have been taken at very close range by a person at ground level, rather than from a helicopter or something up high.  [Dkt. 190-4 ¶¶ 2-4.]

**Combined Statement of Facts, Paragraph 499**

Defendants object to Plaintiff's Fact No. 499 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 499 on the ground that Wells' personal feelings are not relevant to any of Plaintiff's causes of action.  Wells is not a

1 plaintiff in this case.  And none of Plaintiff's alleged damages are based on Wells'
2 purported distress.

3 **Combined Statement of Facts, Paragraph 500**

4     Defendants object to Plaintiff's Fact No. 500 on the ground that it is not
5 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.
6 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or
7 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

8     Defendants further object to Fact No. 500 on the ground that it is irrelevant
9 and based on impermissible hearsay with no applicable exception.  Fed. R. Evid.
10 401-402, 801-803.

11     Plaintiff's proffered fact that "a man at a bar … claimed to have seen photos
12 of the crash victims" and that he "described the photographs in vivid and gruesome
13 details" is not material to deciding Defendants' Motion for Summary Judgment.
14 Fed. R. Evid. 401*; see also Liberty Lobby,* 477 U.S. at 247-48.  There is no evidence
15 connecting the purported photos to Defendants.

16     Plaintiff has submitted no evidence showing that the photos purportedly
17 displayed by the "man with dark sitting at the end of the bar" were taken by any of
18 the Defendants, including the County of Los Angeles, the Los Angeles County
19 Sheriff's Department, or the Los Angeles County Fire Department.  Plaintiff's
20 suggestion or claim that the photos should be attributed to Defendants lacks
21 foundation and is based entirely on speculation.  Fed. R. Evid. 602; *Nelson*, 83 F. 3d
22 at 1081-82 ("[M]ere allegation and speculation do not create a factual dispute for
23 purposes of summary judgment."); *see also Lucas*, 244 Fed. Appx. at 778.

24     Plaintiff has likewise submitted no evidence that the purported photos even
25 exist.  The declaration of Jennifer Bolden, which Plaintiff cites for Fact No. 500,
26 confirms that Bolden never saw the photos—her entire testimony is based on
27 purported statements made by a man she does not know and can only describe as
28

1   having "dark hair."  This also confirms that Plaintiff has no evidence of what, if

2   anything, was actually depicted in these purported photos.

3        Fact No. 500 is also irrelevant and not material to summary judgment because

4   Plaintiff has not asserted any claims against the "man with dark hair sitting at the

5   end of the bar."  And, therefore, none of Plaintiff's causes of action turn on whether

6   the man saw photos from the crash scene that have not been tied to Defendants.

7        Defendants further object to Bolden Declaration paragraphs 3-5 on the ground

8   that they are impermissible hearsay with no applicable exception.  Fed. R. Evid.

9   801-803; *Orr*, 285 F. 3d at 778.  Plaintiff is relying on Bolden's testimony about

10  purported statements made to her by the "man with dark hair" while she was

11  working at a bar.  This is hearsay—an out-of-court statement being offered for the

12  truth of the matter asserted therein.

13       Because Plaintiff has failed to submit any admissible evidence in support of

14  this Fact No. 500, she has failed to establish it as an undisputed fact.

15       Paragraphs 3-5 of the Bolden Declaration state:

16       3.      A few days following the crash, in late-January or early-February
         2020, I was working as a bartender at the Bottoms Up Tiki Lounge in

17       Bellflower, California—a city that is approximately a one-hour drive
         from the crash site in Calabasas, California. Still in shock and shaken

18       up by what had happened, I was discussing the tragedy with a few
         others at the bar.  We were comforting each other with the thought that

19       at least Kobe and Gianna were together when they passed away and

20       had passed away quickly on impact.

21

22       4.      As we were consoling each other, a man with dark hair sitting at
         the end of the bar inserted himself into our conversation and told us we

23       were wrong—the victims had died in a horrific manner. He claimed to
         have insider information because he had seen photographs of the scene

24       on the phone of a friend in law enforcement who had been stationed at
         the crash site to provide security and keep coyotes away from the

25       bodies.

26

27       5.      Since that day at the bar, I have never been able to shake the
         man's description of those photographs.  In vivid and gruesome details,

28

he told us that the photos showed "bodies in pieces," including Kobe
Bryant's decapitated torso and Gianna Bryant's severely lacerated
head.  [Dkt. 190-3 ¶¶ 3-5.]

### Combined Statement of Facts, Paragraph 501

Defendants object to Fact No. 501 on the ground that it is irrelevant and based
on impermissible hearsay with no applicable exception.  Fed. R. Evid. 401-402,
801-803.

Plaintiff's proffered facts that "[t]he man's description of the Bryants' bodies
in the photographs he claimed to have seen precisely matched the actual condition
of Kobe's and Gianna's remains at the scene—information that was not publicly
known" and "[t]he bartender was horrified and profoundly upset by the man's
description of the photos," are not material to deciding Defendants' Motion for
Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at
247-48.  There is no evidence connecting the purported photos to Defendants.

Plaintiff has submitted no evidence showing that the photos purportedly
displayed by the "man with dark sitting at the end of the bar" were taken by any of
the Defendants, including the County of Los Angeles, the Los Angeles County
Sheriff's Department, or the Los Angeles County Fire Department.  Plaintiff's
suggestion or claim that the photos should be attributed to Defendants lacks
foundation and is based entirely on speculation.  Fed. R. Evid. 602; *Nelson*, 83 F. 3d
at 1081-82 ("[M]ere allegation and speculation do not create a factual dispute for
purposes of summary judgment."); *see also Lucas*, 244 Fed. Appx. at 778.

Plaintiff has likewise submitted no evidence that the purported photos even
exist.  The declaration of Jennifer Bolden, which Plaintiff cites for Fact No. 501,
confirms that Bolden never saw the photos—her entire testimony is based on
purported statements made by a man she does not know and can only describe as
having "dark hair."  This also confirms that Plaintiff has no evidence of what, if
anything, was actually depicted in these purported photos.

Fact No. 501 is also irrelevant and not material to summary judgment because Plaintiff has not asserted any claims against the "man with dark hair sitting at the end of the bar."  And, therefore, none of Plaintiff's causes of action turn on whether the man saw photos from the crash scene that have not been tied to Defendants.

Defendants further object to Fact No. 501 on the ground that Bolden's personal feelings are not relevant to any of Plaintiff's causes of action.  Bolden is not a plaintiff in this case.  And none of Plaintiff's alleged damages are based on Bolden's purported distress.

Defendants further object to Bolden Declaration paragraphs 5-6 on the ground that they are impermissible hearsay with no applicable exception.  Fed. R. Evid. 802; *Orr*, 285 F. 3d at 778.  Plaintiff is relying on Bolden's testimony about purported statements made to her by the "man with dark hair" while she was working at a bar.  This is classic hearsay—an out-of-court statement being offered for the truth of the matter asserted therein.

Because Plaintiff has failed to submit any admissible evidence in support of this Fact No. 501, she has failed to establish it as an undisputed fact.

Paragraphs 5-6 of the Bolden Declaration state:

5.      Since that day at the bar, I have never been able to shake the man's description of those photographs.  In vivid and gruesome details, he told us that the photos showed "bodies in pieces," including Kobe Bryant's decapitated torso and Gianna Bryant's severely lacerated head.

6.      Hearing the man describe the condition of the bodies in the photographs was profoundly upsetting. I reacted in horror. To this day, it makes me emotional to recall what he described, and the images still flash in my memory.  [Dkt. 190-3 ¶¶ 5-6.]

### **Combined Statement of Facts, Paragraph 503**

Defendants object to Plaintiff's Fact No. 503 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

1 | 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or
2 | reference this fact in her Opposition.  [*See generally* Dkt. 190.]

3 |       Defendants further object to Fact No. 503 on the ground that it is irrelevant
4 | since Plaintiff has submitted no evidence that the "text messages containing pictures
5 | or videos" included crash scene photos depicting the remains of Plaintiff's husband
6 | and/or daughter.  Plaintiff's suggestion that such photos were included in the text
7 | messages lacks foundation and is pure speculation—Plaintiff has no personal
8 | knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602;
9 | *Lucas,* Appx. at 778 (affirming district court's decision to exclude declaration
10 | because "the declaration was speculative, lacked foundation, was not based on
11 | personal knowledge, and was not relevant").

12 | **<u>Combined Statement of Facts, Paragraph 504</u>**

13 |       Defendants object to Plaintiff's Fact No. 504 on the ground that it is not
14 | material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.
15 | 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or
16 | reference this fact in her Opposition.  [*See generally* Dkt. 190.]

17 |       Defendants further object to Fact No. 504 on the ground that it is irrelevant
18 | since Plaintiff has submitted no evidence that the "text messages containing pictures
19 | or videos" included crash scene photos depicting the remains of Plaintiff's husband
20 | and/or daughter.  Plaintiff's suggestion that such photos were included in the text
21 | messages lacks foundation and is pure speculation—Plaintiff has no personal
22 | knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*
23 | *v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007) (affirming
24 | district court's decision to exclude declaration because "the declaration was
25 | speculative, lacked foundation, was not based on personal knowledge, and was not
26 | relevant").

27 |
28 |

1

**<u>Combined Statement of Facts, Paragraph 505</u>**

2   Defendants object to Fact No. 505 on the ground that it is irrelevant since

3 Plaintiff has submitted no evidence that the "text messages containing pictures or

4 videos" included crash scene photos depicting the remains of Plaintiff's husband

5 and/or daughter.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

6 Plaintiff's suggestion that such photos were included in the text messages lacks

7 foundation and is pure speculation—Plaintiff has no personal knowledge of the

8 content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

9 at 778 (affirming district court's decision to exclude declaration because "the

10 declaration was speculative, lacked foundation, was not based on personal

11 knowledge, and was not relevant").

12

**<u>Combined Statement of Facts, Paragraph 506</u>**

13   Defendants object to Plaintiff's Fact No. 506 on the ground that it is not

14 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

15 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

16 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

17   Defendants further object to Fact No. 506 on the ground that it is irrelevant

18 since Plaintiff has submitted no evidence that the "text messages containing pictures

19 or videos" included crash scene photos depicting the remains of Plaintiff's husband

20 and/or daughter.  Plaintiff's suggestion that such photos were included in the text

21 messages lacks foundation and is pure speculation—Plaintiff has no personal

22 knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*,

23 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration

24 because "the declaration was speculative, lacked foundation, was not based on

25 personal knowledge, and was not relevant").

26

**<u>Combined Statement of Facts, Paragraph 507</u>**

27   Defendants object to Fact No. 507 on the ground that it is irrelevant since

28 Plaintiff has submitted no evidence that the "text messages containing pictures or

videos" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007) (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## **Combined Statement of Facts, Paragraph 508**

Defendants object to Fact No. 508 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages containing pictures or videos" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## **Combined Statement of Facts, Paragraph 510**

Defendants object to Fact No. 510 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages containing pictures" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the

1  declaration was speculative, lacked foundation, was not based on personal

2  knowledge, and was not relevant").

3  **<u>Combined Statement of Facts, Paragraph 511</u>**

4  Defendants object to Fact No. 511 on the ground that it is irrelevant since

5  Plaintiff has submitted no evidence that the "text messages containing pictures"

6  included crash scene photos depicting the remains of Plaintiff's husband and/or

7  daughter.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

8  Plaintiff's suggestion that such photos were included in the text messages lacks

9  foundation and is pure speculation—Plaintiff has no personal knowledge of the

10 content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

11 at 778 (affirming district court's decision to exclude declaration because "the

12 declaration was speculative, lacked foundation, was not based on personal

13 knowledge, and was not relevant").

14 **<u>Combined Statement of Facts, Paragraph 512</u>**

15 Defendants object to Fact No. 512 on the ground that it is irrelevant since

16 Plaintiff has submitted no evidence that the "text messages containing pictures"

17 included crash scene photos depicting the remains of Plaintiff's husband and/or

18 daughter.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

19 Plaintiff's suggestion that such photos were included in the text messages lacks

20 foundation and is pure speculation—Plaintiff has no personal knowledge of the

21 content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

22 at 778 (affirming district court's decision to exclude declaration because "the

23 declaration was speculative, lacked foundation, was not based on personal

24 knowledge, and was not relevant").

25 **<u>Combined Statement of Facts, Paragraph 513</u>**

26 Defendants object to Fact No. 513 on the ground that it is irrelevant since

27 Plaintiff has submitted no evidence that the "text messages containing pictures"

28 included crash scene photos depicting the remains of Plaintiff's husband and/or

1  daughter.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

2  Plaintiff's suggestion that such photos were included in the text messages lacks

3  foundation and is pure speculation—Plaintiff has no personal knowledge of the

4  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

5  at 778 (affirming district court's decision to exclude declaration because "the

6  declaration was speculative, lacked foundation, was not based on personal

7  knowledge, and was not relevant")

8  ### Combined Statement of Facts, Paragraph 514

9  Defendants object to Fact No. 514 on the ground that it is irrelevant since

10  Plaintiff has submitted no evidence that the "text messages containing pictures"

11  included crash scene photos depicting the remains of Plaintiff's husband and/or

12  daughter.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

13  Plaintiff's suggestion that such photos were included in the text messages lacks

14  foundation and is pure speculation—Plaintiff has no personal knowledge of the

15  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

16  at 778 (affirming district court's decision to exclude declaration because "the

17  declaration was speculative, lacked foundation, was not based on personal

18  knowledge, and was not relevant").

19  ### Combined Statement of Facts, Paragraph 515

20  Defendants object to Fact No. 515 on the ground that it is irrelevant since

21  Plaintiff has submitted no evidence that the "text messages containing pictures"

22  included crash scene photos depicting the remains of Plaintiff's husband and/or

23  daughter.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

24  Plaintiff's suggestion that such photos were included in the text messages lacks

25  foundation and is pure speculation—Plaintiff has no personal knowledge of the

26  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

27  at 778 (affirming district court's decision to exclude declaration because "the

28

1  declaration was speculative, lacked foundation, was not based on personal

2  knowledge, and was not relevant").

3  **Combined Statement of Facts, Paragraph 516**

4      Defendants object to Fact No. 516 on the ground that it is irrelevant since

5  Plaintiff has submitted no evidence that the "text messages containing pictures"

6  included crash scene photos depicting the remains of Plaintiff's husband and/or

7  daughter.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

8  Plaintiff's suggestion that such photos were included in the text messages lacks

9  foundation and is pure speculation—Plaintiff has no personal knowledge of the

10  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

11  at 778 (affirming district court's decision to exclude declaration because "the

12  declaration was speculative, lacked foundation, was not based on personal

13  knowledge, and was not relevant").

14  **Combined Statement of Facts, Paragraph 517**

15      Defendants object to Fact No. 517 on the ground that it is irrelevant since

16  Plaintiff has submitted no evidence that the "text messages containing videos"

17  included crash scene photos depicting the remains of Plaintiff's husband and/or

18  daughter.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

19  Plaintiff's suggestion that such photos were included in the text messages lacks

20  foundation and is pure speculation—Plaintiff has no personal knowledge of the

21  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

22  at 778 (affirming district court's decision to exclude declaration because "the

23  declaration was speculative, lacked foundation, was not based on personal

24  knowledge, and was not relevant").

25  **Combined Statement of Facts, Paragraph 518**

26      Defendants object to Fact No. 518 on the ground that it is irrelevant since

27  Plaintiff has submitted no evidence that the "text messages containing pictures"

28  included crash scene photos depicting the remains of Plaintiff's husband and/or

1  daughter.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.

2  Plaintiff's suggestion that such photos were included in the text messages lacks

3  foundation and is pure speculation—Plaintiff has no personal knowledge of the

4  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

5  at 778 (affirming district court's decision to exclude declaration because "the

6  declaration was speculative, lacked foundation, was not based on personal

7  knowledge, and was not relevant").

8  ## Combined Statement of Facts, Paragraph 519

9       Defendants object to Fact No. 519 on the ground that it is irrelevant since

10  Plaintiff has submitted no evidence that the "text messages containing pictures"

11  included crash scene photos depicting the remains of Plaintiff's husband and/or

12  daughter.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.

13  Plaintiff's suggestion that such photos were included in the text messages lacks

14  foundation and is pure speculation—Plaintiff has no personal knowledge of the

15  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

16  at 778 (affirming district court's decision to exclude declaration because "the

17  declaration was speculative, lacked foundation, was not based on personal

18  knowledge, and was not relevant").

19  ## Combined Statement of Facts, Paragraph 520

20       Defendants object to Fact No. 520 on the ground that it is irrelevant since

21  Plaintiff has submitted no evidence that the "text messages containing pictures"

22  included crash scene photos depicting the remains of Plaintiff's husband and/or

23  daughter.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.

24  Plaintiff's suggestion that such photos were included in the text messages lacks

25  foundation and is pure speculation—Plaintiff has no personal knowledge of the

26  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

27  at 778 (affirming district court's decision to exclude declaration because "the

28

1   declaration was speculative, lacked foundation, was not based on personal

2   knowledge, and was not relevant").

3   **Combined Statement of Facts, Paragraph 521**

4     Defendants object to Fact No. 521 on the ground that it is irrelevant since

5   Plaintiff has submitted no evidence that the "text messages containing pictures"

6   included crash scene photos depicting the remains of Plaintiff's husband and/or

7   daughter.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.

8   Plaintiff's suggestion that such photos were included in the text messages lacks

9   foundation and is pure speculation—Plaintiff has no personal knowledge of the

10  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

11  at 778 (affirming district court's decision to exclude declaration because "the

12  declaration was speculative, lacked foundation, was not based on personal

13  knowledge, and was not relevant").

14  **Combined Statement of Facts, Paragraph 522**

15    Defendants object to Plaintiff's Fact No. 522 on the ground that it is not

16  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

17  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

18  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

19    Defendants further object to Fact No. 522 on the ground that it is irrelevant

20  since Plaintiff has submitted no evidence that the "text messages containing images"

21  included crash scene photos depicting the remains of Plaintiff's husband and/or

22  daughter.  Plaintiff's suggestion that such photos were included in the text messages

23  lacks foundation and is pure speculation—Plaintiff has no personal knowledge of

24  the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed.

25  Appx. at 778 (affirming district court's decision to exclude declaration because "the

26  declaration was speculative, lacked foundation, was not based on personal

27  knowledge, and was not relevant").

28

**Combined Statement of Facts, Paragraph 523**

Defendants object to Plaintiff's Fact No. 523 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 523 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages containing images" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter.  Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

**Combined Statement of Facts, Paragraph 524**

Defendants object to Plaintiff's Fact No. 524 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 524 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages containing pictures or videos" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter.  Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

1  **Combined Statement of Facts, Paragraph 525**

2  Defendants object to Plaintiff's Fact No. 525 on the ground that it is not

3  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

4  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

5  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

6  Defendants further object to Fact No. 525 on the ground that it is irrelevant

7  since Plaintiff has submitted no evidence that the "text messages containing pictures

8  or videos" included crash scene photos depicting the remains of Plaintiff's husband

9  and/or daughter.  Plaintiff's suggestion that such photos were included in the text

10  messages lacks foundation and is pure speculation—Plaintiff has no personal

11  knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*,

12  244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration

13  because "the declaration was speculative, lacked foundation, was not based on

14  personal knowledge, and was not relevant").

15  **Combined Statement of Facts, Paragraph 526**

16  Defendants object to Plaintiff's Fact No. 526 on the ground that it is not

17  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

18  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

19  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

20  Defendants further object to Fact No. 526 on the ground that it is irrelevant

21  since Plaintiff has submitted no evidence that the "two image texts" included crash

22  scene photos depicting the remains of Plaintiff's husband and/or daughter.

23  Plaintiff's suggestion that such photos were included in the text messages lacks

24  foundation and is pure speculation—Plaintiff has no personal knowledge of the

25  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

26  at 778 (affirming district court's decision to exclude declaration because "the

27  declaration was speculative, lacked foundation, was not based on personal

28  knowledge, and was not relevant").

**Combined Statement of Facts, Paragraph 527**

Defendants object to Plaintiff's Fact No. 527 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 527 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages containing pictures or videos" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter.  Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

**Combined Statement of Facts, Paragraph 528**

Defendants object to Plaintiff's Fact No. 528 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 528 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages containing images" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter.  Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

1

**<u>Combined Statement of Facts, Paragraph 529</u>**

2      Defendants object to Plaintiff's Fact No. 529 on the ground that it is not

3 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

4 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

5 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

6      Defendants further object to Fact No. 529 on the ground that it is irrelevant

7 since Plaintiff has submitted no evidence that the "text messages containing images"

8 included crash scene photos depicting the remains of Plaintiff's husband and/or

9 daughter.  Plaintiff's suggestion that such photos were included in the text messages

10 lacks foundation and is pure speculation—Plaintiff has no personal knowledge of

11 the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed.

12 Appx. at 778 (affirming district court's decision to exclude declaration because "the

13 declaration was speculative, lacked foundation, was not based on personal

14 knowledge, and was not relevant").

15

**<u>Combined Statement of Facts, Paragraph 530</u>**

16      Defendants object to Plaintiff's Fact No. 530 on the ground that it is not

17 material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

18 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

19 reference this fact in her Opposition.  [*See generally* Dkt. 190.]

20      Defendants further object to Fact No. 530 on the ground that it is irrelevant

21 since Plaintiff has submitted no evidence that the "text messages containing images"

22 included crash scene photos depicting the remains of Plaintiff's husband and/or

23 daughter.  Plaintiff's suggestion that such photos were included in the text messages

24 lacks foundation and is pure speculation—Plaintiff has no personal knowledge of

25 the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed.

26 Appx. at 778 (affirming district court's decision to exclude declaration because "the

27 declaration was speculative, lacked foundation, was not based on personal

28 knowledge, and was not relevant").

**Combined Statement of Facts, Paragraph 531**

Defendants object to Plaintiff's Fact No. 531 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 532**

Defendants object to Plaintiff's Fact No. 532 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

Defendants further object to Fact No. 532 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos. Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

**Combined Statement of Facts, Paragraph 533**

Defendants object to Plaintiff's Fact No. 533 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

Defendants further object to Fact No. 533 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks

1   foundation and is pure speculation—Plaintiff has no personal knowledge of the

2   content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

3   at 778 (affirming district court's decision to exclude declaration because "the

4   declaration was speculative, lacked foundation, was not based on personal

5   knowledge, and was not relevant").

6   <u>**Combined Statement of Facts, Paragraph 534**</u>

7        Defendants object to Plaintiff's Fact No. 534 on the ground that it is not

8   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

9   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

10   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

11        Defendants further object to Fact No. 534 on the ground that it is irrelevant

12   since Plaintiff has submitted no evidence that the "text messages" included crash

13   scene photos depicting the remains of Plaintiff's husband and/or daughter.

14   Plaintiff's suggestion that such photos were included in the text messages lacks

15   foundation and is pure speculation—Plaintiff has no personal knowledge of the

16   content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

17   at 778 (affirming district court's decision to exclude declaration because "the

18   declaration was speculative, lacked foundation, was not based on personal

19   knowledge, and was not relevant").

20   <u>**Combined Statement of Facts, Paragraph 535**</u>

21        Defendants object to Plaintiff's Fact No. 535 on the ground that it is not

22   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

23   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

24   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

25        Defendants further object to Fact No. 535 on the ground that it is irrelevant

26   since Plaintiff has submitted no evidence that the "text messages" included crash

27   scene photos depicting the remains of Plaintiff's husband and/or daughter.

28   Plaintiff's suggestion that such photos were included in the text messages lacks

foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 536

Defendants object to Plaintiff's Fact No. 536 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 536 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 537

Defendants object to Plaintiff's Fact No. 537 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 537 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks

1  foundation and is pure speculation—Plaintiff has no personal knowledge of the

2  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

3  at 778 (affirming district court's decision to exclude declaration because "the

4  declaration was speculative, lacked foundation, was not based on personal

5  knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 538

7      Defendants object to Plaintiff's Fact No. 538 on the ground that it is not

8  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

9  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

10  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

## Combined Statement of Facts, Paragraph 539

12      Defendants object to Plaintiff's Fact No. 539 on the ground that it is not

13  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

14  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

15  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

16      Defendants further object to Fact No. 539 on the ground that it is irrelevant

17  since Plaintiff has submitted no evidence that the "text messages" included crash

18  scene photos depicting the remains of Plaintiff's husband and/or daughter.

19  Plaintiff's suggestion that such photos were included in the text messages lacks

20  foundation and is pure speculation—Plaintiff has no personal knowledge of the

21  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

22  at 778 (affirming district court's decision to exclude declaration because "the

23  declaration was speculative, lacked foundation, was not based on personal

24  knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 540

26      Defendants object to Plaintiff's Fact No. 540 on the ground that it is not

27  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

28

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 540 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 541

Defendants object to Plaintiff's Fact No. 541 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 541 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 542

Defendants object to Plaintiff's Fact No. 542 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 542 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 543

Defendants object to Plaintiff's Fact No. 543 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 543 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 544

Defendants object to Plaintiff's Fact No. 544 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 544 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas,* 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 545

Defendants object to Plaintiff's Fact No. 545 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 545 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas,* 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 546

Defendants object to Plaintiff's Fact No. 546 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 546 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 547

Defendants object to Plaintiff's Fact No. 547 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 547 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 548

Defendants object to Plaintiff's Fact No. 548 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 548 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 549

Defendants object to Plaintiff's Fact No. 549 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 549 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 550

Defendants object to Plaintiff's Fact No. 550 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 550 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 551

Defendants object to Plaintiff's Fact No. 551 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 551 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 552

Defendants object to Plaintiff's Fact No. 552 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 552 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 553

Defendants object to Plaintiff's Fact No. 553 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 553 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 554

Defendants object to Plaintiff's Fact No. 554 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 554 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 555

Defendants object to Plaintiff's Fact No. 555 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 555 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 556

Defendants object to Plaintiff's Fact No. 556 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 556 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 557

Defendants object to Plaintiff's Fact No. 557 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 557 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 558

Defendants object to Plaintiff's Fact No. 558 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 558 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 559

Defendants object to Plaintiff's Fact No. 559 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 559 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 560

Defendants object to Plaintiff's Fact No. 560 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 560 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## **Combined Statement of Facts, Paragraph 561**

Defendants object to Plaintiff's Fact No. 561 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 561 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## **Combined Statement of Facts, Paragraph 562**

Defendants object to Plaintiff's Fact No. 562 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

1  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

2  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

3          Defendants further object to Fact No. 562 on the ground that it is irrelevant

4  since Plaintiff has submitted no evidence that the "text messages" included crash

5  scene photos depicting the remains of Plaintiff's husband and/or daughter.

6  Plaintiff's suggestion that such photos were included in the text messages lacks

7  foundation and is pure speculation—Plaintiff has no personal knowledge of the

8  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas,* 244 Fed. Appx.

9  at 778 (affirming district court's decision to exclude declaration because "the

10  declaration was speculative, lacked foundation, was not based on personal

11  knowledge, and was not relevant").

12          **Combined Statement of Facts, Paragraph 563**

13          Defendants object to Plaintiff's Fact No. 563 on the ground that it is not

14  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

15  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

16  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

17          Defendants further object to Fact No. 563 on the ground that it is irrelevant

18  since Plaintiff has submitted no evidence that the "text messages" included crash

19  scene photos depicting the remains of Plaintiff's husband and/or daughter.

20  Plaintiff's suggestion that such photos were included in the text messages lacks

21  foundation and is pure speculation—Plaintiff has no personal knowledge of the

22  content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas,* 244 Fed. Appx.

23  at 778 (affirming district court's decision to exclude declaration because "the

24  declaration was speculative, lacked foundation, was not based on personal

25  knowledge, and was not relevant").

26          **Combined Statement of Facts, Paragraph 564**

27          Defendants object to Plaintiff's Fact No. 564 on the ground that it is not

28  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 564 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 565

Defendants object to Plaintiff's Fact No. 565 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 565 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

### Combined Statement of Facts, Paragraph 566

Defendants object to Plaintiff's Fact No. 566 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 566 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 567

Defendants object to Plaintiff's Fact No. 567 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

Defendants further object to Fact No. 567 on the ground that it is irrelevant since Plaintiff has submitted no evidence that the "text messages" included crash scene photos depicting the remains of Plaintiff's husband and/or daughter. Plaintiff's suggestion that such photos were included in the text messages lacks foundation and is pure speculation—Plaintiff has no personal knowledge of the content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx. at 778 (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").

## Combined Statement of Facts, Paragraph 568

Defendants object to Plaintiff's Fact No. 568 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

1   401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

2   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

3       Defendants further object to Fact No. 568 on the ground that it is irrelevant

4   since Plaintiff has submitted no evidence that the "text messages" included crash

5   scene photos depicting the remains of Plaintiff's husband and/or daughter.

6   Plaintiff's suggestion that such photos were included in the text messages lacks

7   foundation and is pure speculation—Plaintiff has no personal knowledge of the

8   content of any of the pictures or videos.  Fed. R. Evid. 602; *Lucas*, 244 Fed. Appx.

9   at 778 (affirming district court's decision to exclude declaration because "the

10  declaration was speculative, lacked foundation, was not based on personal

11  knowledge, and was not relevant").

12                    **Combined Statement of Facts, Paragraph 569**

13      Defendants object to Plaintiff's Fact No. 569 on the ground that it is irrelevant

14  and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's

15  retained expert, Adam Bercovici, has never worked for the County of Los Angeles

16  or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici

17  Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal

18  inquiry by the Los Angeles County Sheriff's Department or an internal investigation

19  by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.

20  (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles

21  Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient

22  knowledge and has no foundation to provide an opinion on the investigations

23  conducted by the Los Angeles County Sheriff's Department into the taking and

24  sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich*

25  *Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert

26  testimony relate to scientific, technical or other specialized knowledge, which does

27  not include unsubstantiated speculation and subjective beliefs.").

28

546702.2

DEFENDANTS' MEMORANDUM OF EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EVIDENCE

**Combined Statement of Facts, Paragraph 570**

Defendants object to Plaintiff's Fact No. 570 on the ground that it is irrelevant and not supported by admissible evidence. Fed. R. Evid. 401-402. Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department. (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.) Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department. (*Id.* at 45:19-46:2.) Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant. Bercovici therefore lacks sufficient knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and sharing of crash scene photos. Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

**Combined Statement of Facts, Paragraph 571**

Defendants object to Plaintiff's Fact No. 571 on the ground that it is irrelevant and not supported by admissible evidence. Fed. R. Evid. 401-402. Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department. (Tokoro Decl. Ex. 250 [Bercovici Tr. 13:4-12.] Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant. Likewise, Bercovici's personal opinion that "[i]t is well known and recognized in the Southern California law enforcement community that officers and deputies frequently take, view, keep, and share photos of human remains," is irrelevant and not tied to any deputies at the Los Angeles County Sheriff's Department. In fact, the evidence is to the contrary—prior to this case, the Los Angeles County Sheriff's Department had never received any

1  complaints about deputies taking and sharing photos depicting human remains.

2  [Flores Decl. ¶ 15; Rodriguez-Sanchirico Decl. Exhs. 61 (Valdez Tr. 253:18-254:1,

3  254:4-255:5, 256:13-257:3); 62 (Satterfield Tr. 129:14-19, 176:4-18); 64 (Mancinas

4  Tr. 20:23-21:4); 65 (Phillips Tr. 24:23-25:1); 59 (Villanueva Tr. 172:23-173:14); 81

5  (Jaeger Tr. 125:6-21).]  Bercovici therefore lacks sufficient knowledge and has no

6  foundation to provide an opinion about what goes on at the Los Angeles County

7  Sheriff's Department.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire*

8  *Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony

9  relate to scientific, technical or other specialized knowledge, which does not include

10  unsubstantiated speculation and subjective beliefs.").

11  **Combined Statement of Facts, Paragraph 572**

12  Defendants object to Plaintiff's Fact No. 572 on the ground that it is irrelevant

13  and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's

14  retained expert, Adam Bercovici, has never worked for the County of Los Angeles

15  or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici

16  Tr.] at 13:4-12.]  Bercovici's experiences while working for the Los Angeles Police

17  Department (LAPD) are not relevant and none of the examples he identifies where

18  officers took and/or shared photos depicting human remains is tied to any deputies

19  at the Los Angeles County Sheriff's Department.  In fact, the evidence is to the

20  contrary—prior to this case, the Los Angeles County Sheriff's Department had

21  never received any complaints about deputies taking and sharing photos depicting

22  human remains.  [Flores Decl. ¶ 15; Rodriguez-Sanchirico Decl. Exhs. 61 (Valdez

23  Tr. 253:18-254:1, 254:4-255:5, 256:13-257:3); 62 (Satterfield Tr. 129:14-19, 176:4-

24  18); 64 (Mancinas Tr. 20:23-21:4); 65 (Phillips Tr. 24:23-25:1); 59 (Villanueva Tr.

25  172:23-173:14); 81 (Jaeger Tr. 125:6-21).]  Bercovici therefore lacks sufficient

26  knowledge and has no foundation to provide an opinion about what goes on at the

27  Los Angeles County Sheriff's Department.  Fed. R. Evid. 702-703; *Diviero v.*

28  *Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands

1    that expert testimony relate to scientific, technical or other specialized knowledge,

2    which does not include unsubstantiated speculation and subjective beliefs.").

3                      **Combined Statement of Facts, Paragraph 573**

4            Defendants object to Plaintiff's Fact No. 573 on the ground that it is irrelevant

5    and not supported by admissible evidence. Fed. R. Evid. 401-402. Plaintiff's

6    retained expert, Adam Bercovici, has never worked for the County of Los Angeles

7    or the Los Angeles County Sheriff's Department. (Tokoro Decl. Ex. 250 [Bercovici

8    Tr.] at 13:4-12.] Bercovici's experiences while working for the Los Angeles Police

9    Department (LAPD) are not relevant and none of the examples he identifies where

10   officers took and/or shared photos depicting human remains is tied to any deputies

11   at the Los Angeles County Sheriff's Department. In fact, the evidence is to the

12   contrary—prior to this case, the Los Angeles County Sheriff's Department had

13   never received any complaints about deputies taking and sharing photos depicting

14   human remains. [Flores Decl. ¶ 15; Rodriguez-Sanchirico Decl. Exhs. 61 (Valdez

15   Tr. 253:18-254:1, 254:4-255:5, 256:13-257:3); 62 (Satterfield Tr. 129:14-19, 176:4-

16   18); 64 (Mancinas Tr. 20:23-21:4); 65 (Phillips Tr. 24:23-25:1); 59 (Villanueva Tr.

17   172:23-173:14); 81 (Jaeger Tr. 125:6-21).] Bercovici therefore lacks sufficient

18   knowledge and has no foundation to provide an opinion about what goes on at the

19   Los Angeles County Sheriff's Department. Fed. R. Evid. 702-703; *Diviero v.*

20   *Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands

21   that expert testimony relate to scientific, technical or other specialized knowledge,

22   which does not include unsubstantiated speculation and subjective beliefs.").

23                      **Combined Statement of Facts, Paragraph 574**

24           Defendants object to Plaintiff's Fact No. 574 on the ground that it is irrelevant

25   and not supported by admissible evidence. Fed. R. Evid. 401-402. Plaintiff's

26   retained expert, Adam Bercovici, has never worked for the County of Los Angeles

27   or the Los Angeles County Sheriff's Department. (Tokoro Decl. Ex. 250 [Bercovici

28   Tr.] at 13:4-12.] Bercovici's experiences while working for the Los Angeles Police

1  Department (LAPD) are not relevant and none of the examples he identifies where

2  officers took and/or shared photos depicting human remains is tied to any deputies

3  at the Los Angeles County Sheriff's Department.  In fact, the evidence is to the

4  contrary—prior to this case, the Los Angeles County Sheriff's Department had

5  never received any complaints about deputies taking and sharing photos depicting

6  human remains.  [Flores Decl. ¶ 15; Rodriguez-Sanchirico Decl. Exhs. 61 (Valdez

7  Tr. 253:18-254:1, 254:4-255:5, 256:13-257:3); 62 (Satterfield Tr. 129:14-19, 176:4-

8  18); 64 (Mancinas Tr. 20:23-21:4); 65 (Phillips Tr. 24:23-25:1); 59 (Villanueva Tr.

9  172:23-173:14); 81 (Jaeger Tr. 125:6-21).]  Bercovici therefore lacks sufficient

10  knowledge and has no foundation to provide an opinion about what goes on at the

11  Los Angeles County Sheriff's Department.  Fed. R. Evid. 702-703; *Diviero v.*

12  *Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands

13  that expert testimony relate to scientific, technical or other specialized knowledge,

14  which does not include unsubstantiated speculation and subjective beliefs.").

15  ### Combined Statement of Facts, Paragraph 575

16  Defendants object to Plaintiff's Fact No. 575 on the ground that it is irrelevant

17  and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's

18  retained expert, Adam Bercovici, has never worked for the County of Los Angeles

19  or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici

20  Tr.] at 13:4-12.)  Bercovici's experiences while working for the Los Angeles Police

21  Department (LAPD) are not relevant and none of the examples he identifies where

22  officers took and/or shared photos depicting human remains is tied to any deputies

23  at the Los Angeles County Sheriff's Department.  In fact, the evidence is to the

24  contrary—prior to this case, the Los Angeles County Sheriff's Department had

25  never received any complaints about deputies taking and sharing photos depicting

26  human remains.  [Flores Decl. ¶ 15; Rodriguez-Sanchirico Decl. Exhs. 61 (Valdez

27  Tr. 253:18-254:1, 254:4-255:5, 256:13-257:3); 62 (Satterfield Tr. 129:14-19, 176:4-

28  18); 64 (Mancinas Tr. 20:23-21:4); 65 (Phillips Tr. 24:23-25:1); 59 (Villanueva Tr.

172:23-173:14); 81 (Jaeger Tr. 125:6-21).]  Bercovici therefore lacks sufficient knowledge and has no foundation to provide an opinion about what goes on at the Los Angeles County Sheriff's Department.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

**Combined Statement of Facts, Paragraph 576**

Defendants object to Plaintiff's Fact No. 576 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.)  Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  His personal opinion about why the Los Angeles County Sheriff's Department has never received a complaint about deputies taking and sharing photos depicting human remains is also not relevant.  *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 591 (1993) (expert testimony must "assist the trier of fact to understand the evidence or to determine a fact or issue.")  Bercovici lacks sufficient knowledge and has no foundation to provide an opinion about what goes on at the Los Angeles County Sheriff's Department.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

**Combined Statement of Facts, Paragraph 577**

Defendants object to Plaintiff's Fact No. 577 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici

Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department. (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

## Combined Statement of Facts, Paragraph 578

Defendants object to Plaintiff's Fact No. 578 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department. (*Id.* at 45:19-46:2.)   Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  Bercovici therefore lacks personal knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

1     **<u>Combined Statement of Facts, Paragraph 579</u>**

2          Defendants object to Plaintiff's Fact No. 579 on the ground that it is irrelevant

3   and not supported by admissible evidence.  Fed. R. Evid. 40-402.  Plaintiff's

4   retained expert, Adam Bercovici, has never worked for the County of Los Angeles

5   or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici

6   Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal

7   inquiry by the Los Angeles County Sheriff's Department or an internal investigation

8   by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.

9   (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles

10  Police Department (LAPD) are not relevant.  Bercovici therefore lacks personal

11  knowledge and has no foundation to provide an opinion on the investigations

12  conducted by the Los Angeles County Sheriff's Department into the taking and

13  sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich*

14  *Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert

15  testimony relate to scientific, technical or other specialized knowledge, which does

16  not include unsubstantiated speculation and subjective beliefs.").

17    **<u>Combined Statement of Facts, Paragraph 580</u>**

18         Defendants object to Plaintiff's Fact No. 580 on the ground that it is irrelevant

19  and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's

20  retained expert, Adam Bercovici, has never worked for the County of Los Angeles

21  or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici

22  Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal

23  inquiry by the Los Angeles County Sheriff's Department or an internal investigation

24  by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.

25  (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles

26  Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient

27  knowledge and has no foundation to provide an opinion on the investigations

28  conducted by the Los Angeles County Sheriff's Department into the taking and

sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

### Combined Statement of Facts, Paragraph 581

Defendants object to Plaintiff's Fact No. 581 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.  (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  Bercovici therefore lacks personal knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

### Combined Statement of Facts, Paragraph 582

Defendants object to Plaintiff's Fact No. 582 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.

(*Id.* at 45:19-46:2.)   Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

## Combined Statement of Facts, Paragraph 583

Defendants object to Plaintiff's Fact No. 583 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department. (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

## Combined Statement of Facts, Paragraph 584

Defendants object to Plaintiff's Fact No. 584 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles

or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department. (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

## **Combined Statement of Facts, Paragraph 585**

Defendants object to Plaintiff's Fact No. 585 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department. (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

## **Combined Statement of Facts, Paragraph 586**

Defendants object to Plaintiff's Fact No. 586 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.  (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

## **Combined Statement of Facts, Paragraph 587**

Defendants object to Plaintiff's Fact No. 587 on the ground that it is irrelevant and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's retained expert, Adam Bercovici, has never worked for the County of Los Angeles or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal inquiry by the Los Angeles County Sheriff's Department or an internal investigation by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.  (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient knowledge and has no foundation to provide an opinion on the investigations conducted by the Los Angeles County Sheriff's Department into the taking and

1  sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich*
2  *Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert
3  testimony relate to scientific, technical or other specialized knowledge, which does
4  not include unsubstantiated speculation and subjective beliefs.").

5  **Combined Statement of Facts, Paragraph 588**

6      Defendants object to Plaintiff's Fact No. 588 on the ground that it is irrelevant
7  and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's
8  retained expert, Adam Bercovici, has never worked for the County of Los Angeles
9  or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici
10  Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal
11  inquiry by the Los Angeles County Sheriff's Department or an internal investigation
12  by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.
13  (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles
14  Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient
15  knowledge and has no foundation to provide an opinion on the investigations
16  conducted by the Los Angeles County Sheriff's Department into the taking and
17  sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich*
18  *Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert
19  testimony relate to scientific, technical or other specialized knowledge, which does
20  not include unsubstantiated speculation and subjective beliefs.").

21  **Combined Statement of Facts, Paragraph 589**

22      Defendants object to Plaintiff's Fact No. 589 on the ground that it is irrelevant
23  and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's
24  retained expert, Adam Bercovici, has never worked for the County of Los Angeles
25  or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici
26  Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal
27  inquiry by the Los Angeles County Sheriff's Department or an internal investigation
28  by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.

1  (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles

2  Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient

3  knowledge and has no foundation to provide an opinion on the investigations

4  conducted by the Los Angeles County Sheriff's Department into the taking and

5  sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich*

6  *Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert

7  testimony relate to scientific, technical or other specialized knowledge, which does

8  not include unsubstantiated speculation and subjective beliefs.").

9                    **Combined Statement of Facts, Paragraph 590**

10                 Defendants object to Plaintiff's Fact No. 590 on the ground that it is irrelevant

11  and not supported by admissible evidence.  Fed. R. Evid. 401-402.  Plaintiff's

12  retained expert, Adam Bercovici, has never worked for the County of Los Angeles

13  or the Los Angeles County Sheriff's Department.  (Tokoro Decl. Ex. 250 [Bercovici

14  Tr.] at 13:4-12.)  Bercovici has also never participated in or conducted an internal

15  inquiry by the Los Angeles County Sheriff's Department or an internal investigation

16  by the Internal Affairs Bureau of the Los Angeles County Sheriff's Department.

17  (*Id.* at 45:19-46:2.)  Bercovici's experiences while working for the Los Angeles

18  Police Department (LAPD) are not relevant.  Bercovici therefore lacks sufficient

19  knowledge and has no foundation to provide an opinion on the investigations

20  conducted by the Los Angeles County Sheriff's Department into the taking and

21  sharing of crash scene photos.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich*

22  *Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert

23  testimony relate to scientific, technical or other specialized knowledge, which does

24  not include unsubstantiated speculation and subjective beliefs.").

25                    **Combined Statement of Facts, Paragraph 591**

26                 Defendants object to Plaintiff's Fact No. 591 on the ground that it is not a

27  "fact," but rather improper legal argument in violation of the Court's Amended

28  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

1  compares witness statements and argues that it shows a "false exculpatory
2  statement."  That is not a "fact."

3  ## Combined Statement of Facts, Paragraph 592

4  Defendants object to Plaintiff's Fact No. 592 on the ground that it is not a
5  "fact," but rather improper legal argument in violation of the Court's Amended
6  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
7  compares witness statements and argues that it shows a "false exculpatory
8  statement."  That is not a "fact."

9  ## Combined Statement of Facts, Paragraph 593

10  Defendants object to Plaintiff's Fact No. 593 on the ground that it is not a
11  "fact," but rather improper legal argument in violation of the Court's Amended
12  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
13  compares witness statements and argues that it shows a "false exculpatory
14  statement."  That is not a "fact."

15  ## Combined Statement of Facts, Paragraph 594

16  Defendants object to Plaintiff's Fact No. 594 on the ground that it is not a
17  "fact," but rather improper legal argument in violation of the Court's Amended
18  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
19  compares witness statements and argues that it shows a "false exculpatory
20  statement."  That is not a "fact."

21  ## Combined Statement of Facts, Paragraph 595

22  Defendants object to Plaintiff's Fact No. 595 on the ground that it is not a
23  "fact," but rather improper legal argument in violation of the Court's Amended
24  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
25  compares witness statements and argues that it shows a "false exculpatory
26  statement."  That is not a "fact."

27
28

1

### Combined Statement of Facts, Paragraph 596

2
3
4
5
6

Defendants object to Plaintiff's Fact No. 596 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

7

### Combined Statement of Facts, Paragraph 597

8
9
10
11
12

Defendants object to Plaintiff's Fact No. 597 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

13

### Combined Statement of Facts, Paragraph 598

14
15
16
17
18

Defendants object to Plaintiff's Fact No. 598 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

19

### Combined Statement of Facts, Paragraph 599

20
21
22
23
24

Defendants object to Plaintiff's Fact No. 599 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

25

### Combined Statement of Facts, Paragraph 600

26
27
28

Defendants object to Plaintiff's Fact No. 600 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

1  compares witness statements and argues that it shows a "false exculpatory

2  statement."  That is not a "fact."

3  **Combined Statement of Facts, Paragraph 601**

4       Defendants object to Plaintiff's Fact No. 601 on the ground that it is not a

5  "fact," but rather improper legal argument in violation of the Court's Amended

6  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

7  compares witness statements and argues that it shows a "false exculpatory

8  statement."  That is not a "fact."

9  **Combined Statement of Facts, Paragraph 602**

10      Defendants object to Plaintiff's Fact No. 602 on the ground that it is not a

11 "fact," but rather improper legal argument in violation of the Court's Amended

12 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

13 compares witness statements and argues that it shows a "false exculpatory

14 statement."  That is not a "fact."

15 **Combined Statement of Facts, Paragraph 603**

16      Defendants object to Plaintiff's Fact No. 603 on the ground that it is not a

17 "fact," but rather improper legal argument in violation of the Court's Amended

18 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

19 compares witness statements and argues that it shows a "false exculpatory

20 statement."  That is not a "fact."

21 **Combined Statement of Facts, Paragraph 604**

22      Defendants object to Plaintiff's Fact No. 604 on the ground that it is not a

23 "fact," but rather improper legal argument in violation of the Court's Amended

24 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

25 compares witness statements and argues that it shows a "false exculpatory

26 statement."  That is not a "fact."

27

28

**Combined Statement of Facts, Paragraph 605**

Defendants object to Plaintiff's Fact No. 605 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

**Combined Statement of Facts, Paragraph 606**

Defendants object to Plaintiff's Fact No. 606 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

**Combined Statement of Facts, Paragraph 607**

Defendants object to Plaintiff's Fact No. 607 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

**Combined Statement of Facts, Paragraph 608**

Defendants object to Plaintiff's Fact No. 608 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

**Combined Statement of Facts, Paragraph 609**

Defendants object to Plaintiff's Fact No. 609 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

1  compares witness statements and argues that it shows a "false exculpatory

2  statement."  That is not a "fact."

3  ### Combined Statement of Facts, Paragraph 610

4          Defendants object to Plaintiff's Fact No. 610 on the ground that it is not a

5  "fact," but rather improper legal argument in violation of the Court's Amended

6  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

7  compares witness statements and argues that it shows a "false exculpatory

8  statement."  That is not a "fact."

9  ### Combined Statement of Facts, Paragraph 611

10         Defendants object to Plaintiff's Fact No. 611 on the ground that it is not a

11  "fact," but rather improper legal argument in violation of the Court's Amended

12  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

13  compares witness statements and argues that it shows a "false exculpatory

14  statement."  That is not a "fact."

15  ### Combined Statement of Facts, Paragraph 612

16         Defendants object to Plaintiff's Fact No. 612 on the ground that it is not a

17  "fact," but rather improper legal argument in violation of the Court's Amended

18  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

19  compares witness statements and argues that it shows a "false exculpatory

20  statement."  That is not a "fact."

21  ### Combined Statement of Facts, Paragraph 613

22         Defendants object to Plaintiff's Fact No. 613 on the ground that it is not a

23  "fact," but rather improper legal argument in violation of the Court's Amended

24  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

25  compares witness statements and argues that it shows a "false exculpatory

26  statement."  That is not a "fact."

27

28

1

**Combined Statement of Facts, Paragraph 614**

2      Defendants object to Plaintiff's Fact No. 614 on the ground that it is not a

3    "fact," but rather improper legal argument in violation of the Court's Amended

4    Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

5    compares witness statements and argues that it shows a "false exculpatory

6    statement."  That is not a "fact."

7

**Combined Statement of Facts, Paragraph 615**

8      Defendants object to Plaintiff's Fact No. 615 on the ground that it is not a

9    "fact," but rather improper legal argument in violation of the Court's Amended

10    Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

11    compares witness statements and argues that it shows a "false exculpatory

12    statement."  That is not a "fact."

13

**Combined Statement of Facts, Paragraph 616**

14      Defendants object to Plaintiff's Fact No. 616 on the ground that it is not a

15    "fact," but rather improper legal argument in violation of the Court's Amended

16    Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

17    compares witness statements and argues that it shows a "false exculpatory

18    statement."  That is not a "fact."

19

**Combined Statement of Facts, Paragraph 617**

20      Defendants object to Plaintiff's Fact No. 617 on the ground that it is not a

21    "fact," but rather improper legal argument in violation of the Court's Amended

22    Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

23    compares witness statements and argues that it shows a "false exculpatory

24    statement."  That is not a "fact."

25

**Combined Statement of Facts, Paragraph 618**

26      Defendants object to Plaintiff's Fact No. 618 on the ground that it is not a

27    "fact," but rather improper legal argument in violation of the Court's Amended

28    Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

1  compares witness statements and argues that it shows a "false exculpatory

2  statement."  That is not a "fact."

3  ### Combined Statement of Facts, Paragraph 619

4  Defendants object to Plaintiff's Fact No. 619 on the ground that it is not a

5  "fact," but rather improper legal argument in violation of the Court's Amended

6  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

7  compares witness statements and argues that it shows a "false exculpatory

8  statement."  That is not a "fact."

9  ### Combined Statement of Facts, Paragraph 620

10  Defendants object to Plaintiff's Fact No. 620 on the ground that it is not a

11  "fact," but rather improper legal argument in violation of the Court's Amended

12  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

13  compares witness statements and argues that it shows a "false exculpatory

14  statement."  That is not a "fact."

15  ### Combined Statement of Facts, Paragraph 621

16  Defendants object to Plaintiff's Fact No. 621 on the ground that it is not a

17  "fact," but rather improper legal argument in violation of the Court's Amended

18  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

19  compares witness statements and argues that it shows a "false exculpatory

20  statement."  That is not a "fact."

21  ### Combined Statement of Facts, Paragraph 622

22  Defendants object to Plaintiff's Fact No. 622 on the ground that it is not a

23  "fact," but rather improper legal argument in violation of the Court's Amended

24  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

25  compares witness statements and argues that it shows a "false exculpatory

26  statement."  That is not a "fact."

27

28

1

**Combined Statement of Facts, Paragraph 623**

2          Defendants object to Plaintiff's Fact No. 623 on the ground that it is not a
3    "fact," but rather improper legal argument in violation of the Court's Amended
4    Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
5    compares witness statements and argues that it shows a "false exculpatory
6    statement."  That is not a "fact."

7

**Combined Statement of Facts, Paragraph 624**

8          Defendants object to Plaintiff's Fact No. 624 on the ground that it is not a
9    "fact," but rather improper legal argument in violation of the Court's Amended
10   Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
11   compares witness statements and argues that it shows a "false exculpatory
12   statement."  That is not a "fact."

13

**Combined Statement of Facts, Paragraph 625**

14         Defendants object to Plaintiff's Fact No. 625 on the ground that it is not a
15   "fact," but rather improper legal argument in violation of the Court's Amended
16   Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
17   compares witness statements and argues that it shows a "false exculpatory
18   statement."  That is not a "fact."

19

**Combined Statement of Facts, Paragraph 626**

20         Defendants object to Plaintiff's Fact No. 626 on the ground that it is not a
21   "fact," but rather improper legal argument in violation of the Court's Amended
22   Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
23   compares witness statements and argues that it shows a "false exculpatory
24   statement."  That is not a "fact."

25

**Combined Statement of Facts, Paragraph 627**

26         Defendants object to Plaintiff's Fact No. 627 on the ground that it is not a
27   "fact," but rather improper legal argument in violation of the Court's Amended
28   Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

1 | compares witness statements and argues that it shows a "false exculpatory

2 | statement."  That is not a "fact."

### Combined Statement of Facts, Paragraph 628

Defendants object to Plaintiff's Fact No. 628 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

### Combined Statement of Facts, Paragraph 629

Defendants object to Plaintiff's Fact No. 629 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

### Combined Statement of Facts, Paragraph 630

Defendants object to Plaintiff's Fact No. 630 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

### Combined Statement of Facts, Paragraph 631

Defendants object to Plaintiff's Fact No. 631 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

1

## **Combined Statement of Facts, Paragraph 632**

2       Defendants object to Plaintiff's Fact No. 632 on the ground that it is not a

3   "fact," but rather improper legal argument in violation of the Court's Amended

4   Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

5   compares witness statements and argues that it shows a "false exculpatory

6   statement."  That is not a "fact."

7

## **Combined Statement of Facts, Paragraph 633**

8       Defendants object to Plaintiff's Fact No. 633 on the ground that it is not a

9   "fact," but rather improper legal argument in violation of the Court's Amended

10  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

11  compares witness statements and argues that it shows a "false exculpatory

12  statement."  That is not a "fact."

13

## **Combined Statement of Facts, Paragraph 634**

14      Defendants object to Plaintiff's Fact No. 634 on the ground that it is not a

15  "fact," but rather improper legal argument in violation of the Court's Amended

16  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

17  compares witness statements and argues that it shows a "false exculpatory

18  statement."  That is not a "fact."

19

## **Combined Statement of Facts, Paragraph 635**

20      Defendants object to Plaintiff's Fact No. 635 on the ground that it is not a

21  "fact," but rather improper legal argument in violation of the Court's Amended

22  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

23  compares witness statements and argues that it shows a "false exculpatory

24  statement."  That is not a "fact."

25

## **Combined Statement of Facts, Paragraph 636**

26      Defendants object to Plaintiff's Fact No. 636 on the ground that it is not a

27  "fact," but rather improper legal argument in violation of the Court's Amended

28  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

1  compares witness statements and argues that it shows a "false exculpatory

2  statement."  That is not a "fact."

3  <u>**Combined Statement of Facts, Paragraph 637**</u>

4         Defendants object to Plaintiff's Fact No. 637 on the ground that it is not a

5  "fact," but rather improper legal argument in violation of the Court's Amended

6  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

7  compares witness statements and argues that it shows a "false exculpatory

8  statement."  That is not a "fact."

9  <u>**Combined Statement of Facts, Paragraph 638**</u>

10        Defendants object to Plaintiff's Fact No. 638 on the ground that it is not a

11 "fact," but rather improper legal argument in violation of the Court's Amended

12 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

13 compares witness statements and argues that it shows a "false exculpatory

14 statement."  That is not a "fact."

15        <u>**Combined Statement of Facts, Paragraph 639**</u>

16        Defendants object to Plaintiff's Fact No. 639 on the ground that it is not a

17 "fact," but rather improper legal argument in violation of the Court's Amended

18 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

19 compares witness statements and argues that it shows a "false exculpatory

20 statement."  That is not a "fact."

21        <u>**Combined Statement of Facts, Paragraph 640**</u>

22        Defendants object to Plaintiff's Fact No. 640 on the ground that it is not a

23 "fact," but rather improper legal argument in violation of the Court's Amended

24 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

25 compares witness statements and argues that it shows a "false exculpatory

26 statement."  That is not a "fact."

27

28

1

### **Combined Statement of Facts, Paragraph 641**

2   Defendants object to Plaintiff's Fact No. 641 on the ground that it is not a
3 "fact," but rather improper legal argument in violation of the Court's Amended
4 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
5 compares witness statements and argues that it shows a "false exculpatory
6 statement."  That is not a "fact."

7

### **Combined Statement of Facts, Paragraph 642**

8   Defendants object to Plaintiff's Fact No. 642 on the ground that it is not a
9 "fact," but rather improper legal argument in violation of the Court's Amended
10 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
11 compares witness statements and argues that it shows a "false exculpatory
12 statement."  That is not a "fact."

13

### **Combined Statement of Facts, Paragraph 643**

14   Defendants object to Plaintiff's Fact No. 643 on the ground that it is not a
15 "fact," but rather improper legal argument in violation of the Court's Amended
16 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
17 compares witness statements and argues that it shows a "false exculpatory
18 statement."  That is not a "fact."

19

### **Combined Statement of Facts, Paragraph 644**

20   Defendants object to Plaintiff's Fact No. 644 on the ground that it is not a
21 "fact," but rather improper legal argument in violation of the Court's Amended
22 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff
23 compares witness statements and argues that it shows a "false exculpatory
24 statement."  That is not a "fact."

25

### **Combined Statement of Facts, Paragraph 645**

26   Defendants object to Plaintiff's Fact No. 645 on the ground that it is not a
27 "fact," but rather improper legal argument in violation of the Court's Amended
28 Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

1  compares witness statements and argues that it shows a "false exculpatory

2  statement."  That is not a "fact."

3  <u>**Combined Statement of Facts, Paragraph 646**</u>

4  Defendants object to Plaintiff's Fact No. 646 on the ground that it is not a

5  "fact," but rather improper legal argument in violation of the Court's Amended

6  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

7  compares witness statements and argues that it shows a "false exculpatory

8  statement."  That is not a "fact."

9  <u>**Combined Statement of Facts, Paragraph 647**</u>

10  Defendants object to Plaintiff's Fact No. 647 on the ground that it is not a

11  "fact," but rather improper legal argument in violation of the Court's Amended

12  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

13  compares witness statements and argues that it shows a "false exculpatory

14  statement."  That is not a "fact."

15  <u>**Combined Statement of Facts, Paragraph 648**</u>

16  Defendants object to Plaintiff's Fact No. 648 on the ground that it is not a

17  "fact," but rather improper legal argument in violation of the Court's Amended

18  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

19  compares witness statements and argues that it shows a "false exculpatory

20  statement."  That is not a "fact."

21  <u>**Combined Statement of Facts, Paragraph 649**</u>

22  Defendants object to Plaintiff's Fact No. 649 on the ground that it is not a

23  "fact," but rather improper legal argument in violation of the Court's Amended

24  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

25  compares witness statements and argues that it shows a "false exculpatory

26  statement."  That is not a "fact."

27

28

1

**Combined Statement of Facts, Paragraph 650**

2      Defendants object to Plaintiff's Fact No. 650 on the ground that it is not a

3  "fact," but rather improper legal argument in violation of the Court's Amended

4  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

5  compares witness statements and argues that it shows a "false exculpatory

6  statement."  That is not a "fact."

7

**Combined Statement of Facts, Paragraph 651**

8      Defendants object to Plaintiff's Fact No. 651 on the ground that it is not a

9  "fact," but rather improper legal argument in violation of the Court's Amended

10  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

11  compares witness statements and argues that it shows a "false exculpatory

12  statement."  That is not a "fact."

13

**Combined Statement of Facts, Paragraph 652**

14      Defendants object to Plaintiff's Fact No. 652 on the ground that it is not a

15  "fact," but rather improper legal argument in violation of the Court's Amended

16  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

17  compares witness statements and argues that it shows a "false exculpatory

18  statement."  That is not a "fact."

19

**Combined Statement of Facts, Paragraph 653**

20      Defendants object to Plaintiff's Fact No. 653 on the ground that it is not a

21  "fact," but rather improper legal argument in violation of the Court's Amended

22  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

23  compares witness statements and argues that it shows a "false exculpatory

24  statement."  That is not a "fact."

25

**Combined Statement of Facts, Paragraph 654**

26      Defendants object to Plaintiff's Fact No. 654 on the ground that it is not a

27  "fact," but rather improper legal argument in violation of the Court's Amended

28  Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

1    compares witness statements and argues that it shows a "false exculpatory

2    statement."  That is not a "fact."

3                    **Combined Statement of Facts, Paragraph 655**

4            Defendants object to Plaintiff's Fact No. 655 on the ground that it is not a

5    "fact," but rather improper legal argument in violation of the Court's Amended

6    Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

7    compares witness statements and argues that it shows a "false exculpatory

8    statement."  That is not a "fact."

9                    **Combined Statement of Facts, Paragraph 656**

10           Defendants object to Plaintiff's Fact No. 656 on the ground that it is not a

11   "fact," but rather improper legal argument in violation of the Court's Amended

12   Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

13   compares witness statements and argues that it shows a "false exculpatory

14   statement."  That is not a "fact."

15                   **Combined Statement of Facts, Paragraph 657**

16           Defendants object to Plaintiff's Fact No. 657 on the ground that it is not a

17   "fact," but rather improper legal argument in violation of the Court's Amended

18   Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

19   compares witness statements and argues that it shows a "false exculpatory

20   statement."  That is not a "fact."

21                   **Combined Statement of Facts, Paragraph 658**

22           Defendants object to Plaintiff's Fact No. 658 on the ground that it is not a

23   "fact," but rather improper legal argument in violation of the Court's Amended

24   Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff

25   compares witness statements and argues that it shows a "false exculpatory

26   statement."  That is not a "fact."

27

28

**Combined Statement of Facts, Paragraph 659**

Defendants object to Plaintiff's Fact No. 659 on the ground that it is not a "fact," but rather improper legal argument in violation of the Court's Amended Scheduling and Case Management Order.  [*See* Dkt. 86 at 10-11.]  Plaintiff compares witness statements and argues that it shows a "false exculpatory statement."  That is not a "fact."

**Combined Statement of Facts, Paragraph 661**

Defendants object to Bryant declaration paragraph 5 on the grounds that Plaintiff's statement that, "Had Kobe been alive at that crash scene, he never would have let this happen and the wrongdoers never would have dared doing what they did," is not based on personal knowledge, but is instead pure speculation.  Fed. R. Evid. 602.

**Combined Statement of Facts, Paragraph 664**

Defendants object to Plaintiff's Fact No. 664 on the ground that it is irrelevant and not based on admissible evidence.  Fed. R. Evid. 401-402, 801-803.

Plaintiff's proffered fact, that "[w]hen typing 'Kobe' into search functions to look for something related to my husband online, search features sometimes auto-suggest 'Kobe Bryant crash pictures' and 'Kobe Bryant body,'" is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401*; see also Liberty Lobby,* 477 U.S. at 247-48.  This case is not about online searches. Defendants cannot be held liable for the content of online searches that Plaintiff conducts or how her devices auto-suggest certain subjects.

Defense counsel ran the same search using the term "Kobe," and counsel's device did not auto-suggest "Kobe Bryant crash pictures" or "Kobe Bryant body." Instead, the search returned Kobe Steak House & Lounge in Seal Beach, and auto-suggested "kobe," "kobe bryant," "kobe shoes," and "kobe bryant net worth."  (*See* Tokoro Decl.), ¶¶ 2-3 & Ex. 232.)

1    Defendant further objects to this fact on the ground that Plaintiff has

2    submitted no evidence that the auto-suggest subjects are because of crash scene

3    photos taken and/or disseminated by any of the Defendants.  To the contrary, crash

4    scene photos posted by the media and other governmental agencies (e.g., the NTSB)

5    are available online.

6    Defendants object to J. Bryant Declaration, Exhibit 88, on the ground that it is

7    impermissible hearsay with no applicable exception.  Fed. R. Evid. 801-803; *Orr*,

8    285 F. 3d at 778; *U.S. v. Cowley*, 720 F. 2d 1037, 1044-45 (9th Cir. 1983) (holding

9    that the postmark on a letter is hearsay when offered to prove that the letter was

10   mailed from a particular location).  Exhibit 88 purports to be a screenshot of an

11   online search using the search term "Kobe."  This is hearsay—an out-of-court

12   statement being offered for the truth of the matter asserted therein.

13   Defendants further object to Exhibit 88 on the ground that Plaintiff has not

14   laid any foundation for the exhibit.  Plaintiff does not state that the screenshot is

15   from her device or for a search that she ran herself—and it is unlikely that it is given

16   that Plaintiff has claimed she does not conduct such searches and tries to avoid such

17   content.

18                    **Combined Statement of Facts, Paragraph 665**

19   Defendants object to Plaintiff's Fact No. 665 on the ground that it is irrelevant

20   and not based on admissible evidence.  Fed. R. Evid. 401-402, 602.

21   Plaintiff's proffered fact, that "[o]ne day, such as when my girls are assigned

22   to research their family tree for a school project, I do not want them searching my

23   husband's and daughter's name to discover photos of their remains," is not material

24   to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*;

25   see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff's "fear" is not a concrete and

26   particularized injury entitling her to recovery in this case.  *See TransUnion LLC v.

27   Ramirez*, 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defenders of Wildlife*, 504 U.S.

28   555, 560-61, 578 (1992).

1    Defendants further object to this fact on the ground that it is speculation about

2    that is not properly considered in deciding summary judgment.  Fed. R. Evid. 602;

3    *Nelson*, 83 F. 3d at 1081-82 ("[M]ere allegation and speculation do not create a

4    factual dispute for purposes of summary judgment."); *see also Lucas*, 244 Fed.

5    Appx. at 778.

### Combined Statement of Facts, Paragraph 666

7    Defendants object to Bryant declaration paragraph 10 on the grounds that

8    Plaintiff's statement that she "do[es] not believe all copies of the photos have been

9    secured," is not based on personal knowledge, but is instead pure speculation.  Fed.

10   R. Evid. 602.  Plaintiff has admitted that she has not seen crash site photos depicting

11   the remains of her husband and/or daughter taken by any of the Defendants, and that

12   she is not personally aware of anyone who has.  [Bryant Tr. 107:5-108:2.]

### Combined Statement of Facts, Paragraph 667

14   Defendants object to Plaintiff's Fact No. 667 on the ground that it is irrelevant

15   and not based on admissible evidence.  Fed. R. Evid. 401-402, 602.

16   Plaintiff's proffered fact that she has seen "seen one photo purporting to show

17   my husband's remains that matches the location where he was found in relation to

18   the helicopter," is not material to deciding Defendants' Motion for Summary

19   Judgment.  Fed. R. Evid. 401*; see also Liberty Lobby,* 477 U.S. at 247-48.  There is

20   no evidence connecting the purported photo to Defendants and no evidence that the

21   photo depicts human remains.

22   Plaintiff has submitted no evidence showing that the photo in fact depicts her

23   husband's remains.  Plaintiff admitted at deposition that she has no knowledge of

24   whether the photo does or does not.  Rodriguez-Sanchirico Decl. Ex. 47 [Bryant Tr.]

25   at 61:1-11.

26   Plaintiff has likewise submitted no evidence showing that the photo was taken

27   by any of the Defendants, including the County of Los Angeles, the Los Angeles

28   County Sheriff's Department, or the Los Angeles County Fire Department.

1    Plaintiff's suggestion or claim that the photo should be attributed to Defendants

2    lacks foundation and is based entirely on speculation.  Fed. R. Evid. 602; *Nelson*, 83

3    F. 3d at 1081-82 ("[M]ere allegation and speculation do not create a factual dispute

4    for purposes of summary judgment."); *see also Lucas*, 244 Fed. Appx. at 778. .

5    Plaintiff admitted at deposition that she has no knowledge of who took the photo.

6    Rodriguez-Sanchirico Decl. Ex. 47 [Bryant Tr.] at 9:7-23; 52:21-53:17; 54:4-12.

7        Plaintiff did not submit the photo with her declaration.  When defense counsel

8    informed Plaintiff's counsel that Defendants intended to file the photo with the

9    Court, counsel requested that Defendants stipulate to lodging it for *in camera* review

10   given the sensitivity of the issue.  Defense counsel agreed to the request and the

11   stipulation is being filed with Defendant's reply.  (*See* Tokoro Decl. ¶¶ 4-9.)

12       The fact is that the photo was not taken by any of the Defendants.  For

13   starters, the photo is blurred and no human remains can be seen in it.  (Tokoro Decl.

14   ¶ 11.)  Second, the photo is an aerial photo taken from either a helicopter or a drone.

15   Plaintiff is not suing Defendants for any aerial photos.  (*Id.* ¶ 12.)  To the contrary,

16   Plaintiff asserts that Los Angeles County Sheriff's Department and Los Angeles

17   County Fire Department personnel were on the ground at the crash site.  [*See, e.g.,*

18   Dkt. 190-6 ¶ 11; *see also* Dkt. 54 (First Amended Complaint) ¶¶ 27,29.]  Finally, the

19   photo is the same imagery posted online by numerous media outlets that reported on

20   the crash and is attributed to press photographers that took video of the crash before

21   Sheriff Villanueva set up the "no-fly" zone and the National Transportation Safety

22   Board (NTSB).  (*See* Tokoro Decl. ¶ 13.)  In fact, the tweet that accompanied the

23   photo when it was posted online states that it is a photo "released by the media of

24   Kobe Bryant helicopter crash."  (*Id.*)

25       Defendants object to paragraph 11 of Plaintiff's declaration, which is cited in

26   support of Fact No. 667.  "The general rule in the Ninth Circuit is that a party cannot

27   create an issue of fact by an affidavit contradicting his [or her] prior deposition

28   testimony."  *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.

1991).  There is a clear and unambiguous contradiction between Plaintiff's deposition testimony (stating that she did not know where a photo purporting to show her husband's remains came from) and her declaration (suggesting that she thinks the photo "may have been taken and distributed by a deputy or firefighter").  That portion of Plaintiff's declaration should be disregarded.

Plaintiff's declaration states:

> I have already seen one photo purporting to show my husband's remains that matches the location where he was found in relation to the helicopter.  Since viewing the photo, I've been tormented with thoughts of who took it and whether it depicts my husband. ***To my understanding, most of the people with access to the scene at the time my husband's remains were uncovered were Los Angeles County employees, which leads me to suspect the photo may have been taken and distributed by a deputy or firefighter.*** Sheriff Villanueva told me that he had secured the scene, so to my knowledge only Los Angeles County employees and the NTSB would have had access.  [Dkt. 190-6 ¶ 11 (emphasis added).]

However, at deposition, Plaintiff testified that she had no knowledge of where the photo came from:

**Rodriguez-Sanchirico Decl. Ex. 47 [Bryant Tr.] at 9:7-9:23**:

> Q. Okay. I'll rephrase my question. Do you know whether any photographs of your husband's and your daughter's bodies have been actually publicly disclosed yet?
>
> A. There was one photograph which was online where someone said that it was my husband's body. And when I -- when I spoke to the Medical Examiner, that same photograph matched the location of where the Medical Examiner told me his body was found.
>
> Q. And do you know who took that photograph?
>
> A. I don't know.
>
> Q. Do you know if it was anybody within the County?
>
> A. I don't know.

***Id.* at 53:9-17**:

Q. Plaintiff responds as follows: Plaintiff has seen photos of the January 26th helicopter crash posted online that purport to contain human remains. Okay? Do you see that?

A. Yes.

Q. Okay. Do you know whether any of those photos that you saw came from anybody in the County of Los Angeles? Do you know that, one way or another?

A. I don't.

***Id.*  at 54:4-12**:

Q. Okay. My question to you is: Do you know whether any of those photos that you're referencing there came from or emanated from anybody at the County of L.A.? The Sheriff, the Fire Department, the Coroner, or anybody else? Do --

A. I don't know --

(Simultaneous cross-talking.)

Q. Sorry. Do you know one way or another?

A. No.

Plaintiff also stipulated at her deposition (through her counsel) that she has no evidence that the photo was taken or disseminated by County personnel:

> Plaintiff's counsel:  "She doesn't know -- she doesn't know they're from the County.  She didn't respond to any of these people and she doesn't know any of these people who posted or sent them to us. . . . Yeah, I'm in agreement with you that if the exhibits are the ones that we've seen on the screen, you know, that we would stipulate that she does not know the people who sent them, she does not know whether they came from the County, and she did not reply to any of the people." (*Id.* at 87:23-88:25.)

## Combined Statement of Facts, Paragraph 680

Defendants object to Plaintiff's Fact No. 680 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

1   401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

2   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 681

4           Defendants object to Plaintiff's Fact No. 681 on the ground that it is not

5   material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

6   401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

7   reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 682

9           Defendants object to Plaintiff's Fact No. 682 on the ground that it is not

10  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

11  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

12  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 683

14          Defendants object to Plaintiff's Fact No. 683 on the ground that it is not

15  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

16  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

17  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 684

19          Defendants object to Plaintiff's Fact No. 684 on the ground that it is not

20  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

21  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

22  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 685

24          Defendants object to Plaintiff's Fact No. 685 on the ground that it is not

25  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

26  401-402; *see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

27  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 686**

Defendants object to Plaintiff's Fact No. 686 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 687**

Defendants object to Plaintiff's Fact No. 687 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 688**

Defendants object to Plaintiff's Fact No. 688 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 689**

Defendants object to Plaintiff's Fact No. 689 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 690**

Defendants object to Plaintiff's Fact No. 690 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 691**

Defendants object to Plaintiff's Fact No. 691 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 692

Defendants object to Plaintiff's Fact No. 692 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment. Fed. R. Evid. 401-402; *see also Liberty Lobby,* 477 U.S. at 247-48. Plaintiff does not cite to or reference this fact in her Opposition. [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 694

Defendants object to Freskos Declaration paragraph 21 on the grounds that it lacks foundation and is based entirely on speculation. Fed. R. Evid. 602; *Lucas v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007) (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant"). Freskos did not forensically examine the electronic devices provided by Defendants to the neutral forensic examiner. Freskos therefore does not have sufficient knowledge on which to bases his opinions. Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

### Combined Statement of Facts, Paragraph 695

Defendants object to Freskos Declaration paragraphs 22-23 on the grounds that it lacks foundation and is based entirely on speculation. Fed. R. Evid. 602; *Lucas v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007) (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant"). Freskos did not forensically examine the electronic devices provided by Defendants to the neutral forensic examiner. Freskos therefore does not have sufficient knowledge on which to bases his opinions. Fed. R. Evid. 702-703;

*Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs.").

**Combined Statement of Facts, Paragraph 696**

Defendants object to Plaintiff's Fact No. 696 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 697**

Defendants object to Plaintiff's Fact No. 697 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 698**

Defendants object to Plaintiff's Fact No. 698 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

**Combined Statement of Facts, Paragraph 699**

Defendants object to Freskos Declaration paragraphs 24-25 on the grounds that it lacks foundation and is based entirely on speculation.  Fed. R. Evid. 602; *Lucas v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007) (affirming district court's decision to exclude declaration because "the declaration was speculative, lacked foundation, was not based on personal knowledge, and was not relevant").  Freskos did not forensically examine the electronic devices provided by Defendants to the neutral forensic examiner.  Freskos therefore does not have sufficient knowledge on which to bases his opinions.  Fed. R. Evid. 702-703;

1  *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule

2  702 demands that expert testimony relate to scientific, technical or other specialized

3  knowledge, which does not include unsubstantiated speculation and subjective

4  beliefs.").

**Combined Statement of Facts, Paragraph 700**

6      Defendants object to Plaintiff's Fact No. 700 on the ground that it is not

7  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

8  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

9  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

10      Defendants object to Freskos Declaration paragraphs 20-21 on the grounds

11  that it lacks foundation and is based entirely on speculation.  Fed. R. Evid. 602;

12  *Lucas v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007).  Freskos

13  did not forensically examine the electronic devices provided by Defendants to the

14  neutral forensic examiner.  Freskos therefore does not have sufficient knowledge on

15  which to bases his opinions.  Fed. R. Evid. 702-703; *Diviero v. Uniroyal Goodrich*

16  *Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert

17  testimony relate to scientific, technical or other specialized knowledge, which does

18  not include unsubstantiated speculation and subjective beliefs.").

**Combined Statement of Facts, Paragraph 701**

20      Defendants object to Plaintiff's Fact No. 701 on the ground that it is not

21  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

22  401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or

23  reference this fact in her Opposition.  [*See generally* Dkt. 190.]

24      Defendants object to Freskos Declaration paragraphs 15 and 17-21 on the on

25  the grounds that it lacks foundation and is based entirely on speculation.  Fed. R.

26  Evid. 602; *Lucas v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007).

27  Freskos did not forensically examine the electronic devices provided by Defendants

28  to the neutral forensic examiner.  Freskos therefore does not have sufficient

1  knowledge on which to bases his opinions.  Fed. R. Evid. 702-703; *Diviero v.*

2  *Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands

3  that expert testimony relate to scientific, technical or other specialized knowledge,

4  which does not include unsubstantiated speculation and subjective beliefs.").

5  **Combined Statement of Facts, Paragraph 702**

6       Defendants object to Freskos Declaration paragraphs 24-25 on the on the

7  grounds that it lacks foundation and is based entirely on speculation.  Fed. R. Evid.

8  602; *Lucas v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007).

9  Freskos did not forensically examine the electronic devices provided by Defendants

10  to the neutral forensic examiner.  Freskos therefore does not have sufficient

11  knowledge on which to bases his opinions.  Fed. R. Evid. 702-703; *Diviero v.*

12  *Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands

13  that expert testimony relate to scientific, technical or other specialized knowledge,

14  which does not include unsubstantiated speculation and subjective beliefs.").

15  **Combined Statement of Facts, Paragraph 703**

16       Defendants object to Freskos Declaration paragraphs 24-25 on the on the

17  grounds that it lacks foundation and is based entirely on speculation.  Fed. R. Evid.

18  602; *Lucas v. Citizens Comm'ns Co.*, 244 Fed. Appx. 774, 778 (9th Cir. 2007).

19  Freskos did not forensically examine the electronic devices provided by Defendants

20  to the neutral forensic examiner.  Freskos therefore does not have sufficient

21  knowledge on which to bases his opinions.  Fed. R. Evid. 702-703; *Diviero v.*

22  *Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands

23  that expert testimony relate to scientific, technical or other specialized knowledge,

24  which does not include unsubstantiated speculation and subjective beliefs.").

25  **Combined Statement of Facts, Paragraph 704**

26       Defendants object to Plaintiff's Fact No. 704 on the ground that it is not

27  material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid.

28

401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 705

Defendants object to Plaintiff's Fact No. 705 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 706

Defendants object to Plaintiff's Fact No. 706 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 707

Defendants object to Plaintiff's Fact No. 707 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 708

Defendants object to Plaintiff's Fact No. 708 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

### Combined Statement of Facts, Paragraph 710

Defendants object to Plaintiff's Fact No. 710 on the ground that it is not material to deciding Defendants' Motion for Summary Judgment.  Fed. R. Evid. 401-402*; see also Liberty Lobby,* 477 U.S. at 247-48.  Plaintiff does not cite to or reference this fact in her Opposition.  [*See generally* Dkt. 190.]

DEFENDANTS' MEMORANDUM OF EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EVIDENCE

1    DATED:  December 13, 2021       OFFICE OF COUNTY COUNSEL

2

3

4                                    By:      /s/ Jonathan C. McCaverty
                                          _____
5                                         JONATHAN C. McCAVERTY
                                          Attorneys for Defendant
6                                         LOS ANGELES COUNTY SHERIFF'S
                                          DEPARTMENT
7

8    DATED:  December 13, 2021       MILLER BARONDESS, LLP
9

10

11                                   By:      /s/ Jason H. Tokoro
                                          _____
12                                        JASON H. TOKORO
                                          Attorneys for Defendants
13                                        COUNTY OF LOS ANGELES, LOS
                                          ANGELES COUNTY FIRE
14                                        DEPARTMENT, JOEY CRUZ, RAFAEL
                                          MEJIA, MICHAEL RUSSELL, and
15                                        RAUL VERSALES
16

17

18

19

20

21

22

23

24

25

26

27

28

546702.2

DEFENDANTS' MEMORANDUM OF EVIDENTIARY OBJECTIONS TO PLAINTIFF'S EVIDENCE