1  JONATHAN C. McCAVERTY (State Bar No. 210922)
   Principal Deputy County Counsel
2  jmccaverty@counsel.lacounty.gov
3  OFFICE OF COUNTY COUNSEL
   General Litigation Division
4  500 West Temple Street, Suite 468
   Los Angeles, California 90012
5  Telephone:  (213) 974-1828
   Facsimile:   (213) 626-7446
6
7  Attorneys for Defendant
   LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
8
9  [*Additional counsel continued on next page*.]

10              **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13 VANESSA BRYANT,                          | **CASE NO. 2:20-cv-09582-JFW-E**

14          Plaintiff,                       | **JOINT STIPULATION
                                               REGARDING DEFENDANTS'**
15      v.                                   | **MOTION *IN LIMINE* NO. 1 TO
                                               EXCLUDE EVIDENCE OF**
16 COUNTY OF LOS ANGELES, et al.,           | **PHOTOGRAPHS AND WITNESSES
                                               WHO HAVE NOTHING TO DO**
17          Defendants.                      | **WITH AND NO CONNECTION TO
                                               THE COUNTY**
18

19                                            Assigned to Hon. John F. Walter and
20                                            Magistrate Judge Charles F. Eick

21

22                                            Hearing Date:  February 11, 2022
                                              Time:               8:00 a.m.
23                                            Place:              Courtroom 7A

24                                            Pretrial Conference: February 4, 2022
                                              Trial: February 22, 2022
25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  [*Additional counsel, continued from previous page*:]

2  LOUIS R. MILLER (State Bar No. 54141)
3  smiller@millerbarondess.com
   MIRA HASHMALL (State Bar No. 216842)
4  mhashmall@millerbarondess.com
   JASON H. TOKORO (State Bar No. 252345)
5  jtokoro@millerbarondess.com
   CASEY B. SYPEK (State Bar No. 291214)
6  csypek@millerbarondess.com
   MILLER BARONDESS, LLP
7  1999 Avenue of the Stars, Suite 1000
8  Los Angeles, California 90067
   Telephone:  (310) 552-4400
9  Facsimile:  (310) 552-8400

10
   Attorneys for Defendants
11 COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
   JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, and RAUL VERSALES.
12

13 LUIS LI (State Bar No. 156081)
   luis.li@wsgr.com
14 WILSON SONSINI GOODRICH & ROSATI
   633 West Fifth Street, Suite 1550
15 Los Angeles, California 90071
   Telephone:  (323) 210-2900
16 Facsimile:  (866) 974-7329

17
   CRAIG JENNINGS LAVOIE (State Bar No. 293079)
18 craig.lavoie@mto.com
   JENNIFER L. BRYANT (State Bar No. 293371)
19 jennifer.bryant@mto.com
   MUNGER, TOLLES & OLSON LLP
20 350 South Grand Avenue, Fiftieth Floor
   Los Angeles, California 90071-3426
21 Telephone:  (213) 683-9100
22 Facsimile:  (213) 687-3702

23 Attorneys for Plaintiff
   VANESSA BRYANT
24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 2:20-cv-09582-JFW-E

JOINT STIPULATION RE: DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

**TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that on February 11, 2022, at 8:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 7A of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants County of Los Angeles (the "County"), Los Angeles County Sheriff's Department ("LASD"), Los Angeles County Fire Department ("LACFD"), Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales (collectively, "Defendants") will and hereby do move *in limine* for an order excluding all evidence, testimony and argument relating to purported photographs of victim remains that cannot be traced to LASD, LACFD or anyone at the County, including, but not limited to, documents Bates labeled VB00000047-93 (Deposition Exhibit Nos. 92-93) and RPELINKA0000001-6, and third-party witnesses Jennifer Bolden, Jessica Wells and Rose Abraham.

   In accordance with the Scheduling Order and Local Rule 7-3, the parties met and conferred in good faith before filing this Motion.  (Declaration of Casey B. Sypek ("Sypek Decl.") ¶¶ 2-3 & Ex. A)  The parties respectfully submit this joint stipulation setting forth their contentions.

   This Motion is based upon this Notice of Motion, the Joint Stipulation, the Sypek Declaration and exhibits thereto, any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file in this action.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

JOINT STIPULATION RE: DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

1 | DATED:  January 20, 2022          MILLER BARONDESS, LLP

2

3

4                By:    */ s / Louis R. Miller*

5                      LOUIS R. MILLER
Attorneys for Defendants

6                      COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY FIRE

7                      DEPARTMENT, JOEY CRUZ, RAFAEL
MEJIA, MICHAEL RUSSELL, and

8                      RAUL VERSALES

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

4

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

I. IDENTIFICATION OF MATTERS IN DISPUTE ................................................. 9

II. DEFENDANTS' CONTENTIONS AND POINTS OF AUTHORITIES ........... 10

   A.   Overview Of The Case ............................................................................ 10

   B.   Evidence Relating To Non-County Photos Is Irrelevant ...................... 11

       1.   No Photos Can Be Traced to the County .................................... 11

       2.   Documents and Witnesses That Cannot Be Traced to the County Have No Bearing on Plaintiff's Claims .......................... 14

   C.   Plaintiff Cannot Establish The Authenticity Of These Documents ...... 15

   D.   The Evidence Is Replete With Inadmissible Hearsay ........................... 16

   E.   Evidence Of Non-County Photos Has No Probative Value, Is Highly Prejudicial, And Will Mislead The Jury ................................... 17

III. DEFENDANTS' CONCLUSION ................................................................... 18

IV. PLAINTIFF'S CONTENTIONS AND POINTS OF AUTHORITIES ............. 19

   A.   The Documents And Witness Testimony Are Relevant Circumstantial Evidence of the Full Scope of Defendants' Misconduct and Resulting Harm. ........................................................ 20

       1.   The County Cannot Profit Off Its Own Spoliation ..................... 20

       2.   The Jury Can Infer from Circumstantial Evidence That the Disputed Photos Originated with Defendants .......................... 21

       3.   The Evidence Is Relevant to Show the Full Scope of Defendants' Misconduct and Its Harm ...................................... 22

   B.   Plaintiff Can Establish the Authenticity of the Social Media Posts ...................................................................................................... 26

   C.   The Witness Testimony Is Not Inadmissible Hearsay .......................... 27

   D.   The Evidence Is Not Unfairly Prejudicial ............................................ 28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

JOINT STIPULATION RE: DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>FEDERAL CASES</u>

4

*Carden v. Westinghouse Elec. Corp.*,
5       850 F.2d 996 (3d Cir. 1988)..........................................................................17

6 *Chandler v. Ariz. Partners Retail Inv. Grp. LLC*,
        329 F. App'x 724 (9th Cir. 2009)................................................................14
7

*Chapman v. Maraj*,
8       No. 2:18-cv-09088-VAP-SSx, 2020 WL 6260021 (C.D. Cal. Sept. 16,
        2020)...............................................................................................................16
9

*Eclipse Assocs. Ltd. v. Data Gen. Corp.*,
10      894 F.2d 1114 (9th Cir. 1990)......................................................................14

11 *Estate of Konell v. Allied Prop. & Cas. Ins. Co.*,
        No. 3:10-cv-955-ST, 2014 WL 11072219 (D. Or. Jan. 28, 2014).................27
12

*Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*,
13      No. 17-cv-00564-NC, 2018 WL 10476581 (N.D. Cal. Dec. 10, 2018)..........14

14 *Keller v. DeJoy*,
        No. 19-13191, 2021 WL 5749901 (E.D. La. Nov. 23, 2021) ........................14
15

*LaPorta v. BMW of N. Am., LLC*,
16      No. 2:17-cv-5145-KS, 2019 WL 988675 (C.D. Cal. Jan. 24, 2019) .............16

17 *Marsh v. County of San Diego*,
        680 F.3d 1148 (9th Cir. 2012).................................................................10, 24
18

*Old Chief v. United States*,
19      519 U.S. 172 (1997) .....................................................................................18

20 *Poneman v. Nike, Inc.*,
        161 F. Supp. 3d 619 (N.D. Ill. 2016) ............................................................16
21

*Smith v. Airborne Freight Corp.*,
22      96 F.3d 1451 (9th Cir. 1996)........................................................................14

23 *Tripkovich v. Ramirez*,
        No. 13-6389, 2015 WL 13544196 (E.D. La. June 30, 2015).........................17
24

*United States v. Ambrose*,
25      668 F.3d 943 (7th Cir. 2012)........................................................................27

26 *United States v. Browne*,
        834 F.3d 403 (3d Cir. 2016) .........................................................................16
27

*United States v. Hitt*,
28      981 F.2d 422 (9th Cir. 1992)........................................................................17

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

6

*United States v. Lacy,*
      904 F.3d 889 (10th Cir. 2018)..................................................................21

*United States v. Stearns,*
      550 F.2d 1167 (9th Cir. 1977)................................................................22

*United States v. Taylor,*
      462 F.3d 1023 (8th Cir. 2006)................................................................17

*United States v. Vayner,*
      769 F.3d 125 (2d Cir. 2014).............................................................16, 26

*Urrutia v. Chipotle Mexican Grill, Inc.,*
      No. CV 16-02065-BRO (MRWx), 2017 WL 2901717 (C.D. Cal. June
      16, 2017)......................................................................................15, 26

**STATE CASES**

*Anaya v. Superior Court,*
      78 Cal. App. 4th 971 (2000)...................................................................24

*Catsouras v. Dep't of Highway Patrol,*
      181 Cal. App. 4th 856 (2010).................................................................25

*Commonwealth v. Williams,*
      456 Mass. 857, 926 N.E.2d 1162 (Mass. 2010)...............................16

*Di Giorgio Corp. v. Valley Labor Citizen,*
      260 Cal. App. 2d 268 (1968)..................................................................26

*Live Oak Publ'g Co. v. Cohagan,*
      234 Cal. App. 3d 1277 (1991)................................................................26

*McKinney v. County of Santa Clara,*
      110 Cal.  App. 3d 787 (1980)..................................................................26

*Sears v. Morrison,*
      76 Cal. App. 4th 577 (1999)...................................................................24

**FEDERAL RULES**

Fed. R. Evid. 401(a)......................................................................................14

Fed. R. Evid. 402 .........................................................................................14

Fed. R. Evid. 403 ...................................................................................17, 18

Fed. R. Evid. 801(c)......................................................................................16

Fed. R. Evid. 901 .........................................................................................15

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

JOINT STIPULATION RE: DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

Fed. R. Evid. 901(a) ................................................................................................ 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 2:20-cv-09582-JFW-E

JOINT STIPULATION RE: DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

# I.

## <u>IDENTIFICATION OF MATTERS IN DISPUTE</u>

This case centers on Plaintiff's claims that the County violated her rights by taking and sharing photos of the January 26, 2020 helicopter crash site. The horrific accident was international headline news. There were other (non-County) agencies on site, including the NTSB, the FAA and the FBI. There were also hordes of press and paparazzi trying to access the site via helicopter and drone until Sheriff Villanueva set up a "no-fly" zone to keep the media away. The County secured the site, and there has been no public dissemination of crash site photos by the County (the NTSB released photos that appeared in the Los Angeles Times, among other places).

**Documents.** Plaintiff produced social media posts, private messages and comments by third-party strangers about the crash. Plaintiff's friend and Lakers General Manager Rob Pelinka did the same. None of these photos, messages or comments came from the County. At deposition, Plaintiff admitted she cannot trace any of them to the County. Nonetheless, she plans to introduce this evidence at trial and ask the jury to infer that they came from the County. The subject documents are Bates labeled VB00000047-93 (Deposition Exs. 92-93) and RPELINKA0000001-6.

**Witnesses**. Plaintiff also plans to call Jennifer Bolden, Jessica Wells and Rose Abraham, third parties with no connection to the County, to testify that *other* anonymous strangers—customers they chatted up while bartending or friends of their children—said they had seen crash site photos from unidentified friends in "law enforcement." None of these people or photos can be traced to the County, yet that is what Plaintiff says she is going to "prove" at trial.

This evidence cannot be traced to the County. Photos that were taken, created or shared by unknown third parties and anonymous Internet trolls have no foundation and no connection to the claims or issues in this case. Some are fake and photoshopped, as Plaintiff admits. They will be highly prejudicial and misleading to

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

1  the jury, cannot be authenticated, and are inadmissible hearsay.

2  ## II.

3  ## DEFENDANTS' CONTENTIONS AND POINTS OF AUTHORITIES

4  **A.**   **Overview Of The Case**

5  Plaintiff is pursuing a *Monell* claim against the County for violation of her

6  constitutional right to control "public dissemination of a family member's death

7  images." *Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012).

8  Plaintiff has no evidence of public dissemination.  She has never seen any crash site

9  photos taken by LASD or LACFD.  She is not aware of any LASD or LACFD

10  photos being posted online or published in the media.  Her case is based almost

11  entirely on intra-departmental sharing of crash site photos among LASD and

12  LACFD personnel.  *Marsh* is not about internal sharing—it requires a showing of

13  dissemination to the public.

14  With this critical element missing, Plaintiff plans to rely on messages she

15  received from strangers, random social media posts, photoshopped images, and

16  hearsay stories like the one about a "man with dark hair" who claimed to have seen

17  photos on an unnamed law enforcement officer's phone.  None of this has anything

18  to do with the County.  None of these photos or social media posts came from the

19  County.  None of the stories involve anyone from the County.

20  Plaintiff admits she has no evidence that any of these documents or witnesses

21  can be traced to the County.  Plaintiff instead will ask the jury to "infer" that these

22  things are attributed to the County.  That would contravene the Rules of Evidence

23  and is not how it works in court.

24  This speculative evidence should be excluded at trial.  It is lacking in

25  foundation, cannot be authenticated and is hearsay.  Its probative value is

26  substantially outweighed by the risk of undue prejudice and misleading the jury.

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**B.** **Evidence Relating To Non-County Photos Is Irrelevant**

**1.** **No Photos Can Be Traced to the County**

None of the subject photos can be traced to the County.[1]  At her deposition, Plaintiff (through her counsel) stipulated that she has no evidence or knowledge that any of the photos she produced were taken or shared by the County, LASD or LACFD personnel:

> Plaintiff's counsel: "She doesn't know—she doesn't know they're from the County.  She didn't respond to any of these people and she doesn't know any of these people who posted or sent them to us. . . . Yeah, I'm in agreement with you that if the exhibits are the ones that we've seen on the screen [Deposition Exhibit Nos. 92 & 93], you know, that we would stipulate that she does not know the people who sent them, she does not know whether they came from the County, and she did not reply to any of the people."
>
> Defendants' counsel: "So stipulated.  We have an agreement."

(Sypek Decl. Ex. K [Bryant Depo. Tr.] at 87:9-88:25; *see also id.* at 99:12-100:1.)

Plaintiff testified that she has no knowledge of any crash site photos taken by County personnel being posted on the Internet or given to the media:

> **Q:** Okay.  Do you know whether any of those photos that you saw came from anybody in the County of Los Angeles?  Do you know that, one way or another?
>
> **A:** I don't.  (*Id.* at 53:9-17)
>
> **Q:** Okay.  My question to you is: Do you know whether any of those photos that you're referencing there came from or emanated from anybody at the County of L.A.?  The Sheriff, the Fire Department, the Coroner, or anybody else? . . . Do you know one way or another?

---

[1] Consistent with Defendants' effort to prevent public dissemination of crash site photos or descriptions of the victims (regardless of whether they originated from the County), Defendants are not submitting the subject documents with this Motion but are identifying them by Bates and deposition exhibit numbers.  If the Court wants, the County will submit them for *in camera* review.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400     FAX: (310) 552-8400

Case No. 2:20-cv-09582-JFW-E

JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

**A:** No.  (*Id.* at 54:4-12.)

**Q:** Okay.  So you have no knowledge one way or the other. Knowledge.  Of any photograph of the crash site taken by L.A. County sheriff personnel or L.A. County fire personnel being posted on the internet or given to media.  Is that correct?

**A:** Yeah, that's correct.  (*Id.* at 131:15-23.)

Despite the parties' stipulation and Plaintiff's deposition testimony, Plaintiff plans to ask the jury to infer that these photos came from the County.  Her lawyers said as much in the meet-and-confer regarding this Motion.  (Sypek Decl. ¶ 5.)  For example, Plaintiff submitted a declaration with her Opposition to Defendants' Motion for Summary Judgment wherein she stated that she has "already seen one photo purporting to show my husband's remains" and that she "suspect[s] the photo may have been taken and distributed by a deputy or firefighter."  [Dkt. 190-6 ¶ 11.[2]]

The photo Plaintiff is referring to was posted with a tweet that stated it was an image "released by the media of Kobe Bryant helicopter crash"—not by the County. (*See* VB00000049-52.)  It is blurry and does not depict Plaintiff's husband.  The photo is an aerial photo taken from a helicopter or drone, but there is no allegation that County personnel took or shared aerial photos of the crash site—only that they took photos from the ground level.  And the photo is the same imagery posted online by numerous media outlets that reported on the crash and is attributed to press photographers who took video before Sheriff Villanueva set up the "no-fly" zone. Certain media also attributed the imagery to the NTSB—not the County, LASD or LACFD.[3]

---

[2] Plaintiff bases her "suspicion" on her claim that only County personnel had access to the crash site.  Wrong.  Other agencies were at the crash site taking photos—the NTSB, FBI, and FAA, among others.  Plaintiff has no evidence whatsoever about where any of these photos came from.

[3] *See, e.g.,* https://www.latimes.com/california/story/2020-01-26/aircraft-slams-into-

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 2:20-cv-09582-JFW-E
JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   Nor can photos produced by Mr. Pelinka be traced to the County.  (*See*
2   RPELINKA00000001-6.)  He produced an anonymous tweet that has since been
3   deleted.  The tweet had an image of an unidentified person's remains.  It does not
4   say who took the photo, where it was taken, who posted it, or who it depicts (if it is
5   even real).  No witness has been identified to testify about it.  There is no way for
6   this photo to be traced to the County or authenticated.

7   Ms. Bolden's, Ms. Wells' and Ms. Abraham's testimony also relates to photos
8   that cannot be traced to the County.  Ms. Bolden plans to testify that, while she was
9   bartending at the Bottoms Up Tiki Lounge, a nameless "man with dark hair"
10  claimed to have seen photos of Plaintiff's husband and daughter on the phone of an
11  unidentified "friend in law enforcement."  (*See* Dkt. 190-3 [Bolden Decl.] ¶¶ 4-5].)
12  The "man with dark hair" and "friend in law enforcement" have not been identified
13  or deposed, referenced in documents produced by Plaintiff during discovery, or
14  listed as witnesses for trial.  There is no way to know whether these photos even
15  exist, let alone trace them to the County.

16  Ms. Wells plans to testify that, while she was bartending at TGI Fridays, a
17  middle-aged man who claimed to be a "member of law enforcement in
18  Orange County" showed her photos of the crash that had been sent to him by a
19  colleague.  (*See* Dkt. 190-4 [Wells Decl.] ¶¶ 2-4.)  The man flipped through the
20  photos quickly, and Wells could not tell whether they showed human remains.  (*Id.*
21  ¶ 4.)  This unnamed bar patron is not a County employee.  He is not a witness and
22  has not produced any photos.  None of this can be traced to the County.

23  Ms. Abraham, a third party with no relation to the parties in this case, plans to
24  testify that her daughter has an unnamed friend who works for the City of
25  Los Angeles in the Los Angeles Police Department ("LAPD") who received
26
27  hillside-explodes-in-flames-near-calabasas; https://www.foxla.com/video/648626;
28  https://abc7.com/kobe-helicopter-bryant-crash-video/5883566/.

Case No. 2:20-cv-09582-JFW-E
JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

1    grotesque photos of the crash site from some unidentified person.  (Sypek Decl.

2    Ex. C [Plaintiff's Rog Responses] at 18:5-8.)  None of these people are witnesses or

3    have any connection to the County.  If the photos even exist, they cannot be traced

4    to the County.

5         **2.**    **<u>Documents and Witnesses That Cannot Be Traced to the County</u>**

6                 **<u>Have No Bearing on Plaintiff's Claims</u>**

7         There is no evidence that these purported images of victim remains have any

8    connection to the County (and they don't).  Photos taken, created or shared by third-

9    party agencies, members of the public (hikers or bikers in the area), the media,

10   paparazzi or Internet trolls have no "tendency to make" it "more or less probable"

11   that the County violated any of Plaintiff's rights.  Fed. R. Evid. 401(a).

12        They are irrelevant and inadmissible under Rule 402.  *Eclipse Assocs. Ltd. v.*

13   *Data Gen. Corp.*, 894 F.2d 1114, 1119 (9th Cir. 1990) (in trademark infringement

14   case, district court properly excluded evidence of other unrelated potential

15   infringers); *Smith v. Airborne Freight Corp.*, 96 F.3d 1451, at *3-4 (9th Cir. 1996)

16   (district court abused discretion by allowing testimony about previous

17   discriminatory behavior, which was irrelevant to immediate action); *Chandler v.*

18   *Ariz. Partners Retail Inv. Grp. LLC*, 329 F. App'x 724, 726 (9th Cir. 2009)

19   (evidence of parking lot ramp's noncompliance with ADA regulations properly

20   excluded where it was not relevant to negligence claim); *Keller v. DeJoy*, No. 19-

21   13191, 2021 WL 5749901, at *2-3 (E.D. La. Nov. 23, 2021) (in workplace

22   discrimination case, social media posts by plaintiff's colleagues that did not involve

23   plaintiff or her workplace were irrelevant); *Fitzhenry-Russell v. Keurig Dr. Pepper*

24   *Inc.*, No. 17-cv-00564-NC, 2018 WL 10476581, at *2 (N.D. Cal. Dec. 10, 2018) (in

25   false advertising case, excluding irrelevant social media comments about the lawsuit

26   and class actions).

27        Plaintiff may argue these documents, which include harassing messages and

28   fake/photoshopped images from anonymous Internet users, are relevant to her

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

emotional distress.  For example, VB00000048 is a direct message from an anonymous Instagram user to Plaintiff taunting her with emojis of helicopters and fire, and threatening "Ima leak Kobe's body."  VB00000051 is a tweet by an unknown person with a gruesome, obviously photoshopped image of Plaintiff's husband.  Third parties' conduct in causing Plaintiff emotional distress is not what is at issue in this case.  The County cannot be held responsible for celebrity-obsessed Internet bullies.

## C.   Plaintiff Cannot Establish The Authenticity Of These Documents

Before a document can be admitted into evidence, it must be authenticated. Fed. R. Evid. 901.  Rule 901 requires sufficient evidence "to support a finding that the item is what the proponent claims it is."  *Id.* R. 901(a).

Plaintiff cannot establish that any of the social media posts, online messages or photos are what they purport to be.  Plaintiff admits she does not know who authored them and cannot lay a proper foundation.  (*See* Sypek Decl. Ex. K [Bryant Depo. Tr.] at 86:25-87:5.)  Anyone, anywhere, for any purpose, can post to Plaintiff's social media accounts, send her direct messages, or tweet a photo.  For all we know, some of them could have been authored by a "bot" and not even a natural person.

Moreover, Plaintiff admits she has been taunted online by people posting "fake images" of her husband's dead body.  (*See* Dkt. 190-6 [Bryant Decl. ISO Opp. to MSJ] ¶ 8.)  It's obvious from looking at these images that they are not real and do not depict the crash site.  And for the photos that *do* resemble a crash site, there are no witnesses to testify that they authored these posts, took these photos, received them, or posted them online.  Plaintiff cannot pass off this speculation and innuendo from anonymous Internet users as evidence of misconduct by the County.

Without any proof that this evidence is what it purports to be, it is inadmissible under Rule 901.  *Urrutia v. Chipotle Mexican Grill, Inc.*, No. CV 16-02065-BRO (MRWx), 2017 WL 2901717, at *5-6 (C.D. Cal. June 16, 2017)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1  (excluding screenshot of LinkedIn profile where plaintiff offered no foundation that

2  it was the profile of a particular individual); _United States v. Vayner_, 769 F.3d 125,

3  127 (2d Cir. 2014) (trial court abused its discretion in admitting printed copy of web

4  page purporting to be defendant's profile page that was not properly authenticated);

5  _Commonwealth v. Williams_, 456 Mass. 857, 867-69, 926 N.E.2d 1162, 1171-73

6  (Mass. 2010) (error to admit evidence of MySpace messages without proper

7  authentication).

8  **D.   The Evidence Is Replete With Inadmissible Hearsay**

9       These documents are also inadmissible because they contain hearsay that does

10  not fall within any exception.  Fed. R. Evid. 801(c) (out-of-court statements offered

11  to prove the truth of the matter asserted are inadmissible hearsay).  (_See, e.g._,

12  VB00000070 ["[P]eople were saying the photos included specifically kobes body

13  parts including his arm and head separate from his body."]; VB00000073 ["There

14  was a guy on fb, said that his friend worked at the coroner's office was . . . giving

15  information about the bodies."]; VB00000072 ["Yes, the pictures were up on

16  youtube."]; RPELINKA00000005 ["They absolutely shared them."]; VB00000052

17  ["Man I got a actually pic of his body don't know how someone got that close but

18  definitely someone working on the case took it."].)

19       Plaintiff intends to offer these social media statements for their truth.  They

20  are inadmissible hearsay not subject to any exception.  _LaPorta v. BMW of N. Am.,_

21  _LLC_, No. 2:17-cv-5145-KS, 2019 WL 988675, at *4 (C.D. Cal. Jan. 24, 2019)

22  (granting motion _in limine_ to exclude "out-of-court statements by unknown

23  individuals" on social media); _Chapman v. Maraj_, No. 2:18-cv-09088-VAP-SSx,

24  2020 WL 6260021, at *4-5 (C.D. Cal. Sept. 16, 2020) (Instagram and Twitter posts

25  excluded as inadmissible hearsay); _United States v. Browne_, 834 F.3d 403, 415-16

26  (3d Cir. 2016) (Facebook chat log was inadmissible hearsay); _Poneman v. Nike,_

27  _Inc._, 161 F. Supp. 3d 619, 630 (N.D. Ill. 2016) (tweets are "inadmissible hearsay

28  and cannot be considered by the court absent deposition testimony or sworn

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   affidavits from the declarants"); *Tripkovich v. Ramirez*, No. 13-6389, 2015 WL

2   13544196, at *2 (E.D. La. June 30, 2015) ("[C]aptions or comments that accompany

3   the [Facebook or Instagram] pictures are inadmissible hearsay . . . .").

4          Moreover, Plaintiff plans to call Ms. Bolden to testify that a "dark-haired

5   man" *said* that his unnamed friend who works in law enforcement showed him

6   graphic photos *that depicted* Kobe and Gianna's bodies.  (*See* Dkt. 190-3 [Bolden

7   Decl. ¶¶ 4-5].)  Plaintiff also plans to call Ms. Wells to testify that a middle-aged

8   man *told her* that he was a member of law enforcement in Orange County and *told*

9   her that a colleague sent him crash site photos.  (*See* Dkt. 190-4 [Wells Decl.] ¶¶ 2-

10  4.)  She also plans to call Ms. Abraham to testify that her daughter *told her* that her

11  friend in LAPD *told her* that he or she had received crash site photos *that depicted*

12  gory images.  (*See* Sypek Decl. Ex. C [Plaintiff's Rog Responses] at p. 101.)

13         Plaintiff wants to offer these multiple levels of hearsay for the truth—namely,

14  that law enforcement officers (presumably County personnel) shared crash site

15  photos.  This is classic inadmissible hearsay.  *Carden v. Westinghouse Elec. Corp.*,

16  850 F.2d 996, 1002-03 (3d Cir. 1988) (supervisor's statement to plaintiff that "they

17  [an unidentified person] wanted a younger person" was inadmissible double hearsay

18  and its admission required reversal); *United States v. Taylor*, 462 F.3d 1023, 1026

19  (8th Cir. 2006) (police report containing citizen's account of a missing handgun

20  properly excluded since it contained double hearsay).

21  **E.**    **Evidence Of Non-County Photos Has No Probative Value, Is Highly**

22          **Prejudicial, And Will Mislead The Jury**

23         Relevant evidence may be excluded if the probative value is substantially

24  outweighed by the risk of undue prejudice, confusing the issues, misleading the jury,

25  undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R.

26  Evid. 403; *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the

27  evidence is of very slight (if any) probative value, it's an abuse of discretion to

28  admit it if there's even a modest likelihood of unfair prejudice or a small risk of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

1   misleading the jury."); *Old Chief v. United States*, 519 U.S. 172, 180–92 (1997).

2   Evidence relating to photos that did not originate with the County is not

3   probative of anything.  It will only confuse and mislead the jury into "inferring" that

4   photos were taken and disseminated by County personnel simply because other

5   images showed up on the Internet or because someone at a bar bragged about having

6   "insider information."  This would be highly prejudicial.  Gruesome (and

7   photoshopped) images that did not originate from the County, cannot be

8   authenticated, and are accompanied by unreliable hearsay statements will create a

9   sideshow that has no bearing on whether Defendants violated any of Plaintiff's

10  rights.  This is precisely what Rule 403 is intended to prevent.

11  Showing the jury gory images that do not actually depict the victims will only

12  inflame their emotions and add shock value to this case.  Because these posts and

13  messages are anonymous, Defendants would also be deprived of any opportunity to

14  cross-examine the authors about their statements and photos.  The danger of undue

15  prejudice far outweighs any probative value.

16  Moreover, this Court has imposed strict time limits for trial.  For every one of

17  these photos Plaintiff introduces or presents testimony on, Defendants will need to

18  present witnesses to walk through the many reasons it cannot be traced to the

19  County.  This will result in a series of mini-trials where *Defendants* bear the burden

20  of proof.  It would be a waste of the Court's and the jury's time and resources.

### III.

### DEFENDANTS' CONCLUSION

23  For the foregoing reasons, Defendants respectfully request that Plaintiff be

24  precluded from introducing evidence, witness testimony or argument at trial relating

25  to photos that cannot be traced to the County, including, but not limited to,

26  documents Bates labeled VB00000047-93 (Deposition Exhibit Nos. 92-93) and

27  RPELINKA0000001-6, and third-party witnesses Jennifer Bolden, Jessica Wells

28  and Rose Abraham.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

18

Case No. 2:20-cv-09582-JFW-E

JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

# IV.

## PLAINTIFF'S CONTENTIONS AND POINTS OF AUTHORITIES

Defendants essentially ask the Court to rule that Plaintiff cannot present circumstantial evidence of the full scope of Defendants' misconduct, after they intentionally deprived Plaintiff of the direct evidence of that misconduct.  By wiping or disposing of their phones, even after they were on notice of this litigation, Defendants willfully destroyed the direct evidence that would allow forensic tracing of the illicit photos they took and shared.  It is therefore impossible to prove directly which photos were sent to whom and when, and to trace the exact network of distribution of the photos.  Defendants think that means the full scope of their misconduct cannot be proven at all, and Plaintiff is limited to just the misconduct that Defendants have admitted.

Defendants are wrong.  Plaintiff may present circumstantial evidence of Defendants' misconduct and its effect, from which a juror reasonably could infer that Defendants engaged in more wrongdoing, and caused more harm, than Defendants admit.  Plaintiff plans to introduce: (1) the testimony of Jennifer Bolden, who had the photos accurately described to her in graphic, non-public detail by a member of the public with a friend in law enforcement, and Jessica Wells, who was shown the photos; (2) a photo posted on social media that claims and appears to depict the remains of Kobe Bryant (VB0000049-50, 52); and (3) evidence of online taunts and other comments that Plaintiff received regarding the photos (VB0000048, 51, 71, 96-103).[4]  This evidence is relevant to demonstrate the full scope of dissemination of the photos that Defendants took and shared, and the full scope of the harm inflicted on Ms. Bryant, including the substantial risk of future harm.  A

---

[4] Defendants also move to exclude Rose Abraham's testimony.  She is not on Plaintiff's witness list, and so the motion is moot with respect to her.  Defendants also move to exclude photos produced at RPELINKA0000001-6.  These are not on Plaintiff's exhibit list, and so these arguments are also moot.

jury could easily infer that Defendants are the source of the photos, as Defendants were the ones present at the scene when the victims' remains were uncovered; have admitted to taking and sharing the photos based on pure curiosity; and intentionally destroyed the direct evidence of their misconduct.  A jury could easily conclude that Defendants are responsible for foreseeable harm caused by the online taunting, which was enabled by what Defendants did.

In asking the Court to rule otherwise, Defendants are really asking for reconsideration of their losing summary judgment motion.  Defendants' motion was premised on a one-sided recitation of only the facts Defendants are willing to admit, on the theory that nothing else could be proven.  The Court disagreed, finding genuine issues of material fact for the reasons laid out in Plaintiff's opposition.  *See* ECF No. 227.  Among the reasons in Plaintiff's motion was the extensive circumstantial evidence of the breadth of dissemination of Defendants' illicit photos. *See* ECF No. 190 at 11-14, 16-17, 23.  Defendants thus ignore the Court's admonishment that it "will not hear or resolve motions in limine that are disguised summary judgment motions."  ECF No. 86 at 18.

**A.** **The Documents And Witness Testimony Are Relevant Circumstantial Evidence of the Full Scope of Defendants' Misconduct and Resulting Harm.**

**1.** **The County Cannot Profit Off Its Own Spoliation**

Defendants repeatedly emphasize that the photos at issue in their motion cannot be forensically traced to Defendants.  This is no accident.  Defendants' spoliation has made it impossible for anyone to develop such information.  As discussed in Plaintiff's Motion in Limine No. 1, by deleting their photos and text messages, and then subsequently wiping, "losing," or disposing of their devices after refusing to submit them for forensic examination, Defendants have deprived the jury of the direct evidence of the full scope of their misconduct: all the people to whom Defendants' employees texted the photos, and the extent to which the photos were

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

1    transferred by any of the many ways photos can be shared.

2    Defendants seek to take *advantage* of their destruction of the forensic trail,

3    exploiting the evidentiary void they have created.  Their theory is that only direct

4    evidence can tie photos of the victims' remains to them, and because they have

5    destroyed that evidence, they have succeeded in making it impossible for Plaintiff to

6    prove anything beyond what they will admit to.  But Defendants ignore that

7    circumstantial evidence is still evidence, even if it is the only kind of evidence

8    Defendants have left available to Plaintiff.  And especially in light of the inferences

9    that a jury can draw from Defendants' spoliation—*see* Plaintiff's Motion in Limine

10    No. 1—it is more than sufficient here to tie the photos to Defendants, as explained

11    below.  Defendants are not entitled to be taken at their word on the scope of their

12    misconduct.  And they should not be permitted to profit from their spoliation by

13    arguing that the evidence tying the photos to them is insufficient when they have

14    created that alleged insufficiency.

15    **2.    The Jury Can Infer from Circumstantial Evidence That the**

16    **Disputed Photos Originated with Defendants**

17    As the parties' stipulated instructions state, "[t]he law makes no distinction

18    between the weight to be given to either direct or circumstantial evidence."  Ninth

19    Cir. Model Jury Instr. Civ. 1.12 (2017 ed.).  The jury "has wide latitude to . . . draw

20    reasonable inferences from circumstantial evidence.  An inference is reasonable if it

21    flows from logical and probabilistic reasoning." *United States v. Lacy,* 904 F.3d

22    889, 900 (10th Cir. 2018).

23    Defendants argue that Plaintiff cannot prove that the photos Wells saw and

24    that were described to Bolden, and the photo posted on social media in VB0000049-

25    50, 52, came from Defendants.  But the circumstantial evidence is more than

26    adequate for the jury to conclude that the photos indeed came from Defendants.

27    First, there is sufficient evidence that the photo posted on social media, the

28    photos described to Bolden, and the photos seen by Wells all depict Kobe Bryant's

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

21

1   remains.  *See United States v. Stearns,* 550 F.2d 1167, 1171 (9th Cir. 1977) ("Even

2   if direct testimony as to foundation matters is absent ... the contents of a

3   photograph itself, together with such other circumstantial or indirect evidence as

4   bears upon the issue, may serve to explain and authenticate a photograph

5   sufficiently to justify its admission into evidence.").  As Kristina McGuire, Coroner-

6   Investigator in the LA County Department of Medical Examiner-Coroner (DMEC),

7   and Emily Tauscher, Captain in the DMEC, will testify at trial, the location of Kobe

8   Bryant's remains at the crash site matches what is depicted in the photo posted on

9   social media.  *See* ECF No. 201-25 at 2729; Declaration of Craig Jennings Lavoie,

10  Ex. A.  Similarly, as McGuire and Tauscher will also testify, the vivid and gruesome

11  detail in which the man described to Bolden exactly what was in the photos he was

12  shown by his friend in law enforcement accurately described the condition of the

13  victims' remains, at a time when such detail was not in the public domain.  That is

14  strong circumstantial evidence that the man had been shown photos of Kobe

15  Bryant's and Gianna Bryant's actual remains.

16      Second, there is sufficient evidence for the jury to infer that these photos

17  originated with Defendants.  It is undisputed that Defendants (and other LASD and

18  LAFD employees) were present at the scene in the immediate aftermath of the crash

19  when the victims' remains were uncovered, and that they took and shared illicit

20  photos of the remains for their own gratification.  There is no evidence that anyone

21  else did so.  Defendants argue (without citing any evidence) that "[o]ther agencies

22  were at the crash site taking photos"—namely, the NTSB, FBI, and FAA.  Mot. 11

23  n.2.  But they offer no evidence that anyone from those agencies was present while

24  the remains were uncovered, or took photos of the remains for fun and shared them

25  with friends and strangers.  The jury could easily infer that photos of the victims'

26  remains at the crash scene originated with Defendants' illicit taking and sharing of

27  photos.

28      **3.    The Evidence Is Relevant to Show the Full Scope of Defendants'**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

1

**<u>Misconduct and Its Harm</u>**

2   The evidence Defendants seek to exclude is relevant to show the full scope of

3  Defendants' misconduct and the harm it caused.  Defendants have repeatedly argued

4  that their misconduct is not actionable because they shared the illicit photos only

5  internally and not with the general public.  This evidence directly refutes that

6  contention: someone at LASD and/or LAFD must have shared the photos externally

7  for them to have appeared on social media, been shown to Wells, and been

8  described in graphic detail to Bolden.  If Defendants did not directly share the

9  photos on social media or with Wells or the man who spoke to Bolden, they shared

10  them with someone outside their agencies who did.

11   The full scope of Defendants' disclosure is relevant in several respects.  First,

12  Defendants contend that there had to be widespread public dissemination for them to

13  have violated Plaintiff's constitutional and legal rights to privacy and due care.  ECF

14  No. 169-1 at 9, 16-17; Joint Proposed Jury Instructions at 54.  Defendants are wrong

15  that such public dissemination is required.  *See* ECF No. 190 at 17, 22-23.  But to

16  the extent Defendants will make these arguments at trial, the jury must hear all

17  evidence on the scope of dissemination.  Second, the extent of dissemination is

18  relevant to Plaintiff's harm and to damages for her reasonable fear that the photos

19  will go viral in the future.  Defendants argue the photos can't get out again because

20  they were only on a few devices and were deleted.  But their spoliation makes it

21  impossible to know that, and this evidence demonstrates that the photos spread far

22  more widely than Defendants acknowledge.  Because Defendants never had the

23  photos contained, Defendants cannot ensure that they were all deleted.  It is entirely

24  reasonable for Plaintiff to live in fear that she may confront them at any moment.

25  Similarly, the online harassment that Plaintiff has endured due to Defendants taking

26  and sharing the photos of her husband's and daughter's remains is strong evidence

27  of the harm she has suffered as a direct result of Defendants' misconduct, and highly

28  relevant to damages.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    Defendants attempt to absolve themselves of the harm caused by the further
2  public dissemination of photos they took and shared, and the online harassment of
3  Plaintiff about those photos.  Other people did those things, Defendants argue, so
4  they aren't responsible for it; the jury should only hear about Defendants' conduct,
5  not what happened as a result of that conduct.  *See* Mot. 12.  But Defendants
6  misunderstand the law of causation.

7    A party "is liable for the foreseeable consequences" of his negligence.  *Sears*
8  *v. Morrison,* 76 Cal. App. 4th 577, 580 (1999).  "The intervention of a force which
9  is a normal consequence of a situation created by the actor's negligent conduct is not
10  a superseding cause of harm which such conduct is a substantial factor in
11  bringing about."  *Id.* (citation omitted); *see also Anaya v. Superior Court,* 78 Cal.
12  App. 4th 971, 973 (2000) ("An actor . . . is not relieved of liability because of the
13  intervening act of a third person if such act was reasonably foreseeable at the time of
14  the original negligent conduct.").

15    In *Marsh,* the court explained that the mother's emotional distress from her
16  fear of one day encountering pictures of her deceased child online was "not
17  unreasonable given the viral nature of the Internet."  *Marsh v. County of San Diego*,
18  680 F.3d 1148, 1155 (9th Cir. 2012).  That fear, which stemmed from third-party
19  conduct in reproducing the images of her deceased child, went to proving that the
20  defendants' conduct "shocks the conscience" because the third-party conduct was
21  entirely foreseeable and the defendant government official set it in motion when he
22  shared the images.  For the same reason, evidence that Defendants shared the photos
23  to a degree making it plausible that they will go viral on the internet in the future is
24  plainly relevant here.  And it supports Plaintiff's damages for emotional distress
25  stemming from an identical fear.
26    The evidence is also relevant to support Plaintiff's claims regarding the
27  emotional distress she has suffered due to the sharing that has already occurred and
28  the online taunts she has endured about the photos.  This was a clearly foreseeable

consequence of Defendants' conduct, based not only on a common-sense understanding of how people behave on the internet, but on the events in *Catsouras v. Dep't of Highway Patrol*, 181 Cal. App. 4th 856 (2010). There, California Highway Patrol officers took photos of the decapitated remains of an accident victim and shared them. The photos were posted online and "Plaintiffs were subjected to malicious taunting" over email and on websites. *Id.* at 865. The court stated that "[i]t was perfectly foreseeable that the public dissemination, via the Internet, of photographs of the decapitated remains of a teenage girl would cause devastating trauma" to her parents and siblings. *Id.* at 864. The court explained that "the extreme and outrageous conduct" of the officers who leaked the photos "proximately caused" the plaintiffs' emotional distress. *Id.* at 875. The court rejected the CHP's argument that "it was not foreseeable that the gruesome photographs . . . would be forwarded to thousands of Internet users," saying: "in these days of Internet sensationalism, we must disagree." *Id.* at 882.

Social media is far more ubiquitous now than it was when *Catsouras* was decided in 2010, making dissemination and online taunting even more foreseeable. Indeed, Sheriff Villanueva himself acknowledged that this conduct was reasonably foreseeable when he stated that he thought of the *Catsouras* case in the aftermath of the deputies' misconduct, and how the gruesome photos leaked by CHP officers proliferated on the internet and caused strangers to mock the family online. Lavoie Decl. Ex. B. It was entirely foreseeable that Defendants' photos and misconduct would become public, and that internet users would subject Plaintiff to mockery and taunting about the photos. The jury can find that Defendants are responsible for that harm.

The jury can likewise find that the Defendants are responsible for further spread of the photos. This is supported by the well-established rule in the defamation context that a defendant is liable for all foreseeable subsequent disclosures of a defamatory statement. *See Di Giorgio Corp. v. Valley Labor*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Case No. 2:20-cv-09582-JFW-E

JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

*Citizen*, 260 Cal. App. 2d 268, 273 (1968); *see also McKinney v. County of Santa Clara,* 110 Cal. App. 3d 787, 796 (1980) (originator of the defamatory statement is liable for damages caused by subsequent disclosure that is "the natural and probable consequence of the originator's actions"). The rationale for such liability "is the strong causal link between the actions of the originator and the damage caused by the republication," *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1285 (1991). That rationale applies equally in the present context, where there is clearly a strong causal link between Defendants' improper sharing of gruesome photos with others in the law enforcement community, friends, and strangers, and those individuals then further sharing the photographs.

**B.      Plaintiff Can Establish the Authenticity of the Social Media Posts**

Defendants are incorrect that "Plaintiff cannot establish that any of the social media posts, online messages or photos are what they purport to be" without testimony from the author of the posts, and thus cannot establish authenticity under Rule 901. Mot. 14. The cases they cite are inapposite; they stand only for the proposition that to authenticate an online post as originating from a specific person, the moving party must provide evidence that the post did, in fact, originate from that person. *See, e.g., Urrutia v. Chipotle Mexican Grill, Inc.*, No. CV 16-02065-BRO (MRWx), 2017 WL 2901717, at *6 (C.D. Cal. June 16, 2017) (finding lack of foundation where defendants failed to authenticate that the screenshot "is what it purports to be: the LinkedIn profile of the *particular*" person); *United States v. Vayner*, 769 F.3d 125, 131 (2d Cir. 2014) (same).

Plaintiff is not trying to prove that the social media posts came from Defendants or any particular person. It does not matter who sent them; Defendants are responsible for the foreseeable harm caused by that online taunting regardless of who did it. Plaintiff is just trying to prove that she saw these posts on the internet and was hurt by them—a fact to which she herself is perfectly competent to testify. *See Estate of Konell v. Allied Prop. & Cas. Ins. Co.*, No. 3:10-cv-955-ST, 2014 WL

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

26

1   11072219, at *1 (D. Or. Jan. 28, 2014) (recognizing that a party who printed

2   documents from a website could authenticate the documents himself via his own

3   testimony).

4   **C.**      **The Witness Testimony Is Not Inadmissible Hearsay**

5          Defendants are wrong that the testimony Plaintiff intends to offer through

6   Wells and Boden is hearsay.  Wells will testify that a man came into the TGI

7   Friday's where she was working in Corona and showed her photographs of the crash

8   site.  ECF No. 190-4 (Declaration of Jessica Wells) at ¶ 2.  She is testifying from her

9   own observations about what she saw.

10         Nor is Bolden's testimony hearsay when she relays the detailed description

11  she heard of the non-public information in the photos.  Rather, the statements she is

12  recounting are themselves circumstantial evidence that the photos had been

13  disseminated.  In *United States v. Ambrose*, 668 F.3d 943 (7th Cir. 2012), a witness

14  testified about hearing some individuals discuss non-public details about an

15  individual in Witness Protection—information alleged to have been leaked.  In

16  finding that the witness's testimony was not hearsay, the court explained that the

17  statements "could be introduced not to prove that those things in fact happened, but

18  to demonstrate that the information received by [the declarants] was information

19  that would only have been available to persons involved in" protecting the

20  individual in witness protection.  *Id.* at 961.  In other words, the statements were

21  admissible non-hearsay "as evidence that the leaked information was in fact

22  received by someone," and "could be used as circumstantial evidence of the identity

23  of the source of the information in that the type of information received could only

24  have been known—and thus revealed—by a limited number of persons."  *Id.*

25         That is exactly the situation here.  The man Jennifer Bolden spoke to in the

26  bar described in vivid and gruesome detail exactly what was in the photos he was

27  shown by his friend in law enforcement.  His description to Bolden was an accurate

28  recitation of the state of the victims' remains, at a time when such detail was not in

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

1   the public domain and known only to members of the agencies that first responded
2   to the crash and the people with whom they shared their photos.

3       Defendants contend that Plaintiff intends to offer the statements of Bolden for
4   their truth, "namely, that law enforcement officers (presumably County personnel)
5   shared crash site photos." (Mot. 16.) Not so. The statements made to Bolden are
6   themselves circumstantial evidence that the photos were disseminated by County
7   employees. The testimony shows that members of the public could recount
8   graphically and in detail the state of the victims' remains at the crash scene,
9   Plaintiff's private information which was possessed only by the County's first
10  responders or those with whom they had shared their photos. It is therefore
11  circumstantial evidence of Defendants' wrongful dissemination of the photos.

12  **D.    <u>The Evidence Is Not Unfairly Prejudicial</u>**

13      Defendants are correct that showing these photos to the jury as circumstantial
14  evidence of Defendants' misconduct could result in the jury "'inferring' that photos
15  were taken and disseminated by County personnel." (Mot. 17.) That is not *unfairly*
16  prejudicial, but rather the kind of fair prejudice that flows from circumstantial
17  evidence that contradicts a party's story. Nor is this a "sideshow" (*id.*)—it speaks to
18  issues at the core of this case, as explained above.

19      There is no danger of unfairly inflaming the jury. The photos at issue are
20  orders of magnitude less "gory" (*Id.*) than the photos taken by Deputy Doug
21  Johnson in the aftermath of the crash. And they show what Plaintiff had to deal
22  with as a result of Defendants' conduct, which is necessary for the jury to
23  understand her suffering. It will be necessary for the jury to be exposed to some
24  level of detail during the trial in order for them to fully understand the Defendants'
25  misconduct. Having created and disseminated graphic images of the victims'
26  remains, setting in motion these awful online taunts, Defendants cannot now try to
27  shield that evidence from the jury on the ground that it is too upsetting.

28

Miller Barondess, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  | DATED:  January 20, 2022  |  OFFICE OF COUNTY COUNSEL

2

3

4  | By:  ___/ s / Jonathan C. McCaverty___

5  | JONATHAN C. McCAVERTY

6  | Attorneys for Defendant
   | LOS ANGELES COUNTY SHERIFF'S
   | DEPARTMENT

7

8

9  | DATED:  January 20, 2022  |  MILLER BARONDESS, LLP

10

11  | By:  ___/ s / Louis R. Miller___

12  | LOUIS R. MILLER

13  | Attorneys for Defendants
    | COUNTY OF LOS ANGELES, LOS

14  | ANGELES COUNTY FIRE
    | DEPARTMENT, JOEY CRUZ, RAFAEL

15  | MEJIA, MICHAEL RUSSELL, and

16  | RAUL VERSALES

17

18  | DATED:  January 20, 2022  |  WILSON SONSINI GOODRICH & ROSATI

19

20

21  | By:  ___/ s / Luis Li___

22  | LUIS LI

23  | Attorneys for Plaintiff
    | VANESS BRYANT

24

25

26

27

28

29

Case No. 2:20-cv-09582-JFW-E

JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

## **SIGNATURE ATTESTATION**

2

The other signatories listed, and on those behalf the filing is submitted,

3

concur in the filing's content and have authorized the filing.

4

5

DATED:  January 20, 2022          MILLER BARONDESS, LLP

6

7

8

By: _____/ s / Louis R. Miller_____

9

LOUIS R. MILLER

Attorneys for Defendants

10

COUNTY OF LOS ANGELES, LOS

ANGELES COUNTY FIRE

11

DEPARTMENT, JOEY CRUZ, RAFAEL

MEJIA, MICHAEL RUSSELL, and

12

RAUL VERSALES

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:20-cv-09582-JFW-E

JOINT STIPULATION RE DEFENDANTS' MIL NO. 1 TO EXCLUDE EVIDENCE OF PHOTOGRAPHS AND
WITNESSES WHO HAVE NOTHING TO DO WITH AND NO CONNECTION TO THE COUNTY

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400