LUIS LI (State Bar # 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar # 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone:  (323) 210-2900
Facsimile:   (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar # 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar # 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. 2:20-cv-09582-JFW(Ex)<br><br>**PLAINTIFF'S REPLY BRIEF RE** *MONELL* **CLAIM**<br><br>Final Pretrial Conference:<br>    July 8, 2022 at 8:00 a.m.<br><br>Hearing on Motions *in Limine*:<br>    July 15, 2022 at 8:00 a.m.<br><br>Trial Date:  July 26, 2022<br><br>The Honorable John F. Walter |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...............................................................................................1

II.  ARGUMENT ....................................................................................................1

    A.   A Party Who *Defeats* Summary Judgment Does Not Forfeit
        Additional Arguments It Could Have Used to Defeat the Motion ........1

    B.   Defendants Do Not Show That the Court Erred by Failing to
        Dismiss the *Monell* Claim ...............................................................6

        1.   The Court Properly Denied Summary Judgment on the
            Entire *Monell* Claim under Any One Theory ...............................7

        2.   Summary Judgment Was Properly Denied on a
            Custom/Practice Theory .................................................................8

        3.   Plaintiff Presented Evidence of Failure to Investigate and
            Discipline, Which Is Not an Independent Theory of
            Liability ........................................................................................10

1

## TABLE OF AUTHORITIES

2

Page(s)

3

## CASES

4

*Adickes v. S.H. Kress & Co.,*
398 U.S. 144 (1970) ........................................................................................ 9

5

6

*Ames v. Cnty. of San Bernardino,*
2020 WL 5875012 (C.D. Cal. July 30, 2020) ............................................ 3

7

*Armbruster v. Unisys Corp.,*
32 F.3d 768 (3d Cir. 1994) ......................................................................... 6

8

9

*BankAmerica Pension Plan v. McMath,*
206 F.3d 821 (9th Cir. 2000) ...................................................................... 2

10

*Beem v. Providence Health & Servs.,*
2011 WL 13228199 (E.D. Wash. Dec. 12, 2011) ...................................... 2

11

12

*Bequeath v. L.B. Foster Co.,*
367 F. Supp. 2d 779 (W.D. Pa. 2005) .................................................... 2, 6

13

*California v. Verticare Inc.,*
1993 WL 245544 (N.D. Cal. Mar. 1, 1993) .............................................. 8

14

15

*Chew v. Gates,*
27 F.3d 1432 (9th Cir. 1994) ...................................................................... 6

16

*Cobarrubia v. Edwards,*
2021 WL 735470 (N.D. Cal. Feb. 25, 2021),
*reconsideration denied,* 2021 WL 4846948 (June 4, 2021) ...................... 3

17

18

*Coleman v. Bank of N.Y. Mellon,*
798 F. App'x 131 (9th Cir. 2020) ............................................................... 2

19

20

*Conn v. City of Reno,*
591 F.3d 1081 (9th Cir. 2010),
*cert. granted, judgment vacated,* 563 U.S. 915 (2011),
*opinion reinstated in relevant part,* 658 F.3d 897 (9th Cir. 2011) .......... 10

21

22

*Curtin v. Cnty. of Orange,*
2018 WL 10320668 (C.D. Cal. Jan. 31, 2018) .......................................... 6

23

24

*Daingerfield Island Protective Soc'y v. Babbitt,*
40 F.3d 442 (D.C. Cir. 1994) ...................................................................... 6

25

*Davis v. City of Las Vegas,*
478 F.3d 1048 (9th Cir. 2007) ..................................................................... 2

26

27

*Fowzer v. Cnty. of San Bernardino,*
2018 WL 5880774 (C.D. Cal. Aug. 7, 2018) ............................................. 9

28

*Grandstaff v. City of Borger*,
  767 F.2d 161 (5th Cir. 1985) .......................................................... 10, 12

*Heinemann v. Satterberg*,
  731 F.3d 914 (9th Cir. 2013) ................................................................. 9

*Henry v. Gill Indus., Inc.*,
  983 F.2d 943 (9th Cir. 1993) ................................................................. 9

*Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*,
  43 F. Supp. 3d 644 (E.D. Va. 2014) ...................................................... 8

*In re Com. Acceptance Corp.*,
  1993 WL 327833 (9th Cir. Aug. 27, 1993) ........................................... 3

*In re Outlaw Lab'y, LP Litig.*,
  2020 WL 5552558 (S.D. Cal. Sept. 16, 2020) ................................ 2, 11

*Jenkins v. Cnty. of Riverside*,
  25 F. App'x 607 (9th Cir. 2002) ........................................................... 3

*Jenkins v. Cnty. of Riverside*,
  398 F.3d 1093 (9th Cir. 2005) .............................................................. 3

*Lerro v. Wal-Mart Stores, Inc.*,
  2009 WL 10684916 (E.D. Pa. July 14, 2009) ....................................... 8

*Lexington Ins. Co. v. Henkels & McCoy, Inc.*,
  2002 WL 32130104 (E.D. Pa. May 20, 2003) ...................................... 8

*Locricchio v. Legal Servs. Corp.*,
  833 F.2d 1352 (9th Cir. 1987) ......................................................... 2, 11

*Long Beach Unified Sch. Dist. v. Santa Catalina Island Co.*,
  2021 WL 4706552 (C.D. Cal. Aug. 17, 2021) (Walter, J.) ................... 3

*Long v. Howard Univ.*,
  439 F. Supp. 2d 68 (D.D.C. 2006) ........................................................ 6

*Long v. Howard Univ.*,
  550 F.3d 21 (D.C. Cir. 2008) ......................................................... 2, 5, 6

*Long v. Pend Oreille Cnty. Sheriff's Dep't*,
  269 F. App'x 749 (9th Cir. 2008) ......................................................... 3

*Menotti v. City of Seattle*,
  409 F.3d 1113 (9th Cir. 2005) .......................................................... 10, 12

*Move, Inc. v. Real Est. All. Ltd.*,
  221 F. Supp. 3d 1149 (C.D. Cal. 2016), *aff'd in part*,
  721 F. App'x 950 (Fed. Cir. 2018) ........................................................ 4

*Pantry, Inc. v. Stop-N-Go Foods, Inc.*,
  796 F. Supp. 1164 (S.D. Ind. 1992) ...................................................... 5

*Penniston v. City of N.Y.*,
  2017 WL 11507663 (E.D.N.Y. Dec. 15, 2017) ..............................................8

*Perkins v. City of Anaheim*,
  2021 WL 3598730 (C.D. Cal. Apr. 26, 2021)..................................................3

*Ramirez v. City of Buena Park*,
  560 F.3d 1012 (9th Cir. 2009) .......................................................................2

*Ratha v. Phatthana Seafood Co.*,
  2017 WL 8293174 (C.D. Cal. Dec. 21, 2017) (Walter, J.) ............................3

*Shakur v. Schriro*,
  514 F.3d 878 (9th Cir. 2008) .........................................................................2

*Thomas v. Cannon*,
  2017 WL 2289081 (W.D. Wash. May 25, 2017) ............................................8

*Tunis v. Corning Glass Works*,
  698 F. Supp. 452 (S.D.N.Y. 1988) .................................................................8

*U.S. Bank N.A. v. PHL Variable Ins. Co.*,
  2014 WL 2199428 (S.D.N.Y. May 23, 2014)..................................................4

*U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*,
  2015 WL 4610894 (S.D.N.Y. July 30, 2015) .........................................2, 4, 5

*United Mine Workers of Am. 1974 Pension v. Pittston Co.*,
  984 F.2d 469 (D.C. Cir. 1993) .......................................................................5

*United States v. Heredia*,
  483 F.3d 913 (9th Cir. 2007) .........................................................................6

*Vincent v. Reyes*,
  2020 WL 5893395 (N.D. Cal. Oct. 5, 2020) ..................................................3

*Watson v. Amedco Steel, Inc.*,
  29 F.3d 274 (7th Cir. 1994)............................................................................1

*Whitaker v. Simha P'ship*,
  2020 WL 2036653 (C.D. Cal. Jan. 21, 2020) (Walter, J.) .............................4

*Williams v. Cnty. of San Diego*,
  523 F. Supp. 3d 1183 (S.D. Cal. 2021) ..........................................................3

*Williams v. Cnty. of San Diego*,
  542 F. Supp. 3d 1070 (S.D. Cal. 2021) ..........................................................7

**STATUTES**

42 U.S.C. § 1983...................................................................................................7

# RULES

9th Cir. R. 36-3(c) ........................................................................... 3

Fed. R. Civ. P. 56 ........................................................................... 11

Fed. R. Civ. P. 56,
    Comm. Note to 2010 Am., subdiv. (e)(2) ...................................... 2

C.D. Cal. Civ. L.R. 7-18 ................................................................. 7

I. **INTRODUCTION**

Defendants' Responsive Brief reveals their "abandonment" argument for what it really is: a thinly-veiled and unjustified request for reconsideration of the Court's denial of their summary judgment motion. Relying on cases where the district court *granted* summary judgment or partial summary judgment on the relevant claim or issue, Defendants contend that the Court likewise should have granted summary judgment on Plaintiff's *Monell* claim. But the Court did the opposite; it denied Defendants' summary judgment motion in its entirety. And for good reason: Defendants' motion did not show entitlement to summary judgment and Plaintiff adduced evidence showing triable issues of material fact on all claims.

Defendants cite *no precedent* holding that a plaintiff who *defeats* a summary judgment motion in its entirety abandons arguments or evidence that she supposedly did not use to defeat the motion. On the contrary, cases hold that the denial of summary judgment has no effect on the preservation of arguments and evidence for trial. And Defendants do not even attempt to establish, and cannot establish, grounds for reconsideration of the Court's denial of summary judgment.

II. **ARGUMENT**

A. **A Party Who *Defeats* Summary Judgment Does Not Forfeit Additional Arguments It Could Have Used to Defeat the Motion**

As Plaintiff showed in her opening brief, a party who successfully opposes summary judgment is not required to make every argument or cite all evidence it may use at trial in order to preserve them; it need only convince the Court that there are triable issues of material fact precluding judgment. If a party *loses* summary judgment on a claim or issue, it may forfeit additional arguments it could have made because that party generally will not be able to seek reconsideration on grounds it could have raised or present on appeal arguments it did not raise in the district court. But a denial of summary judgment decides nothing other than "that the case should go to trial." *Watson v. Amedco Steel, Inc.*, 29 F.3d 274, 277 (7th Cir. 1994). When

1   summary judgment on a claim or issue is denied, a party at trial is free to contest
2   additional facts that it didn't contest at summary judgment,[1] introduce additional
3   evidence that it didn't use at summary judgment,[2] and argue additional theories that
4   it didn't argue at summary judgment,[3] so long as that information was properly
5   disclosed and preserved at other stages of the case, as here.

6          None of Defendants' cases are to the contrary.  They all involve summary
7   judgment being *granted* (in whole or in relevant part) after a party failed to contest a
8   point.  None of Defendants' cases hold that a plaintiff who successfully *defeats*
9   summary judgment on a claim or issue forfeits additional arguments or evidence that
10  the plaintiff did not raise.  In particular, all of Defendants' Ninth Circuit cases
11  involve district courts *granting* summary judgment and the court of appeals noting it
12  would not consider on appeal arguments not raised in the district court.[4]  Similarly,

13

14  [1] *See, e.g.*, Fed. R. Civ. P. 56, Comm. Note to 2010 Am., subdiv. (e)(2); *In re
    Outlaw Lab'y, LP Litig.*, 2020 WL 5552558, at *14 n.1 (S.D. Cal. Sept. 16, 2020).

15  [2] *See, e.g.*, *Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1359 (9th Cir. 1987);
16  *Beem v. Providence Health & Servs.*, 2011 WL 13228199, at *2 (E.D. Wash. Dec.
    12, 2011).

17  [3] *See, e.g.*, *Long v. Howard Univ.*, 550 F.3d 21, 24 (D.C. Cir. 2008); *U.S. Bank Nat'l
18  Ass'n v. PHL Variable Ins. Co.*, 2015 WL 4610894, at *2 (S.D.N.Y. July 30, 2015);
19  *Bequeath v. L.B. Foster Co.*, 367 F. Supp. 2d 779, 787 & n.5 (W.D. Pa. 2005).

20  [4] *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) (district
    court granted summary judgment; plaintiff "waived his challenge to the district
21  court's order" as to state law claims by not addressing them below); *Shakur v.
    Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (summary judgment; by failing
22  to raise Establishment Clause claim in his opposition to motion, plaintiff "failed to
23  preserve this issue for appeal"); *Davis v. City of Las Vegas*, 478 F.3d 1048, 1058-59
    (9th Cir. 2007) (summary judgment granted; although plaintiff failed to address state
24  law claim in opposition, he preserved right to appeal by addressing it in cross-
25  motion); *BankAmerica Pension Plan v. McMath*, 206 F.3d 821, 825-26 (9th Cir.
    2000) (summary judgment granted; appellant not permitted to dispute on appeal a
26  point it conceded at hearing in district court); *Coleman v. Bank of N.Y. Mellon*, 798
27  F. App'x 131, 132 (9th Cir. 2020) (summary judgment granted; plaintiff forfeited
28  challenge to dismissal of certain claims by failing to address them in opposition to

all of Defendants' district court cases in which a plaintiff loses the right to pursue a

claim or issue at trial involve the court *granting* summary judgment or partial

summary judgment on that claim or issue on the ground that the party had conceded

the point by failing to respond to it in its opposition.[5]

_____

motion because "[w]e do not consider … arguments and allegations raised for the first time on appeal"); *Long v. Pend Oreille Cnty. Sheriff's Dep't*, 269 F. App'x 749, 750-51 (9th Cir. 2008) (summary judgment granted; plaintiff forfeited challenge to dismissal of false arrest claim by not raising it below).  Defendants also cite *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005), where the court noted as background that the district court had granted summary judgment at an earlier stage and that the plaintiff had abandoned two claims by not addressing them in her opposition.  But there is no indication that plaintiff disputed that she had abandoned the claims, which were not addressed on appeal from that prior order.  *See Jenkins v. Cnty. of Riverside*, 25 F. App'x 607, 608 (9th Cir. 2002).  Defendants also cite *In re Com. Acceptance Corp.*, 1993 WL 327833, at *3 (9th Cir. Aug. 27, 1993), but that unpublished decision may not be cited, *see* 9th Cir. R. 36-3(c), and in any event, it, too, involved the granting of summary judgment and a party raising on appeal an issue she failed to raise below.

[5] *See Long Beach Unified Sch. Dist. v. Santa Catalina Island Co.*, 2021 WL 4706552, at *14 (C.D. Cal. Aug. 17, 2021) (Walter, J.) (granting summary judgment on private nuisance claim before limitations period because plaintiff conceded point by not addressing it in its brief); *Ratha v. Phatthana Seafood Co.*, 2017 WL 8293174, at *3 & n.3 (C.D. Cal. Dec. 21, 2017) (Walter, J.) (granting summary judgment on only claim asserted against party); *Ames v. Cnty. of San Bernardino*, 2020 WL 5875012, at *8 (C.D. Cal. July 30, 2020) (granting summary judgment as to separate claims for *Monell* liability for failure to train and for ratification because plaintiff did not defend those claims in opposition); *Perkins v. City of Anaheim*, 2021 WL 3598730, at *15 (C.D. Cal. Apr. 26, 2021) (granting summary judgment on *Monell* claim because plaintiffs did not address *Monell* issue or provide evidence of unconstitutional custom or policy); *Williams v. Cnty. of San Diego*, 523 F. Supp. 3d 1183, 1198-99 (S.D. Cal. 2021) (granting summary judgment on *Monell* claim, rejecting one theory and concluding the other had been intentionally abandoned and conceded); *Vincent v. Reyes*, 2020 WL 5893395, at *5 (N.D. Cal. Oct. 5, 2020) (granting summary judgment on *Monell* claim because "Plaintiff does not oppose Defendants' motion as to his *Monell* claim" and failed "to offer any argument or evidence in opposition"); *Cobarrubia v. Edwards*, 2021 WL 735470, at *7 (N.D. Cal. Feb. 25, 2021), *reconsideration denied*, 2021 WL 4846948 (June 4, 2021)

1    That is not what happened here.  The Court did not grant any part of

2  Defendants' summary judgment motion, whether on the ground that Plaintiff had

3  conceded a point or otherwise.  Instead, the Court denied summary judgment in its

4  entirety because genuine issues of material fact precluded judgment in Defendants'

5  favor.  (ECF No. 227.)  In that circumstance, as Plaintiff's authorities show, nothing

6  has been decided except that the case must go to trial, and nothing was forfeited.

7    Because Defendants have no authority to support their abandonment

8  argument where summary judgment is denied in its entirety or on the relevant claim

9  or issue, they attempt to distinguish the cases Plaintiff cited.  But those claimed

10  distinctions do not hold up.  For example, Defendants purport to distinguish *U.S.*

11  *Bank* and *Long* on the ground that the moving party had not addressed the issue in

12  its motion papers.  But those decisions plainly did not turn on that fact, but rather on

13  whether the defendant had survived summary judgment on the claim.

14    The decision in *U.S. Bank N.A. v. PHL Variable Ins. Co.*, 2015 WL 4610894

15  (S.D.N.Y. July 30, 2015) does not say whether the moving defendant specifically

16  addressed the particular breach of contract theory in its moving papers, but it is clear

17  the defendant moved for summary judgment on *all* claims, including on the entirety

18  of the plaintiff's breach of contract claim.  *See U.S. Bank N.A. v. PHL Variable Ins.*

19  *Co.*, 2014 WL 2199428, at *1, 6-14 (S.D.N.Y. May 23, 2014).  The court granted

20  the motion in part and denied it in part, holding that one theory of breach was

21

22  (granting summary judgment on one theory of excessive force because plaintiff did
not address it).  Defendants also cite *Whitaker v. Simha P'ship*, 2020 WL 2036653,
23  at *1 & n.1 (C.D. Cal. Jan. 21, 2020) (Walter, J.), but there the plaintiff had sought
summary judgment on one of his two claims without mentioning the other, and the
24  Court simply noted that it "presumes that Plaintiff has abandoned" the other claim.
25  *Id*.  The Court did not hold that the plaintiff would be precluded from pursuing the
claim at trial after the motion was denied.  Nor would that make sense:  A party may
26  seek partial summary judgment on one claim, and there is no requirement to move
27  for summary judgment on all claims to preserve them.  *See, e.g.*, *Move, Inc. v. Real*
*Est. All. Ltd.*, 221 F. Supp. 3d 1149, 1157 (C.D. Cal. 2016).
28

foreclosed but two others could go to trial.  *Id*.  The plaintiff then raised a fourth

theory of breach in the joint pretrial order.  *U.S. Bank*, 2015 WL 4610894, at *2.

Because the theory was sufficiently covered by the complaint, and because the

defendant survived summary judgment on the claim, it was free to pursue that

theory at trial.  The failure to raise the theory in opposition to summary judgment

meant that the plaintiff had "forfeited its right to use the [theory] in order to defeat

[defendant's] summary judgment motion."  *Id*.  But having defeated summary

judgment on other grounds, and given "the well-established" principle that "a party

need not raise on summary judgment every argument it intends to advance at trial,"

the failure to raise it in opposition to summary judgment "means nothing other than

that the argument is reserved for trial."  *Id*.  The same is true here.

   The decision in *Long v. Howard Univ.*, 550 F.3d 21 (D.C. Cir. 2008) likewise

does not say whether the moving party raised the affirmative defense to the

discrimination claim in its moving papers.  But a string of decisions by the D.C.

Circuit shows that this is not a relevant distinction.  In *United Mine Workers of Am.

1974 Pension v. Pittston Co.*, 984 F.2d 469, 478 (D.C. Cir. 1993), the D.C. Circuit

held that a defendant who *lost* summary judgment waived affirmative defenses it

failed to raise in opposition to summary judgment re on plaintiffs' claim.  There is no

indication that the moving plaintiffs addressed the affirmative defenses in their

motion.  Rather, the court noted that, "[s]ince disposition on summary judgment

would resolve the case as a matter of law, [defendant] naturally should have briefed

dispositive legal defenses like the running of the limitations period."  *Id*.  And "the

failure to raise an affirmative defense in opposition to a motion for summary

judgment constitutes an abandonment of the defense."  *Id*. (citing *Pantry, Inc. v.

Stop-N-Go Foods, Inc.*, 796 F. Supp. 1164, 1167-68 (S.D. Ind. 1992) (defendant

who lost summary judgment on liability waived affirmative defenses by not

presenting them in opposition to motion; plaintiff was not obligated to raise

affirmative defenses in its motion)).  In *Long*, however, the defendant also did not

raise an affirmative defense in opposing summary judgment but nevertheless preserved the defense for trial.  550 F.3d at 24-25.  The difference was that—like here—the party *defeated* summary judgment on other grounds and had preserved the defense in its pleading and other submissions.  *See id.*; *Long v. Howard Univ.*, 439 F. Supp. 2d 68, 70 (D.D.C. 2006); *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994) (distinguishing *Pittston* on the ground that defendant there attempted to "rais[e] those defenses for the first time *after summary judgment had been granted in the plaintiff's favor*" (emphasis added)).

Turning to *Bequeath* and *Armbruster*, Defendants argue that the discrimination claims at issue there were "unique" because "the plaintiff [did] not have to elect to proceed under a specific theory" and the judge would decide whether the evidence presented at trial supported instructions on either theory. (Defs.' Br. 13-14.)  But the same is true of *Monell* liability.  Just as a plaintiff can attempt to prove unlawful employment discrimination under either a "pretext" or a "mixed motive" theory and there are different jury instructions for each, *Armbruster v. Unisys Corp.*, 32 F.3d 768, 782 n.17 (3d Cir. 1994), Plaintiff here can prove *Monell* liability under either a theory of custom/practice or a policy of inaction and there are different instructions for each.  No authority requires Plaintiff to elect between the two theories before trial; both instructions should be given if the evidence supports both.  *See, e.g.*, *United States v. Heredia*, 483 F.3d 913, 923 (9th Cir. 2007); *Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994); *Curtin v. Cnty. of Orange*, 2018 WL 10320668, at *13 (C.D. Cal. Jan. 31, 2018).

## B.   Defendants Do Not Show That the Court Erred by Failing to Dismiss the *Monell* Claim

What Defendants are really arguing is that the Court, in ruling on Defendants' motion for summary judgment, *should have* dismissed the *Monell* claim. Defendants argue that Plaintiff did not sufficiently contest their arguments about liability under a custom/practice or failure to investigate/discipline theory, so the

Court should have dismissed those theories as forfeited.  Defendants also argue that Plaintiff's evidence at summary judgment did not support even a theory of failure to train, such that the Court apparently should have dismissed the entire claim.  (*See* Defs.' Br. 22-23.)  Defendants made these same arguments in their summary judgment reply brief.  (ECF No. 206 at 11-14.)  The Court rejected them, denying Defendants' motion in its entirety.  (ECF No. 227.)

What Defendants truly seek is reconsideration of the Court's denial of summary judgment.  But they have not complied with Local Rule 7-18, which among other things requires reconsideration to be sought within 14 days of the order and prohibits a party from repeating arguments made in support of the original motion.  "A motion for reconsideration is not a vehicle for taking a 'second bite at the apple.'"  *Williams v. Cnty. of San Diego*, 542 F. Supp. 3d 1070, 1072 (S.D. Cal. 2021).  Defendants have not shown new facts or law that could not have been presented with the motion.  Nor have they made a manifest showing of the Court's failure to consider material facts.  *See* C.D. Cal. Civ. L.R. 7-18.  On the contrary, the Court was correct to deny the motion, and should not permit Defendants to sidestep the rules.

### 1.    The Court Properly Denied Summary Judgment on the Entire *Monell* Claim under Any One Theory

Plaintiff asserted a single claim—Claim 1—against the Agency Defendants alleging *Monell* liability under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment.  (ECF No. 54 ¶¶ 78-86.)  Defendants' motion sought summary judgment on this claim in its entirety, and while it addressed several possible bases for *Monell* liability, it did not specify that it was seeking partial summary judgment on each theory as opposed to the entire claim.  (*See* ECF No. 169 at 3-4 (Notice of Mot. & Mot.); ECF No. 169-1 at 18-26, 31 (Mem. of P. & A.).)  In any event, the existence of genuine issues of material fact for trial under *any* theory of *Monell* liability was sufficient to defeat summary judgment on Claim 1.  Plaintiff did not

1  need to demonstrate, and the Court did not need to reach, other theories.[6]

2       **2.    Summary Judgment Was Properly Denied on a Custom/Practice Theory**

3

4       Even if partial summary judgment on the custom/practice theory had been

5  requested, it was properly denied.  First, Defendants' motion did not establish the

6  absence of genuine issues of material fact on this theory.  The motion acknowledged

7  the Sheriff's admissions that taking and sharing death photos was a longstanding

8  problem in law enforcement throughout the country, including Los Angeles.  (ECF

9  No. 169-1 at 25-26 (citing FAC ¶ 83 and SSUF ¶¶ 91, 92).)  Thus, denial was

10 appropriate "even if no opposing evidentiary matter [had been] presented" or even if

11 _____

[6] *See, e.g.*, *Penniston v. City of N.Y.*, 2017 WL 11507663, at *13 (E.D.N.Y. Dec. 15,
12 2017) ("Because the Court concludes that there is a basis for *Monell* given Principal
K'Tori's policymaking status, there is no need to address Plaintiff's alternative
13 deliberate indifference theory of § 1983 liability.  Defendants' motion for summary
judgment with respect to *Monell* liability is denied."); *Thomas v. Cannon*, 2017 WL
14 2289081, at *13 n.6 (W.D. Wash. May 25, 2017) ("Because the Court has
determined that Plaintiff's ratification theory is sufficient to defeat Defendants'
15 Motion [for Summary Judgment] as to this [*Monell*] claim, it is unnecessary to
determine whether Plaintiffs could also defeat Defendants' Motion with" another
16 theory); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 43 F. Supp.
3d 644, 664 & n.12 (E.D. Va. 2014) (triable issue of fact under one theory meant
17 defendants' summary judgment motion "must be denied and [plaintiff's] alternative
theories of liability need not be addressed"); *Lerro v. Wal-Mart Stores, Inc.*, 2009
18 WL 10684916, at *2 n.1 (E.D. Pa. July 14, 2009) ("As plaintiffs have shown that
genuine issues of material fact exists on the issue of whether defendant had notice, I
19 need not consider alternative theories of negligence."); *Lexington Ins. Co. v.
Henkels & McCoy, Inc.*, 2002 WL 32130104, at *4 n.5 (E.D. Pa. May 20, 2003)
20 (because summary judgment should be denied under agency theory of liability, "the
Court does not reach Plaintiff's alternative argument" of enterprise liability);
21 *California v. Verticare Inc.*, 1993 WL 245544, at *10 & n.13 (N.D. Cal. Mar. 1,
1993 (summary judgment denied because "a genuine issue of material fact remains"
22 on one theory of liability; "the court need not consider" plaintiff's alternate theory);
*Tunis v. Corning Glass Works*, 698 F. Supp. 452, 460-61 (S.D.N.Y. 1988) (because
23 defendant "not entitled to a summary judgment" of harassment claim on one of
plaintiff's theories, "the court does not consider [plaintiff's] alternative theories"
24 and defendants' motion was "denied in all respects.").

25

26

27

28

no opposition had been filed at all.  *See, e.g.*, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Heinemann v. Satterberg*, 731 F.3d 914, 916-17 (9th Cir. 2013); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993); *Fowzer v. Cnty. of San Bernardino*, 2018 WL 5880774, at *2-3 (C.D. Cal. Aug. 7, 2018).  Second, Plaintiff argued that genuine disputes of material fact precluded summary judgment (ECF No. 190 at 2, 10) and cited extensive evidence of a widespread and longstanding practice of Southern California first responders taking and sharing death photos. (*See* ECF No. 191 ¶¶ 82, 91, 92, 128, 491-96, 571-76; ECF No. 190 at 2-3, 18-19.)

As in their summary judgment papers, Defendants simply ignore this extensive evidence of custom and practice.  Defendants say they "submitted evidence that there have been no other complaints of LASD or LACFD personnel doing anything similar" (Defs.' Br. 9), but fail to mention that Plaintiff specifically controverted that fact, including by pointing to a prior incident in which LACFD personnel were investigated for taking pictures of a deceased victim whose "chest cavity was filleted open" (ECF No. 191 ¶¶ 82, 495) and with expert testimony that a dearth of complaints is consistent with the expert's experience of widespread sharing among coworkers, friends or family who are reluctant to report it (*id.* ¶ 576). Defendants similarly assert that their motion showed that "Sheriff Villanueva's public comments about a general problem in law enforcement 'across the nation' relating to officers taking photos of crime scenes is not evidence of any practice or custom within LASD" (Defs.' Br. 9), but again fail to note that Plaintiff specifically disputed that assertion, showing that the evidence Defendants cited did not support it and that the Sheriff had admitted that his statement drew on his experience with LASD and applied specifically "to Los Angeles."  (ECF No. 191 ¶¶ 91-92.)

Most brazenly, Defendants falsely assert that the "[t]he only 'evidence' Plaintiff has is a public comment by Sheriff Villanueva."  (Defs.' Br. 15.)  Plaintiff cited extensive additional evidence of Defendants' custom and practice including: (1) expert testimony that there is a "widespread practice of unnecessarily taking,

sharing, and keeping photos of human remains" among Southern California law enforcement that is "pervasive and embedded in law enforcement culture" dating back to at least 1983 (ECF No. 191 ¶¶ 571-76; ECF No. 190 at 19:3); (2) testimony by an LASD deputy that he used his personal cell phone to take photos of dead bodies "a hundred times" when responding to "natural disasters, accidents, traffic collisions," "murders," and "suicides" (ECF No. 191 ¶ 491); (3) testimony by LACFD personnel that other firefighters "would take photos and keep books of dead bodies" that were "graphic" and "gruesome," and share human remains photos within the department (*id.* ¶¶ 492, 494); and (4) the "sheer scale of the wrongdoing" in this case (ECF No. 190 at 19; *id.* at 3-7, 12-13), *see also Menotti v. City of Seattle*, 409 F.3d 1113, 1147-48 (9th Cir. 2005) (several violations on same day create triable issue of fact on widespread practice); *Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985).  Indeed, Defendants *conceded* in motion in limine briefing that Plaintiff's expert's "opinion about the 'pervasive' practice of improper taking and sharing of death images"—which Plaintiff pointed to in her summary judgment opposition papers—"falls squarely within the 'pattern of practice and/or custom' theory" that Defendants contend has been abandoned. (ECF No. 276 at 17.)

### 3. Plaintiff Presented Evidence of Failure to Investigate and Discipline, Which Is Not an Independent Theory of Liability

As Plaintiff explained in her brief, "failure to discipline is not a separate ground for establishing municipal liability.  Rather, it is evidence that tends to establish the absence of or failure to enforce a policy …."  *Conn v. City of Reno*, 591 F.3d 1081, 1105 (9th Cir. 2010), *cert. granted*, *judgment vacated*, 563 U.S. 915 (2011), *opinion reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011).  Defendants concede this.  (Defs.' Br. 23:12-14.)  Many Ninth Circuit cases hold that failure to investigate or discipline—including *post-incident*—is circumstantial *evidence* of a pre-existing affirmative custom or practice or a pre-existing policy of deliberate indifference in the form of a failure to train or implement needed policy.

1   (*See* Pl.'s Br. 6-8 & nn.2-4.)  It is thus undisputed that Defendants' failure to

2   investigate or discipline was not an independent theory or claim for liability on

3   which summary judgment could have been granted, but merely a category of

4   evidence that could support another *Monell* theory at summary judgment or trial.

5          Defendants also cannot dispute the well-established principle that a party is

6   not limited at trial to the evidence it used to oppose summary judgment.  (*See* Pl.'s

7   Br. 15-16.)  Defendants attempt to distinguish the many cases cited by Plaintiff, but

8   cannot point to even a single case holding that a party abandons evidence by not

9   citing it in a successful opposition to summary judgment.  That would be contrary to

10  Rule 56's directive that a party who defeats summary judgment is "free to contest"

11  at trial a fact that was undisputed at summary judgment, *Outlaw*, 2020 WL 5552558,

12  at *14 n.1, and the Ninth Circuit's holding that a trial verdict can be upheld even if

13  summary judgment should have been granted on the record then presented, *see*

14  *Locricchio*, 833 F.2d at 1359.  Thus, the *evidence* of Defendants' failure to

15  investigate and discipline—as support for a theory of liability due to Defendants'

16  policy of action or inaction—is not something that could have been "abandoned" by

17  failing to use it in successfully opposing summary judgment.  This alone disposes of

18  Defendants' abandonment argument as to failure to investigate or discipline.

19         In any event, Plaintiff *did* cite extensive evidence of Defendants' irregular

20  and delayed investigation, deliberate decision not to discipline various misconduct,

21  and decision to instead discipline a whistleblower who raised concerns about it.

22  (*See* ECF No. 190 at 8; ECF No. 191 ¶¶ 33, 49, 189, 354-428, 436-63, 577-90.)

23  Plaintiff also responded directly to Defendants' legal conclusion that post-incident

24  conduct was irrelevant because it could not have caused the violation.  (*See* ECF No.

25  169-1 at 24-25.)  Plaintiff countered that Defendants' conclusion has been rejected

26  by the Ninth Circuit, which has instead held that post-violation conduct can be

27  "highly probative" as circumstantial evidence of the agency's pre-existing policy of

28  deliberate indifference.  (ECF No. 191 ¶¶ 107-08.)

As they did in their summary judgment motion, Defendants tell a one-sided story about their investigation and disciplinary decisions, ignoring key facts and drawing inferences in their own favor from disputed facts.  Plaintiff pointed this out in her summary judgment brief (ECF No. 190 at 2, 8, 10) and in her separate statement where she controverted Defendants' "facts" and cited extensive additional evidence of Defendants' improper investigation and discipline (ECF No. 191 ¶¶ 33, 49, 189, 354-428, 436-63, 577-90).  That evidence tells a compelling story of Defendants' deliberate indifference and condoning of widespread practices.

Unable to show that Plaintiff "abandoned" evidence of Defendants' failure to train or discipline—the issue the Court directed the parties to brief—Defendants shift gears to argue the evidence should be excluded because it is irrelevant or would prolong trial and waste time.  (Defs.' Br. 18-23.)  This is a transparent and improper attempt at an additional motion in limine, which should be rejected for that reason alone.  The arguments fail in any event.  Defendants assert that the evidence only goes to an "abandoned failure to investigate/discipline claim" (*id.* at 19), but there is no such claim recognized in the law.  Defendants further argue that the evidence cannot show the existence of an unofficial custom/practice of taking and sharing death photos, or deliberate indifference to the risk of such violations in the absence of clear policies and training.  (*Id.* at 20-23.)  But Plaintiff cited numerous cases holding the opposite (*see* Pl.'s Br. 6-8 & nn.2-4).  Defendants attempt to distinguish those cases by arguing that what happened here was "unprecedented" (Defs.' Br. 22, 23), but that is belied by the evidence—including Sheriff Villanueva's and other employees' admissions and Plaintiff's expert's testimony—and the law, *see Menotti*, 409 F.3d at 1148 (failure to discipline several violations from same day shows practice); *Grandstaff*, 767 F.2d at 171 (same, despite "no incidents prior").  Lastly, evidence relating to Defendants' investigation and disciplinary decisions is relevant and admissible for other reasons discussed in connection with several pending motions in limine.  (*See* ECF Nos. 235, 240, 249, 252, 253, 255, 276.)

1    DATED:  March 7, 2022

2

3                                            WILSON SONSINI GOODRICH & ROSATI,
                                             Professional Corporation

4

5                                            By:        /s/ Luis Li
                                                         LUIS LI

6

7                                            Attorneys for Plaintiff Vanessa Bryant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28