# Exhibit 1

EXHIBIT 1 - Page 1

1  JONATHAN C. McCAVERTY (State Bar No. 210922)
   Principal Deputy County Counsel
2  jmccaverty@counsel.lacounty.gov
   OFFICE OF COUNTY COUNSEL
3  General Litigation Division
   500 West Temple Street, Suite 468
4  Los Angeles, California 90012
   Telephone:  (213) 974-1828
5  Facsimile:   (213) 626-7446
6
7  Attorneys for Defendant
   LOS ANGELES COUNTY SHERIFF'S DEPARTMENT
8
   [*Additional counsel continued on next page*.]
9

10          **UNITED STATES DISTRICT COURT**

11  **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  VANESSA BRYANT,                          **CASE NO. 2:20-cv-09582-JFW-E**

14          Plaintiff,                        **JOINT STIPULATION
                                              REGARDING DEFENDANTS'**
15      v.                                    **MOTION *IN LIMINE* NO. 6 TO
                                              EXCLUDE ACCUSATIONS OF**
16  COUNTY OF LOS ANGELES, et al.,            **SUBSEQUENT WRONGFUL
                                              CONDUCT RELATING TO**
17          Defendants.                       **MARCH 2021 JAIL INCIDENT
                                              AND DEFENDANTS' RESPONSE**
18
19                                            [*Filed Concurrently with Declaration of
                                              Jason H. Tokoro*]
20
21                                            Date:    July 15, 2022
                                              Time:    8:00 a.m.
22                                            Crtrm.:  7A
23
                                              Assigned to Hon. John F. Walter and
24                                            Magistrate Judge Charles F. Eick
25
26
27
28
                                              **EXHIBIT 1 - Page 2**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1 | [*Additional counsel, continued from previous page*:]

2
3 | LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)

4 | mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)

5 | jtokoro@millerbarondess.com
CASEY B. SYPEK (State Bar No. 291214)

6 | csypek@millerbarondess.com

7 | MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000

8 | Los Angeles, California 90067
Telephone:  (310) 552-4400

9 | Facsimile:  (310) 552-8400

10
11 | Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL and RAUL VERSALES.

12
13 | LUIS LI (State Bar No. 156081)
luis.li@wsgr.com

14 | WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550

15 | Los Angeles, California 90071
Telephone:  (323) 210-2900

16 | Facsimile:  (866) 974-7329

17
18 | CRAIG JENNINGS LAVOIE (State Bar No. 293079)
craig.lavoie@mto.com

19 | JENNIFER L. BRYANT (State Bar No. 293371)
jennifer.bryant@mto.com

20 | MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor

21 | Los Angeles, California 90071-3426
Telephone:  (213) 683-9100

22 | Facsimile:  (213) 687-3702

23
24 | Attorneys for Plaintiff
VANESSA BRYANT

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**EXHIBIT 1 - Page 3**

2

**TO THE COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 15, 2022, at 8:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 7A of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendants County of Los Angeles (the "County"), Los Angeles County Sheriff's Department ("LASD"), Los Angeles County Fire Department, Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales (collectively, "Defendants") will and hereby do move *in limine* for an order excluding all evidence, testimony, and argument relating to the March 2021 incident at a County jail involving Deputy Douglas Johnson, LASD's response, press coverage of the foregoing, and LASD's response to that press coverage.

In accordance with the Scheduling Order and Local Rule 7-3, the parties met and conferred in good faith before filing this Motion.  (Declaration of Jason H. Tokoro ¶¶ 2-3, 5 & Ex. A.)  The parties respectfully submit this joint stipulation setting forth their contentions.

This Motion is based upon this Notice of Motion, the Joint Stipulation, the Declaration of Jason H. Tokoro and exhibits thereto, any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file in this action.

DATED: _____, 2022       MILLER BARONDESS, LLP


By: _____
       LOUIS R. MILLER
       Attorneys for Defendants
       COUNTY OF LOS ANGELES, LOS
       ANGELES COUNTY FIRE
       DEPARTMENT, JOEY CRUZ, RAFAEL
       MEJIA, MICHAEL RUSSELL and
       RAUL VERSALES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**EXHIBIT 1 - Page 4**

3

## **TABLE OF CONTENTS**

**Page**

I. IDENTIFICATION OF MATTERS IN DISPUTE .................................................. 6

II. DEFENDANTS' CONTENTIONS AND POINTS OF AUTHORITIES ............ 8

    A.    Evidence Relating To The Jail Incident And LASD's Response Is Irrelevant ...................................................................................... 8

    B.    Evidence Relating To The Jail Incident And LASD's Response Is Prohibited Character Evidence .......................................................... 8

    C.    Evidence Relating To The Jail Incident And LASD's Response Is Highly Prejudicial And Would Waste Time .................................... 10

III. DEFENDANTS' CONCLUSION ...................................................................... 11

IV. PLAINTIFF'S CONTENTIONS AND POINTS OF AUTHORITIES ............. 11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

**EXHIBIT 1 - Page 5**

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Baker v. County of San Diego*,
   No. 09-CV-1194 BEN (WMc), 2012 WL 1903899 (S.D. Cal. May 24, 2012)............................................................................................................10

*Duran v. City of Maywood*,
   221 F.3d 1127 (9th Cir. 2000).................................................................10, 12

*Marsh v. County of San Diego*,
   680 F.3d 1148 (9th Cir. 2012)..........................................................................9

*Old Chief v. United States*,
   519 U.S. 172 (1997)........................................................................................11

*United States v. Hitt*,
   981 F.2d 422 (9th Cir. 1992)..........................................................................11

## FEDERAL STATUTES

42 U.S.C. § 1983...................................................................................................10

## FEDERAL RULES

Fed. R. Evid. 401(a)................................................................................................9

Fed. R. Evid. 403 .................................................................................................11

Fed. R. Evid. 404(b)(1).........................................................................................10

Fed. R. Evid. 404(b)(2).........................................................................................10

Fed. R. Evid. 608 .................................................................................................11

Fed. R. Evid. 608(b).............................................................................................11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

5

**EXHIBIT 1 - Page 6**

# I.

## <u>IDENTIFICATION OF MATTERS IN DISPUTE</u>

This case centers on Plaintiff's claims that the County violated her rights by taking and sharing photos of the January 26, 2020 helicopter crash that tragically killed her husband and daughter.  The horrific accident was international headline news.  LASD personnel secured the site and took crash-site photos pursuant to LASD's policies and training.  None of the photos taken by the County have appeared in the press or on the internet.

LASD is a large organization with numerous and varied responsibilities.  Unrelated to the helicopter crash, LASD has recently been accused of separate wrongdoing.  Over a year later, in March 2021, Deputy Douglas Johnson—who was the first responder who took photos at the crash scene—was involved in an incident at a County jail.  Deputy Johnson was escorting an inmate when the inmate began resisting, punching Deputy Johnson several times before being restrained.  Deputy Johnson has been criticized for restraining the inmate by kneeling on his neck for approximately three minutes.  The incident was investigated, and Deputy Johnson was placed on leave.

On March 25, 2022, the Los Angeles Times published a story claiming that LASD had attempted to cover up the incident.  The incident occurred two days after jury selection began in the trial of Derek Chauvin for the murder of George Floyd.  The article claimed that LASD officials were worried because of the incident's "similarities" to the "widely publicized George Floyd use of force."  The article also included security camera footage of the altercation.  After the Los Angeles Times ran the story, Sheriff Villanueva held a press conference announcing an investigation into the leak of the video.  Sheriff Villanueva's press conference was then criticized as targeting the press.  Sheriff Villanueva was also accused of misrepresenting when he first became aware of the incident at the jail.

This incident and its aftermath have been widely and prominently covered in

**EXHIBIT 1 - Page 7**

JOINT STIPULATION REGARDING DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE
ACCUSATIONS OF SUBSEQUENT WRONGFUL CONDUCT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

the media.  The Los Angeles Times published a series of at least 15 articles and opinion pieces.  Articles were also published by the New York Times, The Washington Post, and other national outlets.  The story was also featured on national commentary shows, such as Rachel Maddow's show on MSNBC and John Oliver's show on HBO.  Below is just some of this coverage:

- *Fearing bad publicity, LASD covered up case of deputy who knelt on inmate's head*, LOS ANGELES TIMES, March 25, 2022.

- *After Times report, Sheriff Villanueva denies role in cover-up, replaces top aide*, LOS ANGELES TIMES, March 29, 2022.

- *L.A. County sheriff watchdog probing whether Villanueva lied about violent detention by deputy*, LOS ANGELES TIMES, April 8, 2022.

- *Editorial: Villanueva's attempt to intimidate a Times reporter is a gaslighting assault on the press*, LOS ANGELES TIMES, April 27, 2022.

- *Los Angeles Sheriff, Accused of Cover-Up, Opens Investigation Into Reporter*, NEW YORK TIMES, April 26, 2022.

- *How it became normal for public officials to attack journalists*, THE WASHINGTON POST, April 28, 2022.

- *LA county sheriff Alex Villanueva launches investigation into LA Times reporter over her report on leaked video of deputy kneeling on handcuffed inmate's head*, DAILY MAIL, April 26, 2022.

- *Sheriff targets LA Times reporter over leaked video of deputy kneeling on handcuffed inmate*, NEW YORK POST, April 27, 2022.

- *L.A. County Sheriff Targets Reporter After Cover-Up Exposed*, *The Rachel Maddow Show*, MSNBC, April 26, 2022.

- *Last Week Tonight with John Oliver*, HBO, May 1, 2022.

This incident and LASD's response to it have no connection whatsoever to the crash scene photos at issue in this matter.  Plaintiff, however, has refused to agree not to elicit testimony or make arguments about this separate incident at trial.  Therefore, Defendants are forced to file this Motion and seek to exclude this highly prejudicial evidence and argument that have no relevance here.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

JOINT STIPULATION REGARDING DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE ACCUSATIONS OF SUBSEQUENT WRONGFUL CONDUCT

## II.

## DEFENDANTS' CONTENTIONS AND POINTS OF AUTHORITIES

**A.**     **Evidence Relating To The Jail Incident And LASD's Response Is Irrelevant**

Plaintiff is pursuing a *Monell* claim against the County for violation of her constitutional right to control "public dissemination of a family member's death images." *Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012). The restraining of an inmate at a County jail over a year after the helicopter crash has no relevance to whether Plaintiff's rights were violated by the taking and sharing of crash scene photos. Nor does LASD's response to the jail incident and subsequent press coverage have any relevance to this case. These subsequent events have no "tendency to make" it "more or less probable" that the County violated any of Plaintiff's rights. Fed. R. Evid. 401(a).

The context and alleged wrongdoing are entirely different between the two events. This action concerns photos taken while securing and investigating a helicopter crash scene. The right at issue is the right to prevent the public from obtaining photos of the remains of Plaintiff's deceased relatives. The incident at the jail, by contrast, concerned the use of force in restraining an inmate.

Moreover, the incident at the jail and its aftermath occurred more than a year *after* the helicopter crash. Nothing that occurred at the County jail in March 2021 or after could have any relevance to how LASD responded to the helicopter crash in January 2020. The mere involvement of the same deputy does not make the two incidents related. The two incidents involve different alleged conduct and occurred far apart. One has nothing to do with the other.

**B.**     **Evidence Relating To The Jail Incident And LASD's Response Is Prohibited Character Evidence**

The only reason Plaintiff would seek to elicit testimony about Deputy Johnson's altercation with the inmate and LASD's response is to impugn Deputy

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400    FAX: (310) 552-8400

8

**EXHIBIT 1 - Page 9**

1   Johnson's and Sheriff Villanueva's character.  This is improper.

2       The incident at the jail involving Deputy Johnson and LASD's response to

3   that incident are so dissimilar to the alleged wrongdoing here as to make these

4   subsequent events irrelevant, even if Plaintiff were allowed to submit character

5   evidence.  Plaintiff is not allowed to submit character evidence, however.

6   "Evidence of a crime, wrong, or other act is not admissible to prove a person's

7   character in order to show that on a particular occasion the person acted in

8   accordance with the character."  Fed. R. Evid. 404(b)(1).

9       Plaintiff cannot offer Deputy Johnson's or Sheriff Villanueva's subsequent

10  conduct into evidence to purportedly show they acted in accordance with that

11  character in this matter.  *See Baker v. County of San Diego*, No. 09-CV-1194 BEN

12  (WMc), 2012 WL 1903899, at *2 (S.D. Cal. May 24, 2012) (excluding evidence of

13  other acts to prove character and that deputy acted in accordance with that character

14  in section 1983 action).  There is no proper, non-character purpose for admission of

15  these subsequent acts—i.e., "motive, opportunity, intent, preparation, plan,

16  knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid.

17  404(b)(2).

18      Even assuming Plaintiff could identify a proper purpose (which she cannot),

19  the Ninth Circuit requires "other act" evidence to satisfy the following test:

20  "(1) there must be sufficient proof for the jury to find that the defendant committed

21  the other act; (2) the other act must not be too remote in time; (3) the other act must

22  be introduced to prove a material issue in the case; and (4) the other act must, in

23  some cases, be similar to the offense charged."  *Duran v. City of Maywood*, 221

24  F.3d 1127, 1132–33 (9th Cir. 2000) (footnote omitted).

25      Plaintiff cannot satisfy these requirements.  There is no similarity between the

26  incidents, and they were not close in time.  The news reports that have come out

27  about LASD's response to the jail incident, moreover, are mere accusations, not

28  proof of any wrongful acts admissible at trial.  *See Baker*, 2012 WL 1903899, at *3

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

9

**EXHIBIT 1 - Page 10**

1  (excluding news broadcasts because "no 'bad act' has been alleged or proven").

2       Plaintiff may argue that LASD's response to the jail incident is admissible as

3  impeachment evidence to show Sheriff Villanueva has a character for dishonesty.

4  However, Plaintiff has no evidence to support a claim that Sheriff Villanueva was

5  dishonest about the jail incident.  The news reports consist only of accusations and

6  are inadmissible hearsay.  Federal Rule of Evidence 608 also prohibits "extrinsic

7  evidence" of specific instances of purported untruthfulness.  Fed. R. Evid. 608(b)

8  ("Except for a criminal conviction under Rule 609, extrinsic evidence is not

9  admissible to prove specific instances of a witness's conduct in order to attack or

10 support the witness's character for truthfulness.").

11 **C.**    **Evidence Relating To The Jail Incident And LASD's Response Is Highly**

12      **Prejudicial And Would Waste Time**

13      There is no proper evidentiary purpose for introducing at trial the jail incident

14 and LASD's response to it.  Even if there were, relevant evidence may be excluded

15 if its probative value is substantially outweighed by the risk of undue prejudice,

16 confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

17 presenting cumulative evidence.  Fed. R. Evid. 403; *United States v. Hitt*, 981 F.2d

18 422, 424 (9th Cir. 1992) ("Where the evidence is of very slight (if any) probative

19 value, it's an abuse of discretion to admit it if there's even a modest likelihood of

20 unfair prejudice or a small risk of misleading the jury."); *Old Chief v. United States*,

21 519 U.S. 172, 180–92 (1997).

22      It would be highly prejudicial to allow Plaintiff to comment on or elicit

23 testimony about the incident at the jail and LASD's response.  Accusations of

24 excessive force by police officers are one of the most inflammatory subjects in our

25 nation.  Connections have been drawn between this incident and the death of George

26 Floyd—probably the most recognized and contentious example of excessive force in

27 the last thirty years.  The use of force on the inmate in this case, moreover, was

28 followed by incendiary accusations of an attempt by Sheriff Villanueva to prevent

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

10

**EXHIBIT 1 - Page 11**

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

the public from learning of the incident and infringe on press freedoms.  This incident and the accusations that followed will only inflame the emotions of the jury about separate events.  The jury will be encouraged to punish LASD in this matter on account of subsequent, controversial accusations about LASD.  This danger of undue prejudice far outweighs any probative value.

This Court has imposed time limits for trial.  The jail incident and its well-publicized aftermath would entail a trial unto itself—requiring Defendants to respond to accusations of wrongdoing in an unrelated matter.  Defendants would need to present witnesses on the jail incident itself, LASD's subsequent investigation and response, and LASD's response to the leak of the video of the incident and its coverage in the press.  *See Duran*, 221 F.3d at 1133 (excluding evidence of subsequent act where it would have required a "full-blown trial within this trial").  This would be a waste of the Court and jury's time and resources.

## III.

## DEFENDANTS' CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff be precluded from introducing evidence, witness testimony, or argument at trial relating to the March 2021 jail incident, LASD's response to that incident, press coverage of the foregoing, and LASD's response to that press coverage.

## IV.

## PLAINTIFF'S CONTENTIONS AND POINTS OF AUTHORITIES

.

**EXHIBIT 1 - Page 12**

JOINT STIPULATION REGARDING DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE ACCUSATIONS OF SUBSEQUENT WRONGFUL CONDUCT

DATED: _____, 2022     OFFICE OF COUNTY COUNSEL


By: _____
    JONATHAN C. McCAVERTY
    Attorneys for Defendant
    LOS ANGELES COUNTY SHERIFF'S
    DEPARTMENT


DATED: _____, 2022     MILLER BARONDESS, LLP


By: _____
    LOUIS R. MILLER
    Attorneys for Defendants
    COUNTY OF LOS ANGELES, LOS
    ANGELES COUNTY FIRE
    DEPARTMENT, JOEY CRUZ, RAFAEL
    MEJIA, MICHAEL RUSSELL, and
    RAUL VERSALES


DATED: _____, 2022     WILSON SONSINI GOODRICH & ROSATI


By: _____
    LUIS LI
    Attorneys for Plaintiff
    VANESSA BRYANT

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**EXHIBIT 1 - Page 13**

12

## <u>SIGNATURE ATTESTATION</u>

The other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: _____, 2022          MILLER BARONDESS, LLP


By: _____

LOUIS R. MILLER
Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY FIRE
DEPARTMENT, JOEY CRUZ, RAFAEL
MEJIA, MICHAEL RUSSELL, and
RAUL VERSALES

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**EXHIBIT 1 - Page 14**

JOINT STIPULATION REGARDING DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE
ACCUSATIONS OF SUBSEQUENT WRONGFUL CONDUCT

JONATHAN C. McCAVERTY (State Bar No. 210922)
Principal Deputy County Counsel
jmccaverty@counsel.lacounty.gov
OFFICE OF COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1828 / Fax: (213) 626-7446

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
JASON H. TOKORO (State Bar No. 252345)
CASEY B. SYPEK (State Bar No. 291214)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.:  (310) 552-4400 / Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL and RAUL VERSALES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | **CASE NO. 2:20-cv-09582-JFW-E**<br><br>**DECLARATION OF JASON H. TOKORO IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO EXCLUDE ACCUSATIONS OF SUBSEQUENT WRONGFUL CONDUCT RELATING TO MARCH 2021 JAIL INCIDENT AND DEFENDANTS' RESPONSE**<br><br>[*Filed Concurrently with Joint Stipulation*]<br><br>Date:    July 15, 2022<br>Time:    8:00 a.m.<br>Crtrm.:  7A<br><br>Assigned to Hon. John F. Walter and Magistrate Judge Charles F. Eick |

**EXHIBIT 1 - Page 15**

566452.1

## <u>DECLARATION OF JASON H. TOKORO</u>

I, Jason H. Tokoro, declare as follows:

1.    I am an attorney duly admitted to practice before this Court.  I am a partner with Miller Barondess, LLP, counsel of record for Defendants County of Los Angeles ("County"), Los Angeles County Sheriff's Department ("LASD"), Los Angeles County Fire Department ("LACFD"), Joey Cruz, Rafael Mejia, Michael Russell, and Raul Versales (collectively, "Defendants").  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to all of said facts.  I make this declaration in support of Defendants' Motion *in Limine* No. 6 to Exclude Accusations of Subsequent Wrongful Conduct Relating to March 2021 Jail Incident and Defendants' Response.

**<u>Meet-and-Confer Efforts</u>**

2.    On June 3, 2022, I sent a letter to Plaintiff's counsel identifying Defendants' proposed Motion *in Limine* No. 6 and setting forth Defendants' position regarding the evidence and argument that are inadmissible and prejudicial.  A true and correct copy of my letter to Plaintiff's counsel is attached hereto as **Exhibit A.**

3.    On June 7, 2022, lead counsel for Plaintiff and Defendants met and conferred via telephone in a good faith effort to eliminate the necessity for hearing on Defendants' Motion *in Limine* No. 6.  The parties were unable to reach an agreement on the disputes set forth in Defendants' Motion *in Limine* No. 6.

**<u>Defendants' Motion *in Limine* No. 6</u>**

4.    As set forth in Defendants' Motion *in Limine* No. 6, evidence or argument relating to the March 2021 incident at a County jail involving Deputy Douglas Johnson, LASD's response, press coverage of the foregoing, and LASD's response to that press coverage are irrelevant, improper character evidence, and would be unduly prejudicial and a waste of the Court's and parties' time.

5.    Defendants' counsel discussed the subject of this motion with Plaintiff's counsel during the parties' June 7, 2022 meet-and-confer.

6.      If Defendants' Motion *in Limine* No. 6 is not granted, Defendants will suffer significant prejudice.  Evidence relating to the jail incident and LASD's response has no relevance to this case and would constitute an improper attempt to impugn Deputy Johnson's and Sheriff Villanueva's character.  It would also be highly prejudicial to allow Plaintiff to argue or elicit testimony about the incident at the jail and LASD's response because accusations of excessive force by police officers are one of the most inflammatory subjects in our nation.  The use of force on the inmate in this case, moreover, was followed by incendiary accusations of an attempt by Sheriff Villanueva to prevent the public from learning of the incident and infringe on press freedoms.

7.      Moreover, this Court has imposed time limits for trial.  The jail incident and its well-publicized aftermath would entail a trial unto itself—requiring Defendants to respond to accusations of wrongdoing in an unrelated matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of June, 2022, at Los Angeles, California.

Jason H. Tokoro

**EXHIBIT 1 - Page 17**

**INDEX OF EXHIBITS TO THE DECLARATION OF JASON H. TOKORO**

| Exhibit No. | Description | Pg. No. |
|---|---|---|
| A. | June 3, 2022 Letter from Jason Tokoro to Plaintiffs' Counsel re Motion *in Limine* No. 6. | 1-4 |

# Exhibit A

EXHIBIT 1 - Page 19

EXHIBIT A - Page 1

# MILLER BARONDESS, LLP

ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
WWW.MILLERBARONDESS.COM

June 3, 2022

JASON H. TOKORO
DIRECT DIAL: (310) 552-5226
JTOKORO@MILLERBARONDESS.COM

*VIA E-MAIL ONLY*

Luis Li
WILSON SONSINI
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Email: luis.li@wsgr.com

Jerome M. Jackson
JEROME M JACKSON LAW OFFICES
880 Apollo Street, Suite 238
El Segundo, California 90245
Email: jmjlaw@aol.com

Jennifer Bryant
Craig Jennings Lavoie
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Email: jennifer.bryant@mto.com
        craig.lavoie@mto.com

Re:   *Bryant v. County of Los Angeles, et al. (Case No.: 2:20-cv-09582-JFW-E)*

Dear Counsel:

Pursuant to the Local Rules and Judge Walter's Scheduling and Case Management Order, this letter serves as Defendants' attempt to meet and confer regarding their anticipated: (1) Motion *in Limine* No. 6 to Exclude Accusations of Subsequent Wrongful Conduct Relating to March 2021 Jail Incident and Defendants' Response (the "MIL"); and (2) *Ex Parte* Application for Leave to File Motion *in Limine* No. 6 (the "*Ex Parte* Application").

The MIL will seek to exclude evidence or argument about the March 2021 incident at a County jail involving Deputy Douglas Johnson, the Los Angeles County Sheriff's Department's ("LASD") response, press coverage of the foregoing, and LASD's response to that press coverage. On March 25, 2022, the Los Angeles Times published a story claiming that LASD had attempted to cover up a March 2021 incident involving Deputy Johnson. Deputy Johnson was escorting an inmate when the inmate began resisting, punching Deputy Johnson several times before being restrained. The article included security camera footage of the altercation. Deputy Johnson has been criticized for restraining the inmate by kneeling on his neck for approximately three minutes.

**EXHIBIT 1 - Page 20**

**EXHIBIT A - Page 2**

MILLER BARONDESS, LLP

June 3, 2022
Page 2

        After the Los Angeles Times ran the story, Sheriff Villanueva held a press conference
announcing an investigation into the leak of the video.  Sheriff Villanueva's press conference
was then criticized as targeting the press.  Sheriff Villanueva was also accused of
misrepresenting when he first became aware of the incident at the jail.  All of this has been
widely and prominently covered by national news outlets, including the Los Angeles Times, the
Washington Post, and the New York Times, as well as featured on national commentary shows.

        Evidence or argument about the jail incident and its aftermath are inadmissible under
Federal Rule of Evidence 401 because they are of no relevance.  These subsequent events
involved separate conduct not at issue in this matter.  The context and alleged conduct of the two
events are different and unrelated, and the jail incident occurred well after LASD's response to
the January 26, 2020 helicopter crash.

        Evidence or argument about the jail incident and its aftermath are also inadmissible under
Federal Rule of Evidence 404.  These subsequent events constitute inadmissible character
evidence designed to impugn Deputy Johnson and Sheriff Villanueva.  There is no proper
purpose for this character evidence, and even if there were, Plaintiffs cannot meet the Ninth
Circuit's requirements for the submission of "other act" evidence.  *See Duran v. City of
Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000) ("(1) [T]here must be sufficient proof for the
jury to find that the defendant committed the other act; (2) the other act must not be too remote
in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the
other act must, in some cases, be similar to the offense charged.").

        Evidence or argument about the jail incident and its aftermath are also inadmissible under
Federal Rule of Evidence 403.  The danger of undue prejudice far outweighs any probative
value.  Accusations of excessive force by police officers are highly inflammatory, and the jail
incident was followed by incendiary accusations of an attempt by Sheriff Villanueva to prevent
the public from learning of the incident and infringe on press freedoms.  Evidence or argument
about the jail incident and its aftermath would also take up undue time on subsequent, unrelated
events and confuse the issues for the jury.  The MIL should be granted for all of these reasons.

        The *Ex Parte* Application will seek leave to file the MIL to be heard with the other
pending motions *in limine* on July 15.  Motions *in limine* were due and filed in January 2022—
well before the March 25, 2022 article about the jail incident was published by the Los Angeles
Times.  Good cause supports granting this application, so that the Court may hear and decide
Defendants' request to exclude evidence or argument about these unrelated matters that have
only recently come to light and been the subject of national attention.

        We look forward to discussing these issues with you next week during the parties'
pretrial meet and confer.

**EXHIBIT 1 - Page 21**

**EXHIBIT A - Page 3**

# MILLER BARONDESS, LLP

June 3, 2022
Page 3

Sincerely,

Jason H. Tokoro

cc:    Jonathan McCaverty

**EXHIBIT 1 - Page 22**

**EXHIBIT A - Page 4**