# Exhibit A

# MILLER BARONDESS, LLP

ATTORNEYS AT LAW
1999 AVENUE OF THE STARS
SUITE 1000
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400
FAX: (310) 552-8400
WWW.MILLERBARONDESS.COM

June 3, 2022

**JASON H. TOKORO**
DIRECT DIAL: (310) 552-5226
JTOKORO@MILLERBARONDESS.COM

*VIA E-MAIL ONLY*

Luis Li
WILSON SONSINI
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Email: luis.li@wsgr.com

Jerome M. Jackson
JEROME M JACKSON LAW OFFICES
880 Apollo Street, Suite 238
El Segundo, California 90245
Email: jmjlaw@aol.com

Jennifer Bryant
Craig Jennings Lavoie
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Email: jennifer.bryant@mto.com
       craig.lavoie@mto.com

Re:   *Bryant v. County of Los Angeles, et al. (Case No.: 2:20-cv-09582-JFW-E)*

Dear Counsel:

Pursuant to the Local Rules and Judge Walter's Scheduling and Case Management Order, this letter serves as Defendants' attempt to meet and confer regarding their anticipated: (1) Motion *in Limine* No. 6 to Exclude Accusations of Subsequent Wrongful Conduct Relating to March 2021 Jail Incident and Defendants' Response (the "MIL"); and (2) *Ex Parte* Application for Leave to File Motion *in Limine* No. 6 (the "*Ex Parte* Application").

The MIL will seek to exclude evidence or argument about the March 2021 incident at a County jail involving Deputy Douglas Johnson, the Los Angeles County Sheriff's Department's ("LASD") response, press coverage of the foregoing, and LASD's response to that press coverage. On March 25, 2022, the Los Angeles Times published a story claiming that LASD had attempted to cover up a March 2021 incident involving Deputy Johnson. Deputy Johnson was escorting an inmate when the inmate began resisting, punching Deputy Johnson several times before being restrained. The article included security camera footage of the altercation. Deputy Johnson has been criticized for restraining the inmate by kneeling on his neck for approximately three minutes.

566278.2

**EXHIBIT A - Page 2**

MILLER BARONDESS, LLP

June 3, 2022
Page 2

After the Los Angeles Times ran the story, Sheriff Villanueva held a press conference announcing an investigation into the leak of the video. Sheriff Villanueva's press conference was then criticized as targeting the press. Sheriff Villanueva was also accused of misrepresenting when he first became aware of the incident at the jail. All of this has been widely and prominently covered by national news outlets, including the Los Angeles Times, the Washington Post, and the New York Times, as well as featured on national commentary shows.

Evidence or argument about the jail incident and its aftermath are inadmissible under Federal Rule of Evidence 401 because they are of no relevance. These subsequent events involved separate conduct not at issue in this matter. The context and alleged conduct of the two events are different and unrelated, and the jail incident occurred well after LASD's response to the January 26, 2020 helicopter crash.

Evidence or argument about the jail incident and its aftermath are also inadmissible under Federal Rule of Evidence 404. These subsequent events constitute inadmissible character evidence designed to impugn Deputy Johnson and Sheriff Villanueva. There is no proper purpose for this character evidence, and even if there were, Plaintiffs cannot meet the Ninth Circuit's requirements for the submission of "other act" evidence. *See Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000) ("(1) [T]here must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged.").

Evidence or argument about the jail incident and its aftermath are also inadmissible under Federal Rule of Evidence 403. The danger of undue prejudice far outweighs any probative value. Accusations of excessive force by police officers are highly inflammatory, and the jail incident was followed by incendiary accusations of an attempt by Sheriff Villanueva to prevent the public from learning of the incident and infringe on press freedoms. Evidence or argument about the jail incident and its aftermath would also take up undue time on subsequent, unrelated events and confuse the issues for the jury. The MIL should be granted for all of these reasons.

The *Ex Parte* Application will seek leave to file the MIL to be heard with the other pending motions *in limine* on July 15. Motions *in limine* were due and filed in January 2022— well before the March 25, 2022 article about the jail incident was published by the Los Angeles Times. Good cause supports granting this application, so that the Court may hear and decide Defendants' request to exclude evidence or argument about these unrelated matters that have only recently come to light and been the subject of national attention.

We look forward to discussing these issues with you next week during the parties' pretrial meet and confer.

MILLER BARONDESS, LLP

June 3, 2022
Page 3

                                        Sincerely,

                                        Jason H. Tokoro

cc:     Jonathan McCaverty

**EXHIBIT A - Page 4**