LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>          Defendants. | Case No. 2:20-cv-09582-JFW-E<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION FOR LEAVE TO FILE MOTION IN LIMINE NO. 6**<br><br>Final Pretrial Conference:<br>     July 8, 2022<br><br>Trial Date: July 26, 2022<br><br>The Honorable John F. Walter<br>Magistrate Judge Charles F. Eick |

## <u>OPPOSITION</u>

Plaintiff Vanessa Bryant respectfully submits that Defendants' *ex parte* application for leave to exceed the Court's limit on motions *in limine* should be denied. The Court has limited the parties to five motions *in limine* each for good reason—to streamline proceedings and prevent unfair advantage.

Although Defendants do not acknowledge this in their description of the parties' meet and confer, Plaintiff offered to explore a compromise if Defendants would consider withdrawing one of their previously filed motions *in limine* to comply with the Court's limit and put the parties on equal footing. (*See* Lavoie Dec. ¶ 2.) Defendants responded that they were not willing to withdraw one of their existing motions. (*Id.*) Plaintiff was deliberate about her motions *in limine*, carefully selecting which motions to bring in order to stay within the Court's limit, and the same should be expected of Defendants.

For several reasons, Defendants' claim that they failed to realize the need for a sixth motion *in limine* until recently does not justify their request for *ex parte* relief.

***First***, Defendants have been on notice of the incident they seek to exclude from evidence for over a year. In March 2021, Deputy Douglas Johnson was recorded on video kneeling on the head of a handcuffed inmate for three minutes. Sheriff Villanueva has admitted that he knew about the video no later than November 2021, and published news accounts indicate that the actual timing was much earlier.[1] If Defendants believed it was necessary to seek a blanket prohibition

---

[1] *Claim alleges Sheriff Villanueva directed cover-up of deputy*, L.A. TIMES (April 25, 2022), https://www.latimes.com/california/story/2022-04-25/deputy-force-kneeling-cover-up-claim; *First eyewitness account of Sheriff Villanueva lying in a cover-up revealed in filing*, L.A. TIMES (April 28, 2022), https://www.latimes.com/california/story/2022-04-28/deputy-kneeling-video-cover-up-claim; *Third top official disputes Sheriff Villanueva's account in cover-up*, L.A. TIMES (May 4, 2022), https://www.latimes.com/california/story/2022-05-04/third-top-sheriff-official-claim-cover-up.

on evidence concerning Deputy Johnson's actions, they should have done so in January 2022 when they filed their five pending motions *in limine*.  Having neglected to do so, Defendants should not be permitted to obtain an additional motion *in limine* merely because the kneeling incident became a topic of public reporting in recent months.

**Second**, any delay in reporting about the incident (the supposed triggering event for Defendants realizing their need for another motion) is attributable entirely to Defendants.  One of the key pieces of evidence that Motion in Limine No. 6 seeks to exclude is that a senior LASD official (Commander Allen Castellano) contends that Sheriff Villanueva covered up video of the kneeling incident and tried, unsuccessfully, to prevent its public disclosure.[2]

Deputy Johnson's altercation with the inmate occurred during the criminal trial of Minneapolis Police Officer Derek Chauvin, who was convicted of murdering George Floyd by kneeling on his neck.  According to LASC Commander Castellano's complaint, Sheriff Villanueva saw video of the Johnson altercation shortly after it occurred and told a group that the Department did not "need bad media at this time" and that he would "handle the matter."[3]  Commander Castellano contends that the Department delayed bringing charges against the inmate because doing so would require public disclosure of the kneeling incident, which would "shed negative light on the Department given its nature and similarities to the widely publicized George Floyd use of force."[4]

---

[2] *Fearing bad publicity, LASD covered up case of deputy who knelt on inmate's head,* L.A. TIMES (March 25, 2022), https://www.latimes.com/california/story/2022-03-25/sheriff-deputy-force-coverup.

[3] *Claim alleges Sheriff Villanueva directed cover-up of deputy kneeling on inmate*, L.A. TIMES (April 25, 2022), https://www.latimes.com/california/story/2022-04-25/deputy-force-kneeling-cover-up-claim

[4] *Id.*

In short, Defendants' request for another motion *in limine* is not driven by an unforeseeable event beyond Defendants' control.  Rather, it is the result of Defendants' own decision not to release the video sooner.

*Third*, regardless of when Defendants knew or should have known of their supposed need for Motion in Limine No. 6, that timing does not give Defendants ground to receive six motions instead of five.  If Defendants believe that a sixth motion *in limine* is necessary, they should withdraw one of their other motions to comply with this Court's rule and to avoid unfairness to Plaintiff.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' application outright or, at minimum, grant the application on the condition that Defendants withdraw one of their other motions *in limine* so that both sides have the same number of motions.

DATED:  June 18, 2022

WILSON SONSINI GOODRICH & ROSATI

By:  */s/ Luis Li*

LUIS LI

Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

CRAIG JENNINGS LAVOIE
Craig.Lavoie@mto.com
JENNIFER L. BRYANT
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Plaintiff Vanessa Bryant*