LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone:   (323) 210-2900
Facsimile:    (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>             Plaintiff,<br><br>      vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>             Defendants. | Case No. 2:20-cv-09582-JFW-E<br><br>**DECLARATION OF CRAIG JENNINGS LAVOIE REGARDING THE PARTIES' FURTHER UPDATED JOINT PRETRIAL EXHIBIT STIPULATION**<br><br>Judge:         Hon. John F. Walter<br>Courtroom:   7A<br><br>Pretrial Conference: None Set<br><br>Trial Date: None Set |

49547795.1

# DECLARATION OF CRAIG JENNINGS LAVOIE

I, Craig Jennings Lavoie, hereby declare:

1. I am admitted to practice before all of the courts of the State of California and this Court. I am an attorney at the law firm of Munger, Tolles & Olson LLP and counsel of record for Plaintiff Vanessa Bryant in the above-captioned matter. I submit this declaration in connection with the parties' updated joint pre-trial exhibit stipulation. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. Attached hereto as **Exhibit A** is a table that sets forth a numbering scheme for the internal investigation interviews of individuals who have been listed on one or both of the parties' witness lists.

3. Attached hereto as **Exhibit B** are excerpted transcripts of internal investigation interviews with highlights reflecting portions Plaintiff seeks to admit as party admissions.

4. Attached hereto as **Exhibit C** are excerpted transcripts of internal investigation interviews with yellow highlights that reflect material Plaintiff seeks to admit as party admissions *and* counter-designations proposed by Defendants that Plaintiff has accepted in the interest of compromise. Blue highlights reflect counter-designations by Defendants that Plaintiff believes are not proper completeness designations and are presented for the Court's decision.

5. Plaintiff's counsel regrets that the parties were unable to resolve all disagreements regarding the designations. Although Plaintiff's counsel believed the majority of Defendants' counter-designations were improper, Plaintiff accepted: (i) all of Defendants' counter-designations with respect to five witness interviews; and (ii) roughly half of Defendants' counter-designations overall. Plaintiff's counsel requested that Defendants withdraw the remaining counter-designations or meet and confer about them by phone, but Defendants declined. Rather than respond to

Plaintiff's legal authorities that the counter-designations were improper, Defendants' counsel insisted that the entirety of the transcripts and audio files be admitted into evidence. A portion of the parties' email correspondence on this issue is attached hereto as **Exhibit D**.

6. Attached hereto as **Exhibit E** are excerpted transcripts of recordings of Sheriff Alex Villanueva (Exs. 300, 302-06). <u>Yellow</u> highlights reflect material Plaintiff seeks to admit as party admissions. <u>Blue</u> highlights reflect counter-designations by Defendants that Plaintiff believes are not proper completeness designations.

7. In response to the Court's feedback at the pre-trial conference, Plaintiff has removed more than 100 of her exhibits. Plaintiff's counsel has also been proactive in proposing compromise proposals to Defendants, some of which have resulted in the narrowing of disputes demonstrated in the shorter joint statement and pre-trial exhibit stipulation. Other compromises have been rejected by Defendants, as summarized below.

   a. To resolve Defendants' objection that the Fire Department's letters to Brian Jordan, Tony Imbrenda, and Arlin Kahan constitute subsequent remedial measures, Plaintiff proposed detailed redactions of the letters to remove reference to any disciplinary action. Defendants rejected this compromise. Plaintiff's proposed redactions to the Department's letter to Brian Jordan is attached hereto as **Exhibit F** (Plaintiff's proposed redactions in the Imbrenda and Kahan letters are essentially identical).

   b. One purpose of the internal investigation materials is to show (i) the interviews occurred long after the crash; (ii) the interviews were (in many instances) very brief; and (iii) the investigators' review of the deputies' phones was short and cursory. For example, Stephanie Shrout was known at the time to have received photos from Sgt. Travis Kelly, but she was interviewed for only 14 minutes and more than three months after Ralph Mendez's complaint to the Sheriff's

Department. Similarly, Department investigators visually inspected Chris Jauregui's cell phone for only 1 minute and 34 seconds. These objective, undisputed facts are known from the transcripts and recordings of the Sheriff's Department interviews. To obviate the need to designate these portions, however, Plaintiff proposed a summary chart that sets forth this objective information. *See* **Exhibit G**. Plaintiff further provided citations for each piece of data in the chart to enable Defendants to verify it themselves. Without disputing the accuracy of any information in the chart, Defendants refused to stipulate to the chart, necessitating significant designations of the interview materials to capture: (i) the interview date and start time; (ii) the period that investigators visually inspected phones; and (iii) the end time of the interview.

        c.     Seven (7) of Plaintiff's exhibits are custodian of record certifications from the County employees' wireless providers. To allow for these exhibits to be withdrawn, Plaintiff requested a stipulation that states (1) the cell records are authentic; (2) the cell records are non-hearsay business records; and (3) Defendants reserve the right to object to the cell records on 402/403 grounds and dispute the inferences to be drawn from the cell records. Defendants rejected this compromise, without disputing the accuracy of any of the information contained in the custodian of record certifications.

       8.     Attached hereto as **Exhibit H** is Defendants' Exhibit 668: a collection of 89 of Mrs. Bryant's Instagram posts curated by Defendants. In meet and confer, Plaintiff agreed to the introduction of five pages of Exhibit 668 (pages 3, 7, 15, 16, and 18), which are posts in which Mrs. Bryant comments on media photos and coverage of the crash scene, as well as her grief over the loss of her husband and daughter. In the parties' meet and confer, I shared my screen and scrolled through several of the posts, asking that defense counsel provide relevance rationale on a post-by-post basis. Counsel for Defendants declined to provide individualized

rationales, stating that Defendants need not disclose how they intend to conduct Mrs. Bryant's cross-examination at trial.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on this 15th day of July, 2022, at Los Angeles, California.

_____
Craig Jennings Lavoie