LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>                Plaintiff,<br><br>         vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>                Defendants. | Case No. 2:20-cv-09582-JFW-E<br><br>**PLAINTIFF'S OPPOSITION TO BRIAN JORDAN'S RENEWED *EX PARTE* APPLICATION**<br><br>Pretrial Conference: None Set<br><br>Trial Date: None Set<br><br>The Honorable John F. Walter<br>Magistrate Judge Charles F. Eick |

Case No. 2:20-cv-09582-JFW-E
PLAINTIFF'S OPPOSITION TO BRIAN JORDAN'S RENEWED *EX PARTE* APPLICATION

Brian Jordan's renewed *ex parte* application to file documents under seal and to shorten the time on his motion for a protective order should be stricken or denied for once again failing to comply with the Court's rules. Plaintiff is not opposed to Mr. Jordan filing confidential medical information under seal. And Plaintiff is certainly amenable to an appropriate briefing schedule that allows Mr. Jordan's underlying motion to be decided in advance of trial. As such, this application may well have been avoided had counsel for Mr. Jordan complied with the obligation to meet and confer with counsel for all parties before filing it. But Mr. Jordan's counsel refused to meet and confer. As a result, Mr. Jordan's renewed application fails to specify any proposed schedule for shortened briefing on the motion for protective order, leaving it to the Court to select one. And Mr. Jordan's requested sealing relief remains unclear for the same reasons that the Court denied Mr. Jordan's last application. (*See* ECF No. 312.)

**A.     Background**

In October 2021, Mr. Jordan filed a motion for a protective order to prevent his deposition from going forward on very similar grounds. That motion and its supporting papers and evidence were filed publicly on the court docket; they have been public ever since. (*See* ECF No. 117.) Magistrate Judge Eick denied the motion. (ECF No. 131). Mr. Jordan then filed objections to Judge Eick's ruling, which this Court denied for failure to comply with the Court's standing order and the local rules. (ECF No. 152 (text only entry).)

On July 1, 2022, Mr. Jordan filed an *ex parte* application requesting leave to file under seal a new motion for a protective order, this time to prevent his having to testify at trial. Plaintiff opposed the application, noting that she did not oppose the sealing of confidential medical information but that Mr. Jordan's application was unclear in the relief it sought and, to the extent it sought sealing of the entirety of the motion and all exhibits, or non-confidential argument, that was inappropriate. Plaintiff also noted that Mr. Jordan's underlying motion for a protective order,

1  which did *not* seek to shorten time but set a hearing date less than four weeks out,
2  was noticed in violation of the local rules.  (*See* ECF No. 308.)
3       On July 6, the Court denied Mr. Jordan's application without prejudice "for
4  the reasons stated in Plaintiff's Opposition," noting that the application was "unclear
5  regarding the relief Jordan is seeking and is riddled with errors."  (ECF No. 312.)
6       On July 14, Mr. Jordan's counsel sent a letter stating that he intended to file
7  the next day a renewed *ex parte* application to file documents under seal and to
8  shorten the time for hearing his motion for a protective order.  (Declaration of Eric
9  P. Tuttle ("Tuttle Decl."), Ex. A.)  Plaintiff's counsel responded thirty minutes later,
10 asking Mr. Jordan's counsel's availability to meet and confer on the application,
11 "including what you propose to file under seal and what schedule you propose on
12 the underlying motion." (*Id.*, Ex. B at 7.)  The next day, Mr. Jordan's counsel stated
13 that he did not see the purpose of meeting and conferring because the parties had
14 already spoken in connection with Mr. Jordan's prior *ex parte* application.  (*Id*. at 6.)
15 Plaintiff's counsel responded that the parties needed to meet and confer on a
16 shortened briefing schedule because they had never previously discussed one, and
17 also needed to discuss sealing because it was still unclear what exactly Mr. Jordan
18 was seeking to seal.  (*Id*.)  Mr. Jordan's counsel did not respond to this last email,
19 and instead filed the renewed *ex parte* application on July 15 without meeting and
20 conferring.  (Tuttle Decl. ¶ 4.)
21      The renewed *ex parte* application asks for a shortened briefing schedule, but it
22 does not propose any particular schedule.  Instead, the proposed order leaves blanks
23 for the Court to fill in.  (ECF No. 322-1 at 2.)  The renewed *ex parte* application
24 does not specify what exactly Mr. Jordan is seeking to seal.  With regard to the
25 meet-and-confer requirement, it states:  "During the meet and confer process,
26 Opposing Counsel for Plaintiffs in both the Bryant case and the Chester case, as
27 well as counsel for the Defendant County of Los Angeles, all indicated that they
28 opposed this Ex Parte Application for Leave to File Documents Under Seal." (ECF

1  No. 322 at 2-3.) No such meet and confer occurred.[1]

### B. Argument

Local Rule 7-19.1 requires that, before any *ex parte* application is filed, counsel for the applying party must (a) "make reasonable, good faith efforts *orally* to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application" and (b) "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." Local Rule 7-3 likewise requires meeting and conferring before filing motions and applications. The Court's Standing Order emphasizes the need for litigants to meet and confer by "realtime communication," and that failure to strictly comply with the Local Rules or the Court's requirements "will result in the striking and/or denial of the motion." (ECF No. 18 at 7-9.)

Mr. Jordan's counsel failed to comply with these rules. The application should therefore be stricken or denied.

Meeting and conferring is not a formality; it may have obviated the need for this *ex parte* application. Plaintiff is willing to agree to a reasonable, shortened schedule to have Mr. Jordan's motion for protective order decided in advance of trial. But that requires Mr. Jordan's counsel to discuss a schedule, not simply to rush an *ex parte* filing asking this Court to figure out what the schedule should be. Plaintiff also does not oppose the filing of Mr. Jordan's confidential medical information under seal; she opposes the sealing of other, non-confidential information. But because Plaintiff still does not know what Mr. Jordan is trying to seal, Plaintiff does not know whether she opposes that part of the application.

In particular, Mr. Jordan's application remains unclear concerning whether it seeks to seal the entirety of all documents associated with the motion or just certain

---

[1] The application also refers to the "impending trial date of July 26, 2022" (ECF No. 322 at 2), but that trial date has been vacated—something Plaintiff could have explained if Mr. Jordan's counsel had met and conferred. (*See also* id. at 7.)

portions, and if the latter, which portions. This is the same issue that Plaintiff pointed out in opposing the prior application, and that the Court pointed to in denying it. The caption of the proposed order for the application refers to "Entire Documents to Be Filed Under Seal." (ECF No. 322-1 at 1.) But the text of the proposed order and the application are vague and do not comply with the local rules. The proposed order is not "narrowly tailored to seal only the sealable material" and does not "list[] in table form each document or portion thereof to be filed under seal." Civ. L.R. 79-5.2.2(a)(ii). The memorandum refers to filing "the privileged matter" under seal (ECF No. 322 at 5:8) and generally makes reference to the need to protect "private, personal and HIPPA-protected medical records" (e.g., *id.* at 7:5-6). But the application is not accompanied by conspicuously-labeled redacted and unredacted versions. See Civ. L.R. 79-5.2.2(a)(iii)-(iv). The copy of the underlying motion that Mr. Jordan served on Plaintiff contains what appears to be grey highlighting around certain passages. It is unclear whether Mr. Jordan intends for just those portions to be sealed and redacted, but that highlighting, too, is overbroad as noted in Plaintiff's prior opposition. (*See* ECF No. 308 at 4.)

      To the extent Mr. Jordan broadly seeks to seal all or most of his motion and supporting papers, the Court should deny that request for the reasons explained in Plaintiff's opposition to Mr. Jordan's prior *ex parte* application. (*See* ECF No. 308 at 3-5.) Such a request is further undermined by the fact that Mr. Jordan publicly filed the papers supporting his original motion for a protective order in connection with his deposition subpoena, which include much of the same information as the present motion and which have remained public since last October. (*See* ECF No. 117.) Counsel for Plaintiff notified counsel for Mr. Jordan of this issue back in October (ECF No. 129 at 2), and raised it again in requesting a meet and confer on this application (Tuttle Decl., Ex. B at 6), but received no response.

### C. Conclusion

As with Mr. Jordan's July 1 *ex parte* application, Mr. Jordan's renewed *ex parte* application requests relief that is unclear and fails to comply with the Local Rules. Accordingly, Mr. Jordan's renewed *ex parte* application should be stricken or denied.

DATED: July 16, 2022

WILSON SONSINI GOODRICH & ROSATI, Professional Corporation

By:       /s/ Eric P. Tuttle
          ERIC P. TUTTLE

LUIS LI
Luis.Li@wsgr.com
ERIC TUTTLE
Eric.Tuttle@wsgr.com
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

CRAIG JENNINGS LAVOIE
Craig.Lavoie@mto.com
JENNIFER L. BRYANT
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Plaintiff Vanessa Bryant*