Steven H. Haney, SBN 121980
Kenneth W. Baisch, SBN 115404
**HANEY & SHAH, LLP**
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile:  (213) 228-6501
Email: shaney@haneyshah.com
       kbaisch@haneyshah.com

Attorneys for BRIAN JORDAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT, a California Resident,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; et al.,<br><br>Defendants. | **Case No. 2:20-cv-09582 JFW (Ex)**<br>Consolidated with<br>**Case No. 2:20-cv-10844 JFW (Ex)**<br>[Hon. John F. Walter, Courtroom 7A]<br><br>**(1) EX PARTE APPLICATION FOR LEAVE TO FILE MOTION UNDER SEAL AND TO SHORTEN TIME FOR HEARING ON THE MOTION FOR A PROTECTIVE ORDER**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** |
| CHRISTOPHER L. CHESTER, et al.<br><br>Plaintiffs<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; et al.,<br><br>Defendants. | **(3) DECLARATIONS OF STEVEN H. HANEY AND BRIAN JORDAN IN SUPPORT THEREOF;** *(separately filed concurrently herewith)*<br><br>**(4) JOINT STATEMENT PURSUANT TO LOCAL RULE 7-3 AND AMENDED STANDING ORDER 5(b);** *(separately filed concurrently herewith)*<br><br>**(5) [PROPOSED] ORDER** *(separately lodged concurrently herewith*<br><br>District Judge: Hon. John F. Walter<br>Courtroom: 7A<br><br>Magistrate Judge: Hon. Charles F. Eick<br>Courtroom: 750 |

1

Case No. 2:20-cv-09582-JFW-Ex
RENEWED EX PARTE APPLICATION FOR LEAVE TO FILE MOTION UNDER SEAL

**TO THIS HONORABLE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that third party witness BRIAN JORDAN ("Captain Jordan") a retired Captain, previously with the Los Angeles Fire Department, will and hereby does move the Court Ex Parte for Leave to File Documents Under Seal in Department 7A of the United States District Court, located at 350 West First Street, Los Angeles, CA 90012 the Honorable John F. Walter presiding, and shortening time for hearing of his motion for a protective order.

Through the meet and confer process under Local Rule 7-3 and this Court's Amended Standing Order, the parties agreed that this application to seal portions of the motion for a protective order could be granted, and no party opposes this application. (Joint Statement Re Meeting and Conferring filed concurrently herewith.)

Good cause exists for the granting of this application and the underlying motion on the grounds that Captain Jordan will suffer harm if he is forced to testify at trial regarding his observations and role as safety officer at the scene of the helicopter crash which has rendered him disabled and required his retirement, particularly in light of the fact that the parties can all play Captain Jordan's videotaped deposition at trial. Further, the confidential and private HIPPA protected documentation of his career ending disability, including documents containing private information regarding his health, should be redacted and filed under seal, due to the exceptionally sensitive and HIPPA-protected nature of these documents. Ultimately, compelling reason exists to grant this Ex Parte Application for Leave to File Documents Under Seal due to the highly sensitive information contained in Captain Jordan's proposed Motion for Protective Order.

Moreover, this Ex Parte Application is made pursuant to Local Rules 37-3, 79-5.2.2(a), and *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. .1995). This Ex Parte motion is justified and is necessary because Captain Jordan will suffer irreparable prejudice and as the moving party he was not at fault in

creating the crisis that requires ex parte relief. In addition, if this Application for Leave is not heard on an Ex Parte basis with shortened time for the hearing of the underlying motion, sufficient time does not exist to file Captain Jordan's papers for a noticed motion for leave to file under seal and then a motion for protective order in a timely fashion because of the impending trial date of August 11 or 12, 2022.

During the meet and confer process, Opposing Counsel for Plaintiffs in both the Bryant case and the Chester case, as well as counsel for the Defendant County of Los Angeles, have met via Zoom and discussed the portions of the motion for a protective order which Jordan seeks to have filed under seal, as well as the merits of the underlying motion for a protective order. The parties agreed that the motion could be filed under seal with portions redacted, and agreed to a shortened briefing schedule, with opposition due two days after the filing of the motion, and any reply due two days after the filing of any opposition. (Joint Statement re Meeting and Conferring.)

This motion will be based on the memorandum of points and authorities, the declaration of Steven H. Haney in support thereof and exhibits thereto, the joint statement regarding meeting and conferring pursuant to Local Rule 7-3 and Judge Walter's Amended Standing Order section 5(b), and on such other matters, information and records may be presented at time of the hearing on this motion.

Dated: August 1, 2022                                 HANEY & SHAH, LLP

By: /s/ *signature*
Steven H. Haney, Esq.
Kenneth W. Baisch, Esq.
Attorneys for BRIAN JORDAN

# MEMORANDUM OF POINTS AND AUTHORITES

## I. INTRODUCTION

This case arises out of the January 26, 2021, helicopter crash in the foothills of the Santa Monica Mountains, which tragically killed a number of people including former NBA superstar Kobe Bryant and his daughter. Captain Jordan was at the scene of the accident, serving as the Safety Officer tasked with surveying the scene to ensure the safety of the first responders. While certain members of the Los Angeles County Sherriff's Department and Los Angeles County Fire Department also allegedly took photographs of the accident scene, not one single photograph was publicised on television or on the internet. Plaintiffs nevertheless filed lawsuits seeking monetary damages for the unpublished photographs by claiming among other things, invasion of privacy.

## II. FACTUAL SUMMARY

At the time of the crash, Captain Jordan was a captain with the Los Angeles County Fire department and its safety officer. The gruesome nature of the crash site, much like a battleground, including dead bodies and body parties left Captain Jordan indelibly damaged, requiring him to go on disability leave and ultimately retire from the fire department entirely, as he was no longer able to continue his career with the Los Angeles Fire Department ("LAFD"). Any attempts to remember what occurred that day causes Captain Jordan further trauma.

Captain Jordan is not a party to this lawsuit. In the most recent attempt to obtain testimony at trial, the parties have identified Capt. Jordan as a witness, seeking his testimony as well as his personal cell phone records. Captain Jordan has objected on the grounds that Captain Jordan has been ordered by his doctors to refrain from discussing this tragic event due to the toll it has taken on his health, and disclosure of the details of his medical condition would violate his personal right to privacy as well as HIPPA. Due to these findings, Captain Jordan respectfully requests and makes this Application for Leave to File Documents Under Seal to allow him to move for a
4    Case No. 2:20-cv-09582-JFW-Ex
RENEWED EX PARTE APPLICATION FOR LEAVE TO FILE MOTION UNDER SEAL

Protective Order regarding his upcoming trial testimony, and to shorten the briefing schedule for the motion for a protective order. Because this motion for a protective order will entail disclosure of his highly sensitive, personal, private medical records regarding his health, Captain Jordan requests permission to file the privileged portions of the motion under seal.

### III. PROCEDURAL HISTORY

On October 4, 2021, Plaintiff's counsel served by email a deposition subpoena for October 25, 2021. Third-party witness Captain Jordan moved this Court for a protective order as the basis for his motion is that he is under the care of health care professionals, including the County's doctor, who have determined that his disabling health conditions are such that he should not be questioned regarding the incident at this time and that reliving these events could cause severe trauma.

The Court denied Jordan's motion for a protective order and the parties took the videotaped deposition of Jordan on November 11, 2021. Plaintiff's psychiatrist was at the deposition, and will testify in the motion for a protective order regarding the adverse effects testifying at deposition had on Captain Jordan. Now, Captain Jordan has been ordered by his doctors to refrain from discussing this tragic event due to the toll it has taken on his psychological health. The everlasting effects the request for him to re-testify at trial would have on Captain Jordan has been clearly outlined by these experts.

### IV. LEGAL ARGUMENT

**A. The evidence shows that Captain Jordan, as the moving party, will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures**

In *Mission Power Eng'g Co. v. Continental Cas. Co.,* for an Ex Parte Motion the Court established that "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." Furthermore, the Court went on to note that "to show

irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial." The Court will use a sliding scale to ultimately measure the threat of prejudice. A determination must be made of severe prejudice, if this is non-existent then it must be apparent that the underlying motion has a high likelihood of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm.

In this case, the parties have agreed to a shortened briefing schedule to allow the motion to be determined prior to trial. (See Joint Statement pursuant to Local Rule 7-3 and Amended Standing Order section 5(b).)

Substantially, throughout the meet and confer process Mr. Haney and Mr. Baisch expressed Captain Jordan's doctors' orders before, during and after the videotaped deposition recount the devastating effect that being forced to recall these events has had and continues to have on Captain Jordan.

Likewise, in order to demonstrate the irreparable prejudice Captain Jordan will endure, it will be necessary to reveal confidential and HIPPA protected information that will support the basis of the Motion for Protective Order. The main cause of this Application is the gravity of maintaining Captain Jordan's private medical records private. The catastrophic impact of displaying an individual's private, personal, and HIPPA-protected medical records for public observance is unparalleled. As noted above, Captain Jordan is not a party to this lawsuit, and his health is not at issue in the lawsuit. Captain Jordan has retired early due to the horrendous scenes he witnessed on January 26, 2020 and his doctors have provided supporting documentation of this disabling condition. The parties have already taken the videotaped deposition of Jordan, and therefore can use that at trial; obviating the need for him to re-endure the tragic events. Therefore, Captain Jorden seeks the opportunity to explain the need for a Protective Order but cannot partake in this effort without redaction and the issuance

of a seal to protect his private, personal, and HIPPA-protected medical information and records.

Captain Jordan will be irreparably prejudiced if the motion to seal the underlying motion and the underlying motion for protective order are heard according to regular noticed motion procedures as Local Rule 37-3 requires that "[the] motion must be noticed to be heard on a regular Motion Day for the appropriate judge at least twenty-one days after the filing of the motion." In the current circumstances this was not possible as the parties met and conferred on July 28, 2022, and trial is scheduled for August 11 or 12, 2022. Captain Jordan respectfully requests and makes this Application Ex Parte for Leave to File Documents Under Seal to allow him to move for a Protective Order regarding his trial testimony given the limited time before trial.

### B. It is well established that as the moving party Captain Jordan is without fault in creating the crisis that requires this Ex Parte relief.

Courts have found that as a second requirement it must be established that the moving party is without fault in creating the crisis that requires ex parte relief. To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation.

Captain Jordan revealed to his counsel, in confidence, of his current dire and precarious medical state and inability to partake in testifying at trial. On June 29, 2022, Mr. Haney simultaneously sent a letter outlining the necessity for a protective order due to the highly sensitive HIPPA-protected information involved. Subsequently, Plaintiffs' counsel, the County's counsel, and counsel for Captain Jordan agreed to meet and confer on June 29, 2022, and again on July 1, 2022. After Plaintiff's motion to seal was denied on procedural grounds, on July 28, 2022 the counsel for all parties met via Zoom to discuss the merits of this ex parte application to allow portions of the motion for a protective order to be filed under seal as well as

1  the merits of the underlying motion. All of the parties were willing to agree to
2  allowance of private portions of the motion for a protective order to be filed under
3  seal.

4      The necessity for this Ex Parte is exacerbated by the fact that Plaintiffs' counsel
5  has refused to allow Captain Jordan to follow orders from two separate doctors who
6  are now treating Captain Jordan. Dr. Soorani, who attended Captain Jordan's
7  deposition, became additionally concerned due to the mental and physical effects that
8  the deposition caused. He has opined that further questioning of Captain Jordan at
9  trial could be life threatening.

**C. There is good cause for Captain Jordan's need for this Application and there are compelling reasons why the strong presumption of public access in civil cases should be overcome**

    The main cause of this Application is the gravity of maintaining Captain Jordan's private medical records which need to be disclosed in support of his motion for a protective order. The potentially devastating impact of displaying an individual's medical records for public observance can be a perilous endeavor. It is no clandestine story that Captain Jordan retired early due to devastating aftereffects of seeing the tragic events that took place on January 26, 2020, and his doctors have provided supporting documentation of this.

    In *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, the court went so far as to sua sponte seal medical records because it found that the need to protect the patient's "confidential medical information outweigh[ed] any necessity for disclosure[.]" No. C 10–02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011). In *Hunt v. Continental Casualty Co.*, the court allowed the plaintiff's psychotherapist's deposition testimony to be filed under seal, holding that the plaintiff's interest in "preserving the privacy of her sensitive mental health records" constituted a compelling reason. No. 13–cv–05966–HSG, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14 2015). Thereby, good cause exists to grant this Ex Parte

1  Application for Leave to File Documents Under Seal due to the highly sensitive
2  information contained in Captain Jordan's upcoming Motion for Protective Order.
3        Moreover, in *A.C. v. City of Santa Clara*, the court allowed medical records to
4  be sealed because it found that the "compelling confidentiality concerns" outweighed
5  the public presumption of access. No. 13–cv–03276–HSG, 2015 WL 4076364, at *2
6  (N.D. Cal. Jul. 2, 2015). In *Peterson v. Reike*, the court allowed medical records
7  attached to a motion for summary judgment to be sealed because the plaintiff had an
8  "interest in keeping his mental health records private" and should not have to sacrifice
9  those rights to bring his suit. No. 1:14–cv–00477–CWD, 2017 WL 1138135, at *3 (D.
10 Id. Mar 27, 2017). Many other district courts in the Ninth Circuit have held that the
11 "sensitive and confidential nature of medical records" is a compelling reason that
12 satisfies the test. *Bloss v. Twin Falls Cty.*, No. 1:15–cv–00467–BLW, 2017 WL
13 3659164, at *7 (D. Id. Aug. 24, 2017); see, e.g., *Williams v. Nev. Dep't. of Corr.*, No.
14 2:13–cv–941–JAD– VCF, 2014 WL 3734287, at *1 (D. Nev. Jul. 29, 2014); *Farkas v.*
15 *Nev. Dep't. of Corr.*, No. 2:14–cv–451–JAD–VCF, 2014 WL 4105139, at *1 (D. Nev.
16 Aug. 18, 2014); *Lombardi v. TriWest Healthcare All. Corp.*, No. CV–08–02381–
17 PHX–FJM, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009).
18       Here, Captain Jordan, a non-party, should not have to display his medical
19 history to public viewing in order to protect his personal health. Court should follow
20 the same trajectory as previous mentioned cases given the Motion for Protective Order
21 contains arguments which include Captain Jordan's health care evaluations, his health
22 care records, and notes from his doctors. Likewise, the material that will be contained
23 in the Motion for Protective Order includes highly sensitive, confidential, HIPAA
24 restricted information. Thus the "compelling confidentiality concerns" outweighs the
25 public presumption of access such that the Court should allow Captain Jordan to
26 protect his personal privacy as he seeks a motion for a protective order regarding his
27 trial testimony. Afterall, Captain Jordan has a strong interest in keeping his health
28 records private and he should not have to sacrifice those rights, especially when he is

not a party to the suit, but rather a third party witness. That being said, the public does not have an illimitable right to intrude on Captain Jordan's privacy for the sake of public access as the injury suffered by Captain Jordan due to this exhibition of information would be far greater than the publics' benefit.

All in all, the strong presumption of public access in civil cases should be overcome here because Captain Jordan's health is a predominant aspect of the need for the Protective Order. Without sealing the records to protect his private health records, Captain Jordan would be exposing his condition to the public, which includes prospective employers. This furthers the harm Captain Jordan may be potentially exposed to.

## V.   CONCLUSION

For the reasons set forth above, third-party witness Captain Brian Jordan respectfully requests that this Court grant this Application for Leave to File Documents Under Seal, and to Shorten Time for Hearing on the Motion for a Protective Order.

Dated: August 1, 2022

HANEY & SHAH, LLP

By: _____
Steven H. Haney, Esq.
Kenneth W. Baisch, Esq.
Attorneys for BRIAN JORDAN

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1055 West Seventh Street, Suite 1950, Los Angeles, California 90017. On **August 1 2022,** I caused to be served the foregoing document described as **RENEWED EX PARTE APPLICATION FOR LEAVE TO FILE MOTION UNDER SEAL** in this action by placing a true copy thereof enclosed in an envelope addressed as follows:

### *SEE ATTACHED SERVICE LIST*

__  BY MAIL AS FOLLOWS: The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

☒  BY ELECTRONIC TRANSMISSION - I caused such document(s) to be delivered in PDF format when the attached document(s) was e-filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing to the e-mail addresses listed.

Executed on **August 1, 2022,** in Los Angeles, CA 90017

☒  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| Lauren Moorehead | *s/Lauren Moorehead* |
|---|---|
| Type or Print Name | Signature |

1

Case No. 2:20-cv-09582-JFW-Ex
RENEWED EX PARTE APPLICATION FOR LEAVE TO FILE MOTION UNDER SEAL

## SERVICE LIST
### Bryant v. County of Los Angeles et al.
### Case No. 2:20-cv-09582-JFW-E

| | |
|---|---|
| Louis R. Miller<br>smiller@millerbarondess.com<br>Mira Hashmall<br>mhashmall@millerbarondess.com<br>Emily A. Rodriguez<br>esanchirico@millerbarondess.com<br>MILLER BARONDESS, LLP<br>1999 Avenue of the Stars, Suite 1000<br>Los Angeles, CA 90067<br>(310) 552-4400 | *Attorneys for County of Los Angeles, Los Angeles County Fire Department, Joey Cruz, Rafael Mejia, Michael Russell, Raul Versales, Arlin Kahan, and Tony Imbrenda* |
| Jonathan C. McCaverty<br>jmccaverty@counsel.lacounty.gov<br>LOS ANGELES COUNTY COUNSEL<br>500 West Temple Street, Suite 468<br>Los Angeles, CA 90012<br>(310) 552-4400 | *Attorneys for Los Angeles County Sheriff's Department* |
| Luis Li<br>Luis.Li@mto.com<br>Craig Lennings Lavoie<br>Craig.Lavoie@mto.com<br>Jennifer L. Bryant<br>Jennifer.Bryant@mto.com<br>Brandon E. Martinez<br>Brandon.Martinez@mto.com<br>Munger, Tolles & Olson LLp<br>350 South Grand Avenue<br>Fifteenth Floor<br>Los Angeles, CA 90071 | *Attorneys for Vanessa Bryant* |
| Jerome M. Jackson<br>jmjlaw@aol.com<br>JEROME M. JACKSON LAW OFFICES<br>880 Apollo Street, Suite 238<br>El Segundo, California 90245<br>(310) 726-4199 | *Attorney for Christopher L. Chester, R.C. (a minor, by and through his guardian ad litem, Christopher L. Chester), and H.C. (a minor, by and through his guardian ad litem, Christopher L. Chester)* |

Kevin R. Boyle
boyle@psblaw.com
Marguerite S. Sanvictores
sanvictores@psblaw.com
PANISH SHEA & BOYLE LLP
11111 Santa Monica Blvd., #700
Los Angeles, California 90025
(310) 477-1700

*Attorneys for Matthew Mauser, P.M. (a minor, by and through her guardian Matthew Mauser), T.M. (a minor, by and through his guardian Matthew Mauser), and I.M. (a minor, by and through her guardian Matthew Mauser); and John James Altobelli and Alexis Altobelli*