LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone:  (323) 210-2900
Facsimile:   (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| VANESSA BRYANT,<br><br>            Plaintiff,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>            Defendants.<br><br>CHRISTOPHER L. CHESTER,<br><br>            PLAINTIFF,<br><br>    vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>            Defendants. | Case No. 2:20-cv-09582-JFW-E (Consolidated with 2:20-cv-10844-JFW-E)<br><br>**PLAINTIFF VANESSA BRYANT'S OFFER OF PROOF REGARDING PLAINTIFF'S EXPERT RICHARD J. SHAW, M.D.**<br><br>Final Pretrial Conference: August 5, 2022<br><br>Trial Date: August 10, 2022<br><br>The Honorable John F. Walter |

Pursuant to the Court's oral ruling on Plaintiff's Motion in Limine No. 2 on July 26, 2022, Plaintiff Vanessa Bryant ("Plaintiff") hereby submits her Offer of Proof regarding Plaintiff's expert Richard J. Shaw, M.D. Dr. Shaw's expert report and CV are attached hereto and filed concurrently herewith, as **Exhibits A** and **B**.

Dr. Shaw has not been deposed yet. If he is deposed, Plaintiff will provide the Court with a copy of Dr. Shaw's deposition transcript as soon as possible thereafter.

Plaintiff will offer Dr. Shaw to give the following opinions at trial:

### 1. Dr. Cohen Violates the Goldwater Rule in Giving Professional Opinions Concerning the Mental Health of Mrs. Bryant

Dr. Shaw will testify that Dr. Cohen has violated the Goldwater Rule in giving certain of his opinions. (Ex. A at 11-12.)

As part of his opinion, Dr. Shaw will explain the Goldwater Rule and how it applies. And he will explain why some of Dr. Cohen's opinions violate the Goldwater rule. For example, he will opine that:

- Some of the opinions expressed by Dr. Cohen are psychiatric opinions concerning the mental health of Mrs. Bryant.

- Dr. Cohen violates the Goldwater Rule by providing a psychiatric opinion regarding the mental health of Mrs. Bryant, a public figure, without her consent or other authorization, such as a court order; without a face-to-face evaluation of Mrs. Bryant and without reviewing adequate supporting medical records; and by incompletely and inaccurately describing the limitations of his opinion.

### 2. Dr. Cohen Violated Accepted Standards of Psychiatric Care

Dr. Shaw will testify that by giving psychiatric opinions about Mrs. Bryant, Dr. Cohen departs from established and accepted community standards of psychiatric care. (*Id*. at 12-14.)

As part of his opinion, Dr. Shaw will opine on the standard of care and what it entails. And he will explain how Dr. Cohen has departed from that standard of care. For example he will opine that:

- Ethical standards and standards of care apply to psychiatrists performing a forensic psychiatric evaluation.
- The standard of care here would include a personal examination and review and consideration of various information, which Dr. Cohen did not do. Instead, Dr. Cohen relied on information that is outside the standard of care.
- In the absence of this information, Dr. Cohen has no medical basis to support his opinions, and by offering them anyway he departs from the standard of care.
- The deposition testimony and text messages that Dr. Cohen reviewed do not provide a basis for his opinions.
- Dr. Cohen's inferences that Mrs. Bryant has not been harmed because she is not incapacitated or her fears are irrational are unfounded.

### 3. **Dr. Cohen Incompletely Described the Limitations that Should Be Considered When Interpreting His Opinions**

Dr. Shaw will testify Dr. Cohen did not completely or accurately describe the limitations that should be considered when interpreting his opinions, as required by ethical and professional standards. (*Id*. at 14-15.)

### 4. **Dr. Cohen Failed to Consider Evidence Presented**

Dr. Shaw will testify that he does not agree with Dr. Cohen that there is no evidence of mental harm to Mrs. Bryant from the taking and sharing of photographs of her loved ones' remains, and that Dr. Cohen failed to acknowledge evidence consistent with such harm in the materials he considered. (*Id*. at 15-16.)

5. **Dr. Cohen Failed to Consider Alternate Sources of Mrs. Bryant's Emotional Harm**

Dr. Shaw will testify that Dr. Cohen's focus on grief over the deaths of her loved ones as a model to explain Mrs. Bryant's reaction fails to take into consideration other potentially relevant explanations for her emotional distress. (*Id*. at 16-17.)

As part of his opinion, for example, Dr. Shaw will opine that:

- Dr. Cohen fails to consider the possibility of Posttraumatic Stress Disorder (PTSD) as a way to explain the potential psychological impact on Mrs. Bryant of the photographs, although the evidence available to Dr. Cohen clearly raises the possibility of PTSD.

- The knowledge that images of individual's loved ones have been shared, and the potential that they may be shared further in the future, could lead to increased symptoms of psychological distress, particularly given the particular circumstances here.

6. **Dr. Cohen Inappropriately Speculates about Mrs. Bryant's Prior Mental Health History**

Dr. Shaw will testify that Dr. Cohen inappropriately speculates about Mrs. Bryant's prior psychiatric history and uses incomplete data to suggest that this history has caused her to develop a sense of vulnerability and fear about crash-site photographs. (*Id*. at 17-18.)

As part of his opinion, for example, Dr. Shaw will opine that:

- Having not considered Mrs. Bryant's entire life history, Dr. Cohen is not in a position to evaluate Mrs. Bryant's mental health history or what is affected or not affecting her. Dr. Cohen relies on speculation and information that is insufficient to make any reliable conclusion.

### 7. Dr. Cohen Is Incorrect that Mrs. Bryant Cannot Be Distressed by Images She Has Not Seen

Dr. Shaw will testify that he disagrees with Dr. Cohen's insistence that Mrs. Bryant cannot be distressed by the existence of photographs that she has not seen and that her distress lies solely in what she imagines these imagines depict. (*Id*. at 18-19.)

As part of his opinion, for example, Dr. Shaw will opine that:

- It is well established that a person's thoughts and imagination about what occurred, upon learning of some distressing event, can be distressing, traumatic, and anxiety-inducing.

- Dr. Cohen ignores testimony by Mrs. Bryant about the impact of these events on her.

- It is reasonable to expect that the knowledge that photographs of one's family member's human remains were taken for personal use and then shared and treated as a source of entertainment would cause emotional distress, anxiety, and anger on the part of an individual in a similar position.

- Dr. Cohen fails to consider how Defendants' actions may have taken away Mrs. Bryant's feelings of control, causing her added distress, anger, and anxiety.

- Dr. Cohen does not dispute that Mrs. Bryant has a real fear of future dissemination of the photographs. The knowledge that these photographs have existed and may still exist could cause psychological distress and anxiety in an individual who has gone through an experience like this.

- It is possible that a person could suffer significant distress and anxiety, potentially for the rest of his or her life, from learning that his or her loved ones' remains were photographed by multiple first responders for personal use, shared among those responders' acquaintances, and potentially subject to further

distribution in the future, whether or not that person ever sees the photographs himself or herself.

### 8. Dr. Cohen Draws an Inappropriate Dichotomy between Grief and Distress Related to the Photographs

Dr. Shaw will testify that Dr. Cohen's opinion that the emotional distress from the death of Mrs. Bryant's husband and daughter is distinct from the emotional distress caused by the taking and sharing of the photographs of her loved ones' remains and from her anxiety about the potential release of those photographs, and Dr. Cohen's suggestion that grief over the deaths is the true or overwhelming cause of Mrs. Bryant's emotional distress, are inappropriate. (*Id*. at 19-20.)

As part of his opinion, for example, Dr. Shaw will opine that:

- Dr. Cohen makes an artificial distinction between emotional distress related to the death of her loved ones and the emotional distress related to the taking, past sharing, and potential future sharing of the remains photographs.

- It is reasonable to expect that learning of Defendants' conduct could complicate Mrs. Bryant's ability to resolve the loss of her husband and daughter and amplified and perpetuated any emotional distress related to those deaths. The same is true of Mrs. Bryant's anxiety over future distribution of the photographs. These things could also re-trigger traumatic memories and make if more difficult for Mrs. Bryant to deal with the traumatic nature of her loss.

- Without examining Mrs. Bryant or reviewing her medical history, Dr. Cohen is not a position to assess the extent to which Mrs. Bryant has suffered and is suffering emotional distress from the deaths of her loved ones unrelated to the photographs that were taken and shared, compared to the extent she is suffering emotional distress from Defendant's conduct.

### 9. Dr. Cohen Did Not Rely on Sufficient Facts or Data and His Opinions Are Unreliable

Dr. Shaw will testify that the opinions expressed by Dr. Cohen in his reports are unreliable and that Dr. Cohen had no basis to come to a psychiatric opinion that Mrs. Bryant had not been harmed by Defendants' actions, or that other factors caused the emotional distress she is suffering and attributes to the photos. Dr. Shaw will also opine that it is inconsistent with the ethical standards of the psychiatric profession and accepted standards of psychiatric care for Dr. Cohen to have offered such opinions. (*Id*. at 20.)

DATED: August 2, 2022

WILSON SONSINI GOODRICH & ROSATI, Professional Corporation

By:     */s/ Luis Li*
           LUIS LI

LUIS LI
Luis.Li@wsgr.com
ERIC TUTTLE
Eric.Tuttle@wsgr.com
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

CRAIG JENNINGS LAVOIE
Craig.Lavoie@mto.com
JENNIFER L. BRYANT
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Plaintiff Vanessa Bryant*