LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone:  (323) 210-2900
Facsimile:   (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

[*Additional counsel continued on next page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>             Plaintiff,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>             Defendants.<br><br>---<br><br>CHRISTOPHER L. CHESTER,<br><br>             PLAINTIFF,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>             Defendants. | Case No. 2:20-cv-09582-JFW-E (Consolidated with 2:20-cv-10844-JFW-E)<br><br>**FINAL EXHIBITS PRE-TRIAL STIPULATION**<br><br>Trial Date:  August 10, 2022<br><br>The Honorable John F. Walter |

1   [*Additional counsel, continued from previous page*]

2   JEROME M. JACKSON (State Bar No. 64238)
    jmjlaw@aol.com
3   JEROME M. JACKSON LAW OFFICES
    880 Apollo Street, Suite 238
4   El Segundo, California 90245
    Telephone: (310) 726-4199
5   Facsimile: (310) 414-0486

6   Attorneys for Plaintiff CHRISTOPHER L. CHESTER

7
8   LOUIS R. MILLER (State Bar No. 54141)
    smiller@millerbarondess.com
9   MIRA HASHMALL (State Bar No. 216842)
    JASON H. TOKORO (State Bar No. 252345)
10  CASEY B. SYPEK (State Bar No. 291214)
11  MILLER BARONDESS, LLP
12  1999 Avenue of the Stars, Suite 1000
    Los Angeles, California 90067
13  Tel.: (310) 552-4400 | Fax: (310) 552-8400

14
15  Attorneys for Defendants
    COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
16  JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES ,
    ARLIN KAHAN, and TONY IMBRENDA
17
18  JONATHAN C. McCAVERTY (State Bar No. 210922)
19  *Principal Deputy County Counsel*
20  jmccaverty@counsel.lacounty.gov
    OFFICE OF THE COUNTY COUNSEL
21  General Litigation Division
22  500 West Temple Street, Suite 468
    Los Angeles, California 90012
23  Tel.: (213) 974-1828 | Fax: (213) 626-7446

24  Attorneys for Defendant Los Angeles County Sheriff's Department
25
26
27
28

Pursuant to Section 6 (e) of the Court's Amended Scheduling and Case Management Order (*see* ECF No. 86 at 25), Plaintiffs Vanessa Bryant and Christopher L. Chester ("Plaintiffs") and Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Los Angeles County Fire Department, Joey Cruz, Rafael Mejia, Michael Russel, Raul Versales, Arlin Kahan, and Tony Imbrenda (collectively, "Defendants"), submit this Final Exhibits Pre-trial Stipulation.

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 1 | Email string between R. Mendez and T. Schrader (LASD) re Contact us - LASD.Org "Kobe" | Mendez, Gutierrez | | | | |
| 2A | Channel 7 of COLA001424 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:20-20:31 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 2B | Channel 8 of COLA001424 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:20-20:31 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 2C | Channel 9 of COLA001424 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:20-20:31 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 2D | Channel 11 of COLA001424 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:20-20:31 | Mendez, Cruz, Gutierrez, Valdez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 2E | Channel 13 of COLA001424 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:20-20:31 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 2F | Channel 15 of COLA001424 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:20-20:31 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 2G | Channel 16 of COLA001424 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:20-20:31 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 3A | Channel 7 of COLA001430 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:21-21:32 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 3B | Channel 8 of COLA001430 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:21-21:32 | Mendez, Cruz, Gutierrez, Valdez | | | | |

<u>**Plaintiffs' Exhibits**</u>

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 3C | Channel 9 of COLA001430 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:21-21:32 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 3D | Channel 11 of COLA001430 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:21-21:32 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 3E | Channel 13 of COLA001430 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:21-21:32 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 3F | Channel 15 of COLA001430 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:21-21:32 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 3G | Channel 16 of COLA001430 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:21-21:32 | Mendez, Cruz, Gutierrez, Valdez | | | | |

<u>**Plaintiffs' Exhibits**</u>

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 4A | Channel 7 of COLA001431 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:32-21:42 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 4B | Channel 8 of COLA001431 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:32-21:42 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 4C | Channel 9 of COLA001431 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:32-21:42 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 4D | Channel 11 of COLA001431 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:32-21:42 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 4E | Channel 13 of COLA001431 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:32-21:42 | Mendez, Cruz, Gutierrez, Valdez | | | | |

## Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 4F | Channel 15 of COLA001431 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:32-21:42 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 4G | Channel 16 of COLA001431 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:32-21:42 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 5A | Channel 7 of COLA001432 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:42-21:52 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 5B | Channel 8 of COLA001432 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:42-21:52 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 5C | Channel 9 of COLA001432 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:42-21:52 | Mendez, Cruz, Gutierrez, Valdez | | | | |

<u>Plaintiffs' Exhibits</u>

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 5D | Channel 11 of COLA001432 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:42-21:52 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 5E | Channel 13 of COLA001432 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:42-21:52 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 5F | Channel 15 of COLA001432 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:42-21:52 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 5G | Channel 16 of COLA001432 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:42-21:52 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 6A | Channel 7 of COLA001434 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:03-22:13 | Mendez, Cruz, Gutierrez, Valdez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---------|-------------|---------|-------------------------------------|-----------------------|----------------------------------------------|----------------------------------|
| 6B | Channel 8 of COLA001434 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:03-22:13 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 6C | Channel 9 of COLA001434 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:03-22:13 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 6D | Channel 11 of COLA001434 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:03-22:13 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 6E | Channel 13 of COLA001434 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:03-22:13 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 6F | Channel 15 of COLA001434 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:03-22:13 | Mendez, Cruz, Gutierrez, Valdez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 6G | Channel 16 of COLA001434 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:03-22:13 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 7A | Channel 7 of COLA001435 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:13-22:23 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 7B | Channel 8 of COLA001435 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:13-22:23 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 7C | Channel 9 of COLA001435 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:13-22:23 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 7D | Channel 11 of COLA001435 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:13-22:23 | Mendez, Cruz, Gutierrez, Valdez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 7E | Channel 13 of COLA001435 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:13-22:23 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 7F | Channel 15 of COLA001435 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:13-22:23 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 7G | Channel 16 of COLA001435 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:13-22:23 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 8A | Channel 7 of COLA001437 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:33-22:44 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 8B | Channel 8 of COLA001437 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:33-22:44 | Mendez, Cruz, Gutierrez, Valdez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 8C | Channel 9 of COLA001437 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:33-22:44 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 8D | Channel 11 of COLA001437 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:33-22:44 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 8E | Channel 13 of COLA001437 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:33-22:44 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 8F | Channel 15 of COLA001437 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:33-22:44 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 8G | Channel 16 of COLA001437 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:33-22:44 | Mendez, Cruz, Gutierrez, Valdez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 9A | Channel 7 of COLA001440 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:57-23:05 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 9B | Channel 8 of COLA001440 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:57-23:05 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 9C | Channel 9 of COLA001440 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:57-23:05 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 9D | Channel 11 of COLA001440 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:57-23:05 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 9E | Channel 13 of COLA001440 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:57-23:05 | Mendez, Cruz, Gutierrez, Valdez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 9F | Channel 15 of COLA001440 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:57-23:05 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 9G | Channel 16 of COLA001440 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:57-23:05 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 12 | Article: "L.A. County Deputies Shared Graphic Photos of Kobe Bryant Crash Scene, Sources Say" by Tchekmedyian, Pringle, LA Times | Valdez, Villanueva, Mancinas, Satterfield, Kneer Imbrenda, Jordan, McCloud, Marrone, Mendez | | | | |
| 16 | Photo - Google Earth View 1 | Tauscher, McGuire, Johnson, Katz | | | | |
| 17 | Photo - Google Earth View 1, Annotated | Tauscher, McGuire, Johnson, Katz | | | | |
| 18 | Photo - Google Earth View 2 | Tauscher, McGuire, Johnson, Katz | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 19 | Photo - Google Earth View 2, Annotated | Tauscher, McGuire, Johnson, Katz | | | | |
| 25 | Email chain between Sprewell (LACFD), Imbrenda, Cornell, Ferguson, Navarez, Lim re LA County Sheriff's deputies allegedly shared photos of Bryant crash site | Imbrenda, Cornell | | | | |
| 26 | Letter from McCloud (LACFD) to Jordan re Intention to Discharge | McCloud, Jordan, Marrone, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Subsequent remedial measures. (FRE 407.) | Relevant to, among other things, LAFD's admission that Jordan's photos did not serve a legitimate purpose; investigation findings are not a subsequent remedial measure and Plaintiff has proposed redactions for references to LAFD's contemplated discipline of Jordan; not unfairly prejudicial. | | Plaintiffs' Summary: Inadmissible to prove culpable conduct under FRE 407 (Ruling on Plaintiffs' MIL #5).  Defendants' Summary: Excluded. Inadmissible under FRE 407 (Ruling on Plaintiffs' MIL #5). |

# Plaintiff's Exhibits

| 26A | Sheppard Mullin Investigation Report – Alleged Taking and Sharing of Photographs from Willow Incident by Fire Captain Brian Jordan, at COLA001351 – COLA001378 | McCloud, Jordan, Marrone, Imbrenda, Johnson, Bercovici, Beshears, Kim | Exhibit 26A is the memorandum that was attached to the disciplinary letter from LACFD notifying then-Fire Captain Brian Jordan of the Department's intention to discharge him (Exhibit 26). At the August 5, 2022 Final Pretrial Conference, the Court ruled that Exhibit 26 was inadmissible under Fed. R. Evid. 407.  In an attempt to evade the Court's ruling, Plaintiffs have separated out this memorandum as though it is an independent exhibit. Exhibit 26A was not only attached to Jordan's disciplinary letter, but was also expressly relied upon for the imposition of discipline. Exhibit 26A is therefore a measure taken "that would have made an earlier injury or harm less likely to occur," and is inadmissible to prove culpable conduct.  Fed. R. Evid. 407.  Additionally, Exhibit 26A contains outside counsel's assessments of witness credibility as well as legal conclusions.  Admitting these conclusions into evidence would improperly invade the province of the jury.  Fed. R. Evid. 403. | Exhibit 26A is admissible against Defendants as evidence of factual findings set forth in Defendants' investigators' investigative memorandum. Plaintiffs do not seek to preadmit Exhibit 26A but reserve the right to seek its admission at trial depending on the evidence and argument presented by Defendants. Consistent with the Court's instructions during the August 5, 2022 hearing, the parties have agreed to file supplemental briefing regarding the admissibility of Exhibit 26A. That supplemental briefing contains Plaintiffs' response to Defendants' Rule 407 and 403 objections.

Note: The document is inadmissible hearsay if offered by Defendants (FRE 802); plaintiff reserves the right to introduce as party admission (FRE 801). | | |

The Ninth Circuit recognized in *Maddox v. City of Los Angeles* that disciplinary proceedings and investigations made as part of such proceedings are inadmissible subsequent remedial measures in a Section 1983 action.  792 F.2d 1408, 1417 (9th Cir. 1986).  This memorandum is an inadmissible subsequent remedial measure under *Maddox*.  Exhibit 26 expressly identifies Exhibit 26A as the sole document "upon which this proposed action is based." (*See* Trial Ex. 26 at 9.)  Exhibit 26A is also not merely factual, as it contains extensive analysis by outside counsel of whether particular "allegation[s]" were substantiated or not.  (*See id.* at 26-28.)  Exhibit 26A is part of the imposition of discipline.

Plaintiffs contend there is a distinction between "actual disciplining" and "investigation."  Investigation in and of itself may not always be a subsequent remedial measure.  But where investigation is part of disciplinary proceedings and

| | | | forms the basis for disciplinary action, it constitutes an inadmissible subsequent remedial measure.  In *Maddox*, the Ninth Circuit specifically identified "the Internal Affairs investigation" as part of the remedial measures.  792 F.2d at 1417.  And the Ninth Circuit specifically excluded not only actual disciplinary action but also "evidence that *during* a Police Department disciplinary proceeding defendant Officer Harris admitted to violating the City policy." *Id.* (emphasis added).  This is precisely the kind of material in the memoranda that Plaintiffs contend may be admitted.  Plaintiffs intend to use Exhibit 26A as a means of proving culpable conduct by introducing the investigator's findings, including her assessment of Mr. Jordan's credibility.  *Maddox* holds otherwise.<br><br>None of Plaintiffs' authorities demonstrate that the Ninth Circuit has departed from the rule in *Maddox*.  *See, e.g., Aguilar v. City of Los Angeles*, 853 F. App'x 92, 95 (9th Cir. 2021) (investigation was not | | | |

# Plaintiffs' Exhibits

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | subsequent remedial measure where it "assessed what happened and whether the officers' actions were consistent with LAPD policy, *without meting out discipline or changing LAPD policy*.") (emphasis added); *Hansen v. Werner Enterprises Inc.*, 2016 WL 7479349 (C.D. Cal. May 18, 2016) (trucking company accident report, which was not part of any official disciplinary proceedings, was not a subsequent remedial measure). Here, LACFD's decision to terminate Jordan was based entirely on the findings and analysis contained in Exhibit 26A, including findings that Jordan took photographs as well as the investigator's analysis of why photos were taken and shared.<br><br>Exhibit 26A is not admissible as a party admission under Fed. R. 801(2)(D), as Sheppard Mullin was conducting an independent workplace investigation—not speaking on behalf of LACFD.  Exhibit 26(A) is replete with hearsay not subject to any exception.  Fed. R. Evid. 801; *Carson Harbor Village, Ltd. V.* | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---------|-------------|---------|-------------------------------------|------------------------|------------------------------------------------|----------------------------------|
| | | | *Unocal Corp.*, No. 96-3281 MMM (RCX), 2003 WL 22038700, at *7 (C.D. Cal. Aug. 3, 2003) (third party's report inadmissible hearsay). | | | |
| 27 | Letter from McCloud (LACFD) to Imbrenda re Intention to Discharge | McCloud, Imbrenda, Marrone, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Subsequent remedial measures. (FRE 407.) | Relevant to, among other things, LAFD's admission that Imbrenda's taking and sharing of photos did not serve a legitimate purpose; investigation findings are not a subsequent remedial measure and Plaintiff has proposed redactions for references to LAFD's contemplated discipline of Imbrenda; not unfairly prejudicial. | | Plaintiffs' Summary: Inadmissible to prove culpable conduct under FRE 407 (Ruling on Plaintiffs' MIL #5). Defendants' Summary: Excluded. Inadmissible under FRE 407 (Ruling on Plaintiffs' MIL #5). |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 28 | Letter from McCloud (LACFD) to Kahan re Intention to Suspend | McCloud, Kahan, Marrone, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Subsequent remedial measures. (FRE 407.) | Relevant to, among other things, LAFD's admission that Kahan's taking and sharing of photos did not serve a legitimate purpose; investigation findings are not a subsequent remedial measure and Plaintiff has proposed redactions for references to LAFD's contemplated discipline of Imbrenda; not unfairly prejudicial. | | Plaintiffs' Summary: Inadmissible to prove culpable conduct under FRE 407 (Ruling on Plaintiffs' MIL #5).  Defendants' Summary: Excluded. Inadmissible under FRE 407 (Ruling on Plaintiffs' MIL #5). |
| 31 | Luis Li Letter to Fire Chief Osby dated March 2, 2020 | Marrone, McCloud, Kim, Scott Johnson | | | | |
| 35 | Newsletter: "The Backup Newsletter," Winter 2020 - California Reserve Peace Officers Association Quarterly Newsletter | Katz | | | | |
| 36 | Email from Katz to "team02@malibusar.org" re Kobe Crash | Katz | | | | |
| 38A | Transcript – Excerpts of David Katz LASD Interview | Katz, Johnson | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 38B | Audio – Excerpts of David Katz LASD Interview | Katz, Johnson | | | | |
| 39A | Transcript – Excerpts of Marcus Phillips LASD Interview | Phillips, Mancinas, Jaeger, Bercovici, Johnson, Versales, Miller, Mejia, Jauregui, Kelly, Cable, Cruz, Russell | | | | |
| 39B | Audio – Excerpts of Marcus Phillips LASD Interview | Phillips, Mancinas, Jaeger, Bercovici, Johnson, Versales, Miller, Mejia, Jauregui, Kelly, Cable, Cruz, Russell | | | | |
| 41 | Sarah Ellen Chester Autopsy Report (COLA029922-COLA029941) | Tauscher, McGuire | | | | |
| 42 | Payton Chester Autopsy Report (COLA029802-COLA029821) | Tauscher, McGuire | | | | |
| 44 | Kobe Bryant Autopsy Report (COLA029905-COLA029921) | Tauscher, McGuire | | | | |
| 45 | Gianna Bryant Autopsy Report (COLA029882-COLA029904) | Tauscher, McGuire | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 46 | Photo - Google Earth View 3 | Tauscher, McGuire, Johnson, Katz | | | | |
| 47 | Photo - Google Earth View 3, Annotated | Tauscher, McGuire, Johnson, Katz | | | | |
| 48 | Photo - Google Earth View 4, Annotated | Tauscher, McGuire, Johnson, Katz | | | | |
| 49 | Alyssa Altobelli autopsy report | Tauscher, McGuire | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, distinguishing between victims' remains to determine which victims were photographed; not unfairly prejudicial. | | Not pre-admitted; Plaintiffs reserve right to introduce; Defendants reserve right to object. (Tr. of 7-26-22 Hr'g at 69.) |
| 50 | Christina Mauser autopsy report | Tauscher, McGuire | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, distinguishing between victims' remains to determine which victims were photographed; not unfairly prejudicial. | | Not pre-admitted; Plaintiffs reserve right to introduce; Defendants reserve right to object. (Tr. of 7-26-22 Hr'g at 69.) |
| 51 | Keri Altobelli autopsy report | Tauscher, McGuire | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, distinguishing between victims' remains to determine which victims were photographed; not unfairly prejudicial. | | Not pre-admitted; Plaintiffs reserve right to introduce; Defendants reserve right to object. (Tr. of 7-26-22 Hr'g at 69.) |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 52 | John Altobelli autopsy report | Tauscher, McGuire | Irrelevant. (FRE 104(b), 401, 402.)<br>More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, distinguishing between victims' remains to determine which victims were photographed; not unfairly prejudicial. | | Not pre-admitted; Plaintiffs reserve right to introduce; Defendants reserve right to object. (Tr. of 7-26-22 Hr'g at 69.) |
| 53 | Email chain between J. Diez, H. Mancinas, M. Vander Horck, T. Schrader, R. Mendez, "SIB Media24" re FW: Contact US - LASD.org "Kobe" | Diez, Mancinas, Vander Horck, Mendez | | | | |
| 54 | Email chain between Diez, Mancinas, Vander Horck, Mendez, "SIB Media24" re FW: Contact US - LASD.org "Kobe" | Diez, Mancinas, Vander Horck, Mendez | | | | |
| 55A | Transcript – Excerpts of Hector Mancinas LASD Interview | Phillips, Mancinas, Jaeger, Bercovici, Johnson, Versales, Miller, Mejia, Jauregui, Kelly, Cable, Cruz, Russell | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 55B | Audio – Excerpts of Hector Mancinas LASD Interview | Phillips, Mancinas, Jaeger, Bercovici, Johnson, Versales, Miller, Mejia, Jauregui, Kelly, Cable, Cruz, Russell | | | | |
| 58 | Performance Log Entry for Doug Johnson, dated February 27, 2020 (COLA000747) | Johnson, Mancinas, Kneer, Valdez, Villanueva, Phillips, Bercovici | | | | |
| 59 | Performance Log Entry for Joey Cruz, dated February 27, 2020 (COLA000745) | Cruz, Mancinas, Kneer, Valdez, Villanueva, Phillips, Bercovici | | | | |
| 60 | Performance Log Entry for Michael Russell, dated February 27, 2020 (COLA000743) | Russell, Mancinas, Kneer, Valdez, Villanueva, Phillips, Bercovici | | | | |
| 61 | Performance Log Entry for Rafael Mejia, dated February 27, 2020 (COLA000744) | Mejia, Mancinas, Kneer, Valdez, Villanueva, Phillips, Bercovici | | | | |
| 62 | Performance Log Entry for Raul Versales, dated February 27, 2020 (COLA000746) | Versales, Mancinas, Kneer, Valdez, Villanueva, Phillips, Bercovici | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 63 | LASD Notice of Completion of Investigation of Michael Russell, dated August 5, 2020 (COLA035253-61) | Russell, Mancinas, Jaeger, Reed, Kneer, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) | Relevant to, among other things, LASD's admissions regarding Russell's misconduct with victims' remains photos; not unfairly prejudicial. | | |
| 64 | Photo at Golden Mike Awards | Imbrenda, Cornell, Weireter, Scott | | | | |
| 70 | Email of January 29, 2020 among Jorge Valdez, Matthew Vander Horck, and John Satterfield, titled "Re: Contact US - LASD.org 'Kobe'" (COLA007168) | Valdez, Vander Horck, Satterfield, Bercovici | | | | |
| 72 | Email of February 26, 2020 among Alene Tchekmedyian, Alex Villanueva, Jorge Valdez, and Others, titled: "Re: LA Times follow up re Lost Hills" (COLA007318) | Valdez, Villanueva, Satterfield, Mancinas, Kneer | | | | |
| 73 | LA Times Article of February 28, 2020, titled: "Deputies were ordered to delete Kobe Bryant crash photos to avoid discipline, sources say." | Valdez, Phillips, Mancinas, Vander Horck, Villanueva, Bercovici, Mendez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 82 | Email of March 3, 2020 Among Robert Boese, Jorge Valdez, and Others, titled "DRAFT CALABASA White Sheet responses" (COLA007500) | Valdez, Satterfield, Villanueva, Mancinas, Phillips | | | | |
| 85 | LASD Watch Commander's Service Comment Report dated July 31, 2016 (COLA035335) | Villanueva, Jaeger, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, LASD's awareness of its personnel taking gratuitous photos of human remains; not unfairly prejudicial. | | |
| 86 | Photo - Helicopter Identification Information | Smith | | | | |
| 87 | LAFD Incident Log (COLA030606) | Smith | | | | |
| 88A | Transcript – Excerpts of Andrew Smith Fire Dep't Interview | Smith, Breshears, Imbrenda, Kahan, Jordan, McCloud, Cornell, Kim, Marrone, Scott | | | | |
| 88B | Audio – Excerpts of Andrew Smith Fire Dep't Interview | Smith, Breshears, Imbrenda, Kahan, Jordan, McCloud, Cornell, Kim, Marrone, Scott | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 94 | Text Message Exchange between Plaintiff and Commander Diana Gealta (VB00000094-95) | Bryant | | | | |
| 96A | Transcript – Excerpts of Michael Russell LASD Interview | Russell, Sanchez, Jaeger, Scott Johnson, Bercovici, Cruz | | | | |
| 96B | Audio – Excerpts of Michael Russell LASD Interview | Russell, Sanchez, Jaeger, Scott Johnson, Bercovici, Cruz | | | | |
| 97 | Michael Russell Memo to Matthew Vander Horck, dated January 30, 2020, titled: "Willow Incident Photographs" (COLA000715) | Russell, Mancinas, Bercovici | | | | |
| 98 | Summons in a Civil Action to Michael Russell dated March 22, 2021 | Russell, Scott Johnson | | | | |

# Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 99 | (Redacted) Cell Records of Michael Russell (COLA035636) | Russell, Pikor | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Speculation. | Relevant to, among other things, Russell's dissemination of victims' remains photos; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 101 | Rafael Mejia Memo to Matthew Vander Horck dated January 30, 2020, titled: "Willow Incident Photographs" (COLA000713) | Mejia, Mancinas, Bercovici | | | | |
| 102 | LA Times Article dated September 22, 2020, titled: "Vanessa Bryant sues L.A. County sheriff, alleging 'cover-up' of Kobe Bryant crash photos" | Jaeger, Scott Johnson, Cable, Jauregui, Johnson, Mejia, Miller, Russell, Sanchez, Versales | | | | |
| 103 | LA Times Article dated February 27, 2021, titled "Vanessa Bryant wants to make public names of deputies accused of sharing Kobe crash photos" | Jaeger, Scott Johnson, Cable, Jauregui, Johnson, Mejia, Miller, Russell, Sanchez, Versales | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 104 | Email Among Counsel dated March 22, 2021 Serving Summons on Deputy Defendants | Jaeger, Scott Johnson, Cable, Jauregui, Johnson, Mejia, Miller, Russell, Sanchez, Versales | | | | |
| 105 | Summons in a Civil Action to Rafael Mejia dated March 22, 2021 | Mejia, Scott Johnson | | | | |
| 108 | LASD Letter to Rafael Mejia re Notice of Completion of Investigation, dated August 5, 2020 (COLA035244) | Mejia, Jaeger, Mancinas, Kneer, Reed, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, LASD's admissions regarding Mejia's misconduct related to photos of remains; not unfairly prejudicial. | | |
| 110 | Raul Versales Memo to Matthew Vander Horck dated January 30, 2020, titled: "Willow Incident Photographs" (COLA000712) | Versales, Mancinas, Bercovici | | | | |
| 111A | Transcript – Excerpts of Raul Versales LASD Interview | Versales, Johnson, Mejia, Kelly, Jauregui, Jaeger, Scott Johnson, Bercovici, Miller | | | | |
| 111B | Audio – Excerpts of Raul Versales LASD Interview | Versales, Johnson, Mejia, Kelly, Jauregui, Jaeger, Scott Johnson, Bercovici, Miller | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 112 | LASD Letter to Raul Versales re Notice of Completion of Investigation, dated August 5, 2020 (COLA035262-69) | Versales, Jaeger, Mancinas, Kneer, Reed, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) | Relevant to, among other things, LASD's admissions regarding Versales's misconduct in obtaining and sharing photos of crash victims' remains; not unfairly prejudicial. | | |
| 114 | NBC 4 Article: "Vanessa Bryant Files Claim Against Sheriff's Department Over Photos of Crash Site" | Jaeger, Kim, Scott Johnson, Cable, Jauregui, Johnson, Mejia, Miller, Russell, Sanchez, Versales | | | | |
| 117 | Email from Joey Cruz to himself dated January 30, 2020 at 5:52 p.m., titled "Willow Incident" (003304) | Cruz | | | | |
| 118 | Email from Joey Cruz to himself dated January 30, 2020 at 6:03 p.m., titled "Willow Incident" (COLA003310) | Cruz | | | | |
| 119 | Email from Joey Cruz to himself dated January 30, 2020 at 6:06 p.m., attaching "Willow Incident.docx" (COLA003317) | Cruz | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 120 | Email from Joey Cruz to himself dated January 30, 2020 at 6:12 p.m., attaching "Willow Incident.docx" (COLA003326) | Cruz | | | | |
| 121 | Email from Joey Cruz to himself dated January 30, 2020 at 6:21 p.m., attaching "Willow Incident.docx" (COLA003330) | Cruz | | | | |
| 122 | Memo from Joey Cruz to Matthew Vander Horck dated January 30, 2020, titled: "Willow Incident Photographs" (COLA000714) | Cruz, Bercovici | | | | |
| 123A | Transcript – Excerpts of Joey Cruz LASD Interview | Cruz, Mejia, Russell, Jaeger, Scott Johnson, Bercovici | | | | |
| 123B | Audio – Excerpts of Joey Cruz LASD Interview | Cruz, Mejia, Russell, Jaeger, Scott Johnson, Bercovici | | | | |
| 124 | Memo from Salvador Becerra to William Jaeger dated July 24, 2020 (COLA035214-19) | Cruz, Jaeger, Reed, Kneer, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, LASD's findings regarding Cruz's sharing of victims' remains photos; not unfairly prejudicial. | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 128A | Transcript – Excerpts of Matthew Vander Horck LASD Interview | Vander Horck, Mancinas, Kneer, Villanueva, Jaeger, Bercovici, Valdez | | | | |
| 128B | Audio – Excerpts of Matthew Vander Horck LASD Interview | Vander Horck, Mancinas, Kneer, Villanueva, Jaeger, Bercovici, Valdez | | | | |
| 129 | Announcement of Vander Horck Transfer (COLA0035860) | Vander Horck | Irrelevant. (FRE 104(b), 401, 402.)<br>More prejudicial than probative. (FRE 403.) | Relevant to, among other things, motivation for Sheriff's order to destroy evidence and policy of tolerating improper human remains photos; not unfairly prejudicial. | | Excluded. Inadmissible under FRE 403 (Ruling on Defendants' MIL #3). |
| 131 | Email dated February 20, 2020 Involving Matthew Vander Horck, titled: "Fw: Contact US - LASD.org 'Kobe'" (COLA007303-04) | Vander Horck | Irrelevant. (FRE 104(b), 401, 402.)<br>More prejudicial than probative. (FRE 403.) | Relevant to, among other things, motivation for Sheriff's order to destroy evidence and policy of tolerating improper human remains photos; not unfairly prejudicial. | | Excluded. Inadmissible under FRE 403 (Ruling on Defendants' MIL #3). |
| 132 | Ruby Cable Memo to Matthew Vander Horck dated January 30, 2020, titled: "Willow Incident Photographs" (COLA000721) | Cable, Mancinas, Bercovici | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 133 | Chris Jauregui Memo to Vander Horck re Willow Incident Photographs, dated January 31, 2020 (COLA000720) | Jauregui, Mancinas, Bercovici | | | | |
| 134A | Transcript – Excerpts of Chris Jauregui LASD Interview | Jauregui, Mejia, Versales, Jaeger, Scott Johnson, Bercovici | | | | |
| 134B | Audio – Excerpts of Chris Jauregui LASD Interview | Jauregui, Mejia, Versales, Jaeger, Scott Johnson, Bercovici | | | | |
| 135A | Transcript – Excerpts of Scott Miller LASD Interview No. 1 (Apr. 14, 2020) | Miller, Versales, Jaeger, Bercovici | | | | |
| 135B | Audio – Excerpts of Scott Miller LASD Interview No. 1 (Apr. 14, 2020) | Miller, Versales, Jaeger, Bercovici | | | | |
| 136A | Transcript – Excerpts of Scott Miller LASD Interview No. 2 (May 5, 2020) | Miller, Jaeger, Scott Johnson, Bercovici | | | | |
| 136B | Audio – Excerpts of Scott Miller LASD Interview No. 2 (May 5, 2020) | Miller, Jaeger, Scott Johnson, Bercovici | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 138A | Transcript – Excerpts of Ben Sanchez LASD Interview No. 1 (Mar. 31, 2020) | Sanchez, Jaeger, Bercovici, Russell | | | | |
| 138B | Audio – Excerpts of Ben Sanchez LASD Interview No. 1 (Mar. 31, 2020) | Sanchez, Jaeger, Bercovici, Russell | | | | |
| 139 | Doug Johnson Memo to Matthew Vander Horck dated January 31, 2020, titled: "Willow Incident - Helicopter Crash" (COLA000711) | Johnson, Mancinas, Bercovici | | | | |
| 143A | Transcript – Excerpts of Doug Johnson LASD Interview No. 1 (Mar. 16, 2020) | Johnson, Jaeger, Versales, Vargas, Bercovici, Cruz, Mejia, Jauregui, Miller, Kelly, Cable, Russell | | | | |
| 143B | Audio – Excerpts of Doug Johnson LASD Interview No. 1 (Mar. 16, 2020) | Johnson, Jaeger, Versales, Vargas, Bercovici, Cruz, Mejia, Jauregui, Miller, Kelly, Cable, Russell | | | | |
| 144A | Transcript – Excerpts of Travis Kelly LASD Interview No. 2 (June 30, 2020) | Kelly, Flores, Bercovici, Versales, Jaeger, Mejia, Jauregui, Miller | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 144B | Audio – Excerpts of Travis Kelly LASD Interview No. 2 (June 30, 2020) | Kelly, Flores, Bercovici, Versales, Jaeger, Mejia, Jauregui, Miller | | | | |
| 145A | Trancript – Excerpts of Travis Kelly LASD Interview No. 1 (Apr. 7, 2020) | Kelly, Jaeger, Scott Johnson, Bercovici, Flores, Versales, Bercovici, Mejia, Jauregui, Miller | | | | |
| 145B | Audio – Excerpts of Travis Kelly LASD Interview No. 1 (Apr. 7, 2020) | Kelly, Jaeger, Scott Johnson, Bercovici, Flores, Versales, Bercovici, Mejia, Jauregui, Miller | | | | |
| 146 | Travis Kelly Memo to Matthew Vander Horck dated January 30, 2020, titled: "WILLOW INCIDENT PHOTOGRAPHS" (COLA000722) | Kelly, Mancinas, Bercovici | | | | |
| 147 | LASD Letter to Travis Kelly dated August 8, 2020, titled: "Notification Letter" (COLA035225-32) | Kelly, Jaeger, Flores, Kneer, Reed, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) | Relevant to, among other things, Versales gratuitously sharing photos of the victims' remains with Kelly; not unfairly prejudicial. | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 149A | Transcript – Excerpts of Nichohlas Bonelli LASD Interview | Bonelli, Jaeger, Bercovici, Mejia | | | | |
| 149B | Audio – Excerpts of Nicholas Bonelli LASD Interview | Bonelli, Jaeger, Bercovici, Mejia | | | | |
| 151 | Google Earth image (wide) | Tauscher, McGuire, Johnson | | | | |
| 154 | Email dated January 29, 2020 Among Sheriff Villanueva, John Burcher, and Others, titled: "FW: Contact US - LASD.org 'Kobe'" (COLA007145-46) | Villanueva, Kneer, Vander Horck, Diez, Mancinas | | | | |
| 155 | LASD Press Release re Crash Scene Photos, dated February 28, 2020 | Villanueva, Valdez, Satterfield, Scott Johnson, Mancinas | | | | |
| 156 | Letter from Luis Li to Sheriff Villanueva dated March 2, 2020 | Villanueva, Scott Johnson, Jaeger | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 158 | Brian Jordan Cell Phone Records (VB00000104-575) | Jordan, Pikor | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Speculation. | Relevant to, among other things, Jordan's dissemination of crash scene photos; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 162 | Memo from Marrone to Jordan re Direct Order dated May 29, 2020 (COLA035089) | Marrone, Jordan | | | | |
| 174 | Chart of Custodian Information | Price, Freskos | | | | |
| 175 | Investigative Analysis Prepared for Parties | Price, Freskos | | | | |
| 178* | Cellebrite Extraction Report (COLA037560-920) | Russell, Sanchez, Pikor, Price, Freskos | | | | |
| 180 | Fire Dispatch Log (COLA029973-78) | Marrone | | | | |
| 182 | Verizon Wireless Call Log (COLA030639-41) | Marrone, Jordan | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 300A | Trancript of Excerpts of Villanueva Press Briefing - COLA001200 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |
| 300B | Video Excerpts of Villanueva Press Briefing - COLA001200 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |
| 302A | Transcript of Excerpts of Villanueva Fox 11 Interview - VB00003622 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |
| 302B | Video Excerpts of Villanueva Fox 11 Interview - VB00003622 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |
| 303A | Transcript of Excerpts of Villanueva ABC 7 Interivew - COLA001182 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 303B | Video Excerpts of Villanueva ABC 7 Interivew - COLA001182 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5) |
| 304A | Transcript of Excerpts of Villanueva KNX1070 Interview - COLA006932 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |
| 304B | Audio Excerpts of Villanueva KNX1070 Interview - COLA006932 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |
| 305A | Transcript of Excerpts of Villanueva NBC Interview - COLA030878 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |
| 305B | Audio Excerpts of Villanueva NBC Interview - COLA030878 | Villanueva, Flores, Jaeger, Bercovici, Johnson, McCloud | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---------|-------------|---------|-------------------------------------|-----------------------|-----------------------------------------------|----------------------------------|
| 306A | Transcript of Excerpt of Villanueva & Other LASD Statements to LA Times Audio Recording | Villanueva, Flores, Jaeger, Valdez, Satterfield, Bercovici, Mendez | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |
| 306B | Audio Excerpt of Villanueva & Other LASD Statements to LA Times Audio Recording | Villanueva, Flores, Jaeger, Valdez, Satterfield, Bercovici, Mendez | | | | Admissible without a sponsoring witness (Ruling on Plaintiffs' MIL #5). |
| 307 | LASD Request for IAB Investigation, dated February 28, 2020 (COLA000906) | Villanueva, Kneer, Jaeger, Bercovici, Valdez | | | | |
| 308 | LASD Response to Vanessa Bryant Notice of Claim, dated May 11, 2020 (VB00000001) | Villanueva, Scott Johnson, Jaeger | | | | |
| 310 | Jack Altura Ltr. to Luis Li re "Response to March 2, 2020 Letter to Chief Osby," dated March 26, 2020 (VB00000004) | McCloud, Marrone, Kim | | | | |
| 312 | Vanessa Bryant Notice of Claim on LA County Fire Department, dated July 20, 2020 (VB00000011) | McCloude, Marrone, Kim | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 314 | Vanessa Bryant Notice of Claim on LA County Sheriff's Department, dated May 7, 2020 (VB00000020) | Villanueva, Scott Johnson, Jaeger | | | | |
| 315 | Jack Altura Ltr. to Luis Li re "Response to March 2, 2020 Letter to Sheriff Villanueva," dated March 26, 2020 (VB00000039) | Villanueva, Scott Johnson, Jaeger | | | | |
| 317 | Instagram Message to Plaintiff from bhbb7231: "Ima leak Kobe's body" (VB00000048) | Bryant | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Authentication (FRE 901.) | Not offered for its truth but rather effect on the listener; relevant to, among other things, Plaintiff's emotional distress from online taunts caused by County employees' misconduct; not unfairly prejudicial; Mrs. Bryant can authenticate the post as a taunt she has received online. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Admitted with limiting instruction that exhibit is not offered for the truth of the matter asserted and cannot be considered by the jury in deciding Plaintiff Chester's claims (Ruling on Defendants' MIL # 1). |

# Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 318 | Annotated Photo Posted on Social Media ("Both legs with knees in air") (VB00000049) | Bryant, Tauscher, McGuire | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Authentication (FRE 901.) | Not offered for its truth but rather effect on the listener; relevant to, among other things, Plaintiff's emotional distress from viewing photos of her husband's remains online; not unfairly prejudicial; Mrs. Bryant can authenticate the post as an image she has seen online, and a witness familiar with layout of crash scene and victims' remains in relation to helicopter wreckage can authenticate the post as a photo of the crash scene. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Admitted with limiting instruction that exhibit is not offered for the truth of the matter asserted and cannot be considered by the jury in deciding Plaintiff Chester's claims (Ruling on Defendants' MIL #1). |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 319 | Photo of Wreckage and Pink Blanket (VB00000050) | Bryant, Tauscher, McGuire | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Authentication (FRE 901.) | Not offered for its truth but rather effect on the listener; relevant to, among other things, Plaintiff's emotional distress from viewing photos of her husband's remains online; not unfairly prejudicial; Mrs. Bryant can authenticate the post as an image she has seen online, and a witness familiar with layout of crash scene and victims' remains in relation to helicopter wreckage can authenticate the post as a photo of the crash scene. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Admitted with limiting instruction that exhibit cannot be considered by the jury in deciding Plaintiff Chester's claims (Ruling on Defendants' MIL #1). |

# Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 320 | Taunting Message to Mrs. Bryant on Social Media (VB00000051) | Bryant | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Authentication (FRE 901.) | Not offered for its truth but rather effect on the listener; relevant to, among other things, Plaintiff's emotional distress from viewing photos of her husband's remains online; relevant to, among other things, Plaintiff's emotional distress from online taunts caused by County employees' misconduct; not unfairly prejudicial; Mrs. Bryant can authenticate the post as a taunt she has received online. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Excluded (Ruling on Defendants' MIL #1). |

# Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---------|-------------|---------|-------------------------------------|----------------------|-----------------------------------------------|----------------------------------|
| 321 | Twitter Post with Photos of Accident Scene, dated January 29, 2020 (VB00000052) | Bryant, Tauscher, McGuire | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Authentication (FRE 901.) | Not offered for its truth but rather effect on the listener; relevant to, among other things, Plaintiff's emotional distress from viewing photos of her husband's remains online; not unfairly prejudicial; Mrs. Bryant can authenticate the post as an image she has seen online, and a witness familiar with layout of crash scene and victims' remains in relation to helicopter wreckage can authenticate the post as a photo of the crash scene. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Admitted with redactions over text of tweet and limiting instruction that exhibits cannot be considered by the jury in deciding Plaintiff Chester's claims (Ruling on Defendants' MIL #1). |
| 322 | Instagram Comments Viewed by Plaintiff (VB00000071) | Bryant | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Authentication (FRE 901.) | Admissible to show effect on listener (Mrs. Bryant) and residual hearsay exception based on Defendants' spoliation; not unfairly prejudicial; relevant to, among other things, Plaintiff's emotional distress; Mrs. Bryant can authenticate the post as one she has viewed online. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Excluded. Inadmissible hearsay and FRE 403 (Ruling on Defendants' MIL #1). |

# Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 323 | Twitter Post & Profile of "baby boo," dated January 31, 2020 (VB00000096-97) | Bryant | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Authentication (FRE 901.) | Admissible to show effect on listener (Mrs. Bryant) and residual hearsay exception based on Defendants' spoliation; relevant to, among other things, Plaintiff's emotional distress; not unfairly prejudicial; Mrs. Bryant can authenticate the post as one she has viewed online. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Excluded. Inadmissible hearsay and FRE 403 (Ruling on Defendants' MIL #1). |
| 324 | Twitter Post & Profile of "AmericanAnswers.org/Facebook," dated February 7, 2020 (VB00000098-99) | Bryant | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Authentication (FRE 901.) | Admissible to show effect on listener (Mrs. Bryant) and residual hearsay exception based on Defendants' spoliation; relevant to, among other things, Plaintiff's emotional distress; not unfairly prejudicial; Mrs. Bryant can authenticate the post as one she has viewed online. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Excluded. Inadmissible hearsay and FRE 403 (Ruling on Defendants' MIL #1). |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 325 | Twitter Post & Profile of "DRYX," dated March 24, 2020 (VB00000100-01) | Bryant | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Authentication (FRE 901.) | Admissible to show effect on listener (Mrs. Bryant) and residual hearsay exception based on Defendants' spoliation; not unfairly prejudicial; Mrs. Bryant can authenticate the post as one she has viewed online. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Excluded. Inadmissible hearsay and FRE 403 (Ruling on Defendants' MIL #1). |
| 326 | Twitter Post & Profile of "Princess Young," dated May 20, 2020 (VB00000102-03) | Bryant | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Authentication (FRE 901.) | Admissible to show effect on listener (Mrs. Bryant) and residual hearsay exception based on Defendants' spoliation; not unfairly prejudicial; Mrs. Bryant can authenticate the post as one she has viewed online | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | Excluded. Inadmissible hearsay and FRE 403 (Ruling on Defendants' MIL #1). |
| 328 | LASD Letter to Brian Williams & Max Huntsman, dated March 4, 2020 (VB00004190) | Villanueva | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 329 | Search Auto-Populating "Kobe Bryant crash pictures" (VB00004197) | Bryant | Hearsay. (FRE 801, 802.) Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Authentication (FRE 901.) | Not offered for its truth; relevant to, among other things, Plaintiff's emotional distress in encountering references to Defendants' improper photos online; not unfairly prejudicial; Mrs. Bryant can authenticate the image as a screenshot she herself took. | Defendants do not stipulate to the authenticity of this exhibit because there is no way to authenticate the source of this exhibit as required by FRE 901(a). | |
| 332A | Transcript – Excerpts of Ruby Cable LASD Interview | Cable, Mejia, Bercovici, Jaeger | | | | |
| 332B | Audio – Excerpts of Ruby Cable LASD Interview | Cable, Mejia, Bercovici, Jaeger | | | | |
| 336A | Transcript – Excerpts of Tony Imbrenda Fire Dep't Interview | Imbrenda, McCloud, Marrone, Bercovici, Scott, Cornell, Weireter, Jordan, Breshears, McCloud, Marrone, Kim, Kahan | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 336B | Audio – Excerpts of Tony Imbrenda Fire Dep't Interview | Imbrenda, McCloud, Marrone, Bercovici, Scott, Cornell, Weireter, Jordan, Breshears, McCloud, Marrone, Kim, Kahan | | | | |
| 345A | Transcript – Excerpts of Doug Johnson LASD Interview No. 2 (May 5, 2020) | Johnson, Jaeger, Scott Johnson, Bercovici, Pikor | | | | |
| 345B | Audio – Excerpts of Doug Johnson LASD Interview No. 2 (May 5, 2020) | Johnson, Jaeger, Scott Johnson, Bercovici, Pikor | | | | |
| 346A | Transcript – Excerpts of Doug Johnson Fire Dep't Interview No. 1 (July 24, 2020) | Johnson, Jordan, Marrone, Bercovici, Breshears, McCloud, Marrone, Imbrenda, Jordan, Kim | | | | |

## Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 346B | Audio – Excerpts of Doug Johnson Fire Dep't Interview No. 1 (July 24, 2020) | Johnson, Jordan, Marrone, Bercovici, Breshears, McCloud, Marrone, Imbrenda, Jordan, Kim | | | | |
| 348A | Transcript – Excerpts of Brian Jordan Fire Dep't Interview No. 1 (Apr. 6, 2020) | Jordan, Marrone, McCloud, Bercovici, Imbrenda, Kahan, Kim | | | | |
| 348B | Audio – Excerpts of Brian Jordan Fire Dep't Interview No. 1 (Apr. 6, 2020) | Jordan, Marrone, McCloud, Bercovici, Imbrenda, Kahan, Kim | | | | |
| 350A | Transcript – Excerpts of Arlin Kahan Fire Dep't Interview | Kahan, McCloud, Marrone, Bercovici, Imbrenda, McCloud | | | | |
| 350B | Audio – Excerpts of Arlin Kahan Fire Dep't Interview | Kahan, McCloud, Marrone, Bercovici, Imbrenda, McCloud | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 357A | Transcript – Excerpts of Anthony Marrone Fire Dep't Interview | Marrone, McCloud, Jordan, Kahan, Bercovici, Imbrenda | | | | |
| 357B | Audio – Excerpts of Anthony Marrone Fire Dep't Interview | Marrone, McCloud, Jordan, Kahan, Bercovici, Imbrenda | | | | |
| 361A | Transcript – Excerpts of Rafael Mejia LASD Interview | Mejia, Cable, Cruz, Jaeger, Scott Johnson, Bercovici | | | | |
| 361B | Audio – Excerpts of Rafael Mejia LASD Interview | Mejia, Cable, Cruz, Jaeger, Scott Johnson, Bercovici | | | | |
| 376A | Transcript – Excerpts of Ben Sanchez LASD Interview No. 2 (May 5, 2020) | Sanchez, Bercovici, Pikor, Jaeger, Scott Johnson | | | | |
| 376B | Audio – Excerpts of Ben Sanchez LASD Interview No. 2 (May 5, 2020) | Sanchez, Bercovici, Pikor, Jaeger, Scott Johnson | | | | |
| 377A | Transcript – Excerpts of Erik Scott Fire Dep't Interview | Scott, Imbrenda, Cornell, Weireter, McCloud, Marrone | | | | |
| 377B | Audio – Excerpts of Erik Scott Fire Dep't Interview | Scott, Imbrenda, Cornell, Weireter, McCloud, Marrone | | | | |

<u>Plaintiffs' Exhibits</u>

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 388 | Summons in a Civil Action to Raul Versales dated March 22, 2021 | Versales, Scott Johnson, Jaeger | | | | |
| 389 | Summons in a Civil Action to Joey Cruz dated March 22, 2021 | Cruz, Scott Johnson, Jaeger | | | | |
| 390 | COLA001422 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:00-20:10 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 391 | COLA001423 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:10-20:20 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 392 | COLA001425 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:31-20:40 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 393 | COLA001426 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:40-20:51 | Mendez, Cruz, Gutierrez, Valdez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 394 | COLA001427 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 20:51-21:01 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 395 | COLA001428 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:01-21:11 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 396 | COLA001429 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:11-21:21 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 397 | COLA001433 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 21:52-22:03 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 398 | COLA001436 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:23-22:33 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 399 | COLA001438 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:44-22:46 | Mendez, Cruz, Gutierrez, Valdez | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 400 | COLA001439 – California Baja Bar & Grill Surveillance Footage – 1/28/2020, 22:46-22:57 | Mendez, Cruz, Gutierrez, Valdez | | | | |
| 401 | Joey Cruz Cell Records, January 1 - March 6, 2020 (Bates COLA035763-COLA035822) | Pikor, Cruz | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 402 | Rafael Mejia Cell Records, January 26 - March 4, 2020 (Bates COLA036079-COLA036662) | Pikor, Mejia | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 403 | Certificate of Authenticity for Mejia and Versales Cell Records (VB00004136-VB00004150) | Mejia, Versales, Pikor, Records Custodian | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 405 | Michael Russell Cell Records, January 2 - March 31, 2020 (Bates COLA035626-COLA035746) | Pikor, Russell | Irrelevant. (FRE 104(b), 401, 402.)<br>More prejudicial than probative.  (FRE 403.)<br>Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 406 | Raul Versales Cell Records, January 26 - March 4, 2020 (Bates COLA036079-COLA036094, COLA036663-COLA037559) | Pikor, Versales | Irrelevant. (FRE 104(b), 401, 402.)<br>More prejudicial than probative.  (FRE 403.)<br>Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 408 | Douglas Johnson Cell Records, January 26 - March 4, 2020 (Bates COLA038063-COLA038538) | Pikor, Johnson | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 409 | AT&T Custodian of Records Certification and Accompanying Materials for Douglas Johnson Cell Records, signed November 24, 2021 (Bates COLA038539-COLA038552) | Johnson, Records Custodian, Pikor | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 411 | Tony Imbrenda, Brian Jordan, & Arlin Kahan LAFD Cell Records, January 26 - March 3, 2020 (Bates COLA037937-COLA037969) | Imbrenda, Jordan, Kahan, Pikor | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 412 | Verizon Custodian of Records Certification and Accompanying Materials for Shrout LASD, Miller LASD, Kelly Personal, Imbrenda LAFD, Jordan LAFD, & Kahan LAFD Cell Records, signed November 8, 2021 (Bates VB00004201-VB00004206) | Miller, Kelly, Imbrenda, Jordan, Kahan, Records Custodian, Pikor | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 415 | Tony Imbrenda Personal Cell Records, January 25 - March 3, 2020 (Bates C0LA035893-C0LA035906) | Pikor, Imbrenda, Jordan, Kahan | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 416 | Charter Custodian of Records Certification and Accompanying Materials for Tony Imbrenda Personal Cell Records, signed October 12, 2021 (Bates COLA035907-COLA035909) | Pikor, Records Custodian, Imbrenda | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 417 | Brian Jordan Personal Cell Records, January 26 - March 4, 2020 (Bates VB00003632-VB00004129) | Pikor, Jordan | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 418 | AT&T Custodian of Records Certification and Accompanying Materials for Brian Jordan Personal Cell Records, signed November 19, 2021 (Bates VB00004130-VB00004135) | Pikor, Records Custodian, Jordan | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 420 | Arlin Kahan Personal Cell Records, December 27 - March 26, 2020 (Bates COLA035861-COLA035880) | Pikor, Kahan, Imbrenda | Irrelevant. (FRE 104(b), 401, 402.)<br>More prejudicial than probative.  (FRE 403.)<br>Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 421 | Benjamin Sanchez Cell Records, January 26 - March 3, 2020 (Bates COLA035910-COLA035933) | Pikor, Russell, Sanchez | Irrelevant. (FRE 104(b), 401, 402.)<br>More prejudicial than probative.  (FRE 403.)<br>Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 422 | Verizon Custodian of Records Certification and Accompanying Materials for Jauregui & Sanchez Cell Records, signed October 25, 2021 (Bates VB00004198-VB00004200) | Pikor, Jauregui, Sanchez, Records Custodian | | | | |
| 424 | Ruby Cable Cell Records, January 26 - March 3, 2020 (Beg Bates COLA037970) | Pikor, Cable | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 425 | T-Mobile Custodian of Records Certification and Accompanying Materials for Ruby Cable Cell Records, signed November 17, 2021 (Bates COLA037971-COLA038003) | Pikor, Cable, Records Custodian | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 428 | Stephanie Shrout & Scott Miller LASD Cell Records, January 26 - March 3, 2020 (Bates COLA037921-C0LA037936) | Pikor, Miller, Versales | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |
| 430 | Travis Kelly Cell Records, January 26 - March 3, 2020 (Bates COLA038004-COLA038030) | Pikor, Miller, Versales | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 432 | Christopher Jauregui Cell Records, January 26 - March 3, 2020 (Bates COLA038031-COLA038058) | Pikor, Jauregui, Versales | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) Speculation. | Relevant to, among other things, trail of electronic transmission of photos of the crash victims' remains among Sheriff's Department and Fire Department personnel; not unfairly prejudicial; ; the cell records are circumstantial evidence of dissemination and suspicious phone call activity while employees were under scrutiny, not speculation. | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 434 | LAFD Letter dated June 22, 2015, titled: "Intention to Suspend" (COLA035403-08) | Marrone, McCloud, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) Subsequent remedial measures (FRE 407.) | Relevant to, among other things, Fire Department's actual or constructive notice that failure to train and failure to have a policy would result in improper death photos; not a subsequent remedial measure per definition in FRE 407 (the letter is from 2015, which predates the helicopter crash by 5 years), not offered for the prohibited purposes in FRE 407, and qualifies for the exception in FRE 407; retrospective investigations are not subsequent remedial measures (*see In re Aircrash in Bali, Indonesia*, 871 F.2d 812, 816 (9th Cir. 1989)); not unfairly prejudicial. | | |
| 435 | LAFD Letter dated March 1, 2018 re Suspension (COLA035409-16) | Marrone, McCloud, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative. (FRE 403.) | Relevant to, among other things, Fire Department's actual or constructive notice that failure to train and failure to have a policy would result in improper death photos; not unfairly prejudicial. | | |

# Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 436 | LAFD Investigation Report dated May 29, 2015 (COLA035417-28) | Marrone, McCloud, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, Fire Department's actual or constructive notice that failure to train and failure to have a policy would result in improper death photos; not unfairly prejudicial. | | |
| 437 | LAFD Supplemental Investigation Report dated November 1, 2017 (COLA035429-37) | Marrone, McCloud, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, Fire Department's actual or constructive notice that failure to train and failure to have a policy would result in improper death photos; not unfairly prejudicial. | | |
| 438 | LAFD Letter of Reprimand dated March 27, 2019 (COLA035438-41) | Marrone, McCloud, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, Fire Department's actual or constructive notice that failure to train and failure to have a policy would result in improper death photos; not unfairly prejudicial. | | |
| 439 | LASD Letter to Doug Johnson dated August 8, 2020, titled: "NOTIFICATION LETTER" (COLA035220-24) | Johnson, Villanueva, Jaeger, Reed, Kneer, Bercovici | Irrelevant. (FRE 104(b), 401, 402.) More prejudicial than probative.  (FRE 403.) | Relevant to, among other things, Johnson receiving no discipline for taking close-up photos of crash victims' remains; not unfairly prejudicial. | | |

# Plaintiff's Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 440 | Cellbrite Extraction Report and Facebook Messenger Messages between Henry Shue and Ralph Grande | Mejia, Pikor | | | | |
| 465A | Transcript – Excerpts of Dennis Breshears Fire Dep't Interview | Breshears, McCloud, Marrone | | | | |
| 465B | Audio – Excerpts of Dennis Breshears Fire Dep't Interview | Breshears, McCloud, Marrone | | | | |
| 470 | LA Times recording of Villanueva and Valdez (audio only) (VB00004208) | Villanueva, Valdez, Satterfield, Bercovici | | | | |
| 471 | LA Times recording of Villanueva and Valdez (with subtitles) (VB00004209) | Villanueva, Valdez, Satterfield, Bercovici | | | | |
| 478 | Defendant COLA's Responses to Plaintiff's First Set of Requests for Admission, dated November 24, 2021 | Jaeger, Scott Johnson, Kim, Marrone, McCloud, Bercovici, Pikor | | | | |
| 479 | Defendant LACFD's Responses to Plaintiff's First Set of Requests for Admission, dated November 29, 2021 | Kim, McCloud, Marrone, Pikor, Bercovici | | | | |

# Plaintiffs' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Pretrial Ruling (If Any) |
|---|---|---|---|---|---|---|
| 480 | Defendant LASD's Responses to Plaintiff's First Set of Requests for Admission, dated November 29, 2021 | Jaeger, Pikor, Bercovici | | | | |
| 501 | Defendant COLA's Third Supplemental Responses to First Set of Interrogatories, dated March 31, 2021 | Jaeger, Pikor, Bercovici, Kim | | | | |
| 502 | Defendant COLA's Responses to Second Set of Interrogatories, dated April 19, 2021 | Jaeger, Pikor, Bercovici, Kim | | | | |
| 503 | Defendant COLA's Responses to Third Set of Interrogatories, dated October 1, 2021 | Flores, Jaeger, Freskos, Bercovici, Pikor, Bercovici | | | | |
| 504 | Defendant Michael Russell's Responses to First Set of Interrogatories, dated October 25, 2021 | Russell, Pikor, Bercovici | | | | |
| 510 | Recorded Call Between Deputies Nicolas Bonelli and Rafael Mejia – January 26, 2020 (COLA006524) | Bonelli, Mejia | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 20 | Photo - LASD Lost Hills Station Facebook Photo | Commander Jorge Valdez, Sergeant Travus Kelly, Sergeant Robert Boese | | | | |
| 24 | LACFD Standards of Behavior (COLA030147-50) | Interim Fire Chief Anthony Marrone, Chief William McCloud, Captain Arlin Kahan, Brian Jordan, Firefighter Specialist Tony Imbrenda | | | | |

---

* Defendants reserve the right to use exhibits at trial that Plaintiffs introduce with a witness and is admitted into evidence.

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 73* | LA Times Article of February 28, 2020, titled: "Deputies were ordered to delete Kobe Bryant crash photos to avoid discipline, sources say." | Plaintiff, Sheriff Alex Villanueva, Sergeant Robert Boese, Commander Jorge Valdez, Captain John Satterfield, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 89 | Plaintiff Vanessa Bryant's Responses & Objections to Defendant County of Los Angeles's Second Set of Interrogatories | Plaintiff | | | | |
| 90 | Plaintiff Vanessa Bryant's First Amended Responses & Objections to Defendant County of Los Angeles's First Set of Requests for Admission, Nos. 2-6 | Plaintiff | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 91 | Consolidated Complaint for Damages (Wrongful Death/Survival/ Negligence / Helicopter Crash) | Plaintiff | Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); subject to Plaintiff's MIL #3 to exclude evidence of Plaintiff's financial condition, including references to settlement of prior lawsuit | As more fully briefed in Defendants' Opposition to Plaintiff's MIL No. 3, this document is relevant and admissible.  Plaintiff intends to introduce evidence about the crash that killed her husband and daughter. Defendants are entitled to tell the jury that any emotional distress Plaintiff suffered as a result of the crash is not Defendants' fault. Defendants are also entitled to tell the jury that Plaintiff sued the helicopter operators and settled her claims.  It would be prejudicial to Defendants and confusing for jurors if Defendants were precluded from telling the jury this.  Plaintiff cannot recover for emotional distress caused by the loss of her husband and daughter. Exhibit 91 is not hearsay because it is not being offered for the truth of the statements contained therein, but to show that Plaintiff sued the helicopter operators and settled her claims for the helicopter crash itself. | | Excluded. Inadmissible (Ruling on Plaintiffs' MIL #3). |
| 172 | Stipulation Regarding Protocol for Forensic Examination | Justin Price | | | | |
| 173 | Acknowledgement of Protocol and Directives | Justin Price | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 178* | Cellebrite Extraction Report (COLA037560-920) | Justin Price | | | | |
| 185 | Text Messages between Monica Arnold and Vanessa Bryant (ARNOLD000001) (Monica Arnold Deposition Exhibit 2) | Plaintiff | | | | |
| 188 | Text Messages between Catherine Gasol and Vanessa Bryant (GASOL000001) (Catherine Gasol Deposition Exhibit 1) | Plaintiff | | | | |
| 192 | LAFD Direct Order from Marrone to Kahan (COLA035088) | Interim Fire Chief Anthony Marrone, LACFD Risk Management Chief Julia Kim, Fire Captain Arlin Kahan | | | | |
| 441 | Photo of Detached Helicopter Tail (COLA036077) | Deputy Rafael Mejia, Deputy Henry Shue, Justin Price | | | | |
| 442 | Photo of Burning Helicopter Wreckage (COLA036078) | Deputy Rafael Mejia, Deputy Henry Shue, Justin Price | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 601 | 1/26/20 Photographs Taken at Command Post by Rafael Mejia (COLA000773-COLA000775) | Deputy Rafael Mejia | | | | |
| 602 | 1/26/20 Photographs Taken at Command Post by Raul Versales (COLA000762-COLA000771) | Deputy Raul Versales | | | | |
| 606 | 3/6/20 Direct Order to Tony Imbrenda (COLA0035086-COLA0035087) | Interim Fire Chief Anthony Marrone; LACFD Risk Management Chief Julia Kim, Firefighter Specialist Tony Imbrenda | | | | |
| 607 | 1/26/20 Photographs taken near the command post by Travis Kelly (COLA000781-COLA000796) | Sergeant Travis Kelly | | | | |
| 611 | 11/3/21 Kroll Supplemental Investigative Analysis | Justin Price | | | | |
| 612 | POST Basic Course Workbook | Captain Mark Flores | | | | |
| 613 | Policy and Ethics Chapter from Manual of Policies and Procedures | Captain Mark Flores | | | | |
| 614 | Updates to Learning Domain 30 | Captain Mark Flores | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 615 | Plaintiff Vanessa Bryant's Amended Responses & Objections to Defendant County of Los Angeles's Amended First Set of Interrogatories | Plaintiff | | | | |
| 616 | Plaintiff Vanessa Bryant's Responses & Objections to Defendant County of Los Angeles's First Set of Requests for Admission | Plaintiff | | | | |
| 617 | Plaintiff Vanessa Bryant's Responses & Objections to Defendant County of Los Angeles's First Set of Interrogatories | Plaintiff | | | | |
| 618 | Plaintiff Vanessa Bryant's Responses & Objections to Defendant County of Los Angeles's Amended First Set of Interrogatories | Plaintiff | | | | |
| 619 | Plaintiff Vanessa Bryant's Second Amended Responses & Objections to Defendant County of Los Angeles's Amended First Set of Interrogatories | Plaintiff | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 620 | Plaintiff Vanessa Bryant's Third Amended Responses & Objections to Defendant County of Los Angeles's Amended First Set of Interrogatories | Plaintiff | | | | |
| 621 | Plaintiff Vanessa Bryant's Amended Responses & Objections to Defendant County of Los Angeles's Second Set of Interrogatories | Plaintiff | | | | |
| 622 | Plaintiff Vanessa Bryant's Responses & Objections to Defendant County of Los Angeles's Third Set of Interrogatories | Plaintiff | | | | |
| 623 | Los Angeles County General Records Retention Schedule § G.07.070 | LACFD Risk Management Chief Julia Kim, LASD Commander Scott Johnson | | | | |
| 624 | LACFD 3/3/20 Litigation Hold re Willow Incident (COLA035934 – COLA035941) | Interim Fire Chief Anthony Marrone, Battalion Chief Roland Sprewell, LACFD Risk Management Chief Julia Kim | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 625 | Written confirmations of receipt of 3/3/20 LACFD Litigation Hold re Willow Incident (COLA035934 – COLA035941) | Interim Fire Chief Anthony Marrone, LACFD Risk Management Chief Julia Kim | | | | |
| 626 | LACFD 7/21/20 Revised Litigation Hold re Willow Incident  (COLA035951 – COLA035954) | Interim Fire Chief Anthony Marrone, LACFD Risk Management Chief Julia Kim | | | | |
| 627 | Written confirmations of receipt of 7/21/20 Litigation Hold re Willow Incident (COLA035955 – COLA035956; COLA035943) | Interim Fire Chief Anthony Marrone, Battalion Chief Roland Sprewell, LACFD Risk Management Chief Julia Kim | | | | |
| 628 | Forensic Extraction Report for Tony Imbrenda's LACFD –issued cellphone (COLA035475) | LACFD Risk Management Chief Julia Kim | | | | |
| 629 | Forensic Extraction Report for Arlin Kahan's LACFD – issued cellphone (COLA035331) | LACFD Risk Management Chief Julia Kim | | | | |
| 630 | Forensic Extraction Report for Brian Jordan's LACFD –issued cellphone (COLA035332) | LACFD Risk Management Chief Julia Kim | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 631 | Chain of Custody re LACFD-issued cellphones (Case No. 2:20-cv-09582-JFW-E Dkt. 151-63, 52-53) | LACFD Risk Management Chief Julia Kim | | | | |
| 632 | 5/11/20 Notice re Notice of Civil Claim of Vanessa Bryant to Captain Salvador Becerra (COLA035976 – COLA035982) | LASD Commander Scott Johnson | | | | |
| 633 | 6/23/20 Notice re Notice of Civil Claim of Vanessa Bryant (COLA035969 – COLA035975) | Sheriff Alex Villanueva, LASD Commander Scott Johnson | | | | |
| 634 | 7/24/20 LASD Litigation Hold Notice (COLA035957) | LASD Commander William Jaeger, LASD Commander Scott Johnson | | | | |
| 635 | Lt. Kallenberger's 7/24/20 response to Litigation Hold Notice (COLA035958) | LASD Commander William Jaeger, LASD Commander Scott Johnson | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 636 | 7/24/20 email correspondence between Lt. Kallenberger and Janel Ramos re notifying "all appropriate involved units regarding the Bryant crash" (COLA035959 – COLA035960) | LASD Commander William Jaeger, LASD Commander Scott Johnson | | | | |
| 637 | 7/27/20 email correspondence from Janel Ramos forwarding LASD Litigation Hold Notice (COLA035961 – COLA035962) | LASD Lieutenant Hector Mancinas, LASD Commander Jorge Valdez,  LASD Commander Scott Johnson | | | | |
| 638 | 7/27/20 email from Commander Valdez forwarding LASD Litigation Hold Notice (COLA035963 – COLA035964) | LASD Commander Jorge Valdez, LASD Chief Dennis Kneer, LASD Assistant Sheriff Steven Gross, LASD Commander Scott Johnson | | | | |
| 639 | 7/27/20 email from Constitutional Policy Advisor Georgina Glaviano forwarding LASD Litigation Hold Notice (COLA035965 – COLA035968) | LASD Commander William Jaeger, LASD Commander Scott Johnson | | | | |

<u>**Defendants' Exhibits**</u>

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 640 | 1/27/20 LA Times Article re Kobe Bryant's death in helicopter crash stuns the world, leaves L.A. grieving (https://www.latimes.com/california/story/2020-01-27/kobe-bryant-killed-helicopter-crash) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 641 | 7/3/20 LA Times Article re Text messages reconstruct copter crash that killed Kobe Bryant, eight others (https://www.latimes.com/sports/story/2020-07-03/reconstruct-of-kobe-bryant-copter-crash) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 642 | 12/21/21 LA Times Article re A deputy showed images in a bar of Kobe Bryant's body. Vanessa Bryant now wants justice (https://www.latimes.com/california/story/2021-12-21/vanessa-bryant-kobe-bryant-death-photos-lawsuit-la-county-sheriff) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 643 | 1/26/20 Tweet from RMG News (https://twitter.com/RMGNews/status/1221531361351061505) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 644 | 1/27/20 Fox 11 news video re Federal officials investigate deadly helicopter crash that killed nine, including Kobe Bryant (https://www.foxla.com/news/federal-officials-investigate-deadly-helicopter-crash-that-killed-nine-including-kobe-bryant) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 645 | 1/28/20 ABC7 news video re Kobe Bryant crash: Nest video captures audio of helicopter's final moments (https://abc7.com/kobe-bryant-crash-death-ring-video/5886910/) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 646 | 1/28/20 NTSB Calabasas, CA Helicopter Crash B-Roll video (https://www.youtube.com/watch?v=GvjzFWbJJxo) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 647 | 1/28/20 RMG News video re Kobe Bryant, his daughter Gianna and Seven others killed in Calabasas helicopter crash, California (https://www.youtube.com/watch?v=Ucfar2RUXkU) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 648 | 1/30/20 Reuters news video re Helicopter in Kobe Bryant crash lacked certificate to fly in fog (https://www.reuters.com/article/us-people-kobe-bryant-helicopter-idUSKBN1ZU0NL) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 649 | 1/31/20 ABC7 news video re SoCal congressman introduces bill to improve helicopter safety after Kobe Bryant crash (https://abc7news.com/helicopter-crash-calabasas-kobe-bryant-dead/5894224/) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 650 | 6/17/20 ABC World News Tonight news video re Investigation into helicopter crash that killed Kobe Bryant (https://www.youtube.com/ watch?v=5uef8Vb4J7Y) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 651 | 2/11/20 ABC7 news video re New video shows wreckage from helicopter crash that killed Kobe Bryant, 8 others (https://www.youtube.com/ watch?v=NerEjGL91IU) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 652 | 2/7/20 Foxla.com Article re Preliminary report reveals no engine failure in deadly Kobe Bryant helicopter crash (https://www.foxla.com/new s/preliminary-report-reveals-no-engine-failure-in-deadly-kobe-bryant-helicopter-crash) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |

## Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 653 | 2/9/21 Bloomberg Article re NTSB Finds Pilot Caused Kobe Bryant Crash by Flying Into Fog (https://www.bloomberg.com/news/articles/2021-02-09/kobe-bryant-pilot-failed-to-follow-training-to-avoid-fatal-crash) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 655 | 1/6/22 LA Daily News Article re LA County says it will prevail in Kobe Bryant crash photo lawsuit, but Vanessa Bryant presses on (https://www.dailynews.com/2022/01/06/la-county-says-it-will-prevail-in-kobe-bryant-crash-photo-lawsuit-but-vanessa-bryant-presses-on/) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 657 | 2/7/20 WHYY.org Article re Probe: No signs of outward engine failure in Kobe Bryant crash (https://whyy.org/articles/probe-no-signs-of-outward-engine-failure-in-bryant-crash/) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 658 | 2/10/21 Mercury News Article re Terrain warning would not have averted Kobe Bryant helicopter crash, NTSB chair says (https://www.mercurynews.com/2021/02/10/terrain-warning-would-not-have-averted-kobe-bryant-helicopter-crash-ntsb-chair-says/) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 661 | 4/21/20 USA Today Article re Families sue helicopter company in deadly Kobe Bryant crash, but do not name pilot (https://www.usatoday.com/story/sports/nba/2020/04/21/kobe-bryant-crash-families-sue-helicopter-company-©-name-pilot/2995005001/) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 662 | 6/17/20 Washington Post Article re Pilot in Kobe Bryant helicopter crash may have disoriented in fog, federal investigators say (https://www.washingtonpost.com/local/trafficandcommuting/pilot-in-kobe-bryant-helicopter-crash-may-have-become-disoriented-in-fog-federal-investigators-say/2020/06/17/0c226af2-b0dc-11ea-856d-5054296735e5_story.html) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 663 | Google search results for "Kobe Bryant crash photos" | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 664 | Vanessa Bryant communications with Dr. David Rice (VB00003588 – VB00003618) | Plaintiff | | | | |
| 665 | Records produced by Dr. David Rice (RICE0000001 – RICE0000110) | Plaintiff | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---------|-------------|---------|-------------------------------------|----------------------|-----------------------------------------------|----------------|
| 666 | Getty Images – Kobe Crash Premium High Res Photos (https://www.gettyimages.com/photos/kobe-crash) | Plaintiff, Sergeant Robert Boese, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Joey Cruz, Deputy Michael Russell | | | | |
| 668 | Vanessa Bryant Instagram Account and Posts - @vanessabryant (https://www.instagram.com/vanessabryant) | Plaintiff | Composite / not a single document; relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); subject to Plaintiff's MIL #3 to exclude evidence of Plaintiff's financial condition, including references to settlement of prior lawsuit; foundation (FRE 104(a)) | Plaintiff's Instagram account and posts are highly probative of Plaintiff's mental state, which Plaintiff has put at issue by alleging she suffers from severe emotional distress.  Plaintiff's Instagram posts are not hearsay pursuant to FRE 801(d)(2)(A).<br>Plaintiff's public Instagram posts do not relate to her wealth or financial condition, and is not implicated by Plaintiff's MIL No. 3.<br>Ex. 668 is not hearsay pursuant to FRE 801(d)(2)(A).  They are party admissions.<br>The witness will provide proper foundation at trial. | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 669 | Complaint for Damages, *Urbieta v. Bryant, et al.*, Orange County Superior Court, Case No. 30-2020-01174715-U-FR-CJC | Plaintiff | Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); subject to Plaintiff's MIL #3 to exclude evidence of Plaintiff's financial condition, including references to settlement of prior lawsuit; foundation (FRE 104(a)) | Exhibit 669 is not unfairly prejudicial, but rather is highly probative of Plaintiff's mental state, which Plaintiff has put at issue by alleging she suffers from severe emotional distress.  Plaintiff's emotional state may have been effected by causes or stressors, other than Defendant's alleged actions. *See e.g., E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal. 2009). Involvement in a separate lawsuit is therefore relevant to Plaintiff's emotional state. Exhibit 669 is not hearsay because it is not being offered for the truth of the matters asserted in the document. The witness will provide  proper foundation at trial. | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 670 | Notice of Settlement of Entire Case, *Urbieta v. Bryant, et al.*, Orange County Superior Court, Case No. 30-2020-01174715-U-FR-CJC | Plaintiff | Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); subject to Plaintiff's MIL #3 to exclude evidence of Plaintiff's financial condition, including references to settlement of prior lawsuit; foundation (FRE 104(a)) | Exhibit 670 is not unfairly prejudicial, but rather is highly probative of Plaintiff's mental state, which Plaintiff has put at issue by alleging she suffers from severe emotional distress. Plaintiff's emotional state may have been effected by causes or stressors, other than Defendants' alleged actions. *See e.g., E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal. 2009). Involvement in a separate lawsuit is therefore relevant to Plaintiff's emotional state. Exhibit 670 is not hearsay because it is not being offered for the truth of the matters asserted in document. The witness will provide proper foundation at trial. | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 671 | Request for Dismissal, *Urbieta v. Bryant, et al.*, Orange County Superior Court, Case No. 30-2020-01174715-U-FR-CJC | Plaintiff | Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); subject to Plaintiff's MIL #3 to exclude evidence of Plaintiff's financial condition, including references to settlement of prior lawsuit; foundation (FRE 104(a)) | Exhibit 671 is not unfairly prejudicial, but rather is highly probative of Plaintiff's mental state, which Plaintiff has put at issue by alleging she suffers from severe emotional distress. Plaintiff's emotional state may have been effected by causes or stressors, other than Defendant's alleged actions. *See e.g., E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal. 2009). Involvement in a separate lawsuit is therefore relevant to Plaintiff's emotional state. Exhibit 671 is not hearsay because it is not being offered for the truth of the matters asserted in the document. The witness will provide proper foundation at trial. | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 672 | Joint Stipulation of Dismissal with Prejudice, *Bryant, et al. v. Island Express Helicopters, Inc., et al.*, United States District Court, Central District of California, Case No. 2:20-cv-08953 FMO (PVCx) [Dkt. 121.] | Plaintiff | Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); subject to Plaintiff's MIL #3 to exclude evidence of Plaintiff's financial condition, including references to settlement of prior lawsuit; foundation (FRE 104(a)) | As more fully briefed in Defendants' Opposition to Plaintiff's MIL No. 3, this document is relevant and admissible.  Plaintiff intends to introduce evidence about the crash that killed her husband and daughter. Defendants are entitled to tell the jury that any emotional distress Plaintiff suffered as a result of the crash is not Defendants' fault. Defendants are also entitled to tell the jury that Plaintiff sued the helicopter operators and settled her claims.  It would be prejudicial to Defendants and confusing for jurors if Defendants were precluded from telling the jury this.  Plaintiff cannot recover for emotional distress caused by the loss of her husband and daughter.<br><br>Exhibit 672 is not hearsay because it is not being offered for the truth of the statements contained therein, but to show that Plaintiff sued the helicopter operators and settled her claims for the helicopter crash itself.<br><br>The witness will provide proper foundation at trial. | | Excluded. Inadmissible (Ruling on Plaintiffs' MIL #3). |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 673 | Order Dismissing Action with Prejudice re Bryant Plaintiffs, *Bryant, et al. v. Island Express Helicopters, Inc., et al.*, United States District Court, Central District of California, Case No. 2:20-cv-08953 FMO (PVCx) [Dkt. 124.] | Plaintiff | Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); subject to Plaintiff's MIL #3 to exclude evidence of Plaintiff's financial condition, including references to settlement of prior lawsuit; foundation (FRE 104(a)) | As more fully briefed in Defendants' Opposition to Plaintiff's MIL No. 3, this document is relevant and admissible. Plaintiff intends to introduce evidence about the crash that killed her husband and daughter. Defendants are entitled to tell the jury that any emotional distress Plaintiff suffered as a result of the crash is not Defendants' fault. Defendants are also entitled to tell the jury that Plaintiff sued the helicopter operators and settled her claims. It would be prejudicial to Defendants and confusing for jurors if Defendants were precluded from telling the jury this. Plaintiff cannot recover for emotional distress caused by the loss of her husband and daughter.<br><br>Exhibit 673 is not hearsay because it is not being offered for the truth of the statements contained therein, but to show that Plaintiff sued the helicopter operators and settled her claims for the helicopter crash itself.<br><br>The witness will provide proper foundation at trial. | | Excluded. Inadmissible (Ruling on Plaintiffs' MIL #3). |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 674 | Joint Stipulation of Dismissal with Prejudice, *Bryant, et al. v. Island Express Helicopters, Inc., et al.*, United States District Court, Central District of California, Case No. 2:20-cv-08953 FMO (PVCx) [Dkt. 125.] | Plaintiff | Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); subject to Plaintiff's MIL #3 to exclude evidence of Plaintiff's financial condition, including references to settlement of prior lawsuit; foundation (FRE 104(a)) | As more fully briefed in Defendants' Opposition to Plaintiff's MIL No. 3, this document is relevant and admissible. Plaintiff intends to introduce evidence about the crash that killed her husband and daughter. Defendants are entitled to tell the jury that any emotional distress Plaintiff suffered as a result of the crash is not Defendants' fault. Defendants are also entitled to tell the jury that Plaintiff sued the helicopter operators and settled her claims. It would be prejudicial to Defendants and confusing for jurors if Defendants were precluded from telling the jury this. Plaintiff cannot recover for emotional distress caused by the loss of her husband and daughter. Exhibit 674 is not hearsay because it is not being offered for the truth of the statements contained therein, but to show that Plaintiff sued the helicopter operators and settled her claims for the helicopter crash itself. The witness will provide proper foundation at trial. | | Excluded. Inadmissible (Ruling on Plaintiffs' MIL #3). |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 675 | Order Dismissing Action, *Bryant, et al. v. Island Express Helicopters, Inc., et al.*, United States District Court, Central District of California, Case No. 2:20-cv-08953 FMO (PVCx) [Dkt. 139.] | Plaintiff | Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); subject to Plaintiff's MIL #3 to exclude evidence of Plaintiff's financial condition, including references to settlement of prior lawsuit; foundation (FRE 104(a)) | As more fully briefed in Defendants' Opposition to Plaintiff's MIL No. 3, this document is relevant and admissible.  Plaintiff intends to introduce evidence about the crash that killed her husband and daughter. Defendants are entitled to tell the jury that any emotional distress Plaintiff suffered as a result of the crash is not Defendants' fault. Defendants are also entitled to tell the jury that Plaintiff sued the helicopter operators and settled her claims.  It would be prejudicial to Defendants and confusing for jurors if Defendants were precluded from telling the jury this.  Plaintiff cannot recover for emotional distress caused by the loss of her husband and daughter.<br><br>Exhibit 675 is not hearsay because it is not being offered for the truth of the statements contained therein, but to show that Plaintiff sued the helicopter operators and settled her claims for the helicopter crash itself.<br><br>The witness will provide proper foundation at trial. | | Excluded. Inadmissible (Ruling on Plaintiffs' MIL #3). |

# Defendants' Exhibits

| | | | | | | |
|---|---|---|---|---|---|---|
| 676 | Los Angeles County Code of Ordinances Title 5, Appendix 1 Civil Service Rules § 18.031 Discipline | Interim Fire Chief Anthony Marrone, Chief William McCloud, Captain Arlin Kahan, Brian Jordan, Firefighter Specialist Tony Imbrenda | FRCP 37(c)(1) – Produced for first time on June 9, 2022, seven months after fact discovery cutoff of Nov. 29, 2021, despite being responsive to several of Plaintiff's RFPs | Exhibit 676 is a publicly available document that Plaintiff has had access to throughout the course of this litigation. Plaintiff claims that the County lacked adequate policies and trainings.  Defendants are entitled to rebut these allegations by presenting relevant policies and training materials to the jury. Exhibits 676 and 677 are directly referenced in the letters of discipline that LACFD sent to Fire Captain Brian Jordan, Fire Captain Tony Imbrenda, and Fire Captain Arlin Kahan.  (*See* Exhibits 26-28.)  These publicly-available codes were the basis for the discipline imposed.  Exhibits 26-28 were produced to Plaintiff in discovery, submitted by her counsel in public filings, and were used by her counsel during depositions of several witnesses. Documents are only subject to the duty to disclose under Rule 26(a)(1)(A)(ii) and the duty to produce under Rule 34(a)(1) if they are in the producing party's "possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(ii); 34(a)(1).  "[A] party is not in 'control' of records that the requesting party has equal ability to obtain from public sources." *Diaz v. Cnty. Of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | (alteration in original) (quoting Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 11(IV)-C). Accordingly, publicly available documents are not subject to exclusion under Rule 37.  *See* Fed. R. Civ. P. 37(c)(1) (automatic exclusion applies where "a party fails to provide information or identify a witness as required by Rule 26(a) or (c)"). <br><br> In addition, even if public records were the subject of mandatory disclosure, their public nature makes the failure to disclose them "harmless" and thus not subject to exclusion.  Fed. R. Civ. P. 37(c)(1); *see, e.g., Cmtys. Actively Living Indep. & Free v. City of Los Angeles*, Case No. CV 09–0287 CBM, 2011 WL 4595993 (C.D. Cal. Feb. 10, 2011 (failure to disclose FEMA document "harmless because it is a publicly available planning document"); *Diaz*, 512 F. Supp. 3d at 1035 (failure to disclose harmless "because the videos are publicly available"). <br><br> Witnesses will provide the proper foundation at trial. | | |

# Defendants' Exhibits

| 677 | LACFD Code of Ethics and Oath of Office – V2-C1-S1 10/28/21 Rules and Regulations | Interim Fire Chief Anthony Marrone, Chief William McCloud, Captain Arlin Kahan, Brian Jordan, Firefighter Specialist Tony Imbrenda | FRCP 37(c)(1) – Produced for first time on June 9, 2022, seven months after fact discovery cutoff of Nov. 29, 2021, despite being responsive to several of Plaintiff's RFPs | Exhibit 677 is a publicly available document that Plaintiff has had access to throughout the course of this litigation.<br><br>Plaintiff claims that the County lacked adequate policies and trainings.  Defendants are entitled to rebut these allegations by presenting relevant policies and training materials to the jury.<br><br>Exhibits 676 and 677 are directly referenced in the letters of discipline that LACFD sent to Fire Captain Brian Jordan, Fire Captain Tony Imbrenda, and Fire Captain Arlin Kahan.  (*See* Exhibits 26-28.)  These publicly-available codes were the basis for the discipline imposed.  Exhibits 26-28 were produced to Plaintiff in discovery, submitted by her counsel in public filings, and were used by her counsel during depositions of several witnesses.<br><br>Documents are only subject to the duty to disclose under Rule 26(a)(1)(A)(ii) and the duty to produce under Rule 34(a)(1) if they are in the producing party's "possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(ii); 34(a)(1).  "[A] party is not in 'control' of records that the requesting party has equal ability to obtain from public sources." *Diaz v. Cnty. Of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | (alteration in original) (quoting Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 11(IV)-C). Accordingly, publicly available documents are not subject to exclusion under Rule 37.  *See* Fed. R. Civ. P. 37(c)(1) (automatic exclusion applies where "a party fails to provide information or identify a witness as required by Rule 26(a) or (c)").<br><br>In addition, even if public records were the subject of mandatory disclosure, their public nature makes the failure to disclose them "harmless" and thus not subject to exclusion.  Fed. R. Civ. P. 37(c)(1); *see, e.g., Cmtys. Actively Living Indep. & Free v. City of Los Angeles*, Case No. CV 09–0287 CBM, 2011 WL 4595993 (C.D. Cal. Feb. 10, 2011 (failure to disclose FEMA document "harmless because it is a publicly available planning document"); *Diaz*, 512 F. Supp. 3d at 1035 (failure to disclose harmless "because the videos are publicly available").<br><br>Witnesses will provide the proper foundation at trial. | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---------|-------------|---------|--------------------------------------|-----------------------|-----------------------------------------------|----------------|
| 678 | LASD Manual of Policy and Procedures: 5-05/060.10 – Photographs | Captain Mark Flores, Deputy Joey Cruz, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Doug Johnson, Deputy Ruby Cable, Sergeant Travis Kelly, Captain Justin Diez, Detective Scott Miller, Deputy Michael Russell, Deputy Ben Sanchez, Deputy Nicholas Bonelli, Deputy Chris Jauregui | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 679 | LASD Manual of Policy and Procedures: 5-09/090.00 – Dead Bodies – Homicides, Suicides, Accidental and Natural | Captain Mark Flores, Deputy Joey Cruz, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Doug Johnson, Deputy Ruby Cable, Sergeant Travis Kelly, Captain Justin Diez, Detective Scott Miller, Deputy Michael Russell, Deputy Ben Sanchez, Deputy Nicholas Bonelli, Deputy Chris Jauregui | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 680 | LASD Manual of Policy and Procedures: 5-09/475.00 Photographs/Recordings at Scenes Where Human Remains are Present | Captain Mark Flores, Deputy Joey Cruz, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Doug Johnson, Deputy Ruby Cable, Sergeant Travis Kelly, Captain Justin Diez, Detective Scott Miller, Deputy Michael Russell, Deputy Ben Sanchez, Deputy Nicholas Bonelli, Deputy Chris Jauregui | | | | |

# Defendants' Exhibits

| 681 | California Commission on Peace Officer Standards and Training – Learning Domain 29: Traffic Collision Investigation | Captain Mark Flores, Deputy Joey Cruz, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Doug Johnson, Deputy Ruby Cable, Sergeant Travis Kelly, Captain Justin Diez, Detective Scott Miller, Deputy Michael Russell, Deputy Ben Sanchez, Deputy Nicholas Bonelli, Deputy Chris Jauregui | FRCP 37(c)(1) – Produced for first time on June 9, 2022, seven months after fact discovery cutoff of Nov. 29, 2021, despite being responsive to several of Plaintiff's RFPs | Exhibit 681 is a publicly available document that Plaintiff has had access to throughout the course of this litigation.<br><br>Plaintiff claims that the County lacked adequate policies and trainings.  Defendants are entitled to rebut these allegations by presenting relevant policies and training materials to the jury.<br><br>Plaintiff deposed a 30(b)(6) witness on behalf of LASD—Captain Mark Flores—who testified about LASD's policies and trainings, including its use of the California Commission on Peace Officer Standards and Training's learning domains in training its personnel in the Academy and thereafter.<br><br>Documents are only subject to the duty to disclose under Rule 26(a)(1)(A)(ii) and the duty to produce under Rule 34(a)(1) if they are in the producing party's "possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(ii); 34(a)(1).  "[A] party is not in 'control' of records that the requesting party has equal ability to obtain from public sources." *Diaz v. Cnty. Of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) (alteration in original) (quoting Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 11(IV)-C). Accordingly, publicly available | | |

- 101 -

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | documents are not subject to exclusion under Rule 37.  *See* Fed. R. Civ. P. 37(c)(1) (automatic exclusion applies where "a party fails to provide information or identify a witness as required by Rule 26(a) or (c)"). In addition, even if public records were the subject of mandatory disclosure, their public nature makes the failure to disclose them "harmless" and thus not subject to exclusion.  Fed. R. Civ. P. 37(c)(1); *see, e.g., Cmtys. Actively Living Indep. & Free v. City of Los Angeles*, Case No. CV 09–0287 CBM, 2011 WL 4595993 (C.D. Cal. Feb. 10, 2011 (failure to disclose FEMA document "harmless because it is a publicly available planning document"); *Diaz*, 512 F. Supp. 3d at 1035 (failure to disclose harmless "because the videos are publicly available"). Witnesses will provide the proper foundation at trial. | | |

**Defendants' Exhibits**

| 682 | California Commission on Peace Officer Standards and Training – Learning Domain 1: Leadership, Professionalism, and Ethics | Captain Mark Flores, Deputy Joey Cruz, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Doug Johnson, Deputy Ruby Cable, Sergeant Travis Kelly, Captain Justin Diez, Detective Scott Miller, Deputy Michael Russell, Deputy Ben Sanchez, Deputy Nicholas Bonelli, Deputy Chris Jauregui | FRCP 37(c)(1) – Produced for first time on June 9, 2022, seven months after fact discovery cutoff of Nov. 29, 2021, despite being responsive to several of Plaintiff's RFPs | Exhibit 682 is a publicly available document that Plaintiff has had access to throughout the course of this litigation.

Plaintiff claims that the County lacked adequate policies and trainings.  Defendants are entitled to rebut these allegations by presenting relevant policies and training materials to the jury.

Plaintiff deposed a 30(b)(6) witness on behalf of LASD—Captain Mark Flores—who testified about LASD's policies and trainings, including its use of the California Commission on Peace Officer Standards and Training's learning domains in training its personnel in the Academy and thereafter.

Documents are only subject to the duty to disclose under Rule 26(a)(1)(A)(ii) and the duty to produce under Rule 34(a)(1) if they are in the producing party's "possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(ii); 34(a)(1).  "[A] party is not in 'control' of records that the requesting party has equal ability to obtain from public sources." *Diaz v. Cnty. Of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) (alteration in original) (quoting Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 11(IV)-C). Accordingly, publicly available | | |
| --- | --- | --- | --- | --- | --- | --- |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | documents are not subject to exclusion under Rule 37.  *See* Fed. R. Civ. P. 37(c)(1) (automatic exclusion applies where "a party fails to provide information or identify a witness as required by Rule 26(a) or ©").<br><br>In addition, even if public records were the subject of mandatory disclosure, their public nature makes the failure to disclose them "harmless" and thus not subject to exclusion.  Fed. R. Civ. P. 37(c)(1); *see, e.g., Cmtys. Actively Living Indep. & Free v. City of Los Angeles*, Case No. CV 09–0287 CBM, 2011 WL 4595993 (C.D. Cal. Feb. 10, 2011 (failure to disclose FEMA document "harmless because it is a publicly available planning document"); *Diaz*, 512 F. Supp. 3d at 1035 (failure to disclose harmless "because the videos are publicly available").<br><br>Witnesses will provide the proper foundation at trial. | | |

# Defendants' Exhibits

| 683 | California Commission on Peace Officer Standards and Training – Learning Domain 00: Becoming an Exemplary Peace Officer | Captain Mark Flores, Deputy Joey Cruz, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Doug Johnson, Deputy Ruby Cable, Sergeant Travis Kelly, Captain Justin Diez, Detective Scott Miller, Deputy Michael Russell, Deputy Ben Sanchez, Deputy Nicholas Bonelli, Deputy Chris Jauregui | FRCP 37(c)(1) - Produced for first time on June 9, 2022, seven months after fact discovery cutoff of Nov. 29, 2021, despite being responsive to several of Plaintiff's RFPs | Exhibit 683 is a publicly available document that Plaintiff has had access to throughout the course of this litigation.<br><br>Plaintiff claims that the County lacked adequate policies and trainings.  Defendants are entitled to rebut these allegations by presenting relevant policies and training materials to the jury.<br><br>Plaintiff deposed a 30(b)(6) witness on behalf of LASD—Captain Mark Flores—who testified about LASD's policies and trainings, including its use of the California Commission on Peace Officer Standards and Training's learning domains in training its personnel in the Academy and thereafter.<br><br>Documents are only subject to the duty to disclose under Rule 26(a)(1)(A)(ii) and the duty to produce under Rule 34(a)(1) if they are in the producing party's "possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(ii); 34(a)(1).  "[A] party is not in 'control' of records that the requesting party has equal ability to obtain from public sources." *Diaz v. Cnty. of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) (alteration in original) (quoting Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 11(IV)-C). Accordingly, publicly available | | |
|---|---|---|---|---|---|---|

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---------|-------------|---------|-------------------------------------|------------------------|-----------------------------------------------|----------------|
| | | | | documents are not subject to exclusion under Rule 37. *See* Fed. R. Civ. P. 37(c)(1) (automatic exclusion applies where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)").<br><br>In addition, even if public records were the subject of mandatory disclosure, their public nature makes the failure to disclose them "harmless" and thus not subject to exclusion.  Fed. R. Civ. P. 37(c)(1); *see, e.g., Cmtys. Actively Living Indep. & Free v. City of Los Angeles*, Case No. CV 09–0287 CBM, 2011 WL 4595993 (C.D. Cal. Feb. 10, 2011 (failure to disclose FEMA document "harmless because it is a publicly available planning document"); *Diaz*, 512 F. Supp. 3d at 1035 (failure to disclose harmless "because the videos are publicly available").<br><br>Witnesses will provide the proper foundation at trial. | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 684 | California Commission on Peace Officer Standards and Training – Learning Domain 30: Crime Scenes, Evidence, and Forensics | Captain Mark Flores, Deputy Joey Cruz, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Doug Johnson, Deputy Ruby Cable, Sergeant Travis Kelly, Captain Justin Diez, Detective Scott Miller, Deputy Michael Russell, Deputy Ben Sanchez, Deputy Nicholas Bonelli, Deputy Chris Jauregui | | | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 685 | LASD Manual of Policy and Procedure, Volume 3 – Chapter 1: Policy and Ethics | Captain Mark Flores, Deputy Joey Cruz, Deputy Rafael Mejia, Deputy Raul Versales, Deputy Doug Johnson, Deputy Ruby Cable, Sergeant Travis Kelly, Captain Justin Diez, Detective Scott Miller, Deputy Michael Russell, Deputy Ben Sanchez, Deputy Nicholas Bonelli, Deputy Chris Jauregui | | | | |

# Defendants' Exhibits

| | | | | |
|---|---|---|---|---|
| 686 | International Civil Aviation Organization, Annex 13 to the Convention on International Civil Aviation – Aircraft Accident and Incident Investigation | Captain Mark Flores | FRCP 37(c)(1) - Produced for first time on June 9, 2022, seven months after fact discovery cutoff of Nov. 29, 2021, despite being responsive to several of Plaintiff's RFPs; foundation (FRE 104(a)) | Exhibit 686 is a publicly available document that Plaintiff has had access to throughout the course of this litigation.<br><br>Plaintiff claims that the County lacked adequate policies and trainings.  Defendants are entitled to rebut these allegations by presenting relevant policies and training materials to the jury.<br><br>Documents are only subject to the duty to disclose under Rule 26(a)(1)(A)(ii) and the duty to produce under Rule 34(a)(1) if they are in the producing party's "possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(ii); 34(a)(1).  "[A] party is not in 'control' of records that the requesting party has equal ability to obtain from public sources." *Diaz v. Cnty. of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) (alteration in original) (quoting Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 11(IV)-C). Accordingly, publicly available documents are not subject to exclusion under Rule 37.  *See* Fed. R. Civ. P. 37(c)(1) (automatic exclusion applies where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)").<br><br>In addition, even if public records were the subject of mandatory | | |

<u>Defendants' Exhibits</u>

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | disclosure, their public nature makes the failure to disclose them "harmless" and thus not subject to exclusion.  Fed. R. Civ. P. 37(c)(1); *see, e.g., Cmtys. Actively Living Indep. & Free v. City of Los Angeles*, Case No. CV 09–0287 CBM, 2011 WL 4595993 (C.D. Cal. Feb. 10, 2011 (failure to disclose FEMA document "harmless because it is a publicly available planning document"); *Diaz*, 512 F. Supp. 3d at 1035 (failure to disclose harmless "because the videos are publicly available"). Witnesses will provide the proper foundation at trial. | | |

# Defendants' Exhibits

| | | | | | | |
|---|---|---|---|---|---|---|
| 687 | LASD Emergency Operating Procedure 2-2 Air Disaster (Ground and/or Sea) | Captain Mark Flores, Captain Justin Diez, Sergeant Travis Kelly | FRCP 37(c)(1) - Produced for first time on June 9, 2022, seven months after fact discovery cutoff of Nov. 29, 2021, despite being responsive to several of Plaintiff's RFPs; foundation (FRE 104(a)) | Exhibit 676 is a publicly available document that Plaintiff has had access to throughout the course of this litigation.<br><br>Plaintiff claims that the County lacked adequate policies and trainings.  Defendants are entitled to rebut these allegations by presenting relevant policies and training materials to the jury.<br><br>Documents are only subject to the duty to disclose under Rule 26(a)(1)(A)(ii) and the duty to produce under Rule 34(a)(1) if they are in the producing party's "possession, custody, or control." Fed. R. Civ. P. 26(a)(1)(A)(ii); 34(a)(1).  "[A] party is not in 'control' of records that the requesting party has equal ability to obtain from public sources."  *Diaz v. Cnty. of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) (alteration in original) (quoting Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial, Ch. 11(IV)-C).  Accordingly, publicly available documents are not subject to exclusion under Rule 37.  *See* Fed. R. Civ. P. 37(c)(1) (automatic exclusion applies where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e)").<br><br>In addition, even if public records were the subject of mandatory | | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---------|-------------|---------|-------------------------------------|------------------------|-----------------------------------------------|----------------|
| | | | | disclosure, their public nature makes the failure to disclose them "harmless" and thus not subject to exclusion.  Fed. R. Civ. P. 37(c)(1); *see, e.g., Cmtys. Actively Living Indep. & Free v. City of Los Angeles*, Case No. CV 09–0287 CBM, 2011 WL 4595993 (C.D. Cal. Feb. 10, 2011 (failure to disclose FEMA document "harmless because it is a publicly available planning document"); *Diaz*, 512 F. Supp. 3d at 1035 (failure to disclose harmless "because the videos are publicly available"). Witnesses will provide the proper foundation at trial. | | |

Defendants' Exhibits

| 688 | Brian Jordan text messages from January-February 2020 (JORDAN000001-11) | Brian Jordan | Composite / not a single document; foundation (FRE (104 (a)); irrelevant (FRE 104(b), 401, 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); authentication (FRE 901). FRCP 37(c)(1) – Produced for the first time August 5, 2022, nine months after fact discovery cutoff of Nov. 29, 2021, despite being responsive to several of Plaintiff's RFPs, including Plaintiff's First Set of RFPs to LAFD Nos. 1-4, and 6. By Defendants' own admission, they received redacted versions of these documents, along | Brian Jordan's text messages directly refute one of Plaintiffs' primary theories—that cell records of County personnel showing they sent picture messages evidence dissemination of crash site photos. Plaintiffs specifically argued that Mr. Jordan's "messaging activity following the crash is compelling circumstantial evidence that Jordan disseminated photos of the Bryants' remains more broadly than he has admitted." (Dkt. 278 at 167.)  Mr. Jordan recently produced the picture messages he sent between January and February of 2020 that Plaintiffs claim were crash site photos.  They are not crash site photos.

Plaintiffs' contention that Defendants could have themselves produced the messages earlier is incorrect.  Mr. Jordan is neither a party nor a current employee of Defendants, and he is represented by separate counsel.  *See* Fed. R. Civ. P. 37(c)(1) (only authorizing exclusion where a "party" fails to disclose).  After the close of discovery, Mr. Jordan's separate counsel sent Defendants' counsel a memorandum that had redacted portions of text messages within it.  Mr. Jordan's counsel specifically invoked the joint interest privilege in providing the memorandum.  Defendants had | Mr. Jordan's counsel produced these documents to Plaintiffs for the first time on August 5, 2022, nine months after the fact discovery cutoff. The documents were produced without any evidence (testimonial or otherwise) establishing what information the documents contain or what methods were used to collect the information. They were produced in an irregular format that appears to combine selected fragments of multiple text message exchanges into a single document. Because Mr. Jordan did not produce these documents during discovery, |

# Defendants' Exhibits

| | | | | | |
|---|---|---|---|---|---|
| | | | with commentary by Mr. Jordan, several months ago, but did not disclose their existence or produce them to Plaintiffs. | no authority to produce the memorandum or any portion of it.<br><br>Plaintiffs' other objections are also misplaced.  Plaintiffs contend that Exhibit 688 is a "composite."  But the messages are merely presented as produced, and introducing the relevant messages together is more efficient.  *See* Fed. R. Evid. 601(a) (court may exercise control over presentation of evidence to "avoid wasting time").  Nor are the messages hearsay.  The text messages are offered only to show their actual content—*i.e.*, that the pictures are not County photos—not for the truth of anything in the messages.  *See* Fed. R. Evid. 801(c) (statement is only hearsay if offered "to prove the truth of the matter asserted").  Plaintiffs have not withdrawn Mr. Jordan's cellphone records, so they should not be able to complain that Defendants intend to use these text messages to show they did not include crash site photos.  As for Plaintiffs' foundation and authentication objections, Mr. Jordan can provide any necessary foundation and authentication at trial.  Exhibit 688 is also not unfairly prejudicial; it is highly probative evidence refuting Plaintiffs' sharing theory based on cell phone records. | Plaintiffs had no opportunity to depose him about this unusual document production.  Accordingly, allowing this document into evidence without authenticating testimony would be contrary to FRE 901(a) and extremely prejudicial to Plaintiffs. | |

# Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---|---|---|---|---|---|---|
| 689 | Plaintiff Christopher Chester's Response to Amended First Set of Interrogatories | Chris Chester | | | | |
| 690 | Plaintiff Christopher Chester's Responses and Objections to Amended First Set of Interrogatories | Chris Chester | | | | |
| 691 | Plaintiff Christopher Chester's Response to Second Set of Interrogatories | Chris Chester | | | | |
| 692 | Plaintiff Christopher Chester's Response to Third Set of Interrogatories | Chris Chester | | | | |
| 693 | Plaintiff Christopher Chester's Response to First Set of Requests for Admission | Chris Chester | | | | |

# Defendants' Exhibits

| | | | | | |
|---|---|---|---|---|---|
| 694 | Additional Brian Jordan text messages from January-February 2020 | Brian Jordan | Composite / not a single document; foundation (FRE (104 (a)); irrelevant (FRE 104(b), 401, 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802); authentication (FRE 901).  FRCP 37(c)(1) – Produced for the first time August 5, 2022, nine months after fact discovery cutoff of Nov. 29, 2021, despite being responsive to several of Plaintiff's RFPs, including Plaintiff's First Set of RFPs to LAFD Nos. 1-4, and 6. By Defendants' own admission, they received redacted versions of these documents, along | Brian Jordan's text messages directly refute one of Plaintiffs' primary theories—that cell records of County personnel showing they sent picture messages evidence dissemination of crash site photos. Plaintiffs specifically argued that Mr. Jordan's "messaging activity following the crash is compelling circumstantial evidence that Jordan disseminated photos of the Bryants' remains more broadly than he has admitted." (Dkt. 278 at 167.)  Mr. Jordan recently produced the picture messages he sent between January and February of 2020 that Plaintiffs claim were crash site photos.  They are not crash site photos.<br><br>Plaintiffs' contention that Defendants could have themselves produced the messages earlier is incorrect.  Mr. Jordan is neither a party nor a current employee of Defendants, and he is represented by separate counsel.  *See* Fed. R. Civ. P. 37(c)(1) (only authorizing exclusion where a "party" fails to disclose). After the close of discovery, Mr. Jordan's separate counsel sent Defendants' counsel a memorandum that had redacted portions of text messages within it.  Mr. Jordan's counsel specifically invoked the joint interest privilege in providing the memorandum.  Defendants had | Mr. Jordan's counsel produced these documents to Plaintiffs for the first time on August 5, 2022, nine months after the fact discovery cutoff. The documents were produced without any evidence (testimonial or otherwise) establishing what information the documents contain or what methods were used to collect the information. They were produced in an irregular format that appears to combine selected fragments of multiple text message exchanges into a single document. They also include unusual and unexplained notations, such as a handwritten |

<u>**Defendants' Exhibits**</u>

| | | | with commentary by Mr. Jordan, several months ago, but did not disclose their existence or produce them to Plaintiffs. | no authority to produce the memorandum or any portion of it.<br><br>Plaintiffs' other objections are also misplaced.  Plaintiffs contend that Exhibit 694 is a "composite."  But the messages are merely presented as produced, and introducing the relevant messages together is more efficient.  *See* Fed. R. Evid. 601(a) (court may exercise control over presentation of evidence to "avoid wasting time").  Nor are the messages hearsay.  The text messages are offered only to show their actual content—*i.e.*, that the pictures are not County photos—not for the truth of anything in the messages.  *See* Fed. R. Evid. 801(c) (statement is only hearsay if offered "to prove the truth of the matter asserted").  Plaintiffs have not withdrawn Mr. Jordan's cellphone records, so they should not be able to complain that Defendants intend to use these text messages to show they did not include crash site photos.  As for Plaintiffs' foundation and authentication objections, Mr. Jordan can provide any necessary foundation and authentication at trial.  Exhibit 694 is also not unfairly prejudicial; it is highly probative evidence refuting Plaintiffs' sharing theory based on cell phone records. | note suggesting with apparent sarcasm that Plaintiffs request Mr. Jordan's fifth grade report card.  Because Mr. Jordan did not produce these documents during discovery, Plaintiffs had no opportunity to depose him about this unusual document production.  Accordingly, allowing this document into evidence without authenticating testimony would be contrary to FRE 901(a) and extremely prejudicial to Plaintiffs. | |

## Defendants' Exhibits

| Ex. No. | Description | Witness | If Objection, Grounds for Objection | Response to Objection | Grounds for Refusing to Stip. to Authenticity | Court's Ruling |
|---------|-------------|---------|-------------------------------------|-----------------------|----------------------------------------------|----------------|
|  |  |  |  | As for the notation Mr. Jordan made when producing these documents, Defendants agree it may be redacted. |  |  |

1  DATED:  August 8, 2022            WILSON SONSINI GOODRICH & ROSATI

2

3

4                                    By: _____
                                              /s/ Luis Li
5                                              LUIS LI

6                                    Attorneys for Plaintiff
                                     VANESSA BRYANT
7

8  DATED:  August 8, 2022            JEROME M. JACKSON LAW OFFICES

9

10                                   By: _____
                                              /s/ Jerome M. Jackson
11                                            JEROME M. JACKSON

12                                   JEROME M. JACKSON
13                                   jmjlaw@aol.com
                                     JEROME M. JACKSON LAW OFFICES
14                                   880 Apollo Street, Suite 238
                                     El Segundo, California 90245
15                                   Telephone: (310) 726-4199
                                     Facsimile: (310) 414-0486
16

17

18                                   Attorneys for Plaintiff
                                     CHRISTOPHER L. CHESTER
19

20

21

22

23

24

25

26

27

28

FINAL EXHIBITS PRE-TRIAL STIPULATION

DATED:  August 8, 2022

MILLER BARONDESS, LLP


By: _____/s/ Mira Hashmall_____
                MIRA HASHMALL

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY FIRE DEPARTMENT,
JOEY CRUZ, RAFAEL MEJIA, MICHAEL
RUSSELL, RAUL VERSALES, ARLIN
KAHAN, and TONY IMBRENDA

DATED:  August 8, 2022

OFFICE OF COUNTY COUNSEL


By: _____/s/ Jonathan C. McCaverty_____
                JONATHAN C. McCAVERTY

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT

# **FILER ATTESTATION**

I, Luis Li, attest under Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  August 8, 2022

*/s/ Luis Li*
Luis Li
