MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
CASEY B. SYPEK (State Bar No. 291214)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES, ARLIN KAHAN, and TONY IMBRENDA

[*Additional counsel continued on next page*]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| VANESSA BRYANT,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>    Defendants.<br><br>CHRISTOPHER L. CHESTER,<br><br>    PLAINTIFF,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. 2:20-cv-09582-JFW-E (Consolidated with 2:20-cv-10844-JFW-E)<br><br>**JOINT STATEMENT RE: WITNESS LIST DISPUTES**<br><br>Pretrial Conference: August 5, 2022<br>Trial Date: August 10, 2022<br><br>Assigned to the Hon. John F. Walter and Magistrate Judge Charles F. Eick |

572908.11

JOINT STATEMENT REGARDING WITNESS LIST DISPUTES

[*Additional counsel, continued from previous page*]

JONATHAN C. McCAVERTY (State Bar No. 210922)
*Principal Deputy County Counsel*
jmccaverty@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1828 | Fax: (213) 626-7446

Attorneys for Defendant Los Angeles County Sheriff's Department

LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant.

JEROME M. JACKSON (State Bar No. 64238)
jmjlaw@aol.com
JEROME M. JACKSON LAW OFFICES
880 Apollo Street, Suite 238
El Segundo, California 90245
Telephone: (310) 726-4199
Facsimile: (310) 414-0486

Attorneys for Plaintiff
CHRISTOPHER L. CHESTER

# TABLE OF CONTENTS

**Page**

I. DEFENDANTS' STATEMENT ........................................................................... 7
    A.    Emily Tauscher: ......................................................................................... 7
    B.    Kelli Beard: ................................................................................................ 7
    C.    Thomas Pikor: ........................................................................................... 9
    D.    Luella Weireter: ....................................................................................... 10
    E.    David Freskos: ........................................................................................ 11
II. PLAINTIFFS' STATEMENT ............................................................................ 12
    A.    Emily Tauscher ........................................................................................ 12
    B.    Kelli Beard .............................................................................................. 13
    C.    Luella Weireter ....................................................................................... 15
    D.    Thomas Pikor ......................................................................................... 15
    E.    David Freskos ......................................................................................... 16

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Alicea v. United States*,
　100 F. Supp. 3d 457 (E.D. Pa. 2015) ................................................................ 16

*Allegra Network LLC v. Bagnall*,
　2012 WL 1150988 (E.D. Mich. Apr. 6, 2012) ................................................. 16

*Baker v. County of San Diego*,
　No. 09-CV-1194 BEN (WMc), 2012 WL 1903899 (S.D. Cal. May 24, 2012) ................................................................................................................. 9

*Beck v. City of Pittsburgh*,
　89 F.3d 966 (3d Cir. 1996) ..................................................................... 7, 11, 13

*Cf. Afcan v. United States*,
　2011 WL 13186148 (D. Alaska Feb. 11, 2011) ............................................... 12

*Ford v. Pike Elec., LLC*,
　2021 WL 952403 (M.D. Ala. Mar. 12, 2021) .................................................. 13

*Hip Hop Beverage Corp. v. Michaux*,
　2016 WL 4034777 (C.D. Cal. July 25, 2016) ............................................ 10, 16

*McGowan v. Murphy-Brown, LLC*,
　2018 WL 10323048 (E.D.N.C. Dec. 18, 2018) ................................................ 13

*Neurovision Med. Prod., Inc. v. NuVasive, Inc.*,
　2013 WL 12111590 (C.D. Cal. Oct. 22, 2013) ................................................. 13

*Paddack v. Dave Christensen, Inc.*,
　745 F.2d 1243 (1984) ........................................................................................ 10

*Peat v. Vanguard Research, Inc.*,
　378 F.3d 1154 (11th Cir. 2004) ........................................................................ 10

*S.E.C. v. Lek Sec. Corp.*,
　2019 WL 3034888 (S.D.N.Y. July 11, 2019) .................................................. 15

*U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*,
　205 F. Supp. 3d 386 (S.D.N.Y. 2016) .............................................................. 10

*United States v. Acker*,
　52 F.3d 509 (4th Cir. 1995) .............................................................................. 14

*United States v. Bahe*,
　128 F.3d 1440 (10th Cir. 1997) ................................................................... 8, 14

*United States v. Carlson*,
　946 F. Supp. 2d 1115 (D. Or. 2013) ............................................................ 8, 14

*United States v. Donzo*,
    2007 WL 4115800 (E.D. Pa. Nov. 16, 2007) .................................................... 16

*United States v. Durbin*,
    No. ACM 36969, 2008 WL 5192441 (A.F. Ct. Crim. App. Dec. 10,
    2008), *aff'd*, 68 M.J. 271 (C.A.A.F. 2010) ...................................................... 8

*United States v. Ferris*,
    719 F.2d 1405 (9th Cir. 1983) ............................................................... 8, 14

*United States v. Hook*,
    781 F.2d 1166 (6th Cir. 1986) ............................................................... 8, 14

*United States v. Lander*,
    825 F. App'x 235 (5th Cir. 2020) ........................................................... 8, 15

*United States v. Lefkowitz*,
    618 F.2d 1313 (9th Cir. 1980) ............................................................... 9, 14

*United States v. Marashi*,
    913 F.2d 724 (9th Cir. 1990) ................................................................. 8, 14

*United States v. Montgomery*,
    384 F.3d 1050 (9th Cir. 2004) ..................................................................... 14

*United States v. Pineda*,
    91 F.3d 136 (4th Cir. 1996) ......................................................................... 16

*United States v. Proctor*,
    166 F.3d 349 (10th Cir. 1998) ..................................................................... 16

*United States v. Shirley*,
    884 F.2d 1130 (9th Cir. 1989) ..................................................................... 16

*Velazquez v. City of Long Beach*,
    793 F.3d 1010 (9th Cir. 2015) ......................................................... 7, 11, 13

**STATE CASES**

*People v. Franzen*,
    210 Cal. App. 4th 1193 (2012) .................................................................... 10

**FEDERAL STATUTES**

42 U.S.C. § 1983 .................................................................................................... 9

Fed. R. Civ. P. 26(a)(2) ........................................................................................ 11

Fed. R. Civ. P. 37(c)(1) ........................................................................................ 13

Fed. R. Evid. 403 ................................................................................................... 9

Fed. R. Evid. 602 ............................................................................................ 9, 11

Fed. R. Evid. 802 .............................................................................................. 10

Fed. R. Evid. 803(17) ................................................................................. 10, 16

Fed.R.Civ.P. 26(a)(2)(B) ................................................................................. 11

**FEDERAL RULES**

Fed. R. Evid. 404(b)(1) ...................................................................................... 9

**OTHER AUTHORITIES**

C.D. Cal. L.R. 16-2.4 ....................................................................................... 11

Per the Court's instruction at the August 5, 2022 pretrial conference, the parties hereby submit a Joint Statement regarding their witness list disputes.

## I. DEFENDANTS' STATEMENT

### A. Emily Tauscher:

On August 1, 2022, Plaintiffs served Tauscher with a subpoena to testify at trial and to bring "[a]ll photographs" taken by the Coroner in connection with this incident. Defendants object to Plaintiffs' demand that the Coroner photos be brought to trial. Per Rule 45, Defendants will file a motion to quash the subpoena because the requested photos are inadmissible and improper. There is no reason for the highly sensitive and confidential photos to be in court.

Plaintiffs suggest this is just a carry-on from Tauscher's deposition as a Rule 30(b)(6) witness. In reality, Defendants have consistently objected to any attempted use or production of the Coroner's photos. They are not the crash site photos at issue and have nothing to do with Plaintiffs' claims. It would be prejudicial, misleading and inflammatory for Plaintiffs to put information about the Coroner's photos before the jury at trial.

### B. Kelli Beard:

Plaintiffs intend to call Beard, the estranged ex-wife of former LACFD Captain Brian Jordan, to testify that approximately 20 years ago, while they were married, Jordan allegedly showed her a photo of what appeared to be a car crash victim. Her testimony should be barred for multiple reasons:

***First***, Beard's testimony is irrelevant to Plaintiffs' *Monell* claims. It would not (and cannot) show that LACFD had any knowledge of Jordan's purported conduct to support a failure-to-train theory; nor could this singular event constitute a widespread practice or custom. Plaintiffs' cases are inapposite. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015) (jury could infer from prior complaints that police department was aware of prior use of excessive force but took no steps to curb it); *Beck v. City of Pittsburgh*, 89 F.3d 966, 973 (3d Cir. 1996)

(involving evidence of a series of written civilian complaints). There is no evidence the County was on notice of this alleged incident—Beard never filed a complaint.

***Second***, Plaintiffs did not disclose Beard until March 15, 2022—nearly four months *after* the close of discovery and after the initial trial date (February 2022). (Hashmall Decl. ¶¶ 3-4 & Ex. A.) Plaintiffs' claim that their untimely disclosure was harmless is false. Defendants did not get to depose Beard—discovery had been closed for months. (*Id.*) It was not until July 29—*less than two weeks before trial*—that Plaintiffs for the first time stated they would not oppose Defendants deposing Beard. (*Id.* ¶ 7 & Ex. C.) At the same time, Plaintiffs' counsel stated they did not represent Beard and could not produce her for deposition. (*Id.*) The prejudice to Defendants is clear. Plaintiffs' contention that "there is still time" to cure the prejudice with one day before trial is unreasonable and wrong.

***Third***, the marital privilege bars admission of confidential communications between spouses. *See United States v. Marashi*, 913 F.2d 724, 729 (9th Cir. 1990). Jordan has invoked the privilege to prevent Beard from testifying at deposition or trial. *See United States v. Bahe*, 128 F.3d 1440, 1442 (10th Cir. 1997). (Hashmall Decl. ¶ 9 & Ex. D.) The act of showing a photo is inherently a communicative act. *United States v. Carlson*, 946 F. Supp. 2d 1115, 1126 (D. Or. 2013) ("[A]ct of handing over (and taking back) the Johnny Cash photograph was a communicative act."); *United States v. Durbin*, No. ACM 36969, 2008 WL 5192441, at *1 (A.F. Ct. Crim. App. Dec. 10, 2008), *aff'd*, 68 M.J. 271 (C.A.A.F. 2010) (holding that showing laptop computer to wife was noncommunicative act was "clearly erroneous").[1] Plaintiffs' suggestion that Jordan must admit to wrongful

---

[1] Plaintiffs' cases are inapposite. *United States v. Lander*, 825 F. App'x 235, 236 (5th Cir. 2020) (refusing to resolve whether photos were communications); *United States v. Hook*, 781 F.2d 1166, 1173 n.11 (6th Cir. 1986) (act of paying bills had no communicative connotations); *United States v. Ferris*, 719 F.2d 1405, 1408 (9th Cir. 1983) (*observation* of drugs in car was not communicative); *United States v.*

conduct before invoking the privilege is absurd. If Beard could testify to any relevant pre-marital conduct, Plaintiffs would so indicate. Plaintiffs are the ones who have spoken to her. Jordan's right to invoke the privilege does not disappear simply because Beard "cannot recall" when this alleged conversation took place.

**Fourth**, Beard's testimony is improper character evidence. *See* Fed. R. Evid. 404(b)(1). Plaintiffs cannot offer testimony regarding Jordan's purported conduct 20 years ago to show that he acted in accordance with that character in this case. *See Baker v. County of San Diego*, 2012 WL 1903899, at *2 (S.D. Cal. May 24, 2012) (excluding other acts evidence to prove character in section 1983 action).

**Finally**, allowing Beard to testify would require Defendants to put on evidence of the divorce, the animosity between Jordan and Beard, and Beard's lawsuit against Jordan. This would be a waste of Court's and the jury's time and far outweigh any minimal probative value. *See* Fed. R. Evid. 403.

**C.    Thomas Pikor:**

Pikor intends to testify about cell records, including the identities of persons associated with phone numbers and call and text messaging activity. The Court should exclude testimony from Pikor for three reasons.

**First**, Pikor is not a percipient witness. *See* Fed. R. Evid. 602. And Plaintiffs never disclosed him as an expert witness pursuant to Rule 26. Pikor has not produced a report or disclosed his sources, methodologies or qualifications. The Court's Amended Scheduling and Case Management Order states that the failure to designate affirmative experts at least eight weeks prior to the discovery cut-off date "will result in the expert being excluded at trial as a witness." (Dkt. 86 at 6.)

**Second**, Pikor will presumably rely on online databases purportedly used by private investigators to provide his testimony. This is double hearsay. The

---

*Lefkowitz*, 618 F.2d 1313, 1318 (9th Cir. 1980) (information was based on "personal observations" without "communicative utterance or expression.").

1  database itself is hearsay since it is a collection of information from other sources.
2  Pikor's testimony as to what the database states is also hearsay.  *See* Fed. R. Evid.
3  802.  No exceptions apply.  *See* Fed. R. Evid. 803(17); *People v. Franzen*, 210 Cal.
4  App. 4th 1193, 1204, 1208 (2012) (rejecting admissibility of online telephone
5  databases under California's parallel "published compilation" exception).

6      Plaintiffs' contention that Pikor is a summary witness is unavailing.
7  "Rule 1006 is not a back-door vehicle for the introduction of evidence which is
8  otherwise inadmissible"—i.e., hearsay.  *Peat v. Vanguard Research, Inc.*, 378 F.3d
9  1154, 1160 (11th Cir. 2004); *see also Paddack v. Dave Christensen, Inc.*, 745 F.2d
10 1243, 1260 (1984) (finding audit report based in part on inadmissible hearsay
11 inadmissible under Rule 1006).  And the phone records which Pikor intends to
12 "summarize" are not voluminous to trigger Rule 1006, particularly because the
13 relevant time period at issue is, at best, just one week.[2]

14      ***Third***, there is no need for Pikor to testify at trial.  The online database is not
15 a trial exhibit.  The phone records at issue belong to County witnesses.  Defendants
16 object to the admission of the cell phone records, but to the extent they come in,
17 Plaintiffs can examine the County witnesses about the numbers, calls, and texts.

18      **D.    Luella Weireter:**

19      On August 6, 2022—days before trial—Plaintiffs advised for the first time
20 that Weireter intends to testify that while she was working as an EMT, she
21 witnessed County personnel taking photos of a decedent on their personal phones
22 for no "legitimate" purpose.  Defendants object to this testimony.

---

[2] Plaintiffs claim that courts "routinely admit percipient witness testimony under similar circumstances."  But their cases are inapposite.  *Hip Hop Beverage Corp. v. Michaux*, 2016 WL 4034777, at *2 (C.D. Cal. July 25, 2016) (admitting testimony regarding database where it was "adequately shown" that experts use it regularly); *U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*, 205 F. Supp. 3d 386, 442 (S.D.N.Y. 2016) (database was a "reliable source" and the type of material experts rely on).  Here, there is no sufficient foundation to admit Pikor's database.

***First***, this is irrelevant to Plaintiffs' *Monell* claims. There is no evidence the County was on notice of this alleged incident—Weireter never filed a complaint. This does not support a failure-to-train theory or show a longstanding or widespread practice or custom. *See, e.g., Velazquez*, 793 F.3d at 1028; *Beck*, 89 F.3d at 973.

***Second***, this testimony was not disclosed in Plaintiffs' Rule 26 disclosures. Chester never served initial disclosures. Bryant stated that Weireter would testify about the crash site photos, Golden Mike Awards, and the complaint she submitted to LACFD. Nothing about personal phones. (Hashmall Decl. ¶ 11 & Ex. A.)

***Third***, Weireter's anticipated testimony lacks foundation and personal knowledge. *See* Fed. R. Evid. 602. Weireter worked as EMT for five years at a private ambulance company—not the County. She has no basis to say whether the unidentified County personnel were using work or personal devices or whether there was a "legitimate" business purpose for taking the photos. This is pure conjecture.

***Fourth***, Weireter said nothing about this new alleged incident when she was deposed in October 2021. (*See* Hashmall Decl. ¶ 12 & Ex. E at 52:18-53:4.) She should not be permitted to testify about it at trial.

E.   **David Freskos:**

Plaintiffs seek to "reserve" their right to call Freskos in their "rebuttal case" to respond to the County's evidence and Kroll's Justin Price. Plaintiffs never disclosed Freskos as a rebuttal expert and he should be excluded under the Rules. *See, e.g.*, Fed. R. Civ. P. 26(a)(2) (requiring parties to disclose expert witnesses and produce expert report); C.D. Cal. L.R. 16-2.4 (same). And pursuant to the Court's Amended Scheduling and Case Management Order. (*See* Dkt. 86 at 6 ("Rebuttal expert witnesses shall be designated and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B) not later than five weeks prior to the discovery cut-off date."); *see also id.* ("Expert witnesses will be bound by the opinions expressed in their reports prepared in accordance with Fed.R.Civ.P. 26(a)(2)(B) and will not be permitted to offer new opinions at trial.").)

There is also no basis for Freskos to testify as a rebuttal expert. The County has not identified a forensics expert to testify at trial. Freskos is not permitted to "rebut" percipient witness testimony. And when asked at deposition if he was offering an opinion about Kroll's forensic examination, Freskos responded, "I have not offered an opinion." (Hashmall Decl. ¶ 19 & Ex. G at 62:3-6.) He had no criticisms of Kroll's work and cannot change course now. (*Id.* at 62:12-15.)

## II. PLAINTIFFS' STATEMENT

### A. Emily Tauscher

Tauscher is a captain in the Coroner's Office who testified as Defendants' 30(b)(6) deponent regarding the location and condition of remains at the crash site. To streamline trial, the parties stipulated that Tauscher will also testify live at trial as a 30(b)(6) witness as to facts within Defendants' knowledge on the same matters. (Dkt. 300 at 11 n. 1.) During her deposition, Tauscher consulted her office's photos, which she was able to access on a computer, to answer questions about the location and condition of victims' remains. To ensure Tauscher will be able to offer the same kind of testimony at trial, Plaintiffs' trial subpoena (served on August 1) requires Tauscher to bring with her the same photos she had at deposition. Plaintiffs have since offered to limit the photos to just those of Plaintiffs' family members at the crash site. Plaintiffs will not seek to publish or admit these photos; they will remain out of sight with Tauscher. The purpose is simply to ensure a streamlined trial presentation, so that Tauscher has the photos available if (as in her deposition) she needs them to answer questions on behalf of Defendants. *Cf. Afcan v. United States*, 2011 WL 13186148, at *1 (D. Alaska Feb. 11, 2011) (trial subpoena "appropriate to obtain records intended to refresh a witness's recollection").

Defendants have said they will file a motion to quash the subpoena, which Plaintiffs will oppose. Plaintiffs respectfully request expedited consideration of any such motion. Tauscher could testify as early as August 10.

### B. Kelli Beard

Kelli Beard, who dated Brian Jordan for several years before marrying him (Decl. of Luis Li, ¶ 4), will testify that Jordan possessed a photo of a deceased victim and showed it to her at her home unsolicited and for no legitimate reason. (*Id.*) Defendants object that Beard's testimony is (i) irrelevant; (ii) untimely disclosed, and (iii) barred by marital privilege. None of these is well-taken.

*First*, Beard's testimony is plainly relevant to Plaintiffs' *Monell* claims. Courts routinely admit evidence—over Rule 404(b) objections—of past misconduct in *Monell* cases to prove the existence of a custom and practice or deliberate indifference to the need for better policies or training. *See*, *e.g.*, *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (district court abused its discretion by excluding evidence of officers' prior use of excessive force); *Beck v. City of Pittsburgh*, 89 F.3d 966, 973 (3d Cir. 1996).

*Second*, Beard's testimony is not barred by Rule 37(c) because Plaintiff's disclosure is substantially justified and harmless. Fed. R. Civ. P. 37(c)(1).

Plaintiffs did not know of Beard until February 22, 2022, when Beard reached out to Mrs. Bryant's counsel through an intermediary. (Decl. of Luis Li, ¶ 1.) After following up and learning that Beard had relevant information, Plaintiffs promptly disclosed Beard in a supplemental disclosure on March 15, 2022. (*Id.* ¶ 5.) Courts routinely hold that such disclosures are substantially justified. *See*, *e.g.*, *Ford v. Pike Elec., LLC*, 2021 WL 952403, at *1 (M.D. Ala. Mar. 12, 2021); *McGowan v. Murphy-Brown, LLC*, 2018 WL 10323048, at *2 (E.D.N.C. Dec. 18, 2018).

Plaintiffs' disclosure was also harmless because Defendants have known about Beard and had her contact information for five months, giving them plenty of time for investigation. Plaintiffs have told Defendants they would not oppose a deposition and that they understand Beard to be willing to sit for one. (Li Decl. ¶ 6 & Ex. A.) *See*, *e.g.*, *Neurovision Med. Prod., Inc. v. NuVasive, Inc.*, 2013 WL 12111590, at *2 (C.D. Cal. Oct. 22, 2013) (finding late disclosure several months

before trial harmless). Indeed, there is still time for Defendants to depose Beard now (like Plaintiffs did with Dr. Cohen) and cure any supposed prejudice.

*Third*, the marital communication privilege does not apply. Marital privilege is construed "narrowly," and requires showing: (1) a word or act intended to be a communication, (2) made during a valid marriage, (3) that is confidential. *United States v. Marashi*, 913 F.2d 724, 729-30 (9th Cir. 1990). Only Mr. Jordan may assert the privilege, and it is his burden to make this showing. *United States v. Acker*, 52 F.3d 509, 514–15 (4th Cir. 1995). Jordan has presented no evidence that his possession and sharing of death photos occurred during the couple's marriage, and the County cannot cure that defect.[3] Nor has Jordan come forward with evidence that his possession and sharing of a death photo constituted "words and acts *intended to be a communication*." *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004) (emphasis added). Courts distinguish between communicative acts such as "sign language," *United States v. Bahe*, 128 F.3d 1440, 1444 (10th Cir. 1997), and non-communicative acts, such as possessing and transferring objects or records. For example, in *United States v. Hook*, a wife was permitted to testify that her husband gave her money to pay bills because the act of giving her money was non-communicative, 781 F.2d 1166, 1173 n.11 (6th Cir. 1986); *see also United States v. Ferris*, 719 F.2d 1405, 1408 (9th Cir. 1983) (wife permitted to testify that husband had drugs in his car); *United States v. Lefkowitz*, 618 F.2d 1313, 1318 (9th Cir. 1980) (wife allowed to testify that husband possessed corporate records and moved records between offices). Defendants' argument that "showing a photo is inherently a communicative act," based on *United States v. Carlson*, 946 F. Supp. 2d 1115, 1126 (D. Or. 2013), is unfounded. There, the plaintiff "conceded" the issue of communicativeness—the court did not rule on it. *Id.* at 1126. Here, Jordan's possession and sharing of a photo of human remains was an act of self-gratification,

---

[3] Ms. Beard does not recall whether it was before or after they were married.

not communication. *See United States v. Lander*, 825 F. App'x 235, 236 (5th Cir. 2020) (district court held wife's texting of foot photos to husband with foot fetish was outside marital communication privilege because it was not communicative). It was no more communicative than giving a spouse contraband or money to pay bills.

### C. Luella Weireter

In addition to testifying about the display of photos of human remains during the Golden Mike Awards, Ms. Weireter will testify that, while working as an EMT, she witnessed County personnel using personal cell phones to take pictures of a decedent for no legitimate purpose. This testimony is admissible.

*First*, Weireter's testimony tends to show Defendants had a custom or practice of taking improper death photos and had insufficient training and policies.

*Second*, the timing of Plaintiffs' disclosure of Weireter's testimony was substantially justified and harmless. Defendants have known of Ms. Weireter and interviewed her well before Plaintiffs learned of her. After Defendants produced documents identifying Ms. Weireter, Plaintiffs deposed her. Counsel for Defendants were present at the deposition and asked questions. Although Ms. Weireter testified that she had been an EMT and interacted with the County Fire Department, neither side asked if she had witnessed prior misconduct involving remains photos. Plaintiffs did not learn of this until August 5, 2022, when Plaintiffs met with Weireter in preparation for trial. (Li Decl. ¶¶ 7-9). The very next morning, Plaintiffs notified Defendants' counsel of Weireter's expected testimony, as an amendment to their witness summary. (Li Decl. ¶ 10 & Ex. B.)

### D. Thomas Pikor

Defendants object to the testimony of Thomas Pikor, arguing that he is an improper undisclosed expert. Defendants are incorrect.

*First*, Pikor is a summary witness under Rule 1006, not an expert witness. As such, he was not required to be disclosed as an expert. *See, e.g., S.E.C. v. Lek Sec. Corp.*, 2019 WL 3034888, at *3 (S.D.N.Y. July 11, 2019) (summary witnesses need

not be disclosed as experts). Pikor will offer summary testimony regarding the contents of County employees' voluminous cell phone records, which will greatly streamline the presentation of evidence at trial. This is perfectly permissible under Rule 1006. *See*, *e.g.*, *United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989) (admitting summary witness testimony by non-expert regarding voluminous telephone records); *Alicea v. United States*, 100 F. Supp. 3d 457, 479 (E.D. Pa. 2015) (same). Pikor will also offer summary testimony comparing other admitted evidence of picture-sharing activity with the cell records. This, too, is allowed by Rule 1006. *See*, *e.g.*, *United States v. Proctor*, 166 F.3d 349 (10th Cir. 1998) (table); *United States v. Pineda*, 91 F.3d 136 (4th Cir. 1996) (table).

*Second*, Pikor will offer percipient—not summary—testimony that he used TransUnion's TLO Database to identify the owners of certain phone numbers. "The TLO database is an electronic database utilized by private investigators to, *inter alia*, identify the current ownership of telephone numbers." *Allegra Network LLC v. Bagnall*, 2012 WL 1150988, at *2 n.1 (E.D. Mich. Apr. 6, 2012). This testimony is admissible under Federal Rule of Evidence 803(17), which provides a hearsay exception for "[m]arket quotations, lists, directories, or *other compilations that are generally relied on by the public or by persons in particular occupations*." Fed. R. Evid. 803(17) (emphasis added). Courts routinely admit similar percipient witness testimony. *See*, *e.g.*, *Hip Hop Beverage Corp. v. Michaux*, 2016 WL 4034777, at *2 (C.D. Cal. July 25, 2016) (admitting percipient witness testimony regarding information from "IRB Search" commercial database); *United States v. Donzo*, 2007 WL 4115800, at *5 (E.D. Pa. Nov. 16, 2007) (admitting percipient testimony witness testimony regarding information from "NICB database").

### E.   David Freskos

Plaintiffs can call Freskos in their rebuttal case. Under the parties' stipulation, Freskos provided a declaration regarding Justin Price's findings. As the Court held, Frekos's opinion "will assist the jury in assessing the significance and impact of

[Price's] findings," and "without the benefit of Mr. Freskos's proffered testimony, the jury could mistakenly believe the photographs would have necessarily been uncovered in the forensic examination." (Li Decl. Ex C at 33:16-34:3.)

DATED: August 8, 2022  MILLER BARONDESS, LLP

By: /s/ *Mira Hashmall*
MIRA HASHMALL

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES, ARLIN KAHAN, and TONY IMBRENDA

DATED: August 8, 2022  OFFICE OF COUNTY COUNSEL

By: /s/ *Jonathan C. McCaverty*
JONATHAN C. McCAVERTY

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

| | | |
|---|---|---|
| 1 | DATED: August 8, 2022 | WILSON SONSINI GOODRICH & ROSATI |
| 2 | | |
| 3 | | |
| 4 | | By: _____/s/ Luis Li_____ |
| 5 | | LUIS LI |
| 6 | | Attorneys for Plaintiff |
| 7 | | VANESSA BRYANT |
| 8 | DATED: August 8, 2022 | JEROME M. JACKSON LAW OFFICES |

By:    */s/ Jerome M. Jacson*
       JEROME M. JACKSON

JEROME M. JACKSON
jmjlaw@aol.com
JEROME M. JACKSON LAW OFFICES
880 Apollo Street, Suite 238
El Segundo, California 90245
Telephone: (310) 726-4199
Facsimile: (310) 414-0486

Attorneys for Plaintiff
CHRISTOPHER L. CHESTER

**FILER ATTESTATION**

I, Mira Hashmall, attest under Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: August 8, 2022                */s/ Mira Hashmall*
                                                        Mira Hashmall