# EXHIBIT D

**Cindy Lumia**

| | |
|---|---|
| **From:** | Jason H. Tokoro |
| **Sent:** | Monday, August 01, 2022 9:57 PM |
| **To:** | 'Lavoie, Craig'; Skip Miller; Mira Hashmall; Casey B. Sypek |
| **Cc:** | XT Li, Luis; Bryant, Jennifer; XT Tuttle, Eric; Jerry Jackson; Steven Haney; 'Kenneth Baisch' |
| **Subject:** | RE: Kelli Beard |

Craig – You are comparing apples to orange. We timely disclosed Dr. Cohen before the close of discovery. We then offered to produce him for deposition every month since then. You chose not to take his deposition. You chose instead to file a motion *in limine* that the Court denied. That's not our fault.

Whereas, you disclosed Ms. Beard months after the closed of discovery. And even then, you did not tell us that we could take her deposition (i.e., that Plaintiffs did not object to Defendants taking her deposition after the close of discovery). Instead, you waited until less than two weeks before trial to try to "fix" your untimely disclosure. That's not how it works. Nor are we going to proceed with Ms. Beard's deposition in the face of Mr. Jordan's objection.

But in addition to all of these issues, you still have not explained how a alleged incident that occurred 20-plus years ago is relevant to Plaintiffs' *Monell* claims.

Jason

**From:** Lavoie, Craig
**Sent:** Monday, August 01, 2022 9:26 PM
**To:** Jason H. Tokoro ; Skip Miller ; Mira Hashmall ; Casey B. Sypek
**Cc:** XT Li, Luis ; Bryant, Jennifer ; XT Tuttle, Eric ; Jerry Jackson ; Steven Haney ; 'Kenneth Baisch'
**Subject:** RE: Kelli Beard

Jason,

To your point about prejudice, we concluded our deposition of Defendants' late-disclosed expert just two hours ago. And unlike Dr. Cohen's expert report, which was served late due to a lack of diligence, Plaintiffs disclosed Ms. Beard very quickly after she reached out to us last spring. There's nothing stopping Defendants from deposing her now, but if they prefer to examine her for the first time at trial, that is their choice.

There's no need to track Ms. Beard down. We supplied her contact information in the disclosures we served four-and-a-half months ago.

-Craig

**Craig Jennings Lavoie** | **Munger, Tolles & Olson LLP**
350 South Grand Avenue | Los Angeles, CA 90071
Tel: 213.683.9224 | craig.lavoie@mto.com | www.mto.com

**From:** Jason H. Tokoro <jtokoro@Millerbarondess.com>
**Sent:** Monday, August 1, 2022 9:02 PM
**To:** Lavoie, Craig <Craig.Lavoie@mto.com>; Skip Miller <smiller@Millerbarondess.com>; Mira Hashmall <mhashmall@Millerbarondess.com>; Casey B. Sypek <csypek@millerbarondess.com>
**Cc:** XT Li, Luis <luis.li@wsgr.com>; Bryant, Jennifer <Jennifer.Bryant@mto.com>; XT Tuttle, Eric <Eric.Tuttle@wsgr.com>; Jerry Jackson <jmjlaw@aol.com>; Steven Haney <shaney@haneyshah.com>; 'Kenneth Baisch'

1

<kbaisch@haneyshah.com>
**Subject:** RE: Kelli Beard

Craig,

We disagree. As you know, we objected to Ms. Beard testifying at trial for the many reasons set forth below and in our objection to Plaintiff's fourth amended initial disclosures. It is even more evident now that Ms. Beard cannot testify at deposition or trial given Mr. Jordan's position that he has not waived the marital privilege, as set forth by Mr. Haney below. It is concerning that you would continue to press this issue given Mr. Jordan's objection.

As for your claim that Defendants have not been prejudiced by your late disclosure of Ms. Beard – months after the discovery cutoff and weeks after out initial trial date – that is plainly false and without merit. And your offer to no object to Defendants proceeding with Ms. Beard's deposition is meaningless. You do not represent her. You have not agreed to produce her for deposition. Instead, you expect Defendants to track her down, personally serve her with a deposition subpoena, and then take her deposition now, about a week before trial. That's the definition of prejudice.

Jason

**From:** Lavoie, Craig <Craig.Lavoie@mto.com>
**Sent:** Monday, August 01, 2022 8:52 PM
**To:** Jason H. Tokoro <jtokoro@Millerbarondess.com>; Skip Miller <smiller@Millerbarondess.com>; Mira Hashmall <mhashmall@Millerbarondess.com>; Casey B. Sypek <csypek@millerbarondess.com>
**Cc:** XT Li, Luis <luis.li@wsgr.com>; Bryant, Jennifer <Jennifer.Bryant@mto.com>; XT Tuttle, Eric <Eric.Tuttle@wsgr.com>; Jerry Jackson <jmjlaw@aol.com>; Steven Haney <shaney@haneyshah.com>; 'Kenneth Baisch' <kbaisch@haneyshah.com>
**Subject:** RE: Kelli Beard

Jason,

I'm not going to debate the merits of the evidentiary issue, since Defendants haven't moved to exclude Ms. Beard from testifying. Suffice it to say, we disagree with your arguments.

On the marital privilege issue, the acts of possessing and displaying a graphic photo of an accident victim is not a privileged "communication." *See United States v. Fultz*, 60 F.3d 835, at *2 (9th Cir. 1995) (table opinion) (defendant's wife allowed to testify about her husband giving her a bag of money because "[s]uch an act was not a 'communication'" and marital privilege extends "only to utterances and not to acts"); *United States v. Lustig*, 555 F.2d 737, 748 (9th Cir. 1977) ("Most of [the spouse's] testimony related to her observations of [the defendant] engaging in drug transactions with third parties. These are not communications."). For this and other reasons, marital privilege does not apply to Ms. Beard's testimony.

If Defendants choose to forego a deposition for Ms. Beard, they cannot argue prejudice.

-Craig

**Craig Jennings Lavoie | Munger, Tolles & Olson LLP**
350 South Grand Avenue | Los Angeles, CA 90071
Tel: 213.683.9224 | craig.lavoie@mto.com | www.mto.com

**From:** Jason H. Tokoro <jtokoro@Millerbarondess.com>
**Sent:** Saturday, July 30, 2022 5:36 PM
**To:** Lavoie, Craig <Craig.Lavoie@mto.com>; Skip Miller <smiller@Millerbarondess.com>; Mira Hashmall <mhashmall@Millerbarondess.com>; Casey B. Sypek <csypek@millerbarondess.com>

2

**Cc:** XT Li, Luis <luis.li@wsgr.com>; Bryant, Jennifer <Jennifer.Bryant@mto.com>; XT Tuttle, Eric <Eric.Tuttle@wsgr.com>; Jerry Jackson <jmjlaw@aol.com>; Steven Haney <shaney@haneyshah.com>; 'Kenneth Baisch' <kbaisch@haneyshah.com>
**Subject:** RE: Kelli Beard

Craig,

You first disclosed Ms. Beard as a witness likely to have discoverable information on March 15, 2022—nearly four months after the close of discovery and after the initial trial date in this case (February 2022). Your disclosure was untimely and prevented Defendants from taking discovery of Ms. Beard.

It appears that you intend to offer Ms. Beard to testify that Brian Jordan once showed her a photo of a deceased victim from a different incident unrelated to the January 26, 2020 crash. Ms. Beard and Mr. Jordan got divorced nearly 20 years ago. A single incident that may or may not have occurred two decades ago (and that the Department has no knowledge of) is not relevant to Plaintiffs' *Monell* claims. Nor would it go towards showing that Defendants violated Plaintiffs' clearly established constitutional rights by showing crash photos.

Furthermore, there is no evidence that Mr. Jordan has waived the marital privilege that would preclude Ms. Beard from testifying at deposition and/or trial. In case I am mistaken about that, I am copying Mr. Jordan's counsel – Steve Haney and Ken Baisch – to clear up any confusion. I noticed that you had left them off your below email.

Jason

---

**From:** Lavoie, Craig <Craig.Lavoie@mto.com>
**Sent:** Friday, July 29, 2022 2:14 PM
**To:** Skip Miller <smiller@Millerbarondess.com>; Mira Hashmall <mhashmall@Millerbarondess.com>; Jason H. Tokoro <jtokoro@Millerbarondess.com>; Casey B. Sypek <csypek@millerbarondess.com>
**Cc:** XT Li, Luis <luis.li@wsgr.com>; Bryant, Jennifer <Jennifer.Bryant@mto.com>; XT Tuttle, Eric <Eric.Tuttle@wsgr.com>; Jerry Jackson <jmjlaw@aol.com>
**Subject:** Kelli Beard

Skip, Mira, Jason, and Casey,

As you're aware, Kelli Beard contacted us this past spring with relevant information regarding Brian Jordan that we intend to present at trial. While we don't represent or control Ms. Beard, we wanted to let you know that we don't oppose a deposition for her if Defendants wish to seek one, and our understanding is that Ms. Beard would be willing to sit for a deposition if necessary.

-Craig

**Craig Jennings Lavoie | Munger, Tolles & Olson LLP**
350 South Grand Avenue | Los Angeles, CA 90071
Tel: 213.683.9224 | craig.lavoie@mto.com | www.mto.com

***NOTICE***
This message is confidential and may contain information that is privileged, attorney work product or otherwise exempt from disclosure under applicable law. It is not intended for transmission to, or receipt by, any unauthorized person. If you have received this message in error, do not read it. Please delete it without copying it, and notify the sender by separate e-mail so that our address record can be corrected. Thank you.

CAUTION: This email originated from outside of Miller Barondess. Do not click on any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

CAUTION: This email originated from outside of Miller Barondess. Do not click on any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

CAUTION: This email originated from outside of Miller Barondess. Do not click on any links or open any attachments unless you recognize the sender, verified the email address and know the content is safe.

4

**Exhibit D - Page 80**