LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

[*Additional counsel continued on next page*]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| VANESSA BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. 2:20-cv-09582-JFW-E (Consolidated with 2:20-cv-10844-JFW-E)<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM**<br><br>Trial Date: August 10, 2022<br><br>The Honorable John F. Walter |
| CHRISTOPHER L. CHESTER,<br><br>PLAINTIFF,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | |

[*Additional counsel, continued from previous page*]

JEROME M. JACKSON (State Bar No. 64238)
jmjlaw@aol.com
JEROME M. JACKSON LAW OFFICES
880 Apollo Street, Suite 238
El Segundo, California 90245
Telephone: (310) 726-4199
Facsimile: (310) 414-0486

Attorneys for Plaintiff Christopher L. Chester

## I. INTRODUCTION

In its ruling on Plaintiffs' Motion in Limine No. 5, the Court held that the Los Angeles County Fire Department's ("LACFD") notices of intent to discipline were inadmissible under Federal Rule of Evidence 407 (governing subsequent remedial measures). But the Court invited the parties to submit supplemental briefing on the admissibility of the internal investigation memoranda prepared by Defendants' investigators and attached to those notices. Plaintiffs respectfully submit this brief to explain why the memorandum concerning Brian Jordan would be admissible over Defendants' objections if Plaintiffs decide to offer it at trial.[1]

The memorandum was issued by the Sheppard Mullin law firm in August 2020. It contains the investigators' findings regarding Mr. Jordan's improper taking and sharing of remains photos and the bases for those findings. LACFD expressly adopted the memorandum and its findings, using them as the basis to make disciplinary decisions in December 2020.

The memorandum concerning Mr. Jordan is plainly relevant to Plaintiffs' constitutional claims. The factual findings stated in the memorandum tend to show that Mr. Jordan took and shared photos of human remains from the crash site, which supports Plaintiffs' contention that Defendants invaded Plaintiffs' privacy rights in a manner that shocks the conscience. (Declaration of Eric P. Tuttle ("Tuttle Decl.") Ex. 2 at 26-28.) The memorandum also refutes Defendants' anticipated argument

---

[1] The Court's ruling addressed Exhibits 26, 27, and 28—the notices of intent to discipline (with attached memoranda). Plaintiffs have proposed an alternative Exhibit 26A (Tuttle Decl. Ex. 2) containing just the internal investigation memorandum regarding Brian Jordan. Plaintiffs are not seeking to pre-admit Exhibit 26A, but reserve the right to introduce it at trial if the need arises. The document is hearsay if offered by Defendants, but an opponent party admission if offered by Plaintiffs. Because Defendants object to Exhibit 26A, Plaintiffs are briefing the issue now as directed by the Court so that the Court will have Plaintiffs' arguments should Plaintiffs offer the exhibit into evidence.

that their employees' graphic, close-up photos of the remains of Plaintiffs' loved ones were standard operating procedure. For instance, Defendants plan to show this slide during their opening statement:



11:00-11:30 AM — LACFD Captain Jordan hikes up to the crash site
- Safety officer
- Takes 10-20 photos to provide intel and for safety measures

(*See also* Dkt. 367 at 11 (arguing that site photos "provide intel" and "facilitate training post-incident," and are "both appropriate and common practice" at LACFD). Statements in the memorandum directly refute that assertion. (*See, e.g.*, Tuttle Decl. Ex. 2 at 13 ("[T]he Coroner, Sheriff's department, FBI and NTSB take pictures of dead bodies, not the Department, and it is not a Department function to take photos of anyone killed at the scene").)

Further, contrary to Defendants' assertion, the memorandum is not a subsequent remedial measure subject to exclusion under Rule 407. As the Court explained in its ruling on Plaintiffs' Motion in Limine No. 5, "internal investigations and findings from those investigations are not inadmissible under Rule 407." (*Id.* Ex. 5 at 85:8-9.) Sheppard Mullin prepared the memorandum months before LACFD took any disciplinary action. The memorandum describes past actions of LACFD personnel. But it says nothing about disciplinary action, policy change, or any other action to reduce the risk of future misconduct. Because the memorandum is retrospective rather than remedial, Rule 407 does not apply.

Plaintiffs understand that Defendants intend to file a separate brief on this issue later today (August 9, 2022) or tomorrow (August 10, 2022).

II.   **BACKGROUND**

- 3 -

On March 5, 2020, after receiving media inquiries about first responders sharing photos from the helicopter crash that took the lives of Plaintiffs' loved ones, LAFCD retained Sheppard Mullin to conduct an internal investigation. (*Id.* Ex. 4 at 86:9-19.) Sheppard Mullin interviewed witnesses and reviewed other evidence to evaluate allegations of LACFD personnel taking or sharing photos of human remains. Among the subjects was Mr. Jordan, a trial witness in this case. Dkt. 371.

On August 31, 2020, Sheppard Mullin issued a memorandum to LACFD setting forth its factual findings as to Mr. Jordan. (Tuttle Decl. Ex. 4 at 132:17-20; *see id.* Ex. 2.) The memorandum summarized the investigators' interviews, listed the allegations against Mr. Jordan, and explained the investigators' findings for each allegation. The memorandum did not discuss the topic of discipline, recommend a level of discipline that would be appropriate, or propose changes to LACFD policy to prevent similar conduct from recurring. (*See generally id.* Ex. 2.)

The August 31, 2020 memorandum marked the conclusion of Sheppard Mullin's investigation. (*Id.* Ex. 4 at 132:8-12.) As LACFD's 30(b)(6) deponent[2] testified at deposition, LACFD adopted Sheppard Mullin's findings as "the department's factual findings with respect to investigation of this incident." (Tuttle Decl. Ex. 4 at 134:23-135:2.)

On December 2, 2020—three months after the fact investigation ended—LACFD issued a disciplinary letter to Mr. Jordan on LACFD letterhead. (*Id.* Ex. 1.) The letter advised Mr. Jordan that LACFD intended to discharge him and attached the relevant Sheppard Mullin memorandum. (*Id.* Ex. 1 at 9.)

---

[2] Chief William McCloud was designated to testify on several topics, including: "All facts and details relating to any investigation or inquiry conducted by the FIRE DEPARTMENT or FIRE DEPARTMENT PERSONNEL regarding PHOTOS of the ACCIDENT SCENE or VICTIMS' REMAINS, including but not limited to the findings of any such investigation or inquiry." (Tuttle Decl. Ex. 3 at 7 (Request No. 13); Ex. 4 at Tr. 18:22-21:7.))

### III. ARGUMENT

#### A. Because the Memorandum Describes Internal Investigation Findings, Not Discipline, Rule 407 Does Not Apply.

Rule 407 is inapplicable to the Sheppard Mullin memorandum, which describes and explains factual findings concerning Mr. Jordan but does not impose any disciplinary or remedial action.

Rule 407 prohibits evidence of subsequent measures "that would have made an earlier injury or harm less likely to occur" when admitted to prove "culpable conduct." Fed. R. Evid. 407. "Rule 407 applies only to remedial measures actually taken by defendants. It does not apply to defendants' internal investigations or reports created in the process of determining the appropriate remedial action." (Tuttle Decl. Ex. 5 at 85:3-6 (quoting *Hansen v. Werner Enterprises Inc.*, 2016 WL 7479349, at *4 (C.D. Cal. May 18, 2016).) Thus, as the Court explained in its ruling on Plaintiffs' Motion in Limine No. 5, "internal investigations and findings from those investigations are not inadmissible under Rule 407." (*Id.* at 85:8-9.)

The Ninth Circuit's unpublished decision in *Aguilar v. City of Los Angeles*, 853 F. App'x 92 (9th Cir. 2021), illustrates this principle. There, the Ninth Circuit held that the trial court erred in excluding the findings of LAPD's investigation of an in-custody death. *Id.* at 95. It reasoned that "[i]f the LAPD findings had prompted disciplinary action, policy changes, or the like, then evidence of those subsequent remedial actions would have been inadmissible to prove culpable conduct. But the LAPD findings themselves were retrospective, not remedial; they assessed what happened and whether the officers' actions were consistent with LAPD policy, without meting out discipline or changing LAPD policy." *Id.*

Similarly, in *Aranda v. City of McMinnville*, 942 F. Supp. 2d 1096 (D. Or. 2013), the court admitted over a Rule 407 objection a police department's "Use of Force Review" of an officer altercation. The Review analyzed the altercation using video and other evidence, describing "each stage of the encounter between the

1  officers and [arrestee]." *Id.* at 1102. It found "that Heidt violated . . . Department
2  policy by using more force than reasonably necessary," among other violations, and
3  "expressed concern about Heidt's credibility based on discrepancies between his
4  account of the events and the newly discovered video footage." *Id.* The court found
5  that the Report was not remedial because of the "distinction" between "the actual
6  disciplining of officers for their conduct, which could constitute a remedial measure,
7  and the investigation that precedes a disciplinary process." *Id.* at 1104.

8       The same reasoning applies to the Sheppard Mullin memorandum. Like the
9  reports in *Aguilar* and *Aranda*, the memorandum describes historical facts about Mr.
10 Jordan's conduct without reference to disciplinary action. It summarizes facts
11 obtained through investigative interviews, then uses those facts to explain
12 conclusions about the actions of Mr. Jordan—namely, whether he took, received or
13 shared photos of human remains. (*See* Tuttle Decl. Ex. 2.) The memorandum does
14 not discuss disciplinary action or propose changes to LACFD policy.

15      Two additional facts underscore the lack of remedial function. **First**, as an
16 outside law firm investigating on LACFD's behalf, Sheppard Mullin lacked any
17 authority to impose remedial action. Its role was limited to "conduct[ing] an
18 investigation into media reports that Department personnel reportedly shared
19 photographs." (*Id.* Ex. 2.) **Second**, Sheppard Mullin concluded its investigation long
20 before LACFD took any form of remedial action. Sheppard Mullin issued its
21 memorandum on August 31, 2020, but LACFD did not issue the disciplinary letter
22 to Mr. Jordan until December 2, 2020, three months later. (*Id.* Ex. 1 at 1.)

23      These facts distinguish the Sheppard Mullin memorandum from the notices of
24 discharge and suspension that the Court deemed inadmissible on Plaintiff's Motion
25 in Limine No. 5. Unlike those letters, the memorandum does not reference employee
26 discipline; it substantially predates any disciplinary action; and it is issued from an
27 entity without any disciplinary authority. Accordingly, although the memorandum
28 "might represent the first or most preliminary steps that might eventually lead to

- 5 -
PLAINTIFFS' SUPPLEMENTAL BRIEFING RE: ADMISSIBILITY OF INTERNAL
INVESTIGATION MEMORANDUM

decisions to make or implement changes, they are not themselves excluded under Rule 407." *Aranda*, 942 F. Supp. 2d at 1103; *see Wilson v. Beebe*, 770 F.2d 578, 590 (6th Cir. 1985) (Rule 407 did not exclude a post-shooting report prepared by police department because "[t]he report did not recommend a change in procedures following the shooting; it was a report of that incident and nothing more").

Defendants insist that the Sheppard Mullin's memorandum is "part of a disciplinary proceeding" because LACFD cited them in its notices of discharge and suspension. But the fact that an investigation informs a later disciplinary decision does not transform the investigation into remedial action. *See Prentiss & Carlisle Co. v. Koehring-Waterous Div. of Timberjack, Inc.*, 972 F.2d 6, 10 (1st Cir. 1992). ("The fact that the analysis may often result in remedial measures being taken (as occurred here) does not mean that evidence of the analysis may not be admitted.").

*Aguilar* is again instructive. There, the Ninth Circuit explained that even when an investigation results in "disciplinary action, policy changes" or other remedial actions, the investigative findings themselves are admissible. *See Aguilar*, 853 F. App'x at 95. Courts routinely admit internal investigation findings even when those findings result in an employee's suspension or termination. *See J.M. v. City of Milwaukee*, 249 F. Supp. 3d 920, 932 (E.D. Wis. 2017) ("The remedial act—firing [the police officer]—is not inextricably intertwined with the investigation leading to that act, namely the determination in the Discharge Proceedings that his search was unreasonable. . . ."); *Hansen*, 2016 WL 7479349, at *4 (holding that findings of internal accident investigation were not subsequent remedial measures even though they resulted in remedial actions, including the termination of an employee).

Defendants argue that the memorandum is not "merely factual" because it includes findings on whether certain allegations are "substantiated" or "not substantiated" and assessments of Mr. Jordan's credibility. But weighing conflicting evidence is a fact-finding function, not a remedial one. And, as *Aranda* illustrates, a fact investigation does not become a remedial measure merely because the

investigator assesses a witness's credibility. *Aranda*, 942 F. Supp. 2d at 1104 (admissible Use of Force Review expressed doubts about officer's credibility).

Nor does Defendants' citation to *Maddox v. City of Los Angeles*, 792 F.2d 1408 (9th Cir. 1986), support their position. *Maddox* affirmed the exclusion of an officer's statements during a police disciplinary proceeding. *Id.* at 1417-18. But as the Ninth Circuit explained in *Aguilar*, an "investigation" is not a "disciplinary proceeding." *Aguilar*, 853 F. App'x at 95. LACFD engaged Sheppard Mullin to conduct interviews and reach factual findings, not to terminate or suspend its employees. This work differs fundamentally from a police commission charged with disciplining wayward officers and renders Rule 407 inapplicable.

### B. The Sheppard Mullin Memorandum Is Relevant and Not Unfairly Prejudicial.

The Sheppard Mullin memorandum is plainly relevant to Plaintiffs' claims, and Defendants have not argued otherwise. The investigators' findings that Mr. Jordan took and shared photos of human remains is an important admission, which Plaintiffs should be permitted to introduce at trial if necessary.

Moreover, the probative value of this evidence is not substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403. Defendants argue that admitting the investigators' conclusions would invade the province of the jury. But those conclusions reflect the position of LACFD's *own investigators*—adopted by *LACFD itself*—regarding the actions of an *LACFD employee*. These conclusions are highly probative. They are also entirely factual in nature, describing and characterizing actions taken by Mr. Jordan without offering any conclusions about whether discipline should be imposed or in what amount. This substantially reduces the risk of jurors drawing unfair or impermissible inferences from the investigators' findings. *See Aranda v. City of McMinnville*, 942 F. Supp. 2d 1096, 1103 (D. Or. 2013) (admitting police Use of Force Review of an altercation between an officer

PLAINTIFFS' SUPPLEMENTAL BRIEFING RE: ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM

and arrestee over a Rule 403 objection when the Review "focused on characterizing Heidt's conduct and does not recommend or impose any remedial measures").

### C. Defendants' Hearsay Objection Is Unavailing.

Defendants' belated hearsay objection fails for several reasons. Although written by outside counsel, the memorandum is a party admission and Defendants have waived any hearsay objection by failing to raise it in connection with Exhibit 26 (which included the memorandum). (*See* Tuttle Decl. Ex. 1.) Outside counsel were agents of LACFD retained to conduct the investigation and make findings. *See* Fed. R. Evid. 801(d)(2)(D). Moreover, LACFD adopted outside counsel's findings as its own, both expressly and by taking action based on those findings. *See id.* 801(d)(2)(B); Tuttle Decl. Ex. 4 at 134:23-135:2 (memorandum "represent the department's final finding with respect to its investigation into this incident."); *In re Gen. Motors LLC*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015) (adoptive admission where employer takes disciplinary action based on statements); *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268-69 (10th Cir. 1998) (investigative report admissible under Rule 801(d)(2)(B) where employer relied on report in reaching conclusion that employee should resign); *Pilgrim v. Trustees of Tufts Coll.*, 118 F.3d 864, 870 (1st Cir. 1997), *abrogation recognized on other grounds in Crowley v. L.L. Bean, Inc.*, 303 F.3d 387, 406 (1st Cir. 2002) (similar).

| | | |
|---|---|---|
| 1 | DATED: August 9, 2022 | WILSON SONSINI GOODRICH & ROSATI |
| 2 | | |
| 3 | | By: /s/ Luis Li |
| 4 | | LUIS LI |
| 5 | | LUIS LI<br>Luis.Li@wsgr.com |
| 6 | | ERIC TUTTLE<br>Eric.Tuttle@wsgr.com |
| 7 | | 633 West Fifth Street, Suite 1550 |
| 8 | | Los Angeles, California 90071<br>Telephone: (323) 210-2900 |
| 9 | | Facsimile: (866) 974-7329 |
| 10 | | |
| 11 | | CRAIG JENNINGS LAVOIE<br>Craig.Lavoie@mto.com |
| 12 | | JENNIFER L. BRYANT<br>Jennifer.Bryant@mto.com |
| 13 | | MUNGER, TOLLES & OLSON LLP |
| 14 | | 350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071-3426 |
| 15 | | Telephone: (213) 683-9100 |
| 16 | | Facsimile: (213) 687-3702 |
| 17 | | *Attorneys for Plaintiff Vanessa Bryant* |
| 18 | DATED: August 9, 2022 | JEROME M. JACKSON LAW OFFICES |
| 19 | | |
| 20 | | |
| 21 | | By: /s/ Jerome M. Jackson<br>JEROME M. JACKSON |
| 22 | | |
| 23 | | JEROME M. JACKSON<br>jmjlaw@aol.com |
| 24 | | JEROME M. JACKSON LAW OFFICES |
| 25 | | 880 Apollo Street, Suite 238<br>El Segundo, California 90245 |
| 26 | | Telephone: (310) 726-4199 |
| 27 | | Facsimile: (310) 414-0486 |
| 28 | | *Attorneys for Plaintiff Christopher L. Chester* |

- 9 -
PLAINTIFFS' SUPPLEMENTAL BRIEFING RE: ADMISSIBILITY OF INTERNAL
INVESTIGATION MEMORANDUM

# **FILER ATTESTATION**

I, Luis Li, attest under Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: August 9, 2022

/s/ Luis Li
Luis Li

- 10 -
PLAINTIFFS' SUPPLEMENTAL BRIEFING RE: ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM