1  MIRA HASHMALL (State Bar No. 216842)
2  mhashmall@millerbarondess.com
   JASON H. TOKORO (State Bar No. 252345)
3  CASEY B. SYPEK (State Bar No. 291214)
4  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
5  Los Angeles, California 90067
   Tel.: (310) 552-4400 | Fax: (310) 552-8400
6

7  Attorneys for Defendants
8  COUNTY OF LOS ANGELES, LOS
   ANGELES COUNTY FIRE
9  DEPARTMENT, JOEY CRUZ, RAFAEL
   MEJIA, MICHAEL RUSSELL, RAUL
10 VERSALES , ARLIN KAHAN, and
   TONY IMBRENDA

11 [*Additional counsel continued on next page*]

12

13                   **UNITED STATES DISTRICT COURT**

14         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15 VANESSA BRYANT,                    | **Case No. 2:20-cv-09582-JFW-E**
16            Plaintiff,              | **(Consolidated with 2:20-cv-10844-JFW-E)**
17       vs.                         |
18 COUNTY OF LOS ANGELES, et al.,     | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH TRIAL SUBPOENA TO EMILY TAUSCHER; MEMORANDUM OF POINTS AND AUTHORITIES**
19            Defendants.            |
20 _____  |
21 CHRISTOPHER L. CHESTER,            | [Filed concurrently with Declaration of Jason H. Tokoro; [Proposed] Order]
22            PLAINTIFF,             |
23       vs.                         | Date:        September 12, 2022
24                                   | Time:        1:30 p.m.
25 COUNTY OF LOS ANGELES, et al.,     | Location:    Courtroom 7A
26            Defendants.            |
27 _____  | Trial Date: August 10, 2022
28                                   | Assigned to the Hon. John F. Walter and Magistrate Judge Charles F. Eick

572908.11

MOTION TO QUASH TRIAL SUBPOENA TO EMILY TAUSCHER

1  [*Additional counsel, continued from previous page*]

2  JONATHAN C. McCAVERTY (State Bar No. 210922)
   *Principal Deputy County Counsel*
3  jmccaverty@counsel.lacounty.gov
4  OFFICE OF THE COUNTY COUNSEL
   General Litigation Division
5  500 West Temple Street, Suite 468
6  Los Angeles, California 90012
   Tel.: (213) 974-1828 | Fax: (213) 626-7446
7

8  Attorneys for Defendant Los Angeles County Sheriff's Department

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

572908.11

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 12, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable John F. Walter in Courtroom 7A of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendants, by and through their undersigned counsel, will and hereby do move to quash the Trial Subpoena to Captain Emily Tauscher of the County Coroner's Office (the "Subpoena").

This Motion is made under Federal Rule of Civil Procedure 45 on the grounds that the Subpoena seeks documents that are irrelevant, prejudicial and misleading; that the Subpoena is an improper end-run around the limitations on discovery imposed by the Court and the Rules of Civil Procedure; and that the Subpoena requests photos of victims of the crash without compliance with California law.  The Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Jason H. Tokoro, any arguments of counsel, and on such other evidence as may be presented at the time of hearing.  This Motion is made following the conference of counsel which took place on August 8, 2022.

DATED:  August 9, 2022          MILLER BARONDESS, LLP


By:     _/s/ Mira Hashmall_
          MIRA HASHMALL
          Attorneys for Defendants
          COUNTY OF LOS ANGELES, LOS
          ANGELES COUNTY FIRE
          DEPARTMENT, JOEY CRUZ,
          RAFAEL MEJIA, MICHAEL
          RUSSELL, RAUL VERSALES, ARLIN
          KAHAN, and TONY IMBRENDA

1   DATED:  August 9, 2022          OFFICE OF COUNTY COUNSEL

2

3

4                                   By:      */s/ Jonathan C. McCaverty*

5                                        JONATHAN C. McCAVERTY
                                         Attorneys for Defendant
6                                        LOS ANGELES COUNTY SHERIFF'S
                                         DEPARTMENT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

572934.4
                                    - 4 -

## **TABLE OF CONTENTS**

                                                                                                    **Page**

I.    INTRODUCTION .................................................................................. 8

II.   BACKGROUND ................................................................................. 10

      A.   Plaintiff Bryant Does Not Request Coroner Photos In Discovery ....... 10

      B.   Plaintiff Chester Insists That Coroner Photos Not Be Produced .......... 10

      C.   Captain Tauscher's Deposition ............................................................ 11

      D.   The Trial Subpoena And The Parties' Meet-And-Confer ................... 11

III.  THE COURT SHOULD QUASH THE SUBPOENA ................................. 13

      A.   The Coroner Photos Are Irrelevant ..................................................... 13

      B.   The Coroner Photos Are Prejudicial And Misleading ......................... 15

      C.   The Subpoena Is An End-Run Around The Discovery Rules .............. 16

      D.   The Subpoena Improperly Requested Photos Of Other Families ......... 17

IV.   CONCLUSION ................................................................................... 18

DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA TO EMILY TAUSCHER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*Chaudhry v. Angell,*
    2021 WL 1666988 (E.D. Cal. Apr. 28, 2021) ........................... 13, 16

*Eclipse Assocs. Ltd. v. Data Gen. Corp.,*
    894 F.2d 1114 (9th Cir. 1990) ................................................ 14

*Green v. Baca,*
    226 F.R.D. 624 (C.D. Cal. 2005) ........................................... 13

*Inland Empire Foods, Inc. v. Zateca Foods, LLC,*
    2010 WL 11519370 (C.D. Cal. Apr. 27, 2010) ........................ 16

*Moon v. SCP Pool Corp.,*
    232 F.R.D. 633 (C.D. Cal. 2005) ........................................... 16

*Old Chief v. United States,*
    519 U.S. 172 (1997) .............................................................. 15

*Smith v. Airborne Freight Corp.,*
    96 F.3d 1451 (9th Cir. 1996) ................................................ 14

*Socialist Workers Party v. Grubisic,*
    619 F.2d 641 (7th Cir. 1980) ................................................ 17

*Supply v. City of Visalia,*
    2017 WL 4652698 (E.D. Cal. Oct. 17, 2017) ......................... 16

*Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.,*
    2008 WL 4951213 (C.D. Cal. Nov. 17, 2008) ........................ 13

*United States v. Hitt,*
    981 F.2d 422 (9th Cir. 1992) ................................................ 15

*Zoellner v. City of Arcata,*
    2021 WL 2417134 (N.D. Cal. June 14, 2021) ........................ 17

**STATE STATUTES**

Cal. Civ. Proc. Code § 129 ......................................................... 17

Cal. Civ. Proc. Code § 129(a) ................................................ 10, 17

Cal. Civ. Proc. Code § 129(a)(2)-(3) ........................................... 17

Cal. Civ. Proc. Code § 129(a)(3)(B) ........................................... 17

## **FEDERAL RULES**

Fed. R. Civ. P. 30(b)(6) ............................................................. 10

Fed. R. Civ. P. 45 .............................................................. 9, 13, 16

Fed. R. Evid. 401(a) .................................................................. 14

Fed. R. Evid. 403 ..................................................................... 15

Fed. R. Evid. 612(b) ................................................................. 16

# I.  <u>INTRODUCTION</u>

To date, no photos taken by first responders from LASD and LACFD of the helicopter crash on January 26, 2020 are public—the photos are not in the media and not online, and the photos have never been seen by Plaintiffs.  Plaintiffs say they "fear" the County photos may someday become public and the details of their loved ones' tragic deaths made known.  The County agrees that should never happen and has done everything it can since day one to make sure it doesn't.  Plaintiffs, on the other hand, plan to put the highly sensitive (and, up until now, confidential) information about the crash site before the jury and into the public domain.

Plaintiffs intend to examine LASD and LACFD personnel about the photos taken at the crash site and have them describe in detail what was contained in those photos.  They also plan to introduce the autopsy reports for their deceased relatives, which detail the conditions of the victims, the injuries they suffered, and the causes of death.  And Plaintiffs are not just limiting their presentation of evidence to their family members—they also listed on their trial exhibit list the autopsy reports for the pilot and the other victims of the crash.  The Mauser and Altobelli families settled their claims months ago and put this lawsuit behind them.  Plaintiffs should not make the private details of their family members' deaths part of this public trial.

This motion is about Plaintiffs' August 1, 2022 trial subpoena to Captain Emily Tauscher at the County Coroner's office.  Plaintiffs' subpoena demands that Captain Tauscher bring to trial "all photographs" taken by the Coroner in connection with this incident.  That would include photos taken of the Mauser and Altobelli family members and the pilot.  Those photos were taken in the field, but also by the Coroner at its office for purposes of conducting the autopsies.  Plaintiffs know the Coroner cannot produce photos of the other victims by law.  There is also no reason that Plaintiffs should demand those photos or seek to expose the jury to testimony about what they depict.  This case is not about the Coroner photos.

1    After Defendants objected to Plaintiffs' attempt to inject the Coroner photos

2    of other individuals' family members into this trial, Plaintiffs tried to walk back the

3    scope of the Subpoena.  Now, Plaintiffs say they only want the Coroner photos of

4    their family members in court.  Plaintiffs' reasoning for why they want Captain

5    Tauscher to bring the photos to trial is improper—they want to question her about

6    the photos and the condition of the victims of the crash.  The graphic descriptions of

7    these Coroner photos would be highly inflammatory and would mislead the jury into

8    thinking these photos are the same photos taken by first responders.  This is solely

9    intended for shock value.  While suing the County asserting a constitutional right of

10    privacy, Plaintiffs want Captain Tauscher to publicly describe the Coroner photos.

11    The Court should quash Plaintiffs' demand that Captain Tauscher bring these

12    highly sensitive and confidential Coroner photos to trial:

13    *First*, neither the Coroner photos nor testimony about the Coroner photos is

14    admissible at trial.  During Captain Tauscher's deposition, Plaintiffs asked her to

15    view the photos and describe them in specific and graphic detail.  This kind of

16    testimony does not have any place at trial.  The content of these photos is irrelevant;

17    there is no allegation that any Coroner photos were improperly taken or publicly

18    disseminated.  The Coroner photos are confidential by law.  The Coroner photos

19    have nothing to do with the photos at issue in this case.  Graphic descriptions of

20    them would only confuse and mislead the jury and inflame their emotions.

21    ***Second***, trial subpoenas cannot be used as an end-run around the discovery

22    rules.  The Coroner photos were never produced in this case.  This was no oversight.

23    The County made clear it *would not* produce Coroner photos as part of discovery

24    and that Plaintiffs would need to request them directly from the Coroner pursuant to

25    statutory law if they wanted the photos.  Plaintiffs declined to do so.  Plaintiffs

26    cannot demand that documents they failed to obtain in discovery be produced by

27    way of a Rule 45 trial subpoena.

28    The Subpoena should be quashed in its entirety.

## II.   BACKGROUND

### A.   Plaintiff Bryant Does Not Request Coroner Photos In Discovery

The discovery cut-off was November 29, 2021.  (Dkt. 85.)  At no point prior to that date did Plaintiff Bryant serve any subpoena or other request for production of the Coroner photos.  (Declaration of Jason H. Tokoro ("Tokoro Decl.") ¶ 3.)

On March 5, 2021, Plaintiff Bryant served a Notice of 30(b)(6) Deposition of the Coroner's Office.  (*Id.* Ex. A.)  The Notice did not request that any Coroner photos be produced.  (*Id.*)

### B.   Plaintiff Chester Insists That Coroner Photos Not Be Produced

On April 14, 2021, Plaintiff Chester served document requests seeking all photos taken by the County Medical Examiner depicting his wife's and daughter's remains.  (Tokoro Decl. Ex. B.)  The County objected and responded that it would "meet and confer with Propounding Party about this request, as the photographs in question have been kept highly confidential."  (*Id.* Ex. C.)

Chester and Defendants met and conferred in early June.  (*Id.* ¶ 8.)  Defendants explained that there is a mandatory statutory procedure for requesting Coroner photos.  (*Id.*)  Specifically, California Code of Civil Procedure section 129 prohibits the Coroner from providing photos absent compliance with specified procedures.  Cal. Civ. Proc. Code § 129(a).  Instead of complying with the statute, Chester requested that Captain Tauscher appear for deposition with the photos accessible to her on a laptop but that the photos *not* be produced.  (Tokoro Decl. ¶ 9.)  Defendants agreed to accommodate Chester but stated that it was Defendants' position that if the photos were not requested by and produced to Chester, they could not be used at trial.  (*Id.* ¶ 10.)

On September 1, 2021, Chester served a Notice of 30(b)(6) Deposition of the Coroner's Office.  (*Id.* Ex. D.)  Therein, Chester demanded that the Coroner produce "all photos" depicting victims' remains at the accident scene.  (*Id.*)  The County objected and responded: "[T]he witness will have the requested photos available for

reference, but *will not produce the photos* to Plaintiff or anyone else." (*Id.* Ex. E (emphasis added).)

On September 9, 2021, defense counsel wrote to Plaintiffs' counsel: "[Chester's counsel] explained to me that *he does not want any of the photos produced, attached, or shown at the deposition*—but he does want the witness to have the photos available so she can reference them when answering questions. *Please confirm that is what everyone wants*, because Topic 20 is asking for production." (*Id.* Ex. F (emphasis added).) Counsel met and conferred later that day and confirmed the procedure requested by Chester. (*Id.* ¶ 14.) During that meet-and-confer, defense counsel again reiterated its position that if the photos were not requested by and produced to Plaintiffs, they could not be used at trial. (*Id.*)

### C.   Captain Tauscher's Deposition

On September 15, 2021, Captain Tauscher was deposed. (Tokoro Decl. ¶ 15.) She was able to view the Coroner photos on her laptop, but they were not produced or attached to the transcript. (*Id.*) The bulk of the deposition involved Plaintiffs asking Captain Tauscher to view the photos and describe them in specific, graphic detail. (*Id.* ¶ 16.) Consistent with its efforts to avoid any publication of the graphic descriptions of Plaintiffs' deceased family members, the County is not submitting Captain Tauscher's deposition testimony with this brief.   The County can provide the testimony for *in camera* review by the Court upon request.

### D.   The Trial Subpoena And The Parties' Meet-And-Confer

On June 30, 2022, Chester's counsel requested that Captain Tauscher be produced at trial and that she bring "copies of the Coroner photos on a laptop" for purposes of "refresh[ing] her recollection." (Tokoro Decl. Ex. G.) Defendants' counsel made it clear that Captain Tauscher will be available for trial but that the Coroner photos would not be brought: "We told you that you needed to request and receive the photos if you intended to use them at trial.  You said you didn't want them produced to you.  They therefore will not be provided at trial." (*Id.*)

1    Chester's counsel relayed that he has a "problem": "I intend to ask [Tauscher]
2    some questions that were not posed during her deposition and these will require her
3    to review the photos on a laptop, as she did during her deposition."  (*Id*.)
4    Defendants' counsel responded:

5        You know our position on Ms. Tauscher – you did not request the
6        coroner photos during discovery and, in fact, refused to accept them
         when we offered to produce them. We do not think it is appropriate or
7        permitted for you to go around the discovery rules and request that
         Ms. Tauscher produce the same documents at trial. We told you
8        explicitly during discovery that if you chose not to request and accept
9        the photos, it would be our position that they could not be admitted at
         trial.  (*Id.*)
10

11   On August 1, 2022, Plaintiffs served a trial subpoena on Captain Tauscher
12   demanding that she bring to trial "all photographs" taken by the Coroner's office in
13   connection with this incident.  (*Id.* Ex. H.)  Plaintiffs further "insist[ed]" that
14   Captain Tauscher bring photos of the Mauser and Altobelli victims, who are not part
15   of this case.  (*Id.* Ex. I.)  Defendants told Plaintiffs that they would move to quash
16   the demand for Coroner photos in the subpoena because they are not the photos at
17   issue, have no bearing on Plaintiffs' claims, will only confuse the jury and inflame
18   their emotions, will violate third-party privacy, and because they were never
19   produced in discovery.  (*Id*.)
20       Plaintiffs then offered a "compromise"—that Captain Tauscher only bring the
21   photos of Plaintiffs' family members to trial.  (*Id*.)  That did not address the issue
22   that the Coroner photos were taken for a completely different purpose and do not in
23   any way reflect the photos taken by County personnel on the day of the crash.
24       The parties met and conferred via telephone on August 8, 2022.  (*Id.* ¶ 24.)
25   Plaintiffs said they do not plan to publish the Coroner photos to the jury.  Instead,
26   they plan to ask Captain Tauscher to review them on the witness stand—within feet
27   of the jury—to "refresh her recollection" about the condition and location of the
28   victims' remains.  (*Id*.)  Plaintiffs' stated intentions confirmed Defendants'

572908.11

- 12 -

concerns—that Plaintiffs want the jury to hear graphic descriptions of the victims' remains and infer that the Coroner photos bear some resemblance to the crash scene photos actually at issue in this case.

Plaintiffs' claim that they only plan to use the photos to refresh recollection makes no sense.  During the meet-and- confer, defense counsel pressed Plaintiffs on this issue; and the response was that, for example, Captain Tauscher may forget that Plaintiff Bryant's relatives were the only two African-American passengers in the crash.  (*Id.* ¶ 25.)  That would not happen.

## III.    THE COURT SHOULD QUASH THE SUBPOENA

### A.    The Coroner Photos Are Irrelevant

A party issuing a Rule 45 trial subpoena "must demonstrate . . . that the information sought is relevant and material to the allegations and claims at issue in the proceedings."  *Green v. Baca*, 226 F.R.D. 624, 654 (C.D. Cal. 2005) (citation omitted).  "Trial document subpoenas are held to a more stringent standard than discovery subpoenas."  *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, 2008 WL 4951213, at *2 n.1 (C.D. Cal. Nov. 17, 2008).[1]

There is no basis to ask Captain Tauscher to bring the Coroner photos and either show them to the jury or testify about their contents.  Plaintiffs previewed their anticipated questioning of Captain Tauscher at her deposition.  Nearly the entirety of the deposition was spent asking Captain Tauscher to view the Coroner photos and testify to their exact contents in specific and graphic detail.

There is no proper purpose for this kind of testimony at trial.  The Coroner photos are completely different than the ones at issue in this case.  Plaintiffs do not assert any claims against the Coroner and do not allege that any photos taken by the

---

[1] "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena."  *Chaudhry v. Angell*, 2021 WL 1666988, at *3 (E.D. Cal. Apr. 28, 2021) (citation omitted).

1   Coroner were improper.  The contents of the Coroner photos have no "tendency to

2   make" it "more or less probable" that LASD or LACFD violated Plaintiffs' rights.

3   Fed. R. Evid. 401(a).

4          Indeed, the Coroner photos are nothing like the photos taken by LASD and

5   LACFD, which are the only photos at issue in this case.  The Coroner photos were

6   taken by different personnel, with different devices, at different times, for different

7   purposes.  LASD and LACFD are first responders; they took photos to document the

8   accident scene, identify the helicopter and passengers on board, and relay

9   information to the command post.  (Douglas Johnson Depo. Tr. at 110:13-18.)  The

10  Coroner, on the other hand, conducts investigations into the cause of death.  The

11  Coroner took photos to record the human remains in precise, forensic, scientific

12  detail.

13         Plaintiffs cannot substitute the Coroner photos for the photos taken by LASD

14  and LACFD personnel.  The Coroner photos are not at issue; they are irrelevant and

15  inadmissible. *Eclipse Assocs. Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1119 (9th

16  Cir. 1990) (actions of others using trademark not relevant to infringement at issue);

17  *Smith v. Airborne Freight Corp.*, 96 F.3d 1451, at *3-4 (9th Cir. 1996) (district court

18  abused discretion by allowing testimony about previous discriminatory behavior,

19  which was irrelevant to immediate action).

20         Moreover, there is no reason for Captain Tauscher to have highly sensitive

21  and confidential Coroner photos with her at trial to "refresh her recollection" about

22  the location or conditions of any crash victims.  As an initial matter, Captain

23  Tauscher was not on site the day of the crash.  Kristina McGuire of the Coroner's

24  Office, whom Plaintiffs deposed but decided not to call as a witness at trial, was on

25  site both the day of the crash and the day thereafter.  The photos will not "refresh"

26  anything for Captain Tauscher.  Plaintiffs' argument ignores who was actually on

27  site and is just an attempt to back-door gruesome photos into trial.

28

1    To the extent Plaintiffs want to refresh Captain Tauscher's recollection about

2  anything, they can show her the autopsy reports (Trial Exs. 41-45).  They could also

3  use her deposition testimony to the extent she testifies inconsistently.  The Coroner

4  photos are irrelevant and unnecessary.

5    **B.    The Coroner Photos Are Prejudicial And Misleading**

6    The Coroner photos are also inadmissible under Rule 403.  Even relevant

7  evidence may be excluded if its probative value is substantially outweighed by the

8  risk of undue prejudice, confusing the issues, misleading the jury, undue delay,

9  wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403;

10 *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence is of

11 very slight (if any) probative value, it's an abuse of discretion to admit it if there's

12 even a modest likelihood of unfair prejudice or a small risk of misleading the

13 jury."); *Old Chief v. United States*, 519 U.S. 172, 180–92 (1997).

14    It will be highly prejudicial, confusing, and misleading if Plaintiffs are

15 allowed to introduce the Coroner photos or testimony describing them.  These are

16 graphic, close-up images of the crash victims.  Information about these photos will

17 add unnecessary shock value to the case and inflame the emotions of the jury.  The

18 Coroner can provide its photos for *in camera* review by the Court, if it would assist

19 in evaluating the extent of prejudice they will cause at trial.

20    Testimony about the Coroner photos would also create a substantial risk that

21 the jury will improperly conflate them with the photos taken by LASD and LACFD.

22 Captain Tauscher's testimony about the photos would be some of the most

23 extensive, detailed testimony offered at trial about the content of photos.  There is a

24 real risk the jury will take this to mean that Captain Tauscher's testimony also

25 describes the photos at issue—why else would so much trial time be devoted to

26 them?  The danger of undue prejudice far outweighs any probative value.

27    Because the Coroner photos are neither relevant nor admissible under Rule

28 403, the Court should quash Plaintiffs' demand that Captain Tauscher bring the

1    photos to trial.  *See Chaudhry*, 2021 WL 1666988, at *3 (subpoenaed documents

2    must be relevant); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)

3    ("[A]n evaluation of undue burden requires the court to weigh the burden to the

4    subpoenaed party against the value of the information to the serving party." (citation

5    omitted)).  The Coroner photos do not belong anywhere near the courtroom.[2]

6        **C.    The Subpoena Is An End-Run Around The Discovery Rules**

7        Rule 45 subpoenas seeking production of documents "constitute pretrial

8    discovery that must be served within the specified discovery period."  *Supply v. City*

9    *of Visalia*, 2017 WL 4652698, at *2-3 (E.D. Cal. Oct. 17, 2017) (citation omitted)

10   (quashing trial subpoena "[i]nsofar as [it] seeks production of documents"); *see also*

11   *Inland Empire Foods, Inc. v. Zateca Foods, LLC*, 2010 WL 11519370, at *2 (C.D.

12   Cal. Apr. 27, 2010) (granting motion to quash demands for production of documents

13   served with trial subpoenas).

14       Fact discovery closed over eight months ago.  Plaintiffs could have sought the

15   Coroner photos before the close of discovery but chose not to.  Plaintiff Bryant

16   never requested them.  (Tokoro Decl. ¶ 3.)  Plaintiff Chester requested them but

17   later insisted that they not be produced.  (*Id*. ¶¶ 5-14.)  Defendants told Plaintiffs

18   that if the photos were not requested and produced, it was their position that the

19   photos could not be used at trial.  (*Id*. ¶¶ 10, 14.)

20       Plaintiffs had every opportunity to get these photos during discovery.  They

21   were aware of their existence.  Defense counsel specifically directed Plaintiffs'

22   counsel to the statutory process for requesting them.  (*Id*. ¶ 8.)  Plaintiffs never made

23   

---

24   [2] Plaintiffs' suggestion that Captain Tauscher bringing the Coroner photos to trial
     will be harmless because they will not be published to the jury is unrealistic and
25   wrong.  Even refreshing a witness's recollection with a document often necessarily
     entails production and entry into evidence of that document.  *See* Fed. R. Evid.
26   612(b).  Here, if Captain Tauscher is testifying while looking at photos that are
     being shielded from the jury, the jury will be left wondering what Captain Tauscher
27   is using to "refresh her recollection."  This is highly prejudicial.
28

1   the statutory request of the Coroner.  (*Id.* ¶ 9.)  They cannot now seek the same

2   photos they told us they didn't want in discovery.  A trial subpoena is not a means

3   for Plaintiffs to reverse course and reopen discovery on the eve of trial.

4              **D.      The Subpoena Improperly Requested Photos Of Other Families**

5          In the Subpoena, Plaintiffs demanded that Captain Tauscher bring not only

6   photos of their relatives, but also those of the Mauser and Altobelli families.

7   (Tokoro Decl. Ex. H.)  California Code of Civil Procedure section 129 prohibits the

8   Coroner from providing photos absent compliance with specified procedures.  Cal.

9   Civ. Proc. Code § 129(a); *Zoellner v. City of Arcata*, 2021 WL 2417134, at *3 (N.D.

10  Cal. June 14, 2021) ("[A] strong policy of comity between state and federal

11  sovereignties impels federal courts to recognize state privileges where this can be

12  accomplished at no substantial cost to federal substantive and procedural policy."

13  (alteration in original) (quoting *Socialist Workers Party v. Grubisic*, 619 F.2d 641,

14  643 (7th Cir. 1980))).

15         Section 129 provides that a subpoena may be used to obtain Coroner photos

16  in civil litigation only if "issued by a party *who is a legal heir or representative of*

17  *the deceased person* in a pending civil action."  Cal. Civ. Proc. Code § 129(a)(3)(B)

18  (emphasis added).  Plaintiffs cannot obtain photos of other deceased persons without

19  written authorization from their heirs or a Court order and showing of good cause,

20  after notice to the Los Angeles District Attorney.  *Id.* § 129(a)(2)-(3).  Plaintiffs did

21  not comply with any of these procedures before issuing the Subpoena demanding

22  that Captain Tauscher produce "all photographs" taken by the Coroner in connection

23  with this incident at trial.

24         There is no reason for Plaintiffs to disregard California's statutory

25  protections—and basic respect—for the other victims and their families.  During the

26  parties' meet-and-confer, Plaintiffs proposed a "compromise" that Captain Tauscher

27  not bring photos of other crash victims.  (Tokoro Decl. Ex I.)  This is not a

28  compromise; photos of other victims are not a bargaining chip for Plaintiffs.

1

## IV.    <u>CONCLUSION</u>

2          The Coroner photos have nothing to do with Plaintiffs' claims and do not

3   belong in the courtroom.  Defendants respectfully request that the Court quash the

4   Trial Subpoena to Captain Tauscher.

5   DATED:  August 9, 2022          MILLER BARONDESS, LLP

6

7

8                                        By:    _____/s/ Mira Hashmall_____
                                                MIRA HASHMALL
9                                               Attorneys for Defendants
10                                              COUNTY OF LOS ANGELES, LOS
                                                ANGELES COUNTY FIRE
11                                              DEPARTMENT, JOEY CRUZ,
                                                RAFAEL MEJIA, MICHAEL
12                                              RUSSELL, RAUL VERSALES, ARLIN
13                                              KAHAN, and TONY IMBRENDA

14

15   DATED:  August 9, 2022          OFFICE OF COUNTY COUNSEL

16

17

18                                       By:    ___/s/ Jonathan C. McCaverty___
                                                JONATHAN C. McCAVERTY
19                                              Attorneys for Defendant
20                                              LOS ANGELES COUNTY SHERIFF'S
                                                DEPARTMENT

21

22

23

24

25

26

27

28

572908.11

## - 18 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>FILER ATTESTATION</u>

I, Mira Hashmall, attest under Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  August 9, 2022                     */s/ Mira Hashmall*
                                                                    Mira Hashmall