LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
JASON H. TOKORO (State Bar No. 252345)
CASEY B. SYPEK (State Bar No. 291214)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES, ARLIN KAHAN, and TONY IMBRENDA

[*Additional counsel continued on next page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants.<br><br>CHRISTOPHER L. CHESTER,<br><br>PLAINTIFF,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | **Case No. 2:20-cv-09582-JFW-E**<br>(Consolidated with 2:20-cv-10844-JFW-E)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM**<br><br>[Filed Concurrently with Declaration of Casey B. Sypek]<br><br>Trial Date: August 10, 2022<br><br>The Honorable John F. Walter |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE:
ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM

[*Additional counsel, continued from previous page*]

JONATHAN C. McCAVERTY (State Bar No. 210922)
*Principal Deputy County Counsel*
jmccaverty@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1828 | Fax: (213) 626-7446

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................... 6

II. BACKGROUND .................................................................................................. 7

III. THE COURT SHOULD PRECLUDE PLAINTIFFS FROM INTRODUCING EXHIBIT 26A AT TRIAL ...................................................... 9

    A. Exhibit 26A Is An Inadmissible Subsequent Remedial Measure ........... 9

    B. Exhibit 26A Is Unfairly Prejudicial And Will Invade The Province Of The Jury ................................................................................. 11

    C. Exhibit 26A Is Replete With Inadmissible Hearsay ............................. 13

# TABLE OF AUTHORITIES

**Page**
**FEDERAL CASES**

*Aguilar v. City of Los Angeles*,
    853 F. App'x 92 (9th Cir. 2021) .................................................................. 10

*Aranda v. City of McMinnville*,
    942 F. Supp. 2d 1096 (D. Or. 2013) ........................................................ 10, 11

*Carson Harbor Vill., Ltd. V. Unocal Corp.*,
    2003 WL 22038700 (C.D. Cal. Aug. 8, 2003) .............................................. 13

*Complaint of Consolidation Coal Co.*,
    123 F.3d 126 (3d Cir. 1997) ........................................................................ 11

*Hansen v. Werner Enterprises Inc.*,
    2016 WL 7479349 (C.D. Cal. May 18, 2016) .............................................. 10

*In re: Gen. Motors LLC*,
    2015 WL 8578945 (S.D.N.Y. Dec. 9, 2015) ................................................. 13

*J.M. v. City of Milwaukee*,
    249 F. Supp. 3d 920 (E.D. Wis. 2017) ........................................................ 11

*Maddox v. City of Los Angeles*,
    792 F.2d 1408 (9th Cir. 1986) ......................................................... 9, 10, 11, 12

*Pilgrim v. Trs. of Tufts Coll.*,
    118 F.3d 864 (1st Cir. 1997) ........................................................................ 13

*Prentiss & Carlisle Co., Inc. v. Koehring-Waterous Div. of Timberjack, Inc.*,
    972 F.2d 6 (1st Cir. 1992) ........................................................................... 11

*Thomas v. Metro. Dist.*,
    2016 WL 2888954 (D. Conn. May 17, 2016) ............................................... 13

*United States v. Awkard*,
    597 F.2d 667 (9th Cir. 1979) ....................................................................... 12

*United States v. Scop*,
    846 F.2d 135 (2d Cir. 1988) ........................................................................ 12

*Wilson v. Beebe*,
    770 F.2d 578, 590 (6th Cir. 1985) ............................................................... 11

*Wright-Simmons v. City of Oklahoma City*,
    155 F.3d 1264 (10th Cir. 1998) .................................................................... 13

**FEDERAL STATUTES**

42 U.S.C. § 1983 ................................................................................................... 9, 10

**FEDERAL RULES**

Fed. R. Evid. 407 ................................................................................................ passim

Fed. R. Evid. 801 ...................................................................................................... 13

Fed. R. Evid. 802 ........................................................................................................ 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' brief is an improper end-run around the Court's ruling denying their Motion *In Limine* No. 5. Plaintiffs should not get a second bite at the apple.

Plaintiffs' Motion *In Limine* No. 5 sought to admit three letters from Deputy Chief McCloud of LACFD informing Brian Jordan, Tony Imbrenda and Arlin Kahan of discipline against them (Trial Exs. 26-28). At the August 5, 2022 pretrial conference, the Court ruled that the letters were "clearly subsequent and remedial measures" made inadmissible by Rule 407. (Declaration of Casey B. Sypek ("Sypek Decl.") ¶ 10 & Ex. A at 84:15-85:1.) The Court rejected Plaintiffs' attempt to salvage parts of the letters with redactions because it was "clear to the Court and it will be clear to the jury that these . . . are letters of discipline." (*Id.* at 86:22-87:3.) The Court denied this part of Plaintiffs' Motion *In Limine* No. 5 and excluded the letters from evidence.

Now, in an effort to circumvent the Court's ruling, Plaintiffs plucked out a portion of the (now-excluded) discipline letter to Brian Jordan and created a brand-new exhibit. Exhibit 26A is a memorandum prepared by an outside investigator from a private law firm, Sheppard Mullin, who was retained by the County to investigate Jordan's conduct as part of a disciplinary process. LACFD attached the memorandum to its discipline letter because it was the sole document upon which its disciplinary decision was based. The Sheppard Mullin memorandum summarizes the investigator's interviews, makes "credibility determinations," and offers legal conclusions as to whether allegations against Jordan were substantiated under a "preponderance of the evidence" standard. (Tr. Ex. 26.)

The Court should deny Plaintiffs' belated request to "reserve the right" to admit the new Exhibit 26A. Exhibit 26A is part and parcel with the imposition of discipline. The outside investigator's memorandum is, and has always been, part of the disciplinary letter and part of LACFD's disciplinary process. That's why

Plaintiffs treated it as a single document from the outset of this case and why they sought to admit Exhibit 26 as a single document. Plaintiffs should also be precluded from side-stepping the Court's ruling by using witness testimony that merely restates the contents of Exhibit 26.

The unfair prejudice of Exhibit 26A also outweighs any probative value. The outside investigator's legal conclusions and assessments of witness credibility will improperly invade the province of the jury. Exhibit 26A is also replete with inadmissible hearsay statements. At a minimum, the memorandum must be redacted to remove the final section (pages 26-28) that sets forth outside counsel's credibility determinations and conclusions under a "preponderance of the evidence" standard. Sheppard Mullin's assessment of witnesses and ultimate conclusions cannot substitute for the jury's own assessments.

Plaintiffs respond to Defendants' Rule 403 and hearsay objections by arguing that the memorandum is a party admission because LACFD "adopted" it in issuing discipline. Plaintiffs are speaking out of both sides of their mouths. If the memorandum is separate from discipline for purposes of Rule 407, it cannot also be part of discipline to evade Rules 403 and 802. Plaintiffs cannot have it both ways.

Plaintiffs should not be permitted to chop up an excluded exhibit to circumvent the Court's August 5 ruling. Plaintiffs' request to "reserve the right" to admit the new Exhibit 26A should be denied.

## II.  BACKGROUND

In March 2020, the County retained Sheppard Mullin as an outside investigator to conduct workplace investigations into, among other things, Brian Jordan's conduct in connection with photos of the crash scene. The Sheppard Mullin investigation was a central part of LACFD's disciplinary process.

On August 31, 2020, Sheppard Mullin issued a memorandum summarizing its witness and subject interviews, making "credibility determinations" about their statements, and offering legal conclusions as to whether the allegations against

Jordan were "substantiated" or not under a "preponderance of the evidence" standard. (Tr. Ex. 26.) Sheppard Mullin also recorded its interviews with LACFD personnel, which Plaintiffs intend to use as exhibits at trial in both audio and transcript form. (*See* Tr. Exs. 336A-B, 346A-B, 348A-B, 350A-B, 357A-B, 377A-B.)

LACFD's disciplinary process included a discipline letter from LACFD to Jordan, which identifies the Sheppard Mullin memorandum as the sole document "upon which this proposed action is based." (Tr. Ex. 26 at 9.)

From the outset of this case, Plaintiffs have treated the LACFD discipline letter to Jordan as a single document. Plaintiffs listed Exhibit 26 that way in the initial pretrial exhibit stipulation and in all subsequent pretrial exhibit stipulations. (Sypek Decl. ¶¶ 3-8.) Defendants consistently objected to the admission of Exhibit 26 because it is irrelevant to Plaintiffs' *Monell* claims, highly prejudicial, and inadmissible as a subsequent remedial measure (i.e., discipline) taken by LACFD. (*Id*. ¶¶ 6, 8.)

Plaintiffs filed a Motion *in Limine* No. 5 to admit, among other documents, the LACFD discipline letters. On August 5, the Court denied in part Plaintiffs' motion and ruled that the LACFD discipline letters were inadmissible as subsequent remedial measures under Rule 407. (*See* Dkt. 375; Sypek Decl. Ex. A at 83:11-87:5 ["[T]he Court concludes that the letters should be excluded under Federal Rule of Evidence 407."].) The Court rejected Plaintiffs' proposal that the letters be admitted with redactions to exclude specific references to discipline because, "while the trial exhibits do refer to the findings of investigation, the whole reason for drafting the letters was to impose discipline." (*Id.* at 86:22-24.) Just because the letters contained "investigation findings" did not make them admissible.

On Saturday, August 6, Plaintiffs separated the Sheppard Mullin memorandum that was part of Exhibit 26 into its own standalone Exhibit 26A. (Sypek Decl. ¶ 11.) Defendants objected on multiple grounds—the Sheppard

DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE:
ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM

Mullin memorandum is part of the imposition of discipline; it is more prejudicial than probative and invades the province of the jury; and it is replete with inadmissible hearsay. (*Id.* ¶ 12.) Plaintiffs' attempt to extract the Sheppard Mullin memorandum from the context of the disciplinary process, where it has been from the outset of this case, is improper.

### III. THE COURT SHOULD PRECLUDE PLAINTIFFS FROM INTRODUCING EXHIBIT 26A AT TRIAL

#### A. Exhibit 26A Is An Inadmissible Subsequent Remedial Measure

The Ninth Circuit recognized in *Maddox v. City of Los Angeles* that disciplinary proceedings and investigations made as part of such proceedings are inadmissible subsequent remedial measures in a Section 1983 action. 792 F.2d 1408, 1417 (9th Cir. 1986). The plaintiff in *Maddox* "sought to introduce evidence that during a Police Department disciplinary proceeding defendant Officer Harris admitted to violating the City policy on use of the choke hold." *Id.* The district court excluded this admission under Rule 407, and the Ninth Circuit affirmed. *Id.* The Ninth Circuit held that the "Internal Affairs investigation and measures taken by the defendant City were remedial measures taken after the incident." *Id.*

Exhibit 26A is inadmissible under *Maddox*. The original Exhibit 26 (the disciplinary letter to Jordan) expressly identifies the attached memorandum as the sole document "upon which this proposed action is based." (Tr. Ex. 26 at 9.) The memorandum is not merely factual; it culminates in extensive analysis by the outside investigator into whether particular "allegation[s]" were substantiated or not under a "preponderance of the evidence" standard. (*E.g., id.* at 36-38.) The purpose of the memorandum was to determine whether Jordan—the "subject" of the investigation—violated LACFD policies and procedures such that he should be disciplined. It is part of the imposition of discipline and intertwined with the now-excluded disciplinary letter—just like the admissions of the officer during the disciplinary proceeding in *Maddox*.

1       Plaintiffs draw a distinction between "actual discipline" and "investigation." Investigation in and of itself may not always be a subsequent remedial measure. But investigation that occurs during a disciplinary process and forms the basis for disciplinary action constitutes a subsequent remedial measure. The Ninth Circuit in *Maddox* did not only exclude the punishment imposed as a result of disciplinary findings; it also excluded evidence of a defendant's specific admission because it was made *during* disciplinary proceedings. 792 F.2d at 1417. Indeed, the Ninth Circuit identified the "Internal Affairs investigation" as part of the remedial measures. *Id*. Exhibit 26A is just like the investigation that occurred during the disciplinary proceedings in *Maddox* as part of the imposition of discipline.

      None of Plaintiffs' cases imply that the Ninth Circuit has ever departed from the direction it provided in *Maddox*. In *Aguilar v. City of Los Angeles*, 853 F. App'x 92 (9th Cir. 2021), an unpublished case, the investigation was *not* connected to any discipline—"they assessed what happened and whether the officers' actions were consistent with LAPD policy, *without meting out discipline or changing LAPD policy*." *Id.* at 95 (emphasis added). Here, by contrast, the Sheppard Mullin memorandum was the express basis for meting out discipline. It was a key part of the disciplinary phase, just as in *Maddox*.

      Plaintiffs' reliance on *Hansen v. Werner Enterprises Inc.*, 2016 WL 7479349 (C.D. Cal. May 18, 2016), is also misplaced. *Hansen* is not a Section 1983 case and did not involve any disciplinary proceedings. *Hansen* involved a trucking company's accident report. *Id.* at *3. Nor is *Aranda v. City of McMinnville*, 942 F. Supp. 2d 1096 (D. Or. 2013), on point. The court in *Aranda* distinguished *Maddox* because it did not involve an "investigation that precedes a disciplinary process."

DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE: ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM

*Id.* at 1104. *Aranda* does not hold that investigation that is part of a disciplinary process may be admitted.[1]

Plaintiffs' suggestion that "investigation" can be excised from "discipline" by redactions or (as proposed here) splitting the memorandum from the disciplinary letter contradicts *Maddox*. As noted, the Ninth Circuit specifically excluded "evidence that during a Police Department disciplinary proceeding defendant Officer Harris admitted to violating the City policy on use of the choke hold." 792 F.2d at 1417. This is precisely the kind of material in the memorandum that Plaintiffs contend may be admitted, once separated from the disciplinary letters. That is not the law. *See id.*; *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 136 (3d Cir. 1997) (rejecting argument that "the memo is not a subsequent remedial measure within the meaning of Rule 407 because [the party] only sought to admit the portion dealing with . . . investigation").

Exhibit 26A is part and parcel of the imposition of discipline in this matter and should be excluded under *Maddox* and Rule 407.

### B. Exhibit 26A Is Unfairly Prejudicial And Will Invade The Province Of The Jury

Permitting Plaintiffs to introduce Sheppard Mullin's findings—"credibility determinations" and legal conclusions about whether allegations against Jordan were substantiated by "a preponderance of the evidence" standard—would be highly prejudicial and confusing. Fed. R. Evid. 403.

---

[1] *Wilson v. Beebe*, cited by Plaintiffs, is also inapposite. That case involved a police report that had nothing to do with any internal investigation or disciplinary proceedings. 770 F.2d 578, 590 (6th Cir. 1985). Nor is *Prentiss & Carlisle Co., Inc. v. Koehring-Waterous Div. of Timberjack, Inc.*, 972 F.2d 6 (1st Cir. 1992), applicable here. That case involved "a party's analysis of its product," not an investigation as part of a disciplinary process. *Id.* at 10. Lastly, the decision in *J.M. v. City of Milwaukee* to allow use of "Discharge Proceedings" directly contradicts *Maddox*. 249 F. Supp. 3d 920, 932 (E.D. Wis. 2017). Plaintiffs cannot rely on an out-of-circuit decision contrary to Ninth Circuit precedent.

Plaintiffs' brief makes the prejudice clear. Plaintiffs argue that Exhibit 26A shows that LACFD's "own investigators" concluded that its personnel violated Plaintiffs' rights and that LACFD "adopted" those conclusions by disciplining Jordan. (Dkt. 381 at 7:19-21.) Essentially, Plaintiffs argue that the jury can conclude Jordan was guilty of wrongdoing because LACFD "adopted" Sheppard Mullin's findings in disciplining him. This is inconsistent with Plaintiffs' position that the Sheppard Mullin memorandum is separate from LACFD's disciplinary proceedings. It is also precisely the type of evidence and argument that courts prohibit. *See, e.g.*, *Maddox*, 792 F.2d at 1417 ("The prejudicial effect of this evidence was also arguably great. The jury might have inferred that Officer Harris was guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings. The jury might have given unfair or undue weight to this evidence or they might have been confused as to the relevance of this evidence.").

It is up to the jury to decide witness credibility and whether Plaintiffs have proved their claims by a preponderance of the evidence. Sheppard Mullin's "findings" cannot be used by Plaintiffs to usurp that function. *See United States v. Scop*, 846 F.2d 135, 140, 142 (2d Cir. 1988) ("The admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case."; "The credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial." (citations omitted)); *United States v. Awkard*, 597 F.2d 667, 671 (9th Cir. 1979) (opinion as to credibility of witness's testimony not admissible). At a minimum, the "Allegations and Findings" in the memorandum (pp, 26-28) should be excluded from trial.

This memorandum will also mislead and confuse the jury into thinking that it needs to decide whether LACFD adequately investigated and disciplined its personnel after the incident at issue (which Plaintiffs have conceded is not a valid *Monell* theory of liability). That is not before them.

### C. Exhibit 26A Is Replete With Inadmissible Hearsay

Plaintiffs argue that Exhibit 26A "is hearsay if offered by Defendants, but an opponent party admission if offered by Plaintiffs." (Dkt. 381 at 1 n.1.) But Exhibit 26A is hearsay no matter how you slice it. The memorandum was written by an outside investigator conducting an independent workplace investigation—Sheppard Mullin was speaking *to* LACFD about its findings, not *for* LACFD. The memorandum is replete with hearsay not subject to any exception. *See* Fed. R. Evid. 801; *Carson Harbor Vill., Ltd. V. Unocal Corp.*, 2003 WL 22038700, at *7 (C.D. Cal. Aug. 8, 2003) (third party's report inadmissible hearsay); *Thomas v. Metro. Dist.*, 2016 WL 2888954, at *1 (D. Conn. May 17, 2016) (excluding report by outside counsel hired to investigate complaints of discrimination/retaliation).

Plaintiffs argue that Sheppard Mullin's statements are party admissions because LACFD "adopted" their findings by disciplining Jordan. (Dkt. 381 at 8:9-10.) Plaintiffs cannot reconcile this argument with their position that the Sheppard Mullin memorandum is separate from LACFD's disciplinary action.

Plaintiffs' cases on this point are also inapposite; each involved express evidence of adoption not present here. *See In re: Gen. Motors LLC*, 2015 WL 8578945, at *3 (S.D.N.Y. Dec. 9, 2015) (General Motors provided a report to "Congress, the Department of Justice, and the National Highway Traffic Safety Administration" and "repeatedly affirmed its acceptance of its entire content" in "public statements," and the CEO of General Motors during congressional testimony "affirmed that she accepted the [report]"); *Wright-Simmons v. City of Oklahoma City*, 155 F.3d 1264, 1268-69 (10th Cir. 1998) (City Manager said, "[t]his is what I have got, this is the information that I have, it seems to be substantiated" in taking action based on report); *Pilgrim v. Trs. of Tufts Coll.*, 118 F.3d 864, 870 (1st Cir. 1997) (party adopted report by "implement[ing] all three of [its] recommendations").

DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE: ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM

### III. CONCLUSION

For the foregoing reasons, the Court should exclude Plaintiffs' new Exhibit 26A from trial.

DATED: August 10, 2022       MILLER BARONDESS, LLP

By:     */s/ Mira Hashmall*
    MIRA HASHMALL

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES, ARLIN KAHAN and TONY IMBRENDA

DATED: August 10, 2022       OFFICE OF COUNTY COUNSEL

By:     */s/ Jonathan C. McCaverty*
    JONATHAN C. McCAVERTY

Attorneys for Defendant
LOS ANGELES DEPARTMENT

DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE: ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM

**FILER ATTESTATION**

I, Mira Hashmall, attest under Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: August 10, 2022        */s/ Mira Hashmall*
                             Mira Hashmall

DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE:
ADMISSIBILITY OF INTERNAL INVESTIGATION MEMORANDUM