LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone:  (323) 210-2900
Facsimile:   (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

[*Additional counsel continued on next page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>             Plaintiff,<br><br>      vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>             Defendants. | Case No. 2:20-cv-09582-JFW-E (Consolidated with 2:20-cv-10844-JFW-E)<br><br>**JOINT PROPOSED JURY INSTRUCTIONS DURING TRIAL**<br><br>Trial Date:  August 10, 2022<br><br>The Honorable John F. Walter |
| CHRISTOPHER L. CHESTER,<br><br>             PLAINTIFF,<br><br>      vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>             Defendants. | |

[*Additional counsel, continued from previous page*]

JEROME M. JACKSON (State Bar No. 64238)
jmjlaw@aol.com
JEROME M. JACKSON LAW OFFICES
880 Apollo Street, Suite 238
El Segundo, California 90245
Telephone: (310) 726-4199
Facsimile: (310) 414-0486

Attorneys for Plaintiff
CHRISTOPHER L. CHESTER

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
JASON H. TOKORO (State Bar No. 252345)
CASEY B. SYPEK (State Bar No. 291214)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES ,
ARLIN KAHAN, and TONY IMBRENDA


JONATHAN C. McCAVERTY (State Bar No. 210922)
*Principal Deputy County Counsel*
jmccaverty@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1828 | Fax: (213) 626-7446

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

## JOINT PROPOSED JURY INSTRUCTIONS DURING TRIAL

| No. | Description | Authority | Page |
|-----|-------------|-----------|------|
| 12 | Cautionary Instructions (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.0 | 3 |
| 13 | Stipulated Testimony (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.1 | 5 |
| 14 | Stipulations of Fact (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.2 | 6 |
| 15 | Judicial Notice (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.3 | 7 |
| 16 | Deposition in Lieu of Live Testimony (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.4 | 8 |
| 17 | Impeachment Evidence—Witness (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.9 | 9 |
| 18 | Use of Interrogatories (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.11 | 10 |
| 19 | Use of Requests for Admissions (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.12 | 11 |
| 20 | Expert Opinion (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.13 | 12 |
| 21 | Charts and Summaries Not Received in Evidence (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.14 | 13 |
| 22 | Charts and Summaries Received in Evidence (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.15 | 14 |
| 23 | Evidence in Electronic Format (undisputed) | 9th Cir. Man. of Model Jury Instr. 2.16 | 15 |
| 59 | Limiting Instructions for Exhibit No. 317 | 9th Cir. Man. Of Model Jury Instr. 1.11 | 17 |
| 60 | Limiting Instructions for Exhibit Nos. 318 and 321 | 9th Cir. Man. Of Model Jury Instr. 1.11 | 18 |
| 61 | Limiting Instructions for Exhibit Nos. 317-19, 321 | CACI No. 207. Evidence Applicable to One Party | 19 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| No. | Description | Authority | Page |
|-----|-------------|-----------|------|
| 62 | Effect of Prior Inconsistent Statements or Conduct | Kevin O'Malley, 3 Fed. Jury Prac. & Instr. Section 105:09 (6th ed.) | 20 |

**Stipulated Instruction No. 12**

**Re Cautionary Instructions**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand.  [Wait for a show of hands.]  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.0
Claims for Relief:  All.
PTCO Cite:  § 7(a).

**Stipulated Instruction No. 13**

**Re Stipulated Testimony**

The parties have agreed what [*witness*]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.1

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 14**

**Re Stipulations of Fact**

      The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You must therefore treat these facts as having been proved.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.2

Claims for Relief:  All.

PTCO Cite:  § 7(a).

JOINT PROPOSED JURY INSTRUCTIONS DURING TRIAL

**Stipulated Instruction No. 15**

**Re Judicial Notice**

The court has decided to accept as proved the fact that [*state fact*].  You must accept this fact as true.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.3

Claims for Relief:  All.

PTCO Cite:  § 7(a).

JOINT PROPOSED JURY INSTRUCTIONS DURING TRIAL

**Stipulated Instruction No. 16**

**Re Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.4

Claims for Relief:  All.

PTCO Cite:  § 7(a).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Stipulated Instruction No. 17**

**Re Impeachment Evidence—Witness**

The evidence that a witness [*e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.*] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.9

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 18**

**Re Use of Interrogatories**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.11

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 19**

**Re Use of Requests for Admissions**

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.12

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 20**

**Re Expert Opinion**

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.13

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 21**

**Re Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.14

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 22**

**Re Charts and Summaries Received in Evidence**

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source:  Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.15

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 23**

**Re Evidence in Electronic Format**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the

-15-

computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Source:   Ninth Circuit Manual of Model Civil Jury Instructions, No. 2.16

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 59**

**Re Limiting Instructions for Exhibit No. 317**

Members of the Jury, I am admitting Exhibit No. 317 for the limited purpose of showing that the statements contained in that exhibit were made to Mrs. Bryant and for the effect on Mrs. Bryant. You must consider this evidence only for that limited purpose, and not for the truth of any statements in the exhibit.


Source: 9th Cir. Man. Of Model Jury Instr. 1.11

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 60**

**Re Limiting Instructions for Exhibit Nos. 318 and 321**

Members of the Jury, I am admitting Exhibit Nos. 318 and 321.  The statements "Head" and "Both legs with knees in the air," contained in that exhibit, are admitted for the limited purpose of their effect on Mrs. Bryant. You must consider those statements only for that limited purpose, and not for the truth of those statements.

Source: 9th Cir. Man. Of Model Jury Instr. 1.11

Claims for Relief:  All.

PTCO Cite:  § 7(a).

**Stipulated Instruction No. 61**

**Re Limiting Instructions for Exhibit Nos. 317-19 and 321**

Members of the Jury, Exhibits Nos. 317-319 and, 321 may be considered only as to Plaintiff Vanessa Bryant. You may not consider that evidence as to Plaintiff Christopher Chester.

Source: CACI No. 207. Evidence Applicable to One Party

Claims for Relief:  All.

PTCO Cite:  § 7(a).

JOINT PROPOSED JURY INSTRUCTIONS DURING TRIAL

**Stipulated Instruction No. 62**

**Re Effect of Prior Inconsistent Statements or Conduct**

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source: Kevin O'Malley, 3 Fed. Jury Prac. & Instr. Section 105:09 (6th ed.)

Claims for Relief:  All.

PTCO Cite:  § 7(a).

JOINT PROPOSED JURY INSTRUCTIONS DURING TRIAL

1

2   DATED:  August 11, 2022           WILSON SONSINI GOODRICH & ROSATI
                                      Professional Corporation
3

4

5   By: _____ /s/ Luis Li _____
                                              LUIS LI
6                                   LUIS LI
                                    Luis.Li@wsgr.com
7                                   ERIC TUTTLE
                                    Eric.Tuttle@wsgr.com
8                                   633 West Fifth Street, Suite 1550
                                    Los Angeles, California 90071
9                                   Telephone: (323) 210-2900
                                    Facsimile: (866) 974-7329
10

11

12                                  *Attorneys for Plaintiff Vanessa Bryant*

13  DATED:  August 11, 2022           JEROME M. JACKSON LAW OFFICES

14

15

16  By: _____ /s/ Jerome M. Jackson _____
                                        JEROME M. JACKSON
17

18                                  JEROME M. JACKSON
                                    jmjlaw@aol.com
19                                  JEROME M. JACKSON LAW OFFICES
                                    880 Apollo Street, Suite 238
20                                  El Segundo, California 90245
                                    Telephone: (310) 726-4199
21                                  Facsimile: (310) 414-0486
22

23                                  Attorneys for Plaintiff Christopher Chester

24

25

26

27

28

1  DATED:  August 11, 2022          OFFICE OF COUNTY COUNSEL

2

3

4                                   By:  _____*/s/ Jonathan C. McCaverty*_____
                                           JONATHAN C. McCAVERTY
5

6                                   Attorneys for Defendant Los Angeles County
                                    Sheriff's Department
7

8

9  DATED:  August 11, 2022          MILLER BARONDESS, LLP

10

11

12                                  By:  _____*/s/ Jason H. Tokoro*_____
                                           JASON H. TOKORO
13

14                                  Attorneys for Defendants County of Los
                                    Angeles, Los Angeles County Fire Department,
15                                  Joey Cruz, Rafael Mejia, Michael Russell, Raul
                                    Versales, Arlin Kahan and Tony Imbrenda
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>FILER ATTESTATION</u>

I, Luis Li, attest under Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  August 11, 2022

*/s/ Luis Li*

Luis Li