1  LUIS LI (State Bar No. 156081)
   Luis.Li@wsgr.com
2  ERIC P. TUTTLE (State Bar No. 248440)
   Eric.Tuttle@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   633 West Fifth Street, Suite 1550
4  Los Angeles, California 90071
   Telephone:  (323) 210-2900
5  Facsimile:   (866) 974-7329

6  CRAIG JENNINGS LAVOIE (State Bar No. 293079)
   Craig.Lavoie@mto.com
7  JENNIFER L. BRYANT (State Bar No. 293371)
   Jennifer.Bryant@mto.com
8  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor
9  Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100
10 Facsimile:   (213) 687-3702

11 Attorneys for Plaintiff Vanessa Bryant

12 [*Additional counsel continued on next page*]

13
14          **UNITED STATES DISTRICT COURT**

15     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

16 VANESSA BRYANT,                  | **Case No. 2:20-cv-09582-JFW-E**
17          Plaintiff,               | (Consolidated with 2:20-cv-10844-JFW-E)
18     vs.                           | **JOINT STATEMENT RE:**
                                       **EXHIBITS 668A-668BR**
19 COUNTY OF LOS ANGELES, et al.,
20          Defendants.              | Trial Date:  August 10, 2022

21 _____      | The Honorable John F. Walter

22 CHRISTOPHER L. CHESTER,
23          PLAINTIFF,
24     vs.
25
26 COUNTY OF LOS ANGELES, et al.,
27          Defendants.
28 _____

573757.1

1 | [*Additional counsel, continued from previous page*]

2 | JEROME M. JACKSON (State Bar No. 64238)
jmjlaw@aol.com
3 | JEROME M. JACKSON LAW OFFICES
880 Apollo Street, Suite 238
4 | El Segundo, California 90245
Telephone: (310) 726-4199
5 | Facsimile: (310) 414-0486

6 | Attorneys for Plaintiff
CHRISTOPHER L. CHESTER
7 |

8 | LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
9 | MIRA HASHMALL (State Bar No. 216842)
JASON H. TOKORO (State Bar No. 252345)
10 | CASEY B. SYPEK (State Bar No. 291214)

11 | MILLER BARONDESS, LLP

12 | 1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
13 | Tel.: (310) 552-4400 | Fax: (310) 552-8400

14 |
Attorneys for Defendants
15 | COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES ,
16 | ARLIN KAHAN, and TONY IMBRENDA

17 |

18 | JONATHAN C. McCAVERTY (State Bar No. 210922)
19 | *Principal Deputy County Counsel*
jmccaverty@counsel.lacounty.gov
20 | OFFICE OF THE COUNTY COUNSEL
21 | General Litigation Division
22 | 500 West Temple Street, Suite 468
Los Angeles, California 90012
23 | Tel.: (213) 974-1828 | Fax: (213) 626-7446

24 |
Attorneys for Defendant
25 | LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

26 |

27 |

28 |

573757.1

## EXHIBIT 668 DISPUTED INSTAGRAM POSTS

In response to the Court's August 11, 2022 Order (Dkt. 388), Defendants divided Trial Exhibit 688 into separate exhibits by individual Instagram post.  This resulted in 70 individual Exhibits (TREX668A-668BR).  After Defendants sent Plaintiffs a revised Pre-Trial Exhibit stipulation on August 12, 2022, Plaintiffs sent Defendants a response identifying objections to some but not all of Defendants' exhibits.  The parties met and conferred by phone and email to narrow the disputes.

Having met and conferred, Plaintiffs have no objection to the following exhibits: 668A, 668B, 668C, 668E, 668F, 668G, 668I, 668J, 668K, 668L, 668P, 668R, 668T, 668V, 668W, 668X, 668AC, 668AL, 668AP.0001, 668AZ, 668BB, 668BN, 668BP, and 668BQ..

Defendants have withdrawn the following exhibits: 668D, 668M, 668N, 668O, 668Q, 668U, 668Y, 668Z, 668AA, 668AB, 668AD, 668AE, 668AF, 668AK, 668AM, 668AN, 668AQ, 668AR, 668AS, 668AT, 668AU, 668AW, 668AY, 668BA, 668BC, 668BD, 668BF, 668BG, 668BH, 668BK, 668BM, 668BO, and 668BR.

The parties were not able to resolve objections to the following exhibits, which are discussed herein: 668H, 668S, 668AG, 668AH, 668AI, 668AJ, 668AO, 668AV, 668AX, 668BE, 668BI, 668BJ, and 668BL.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  **I.     Exhibit 668H**



Island Express Helicopters, the company that operated the helicopter that crashed in January killing NBA legend Kobe Bryant, his daughter, and seven others, including the pilot, just received $603,838 in CARES Act funding.

**Plaintiffs' Grounds for Objection:** Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403); inadmissible hearsay (FRE 802).

**Defendants' Response to the Objection:** Exhibit 668 is collection of Instagram posts made by Plaintiff Vanessa Bryant. They are directly relevant to her claims of severe emotional distress. In fact, Rob Pelinka, one of the witnesses Mrs. Bryant called to testify at trial to support her claims of emotional distress, put Mrs. Bryant's Instagram account directly at issue: "I know how intentional she is to create beauty around her kids. And that involves the images and the portrayals and hope and joy and everything that she chooses to put up in her house and on her Instagram." (Aug. 10, 2021 Tr. at 181:2-5.) Mrs. Bryant now complains that Defendants seek to introduce posts from her Instagram to disprove her claims. She cannot have it both ways.

Exhibit 668H is a screenshot of a portion of a *Forbes* article stating that Island Express Helicopters received government funding as part of the CARES

1   program.  In the accompanying description, Mrs. Bryant posts a series of broken

2   heart emojis.  Exhibit 668H provides direct evidence of an independent source of

3   distress in Mrs. Bryant's life—separate from Defendants' alleged conduct.

4          Mrs. Bryant's post reflects a concurrent stressor in her life that the jury is

5   entitled to consider in evaluating her claims that Defendants' taking and sharing of

6   crash site photos caused her severe emotional distress.  Specifically, Mrs. Bryant's

7   post reflects her distress over the activities of Island Express Helicopters in the

8   months following the crash.  She was so focused on the company and the harm that

9   it caused her as a result of losing her husband and daughter that she took it upon

10  herself to criticize publicly its receipt of government funding.  Plaintiff's emotional

11  state is at the center of this case, and there is little more revealing of Mrs. Bryant's

12  emotional state than her own words about her life, sadness, the targets of her anger,

13  her activities, and other stressors that could contribute to any emotional distress.

14  *See, e.g.,* *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D.

15  Cal. 2009) (a party may investigate other causes of claimed emotional distress).  Her

16  distress over this post can be seen through the broken heart emojis.  The post also

17  references her husband and daughter—another reminder of her loss.

18         This post also stands in stark contrast to the fact that Mrs. Bryant has never

19  posted to social media anything about the crash site photos or her claimed emotional

20  distress from the conduct alleged in her complaint.  Defendants are entitled to argue

21  that this shows Mrs. Bryant's emotional distress is due to the loss of her husband

22  and daughter, and not the crash site photos.

23         Plaintiffs are wrong that Exhibit 668H implicates the Court's ruling on

24  Plaintiffs' Motion in Limine No. 3.  The article and corresponding emojis posted by

25  Mrs. Bryant have nothing to do with Plaintiffs' lawsuit or subsequent settlement

26  with Island Express Helicopters.  Even if Exhibit 668H did implicate the *Island*

27  *Express* settlement (it does not), Defendants are not barred from discussing the

28  lawsuit in relation to the impact it may have had on Mrs. Bryant's mental state.  As

explained by the Court at the July 26, 2020 Final Pretrial Conference: "the Court will not necessarily preclude defendants from introducing evidence of or cross-examining plaintiff on the impact of her involvement in other lawsuits including the lawsuit regarding the helicopter crash has had on her mental status after the crash." [Jul. 26, 2022 Final Pretrial Conference Hearing Tr. at 81:2-10.]

The jury must evaluate Plaintiff's claims of emotional distress largely by her own words and actions.  Mrs. Bryant did not seek medical treatment or therapy, and has never received a medical diagnosis.  She also refused to sit for an independent medical examination in this case.  Her public statements—which are party admissions and present sense impressions, *see* Fed. R. Evid. 803(1)—are critical evidence relevant to Mrs. Bryant's claims.

**Plaintiffs' Response:**  Exhibit 668H depicts an update from Forbes that the helicopter operator involved in the death of Mrs. Bryant's loved ones had received funding under the CARES Act (the "Covid-19 Economic Relief" Act). The exhibit also includes a caption with broken heart emojis. This post is irrelevant and inadmissible under Federal Rule of Evidence 403.

Although Defendants apparently wish to introduce this post to suggest that Mrs. Bryant was unhappy about the helicopter company's funding, Mrs. Bryant's reaction to that news is not probative of any issue, including damages. Mrs. Bryant seeks damages for the emotional harm caused by Defendants' misconduct, including disgust at the intrusion upon her grief, distress at the mistreatment of her loved ones' remains, and persistent fear that she may confront those images online at any time given Defendants' failure to preserve and destroy the photographs. Mrs. Bryant's emoji reaction to learning about payment of pandemic relief is not remotely comparable to that ongoing emotional harm and fear.

Defendants' attempt to introduce Exhibit 668H is also contrary to the Court's guidance on evidence about the helicopter lawsuit and settlement. The Court granted Mrs. Bryant's Motion in Limine No. 3 to exclude "any reference to the settlement of

the lawsuit against the helicopter operator." (Templeton Decl. Ex. A. [July 26, 2022 Hearing Tr.] at 80:19-21.) The Court also sustained Mrs. Bryant's relevance and Rule 403 objections Defendants' Exhibits 91, 672, and 675—all pleadings from Mrs. Bryant's lawsuit against the helicopter company. (Decl. Ex. A. Tr. 7-26-22 at 80:23-81:1 (sustaining objections to Trial Exhibits 91, 672, and 675.) In issuing those orders, the Court noted the minimal probative value of evidence about the prior litigation and the high risk of confusion and undue prejudice.

Like the pleadings in Mrs. Bryant's case, and the settlement documents, Mrs. Bryant's reaction to a news post is not probative of the distress Mrs. Bryant has experienced as a result of Defendants' conduct. Instead, introducing this post raises a substantial risk of confusing the jurors into believing that responsibility for the helicopter crash is somehow at issue in this case—which is contrary to the Court's instructions. (Dkt. 358 at 72 (Court-Ordered Instruction No. 57).)

## II.    **Exhibit 668S**

**Plaintiffs' Grounds for Objection:**  Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). *See*, *e.g.*, *Caldwell v. Wal-Mart Stores, Inc.*, 229 F.3d 1162 (10th Cir. 2000) (holding that district court properly rejected evidence regarding plaintiff's motivation to bring suit as irrelevant and unfairly prejudicial).

**Defendants' Response to the Objection:**  Exhibit 668S is a post depicting the caption page of the First Amended Complaint in this action.  In the post, Mrs. Bryant has drawn a red box around the names the defendants, including the individual deputy defendants.  Plaintiff has represented to the jury that this case is about the aggravation of her grief and resulting emotional distress.  However, Mrs. Bryant's real time conduct of displaying the names of the individual deputies to her approximately 15.5 million Instagram followers creates a strong inference that this case is actually about revenge.

Plaintiffs cite a litany of cases for the proposition that a plaintiff's motivation for initiating litigation is not relevant to the litigation itself.  The cases relied upon by Plaintiffs are inapposite, as none of them deal with a situation where the only basis for damages is the alleged emotional distress of the plaintiff.  *See Collins v. Del Taco, Inc.*, 2005 WL 3789357, at *3 (C.D. Cal. Feb 24, 2005) (subjective motive for bringing a lawsuit under the Americans With Disabilities Act not relevant to whether there was in fact a violation under the Act); *Caldwell v. Wal-Mart Stores, Inc.*, 229 F.3d 1162, 2000 WL 1335564, at *5 (10th Cir. 2000) (plaintiffs intention to use money obtained from litigation to pay off unrelated debt was not relevant); *Johnson v. King-Richardson Co.*, 36 F.2d 675, 677 (1st Cir. 1930) (motive for initiating action not relevant in shareholder derivative action); *Davis v. Phenix City, Alabama*, 2008 WL 11511788, at *1 (M.D. Ala. Feb. 28, 2008) (speculation that employee's lawsuit against employer was filed as retaliation for employer firing employee's friend not relevant); *Krakover v. Mazur*, 48 F.3d 341, 344 (8th Cir. 1995) (so long as a plaintiff is seeking the actual remedy requested, the

1  motives for pursuing suit are irrelevant for purposes of abuse of process action

2  under Missouri law).  The plaintiffs' mental condition was not at issue in any of

3  these cases.

4       In contrast to the aforementioned cases, Mrs. Bryant's mental state is one of

5  the central issues in this action and her alleged emotional distress is the only basis

6  for damages.  In this context, the fact that Mrs. Bryant may be pursing this litigation

7  as a form of revenge bears directly on her claim that she suffers from severe

8  emotional distress.  Defendants are entitled to ask the jury to assess Mrs. Bryant's

9  claim of severe emotional distress by looking at her prior statements—including

10 statements she has made about this litigation.  *Rosales v. Crawford and Company,*

11 *No. 2:20-cv-02540 JAM AC, 2021 WL 4429468, at \*6 (E.D. Cal. Sept. 7, 2021)*

12 ("information from social media is relevant to claims of emotional distress because

13 social media activity, to an extent, is reflective of an individual's contemporaneous

14 emotions and mental state."); *see also E.E.O.C. v. Simply Storage Management,*

15 *LLC, 270 F.R.D. 430, 436 (S.D. Ind. 2010)* (context and appearance of plaintiff in

16 pictures posted on social media relevant to assessment of plaintiff's emotional or

17 mental status).  The jury should not be limited to evaluating Mrs. Bryant's purported

18 distress based only on what she says after preparation with her lawyers at deposition

19 and at trial.  Rather, the jury is entitled to a complete view of Mrs. Bryant's

20 statements and actions so that it may test her credibility and determine whether she

21 in does in fact suffer from severe emotional distress, as she claims

22       Additionally, Exhibit 668S shows Mrs. Bryant publicly commenting about

23 this litigation on the Internet—the very medium she claims is the source of her

24 emotional distress.  Mrs. Bryant has put her use of the Internet directly at issue in

25 this case.  Exhibit 668S not only shows her willingness to continue to engage with

26 the public on the Internet, but more significantly, it demonstrates a willingness to

27 publicize and draw attention to the alleged conduct at issue in this case.  The jury

28 should decide whether this behavior is consistent with someone who is suffering

1  severe emotional distress relating to a purported lack of privacy and fear of

2  engaging with the Internet.

3          There are also no 403 concerns with introducing Exhibit 668S.  Its probative

4  value far outweighs any risk that jurors may be confused that additional defendants

5  are listed in the caption.  To the extent the Court is concerned with that, it can give a

6  limiting instruction to the jury.  Plaintiffs' arguments that the jury may infer an

7  improper purpose from Mrs. Bryant's own post is likewise without merit.  The jury

8  is entitled to consider Mrs. Bryant's anger, distress, and any other emotion that tends

9  to disprove her claims of severe emotional distress.

10         Emotional distress cannot be objectively assessed in the same way as a

11 physical injury.  The jury must evaluate Plaintiff's claims of emotional distress

12 largely by her own words and actions.  It would be profoundly unfair if all the jury

13 heard about Mrs. Bryant's claimed distress was what Plaintiffs present at trial.  Mrs.

14 Bryant's out-of-court statements are critical, irreplaceable evidence, especially

15 because Defendants have not be able to conduct an independent medical

16 examination of Mrs. Bryant in this case.

17         **Plaintiffs' Response:**  Exhibit 668S is a post depicting the caption of the First

18 Amended Complaint in this action with a red box around Defendants' section. It

19 contains no comments by Mrs. Bryant or any other Instagram user. Mrs. Bryant

20 posted this image on March 17, 2021—nine days after the Court's denial of

21 Defendants' application to seal the names of the individual deputies named as

22 defendants in Plaintiff's First Amended Complaint. *See* Dkt. 53. As explained by the

23 Court, "[m]isconduct by individual officers, incompetent internal investigations, or

24 questionable supervisory practices must be exposed if they exist.'" (Dkt. 53 (quoting

25 *Welsh v. City & Cnty. of S.F.*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995).) Although

26 Defendants omit the surrounding posts, Exhibit 668S is part of a series of posts in

27 which Mrs. Bryant expresses her gratitude about the Court's denial of Defendants'

28 sealing application. (Templeton Decl. Ex. B.)

The photo is irrelevant and even if it had minimal relevance it would be inadmissible under Federal Rule of Evidence 403. Neither Mrs. Bryant's opposition to Defendants' application to seal the names of the individual deputies nor the Court's ruling on that application have any bearing on the issues in this case. However, the post is likely to confuse the jurors and require evidence about collateral issues, such as Mrs. Bryant's motivation for litigation.

During the parties' meet-and-confer conference, Defendants asserted three relevance theories—each of which collapses on examination. *First*, Defendants argue that the photo is relevant to establish that participating in this lawsuit has caused Mrs. Bryant's emotional distress. But the photo says nothing about how (if at all) the litigation itself has affected Mrs. Bryant's emotional injuries. It is merely an annotated caption without any accompanying narrative.

*Second*, Defendants argue that the post is relevant to establishing Mrs. Bryant's motivation for bringing the lawsuit. This argument fails for two reasons. To begin, even if Mrs. Bryant's motivations were relevant (they are not), Exhibit 668S has no tendency in reason to establish what her motivations actually were. Naming defendants and making allegations about them in public-facing pleadings is a basic litigation function common to every plaintiff who initiates litigation. The mere act of posting a document that identifies the defendants in the case by name says nothing about the plaintiff's individual motives.

But even if Exhibit 668S did cast light on Mrs. Bryant's motivations, her motivations are themselves irrelevant. Cases are decided according to the law, not "the subjective motives of the litigants." *Collins v. Del Taco, Inc*., 2005 WL 3789357, at *3 (C.D. Cal. Feb 24, 2005). A plaintiff's subjective motivation "does not shed any light as to the probable merit of the claims and allegations they asserted in this case." *Id*. For that reason, courts have consistently found that evidence of a plaintiff's reasons for pursuing a lawsuit is irrelevant and not admissible. *See, e.g.*, *Caldwell v. Wal-Mart Stores, Inc*., 229 F.3d 1162, 2000 WL

1335564, at *5 (10th Cir. 2000) (court properly excluded testimony regarding plaintiffs motive in bringing suit because, absent fraud, "evidence of [plaintiffs] financial motivation to bring the suit was not relevant to any of the issues in this case"); *Krakover v. Mazur*, 48 F.3d 341, 344 (8th Cir. 1995) ("As long as a plaintiff is seeking the remedy requested, his bad motives for pursuing the suit are irrelevant."); *Johnson v. King-Richardson Co.*, 36 F.2d 675, 677 (1st Cir. 1930) ("[W]here a suitor is entitled to relief in respect to the matter concerning which he sues, his motives are immaterial . . . ."); *Davis v. Phenix City, Alabama*, 2008 WL 11511788, at *1 (M.D. Ala. Feb. 28, 2008) ("The issue in this case is why [plaintiff] was fired; it is not why [plaintiff] filed this lawsuit.").

*Third*, Defendants argue that Exhibit 668S is relevant because employees of Defendants experienced harassing commentary from unidentified Internet users or members of the public after Mrs. Bryant's post. Such commentary from non-parties to the litigation has no tendency to prove or disprove any fact at issue in this litigation. This trial is about the constitutional violations committed by Defendants' personnel, the institutional failings that caused those violations, and the resulting harm to *Plaintiffs*. It is not a referendum on Mrs. Bryant or her social media posts, or a case about the distress *Defendants* say they suffered when they were called out for their misconduct. *Cf. Thorne v. Member Select Ins. Co.*, 2016 WL 2956698, at *2 (N.D. Ind. May 23, 2016) (excluding evidence of "pecuniary and emotional effect" of the lawsuit because it was not relevant to claims).

Even if Exhibit 668S had some minimal probative value, it should be excluded because its probative value is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. Permitting this post into evidence allows Defendants to infer that Mrs. Bryant is pursuing this litigation for an improper purpose which is both false and highly prejudicial. Further, if Defendants are entitled to present false inferences about Mrs. Bryant's motivations, Mrs. Bryant will need to rebut those inferences by presenting evidence about why the complaint

was unsealed, the positions Defendants took, and why the Court sided with Plaintiffs and rejected Defendants' sealing request. Such testimony would take the jury far afield without contributing anything useful to their understanding of the case.

This evidence risks confusion for the additional reason that the caption lists as defendants individual deputies who are not in fact defendants in this *Monell* trial. *Cf. Calloway v. Hayward*, 2017 WL 363000, at *3 (E.D. Cal. Jan. 24, 2017) ("Testimony or evidence about dismissed Defendants or claims and unrelated claims and individuals is irrelevant and is excluded."). Identifying the deputies as defendants in a trial exhibit could cause the jurors to mistakenly believe that those individuals are defendants in this trial. Alternatively, it could cause jurors to speculate about why the individual deputies are *not* defendants in this trial. This could unfairly prejudice Plaintiff, as the jury could assume that Mrs. Bryant's claims against the individual deputies were unsuccessful.

### III.   Exhibit 668AG



**Plaintiffs' Grounds for Objection:** Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition."

**Defendants' Response to the Objection:** Mrs. Bryant's entire case is about emotional distress—it is the only form of damages she is seeking. (*See* FAC ¶¶ 86, 92, 98, 105, 113.) In order to succeed, she must prove that Defendants' sharing of crash scene photos *caused* her "severe emotional distress." *See, e.g., Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213 (2021) (no viable negligence claim unless "the breach was the proximate or legal cause of the resulting injury" (citation omitted)).

Defendants are entitled to defend against such claims by showing that other factors in Mrs. Bryant's life caused her distress. *See Williams v. County of San Diego*, 2020 WL 2991515, at *4 (S.D. Cal. June 3, 2020) ("In defending against Plaintiffs' damages claims, Defendant is entitled to show that 'other factors' contributed to Plaintiff's emotional distress." (citation omitted)); *Cal. Psychiatric Transitions*, 258 F.R.D. at 400 ("Defendant should be able to determine whether Plaintiff's emotional state may have been effected by something other than Defendant's alleged actions."); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999) ("For each item of damages, whether economic or noneconomic, the plaintiff must show that the damage was proximately caused by the defendant's unlawful conduct. In turn, [the defendant] is entitled to show that other factors contributed to the plaintiff's damage.").

Exhibit 668AG is an August 2, 2021 public Instagram post by Mrs. Bryant regarding a trip to Saint-Tropez, France. Evidence of Mrs. Bryant's travels, activities, and online posts are relevant to Plaintiff's claims. Mrs. Bryant's ability to travel out of the country for extended periods of time is highly probative of her mental and emotional state. *See, e.g., Rosales v. Crawford and Company*, No. 2:20-cv-02540 JAM AC, 2021 WL 4429468, at *6 (E.D. Cal. Sept. 27, 2021)

("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also E.E.O.C. v. Simply Storage Management, LLC*, 270 F.R.D. 430, 436 (S.D. Ind. 2010) (context and appearance of plaintiff in pictures posted on social media relevant to assessment of plaintiff's emotional or mental status).

The admission of multiple exhibits depicting Mrs. Bryant in different countries is necessary to provide the jury with the full context of Mrs. Bryant's travels and associated mental state. That she can travel from location to location and country to country within the same trip reflects on her mental condition and ability to deal with the stresses of traveling.

Plaintiff contends that she has suffered severe emotional distress because of Defendants' conduct. Defendants are entitled to ask the jury to assess this claim by looking at Mrs. Bryant's actions and statements since she became aware of the alleged conduct. Plaintiff's position is that the jury can only assess her emotional distress by what she says after preparation with her lawyers at deposition and at trial. That is not how it works. The jury should be presented with a full picture of Plaintiff' day-to-day life during the time period at issue. Plaintiff's contemporaneous statements are the best evidence of her emotional state.

Mrs. Bryant has put her use of the Internet directly at issue in this case. She claims that as a result of Defendants' conduct she avoids going online and checking her social media accounts. The frequency and content of Mrs. Bryant's Instagram posts are inconsistent with her claims. The jury is entitled to consider this evidence.

The risk of prejudice does not "substantially" outweigh the significant probative value of Exhibit 668AG. Plaintiff argues that this exhibit should be excluded because the Court's ruling on MIL 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition." This photograph has nothing to do with Mrs. Bryant's wealth; nor does it contain

any indicia of her financial condition.  By Plaintiff's argument, almost anything touching on Mrs. Bryant's lifestyle must be excluded, no matter how probative.

The jury must evaluate Plaintiff's claims of emotional distress largely by her own words and actions.  Mrs. Bryant did not seek medical treatment or therapy, and has never received a medical diagnosis.  She also refused to sit for an independent medical examination in this case.  Her public statements—which are party admissions and present sense impressions, *see* Fed. R. Evid. 803(1)—are critical evidence relevant to Mrs. Bryant's claims.

**Plaintiffs' Response:**  Exhibit 668AG is a post dated August 2, 2021 that shows Mrs. Bryant and a friend on vacation in St. Tropez, France. It is irrelevant, unfairly prejudicial, and contrary to the Court's ruling Plaintiff's MIL No. 3.

Mrs. Bryant's social and recreational activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant has travelled internationally in the period since the helicopter crash has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

Even if this evidence were relevant (it is not), Exhibit 668AG would still be inadmissible under Rule 403 because it is unfairly prejudicial and contrary to the Court's ruling on Plaintiffs' MIL No. 3. Exhibit 668AG depicts Plaintiff wearing fashionable clothing at a high-end vacation destination. This evidence necessarily invites jurors to think about Plaintiffs' financial status and may be used to insinuate that Mrs. Bryant's financial status makes her injury inconsequential or that it mitigates any damages she endured and will continue to endure.

This risk of unfair prejudice is magnified by the fact that Exhibit 668AG is cumulative of other exhibits, which also show Mrs. Bryant traveling during the same general period. Defendants have no legitimate purpose for admitting any of these images, much less numerous images with near-identical content.

Defendants resist these arguments by arguing that they need Exhibit 668AG (and other photos like it) to establish the fact that Plaintiff took an overseas vacation, and that she visited specific locations. But Defendants' refusal to stipulate to reasonable alternatives belies that contention and underscores their actual intention—namely, presenting backdoor evidence of Mrs. Bryant's financial status.

As part of the parties' meet-and-confer, Mrs. Bryant offered to stipulate to the admission of Exhibit 668AF, which is a post from the same trip, if Defendants withdrew other exhibits from the trip, including Exhibit 668AG. (Templeton Decl. ¶ 4; Ex. C.) The post Mrs. Bryant agreed to stipulate to—Exhibit 668AF—is a photo that Defendants included in their original Exhibit 668 and in their updated pretrial exhibit stipulation for Exhibit 668, which contains a caption that identifies destinations on Mrs. Bryant's travel itinerary. (*See* Templeton Decl. Ex. D [TREX 668AF] ("The last 2 weeks in Europe were so nice. Loved getting to spend extra QT time with my girls. Photo Dump to follow…. Croatia, France & Italy.").) That caption satisfies Defendants' stated need for evidence that Mrs. Bryant travelled to the specified locations while minimizing the risk of unfair prejudice arising from the association between pictures of those locations (and Mrs. Bryant's activities there) and her financial status, as required by the Court's ruling on MIL No. 3. Nonetheless, Defendants not only rejected Plaintiffs' compromise offer but withdrew TREX 668AF completely from their list of trial exhibits.

To the extent Defendants want to question Mrs. Bryant about her family trip to Europe in summer 2021, Exhibit 668AF is sufficient. It states both the duration of the trip (two weeks) and the locations visited (Croatia, France, and Italy). There is simply no need to introduce further risk of unfair prejudice by introducing photos from each stop on the itinerary. Defendants' rejection of this offer suggests that Defendants' stated need for the evidence is pretextual and that Exhibit 668AG is in fact intended to inject Mrs. Bryant's financial status into the case.

/ / /

## IV.    Exhibit 668AH



**Plaintiffs' Grounds for Objection:**  Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition."

**Defendants' Response to the Objection:**  Exhibit 668AH is an August 3, 2021 public Instagram post by Mrs. Bryant regarding a trip to Antibes, France.  As set forth above, Defendants are entitled to defend against Mrs. Bryant's claims of severe emotional distress by showing that other factors in Mrs. Bryant's life caused her distress.

Mrs. Bryant's ability to travel out of the country and take trips with her young daughters is highly probative of her mental and emotional state.  *See, e.g., Rosales, 2021 WL 4429468, at *6* ("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also Simply Storage*

1   *Management, LLC*, 270 F.R.D. at 436 (context and appearance of plaintiff in

2   pictures posted on social media relevant to assessment of plaintiff's emotional or

3   mental status).

4        The admission of multiple exhibits depicting Mrs. Bryant in different

5   countries is necessary to provide the jury with the full context of Mrs. Bryant's

6   travels and associated mental state.  That she can travel from location to location

7   and country to country within the same trip reflects on her mental condition and

8   ability to deal with the stresses of traveling.

9        Plaintiff's position is that the jury can only assess her emotional distress by

10  what she says after preparation with her lawyers at deposition and at trial.  The jury

11  should be presented with a full picture of Plaintiff's day-to-day life.

12       Mrs. Bryant has put her use of the Internet directly at issue in this case.  She

13  claims that as a result of Defendants' conduct she avoids going online and checking

14  her social media accounts.  The frequency and content of Mrs. Bryant's Instagram

15  posts are inconsistent with her claims.  The jury is entitled to consider this evidence.

16       Plaintiff's 403 argument fails for the same reasons set forth above—the risk

17  of prejudice does not "substantially" outweigh the significant probative value of

18  Exhibit 668AH and it does not run afoul of the Court's ruling on MIL 3.  And the

19  jury in this case is going to be forced to evaluate Mrs. Bryant's claims of emotional

20  distress largely by her own words and actions since she has never received treatment

21  or been diagnosed as suffering from emotional distress.

22       **Plaintiffs' Response:**  Exhibit 668AH is a post dated August 3, 2021—one

23  day after 668AG above—which shows Mrs. Bryant and her family in front of the

24  Hotel du Cap-Eden-Roc—a five-star hotel in the French Riviera. It is irrelevant,

25  unfairly prejudicial and contrary to the Court's ruling Plaintiff's MIL No. 3.

26       As described above, Mrs. Bryant's social and recreational activities are

27  irrelevant to determining whether (and to what extent) she has suffered emotional

28  distress from Defendants' unconstitutional sharing of photos of her loved ones'

remains. The mere fact that Mrs. Bryant has travelled internationally in the period since the helicopter crash has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

Even if this evidence were relevant (it is not), Exhibit 668AH would still be inadmissible under Rule 403 because it is unfairly prejudicial and contrary to the Court's ruling on Plaintiffs' MIL No. 3. Exhibit 668AH depicts Plaintiff's family at a high-end vacation destination. This evidence necessarily invites jurors to think about Plaintiffs' financial status and may be used to insinuate that Mrs. Bryant's financial status makes her injury inconsequential or that it mitigates any damages she endured and will continue to endure.

This risk of unfair prejudice is magnified by the fact that Exhibit 668AH is cumulative of other exhibits, which also show Mrs. Bryant traveling during the same general period. As noted, Exhibit 668AH was posted just one day after Exhibit 668AG above. Defendants have no legitimate purpose for admitting any of these images, much less numerous images with near-identical content.

As part of the parties' meet-and-confer, Mrs. Bryant offered to stipulate to the admission of Exhibit 668AF, which is a post from the same trip, if Defendants withdrew other exhibits from the trip, including Exhibit 668AH. (Templeton Decl. ¶ 4; Ex. C.) The post Mrs. Bryant agreed to stipulate to—Exhibit 668AF—is a photo that Defendants included in their original Exhibit 668 and in their updated pretrial exhibit stipulation for Exhibit 668, which contains a caption that identifies destinations on Mrs. Bryant's travel itinerary. (*See* Templeton Decl. Ex. D ("The last 2 weeks in Europe were so nice. Loved getting to spend extra QT time with my girls. Photo Dump to follow…. Croatia, France & Italy.").) That caption satisfies Defendants' stated need for evidence that Mrs. Bryant travelled to the specified locations while minimizing the risk of unfair prejudice arising from the association between pictures of those locations (and Mrs. Bryant's activities there) and her financial status, as required by the Court's ruling on MIL No. 3. Nonetheless,

1  Defendants not only rejected Plaintiffs' compromise offer but withdrew TREX

2  668AF completely from their list of trial exhibits.

3       To the extent Defendants want to question Mrs. Bryant about her family trip

4  to Europe in summer 2021, Exhibit 668AF is sufficient. It states both the duration of

5  the trip (two weeks) and the locations visited (Croatia, France, and Italy). There is

6  simply no need to introduce further risk of unfair prejudice by introducing photos

7  from each stop on the itinerary. Defendants' rejection of this offer suggests that

8  Defendants' stated need for the evidence is pretextual and that Exhibit 668AH is in

9  fact intended to inject Mrs. Bryant's financial status into the case.

10 **V.    <u>Exhibit 668AI</u>**



24     **Plaintiffs' Grounds for Objection:** Relevance (FRE 402); unfair prejudice,

25 confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL

26 No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to

27 plaintiff's financial condition."

28       / / /

**Defendants' Response to the Objection:** Exhibit 668AI is an August 4, 2021 public Instagram post by Mrs. Bryant regarding a trip to Saint-Jean-Cap-Ferrat, France. As set forth above, Defendants are entitled to defend against Mrs. Bryant's claims of severe emotional distress by showing that other factors in Mrs. Bryant's life caused her distress.

Mrs. Bryant's ability to travel out of the country for extended periods of time is highly probative of her mental and emotional state. *Rosales*, 2021 WL 4429468, at *6 ("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also Simply Storage Management, LLC*, 270 F.R.D. at 436 (context and appearance of plaintiff in pictures posted on social media relevant to assessment of plaintiff's emotional or mental status).

The admission of multiple exhibits depicting Mrs. Bryant in different countries is necessary to provide the jury with the full context of Mrs. Bryant's travels and associated mental state. That she can travel from location to location and country to country within the same trip reflects on her mental condition and ability to deal with the stresses of traveling.

Exhibit 668AI also shows Mrs. Bryant publicly documenting her travels online. Mrs. Bryant has put her use of the Internet directly at issue in this case. She claims that as a result of Defendants' conduct she avoids going online and checking her social media accounts. The frequency and content of Mrs. Bryant's Instagram posts are inconsistent with her claims. The jury is entitled to consider this evidence.

Plaintiffs' 403 argument fails for the same reasons set forth above—the risk of prejudice does not "substantially" outweigh the significant probative value of Exhibit 668AI and it does not run afoul of the Court's ruling on MIL 3. And the jury in this case is going to be forced to evaluate Mrs. Bryant's claims of emotional

distress largely by her own words and actions since she has never received treatment or been diagnosed as suffering from emotional distress.

**Plaintiffs' Response:** Exhibit 668AI is a post dated August 4, 2021—one day after Exhibit 668AH above and two days after 668AG—which appears to show Mrs. Bryant in formalwear in Mediterranean France. The exhibit includes a laudatory comment from international celebrity Khloe Kardashian. It is irrelevant, unfairly prejudicial and contrary to the Court's ruling Plaintiff's MIL No. 3.

As described above, Mrs. Bryant's social and recreational activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant has travelled internationally in the period since the helicopter crash has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

Even if this evidence were relevant (it is not), Exhibit 668AI would still be inadmissible under Rule 403 because it is unfairly prejudicial and contrary to the Court's ruling on Plaintiffs' MIL No. 3. Photos that depict Mrs. Bryant wearing high-end clothing in upscale destinations invite jurors to think about Plaintiffs' financial status. So too do comments from well-known celebrities who engage with Mrs. Bryant's social media posts online. Such evidence may also be used to insinuate that Mrs. Bryant's financial status makes her injury inconsequential or that it mitigates any damages she endured and will continue to endure.

This risk of unfair prejudice is magnified by the fact that Exhibit 668AI is cumulative of other exhibits, which also show Mrs. Bryant traveling during the same general period. As noted, Exhibit 668AI was posted just one day after Exhibit 668AH above and two days after Exhibit AG. Defendants have no legitimate purpose for admitting any of these images, much less numerous images with near-identical content.

/ / /

As part of the parties' meet-and-confer, Mrs. Bryant offered to stipulate to the admission of Exhibit 668AF, which is a post from the same trip, if Defendants withdrew other exhibits from the trip, including Exhibit 668AI. (Templeton Decl. ¶ 4; Ex. C.) The post Mrs. Bryant agreed to stipulate to—Exhibit 668AF—is a photo that Defendants included in their original Exhibit 668 and in their updated pretrial exhibit stipulation for Exhibit 668, which contains a caption that identifies destinations on Mrs. Bryant's travel itinerary. (*See* Templeton Decl. Ex. D ("The last 2 weeks in Europe were so nice. Loved getting to spend extra QT time with my girls. Photo Dump to follow…. Croatia, France & Italy.").) That caption satisfies Defendants' stated need for evidence that Mrs. Bryant travelled to the specified locations while minimizing the risk of unfair prejudice arising from the association between pictures of those locations (and Mrs. Bryant's activities there) and her financial status, as required by the Court's ruling on MIL No. 3. Nonetheless, Defendants not only rejected Plaintiffs' compromise offer but withdrew TREX 668AF completely from their list of trial exhibits.

To the extent Defendants want to question Mrs. Bryant about her family trip to Europe in summer 2021, Exhibit 668AF is sufficient. It states both the duration of the trip (two weeks) and the locations visited (Croatia, France, and Italy). There is simply no need to introduce further risk of unfair prejudice by introducing photos from each stop on the itinerary. Defendants' rejection of this offer suggests that Defendants' stated need for the evidence is pretextual and that Exhibit 668AI is in fact intended to inject Mrs. Bryant's financial status into the case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## VI.   Exhibit 668AJ



**Plaintiffs' Grounds for Objection:**  Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition."

**Defendants' Response to the Objection:**  Exhibit 668AJ is an August 6, 2021 public Instagram post by Mrs. Bryant depicting a photograph of herself in Capri, Italy.  As set forth above, Defendants are entitled to defend against Mrs. Bryant's claims of severe emotional distress by showing that other factors in Mrs. Bryant's life caused her distress.

Mrs. Bryant's ability to travel out of the country for extended periods of time is highly probative of her mental and emotional state.  *Rosales*, 2021 WL 4429468, at *6 ("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also Simply Storage*

1   *Management, LLC*, 270 F.R.D. at 436 (context and appearance of plaintiff in

2   pictures posted on social media relevant to assessment of plaintiff's emotional or

3   mental status).

4        The admission of multiple exhibits depicting Mrs. Bryant in different

5   countries is necessary to provide the jury with the full context of Mrs. Bryant's

6   travels and associated mental state.  That she can travel from location to location

7   and country to country within the same trip reflects on her mental condition and

8   ability to deal with the stresses of traveling.

9        Mrs. Bryant has put her use of the Internet directly at issue in this case.  She

10  claims that as a result of Defendants' conduct she avoids going online and checking

11  her social media accounts.  Mrs. Bryant's willingness to document her travels online

12  is inconsistent with her claims.  The jury is entitled to consider this evidence.

13       Plaintiffs' 403 argument fails for the same reasons set forth above—the risk

14  of prejudice does not "substantially" outweigh the significant probative value of

15  Exhibit 668AJ and it does not run afoul of the Court's ruling on MIL 3.  And the

16  jury in this case is going to be forced to evaluate Mrs. Bryant's claims of emotional

17  distress largely by her own words and actions since she has never received treatment

18  or been diagnosed as suffering from emotional distress.

19       Mrs. Bryant's Instagram is replete with photographs of her and her family's

20  various trips.  In an effort to reduce the potentially cumulative nature of these posts,

21  Defendants have withdrawn exhibits that depict Mrs. Bryant or her family in the

22  same location more than once.  Specifically, Defendants are no longer seeking to

23  admit Exhibit 668AK, which is a similar post depicting Mrs. Bryant and her

24  daughters in Capri, Italy.

25       **Plaintiffs' Response:**  Exhibit 668AJ is a post dated August 6, 2021—two days

26  after Exhibit 668AI—which shows Mrs. Bryant in a gown eating at a restaurant in

27  Capri, Italy. It is irrelevant, unfairly prejudicial and contrary to the Court's ruling

28  Plaintiff's MIL No. 3.

As described above, Mrs. Bryant's recreational activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant has travelled internationally in the period since the helicopter crash has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

Even if this evidence were relevant (it is not), Exhibit 668AJ would still be inadmissible under Rule 403 because it is unfairly prejudicial and contrary to the Court's ruling on Plaintiffs' MIL No. 3. Photos that depict Mrs. Bryant wearing fashionable clothing at a high-end vacation destination invites jurors to think about Plaintiffs' financial status. Such evidence may be used to insinuate that Mrs. Bryant's financial status makes her injury inconsequential or that it mitigates any damages she endured and will continue to endure.

This risk of unfair prejudice is magnified by the fact that Exhibit 668AJ is cumulative of other exhibits, which also show Mrs. Bryant traveling during the same general period. As noted, Exhibit 668AJ was posted just two days after Exhibit 668I. Defendants have no legitimate purpose for admitting any of these images, much less numerous images with near-identical content.

As part of the parties' meet-and-confer, Mrs. Bryant offered to stipulate to the admission of Exhibit 668AF, which is a post from the same trip, if Defendants withdrew other exhibits from the trip, including Exhibit 668AJ. (Templeton Decl. ¶ 4; Ex. C.) The post Mrs. Bryant agreed to stipulate to—Exhibit 668AF—is a photo that Defendants included in their original Exhibit 668 and in their updated pretrial exhibit stipulation for Exhibit 668, which contains a caption that identifies destinations on Mrs. Bryant's travel itinerary. (*See* Templeton Decl. Ex. D ("The last 2 weeks in Europe were so nice. Loved getting to spend extra QT time with my girls. Photo Dump to follow…. Croatia, France & Italy.").) That caption satisfies Defendants' stated need for evidence that Mrs. Bryant travelled to the specified

locations while minimizing the risk of unfair prejudice arising from the association between pictures of those locations (and Mrs. Bryant's activities there) and her financial status, as required by the Court's ruling on MIL No. 3. Nonetheless, Defendants not only rejected Plaintiffs' compromise offer but withdrew TREX 668AF completely from their list of trial exhibits.

To the extent Defendants want to question Mrs. Bryant about her family trip to Europe in summer 2021, Exhibit 668AF is sufficient. It states both the duration of the trip (two weeks) and the locations visited (Croatia, France, and Italy). There is simply no need to introduce further risk of unfair prejudice by introducing photos from each stop on the itinerary. Defendants' rejection of this offer suggests that Defendants' stated need for the evidence is pretextual and that Exhibit 668AJ is in fact intended to inject Mrs. Bryant's financial status into the case.

## VII.   <u>Exhibit 668AO</u>



**Plaintiffs' Grounds for Objection:** Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition."

**Defendants' Response to the Objection:** Exhibit 668AO is an August 29, 2021 public Instagram post by Mrs. Bryant regarding a Dolce & Gabbana event she attended in Venice, Italy. As set forth above, Defendants are entitled to defend against Mrs. Bryant's claims of severe emotional distress by showing that other factors in Mrs. Bryant's life caused her distress.

On August 29, 2021, Mrs. Bryant attended the Dolce & Gabbana Alta Mode fashion show in Venice, Italy at the Piazzetta San Marco. The show included a 100-look collection of pieces. It was covered by international media outlets, including *Vogue*[1] and *Elle*[2]. Mrs. Bryant attended both nights of the event and publicized her attendance online.

Mrs. Bryant's ability to attend and participate in high-profile and widely-publicized events bears directly on her emotional condition during the time period at issue. *Rosales*, 2021 WL 4429468, at *6 ("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also Simply Storage Management, LLC*, 270 F.R.D. at 436 (context and appearance of plaintiff in pictures posted on social media relevant to assessment of plaintiff's emotional or mental status).

Exhibit 668AO shows Mrs. Bryant participating in an event that was covered by international media and then publicizing it further by posting to her Instagram

---

[1] https://www.vogue.com/article/dolce-gabbana-alta-moda-venice

[2] https://www.elle.com/fashion/g37432907/dolce-and-gabbana-alta-moda-show-venice-2021/

account.  The jury should decide whether this behavior is consistent with someone who is suffering severe emotional distress relating to a purported lack of privacy and fear of engaging with the Internet.

Exhibit 668AO also shows Mrs. Bryant publicly documenting her travels online.  Mrs. Bryant has put her use of the Internet directly at issue in this case.  She claims that as a result of Defendants' conduct she avoids going online and checking her social media accounts.  The frequency and content of her Instagram posts are highly probative of her claims.  The jury is entitled to consider this evidence.

Plaintiffs' 403 argument fails for the same reasons set forth above—the risk of prejudice does not "substantially" outweigh the significant probative value of Exhibit 668AO and it does not run afoul of the Court's ruling on MIL 3.  And the jury in this case is going to be forced to evaluate Mrs. Bryant's claims of emotional distress largely by her own words and actions since she has never received treatment or been diagnosed as suffering from emotional distress.

Mrs. Bryant's Instagram is replete with posts depicting her at the August 29, 2021 Dolce & Gabbana event.  In an effort to reduce the potentially cumulative nature of these posts, Defendants have withdrawn the following exhibits that contain posts from the same event:  668AQ, 668AR, 668AS, and 668AT.

**Plaintiffs' Response:**  Exhibit 668AO is a photo dated August 29, 2021, which depicts Mrs. Bryant in a formal gown with designer earrings. The post is from a two-day event in Italy hosted by renowned fashion designer Dolce & Gabbana. It includes laudatory comments from celebrities. It is irrelevant, unfairly prejudicial and contrary to the Court's ruling Plaintiff's MIL No. 3.

As described above, Mrs. Bryant's recreational activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant has travelled internationally and attended exclusive

events in the period since the helicopter crash has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

Even if this evidence were relevant (it is not), Exhibit 668AO would still be inadmissible under Rule 403 because it is unfairly prejudicial and contrary to the Court's ruling on Plaintiffs' MIL No. 3. Exhibit 668AO depicts Mrs. Bryant in formalwear and designer jewelry at an exclusive event hosted by a luxury fashion designer. This evidence necessarily invites jurors to think about Plaintiffs' financial status. So too do comments from well-known celebrities who engage with Mrs. Bryant's social media posts online. Such evidence may also be used to insinuate that Mrs. Bryant's financial status makes her injury inconsequential or that it mitigates any damages she endured and will continue to endure.

This risk of unfair prejudice is magnified by the fact that Exhibit 668AO is cumulative of other exhibits. Exhibit 668AO is one of three exhibits Defendants seek to introduce from the same Dolce & Gabbana function. (Exhibits 668AV and 668AX are the others.) Defendants have no legitimate purpose for admitting any of these images, much less multiple images with near-identical content. Defendants' insistence on introducing all of them suggests that their real intention is not to prove the fact that Mrs. Bryant attended this function—a fact not in dispute—but rather to use the images of formalwear and jewelry to make Mrs. Bryant seem unrelatable to the jury or undeserving of compensation.

As part of the parties' meet-and-confer, Plaintiffs offered to withdraw their objection to a different photo taken of Mrs. Bryant during the Dolce & Gabbana trip—TREX 668AU—if Defendants withdraw the other exhibits from that trip. The post Mrs. Bryant agreed to stipulate to—Exhibit 668AU—is a photo that Defendants included in their original Exhibit 668 and in their updated pretrial exhibit stipulation for Exhibit 668, which shows Mrs. Bryant at the function. (*See* Templeton Decl. Ex. E.) The post depicts Mrs. Bryant in formal clothing but omits some of the more obvious symbols of financial status in Exhibit 668AO, such as the designer earrings,

thereby mitigating some of the risk of unfair prejudice. Nonetheless, Defendants not only rejected Plaintiffs' compromise offer but withdrew TREX 668AU completely from their list of trial exhibits.

To the extent Defendants want to prove Mrs. Bryant's attendance at the Dolce & Gabbana event, TREX 668AU is sufficient. Defendants' rejection of Plaintiffs' compromise suggests that their stated need for the evidence is pretextual and that Exhibit 668AO is in fact intended to use images of high-end clothing and jewelry to imply facts about financial condition, which is impermissible.

## VIII.   Exhibit 668AV



**Plaintiffs' Grounds for Objection:** Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition."

/ / /

**Defendants' Response to the Objection:**  Exhibit 668AV is an August 31, 2021 public Instagram post by Mrs. Bryant regarding a second Dolce and Gabbana event she attended in Venice, Italy.  In the description of the post, Mrs. Bryant writes:  "Laughter and dancing feed my soul.  It was so hard going back to Venice but I'm glad I did it.  Adiamo @ciara IT @dolcegabbana."  As set forth above, Defendants are entitled to defend against Mrs. Bryant's claims of severe emotional distress by showing that other factors in Mrs. Bryant's life caused her distress.

Mrs. Bryant's ability to attend and participate in high-profile and widely-publicized events bears directly on her emotional condition during the time period at issue.  *Rosales*, 2021 WL 4429468, at *6 ("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also Simply Storage Management, LLC*, 270 F.R.D. at 436 (context and appearance of plaintiff in pictures posted on social media relevant to assessment of plaintiff's emotional or mental status).

The fact that Mrs. Bryant attended multiple Dolce & Gabbana events in Italy further contextualizes her mental state during August of 2021.  In addition to attending this events, Mrs. Bryant further publicized her participation by posting to her Instagram account.  The jury should decide whether this behavior is consistent with someone who is suffering severe emotional distress relating to a purported lack of privacy and fear of engaging with the Internet.

Exhibit 668AV also contains statements by Mrs. Bryant regarding her mental condition at the time.  Specifically, Mrs. Bryant writes: "Laughter and dancing feed my soul.  It was so hard going back to Venice but I'm glad I did it.  Adiamo @ciara IT @dolcegabbana."  The jury is entitled to consider these types of statements in assessing Mrs. Bryant's claims of severe emotional distress.  *See Reid v. Ingerman Smit LLP*, No. CV 2012-0307(IGL)(MDG), 2012 WL 6720752 at *2 (E.D.N.Y. Dec. 27, 2012) (statements made on social media "regarding plaintiff's social

activities may be relevant to plaintiff's claims of emotional distress and loss of enjoyment of life.").

Mrs. Bryant's Instagram is replete with posts depicting her at the August 31, 2021 Dolce & Gabbana event.  In an effort to reduce the potentially cumulative nature of these posts, Defendants have withdrawn the following exhibits that contain posts from the same event:  668AU, 668AW, 668X.

Exhibit 668AV also shows Mrs. Bryant publicly documenting her travels online.  Mrs. Bryant has put her use of the Internet directly at issue in this case.  She claims that as a result of Defendants' conduct she avoids going online and checking her social media accounts.  The frequency and content of Mrs. Bryant's Instagram posts are inconsistent with her claims.  The jury is entitled to consider this evidence.

Plaintiffs' 403 argument fails for the same reasons set forth above—the risk of prejudice does not "substantially" outweigh the significant probative value of Exhibit 668AV and it does not run afoul of the Court's ruling on MIL 3.  And the jury in this case is going to be forced to evaluate Mrs. Bryant's claims of emotional distress largely by her own words and actions since she has never received treatment or been diagnosed as suffering from emotional distress.

**Plaintiffs' Response:**  Exhibit 668AV is a photo dated August 31, 2021— two days after Exhibit 668AO, one day after Exhibit 668AP, and the same day as Exhibit 668AX—which depicts Mrs. Bryant and international pop star Ciara posing for a photo at an exclusive event in Italy. It is irrelevant, unfairly prejudicial, and contrary to the Court's ruling Plaintiff's MIL No. 3.

As described above, Mrs. Bryant's social and recreational activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant has travelled internationally and attended exclusive events in the period since the helicopter crash has no tendency to establish

1   the extent of the grief, stress, and other emotional harm caused by Defendants'
2   conduct.

3   Even if this evidence were relevant (it is not), Exhibit 668AV would still be
4   inadmissible under Rule 403 because it is unfairly prejudicial and contrary to the
5   Court's ruling on Plaintiffs' MIL No. 3. Exhibit 668AV depicts Mrs. Bryant
6   wearing fashionable clothing at an exclusive event with an international celebrity.
7   This evidence necessarily invites jurors to think about Mrs. Bryant's financial status
8   and celebrity. It may be used to insinuate that Mrs. Bryant's financial status makes
9   her injury inconsequential or that it mitigates any damages she endured and will
10  continue to endure.

11  This risk of unfair prejudice is magnified by the fact that Exhibit 668AV is
12  cumulative of other exhibits, which show Mrs. Bryant attending the same or similar
13  events during the same overseas trip. Exhibit 668AO, Exhibit 668AP, Exhibit
14  668AV, and Exhibit 668AX were all posted within days of one another. Defendants
15  have no legitimate purpose for admitting any of these images, much less multiple
16  images with near-identical content.

17  As part of the parties' meet-and-confer, Plaintiffs offered to withdraw their
18  objection to a different photo taken of Mrs. Bryant during the trip—TREX
19  668AU—if Defendants withdrew other exhibits from the same trip. The post Mrs.
20  Bryant agreed to stipulate to—Exhibit 668AU—is a photo that Defendants included
21  in their original Exhibit 668 and in their updated pretrial exhibit stipulation for
22  Exhibit 668, which shows Mrs. Bryant at the function. (*See* Templeton Decl. Ex. E.)
23  Defendants not only rejected Plaintiffs' compromise offer but withdrew TREX
24  668AU completely from their list of trial exhibits.

25  / / /
26  / / /
27  / / /
28  / / /

1

## IX.    Exhibit 668AX



**Plaintiffs' Grounds for Objection:** Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition."

**Defendants' Response to the Objection:**  Exhibit 668AX is an August 31, 2021 public Instagram post by Mrs. Bryant regarding a trip to Venice, Italy.  In the description of the post, Mrs. Bryant writes: "I was reluctant to get away but I'm so glad I did it! It was so nice to enjoy life a little bit and not think about everything I have on my plate.  This was so good for my soul.  Thank you so much for an amazing weekend Domenico & Stefano @dolcegabbana."  As set forth above, Defendants are entitled to defend against Mrs. Bryant's claims of severe emotional distress by showing that other factors in Mrs. Bryant's life caused her distress.

Mrs. Bryant's ability to attend and participate in high-profile and widely-publicized events bears directly on her emotional condition during the time period at

issue. *Rosales*, 2021 WL 4429468, at *6 ("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also Simply Storage Management, LLC*, 270 F.R.D. at 436 (context and appearance of plaintiff in pictures posted on social media relevant to assessment of plaintiff's emotional or mental status).

Exhibit 668AX shows Mrs. Bryant participating in an event that was covered by internal news media and then publicizing it further by posting to her Instagram account. The jury should decide whether this behavior is consistent with someone who is suffering severe emotional distress relating to a purported lack of privacy and fear of engaging with the Internet.

In addition to depicting Mrs. Bryant traveling out of the country to attend a high-profile and potentially stress-inducing event, Exhibit 668AX also contains statements by Mrs. Bryant regarding her mental condition at the time. Specifically, Mrs. Bryant writes: "I was reluctant to get away but I'm so glad I did it! It was so nice to enjoy life a little but and not think about everything I have on my plate. This was so good for my soul." The jury is entitled to consider these types of statements in assessing Mrs. Bryant's claims of severe emotional distress. *See Reid*, 2012 WL 6720752 at *2 (statements made on social media "regarding plaintiff's social activities may be relevant to plaintiff's claims of emotional distress and loss of enjoyment of life.").

Mrs. Bryant claims that as a result of Defendants' conduct she avoids going online and checking her social media accounts. The frequency and content of Mrs. Bryant's Instagram posts are highly probative of her claims. The jury is entitled to consider this evidence.

Plaintiffs' 403 argument fails for the same reasons set forth above—the risk of prejudice does not "substantially" outweigh the significant probative value of Exhibit 668AX and it does not run afoul of the Court's ruling on MIL 3. And the

jury in this case is going to be forced to evaluate Mrs. Bryant's claims of emotional distress largely by her own words and actions since she has never received treatment or been diagnosed as suffering from emotional distress.

**Plaintiffs' Response:**  Exhibit 668AX is a photo dated August 31, 2021—two days after Exhibit 668AO, one day after Exhibit 668AP, and the same day as Exhibit 668AV—which depicts Mrs. Bryant and an Italian fashion designer posing for a photo at an exclusive event. It is irrelevant, unfairly prejudicial and contrary to the Court's ruling Plaintiff's MIL No. 3.

As described above, Mrs. Bryant's social and recreational activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant has travelled internationally and attended exclusive events in the period since the helicopter crash has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

Even if this evidence were relevant (it is not), Exhibit 668AX would still be inadmissible under Rule 403 because it is unfairly prejudicial and contrary to the Court's ruling on Plaintiffs' MIL No. 3. Photos depicting Mrs. Bryant wearing fashionable clothing at a high-end fashion show next to the prominent designer necessarily invites jurors to think about Plaintiffs' financial status. It may be used to insinuate that Mrs. Bryant's financial status makes her injury inconsequential or that it mitigates any damages she endured and will continue to endure.

This risk of unfair prejudice is magnified by the fact that Exhibit 668AX is cumulative of other exhibits, which show Mrs. Bryant attending the same or similar events during the same overseas trip. Exhibit 668AO, Exhibit 668AP, Exhibit 668AV, and Exhibit 668AX were all posted within days of one another. Defendants have no legitimate purpose for admitting any of these images, much less multiple images with near-identical content.

1   As part of the parties' meet-and-confer, Plaintiffs offered to withdraw their

2   objection to a different photo taken of Mrs. Bryant during the trip—Exhibit

3   668AU—if Defendants withdrew other exhibits from the same trip. The post Mrs.

4   Bryant agreed to stipulate to—Exhibit 668AU—is a photo that Defendants included

5   in their original Exhibit 668 and in their updated pretrial exhibit stipulation for

6   Exhibit 668, which shows Mrs. Bryant at the function. (*See* Templeton Decl. Ex. E.)

7   Defendants not only rejected Plaintiffs' compromise offer but withdrew TREX

8   668AU completely from their list of trial exhibits.

9   During the parties' meet-and-confer, Defendants suggested that Exhibit

10  668AX is relevant for the caption, which states "I was reluctant to get away but I'm

11  so glad I did it! It was so nice to enjoy life a little bit and not think about everything

12  I have on my plate." But even if the subject matter described in the caption were

13  relevant, Defendants could inquire about that subject matter by asking Mrs. Bryant

14  about her trip while she is on the witness stand. There is no need for Defendants to

15  also present visual images of Mrs. Bryant at a high-end function with fashionable

16  clothing, which serves only to invite a risk of unfair prejudice.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    **X.    <u>Exhibit 668BE</u>**



**Plaintiffs' Grounds for Objection:**    Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition."

**Defendants' Response to the Objection:**    Exhibit 668BE is a September 15, 2021 public Instagram post by Mrs. Bryant regarding the MET Gala she attended in New York City.  As set forth above, Defendants are entitled to defend against Mrs. Bryant's claims of severe emotional distress by showing that other factors in Mrs. Bryant's life caused her distress.

The MET Gala is one of the most highly-publicized and photographed events in the world.  It is affectionately referred to as "fashion's biggest night out."  It is a fundraising benefit for the Metropolitan Museum of Art in New York City and

1  welcomes stars, young creatives, and industry paragons.  It is covered by

2  International media outlets.  Many of the attendees are depicted on the covers of

3  magazines and online, including *Vogue*.  Guests are expected to curate their fashion

4  to match the theme of the exhibit, which is generally haute couture. British-

5  American journalist Anna Wintour, who is the editor-in-chief of Vogue, has chaired

6  or co-chaired the Met Gala since 1995.[3]

7      Mrs. Bryant's ability to attend the MET Gala bears directly on her emotional

8  condition during the time period at issue.  *Rosales*, 2021 WL 4429468, at *6

9  ("information from social media is relevant to claims of emotional distress because

10 social media activity, to an extent, is reflective of an individual's contemporaneous

11 emotions and mental state."); *see also Simply Storage Management, LLC*, 270

12 F.R.D. at 436 (context and appearance of plaintiff in pictures posted on social media

13 relevant to assessment of plaintiff's emotional or mental status).  She attended the

14 gala with her daughter and the after party.  Her attendance was widely-reported in

15 the media and online.[4]

16     Exhibit 668BE is also relevant because it shows Mrs. Bryant posting publicly

17 about it to her Instagram account.  The jury should decide whether this behavior is

18 consistent with her claims that she fears the crash site photos being published by the

19 media or posted online.  Mrs. Bryant has put her use of the Internet directly at issue

20 in this case.  She claims that as a result of Defendants' conduct she avoids going

21 online and checking her social media accounts.  The frequency and content of Mrs.

22 Bryant's Instagram posts are inconsistent with her claims.  The jury is entitled to

23 consider this evidence.

---

[3] *See* https://en.wikipedia.org/wiki/Met_Gala.

[4] *See, e.g.,* Vanessa and Natalia Bryant Are the Most Stylish Mother-Daughter Duo at Met Gala After-Party, https://www.eonline.com/news/1302395/vanessa-and-natalia-bryant-are-the-most-stylish-mother-daughter-duo-at-met-gala-after-party.

Plaintiffs' 403 argument fails for the same reasons set forth above—the risk of prejudice does not "substantially" outweigh the significant probative value of Exhibit 668BE and it does not run afoul of the Court's ruling on MIL 3.  And the jury in this case is going to be forced to evaluate Mrs. Bryant's claims of emotional distress largely by her own words and actions since she has never received treatment or been diagnosed as suffering from emotional distress.

**Plaintiffs' Response:** Exhibit 668BE is a post dated September 14, 2021 that depicts Mrs. Bryant and her daughter posing for a photo at the Met Gala in New York. It is irrelevant, unfairly prejudicial and contrary to the Court's ruling Plaintiff's MIL No. 3.

As described above, Mrs. Bryant's social and recreational activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant has traveled and attended events in the period since the helicopter crash has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

Even if this evidence were relevant (it is not), Exhibit 668BE would still be inadmissible under Rule 403 because it is unfairly prejudicial and contrary to the Court's ruling on Plaintiffs' MIL No. 3. By depicting Mrs. Bryant in fashionable clothing at an exclusive and internationally recognized fashion event, Exhibit 668BE necessarily invites jurors to think about Plaintiffs' financial status. Such information may be used to insinuate that Mrs. Bryant's financial status makes her injury inconsequential or that it mitigates any damages she endured and will continue to endure. None of these interpretations has any grounding in reality, but they would inevitably prejudice the jurors' ability to make reasoned decisions based on the facts and the law.

If Mrs. Bryant's travels to New York in September 2021 were relevant to an issue in the case, Defendants could elicit testimony about them by asking Mrs.

Bryant at trial. Exhibit 668BE adds no relevant information but creates a substantial risk of distracting the jurors from the real issues in the litigation. The exhibit should be excluded.

## XI.    **Exhibit 668BI**



**Plaintiffs' Grounds for Objection:** Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition."

**Defendants' Response to the Objection:** As set forth above, while Plaintiff has represented to the jury that this case is about the aggravation of grief and emotional distress, Defendants are entitled to present evidence of Plaintiff's real time conduct indicating that for Mrs. Bryant, this case is actually about revenge.

Exhibit 668BI is an Instagram post depicting Mrs. Bryant dressed as Cruella de Vil for Halloween.  In addition to the picture, the post is accompanied by the caption stating: "'They say there are five stages of grief: Denial, anger, bargaining, depression, and acceptance. Well, I'd like to add one more…revenge.' -Cruella #101Dalmations."  Mrs. Bryant posted this image and caption only a few weeks

after her deposition in this case.  Considering the timing, there is a strong inference that this post was intended as a direct reference to this litigation. Moreover, even if the quote itself is from a movie, Mrs. Bryant's choice of costume and use of a quote referencing "grief" and "revenge" is relevant as statement regarding her mental condition in October 2021.

Plaintiffs cite a litany of cases for the proposition that a plaintiff's motivation for initiating litigation is not relevant to the litigation itself.  The cases relied upon by Plaintiffs are inapposite, as none of them deal with a situation where the only basis for damages is the alleged emotional distress of the plaintiff.  *See Collins, 2005 WL 3789357, at *3* (subjective motive for bringing a lawsuit under the Americans With Disabilities Act not relevant to whether there was in fact a violation under the Act); *Caldwell, 229 F.3d 1162, 2000 WL 1335564, at *5* (plaintiffs intention to use money obtained from litigation to pay off unrelated debt was not relevant); *Johnson, 36 F.2d at 677* (motive for initiating action not relevant in shareholder derivative action); *Davis, 2008 WL 11511788, at *1* (speculation that employee's lawsuit against employer was filed as retaliation for employer firing employee's friend not relevant); *Krakover, 48 F.3d at 344* (so long as a plaintiff is seeking the actual remedy requested, the motives for pursuing suit are irrelevant for purposes of abuse of process action under Missouri law); *Amdocs (Israel) Ltd., 2012 WL 12832376, at *2* (motivation not relevant in business dispute).  The plaintiffs' mental condition was not at issue in any of these cases.

In contrast to the aforementioned cases, Mrs. Bryant's mental state is one of the central issues in this action and her alleged emotional distress is the only basis for damages.  In this context, the fact that Mrs. Bryant may be pursing this litigation as a form of revenge bears directly on her claim that she suffers from severe emotional distress.  Defendants are entitled to ask the jury to assess Mrs. Bryant's claim of severe emotional distress by looking at her prior statements—including statements she has made in the context of dressing up and celebrating Halloween.

*Rosales*, 2021 WL 4429468, at *6 ("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also Simply Storage Management, LLC*, 270 F.R.D. at 436 (context and appearance of plaintiff in pictures posted on social media relevant to assessment of plaintiff's emotional or mental status). The jury should not be limited to evaluating Mrs. Bryant's purported distress based only on what she says after preparation with her lawyers at deposition and at trial. Rather, the jury is entitled to a complete view of Mrs. Bryant's statements and actions so that it may test her credibility and determine whether she in does in fact suffer from severe emotional distress, as she claims.

Additionally, Mrs. Bryant not only mentions "grief" and "revenge" in this Instagram post, but she does so in the context of the five stages of grief: denial, anger, bargaining, depression, and acceptance. Mrs. Bryant's grief, and Defendants' alleged intrusion on her grief, is a central part of Plaintiffs' allegations in this case. Specifically, Mrs. Bryant has alleged that she was already grieving the loss of her husband and daughter when she learned about the alleged taking and sharing of crash site photos, which then compounded her grief. Plaintiffs' counsel has argued when Mrs. Bryant learned about the crash site photographs it was akin to pouring "salt in an unhealable wound." (Aug. 10, 2021 Tr. at 92:14-20.) Exhibit 668BI contains a direct statement by Mrs. Bryant about this grieving process. By Plaintiffs' own admission, this material is highly relevant to Plaintiffs' mental condition and her alleged suffering of severe emotional distress.

There are also no 403 concerns with introducing Exhibit 668BI. Its probative value far outweighs any risk that jurors may actually equate this lawsuit with the "scheming of a vengeful eccentric." Jurors are familiar with Halloween and the concept of dressing up to celebrate the holiday. The fictional nature of Mrs. Bryant's post does not mean that the jury cannot consider her choice of costume and

use of a quotation in light of the circumstances surrounding this case.  Mrs. Bryant's costume choice is directly probative of her mental state in October 2021.

**Plaintiffs' Response:**  Exhibit 668BI is a photo dated October 31, 2021—Halloween—which depicts Mrs. Bryant in costume as iconic Disney villain Cruella de Ville. It includes a caption, which states: "'They say there are five stages of grief: Denial, anger, bargaining, depression, and acceptance. Well, I'd like to add one more…revenge.' -Cruella #101Dalmations." Exhibit 668BI is irrelevant and unfairly prejudicial, particularly given Defendants' apparent intent to use it to suggest—falsely—that Mrs. Bryant is pursuing this lawsuit for improper purposes.

As described above, Mrs. Bryant's social and recreational activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant dresses up in Halloween costumes and attends functions has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

During the parties' meet-and-confer, Defendants suggested that Exhibit 668BI is relevant because of the reference to "revenge" in the caption—which Defendants apparently read as a reference to this litigation. The caption is on its face a quote from the Disney movie that inspired Mrs. Bryant's Halloween costume. Defendants' suggestion that it says something relevant about Mrs. Bryant's subjective motivation for litigating this case is speculation and conjecture.

But even if Defendants could tie the caption to Mrs. Bryant's motivations, Exhibit 668BI would *still* be irrelevant because Mrs. Bryant's reasons for litigating has no tendency to prove or disprove any issue in the case. As discussed above, cases are decided according to the law, not "the subjective motives of the litigants." *Collins*, 2005 WL 3789357, at *3. A plaintiff's subjective motivation "does not shed any light as to the probable merit of the claims and allegations they asserted in this case." *Id.* For that reason, courts have consistently found that evidence of a

plaintiff's reasons for pursuing a lawsuit is irrelevant and not admissible. *See, e.g.*, *Caldwell*, 229 F.3d 1162, 2000 WL 1335564, at *5 (court properly excluded testimony regarding plaintiffs motive in bringing suit because, absent fraud, "evidence of [plaintiffs] financial motivation to bring the suit was not relevant to any of the issues in this case"); *Krakover*, 48 F.3d at 344 ("As long as a plaintiff is seeking the remedy requested, his bad motives for pursuing the suit are irrelevant."); *Johnson*, 36 F.2d at 677 ("[W]here a suitor is entitled to relief in respect to the matter concerning which he sues, his motives are immaterial . . . ."); *Davis*, 2008 WL 11511788, at *1 ("The issue in this case is why [plaintiff] was fired; it is not why [plaintiff] filed this lawsuit.").[5]

Mrs. Bryant is pursuing a valid claim with a firm foundation in constitutional law. As she has said repeatedly, Mrs. Bryant seeks accountability. Defendants are wrong that their evidence shows Mrs. Bryant is instead pursuing this case for "revenge." But in any event, such evidence would have no tendency to prove or disprove any material issue in the case. *Cf. Lonchar v. Thomas*, 517 U.S. 314, 332 (1996) ("A valid . . . action . . . does not suddenly become invalid simply because the litigant is subjectively indifferent about receiving the requested . . . relief, but instead primarily wants to . . . obtain revenge"). Mrs. Bryant has every right to protect her constitutional rights in this lawsuit. *Collins*, 2005 WL 3789357, at *3. Her "motivation for suing the defendant is irrelevant to the liability and damages

---

[5] Because of the issue's irrelevance, courts routinely prevent even the discovery of evidence about the plaintiff's motivations. *See, e.g.*, *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 1991 WL 183842, at *2 (E.D. Pa. Sept. 16, 1991) ("Courts which have dealt with this issue . . . have held that the motive behind the institution of an action has been deemed not relevant to the subject matter involved pursuant to Fed. R. Civ. P. 26(b)."); *Digital Equip. Corp. v. Sys. Indus.*, Inc., 108 F.R.D. 742, 743 (D. Mass. 1986) (rule that "institution of the action [i]s deemed not relevant" is "consistently followed").

issues the jury must determine." *Amdocs (Israel) Ltd. v. Openet Telecom, Inc.*, 2012 WL 12832376, at *2 (E.D. Va. Mar. 30, 2012).

Even if Exhibit 668BI had some minimal probative value, it should be excluded because its probative value is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403. This is a Halloween photo depicting Mrs. Bryant in costume as one of the most iconic villains in cinema. Everything about the image is deliberately exaggerated for cinematic effect. Allowing Defendants to present this image to the jury as evidence of *anything* is highly misleading. And allowing them to present it as evidence of Mrs. Bryant's reasons for pursuing this lawsuit is an invitation to equate this lawsuit with the scheming of a vengeful eccentric. This should not be tolerated.

## XII.   Exhibit 668BJ



**Plaintiffs' Grounds for Objection:**  Relevance (FRE 402); unfair prejudice, confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to plaintiff's financial condition."

/ / /

**Defendants' Response to the Objection:** As set forth above, while Plaintiff has represented to the jury that this case is about the aggravation of grief and emotional distress, Defendants are entitled to present evidence of Plaintiff's real time conduct indicating that for Mrs. Bryant, this case is actually about revenge.

Exhibit 668BJ is an Instagram post depicting Mrs. Bryant dressed as Cruella de Vil for Halloween.  In addition to the picture, the post is accompanied by the caption stating: "'Well Now, What Have We Here? So They Thought They Could Outwit?'~ 101 Dalmations."  Mrs. Bryant posted this image and caption only a few weeks after her deposition in this case.  Considering the timing, there is a strong inference that this post was intended as a direct reference to this litigation.

Plaintiffs cite a litany of cases for the proposition that a plaintiff's motivation for initiating litigation is not relevant to the litigation itself.  The cases relied upon by Plaintiffs are inapposite, as none of them deal with a situation where the only basis for damages is the alleged emotional distress of the plaintiff.  *See Collins,* 2005 WL 3789357, at *3 (subjective motive for bringing a lawsuit under the Americans With Disabilities Act not relevant to whether there was in fact a violation under the Act); *Caldwell,* 229 F.3d 1162, 2000 WL 1335564, at *5 (plaintiffs intention to use money obtained from litigation to pay off unrelated debt was not relevant); *Johnson,* 36 F.2d at 677 (motive for initiating action not relevant in shareholder derivative action); *Davis,* 2008 WL 11511788, at *1 (speculation that employee's lawsuit against employer was filed as retaliation for employer firing employee's friend not relevant); *Krakover,* 48 F.3d at 344 (so long as a plaintiff is seeking the actual remedy requested, the motives for pursuing suit are irrelevant for purposes of abuse of process action under Missouri law); *Amdocs (Israel) Ltd.,* 2012 WL 12832376, at *2 (motivation not relevant in business dispute).  The plaintiffs' mental condition was not at issue in any of these cases.

In contrast to the aforementioned cases, Mrs. Bryant's mental state is one of the central issues in this action and her alleged emotional distress is the only basis

-49-

for damages.  In this context, the fact that Mrs. Bryant may be pursing this litigation as a form of revenge bears directly on her claim that she suffers from severe emotional distress.  Defendants are entitled to ask the jury to assess Mrs. Bryant's claim of severe emotional distress by looking at her prior statements—including statements she has made in the context of dressing up and celebrating Halloween. *Rosales*, 2021 WL 4429468, at *6 ("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also Simply Storage Management, LLC*, 270 F.R.D. at 436 (context and appearance of plaintiff in pictures posted on social media relevant to assessment of plaintiff's emotional or mental status).  The jury should not be limited to evaluating Mrs. Bryant's purported distress based only on what she says after preparation with her lawyers at deposition and at trial.  Rather, the jury is entitled to a complete view of Mrs. Bryant's statements and actions so that it may test her credibility and determine whether she in does in fact suffer from severe emotional distress, as she claims.

There are also no 403 concerns with introducing Exhibit 668BJ.  Its probative value far outweighs any risk that jurors may actually equate this lawsuit with the "scheming of a vengeful eccentric."  Jurors are familiar with Halloween and the concept of dressing up to celebrate the holiday.  The fictional nature of Mrs. Bryant's post does not mean that the jury cannot consider her choice of costume and use of a quotation in light of the circumstances surrounding this case.  Mrs. Bryant's costume choice is directly probative of her mental state in October 2021.

**Plaintiffs' Response:**  Exhibit 668BJ is a photo dated October 31, 2021—Halloween—which depicts Mrs. Bryant in costume as iconic Disney villain Cruella de Ville. It includes a caption, which states: "'Well Now, What Have We Here? So They Thought They Could Outwit?'~ 101 Dalmations." Exhibit 668BJ is irrelevant and unfairly prejudicial, particularly given Defendants' apparent intent to use it to suggest—falsely—that Mrs. Bryant is pursuing this lawsuit for improper purposes.

As described above, Mrs. Bryant's social and recreational activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant dresses up in Halloween costumes and attends functions has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

During the parties' meet-and-confer, Defendants suggested that Exhibit 668BI is relevant because of the reference to "revenge" in the prior Cruella de Ville photo—which Defendants apparently read as a reference to this litigation. The caption is a quote from the Disney movie that inspired Mrs. Bryant's Halloween costume. Defendants' suggestion that it says something relevant about Mrs. Bryant's subjective motivation for litigating this case is speculation and conjecture.

But even if Defendants could tie Exhibit 668BJ to Mrs. Bryant's motivations, Exhibit 668BJ would *still* be irrelevant because Mrs. Bryant's reasons for litigating has no tendency to prove or disprove any issue in the case. As discussed above, cases are decided according to the law, not "the subjective motives of the litigants." *Collins*, 2005 WL 3789357, at *3. A plaintiff's subjective motivation "does not shed any light as to the probable merit of the claims and allegations they asserted in this case." *Id.* For that reason, courts have consistently found that evidence of a plaintiff's reasons for pursuing a lawsuit is irrelevant and not admissible. *See, e.g.*, *Caldwell*, 229 F.3d 1162, 2000 WL 1335564, at *5 (court properly excluded testimony regarding plaintiffs motive in bringing suit because, absent fraud, "evidence of [plaintiffs] financial motivation to bring the suit was not relevant to any of the issues in this case"); *Krakover*, 48 F.3d at 344 ("As long as a plaintiff is seeking the remedy requested, his bad motives for pursuing the suit are irrelevant."); *Johnson*, 36 F.2d at 677 ("[W]here a suitor is entitled to relief in respect to the matter concerning which he sues, his motives are immaterial . . . ."); *Davis*, 2008

1    WL 11511788, at *1 ("The issue in this case is why [plaintiff] was fired; it is not

2    why [plaintiff] filed this lawsuit.").[6]

3         Mrs. Bryant is pursuing a valid claim with a firm foundation in constitutional

4    law. As she has said repeatedly, Mrs. Bryant seeks accountability. Defendants are

5    wrong that their evidence shows Mrs. Bryant is instead pursuing this case for

6    "revenge." But in any event, such evidence would have no tendency to prove or

7    disprove any material issue in the case. *Cf. Lonchar*, 517 U.S. at 332 ("A valid . . .

8    action . . . does not suddenly become invalid simply because the litigant is

9    subjectively indifferent about receiving the requested . . . relief, but instead

10    primarily wants to . . . obtain revenge"). Mrs. Bryant has every right to protect her

11    constitutional rights in this lawsuit. *Collins*, 2005 WL 3789357, at *3. Her

12    "motivation for suing the defendant is irrelevant to the liability and damages issues

13    the jury must determine." *Amdocs*, 2012 WL 12832376, at *2.

14         Even if Exhibit 668BJ had some minimal probative value, it should be

15    excluded because its probative value is substantially outweighed by the risk of

16    unfair prejudice. *See* Fed. R. Evid. 403. This is a Halloween photo depicting Mrs.

17    Bryant in costume as one of the most iconic villains in cinema. Everything about the

18    image is deliberately exaggerated for cinematic effect. Allowing Defendants to

19    present this image to the jury as evidence of *anything* is highly misleading. And

20    allowing them to present it as evidence of Mrs. Bryant's reasons for pursuing this

21

22

---

23    [6] Because of the issue's irrelevance, courts routinely prevent even the discovery of

24    evidence about the plaintiff's motivations. *See e.g., Rhone-Poulenc Rorer Inc. v. Home Indem. Co*., 1991 WL 183842, at *2 (E.D. Pa. Sept. 16, 1991) ("Courts which

25    have dealt with this issue... have held that the motive behind the institution of an

26    action has been deemed not relevant to the subject matter involved pursuant to Fed. R. Civ. P. 26(b)."); *Digit. Equip. Corp. v. Sys. Indus., Inc.*, 108 F.R.D. 742, 743 (D.

27    Mass. 1986) (rule that "institution of the action [i]s deemed not relevant" is

28    "consistently followed").

1  lawsuit is an invitation to equate this lawsuit with the scheming of a vengeful

2  eccentric. This should not be tolerated.

3  **XIII.  <u>Exhibit 668BL</u>**



18  **Plaintiffs' Grounds for Objection:**   Relevance (FRE 402); unfair prejudice,

19  confusion, and/or waste of time (FRE 403). The Court's ruling on Plaintiffs' MIL

20  No. 3 precludes the parties from introducing "evidence of or mak[ing] reference to

21  plaintiff's financial condition."

22  **Defendants' Response to the Objection:**  Exhibit 668BL is a November 2,

23  2021 public Instagram post by Mrs. Bryant regarding her attending the Gucci Love

24  Parade fashion show in Los Angeles.  As set forth above, Defendants are entitled to

25  defend against Mrs. Bryant's claims of severe emotional distress by showing that

26  other factors in Mrs. Bryant's life caused her distress.

27  The Gucci Love Parade fashion show was held on November 2, 2021 outside

28  the El Capitan Theater in Hollywood.  The famed Hollywood Walk of Fame was

turned into a catwalk for the evening.  The Gucci creative director put on a show presenting over 100 looks to a crowd of all-front-row guests.  It was covered by international media outlines, including *Vogue*[7] and *W Magazine*[8].  Two weeks later, Mrs. Bryant attended the premiere of the "*House of Gucci*" movie.[9]

Mrs. Bryant's ability to attend and participate in high-profile and widely-publicized events bears directly on her emotional condition during the time period at issue.  *Rosales*, 2021 WL 4429468, at *6 ("information from social media is relevant to claims of emotional distress because social media activity, to an extent, is reflective of an individual's contemporaneous emotions and mental state."); *see also Simply Storage Management, LLC*, 270 F.R.D. at 436 (context and appearance of plaintiff in pictures posted on social media relevant to assessment of plaintiff's emotional or mental status).

Exhibit 668BL shows Mrs. Bryant attending an event covered by the media and reported online, and then publicizing it further by posting to her Instagram account.  Mrs. Bryant has put her use of the Internet directly at issue in this case.  She claims that as a result of Defendants' conduct she avoids going online and checking her social media accounts.  The frequency and content of Mrs. Bryant's Instagram posts are highly probative of her claims.  The jury is entitled to consider this evidence.

Plaintiffs' 403 argument fails for the same reasons set forth above—the risk of prejudice does not "substantially" outweigh the significant probative value of Exhibit 668BL and it does not run afoul of the Court's ruling on MIL 3.  And the

---

[7] https://www.vogue.com/slideshow/gucci-hollywood-boulevard-runway-show-photos

[8] https://www.wmagazine.com/fashion/gucci-love-parade-guests-models-best-looks

[9] https://www.yahoo.com/lifestyle/vanessa-natalia-bryant-rep-gucci-014414997.html

jury in this case is going to be forced to evaluate Mrs. Bryant's claims of emotional distress largely by her own words and actions since she has never received treatment or been diagnosed as suffering from emotional distress.

In an effort to reduce the potentially cumulative nature of these posts, Defendants have withdrawn Exhibit 668BM, which is a similar post depicting Mrs. Bryant at the same Gucci event.

**Plaintiffs' Response:** Exhibit 668BL is a photo dated November 2, 2021, which depicts Mrs. Bryant in a designer coat and diamond ring. The caption identifies the outfit as a product of Gucci, a well-known luxury brand. The post is irrelevant and unfairly prejudicial.

As described above, Mrs. Bryant's social activities are irrelevant to determining whether (and to what extent) she has suffered emotional distress from Defendants' unconstitutional sharing of photos of her loved ones' remains. The mere fact that Mrs. Bryant posted a photo of herself attending a function wearing Gucci has no tendency to establish the extent of the grief, stress, and other emotional harm caused by Defendants' conduct.

Even if this evidence were relevant (it is not), Exhibit 668BL would still be inadmissible under Rule 403 because it is unfairly prejudicial and contrary to the Court's ruling on Plaintiffs' MIL No. 3. Exhibit 668BL depicts Plaintiff wearing fashionable clothing and accessories. This evidence necessarily invites jurors to think about Plaintiffs' financial status and may be used to insinuate that Mrs. Bryant's financial status makes her injury inconsequential or that it mitigates any damages she endured and will continue to endure.

Plaintiffs' MIL No. 3 states that "[t]he parties shall not introduce evidence of or make reference to plaintiff's financial condition." (Templeton Decl. Ex. A [7/26/22 Hearing Tr.] at 80:8-9.) Although the ruling permits evidence of Plaintiff's occupation and activities, such evidence should not "concern income or financial status associated with such activities." (*Id.* at 80:9-14.) This is precisely Exhibit

1   668BL's natural effect. The exhibit is inadmissible and should not be used in

2   Defendants' examination of Mrs. Bryant or for any other purpose.

3

4

5   DATED:  August 15, 2022                    WILSON SONSINI GOODRICH & ROSATI
                                               Professional Corporation

6

7

8                                              By:  _____
                                                           /s/ Luis Li

9                                                          LUIS LI

10                                             Attorneys for Plaintiff Vanessa Bryant

11  DATED:  August 15, 2022                    JEROME M. JACKSON LAW OFFICES

12

13

14                                             By:  _____
                                                        /s/ Jerome M. Jackson

15                                                      JEROME M. JACKSON

16                                             JEROME M. JACKSON
                                               jmjlaw@aol.com
17                                             JEROME M. JACKSON LAW OFFICES
18                                             880 Apollo Street, Suite 238
                                               El Segundo, California 90245
19                                             Telephone: (310) 726-4199
                                               Facsimile: (310) 414-0486
20

21                                             Attorneys for Plaintiff Christopher Chester

22

23

24

25

26

27

28

1   DATED:  August 15, 2022          OFFICE OF COUNTY COUNSEL

2

3

4                                    By: _____/s/ Jonathan C. McCaverty_____
                                          JONATHAN C. McCAVERTY
5

6                                    Attorneys for Defendant Los Angeles County
                                     Sheriff's Department
7

8

9   DATED:  August 15, 2022          MILLER BARONDESS, LLP

10

11

12                                   By: _____/s/ Mira Hashmall_____
                                          MIRA HASHMALL
13

14                                   Attorneys for Defendants County of Los
                                     Angeles, Los Angeles County Fire Department,
15                                   Joey Cruz, Rafael Mejia, Michael Russell, Raul
                                     Versales, Arlin Kahan and Tony Imbrenda
16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT RE: EXHIBITS 668A-668BR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>FILER ATTESTATION</u>**

I, Jason H. Tokoro, attest under Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  August 15, 2022                    */s/ Mira Hashmall*
MIRA HASHMALL