MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
CASEY B. SYPEK (State Bar No. 291214)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT,
JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES,
ARLIN KAHAN, and TONY IMBRENDA

[*Additional counsel continued on next page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants.<br>_____<br>CHRISTOPHER L. CHESTER,<br><br>PLAINTIFF,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. 2:20-cv-09582-JFW-E (Consolidated with 2:20-cv-10844-JFW-E)<br><br>**JOINT STATEMENT RE DISPUTED JURY INSTRUCTION RE PLAINTIFFS' VIOLATION OF WITNESS EXCLUSION ORDER**<br><br>[Filed in Concurrently with Declarations of Mira Hashmall, Adam Bercovici, and Luis Li]<br><br>Trial Date:  August 10, 2022<br><br>The Honorable John F. Walter |

573755.6

1  [*Additional counsel, continued from previous page*]

2

3  JONATHAN C. McCAVERTY (State Bar No. 210922)
   *Principal Deputy County Counsel*

4  jmccaverty@counsel.lacounty.gov

5  OFFICE OF THE COUNTY COUNSEL
   General Litigation Division

6  500 West Temple Street, Suite 468

7  Los Angeles, California 90012
   Tel.: (213) 974-1828 | Fax: (213) 626-7446

8

9  Attorneys for Defendant Los Angeles County Sheriff's Department

10 LUIS LI (State Bar No. 156081)
   Luis.Li@wsgr.com

11 ERIC P. TUTTLE (State Bar No. 248440)
   Eric.Tuttle@wsgr.com

12 WILSON SONSINI GOODRICH & ROSATI
   633 West Fifth Street, Suite 1550

13 Los Angeles, California 90071
   Telephone:  (323) 210-2900

14 Facsimile:   (866) 974-7329

15 CRAIG JENNINGS LAVOIE (State Bar No. 293079)
   Craig.Lavoie@mto.com

16 JENNIFER L. BRYANT (State Bar No. 293371)
   Jennifer.Bryant@mto.com

17 MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, Fiftieth Floor

18 Los Angeles, California 90071-3426
   Telephone:  (213) 683-9100

19 Facsimile:   (213) 687-3702

20 Attorneys for Plaintiff Vanessa Bryant

21

22 JEROME M. JACKSON (State Bar No. 64238)
   jmjlaw@aol.com

23 JEROME M. JACKSON LAW OFFICES
   880 Apollo Street, Suite 238

24 El Segundo, California 90245
   Telephone: (310) 726-4199

25 Facsimile: (310) 414-0486

26 Attorneys for Plaintiff
   CHRISTOPHER L. CHESTER

27

28

## <u>DISPUTED INSTRUCTION RE PLAINTIFFS' VIOLATION</u>
## <u>OF WITNESS EXCLUSION ORDER</u>

### A.    Defendants' Proposed Instruction re Plaintiffs' Violation of Witness Exclusion Order

The Court ordered that all witnesses shall be excluded from the courtroom except during their own testimony.  The purpose of this order is to prevent witnesses from tailoring their testimony to that of earlier witnesses.  Plaintiffs violated this Court order when they permitted their expert, Adam Bercovici, to sit through the testimony of other witnesses before giving his trial testimony on August 12, 2022. You may take into account these facts in assessing the credibility and weight to be given to Mr. Bercovici's testimony during your deliberations.

### B.    Defendants' Legal Position

Plaintiffs' expert Adam Bercovici testified on Friday, August 12, 2022. During his testimony, Plaintiffs admitted that Mr. Bercovici had been present in the courtroom during the previous testimony of Deputy David Katz.  (Declaration of Mira Hashmall ("Hashmall Decl.") Ex. 2 at 534:20-535:4.)  Since then, Plaintiffs disclosed that Mr. Bercovici had also been present for Rob Pelinka's testimony.  (*Id.* ¶ 7 & Ex. 3.)  By allowing Mr. Bercovici to sit in on other witnesses' testimony, Plaintiffs violated a Court order.

The Court previously excluded all witnesses from the courtroom prior to testifying, consistent with Rule 615 (the "Exclusion Order").  (*Id.* Ex. 1 at 9:8-10.) There are multiple signs outside the courtroom—both on the digital screen and a physical sign—reiterating this instruction.  The Exclusion Order is important to prevent witnesses from adapting or tailoring their testimony to that of earlier witnesses.  *Taylor v. U.S.*, 388 F.2d 786, 788 (9th Cir. 1967) ("The exclusion of witnesses from the courtroom during trial is a time-honored practice designed to prevent the shaping of testimony by hearing what other witnesses say."); *see also* Fed. R. Evid. 615.

Plaintiffs' violation of the Exclusion Order was not inadvertent.  When Defendants' counsel identified Plaintiffs' violation, Plaintiffs' counsel argued that Mr. Bercovici was entitled to watch other witnesses' testimony because he is an expert.  (Hashmall Decl. Ex. 2 at 534:24-25.)  Plaintiffs never requested any exception to the Exclusion Order.  Instead, they "reinterpreted" the Court's Exclusion Order and allowed Mr. Bercovici to hear other witnesses' testimony before he testified.

Immediately after Mr. Bercovici's testimony and during a 15-minute trial break, Plaintiffs notified Defendants via email that they intended for Mr. Bercovici to stay in the courtroom for the remainder of trial.  (Hashmall Decl. ¶ 5 & Ex. 3.)  When Defendants raised the issue with the Court, the Court agreed it was improper: "He shouldn't have been here the last time, and he won't be here now."  (*Id.* Ex. 2 at 653:18-22.)

The Court should enforce its Exclusion Order and instruct the jury to consider the violation in assessing Mr. Bercovici's credibility.  *See Taylor v. U.S.*, 388 F.2d 786, 788 (9th Cir. 1967) (citing *Holder v. United States*, 150 U.S. 91, 92 (1893)) (establishing available remedies for violation of a sequestration order); *Hill v. Porter Mem'l Hosp.*, 90 F.3d 220, 223 (7th Cir. 1996) (instructing the jury that, in assessing an expert witness's credibility, it could consider the fact that the expert had reviewed another witness's trial testimony before testifying); 75 Am. Jur. 2d Trial § 183 (2d ed. 2022) ("where a witness disobeys an order excluding witnesses, the fact of disobedience may go to the jury as bearing on his or her credibility").

By sitting in on prior witness testimony, Mr. Bercovici was able to tailor and adapt his opinions.  There is no way for Defendants to know how and to what extent Mr. Bercovici's testimony was tainted by the violation of the Court's Exclusion Order.  The appropriate way to cure this prejudice—albeit imperfect given that the jury has already heard hours of his testimony—is to provide Defendants' proposed instruction.

- 4 -

Plaintiffs' argument that Defendants could have cured this prejudice by cross-examining Mr. Bercovici about their violation is wrong.  Cross-examination would only have elicited more self-serving and tainted testimony; it would not have been sufficient.  Moreover, Plaintiffs did not disclose the full extent of the violation until days *after* Mr. Bercovici testified.  Defendants could not possibly have cured the prejudice through cross-examination when they learned about the violation seconds earlier and still did not know the full extent of it.  There is still no way for Defendants to know whether and to what extent Mr. Bercovici tailored his testimony after hearing other witnesses testify.

Plaintiffs argue that cross-examination is the "preferred" method to remedy a Rule 615 violation.  Their cases on this point are inapposite.  Indeed, none of Plaintiffs' cases ruled on a proposed jury instruction.  *See United States v. Robertson*, 895 F.3d 1206, 1216 (9th Cir. 2018) (reviewing only the district court's sanction to allow cross-examination where the defendant made "no argument" for why this remedy was insufficient); *U.S. v. Hobbs*, 31 F.3d 918, 923 (9th Cir. 1994) (reviewing only the district court's disqualification of the witness for Rule 615 violation); *Mahon v. United States*, 2018 WL 8188212, at *50 (D. Ariz. Nov. 5, 2018) (no indication an instruction proposed and movant made "no argument" for why cross-examination was insufficient).

Plaintiffs further argue that they had an honest but mistaken belief that the Exclusion Order did not apply to experts.  They rely on *Robertson* and *Hobbs* to argue that when a violation is "minor or inadvertent," the remedy should simply be cross-examination.  Neither case supports Plaintiffs' position.  In *Robertson*, the party had violated Rule 615 by providing the witness with transcripts of a *pretrial* proceeding before the witness testified at trial.  895 F.3d at 1215.  The district court assumed a violation had occurred but questioned whether allowing a witness to review pre-trial transcripts constituted a Rule 615 violation.  *Id*.  *Robertson* is

573755.6

- 5 -

1  nothing like the facts of this case.  Notably, the court in *Robertson* also permitted
2  the defense to address the violation in closing arguments.  895 F.3d at 1215.

3        In *Hobbs*, the Rule 615 violation occurred because the defense witnesses
4  entered the courtroom after the proceeding had begun while defense counsel was
5  conducting an examination, and thus had his back to the spectators.  31 F.3d at 922.
6  Thus, counsel was not even aware of the witnesses' presence, and there was no
7  evidence that the witnesses had been aware of the exclusion order.  *Id.*

8        Here, Plaintiffs concede they were aware of the Exclusion Order but thought
9  it did not apply to their witness.  Instead of seeking clarification or an exception
10  from the Court, they "reinterpreted" the Court's Exclusion Order and allowed
11  Mr. Bercovici to sit in the courtroom for multiple witnesses' testimony.  The jury
12  should be entitled to consider Plaintiffs' violation in assessing Mr. Bercovici's
13  credibility.

14        **C.     Plaintiffs' Legal Position**

15        Defendants' request for an adverse inference instruction should be denied
16  because Plaintiffs' violation was minor and inadvertent, and because Defendants fail
17  to establish that they suffered any prejudice that was not cured by Defendants'
18  opportunity to cross-examine Mr. Bercovici about the violation.

19        Rule 615 of the Federal Rules of Evidence governs orders excluding
20  witnesses from trial. Although courts have discretion to impose sanctions for
21  violations of a Rule 615 order, any sanction imposed must be proportional to the
22  severity of the violation. *See Doyle v. Murray,* 938 F. 2d 33, 34 (4th Cir.
23  1991) (noting that sanctions must be "fixed in proportion to the severity of a party's
24  or lawyer's misconduct"); *see also United States v. Robertson,* 895 F.3d 1206, 1216
25  (9th Cir. 2018) (opportunity to cross-examine offending witness sufficient without
26  further sanction); *Mahon v. United States,* 2018 WL 8188212, at *50 (D. Ariz. Nov.
27  5, 2018), report and recommendation adopted, No. CR-09-00712-PHX-DGC, 2019
28  WL 1556147 (D. Ariz. Apr. 10, 2019) (same).

1    The Ninth Circuit has "long recognized cross-examination as a suitable

2    remedy for a Rule 615 violation," particularly when the violation is minor or

3    inadvertent. *Robertson*, 895 F.3d at 1216; *see United States v. Hobbs*, 31 F.3d 918,

4    921 (9th Cir. 1994) ("cross-examination concerning the violation" as remedy).

5    Indeed, an unpublished Ninth Circuit decision describes cross-examination of the

6    offending witness as "a recognized method—*if not the preferred method*—of

7    remedying a violation of a sequestration order." *United States v. Riggs*, 184 F.

8    App'x 651, 652 (9th Cir. 2006) (emphasis added); *see United States v. Erickson*, 75

9    F. 3d 470, 479-80 (9th Cir. 1996) (explaining that the "usual remedy of cross-

10   examination" was sufficient to address concern that witness who sat through earlier

11   testimony tailored her testimony to "smooth over inconsistencies").

12   In *Robertson*, for instance, the Ninth Circuit affirmed the district court's

13   decision to cure a violation of a sequestration order through cross-examination

14   rather than a more severe remedy. *Robertson*, 895 F.3d at 1216. The government

15   allowed two agent witnesses to review transcripts of a pretrial evidentiary hearing

16   before testifying at trial based on the mistaken belief that reviewing transcripts from

17   a hearing did not violate the court's sequestration order. *Id.* at 1215. The Ninth

18   Circuit held that this conduct *did* violate the order, but it affirmed the district court's

19   decision "that cross-examination of [the witness] in front of the jury was sufficient

20   to cure any unintentional violation." *Id.* The Ninth Circuit noted the apparent

21   absence of intent to violate the order and the defendant's failure to explain why "this

22   common remedy was insufficient under the circumstances presented here." *Id.*

23   The same reasoning applies here because Plaintiffs' violation was inadvertent

24   and Defendants point to no prejudice that was not cured by their opportunity to

25   cross-examine.

26   As to intent, counsel for Plaintiffs mistakenly but honestly believed that the

27   witness exclusion order did not apply to experts, and invited Mr. Bercovici to attend

28   a portion of the trial on August 11 under that mistaken but genuine belief.

JOINT STATEMENT RE DISPUTED JURY INSTRUCTION RE PLAINTIFFS'
VIOLATION OF WITNESS EXCLUSION ORDER

(Declaration of Luis Li ["Li Decl."] ¶ 2.) Counsel for Plaintiffs fully recognize that they should have confirmed that understanding with the Court and obtained the Court's approval before Mr. Bercovici observed any testimony, and they sincerely apologize for failing to do that. (*Id.* ¶ 3.) But Mr. Bercovici's trial examination underscores the absence of any malintent. During his examination, it was *Plaintiffs* who elicited from Mr. Bercovici that he had observed the testimony of another witness. (Li Decl. Ex. A [Aug. 12, 2022 Tr. Tran.] at 534:20-535:4 ("Q Now, were you sitting in court a few days ago when a Reserve Deputy David Katz testified? [objections and colloquy omitted] THE WITNESS: I was.").) Plaintiffs' transparency is inconsistent with an intent to deceive and establishes that their noncompliance resulted from a mistaken understanding, not an effort to secure an unfair advantage.

As to prejudice, Defendants point to no facts suggesting that the "common remedy" of cross-examination "was insufficient under the circumstances." *Robertson*, 895 F.3d at 1216. Mr. Bercovici observed two witnesses on August 11—a portion of Rob Pelinka and David Katz—before excusing himself, and he did not return to the courtroom until he was called to testify. (Bercovici Decl. ¶¶ 1-3.) Because Plaintiffs elicited from Mr. Bercovici during his direct examination the fact that he had observed Mr. Katz's testimony, Defendants were on notice of this issue and had the opportunity to question Mr. Bercovici about it during cross-examination. Such questions would have provided jurors with any factual context Defendants wanted the jury to consider in evaluating Mr. Bercovici's testimony.

Defendants decided not to ask Mr. Bercovici about the exclusion order during cross-examination. But that decision speaks only to Defendants' trial tactics, not the sufficiency of the remedy. Having decided not to ask Mr. Bercovici about his presence in court, Defendants cannot establish that the opportunity to cross-examine was insufficient to cure the violation, or that a more severe remedy should be imposed. *See Robertson*, 895 F.3d at 1216. Indeed, it would be patently unfair to

573755.6

instruct the jury that it may infer from Mr. Bercovici's presence in court that his testimony was unreliable, when Defendants did not even attempt to introduce any evidence that might enable a rational juror to draw that inference. *Cf. Erickson*, 75 *F. 3d at 479-80* (holding that rather than moving to exclude the testimony of a witness who sat through trial, defendant should have remedied any error from this influence on her testimony through the "usual remedy of cross-examination").

Three additional considerations suggest that Defendants suffered no prejudice from Mr. Bercovici's presence in Court—much less prejudice that Defendants' opportunity to cross examine did not cure.

*First*, the Court stopped Mr. Bercovici from making use of what he had learned from the Katz testimony by preventing Plaintiffs from asking Mr. Bercovici about that subject. When Plaintiffs asked Mr. Bercovici about testimony provided by Mr. Katz, the Court sustained Defendants' objection, and Plaintiffs moved immediately to a different topic. (Li Decl. Ex. A [Aug. 12, 2022 Tr. Tran.] at 535:10-17.) This undercuts any argument that Mr. Bercovici or Plaintiffs gained an unfair advantage through violation of the exclusion order.

*Second*, given that Mr. Bercovici was prevented from testifying about what he had observed during Mr. Katz's testimony after Defendants' objection, Mr. Bercovici's testimony did not substantively differ from what it would have been had not observed any testimony. As an expert, Mr. Bercovici offered opinions based on his review of case materials, including: "investigative -- Internal Affairs interviews"; "policies about responding to aviation crashes"; "audiotapes"; "thousands of documents"; and "surveillance tapes." (Li Decl. Ex. A [Aug. 12, 2022 Tr. Tran.] at 502:17-503:19.) Mr. Bercovici provided an expert report and testified about his opinions in a deposition, any of which could have been used to impeach him had he changed his opinions or testimony in any way. It is also notable that Mr. Bercovici observed only two witnesses out of the dozens who were deposed or will testify at trial, and one of those witnesses—Mr. Pelinka—did not testify about any

- 9 -

issue covered by Mr. Bercovici's opinions. *See United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir. 1991) (no prejudice when two witnesses observed one another's testimony when "their mutual presence during trial could not have undermined the integrity of the fact-finding process").

**Third**, after Mr. Bercovici testified, the Court denied Plaintiffs' request for Mr. Bercovici to observe the rest of trial so that Plaintiffs might rely on him for consultation. In *Du Preez v. Banis*, 2017 WL 3222536, (D. Haw. July 27, 2017), the district court ordered a similar sanction when the defendants in that case failed to request advanced permission for their expert witness to attend trial. *Id.* at *3. The district court found that "this sanction was sufficient to address any minimal prejudice that Plaintiff suffered—and any minimal advantage that Defendants gained" through the expert witness's prior presence in the courtroom. *Id.*

The same is true here. Taken together, Defendants' opportunity to cross-examine Mr. Bercovici about his presence in court, the absence of any showing that Mr. Bercovici's presence affected his testimony, the Court's decision to prevent Plaintiffs from eliciting testimony from Mr. Bercovici about his in-court observations, and the Court's decision to prevent Mr. Bercovici from observing the rest of trial cured any potential prejudice to Defendants. Defendants fail to present any justification for imposing the additional remedy of an adverse inference instruction to the jury. Accordingly, Defendants' instruction should be denied.

JOINT STATEMENT RE DISPUTED JURY INSTRUCTION RE PLAINTIFFS'
VIOLATION OF WITNESS EXCLUSION ORDER

1    DATED:  August 18, 2022          MILLER BARONDESS, LLP

2

3

4                                     By: _____/s/ Mira Hashmall_____
                                              MIRA HASHMALL
5

6                                     Attorneys for Defendants
                                      COUNTY OF LOS ANGELES, LOS
7                                     ANGELES COUNTY FIRE DEPARTMENT,
                                      JOEY CRUZ, RAFAEL MEJIA, MICHAEL
8                                     RUSSELL, RAUL VERSALES, ARLIN
                                      KAHAN, and TONY IMBRENDA
9

10

11

12   DATED:  August 18, 2022          OFFICE OF COUNTY COUNSEL

13

14

15                                    By: ____/s/ Jonathan C. McCaverty____
                                            JONATHAN C. McCAVERTY
16

17                                    Attorneys for Defendant
                                      LOS ANGELES COUNTY SHERIFF'S
18                                    DEPARTMENT

19

20

21   DATED:  August 18, 2022          WILSON SONSINI GOODRICH & ROSATI

22

23

24                                    By: _____/s/ Luis Li_____
                                              LUIS LI
25

26                                    Attorneys for Plaintiff
                                      VANESSA BRYANT
27

28
     573755.6
                                    - 11 -

1   DATED:  August 18, 2022        JEROME M. JACKSON LAW OFFICES

2

3

4                                   By:          */s/ Jerome M. Jackson*
                                          JEROME M. JACKSON
5

6                                   JEROME M. JACKSON
                                    jmjlaw@aol.com
7                                   JEROME M. JACKSON LAW OFFICES
                                    880 Apollo Street, Suite 238
8                                   El Segundo, California 90245
                                    Telephone: (310) 726-4199
9                                   Facsimile: (310) 414-0486
10

11                                  Attorneys for Plaintiff
                                    CHRISTOPHER L. CHESTER
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>FILER ATTESTATION</u>**

2        I, Mira Hashmall, attest under Local Rule 5-4.3.4(a)(2)(i) that all other

3  signatories listed, and on whose behalf the filing is submitted, concur in the filing's

4  content and have authorized this filing.

5

6   Dated:  August 18, 2022                  */s/ Mira Hashmall*

7                                           Mira Hashmall

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATEMENT RE DISPUTED JURY INSTRUCTION RE PLAINTIFFS'
VIOLATION OF WITNESS EXCLUSION ORDER