MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
CASEY B. SYPEK (State Bar No. 291214)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES, ARLIN KAHAN, and TONY IMBRENDA

[*Additional counsel continued on next page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants.<br><br>CHRISTOPHER L. CHESTER,<br><br>PLAINTIFF,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | **Case No. 2:20-cv-09582-JFW-E**<br>(Consolidated with 2:20-cv-10844-JFW-E)<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF EXCLUDING ARGUMENT OR EVIDENCE OF PURPORTED DESTRUCTION OR CONCEALMENT OF EVIDENCE IN A FEDERAL INVESTIGATION**<br><br>[Filed Concurrently With Declaration of Jason Tokoro]<br><br>Trial Date: August 10, 2022<br><br>Assigned to the Hon. John F. Walter and Magistrate Judge Charles F. Eick |

573958.2

1  [*Additional counsel, continued from previous page*]

2  JONATHAN C. McCAVERTY (State Bar No. 210922)
3  *Principal Deputy County Counsel*
   jmccaverty@counsel.lacounty.gov
4  OFFICE OF THE COUNTY COUNSEL
5  General Litigation Division
   500 West Temple Street, Suite 468
6  Los Angeles, California 90012
7  Tel.: (213) 974-1828 | Fax: (213) 626-7446

8  Attorneys for Defendant Los Angeles County Sheriff's Department

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 5 |
| II. | THE COURT SHOULD EXCLUDE EVIDENCE OR ARGUMENT ABOUT PURPORTED DESTRUCTION OR CONCEALMENT OF EVIDENCE IN A FEDERAL INVESTIGATION | 6 |
| | A. Plaintiffs' Allegation Of Destruction Or Concealment Of Evidence In A Federal Investigation Is Irrelevant And Unfounded | 6 |
| | B. Plaintiffs' Allegation Of Destruction Or Concealment Of Evidence In A Federal Investigation Is Prejudicial And Misleading | 7 |
| III. | CONCLUSION | 8 |

573958.2

- 3 -

DEFENDANTS' BRIEF IN SUPPORT OF EXCLUDING ARGUMENT AND TESTIMONY REGARDING PURPORTED CONCEALMENT OF EVIDENCE IN A FEDERAL INVESTIGATION

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Old Chief v. United States*,
     519 U.S. 172 (1997) ............................................................................................. 7

*United States v. Hitt*,
     981 F.2d 422 (9th Cir. 1992) ............................................................................... 7

*United States v. Sanchez-Soto*,
     617 F. App'x 695 (9th Cir. 2015) ........................................................................ 7

*Walden v. Illinois Cent. Gulf R.R.*,
     975 F.2d 361 (7th Cir. 1992) ............................................................................... 7

**FEDERAL RULES**

Fed. R. Evid. 401(a) ................................................................................................... 6

Fed. R. Evid. 403 ....................................................................................................... 7

Fed. R. Evid. 602 ....................................................................................................... 7

## I. INTRODUCTION

Twice now in this trial, Plaintiffs have interjected an allegation that Defendants somehow destroyed or concealed evidence in "a federal investigation." The first instance occurred on August 12, 2022, when Mr. Bercovici volunteered the following testimony:

> "Q. Including seizing their personal property. That's your opinion, sir?
>
> A. I would ask for voluntary compliance. ***But these are -- these photographs are evidence in a federal investigation***. So I would take a pause. I would advise their counsel, which they should have with them, tell them how we're going to proceed, and ***I would seek advice from the U.S. Attorney, since this is a federal investigation***."
> (Declaration of Jason Tokoro ("Tokoro Decl."), Ex. A at 598:12-19 (emphasis added).)

The second incident occurred on August 16, 2022, when Plaintiff's counsel led Captain Matthew Vander Horck to answer questions about supposed destruction or concealment of "evidence in a federal investigation":

> "Q. I want to focus on the third concern that you raised, which was the concern that there might be some evidence. ***Were you concerned that your deputies were being ordered to destroy evidence in a federal investigation?***
> A. ***I worried about that.***
> . . . .
> Q. But if they go up and take pictures on their phones, they might have created a bunch of evidence that the feds might want; right?
> A. Could be.
> Q. And by the "feds," I mean the NTSB, the agency that's investigating the crash; right?
> A. Yes.
> Q ***And potentially, if there was -- and there isn't -- but if there was a criminal component, the FBI; right***?
> A ***Yes***.
> Q. ***And what you were concerned about is your deputies had perhaps inadvertently created a bunch of evidence that they should turn over to the feds in toto, all of it, so they wouldn't be destroying or concealing evidence in a federal investigation; right?***

573958.2

- 5 -

DEFENDANTS' BRIEF IN SUPPORT OF EXCLUDING ARGUMENT OR EVIDENCE OF PURPORTED DESTRUCTION OR CONCEALMENT OF EVIDENCE IN A FEDERAL INVESTIGATION

A. *Yes*." (Tokoro Decl., Ex. B at 1233:8-1234:18 (emphasis added).)

This second incident demonstrates that Mr. Bercovici's testimony was not a stray remark. Plaintiffs apparently intend to argue and solicit speculative testimony that Defendants somehow destroyed or concealed evidence in a federal investigation, including a non-existent "criminal" investigation. This allegation is irrelevant, baseless, and highly inflammatory. Defendants respectfully ask the Court to preclude Plaintiffs from arguing or introducing evidence of supposed concealment or destruction of evidence in a federal investigation.

## II. THE COURT SHOULD EXCLUDE EVIDENCE OR ARGUMENT ABOUT PURPORTED DESTRUCTION OR CONCEALMENT OF EVIDENCE IN A FEDERAL INVESTIGATION

### A. Plaintiffs' Allegation Of Destruction Or Concealment Of Evidence In A Federal Investigation Is Irrelevant And Unfounded

The only claims in this trial are Plaintiffs' *Monell* claims against the County and its Sheriff's Department ("LASD") and Fire Department ("LACFD") for alleged improper sharing of photos of Plaintiffs' deceased family members. Plaintiffs' suggestion that Defendants concealed or destroyed evidence in a federal investigation by deleting crash site photos has no relevance whatsoever to Plaintiffs' *Monell* claims. This allegation has no "tendency to make" it "more or less probable" that LASD or LACFD violated Plaintiffs' rights. Fed. R. Evid. 401(a).

Nor have Plaintiffs submitted any competent evidence for their suggestion that Defendants destroyed or concealed evidence in a federal investigation. Witnesses from LASD and LACFD have testified that NTSB and other federal agencies were present the day of the crash. But no testimony or other evidence on the course, scope, and progress of any investigations by the NTSB, FAA, or FBI has been or will be presented to the jury. Plaintiffs have not called any witness from the NTSB, FAA, FBI, or the U.S. Attorney's Office to testify. Nor did Plaintiffs depose anyone from these agencies in discovery or subpoena their records.

1    Plaintiffs are not permitted to argue from "evidence not in the record."
2    United States v. Sanchez-Soto, 617 F. App'x 695, 697 (9th Cir. 2015) (reversing
3    judgment where prosecutor made statement in closing argument "not supported by
4    any evidence"); see also Walden v. Illinois Cent. Gulf R.R., 975 F.2d 361, 365 (7th
5    Cir. 1992) (district court did not abuse its discretion in precluding counsel from
6    making an argument at closing when he had "presented no direct evidence to
7    support the argument").  Nor are Plaintiffs permitted to solicit speculative opinions
8    about purported destruction or concealment of evidence in a federal investigation.
9    See Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is
10   introduced sufficient to support a finding that the witness has personal knowledge of
11   the matter.").  Plaintiffs' allegation that Defendants destroyed or concealed evidence
12   in a federal investigation is baseless and has no bearing on Plaintiffs' *Monell* claims.

### B. Plaintiffs' Allegation Of Destruction Or Concealment Of Evidence In A Federal Investigation Is Prejudicial And Misleading

15   Even if Plaintiffs' allegation that Defendants destroyed evidence in a federal
16   investigation were supported and had some minimal probative value (neither of
17   which is the case), the allegation would still be inadmissible under Rule 403.  Even
18   relevant evidence may be excluded if its probative value is substantially outweighed
19   by the risk of undue prejudice, confusing the issues, misleading the jury, undue
20   delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid.
21   403; United States v. Hitt, 981 F.2d 422, 424 (9th Cir. 1992) ("Where the evidence
22   is of very slight (if any) probative value, it's an abuse of discretion to admit it if
23   there's even a modest likelihood of unfair prejudice or a small risk of misleading the
24   jury."); Old Chief v. United States, 519 U.S. 172, 180–92 (1997).
25   It would be highly prejudicial and misleading for Plaintiffs to argue or submit
26   speculative evidence that Defendants destroyed or concealed evidence in a federal
27   investigation.  Plaintiffs are not-so-subtly suggesting—without any competent
28   evidence—that Defendants committed a crime.  The charge of destruction or

concealment of evidence in a federal investigation is highly inflammatory and likely to mislead the jury about what is at issue in this lawsuit. The danger of undue prejudice, misleading the jury, and confusing the issue far outweighs any probative value.

## III. CONCLUSION

Defendants respectfully ask the Court to preclude Plaintiffs from arguing or introducing purported evidence of supposed concealment or destruction of evidence in a federal investigation.

DATED: August 19, 2022         MILLER BARONDESS, LLP

By:     */s/ Mira Hashmall*
        MIRA HASHMALL
        Attorneys for Defendants
        COUNTY OF LOS ANGELES, LOS
        ANGELES COUNTY FIRE
        DEPARTMENT, JOEY CRUZ,
        RAFAEL MEJIA, MICHAEL
        RUSSELL, RAUL VERSALES, ARLIN
        KAHAN, and TONY IMBRENDA

DATED: August 19, 2022         OFFICE OF COUNTY COUNSEL

By:     */s/ Jonathan C. McCaverty*
        JONATHAN C. McCAVERTY
        Attorneys for Defendant
        LOS ANGELES COUNTY SHERIFF'S
        DEPARTMENT

573958.2

- 8 -

DEFENDANTS' BRIEF IN SUPPORT OF EXCLUDING ARGUMENT OR EVIDENCE OF PURPORTED DESTRUCTION OR CONCEALMENT OF EVIDENCE IN A FEDERAL INVESTIGATION

**FILER ATTESTATION**

I, Mira Hashmall, attest under Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  August 19, 2022                                     */s/ Mira Hashmall*
                                                                                        Mira Hashmall

573958.2

- 9 -

DEFENDANTS' BRIEF IN SUPPORT OF EXCLUDING ARGUMENT OR EVIDENCE OF PURPORTED DESTRUCTION OR CONCEALMENT OF EVIDENCE IN A FEDERAL INVESTIGATION