MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
CASEY B. SYPEK (State Bar No. 291214)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS
ANGELES COUNTY FIRE
DEPARTMENT, JOEY CRUZ,
RAFAEL MEJIA, MICHAEL
RUSSELL, RAUL VERSALES, ARLIN
KAHAN, and TONY IMBRENDA

[*Additional counsel continued on next page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | **Case No. 2:20-cv-09582-JFW-E** (Consolidated with 2:20-cv-10844-JFW-E)<br><br>**DEFENDANTS' BRIEF REGARDING COLOR OF LAW JURY INSTRUCTION**<br><br>[Filed Concurrently With Declaration of Jason H. Tokoro]<br><br>Trial Date: August 10, 2022<br><br>Assigned to the Hon. John F. Walter and Magistrate Judge Charles F. Eick |
| CHRISTOPHER L. CHESTER,<br><br>PLAINTIFF,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>Defendants. | |

574357.3

[*Additional counsel, continued from previous page*]

JONATHAN C. McCAVERTY (State Bar No. 210922)
*Principal Deputy County Counsel*
jmccaverty@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1828 | Fax: (213) 626-7446

Attorneys for Defendant Los Angeles County Sheriff's Department

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES.............................................5

I.      THE COURT SHOULD NOT INSTRUCT THE JURY THAT
        COUNTY PERSONNEL WERE ACTING UNDER COLOR OF
        STATE LAW.................................................................................................5

        A.      The "Color of Law" Requirement.............................................5

        B.      Cruz And Imbrenda Were Not Acting Under "Color of Law"...............6

II.     CONCLUSION .................................................................................8

1

## <u>TABLE OF AUTHORITIES</u>

2

3
<u>Page</u>

4

## <u>FEDERAL CASES</u>

5

6
*Huffman v. County of Los Angeles,*
    147 F.3d 1054 (9th Cir. 1998)........................................................7, 8

7
*Hyun Ju Park v. City & County of Honolulu,*
    952 F.3d 1136 (9th Cir. 2020).......................................................7, 8

8

9
*Marsh v. Cnty. of San Diego,*
    680 F.3d 1148 (9th Cir. 2012).......................................................6, 8

10
*Monell v. Dep't of Social Service of City of New York,*
    436 U.S. 658 (1978) ......................................................................6, 8

11

12
*Naffe v. Frey,*
    789 F.3d 1030 (9th Cir. 2015)....................................................5, 7, 8

13
*Olejnik v. England,*
    147 F. Supp. 3d 763 (W.D. Wis. 2015)............................................6

14

15
*Pitchell v. Callan,*
    13 F.3d 545 (2d Cir. 1994) ............................................................5, 7

16
*Van Ort v. Estate of Stanewich,*
    92 F.3d 831 (9th Cir. 1996)................................................................5

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Per the Court's instruction, Defendants hereby submit their brief in opposition to a jury instruction that any County personnel were acting "under color of state law" in connection with the alleged constitutional violations in this case.

Whether County employees were acting under color of law is an issue for the jury.  A reasonable jury can find from the evidence at trial that neither Deputy Cruz nor Captain Imbrenda was acting under color of law when he displayed photos of the crash site while off duty.  The Court should not instruct the jury otherwise.

## I.   THE COURT SHOULD NOT INSTRUCT THE JURY THAT COUNTY PERSONNEL WERE ACTING UNDER COLOR OF STATE LAW

### A.   The "Color of Law" Requirement

While off duty, a public employee acts under color of law only when: (1) the employee purports or pretends to act under color of law; (2) his pretense of acting in the performance of his duties had the purpose and effect of influencing the behavior of others; and (3) the harm inflicted on plaintiff "related in some meaningful way either to the officer's governmental status or to the performance of his duties." *Naffe v. Frey*, 789 F.3d 1030, 1037 (9th Cir. 2015) (citations omitted).  "[A] government employee does not act under color of law when he pursues private goals via private actions." *Id.*

Being employed by the Sheriff's Department or the Fire Department, on its own, is insufficient to meet the color of law requirement.  *See, e.g. Naffe*, 789 F.3d at 1036 ("§ 1983 does not federalize all torts or other deprivations of rights committed by a person who is a law enforcement officer or other government agent"); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996) (defendant did not act under color of law in attacking plaintiff merely because he was a law enforcement officer, where he acted neither within the scope of his authority nor under pretense of law); *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994) (off-duty

police officer acted "as a private citizen" when he did not act in accordance with police regulation or invoke the authority of the police department).

Indeed, the "color of law" element would be meaningless if employment by the public entity were enough to impose liability on that entity. *See Monell v. Dep't of Social Service of City of New York*, <u>436 U.S. 658, 692</u> (1978) ("That [color of law] language cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with the tortfeasor.")

*Olejnik v. England*, <u>147 F. Supp. 3d 763</u>, 771 (W.D. Wis. 2015), is instructive. There, the medical examiner defendant used body parts of the plaintiff's relative to train her dog to locate cadavers. *<u>Id.</u> at 768-69*. Although the defendant's "misappropriation was made possible by her official position," her job duties had nothing to do with using human remains for cadaver dog training. *<u>Id. at 771</u>*. The defendant's personal decision to use the body parts to further her own private interests was not subject to Section 1983. *<u>Id</u>*.

Plaintiffs have suggested that some County employees were members of the "public" for purposes of "public dissemination" under *Marsh*. Whether someone is a member of the public a different question than whether an officer is acting under color of law under *Monell*. In any event, if Plaintiffs intend to make this argument, then it must also be true that some County employees were not acting under color of law at all times during their employment. The jury should make this decision, just as they will decide whether someone is a member of the "public" for purposes of "public dissemination." (*See* Instruction No. 38 ["It is up to you to decide whether a person to whom an image was transmitted or displayed was a member of the public when the transmission or display occurred."].)

## B.   Cruz And Imbrenda Were Not Acting Under "Color of Law"

Deputy Cruz and Captain Imbrenda's decisions to display crash site photos were purely personal. As set forth below, the jury has heard substantial evidence

that their off-duty conduct was not under color of law.

**Deputy Cruz**.  Deputy Cruz was off duty when he showed photos to Victor Gutierrez at the bar in Norwalk.  (Declaration of Jason H. Tokoro ("Tokoro Decl.") Ex. 3 [8/15 Tr.] at 997:12-15, 1002:17-23.)  Deputy Cruz was not in uniform.  (*Id.* Ex. 6 [Tr. Ex. 003F].)  He did not show his badge or otherwise invoke any authority of the Sheriff's Department.  (*Id.*)  He was at a bar, drinking and talking to a friend to decompress.  (*Id.* Ex. 1 [8/11 Tr.] 348:9-11; Ex. 4 [8/16 Tr.] at 1072:20-1073:14, 1075:7-11.)  Deputy Cruz was not there on Department business; he "just needed to talk to somebody."  (*Id.* Ex. 1 [8/11 Tr.] at 382:17-21.)  He was not acting under color of law.  *See Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020) (officer who shot person with Department-issued revolver not acting under color of law where he and fellow officers "were off-duty and dressed in plain clothes, drinking and socializing at the bar in their capacity as private citizens"); *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998) (officer not acting under color of law while off duty at a bar).

The same is true for Deputy Cruz attempting to show crash site photos to his adult niece.  Deputy Cruz was off duty at his mother's house talking to his closest family member who is like a sister to him.  (Tokoro Decl. Ex. 4 [8/16 Tr.] at 1070:22-1072:5.)  He was not acting in the performance of any actual or pretend official duties.  *Pitchell*, 13 F.3d at 548.  Nor did his conduct influence any behavior of others.  *Naffe*, 789 F.3d at 1037.

**Captain Imbrenda**.  Captain Imbrenda was also off duty when he displayed crash site photos at the awards event.  (Tokoro Decl. Ex, 5 [8/17 Tr.] at 1480:10-1481:7, 1484:7-16.)  The Golden Mike Awards was a non-County, media industry event at a hotel in Universal City on a Saturday night.  (*Id.* Ex. 2 [8/12 Tr.] 469:18-23; Ex. 5 [8/17 Tr.] at 1549:4-17.)  Captain Imbrenda attended because he was going to receive an award.  (*Id.* Ex. 5 [8/17 Tr.] at 1480:10-1481:7.)  He was not in uniform and did not invoke any authority of the Fire Department.  (*Id.* Ex. 7 [Tr. Ex.

7

64].)  Although Captain Imbrenda was "talking shop" with other fire personnel, he did not display photos in performance of any actual or pretend official duties.  (*Id.* Ex. 5 [8/17 Tr.] at 1486:1488:2; *Id*. Ex. 2 [8/12 Tr.] at 478:5-9.)  Nor did his showing photos influence any behavior of others.  Captain Imbrenda was not acting under color of law.  *See Hyun Ju Park*, 952 F.3d at 1140; *Huffman*, 147 F.3d at 1058.[1]

Moreover, it does not matter that Deputy Cruz and Captain Imbrenda *acquired* crash site photos through their official County duties.  The pertinent question is whether they were acting under color of law *at the time of the alleged violation*—i.e., when they displayed photos to members of the public.  *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (retired prosecutor did *not* act under color of law when he sent autopsy photos to the press even though he acquired the photos through his official position).  Indeed, the Ninth Circuit in *Marsh* found that there was no viable *Monell* claim for actions after the prosecutor retired.  *Id*.  Because the prosecutor was no longer employed by the public entity and there was no evidence that he "jointly engaged with state officials in his conduct [of dissemination]," the color of law element was not met.  *Id*.

## II.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should not instruct the jury that any County personnel were acting under color of law when they displayed photos from the crash site.  This is an issue for the jury to decide.

---

[1]  *Marsh* does not apply to internal sharing and thus does not apply to the conduct of Deputy Russell, who shared photos with Deputy Sanchez while they were off duty playing video games.  (Tokoro Decl. Ex. 4 [8/16 Tr.] at 1107:22-1108:1.)  In any event, Deputy Russell was not actually acting or pretending to act in an official capacity when he shared photos with Deputy Sanchez; he was not acting under color of law.  *Naffe*, 789 F.3d at 1037.

8

1   DATED:  August 22, 2022          MILLER BARONDESS, LLP

2

3

4                                    By:    /s/ Mira Hashmall

5                                           MIRA HASHMALL
                                            Attorneys for Defendants
6                                           COUNTY OF LOS ANGELES, LOS
                                            ANGELES COUNTY FIRE
7                                           DEPARTMENT, JOEY CRUZ,
                                            RAFAEL MEJIA, MICHAEL
8                                           RUSSELL, RAUL VERSALES, ARLIN
                                            KAHAN, and TONY IMBRENDA
9

10

11  DATED:  August 22, 2022          OFFICE OF COUNTY COUNSEL

12

13

14                                   By:    /s/ Jonathan C. McCaverty

                                            JONATHAN C. McCAVERTY
15                                          Attorneys for Defendant
                                            LOS ANGELES COUNTY SHERIFF'S
16                                          DEPARTMENT

17

18

19

20

21

22

23

24

25

26

27

28