LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

[*Additional counsel continued on next page*]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| VANESSA BRYANT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-09582-JFW-E<br>(Consolidated with 2:20-cv-10844-JFW-E)<br><br>**PLAINTIFFS' BRIEF RE COLOR OF STATE LAW INSTRUCTION**<br><br>Trial Date: August 10, 2022<br><br>The Honorable John F. Walter |
| CHRISTOPHER L. CHESTER,<br><br>　　　　PLAINTIFF,<br><br>　　vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | |

[*Additional counsel, continued from previous page*]

JEROME M. JACKSON (State Bar No. 64238)
jmjlaw@aol.com
JEROME M. JACKSON LAW OFFICES
880 Apollo Street, Suite 238
El Segundo, California 90245
Telephone: (310) 726-4199
Facsimile: (310) 414-0486

Attorneys for Plaintiff
CHRISTOPHER L. CHESTER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court's plan to instruct the jury that Defendants' employees acted under color of law is legally correct and appropriate. Every County employee who obtained photos from the crash site did so by virtue of their work as a law enforcement or fire official. Every employee who disseminated those photos did so while they remained in Defendants' employment, and their status as County employees was known by the people to whom they disseminated the photos. Thus, under *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012), these County employees were acting under color of state law.

### II. ARGUMENT

Plaintiffs are entitled to an instruction that any dissemination of photos of Plaintiffs' loved ones' remains by Defendants was under color of state law.

The Court has clear authority to decide this issue as a matter of law. Indeed, in every case cited in Defendants' brief, the district court did so. *See Naffe v. Frey*, 789 F.3d 1030, 1037 (9th Cir. 2015) (Rule 12(b)(6) motion); *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996) (summary judgment); *Olejnik v. England*, 147 F. Supp. 3d 763, 768 (W.D. Wis. 2015) (summary judgment); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (summary judgment); *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020) (Rule 12(b)(6) motion); *Huffman v. Cnty. of L.A.*, 147 F.3d 1054, 1058 (9th Cir. 1998) (pre-trial district court ruling). Courts in the Ninth Circuit have included such an instruction in section 1983 cases. *See, e.g.*, *Curtin v. Cnty. of Orange*, 2018 WL 10320668, at *1 (C.D. Cal. Jan. 31, 2018) (instructing jury that defendant acted under color of state law); *Luong v. SF City & Cnty.*, 2013 WL 2389648, at *9 (N.D. Cal. May 30, 2013) (same), *aff'd*, 630 F. App'x 691 (9th Cir. 2015).

An instruction that Defendants' employees acted under color of state law is appropriate here because no reasonable juror could conclude otherwise based on

the evidence at trial. A public employee acts under color of law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Applying this principle, the Ninth Circuit held in *Marsh* that a prosecutor was "clearly acting 'under color of state law'" when, while employed as a prosecutor, he photocopied an autopsy photo that he had obtained from a case, removed it from his office, and later transferred it to himself for private use as a "memento" of his past work. 680 F.3d at 1152, 1158 (defendant acted under color of state law for "decision, while still employed by the County, to take the photograph out of the office and 'give' it to himself as a private individual").

Here, the crash site photos depicting Plaintiffs' loved ones were taken by County personnel, ostensibly for official purposes. As Defendants admit, Defendants' employees came into possession of those photos through their activities as first responders working for the County. (*See* Dkt. 404 at 8 (admitting that Deputy Cruz and Captain Imbrenda "*acquired* crash site photos through their official County duties.").) In this sense, their actions are indistinguishable from the prosecutor who copied an autopsy photo in *Marsh*. Just as the *Marsh* prosecutor acted under color of state law by transferring photos to himself for private use while employed by the County, so too did Defendants' employees when, while employed by the County, they displayed or transmitted photos they would not possess but for their work as first responders.

Despite this straightforward conclusion, Defendants argue that fact questions prevent the Court from instructing the jury that Deputy Cruz and Captain Imbrenda acted under color of state law. (Defendants apparently do not contest the color-of-

law issue with respect to every other employee who disseminated crash site photos, with the exception of Deputy Russell.[1]) Defendants are wrong for multiple reasons.

With respect to Deputy Cruz, it is undisputed that he (like the other Defendant employees) obtained photos from the crash site through the exercise of his official duties. This itself satisfies the color-of-law requirement under *Marsh*. Further, although Deputy Cruz may have been off duty when he displayed those photos in a bar, he was still employed by LASD, and he identified himself as having worked the scene of the helicopter crash. (Templeton Decl. Ex. C [Aug. 15, 2022 Trial Tr.] at 1007:14-1008:3 (Deputy Cruz testimony that he told bartender about his work at the crash site); *id.* at 1010:21-1011:3 (same).) He also specifically identified the photos as material he received in the course of his work for LASD—apparently to impress others with his access to law enforcement information. (*Id.*; *see also* Templeton Decl. Ex. A [TREX 1] (complaint submitted to LASD regarding deputy displaying photos from the crash).) These facts distinguish *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020), and *Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998), which involved off-duty actions by individuals who did not identify themselves as police officers or purport to act in an official capacity. Unlike the officers in these cases, Deputy Cruz directly exploited his public position—and the

---

[1] In a footnote, Defendants argue that Deputy Russell did not act under color of state law. The argument fails for the same reasons explained below with respect to Cruz and Imbrenda. Deputy Russel obtained the photos through his work as a County employee. When he transmitted photos to a friend, the friend understood Deputy Russell to be an LASD deputy and knew that Deputy Russell had obtained the photos from his work for LASD at the helicopter crash. (*See* Templeton Decl. Ex. D [Aug. 16, 2022] 1106:16-19 (Russell testifying that he told Sanchez he had photos from the crash site).)

1  access that came with it—when he disseminated photos of Plaintiffs' loved ones to
2  others in the bar.²
3       The same is true of Captain Imbrenda. Not only did Captain Imbrenda use
4  his status as a Public Information Officer for LACFD to obtain photos from the
5  crash site, but he displayed those photos to others during an event that he attended
6  as an LACFD representative. (Templeton Decl. Ex. E [Aug. 17, 2022 Trial Tr.] at
7  1480:9-21.) Further, when Captain Imbrenda displayed the photos, the evidence
8  shows that he either did so during a conversation about his work and the challenges
9  he faced as a first responder at the helicopter crash, (*id*. at 1486:24-1487:22.), or he
10 did so immediately after talking about working at the helicopter crash site.
11 (Templeton Decl. Ex. B [Aug. 12, 2022 Trial Tr.] at 472:21-474:21.) Thus, as with
12 Deputy Cruz, it is undisputed that Captain Imbrenda clearly associated those
13 photos with his work as an LACFD officer when he displayed them to others in
14 violation of Plaintiffs' constitutional rights. That conduct is more than sufficient to
15 satisfy the color-of-law requirement.
16      Defendants' attempt to analogize this case to the post-retirement conduct of
17 the prosecutor in *Marsh* fails. (Dkt. 404 at 8.) With respect to remains photos
18 obtained using a person's position as a state official, *Marsh* drew a line between
19 conduct by the person "while still employed by the County" (under color of state
20 law) and conduct by a "former government employee" after retirement (not under
21 color of state law). 680 F.3d at 1158. The Court simply required "involvement by
22 current government officials." *Id.* Here, every LASD and LACFD employee who
23 disseminated photos from the crash site was employed by the County at the time of

---

25 ² Defendants' remaining cases are distinguishable for the same reason. All involved
26 conduct by public employees that was unrelated to the performance of their public
   duties. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996) (assault and
27 attempted robbery); *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994) (discharge of
28 gun while drunk).

the dissemination. This includes Deputy Cruz and Captain Imbrenda, but also all the other first responders who texted, Airdropped, and displayed photos without a legitimate government purpose following the crash. As in *Marsh*, these employees all obtained the photos using their positions as state officials. As in *West*, they exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49. These actions by active County employees with photos they possessed by virtue of their County employment satisfy the under-color-of-law requirement.

### III.  CONCLUSION

For the forgoing reasons, the Court's plan to instruct the jury that Defendants' employees acted under color of law is legally correct and appropriate. There is no dispute of material fact. Under *Marsh*, every employee of Defendants who disseminated photos from the crash site in violation of Plaintiffs' constitutional rights did so under color of state law.

| | | |
|---|---|---|
| 1 | DATED: August 22, 2022 | WILSON SONSINI GOODRICH & ROSATI, Professional Corporation |
| 2 | | |
| 3 | | By:        */s/ Luis Li* |
| 4 | | LUIS LI |
| 5 | | LUIS LI<br>Luis.Li@wsgr.com |
| 6 | | ERIC TUTTLE<br>Eric.Tuttle@wsgr.com |
| 7 | | 633 West Fifth Street, Suite 1550 |
| 8 | | Los Angeles, California 90071<br>Telephone: (323) 210-2900 |
| 9 | | Facsimile: (866) 974-7329 |
| 10 | | |
| 11 | | CRAIG JENNINGS LAVOIE<br>Craig.Lavoie@mto.com |
| 12 | | JENNIFER L. BRYANT<br>Jennifer.Bryant@mto.com |
| 13 | | MUNGER, TOLLES & OLSON LLP |
| 14 | | 350 South Grand Avenue, Fiftieth Floor<br>Los Angeles, California 90071-3426 |
| 15 | | Telephone: (213) 683-9100 |
| 16 | | Facsimile: (213) 687-3702 |
| 17 | | *Attorneys for Plaintiff Vanessa Bryant* |
| 18 | DATED: August 22, 2022 | JEROME M. JACKSON LAW OFFICES |
| 19 | | |
| 20 | | By:        */s/ Jerome M. Jackson*<br>JEROME M. JACKSON |
| 21 | | |
| 22 | | JEROME M. JACKSON<br>jmjlaw@aol.com |
| 23 | | JEROME M. JACKSON LAW OFFICES |
| 24 | | 880 Apollo Street, Suite 238<br>El Segundo, California 90245 |
| 25 | | Telephone: (310) 726-4199 |
| 26 | | Facsimile: (310) 414-0486 |
| 27 | | *Attorneys for Plaintiff Christopher Chester* |
| 28 | | |

## ECF CERTIFICATION

The filing attorney attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.