LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
Eric.Tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
Jennifer.Bryant@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff Vanessa Bryant

[*Additional counsel continued on next page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-09582-JFW-E<br>(Consolidated with 2:20-cv-10844-JFW-E)<br><br>**JOINT STATEMENT RE COURT'S PROPOSED VERDICT FORMS**<br><br>[Filed Concurrently with Declaration of Casey B. Sypek]<br><br>Trial Date: August 10, 2022<br><br>The Honorable John F. Walter |
| CHRISTOPHER L. CHESTER,<br><br>　　　　PLAINTIFF,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | |

JOINT STATEMENT RE COURT'S PROPOSED VERDICT FORMS

[*Additional counsel, continued from previous page*]

JEROME M. JACKSON (State Bar No. 64238)
jmjlaw@aol.com
JEROME M. JACKSON LAW OFFICES
880 Apollo Street, Suite 238
El Segundo, California 90245
Telephone: (310) 726-4199
Facsimile: (310) 414-0486

Attorneys for Plaintiff
CHRISTOPHER L. CHESTER

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
JASON H. TOKORO (State Bar No. 252345)
CASEY B. SYPEK (State Bar No. 291214)
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, LOS ANGELES COUNTY FIRE DEPARTMENT, JOEY CRUZ, RAFAEL MEJIA, MICHAEL RUSSELL, RAUL VERSALES, ARLIN KAHAN, and TONY IMBRENDA

JONATHAN C. McCAVERTY (State Bar No. 210922)
*Principal Deputy County Counsel*
jmccaverty@counsel.lacounty.gov
OFFICE OF THE COUNTY COUNSEL
General Litigation Division
500 West Temple Street, Suite 468
Los Angeles, California 90012
Tel.: (213) 974-1828 | Fax: (213) 626-7446

Attorneys for Defendant
LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

# COURT'S VERDICT FORM

## A. Plaintiffs' Proposed Verdict Forms

Plaintiffs' proposed verdict form for Plaintiff Chester's claim against Defendant Los Angeles County Sheriff's Department is below. Identical instructions would be submitted for Plaintiff Chester's claim against the Fire Department and for Plaintiff Bryant's claims, with only the defendant's and/or plaintiff's name changed. Differences with Defendants' proposal are highlighted in yellow. Changes against the Court's form are in red text.

### PLAINTIFF CHRISTOPHER L. CHESTER'S CLAIM AGAINST DEFENDANT LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

**Question No. 1**: On the claim of Plaintiff Christopher L. Chester against Defendant Los Angeles County Sheriff's Department for violation of his constitutional rights (Section 1983) based on a policy that fails to prevent violations of law by its employees or a failure to train its employees, we, the undersigned jurors, unanimously find in favor of (check one):

    Plaintiff Christopher L. Chester: _____

    Defendant Los Angeles County Sheriff's Department: _____

Proceed to Question No. 2.

**Question No. 2**: On the claim of Plaintiff Christopher L. Chester against Defendant Los Angeles County Sheriff's Department for violation of his constitutional rights (Section 1983) based on a practice or custom, we, the undersigned jurors, unanimously find in favor of (check one):

    Plaintiff Christopher L. Chester: _____

    Defendant Los Angeles County Sheriff's Department: _____

If you found in favor of Plaintiff Christopher L. Chester on Question 1 or Question 2 or both, answer Question No. 3. Otherwise, skip Question No. 3 and proceed to Question No. 4.

**Question No. 3**: If you found in favor of Plaintiff Christopher L. Chester on his claim against Defendant Los Angeles County Sheriff's Department (Question 1 or Question 2 or both), enter the amount of damages you award Plaintiff Christopher L. Chester for the conduct of Los Angeles County Sheriff's Department and its officers and employees.

> Past physical, mental, and emotional
> pain and suffering, loss of enjoyment
> of life, humiliation, grief, anxiety,
> and emotional distress:                                         $_____
>
> Future physical, mental, and emotional
> pain and suffering, loss of enjoyment
> of life, humiliation, grief, anxiety,
> and emotional distress:                                         $_____

Proceed to Question No. 4.

    **B.**    **Defendants' Proposed General Verdict Form**

Defendants' proposed general verdict form for Plaintiff Chester is below. An identical set would be submitted for Plaintiff Bryant with only the plaintiff's name changed.

**Question No. 1**: On the claim of Plaintiff Christopher L. Chester against Defendant Los Angeles County Sheriff's Department for violation of his constitutional rights (Section 1983) based on a failure to have policies adequate to prevent violations of

law by its employees or a failure to train its employees, we, the undersigned jurors, unanimously find in favor of (check one):

    Plaintiff Christopher L. Chester: _____

    Defendant Los Angeles County Sheriff's Department: _____

Proceed to Question No. 2.

**Question No. 2**: On the claim of Plaintiff Christopher L. Chester against Defendant Los Angeles County Sheriff's Department for violation of his constitutional rights (Section 1983) based on a widespread or longstanding practice or custom, we, the undersigned jurors, unanimously find in favor of (check one):

    Plaintiff Christopher L. Chester: _____

    Defendant Los Angeles County Sheriff's Department: _____

If you found in favor of Plaintiff Christopher L. Chester on Question 1 or Question 2 or both, proceed to Question No. 3. Otherwise, skip Question No. 3 and proceed to Question No. 4.

**Question No. 3**: On the claims of Plaintiff Christopher L. Chester against Defendant Los Angeles County Sheriff's Department, the jury awards the following damages:

    Past physical, mental, and emotional
    pain and suffering, loss of enjoyment of life,
    humiliation, grief, anxiety, and emotional distress:
        $_____

   Future physical, mental, and emotional

   pain and suffering, loss of enjoyment of life,

   humiliation, grief, anxiety, and emotional distress:

    $\$$_____

Proceed to Question No. 4.

**Question No. 4**: On the claim of Plaintiff Christopher L. Chester against Defendant Los Angeles County Fire Department for violation of his constitutional rights (Section 1983) based on a failure to have policies adequate to prevent violations of law by its employees or a failure to train its employees, we, the undersigned jurors, unanimously find in favor of (check one):

  Plaintiff Christopher L. Chester: _____

  Defendant Los Angeles County Fire Department: _____

Proceed to Question No. 5.

**Question No. 5**: On the claim of Plaintiff Christopher L. Chester against Defendant Los Angeles County Fire Department for violation of his constitutional rights (Section 1983) based on a widespread or longstanding practice or custom, we, the undersigned jurors, unanimously find in favor of (check one):

  Plaintiff Christopher L. Chester: _____

  Defendant Los Angeles County Fire Department: _____

If you found in favor of Plaintiff Christopher L. Chester on Question 4 or Question 5 or both, proceed to Question No. 6.  Otherwise, answer no further questions and sign and date the verdict form.

**Question No. 6**:  On the claims of Plaintiff Christopher L. Chester against Defendant Los Angeles County Fire Department, the jury awards the following damages:

    Past physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:
        $_____

    Future physical, mental, and emotional pain and suffering, loss of enjoyment of life, humiliation, grief, anxiety, and emotional distress:
        $_____

### C.   Plaintiffs' Legal Position

The Court asked for one simple change to the verdict form that the Court drafted:  "It's simply making it two questions rather than one"—i.e., "separate questions with respect to each of plaintiffs' *Monell* theories of liability" reflected in Instruction Nos. 36 and 37  Plaintiffs' form does this using the same language that appears in the preamble to Instruction Nos. 36 (inadequate policy or training) and 37 (practice or custom).  Plaintiffs' form makes no other changes to the Court's verdict form.  Defendants' form unnecessarily departs from the language in the preamble to Instruction Nos. 36 and 37, and rewrites the Court's damages

question even though the Court (after considering the issues raised by Defendants on Sunday) did not request any changes to that question.

**Description of theories**: The description of the two theories should exactly track the language used at the beginning of Instructions 36 and 37 to avoid confusing the jury. The preamble to Instruction No. 36 states: "In order to prevail on his or her § 1983 claim against a defendant <u>based on a policy that fails to prevent violations of law by its employees or a failure to train its employees</u>, each plaintiff must prove …."[1] The preamble to Instruction No. 37 states: "In order to prevail on his or her § 1983 claim against a defendant <u>based on a practice or custom</u>, each plaintiff must prove …"[2] Plaintiffs' proposed verdict forms use exactly this same language to identify each theory, ensuring the jury can easily track the question on the verdict form to the instruction.

Defendants add in different language that does not track the preambles to Instruction Nos. 36 and 37, creating unnecessary potential for confusion. For example, Defendants apparently want to highlight element 3 of Instruction No. 37 which requires that the employee acted pursuant to a "widespread or longstanding" practice or custom. The verdict form isn't the place for the parties to cherry-pick elements they want to emphasize to the jury. There is no need to selectively recite the elements of the claim from the instructions.

**Damages Question (Formerly No. 2, Now No. 3):** The Court reviewed the parties' Sunday joint statement on the verdict form and only requested changes to split the liability question into two—one for each theory. The Court did not invite any changes to the damages question, other than to make it consistent with

---

[1] The prior sentence in Instruction No. 36 similarly states: "The plaintiffs each allege that the defendants violated § 1983 <u>by having policies that failed to prevent violations of law by their employees and by failing to train their employees</u>."

[2] The prior sentence in Instruction No. 37 similarly states: "Each plaintiff also alleges that the defendants violated § 1983 <u>through their practices or customs</u>."

breaking out liability into two questions. Plaintiffs have nevertheless rewritten the damages question wholesale. Defendants do not believe this is appropriate, and have left the damages question the way the Court had written it, except for adding "(Question 1 or Question 2 or both)" to make the reference clear in light of now having two liability questions.

For example, the Court's form directs the jury to enter the amount of damages to the plaintiff "for the conduct of [Defendant] and its officers and employees." The Court did not invite any changes to this language, but Defendants cut it. As the Court explained today, "[t]he Court concludes that the jury should be asked to attribute damages separately as to the sheriff's department and fire department." This language in the court's form carries out that ruling by making clear to the jury that they are to enter for each defendant only damages attributable to that defendant. There is no reason to strike the language. The Court has already addressed Defendants' concern about duplicative damages through the Court's Instruction No. 59.

### D. Defendants' Legal Position

On August 21, 2022, Defendants submitted a proposed general verdict form. (Dkt. No. 401 at 17-19.) The Court agreed with Defendants that Plaintiffs' two distinct *Monell* theories should be separated out. (Declaration of Casey B. Sypek ("Sypek Decl.") Ex. 1 [8/22 Trial Tr.] at 2140:11-2141:15.) The Court also concluded that the jury should be asked to attribute damages separately as to LASD and LACFD. (*Id.* at 2141:20-2142:5.) Accordingly, Defendants revised their proposed verdict form in light of the Court's instructions and to reflect agreements reached by the parties in subsequent meet and confer. The Court should provide Defendants' proposed general verdict form for the following reasons.

***First***, Defendants' proposed Question Nos. 1, 2, 4 and 5 accurately describe each of Plaintiffs' two *Monell* theories and use language directly from the relevant jury instructions (Instruction Nos. 36 and 37). This language is necessary to avoid

jury confusion in light of the complicated nature of *Monell* and the competing *Monell* theories in this case.  Without Defendants' proposed language describing each *Monell* theory and the relevant constitutional rights, the general verdict form oversimplifies what the jury is being asked to decide.  This will risk juror confusion and unfairly prejudice Defendants.

Specifically, Question Nos. 1 and 4 (failure to train theory for LASD and LACFD, respectively) ask whether there was a "failure to have policies adequate to prevent violations of law by its employees."  This language tracks Instruction No. 36 and accurately describes the *Monell* theory at issue.  Indeed, the Court agreed with Defendants that it was appropriate to add this language to Instruction No. 36 to clarify that it is the Defendants' *policies* that must be found to prevent violations of law.  The Court agreed with Defendants that the Ninth Circuit model instructions "did not make clear that the inadequate policy must have caused the constitutional violation."  (Sypek Decl. Ex. 1 [8/22 Trial Tr.] at 2135:25-2136:2.) Defendants' proposed language gives the jury clear direction on what they are being asked to decide.  Plaintiffs' proposed Question Nos. 1 and 4 strip away the necessary elements of the *Monell* failure to train theory, do not track the jury instruction, and will be more confusing for the jury.

Similarly, Question Nos. 2 and 5 (custom or practice theory as to LASD and LACFD, respectively) ask whether there is a violation based on a "widespread or longstanding practice or custom."  This language tracks Instruction No. 37 and accurately describes the *Monell* theory at issue.  Plaintiffs' proposed Question Nos. 2 and 5 strip away the necessary elements of the *Monell* custom or practice theory and do not track the jury instruction.

Notably, Plaintiffs did not object to any of this language proposed by Defendants in the Joint Statement Re Court's Proposed Jury Instructions and Verdict Forms filed on August 21, 2022.  (Dkt No. 401 at 20-21.)  If they opposed this language, they should have raised it in the parties' last joint filing.

***Second***, Defendants' damages questions (Question Nos. 3 and 6) are simple and easy to understand. Plaintiffs propose additional language that is redundant and unnecessary. If the jury reaches Question Nos. 3 and 6, it will have already decided that Defendants are liable. Question Nos. 3 and 6 are clearer if limited to a simple question about a dollar amount because the other questions already address liability.

DATED:  August 23, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Luis Li*
LUIS LI

Attorneys for Plaintiff Vanessa Bryant

DATED:  August 23, 2022

JEROME M. JACKSON LAW OFFICES

By: */s/ Jerome M. Jackson*
JEROME M. JACKSON

Attorneys for Plaintiff Christopher Chester

DATED:  August 23, 2022

OFFICE OF COUNTY COUNSEL

By: */s/ Jonathan C. McCaverty*
JONATHAN C. McCAVERTY

Attorneys for Defendant Los Angeles County Sheriff's Department

DATED:  August 23, 2022

MILLER BARONDESS, LLP

By: */s/ Jason H. Tokoro*
JASON H. TOKORO

Attorneys for Defendants County of Los Angeles, Los Angeles County Fire Department, Joey Cruz, Rafael Mejia, Michael Russell, Raul Versales, Arlin Kahan and Tony Imbrenda

## **FILER ATTESTATION**

I, Luis Li, attest under Local Rule 5-4.3.4(a)(2)(i) that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  August 23, 2022                                        */s/ Luis Li*
                                                                                    Luis Li