ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

8/24/22

CENTRAL DISTRICT OF CALIFORNIA
BY: _____SR_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VANESSA BRYANT,

     Plaintiff,

  v.

LOS ANGELES COUNTY
SHERIFF'S DEPARTMENT; LOS
ANGELES COUNTY FIRE
DEPARTMENT,

     Defendants.

_____

CHRISTOPHER L. CHESTER,

     Plaintiff,

  v.

LOS ANGELES COUNTY
SHERIFF'S DEPARTMENT; LOS
ANGELES COUNTY FIRE
DEPARTMENT,

     Defendants.

_____

Case No. **CV 20-9582-JFW(Ex)**

(Consolidated with Case No. CV
20-10844-JFW(Ex))

**JURY INSTRUCTIONS**

COURT'S INSTRUCTION NO. 1.

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

COURT'S INSTRUCTION NO. 2.

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

COURT'S INSTRUCTION NO. 3.

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Although there are two plaintiffs in this action, it does not follow from that fact alone that if one plaintiff is entitled to recover, both are entitled to recover.  Each defendant is entitled to a fair consideration as to each plaintiff, just as each plaintiff is entitled to a fair consideration of that plaintiff's claim against each defendant.

If the Los Angeles County Sheriff's Department is liable to a plaintiff, it does not follow from that fact alone that the Los Angeles County Fire Department is also liable, and vice-versa.  Each of the Los Angeles County Sheriff's Department and the Los Angeles County Fire Department is entitled to a fair consideration of the evidence, and is not to be prejudiced should you find against the other.

COURT'S INSTRUCTION NO. 4.

    The Los Angeles County Sheriff's Department and the Los Angeles County Fire Department are both departments of the County of Los Angeles.  The parties have agreed that you do not need to separately decide Plaintiffs' claims against the County of Los Angeles.  That issue is not before you.

COURT'S INSTRUCTION NO. 5.

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits that are admitted into evidence;

3.   any facts to which the lawyers have agreed; and

4.   any facts that I have instructed you to accept as proved.

COURT'S INSTRUCTION NO. 6.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

6

COURT'S INSTRUCTION NO. 7.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. 8.

    You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

    "Inferences" are simply deductions or conclusions that reason and common sense lead you to draw from the evidence in the case.

COURT'S INSTRUCTION NO. 9.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these

9

1  differences, but do not decide that testimony is untrue just

2  because it differs from other testimony.

3      However, if you decide that a witness has deliberately

4  testified untruthfully about something important, you may

5  choose not to believe anything that witness said.  On the

6  other hand, if you think the witness testified untruthfully

7  about some things but told the truth about others, you may

8  accept the part you think is true and ignore the rest.

9      The weight of the evidence as to a fact does not

10 necessarily depend on the number of witnesses who testify.

11 What is important is how believable the witnesses were, and

12 how much weight you think their testimony deserves.

1       COURT'S INSTRUCTION NO. 10.

2

3       The parties have agreed to certain facts that are set

4   forth in Trial Exhibit No. 696. You must therefore treat

5   these facts as having been proved.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 11.

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

2

COURT'S INSTRUCTION NO. 12.

3      Evidence was presented to you in the form of admissions

4 to the truth of certain facts.  These admissions were given

5 in writing before the trial, in response to requests that

6 were submitted under established court procedures.  You must

7 treat these facts as having been proved.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 13.


You have heard testimony from Adam Bercovici and David Freskos who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NO. 14.

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

COURT'S INSTRUCTION NO. 15.


     You may not consider the wealth or poverty of any party
in reaching your verdict.  The parties' wealth or poverty is
not relevant to any of the issues that you must decide.

1                   COURT'S INSTRUCTION NO. 16.

2

3     You have heard evidence that defendants took disciplinary

4 measures in response to the conduct at issue in this lawsuit

5 that may have made the injury or harm in this case less

6 likely to occur. You must not consider evidence of any such

7 subsequent measure to prove that defendants engaged in

8 culpable conduct.  In other words, you may not treat evidence

9 of any discipline that defendants imposed as an admission of

10 wrongdoing by the defendants, or infer from the fact that

11 defendants imposed any discipline on their employees that the

12 employees or defendants engaged in wrongdoing. However, you

13 may consider such evidence for any other purpose.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. 17.


The Court has found that the defendants had a duty to take reasonable steps to preserve evidence relevant to this litigation beginning on March 2, 2020.

If you find that a defendant lost or destroyed electronically-stored evidence it should have preserved, you may consider such loss or destruction, along with all the other evidence in the case, in determining what inferences to draw from the evidence and in reaching your verdict.

In addition, if you find that a defendant (or employee of a defendant) acted with the intent to deprive plaintiffs of the use of evidence in this litigation, you may presume that such evidence would have been unfavorable to that defendant.

COURT'S INSTRUCTION NO. 18.

Each of the plaintiffs, Vanessa Bryant and Christopher Chester, brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

COURT'S INSTRUCTION NO. 19.

The defendants in this case are the Los Angeles County Sheriff's Department and the Los Angeles County Fire Department.

The plaintiffs each allege that the defendants violated § 1983 by having policies that failed to prevent violations of law by their employees and by failing to train their employees.

In order to prevail on his or her § 1983 claim against a defendant based on a policy that fails to prevent violations of law by its employees or a failure to train its employees, each plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   The acts of one or more employees of the defendant deprived the plaintiff of his or her particular rights under the United States Constitution as explained in Instruction No. 21;

2.   That employee or those employees of the defendant acted under color of state law;

3.   The policies or training of the defendant were not adequate to prevent violations of law by its employees or to train its employees to handle the usual and recurring situations with which they must deal;

4.   The defendant was deliberately indifferent to: (a) the substantial risk that its policies were

20

inadequate to prevent violations of law by its employees; or (b) the known or obvious consequence of its failure to train its employees adequately; and

5. The failure of the defendant to have policies adequate to prevent violations of law by its employees or to provide adequate training caused the deprivation of the plaintiff's rights by the employee or employees of the defendant; that is, the defendant's failure to have policies adequate to prevent violations of law by its employees or train its employees played a substantial part in bringing about or actually causing the injury or damage to the plaintiff.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

The parties have stipulated that Joey Cruz, Rafael Mejia, Michael Russell, Raul Versales, Doug Johnson, Ruby Cable, Ben Sanchez, Travis Kelly, Stephanie Shrout, Scott Miller, and Chris Jauregui were employees of the Los Angeles County Sheriff's Department.  The parties have stipulated that Brian Jordan, Tony Imbrenda, and Arlin Kahan were employees of the Los Angeles County Fire Department.  I instruct you that these employees acted under color of state law.

21

A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. A policy of inaction or omission may be based on a failure to implement procedural safeguards to prevent constitutional violations, a failure to adopt a needed policy, a failure to enforce a policy, or a failure to train. To establish that there is a policy based on a failure to preserve constitutional rights, a plaintiff must show, in addition to a constitutional violation, that this policy amounts to deliberate indifference to the plaintiff's constitutional rights, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions. A plaintiff may prove deliberate indifference in this case by showing that the facts available to a defendant put the defendant on actual or constructive notice that its failure to adopt, enforce, or implement adequate policies or failure to train adequately was substantially certain to result in the violation of the constitutional rights of persons such as the plaintiff due to its employees' conduct. A defendant is on actual or constructive notice of a fact if the defendant knew or reasonably should have known that fact.

1    If you find that a plaintiff has proved each of these

2   elements against a defendant, and if you find that the

3   plaintiff has proved all the elements he or she is required

4   to prove under Instruction No. 21, your verdict should be for

5   that plaintiff against that defendant.  If, on the other

6   hand, you find that a plaintiff has failed to prove any one

7   or more of these elements as to a defendant, your verdict

8   should be for that defendant against that plaintiff.

COURT'S INSTRUCTION NO. 20.

Each plaintiff also alleges that the defendants violated § 1983 through their practices or customs.

In order to prevail on his or her § 1983 claim against a defendant based on a practice or custom, each plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The acts of one or more employees of the defendant deprived the plaintiff of his or her particular rights under the United States Constitution as explained in Instruction No. 21;

2. That employee or those employees of the defendant acted under color of state law;

3. That employee or those employees of the defendant acted pursuant to a widespread or longstanding practice or custom of the defendant; and

4. The defendant's widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by that employee or those employees of the defendant; that is, the defendant's widespread or longstanding practices or customs were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties

24

1  under any state, county, or municipal law, ordinance or
2  regulation.
3      The parties have stipulated that Joey Cruz, Rafael Mejia,
4  Michael Russell, Raul Versales, Doug Johnson, Ruby Cable, Ben
5  Sanchez, Travis Kelly, Stephanie Shrout, Scott Miller, and
6  Chris Jauregui were employees of the Los Angeles County
7  Sheriff's Department.  The parties have stipulated that Brian
8  Jordan, Tony Imbrenda, and Arlin Kahan were employees of the
9  Los Angeles County Fire Department.  I instruct you that
10  these employees acted under color of state law.
11      "Practice or custom" means any longstanding, widespread,
12  or well-settled practice or custom that constitutes a
13  standard operating procedure of the defendant.  A practice or
14  custom can be established by repeated constitutional
15  violations that were not properly investigated and for which
16  the violators were not disciplined, reprimanded, or punished.
17      If you find that a plaintiff has proved each of these
18  elements against a defendant, and if you find that the
19  plaintiff has proved all the elements he or she is required
20  to prove under Instruction No. 21, your verdict should be for
21  that plaintiff against that defendant.  If, on the other
22  hand, you find that a plaintiff has failed to prove any one
23  or more of these elements as to an defendant, your verdict
24  should be for that defendant against that plaintiff.
25
26
27
28

1          COURT'S INSTRUCTION NO. 21.

2

3      As previously explained, in order to prevail on his or

4  her § 1983 claim against a defendant, each plaintiff has the

5  burden of proving that the defendant's acts or failure to act

6  deprived the plaintiff of particular rights under the United

7  States Constitution.   Plaintiffs allege that defendants

8  deprived them of their Fourteenth Amendment right to control

9  the public dissemination of images of their deceased family

10  members.

11      In order for a plaintiff to prove that a defendant

12  deprived him or her of this right, the plaintiff must prove

13  the following elements by a preponderance of the evidence (in

14  addition to the elements set forth in Instruction Nos. 19 and

15  20):

16      1.    At least one employee of the defendant publicly

17            disseminated one or more images of the plaintiff's

18            deceased family member or members (with all of you

19            agreeing as to which employee or employees publicly

20            disseminated images of the plaintiff's deceased

21            family member or members); and

22      2.    the public dissemination of such images shocks the

23            conscience and offends the community's sense of fair

24            play and decency.

25      For the purposes of this instruction, "public

26  dissemination" means the transmission or display of one or

27  more images of the plaintiff's deceased family member or

28

members to one or more members of the public. It is for you to decide whether a person to whom an image was transmitted or displayed was a member of the public when the transmission or display occurred.

The parties have stipulated that Joey Cruz, Rafael Mejia, Michael Russell, Raul Versales, Doug Johnson, Ruby Cable, Ben Sanchez, Travis Kelly, Stephanie Shrout, Scott Miller, and Chris Jauregui were employees of the Los Angeles County Sheriff's Department.  The parties have stipulated that Brian Jordan, Tony Imbrenda, and Arlin Kahan were employees of the Los Angeles County Fire Department.

COURT'S INSTRUCTION NO. 22.

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for a plaintiff on any of his or her claims, you must determine the plaintiff's damages.  Each plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  Damages may not be awarded as a punishment and cannot be increased to penalize a defendant.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

In determining the measure of damages, you should consider the mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.  Such mental and emotional pain and suffering may include loss of enjoyment of life, grief, anxiety, humiliation, mental suffering, or emotional distress.

No fixed standard exists for deciding the amount of these damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

COURT'S INSTRUCTION NO. 23.

If you find that only one of the defendants is liable to a plaintiff, you shall determine the amount of damages that defendant caused and return a verdict in that amount against that defendant. If you find that both defendants are liable to a plaintiff, you shall separately determine the amount of damages each defendant caused. A plaintiff may not recover twice for the same harm; the amount of damages should not overlap.   In other words, if you find both the Los Angeles County Sheriff's Department and the Los Angeles County Fire Department liable, you must make a determination as to what amount of the plaintiff's damages is attributable to each defendant.

COURT'S INSTRUCTION NO. 24.


The law that applies to this case authorizes an award of nominal damages. If you find for a plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

COURT'S INSTRUCTION NO. 25.

On January 26, 2020, the plaintiffs' spouses and daughters were killed in a tragic helicopter crash. This case is not about responsibility for that crash. The cause of the helicopter crash is not an issue for you to decide in this case. The parties agree that the defendants are not responsible for the helicopter crash or the death of the plaintiffs' loved ones.

In deciding whether a plaintiff is entitled to damages in this case and the amount of any such damages, you are not to consider any harm that the plaintiff suffered from the deaths of his or her loved ones in the helicopter crash that the plaintiff would have suffered regardless of the conduct of the defendants and their employees. You must consider only the additional harm, if any, that the plaintiff suffered because of the conduct of the defendants and their employees.

COURT'S INSTRUCTION NO. 26.

Before you begin your deliberations, elect one member of
the jury as your presiding juror.  The presiding juror will
preside over the deliberations and serve as the spokesperson
for the jury in court.

You shall diligently strive to reach agreement with all
of the other jurors if you can do so.  Your verdict must be
unanimous.

Each of you must decide the case for yourself, but you
should do so only after you have considered all of the
evidence, discussed it fully with the other jurors, and
listened to their views.

It is important that you attempt to reach a unanimous
verdict but, of course, only if each of you can do so after
having made your own conscientious decision. Do not be
unwilling to change your opinion if the discussion persuades
you that you should.  But do not come to a decision simply
because other jurors think it is right, or change an honest
belief about the weight and effect of the evidence simply to
reach a verdict.

1        COURT'S INSTRUCTION NO. 27.

2

3        Because you must base your verdict only on the evidence

4   received in the case and on these instructions, I remind you

5   that you must not be exposed to any other information about

6   the case or to the issues it involves.   Except for discussing

7   the case with your fellow jurors during your deliberations:

8        Do not communicate with anyone in any way and do not let

9   anyone else communicate with you in any way about the merits

10  of the case or anything to do with it.   This includes

11  discussing the case in person, in writing, by phone, tablet,

12  computer, or any other means, via email, via text messaging,

13  or any internet chat room, blog, website or application,

14  including but not limited to Facebook, YouTube, Twitter,

15  Instagram, LinkedIn, Snapchat, TikTok, or any other forms of

16  social media.   This applies to communicating with your family

17  members, your employer, the media or press, and the people

18  involved in the trial.   If you are asked or approached in any

19  way about your jury service or anything about this case, you

20  must respond that you have been ordered not to discuss the

21  matter and to report the contact to the court.

22       Do not read, watch, or listen to any news or media

23  accounts or commentary about the case or anything to do with

24  it; do not do any research, such as consulting dictionaries,

25  searching the Internet, or using other reference materials;

26  and do not make any investigation or in any other way try to

27  learn about the case on your own. Do not visit or view any

28

1  place discussed in this case, and do not use Internet
2  programs or other devices to search for or view any place
3  discussed during the trial. Also, do not do any research
4  about this case, the law, or the people involved-including
5  the parties, the witnesses or the lawyers-until you have been
6  excused as jurors.  If you happen to read or hear anything
7  touching on this case in the media, turn away and report it
8  to me immediately.

9      These rules protect each party's right to have this case
10  decided only on evidence that has been presented here in
11  court.  Witnesses here in court take an oath to tell the
12  truth, and the accuracy of their testimony is tested through
13  the trial process.  If you do any research or investigation
14  outside the courtroom, or gain any information through
15  improper communications, then your verdict may be influenced
16  by inaccurate, incomplete or misleading information that has
17  not been tested by the trial process.  Each of the parties is
18  entitled to a fair trial by an impartial jury, and if you
19  decide the case based on information not presented in court,
20  you will have denied the parties a fair trial.  Remember, you
21  have taken an oath to follow the rules, and it is very
22  important that you follow these rules.

23      A juror who violates these restrictions jeopardizes the
24  fairness of these proceedings, and a mistrial could result
25  that would require the entire trial process to start over.
26  If any juror is exposed to any outside information, please
27  notify the court immediately.
28

34

COURT'S INSTRUCTION NO. 28.

    If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone–including me–how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

COURT'S INSTRUCTION NO. 29.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.