LUIS LI (State Bar No. 156081)
Luis.Li@wsgr.com
ERIC P. TUTTLE (State Bar No. 248440)
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, California 90071
Telephone:  (323) 210-2900
Facsimile:   (866) 974-7329

CRAIG JENNINGS LAVOIE (State Bar No. 293079)
Craig.Lavoie@mto.com
JENNIFER L. BRYANT (State Bar No. 293371)
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VANESSA BRYANT; B.B., a minor, by her mother and general guardian, VANESSA BRYANT; C.B., a minor, by her mother and general guardian, VANESSA BRYANT<br><br>        Plaintiff,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY FIRE DEPARTMENT; JOEY CRUZ; RAFAEL MEJIA; MICHAEL RUSSELL; and RAUL VERSALES,<br><br>        Defendants. | Case No. 2:20-cv-09582-JFW-E<br><br>**NOTICE OF MOTION AND UNOPPOSED PETITION TO APPROVE COMPROMISE OF B.B. AND C.B. MINORS' CLAIMS**<br><br>**Filed Concurrently Herewith: Declaration of Luis Li; Proposed Order**<br><br>Proposed Hearing Date and Time: May 1, 2023, at 1:30 p.m.<br><br>Hon. John F. Walter and Magistrate Judge Charles F. Eick |

### REDACTED VERSION OF DOCUMENT
### PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................3

II.     THE SETTLEMENT IS FAIR AND REASONABLE .................................5

III.    THE COURT SHOULD APPROVE DISTRIBUTION OF THE
        SETTLEMENT FUNDS INTO EXISTING MINORS' SETTLEMENT
        TRUSTS .................................................................................................6

        a.     Existing Minor's Settlement Trusts Satisfy the Requirements of
               Probate Code Section 3611(g) and Rule of Court 7.903 .....................6

        b.     Trustee, Interim Fees, and Trust Protector ...........................................9

        c.     Expanded Investment Authority .........................................................10

IV.     THE COURT SHOULD FIX THE AMOUNT OF ATTORNEYS
        FEES TO BE PAID BY THE MINOR CHLIDREN ███████.................11

V.      DISCLOSURE OF ATTORNEYS' INTEREST .......................................12

VI.     THIS COURT SHOULD EXCUSE B.B.'S AND C.B.'S
        APPEARANCE AT THE HEARING..........................................................13

VII.    CONCLUSION ...................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

*Allison v. Gramercy YZE, LLC*,
    2014 WL 12569372 (C.D. Cal. Dec. 9, 2014) ................................................. 11

*Angel v. Marten*,
    2021 WL 9721324 (C.D. Cal. Dec. 29, 2021) .................................................... 3

*Evanson v. Cnty. of Los Angeles*,
    2021 WL 9696561 (C.D. Cal. Oct. 25, 2021) ..................................................... 12

*Robidoux v. Rosengren*,
    638 F.3d 1177 (9th Cir. 2011) ............................................................................ 5

## STATUTES

Cal. Prob. Code § 3500 ............................................................................................ 3

Cal. Prob. Code § 3611(g) ....................................................................................... 7

## RULES

Cal. R. Ct. 7.955(a)(1) ........................................................................................... 11

Fed. R. Civ. P. 17(c)(1)(C) ...................................................................................... 5

L.R. 17-1.1 ............................................................................................................... 5

L.R. 17-1.2 .......................................................................................................... 4, 5

L.R. 17-1.3 .............................................................................................................. 4

1  **PLEASE TAKE NOTICE THAT:**

2      On Monday, May 1, 2023, at 1:30 p.m., or as soon thereafter as the matter

3  may be heard in Courtroom 750 of the above-captioned Court, located at 255 East

4  Temple Street, Los Angeles, California 90012, Plaintiffs B.B. and C.B., by and

5  through their mother and general guardian Vanessa Bryant, will and hereby

6  respectfully do petition this Court pursuant to Local Rules 17-1.21 through 17-1.4

7  and California Probate Code Sections 3500, 3600, 3604(b)(3), *et seq.*, to approve the

8  compromise of their claims against Defendants pursuant to the settlement agreement

9  reached between the parties on February 24, 2023.  Plaintiffs further request that the

10  Court approve the distribution of funds that B.B. and C.B. receive from Defendants

11  into existing minor settlement trusts that were formed for the purpose of holding

12  settlement proceeds, which another court in this District has previously approved.

13  ███████████████████████████████████████████████████████

14  ███████████████████████████████████████████████████████████

15  ██████████████████████████████████████████████████████

16  ████████     Plaintiffs further request that pursuant to Local Rule 17-1.4, the Court

17  fix the amount of ████████████████████████████████.  Finally,

18  Plaintiffs respectfully request that the minors' appearance be excused at the hearing

19  for good cause, as set forth in California Rule of Court 7.952, and that the minors'

20  mother and general guardian Vanessa Bryant be allowed to appear virtually.

21  Defendants have informed Plaintiffs that they do not oppose this Petition.

22      This Petition is filed jointly with the Request to Seal the confidential

23  information contained herein and to conduct any future hearings on these matters in

24  such a format that preserves the confidentiality of the information deemed ordered

25  to be sealed.  Plaintiffs will, at the Court's request, make available for *in camera*

26  inspection (or as otherwise directed by the Court) any other information or

27  documentation necessary to evaluate the minors' settlement. ████████████

28  ███████████████████████████████████████████████

50326850.1

1    This Motion is based on this Notice of Motion and Petition, the Declaration of
2 Luis Li and attached exhibits, all materials on file or in the record in this action, and
3 any argument or evidence that may be presented at any hearing on this Petition.

4

5    Dated: March 28, 2023            Respectfully submitted,

6                                     WILSON SONSINI GOODRICH & ROSATI

7

8                                     By: */s/ Luis Li*
                                          LUIS LI
9

10                                    *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**PETITION TO APPROVE COMPROMISE**</u>
<u>**OF B.B. AND C.B. MINORS' CLAIMS**</u>

Plaintiffs B.B., a minor, by and through her natural mother and general guardian, Vanessa Bryant; and C.B., a minor, by and through her natural mother and general guardian, Vanessa Bryant, hereby respectfully submit their Petition to Approve Compromise of Minors' Claims.[1]  This Petition is based on the information herein, as well as the Declaration of Luis Li (the "Li Declaration" or "Li Dec.") and exhibits thereto.  Because Vanessa Bryant is the mother of C.B. and B.B. and they are in her care, she has the power to compromise their claims on their behalf.  *See* Cal. Prob. Code § 3500.

## I.    INTRODUCTION

The evidence presented at trial in this action established that after a January 26, 2020, helicopter crash that claimed the lives of Kobe and Gianna Bryant, personnel from the LASD and LACFD took and shared photos of the victims.  Mrs. Bryant brought this lawsuit seeking accountability for LASD and LACFD's actions, and she prevailed on her Section 1983 cause of action following a jury trial in August 2022.  The jury found that that LASD and LAFCD personnel violated Mrs. Bryant's Fourteenth Amendment rights, and that those violations were attributed to acts or omissions of LASD and LACFD.  The jury awarded Vanessa Bryant $15 million in damages.  That judgment was entered on August 31, 2022.  Mrs. Bryant had also asserted state-law causes of action which had been severed from the federal claim and had not yet been presented at trial.

Following the August 2020 trial, the parties to this litigation negotiated a settlement, which would resolve Mrs. Bryant's claims as well as certain related claims held by her minor children, B.B. and C.B., and her adult child, Natalia

---

[1] As the mother of B.B. and C.B., in whose care they reside, Mrs. Bryant is their general guardian and may proceed on their behalf pursuant to Fed. R. Civ. P. 17. *See, e.g.*, *Angel v. Marten*, 2021 WL 9721324, at *2 (C.D. Cal. Dec. 29, 2021).

1   Bryant.  The settlement agreement, which is attached to the Li Declaration as

2   Exhibit C, ████████████████████████████████████████████████

3   ████████████████   Li Dec. Ex. C ¶ 5. ████████████████████████

4   ██████████████████████████   *Id.*

5        Under the settlement, ████████████████████████████████████

6   ████████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████

12  ██████████████████████████████████████████████

13      Following execution of the settlement agreement, Plaintiffs filed a Second

14  Amended Complaint adding B.B. and C.B. as co-plaintiffs.  The Second Amended

15  Complaint sets forth the facts and circumstances giving rise to Plaintiffs' claims and

16  injuries.  *See* ECF. No. 489.  No trial date is currently scheduled for Plaintiff B.B.

17  and C.B.'s claims in this case.  If this settlement is approved, the settlement will

18  resolve B.B. and C.B.'s claims in the Second Amended Complaint without trial,

19  subject to the terms and limitations set forth in the settlement agreement.

20      Consistent with the authorities that require Court approval of settlements on

21  behalf of minor plaintiffs, *see* L.R. 17-1.2, 17-1.3, Plaintiffs respectfully request that

22  the Court approve the settlement of B.B. and C.B.'s claims.  The settlement was

23  reached through an arms-length negotiation conducted by the minors' mother and

24  general guardian, Mrs. Bryant, with the assistance of counsel.  The settlement

25

26

27  ─────────────────────

28  [2] Facts presented without citation to the Li Declaration are attested to by Mrs.
    Bryant, who verifies this petition consistent with California Rule of Court 7.950.

1   provides ███████████████████████████████████████████████

2   ███████████████████████████████████████████████████

3        Additionally, Plaintiffs respectfully request the Court's approval to have the

4   settlement funds placed into existing Minor's Settlement Trusts that have been

5   established for B.B. and C.B. These trusts meet the requirements of California

6   Probate Code §§ 3600 *et seq.* and were previously approved for settlement purposes

7   by another Court in this District.

8        In state court, California minor's compromise petitions are filed with

9   California Judicial Council Form MC-350 that requires certain information be

10  included for review. A blank copy of the Form is attached as **Exhibit A** to the Li

11  Declaration. Plaintiffs have included all required information in the Judicial

12  Council Form in this Motion, the Li Declaration, and the exhibits thereto.

13  **II.   THE SETTLEMENT IS FAIR AND REASONABLE**
            **AND SHOULD BE APPROVED**

14

15        Plaintiffs respectfully request that this Court approve the settlement and order

16  that B.B.'s and C.B.'s settlement proceeds be distributed to existing Minor's

17  Settlement Trusts that have been established for them.

18        Court approval is required to settle minors' claims. *See* Fed. R. Civ. P.

19  17(c)(1)(C); L.R. 17-1.1, 17-1.2; *Robidoux v. Rosengren*, 638 F.3d 1177, 1181-82

20  (9th Cir. 2011). A court assessing a motion to settle a minor's claims must "conduct

21  its own inquiry to determine whether the settlement serves the best interests of the

22  minor." *Robidoux*, 638 F.3d at 1181 (citations omitted). The court's fairness

23  analysis should be made "without regard to the proportion of the total settlement

24  value designated for adult co-plaintiffs or plaintiff's counsel." *Id.* at 1181-82.

25        The settlement is fair, reasonable, and should be approved. ███████████

26  ███████████████████████████████████████████████████

27  ███████ Li Dec. ¶ 8. ███████████████████████████████

28



*Id.* ¶ 10.

. *See* Li Dec. ¶ 11.

With assistance of counsel, Mrs. Bryant has made a careful and diligent inquiry and investigation into the facts and circumstances of the underlying incident, the responsibility for the incident, and the nature, extent, and seriousness of the harm to her minor children.  With the assistance of counsel, Mrs. Bryant negotiated the settlement and has carefully reviewed the terms of the settlement agreement.

Mrs. Bryant believes that this settlement of the minors' claims is in their best interests and respectfully requests that the Court approve this compromise and make any other orders that are just and reasonable.  Mrs. Bryant understands that if this compromise is approved and consummated, then

## III. THE COURT SHOULD APPROVE DISTRIBUTION OF THE SETTLEMENT FUNDS INTO EXISTING MINORS' SETTLEMENT TRUSTS

### a. Existing Minor's Settlement Trusts Satisfy the Requirements of Probate Code Section 3611(g) and Rule of Court 7.903.

Plaintiffs further respectfully request that the settlement proceeds attributable to B.B. and C.B. be distributed into trusts that were formed for the purpose of

1   holding settlement proceeds (the "B.B. Trust" and "C.B. Trust," together the

2   "Trusts").  A court in this District already determined that those trusts meet the

3   standards set forth in California Probate Code Sections 3600 *et seq.* and approved

4   the distribution of settlement funds into those trusts in the case captioned Vanessa

5   Bryant, et al. v. Island Express Helicopters, Inc., et al., No. 2:20-cv-08953 FMO (the

6   "Helicopter Action").  The court directed that the Los Angeles County Probate

7   Court in the matters entitled *In re the Matter of The One Minor's Settlement*

8   *Protection Trust*, Case Number 22STPB08011, and *In re the Matter of The Two*

9   *Minor's Settlement Protection Trust*, Case Number 22STPB08012, shall have

10  continuing jurisdiction of the Trusts until the minor's reach 18 years of age as

11  required by California Probate Code § 3612 and California Rule of Court 7.903(b).

12  Copies of the trust instruments for the B.B. Trust and C.B. Trust are attached as

13  Exhibits D and E to the Declaration of Luis Li.

14       A Minor's Settlement Trust is the best option to hold the settlement proceeds

15  for B.B. and C.B. because it provides significant protections and flexibility in

16  management of the settlement proceeds.  Other options (a blocked account or

17  guardianship) will not work for B.B. and C.B.  A blocked account requires a bank

18  account that earns no interest, and it is F.D.I.C. insured only up to $250,000.  A

19  guardianship of the estate does not provide any added protection of the funds and

20  ████████████████████████████████████████████████████████████████████

21  ███████████████████████████

22       The B.B. Trust and C.B. Trust meet all legal requirements set forth in Probate

23  Code Section 3611(g), which provides:

24       That the remaining balance of the money or other property be paid or
         delivered to the trustee of a trust which is created by, or approved of, in
25       the order or judgment referred to in Section 3600.  This trust shall be
         revocable by the minor upon attaining the age of 18 years, and shall
26       contain other terms and conditions, including, but not limited to, terms
         and conditions concerning the trustee's accounts and trustee's bond, as
27       the Court determines to be necessary to protect the minor's interests.

28

██████████████████████████████████████████

2  █████████████████████████. *See* Li Dec. Ex. D, § 1.04 (████████████████

3  █████████████████); Li Dec. Ex. E, § 1.04 (████████████████

4  █████████████████████████████████████████████████

5  ███████████████████████████████████████

6  █████████████████████████████████████████

7  ██████████████████████████████████████. Li Dec.

8  Ex. D, § 2.04 (B.B.); Li Dec. Ex. E, § 2.04 (C.B.). *Id.* ████████████

9  ████████████████████████ *Id.* ████████████████████

10 ████. *Id.* ██████████████████████████████

11 ████████████████████████████████████. The Trusts have

12 been carefully structured to protect B.B. and C.B. during minority, comply with the

13 law, and ███████████████████████████████████████

14 ███████████

15     **Trust Accountings and Bond.**  The Trusts also comply with Probate Code

16 Section 3611(g) because they have terms and conditions regarding the Trustee's

17 accounts as necessary to protect the minors' interests.  The Trusts require the

18 Trustee to provide an account and report to the Court pursuant to California Probate

19 Code Section 1060 *et seq.*  *See* Li Dec. Ex. D, § 6.02 (B.B.); Li Dec. Ex. E, § 6.02

20 (C.B.). █████████████████████████████████████████

21 ███████████████████████████, *see* Li Dec. Ex. D, § 4.07 (B.B.); Li

22 Dec. Ex. E, § 4.07 (C.B.), so no bond is required.

23     **California Rule of Court 7.903.**  The Trusts are required to and do comply

24 with Rule of Court 7.903(c):

25     • The Trusts ██████████████████████ Li Dec. Ex. D; Li Dec.

26 Ex. E (C.B.).

27     • The Trusts prohibit modification or revocation without Court approval.

28 Li Dec. Ex. D, § 1.04 (B.B.); Li Dec. Ex. E, § 1.04 (C.B.).

1   • The Trusts clearly identify the trustee and any other person with

2   authority to direct the trustee to make disbursements.  Li Dec. Ex. D, art. 2 (B.B.);

3   Li Dec. Ex. E, art. 3 (C.B.).

4   • ████████████████████████████████████████████

5   ████████████████████████████████████████

6   ████████████████.

7   • As explained above, ██████████████████████

8   █████████████████████████████████████████

9   █████████████████████████████████████████████

10   ███████████.  Li Dec. Ex. D, § 6.01 (B.B.); Li Dec. Ex. E, § 6.01 (C.B.).

11   • The Trusts require the trustee to file accounts and reports for Court

12   approval in the manner and frequency required by Probate Code Sections 1060-64

13   and 2620-28.  Li Dec. Ex. D, § 6.02 (B.B.); Li Dec. Ex. E, § 6.02 (C.B.).

14   • The Trusts require Court approval for any changes to the trustees and a

15   Court order appointing any successor trustee.  *See* Li Dec. Ex. D, § 4.04 (B.B.); Li

16   Dec. Ex. E, § 4.04 (C.B.)

17   • The Trusts require that the compensation of the trustee, members of

18   any advisory committee, or the attorney for the trustee, to be in just and reasonable

19   amounts that must be fixed and allowable by the Court.  *See* Li Dec. Ex. D, § 6.04

20   (B.B.); Li Dec. Ex. E, § 6.04 (C.B.).

21   **b.** **Trustee, Interim Fees, and Trust Protector**

22   **Trustees.** ████████████████████████ currently serve as

23   Trustees of the Trusts and are responsible for all investments and general

24   management.  ████████████ has custody of the assets that are already in the

25   Trusts, and will have control of the settlement proceeds if placed in the Trusts.  *See*

26   Li Dec. Ex. D, § 4.07 (B.B.); Li Dec. Ex. E, § 4.07 (C.B.).  ████████████

27   ████████████████████████████████████████████

28   ██████████████████████████████████████████



. All actions by the trustees will also be reviewed during the required account and reports with the appropriate California Probate Court.

**Trustee Fees.**

**Trust Protector.**

If the trust protector feels that the trustee is not serving the minors' interests well, ⬛ has the right to remove and replace the trustee with or without cause, but always subject to Court confirmation until the minors reach the age of 18. *See* Li Dec. Ex. D, § 4.04 (B.B.); Li Dec. Ex. E, § 4.04 (C.B.).

      c.     **Expanded Investment Authority**

NOTICE OF MOTION AND UNOPPOSED PETITION TO APPROVE COMPROMISE OF MINORS' CLAIMS



## IV. THE COURT SHOULD FIX THE AMOUNT OF ATTORNEYS FEES TO BE PAID BY THE MINOR CHLIDREN

Local Rule 17-1.4 provides that "[i]n all actions involving the claim of a minor or incompetent person, whether resolved by settlement or judgment after trial, the Court shall fix the amount of attorney's fees."  California Rule of Court 7.955(a)(1) requires the Court to "use a reasonable fee standard when approving and allowing the amount of attorney's fees *payable from money or property paid or to be paid for the benefit of a minor*."

Here,

1 ████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████

3 ██████████

## V.    DISCLOSURE OF ATTORNEYS' INTEREST

Counsel who represented Mrs. Bryant, B.B., and C.B. in preparation of the petition and the underlying settlement of B.B.'s and C.B.'s claims are as follows:

**From Wilson Sonsini Goodrich & Rosati:**

Luis Li, State Bar No. 156081, Luis.Li@wsgr.com

Eric P. Tuttle, State Bar No. 248440, Eric.Tuttle@wsgr.com

Trevor N. Templeton, State Bar No. 308896, ttempleton@wsgr.com

Sophia M. Mancall-Bitel, State Bar No. 337002, smancallbitel@wsgr.com

633 West Fifth Street, Suite 1550

Los Angeles, California 90071

Telephone:    (323) 210-2900

Facsimile:    (866) 974-7329

**From Munger, Tolles & Olson:**

Craig Jennings Lavoie, State Bar No. 293079, Craig.Lavoie@mto.com

350 South Grand Avenue, Fiftieth Floor

Los Angeles, California 90071-3426

Telephone:    (213) 683-9100

Facsimile:    (213) 687-3702

*See* Li Dec. ¶ 15.

Counsel in this litigation for Mrs. Bryant, B.B., and C.B. did not become concerned with this petition, directly or indirectly, at the instance of a party against whom the claims were asserted or a party's insurance carrier. *Id.* ¶ 16. Counsel for Mrs. Bryant, B.B., and C.B. are not representing or employed by any other party or any insurance carrier involved in this matter, other than Natalia Bryant (Mrs. Bryant's adult child). *Id.* ¶ 17.

1

2

3

4

5

6

7

8

9

10

11



## VI.   THIS COURT SHOULD EXCUSE B.B.'S AND C.B.'S APPEARANCE AT THE HEARING

Should a hearing be required, Plaintiffs respectfully request that the Court (1) excuse B.B.'s and C.B.'s appearance at the hearing for good cause as set forth in California Rules of Court 7.952, and (2) allow Vanessa Bryant to appear virtually at that hearing.  The minors are too young to meaningfully participate in the hearing. Moreover, attending the hearing is likely to cause the minors additional distress because they will have to listen to conversations regarding the death of their father and older sister.  With respect to her own appearance, Mrs. Bryant is concerned about the likelihood of intense media presence at any hearing.

## VII.   CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Approve the Compromise of B.B.'s and C.B.'s claims.

1

DATED:  March 28, 2023

Respectfully submitted,

2

WILSON, SONSINI, GOODRICH & ROSATI

3

4

By:  */s/ Luis Li*

5

LUIS LI

6

*Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>VERIFICATION</u>**

2

3    I declare under penalty of perjury under the laws of the State of California and the

4    United States that the foregoing information in this Petition is true and correct.

5

6

7    Date: _3/28/2023_____    ___Vanessa Bryant_____
                                        DocuSigned by:
                                        0361B767FBE8424...

8                                        Vanessa Bryant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

50326850.1

NOTICE OF MOTION AND UNOPPOSED PETITION TO APPROVE COMPROMISE OF MINORS' CLAIMS